December 6, 2018

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Jane Doe, et al. v. Trump Corp., et al.,* 1:18-cv-9936 (LGS)

Dear Judge Schofield:

Pursuant to the Court's Order dated November 8, 2018 (the "Order") and Your Honor's Individual Rules, we submit this joint letter on behalf of Plaintiffs and the proposed classes and Defendants (the "Parties"). The Parties have conferred with respect to a proposed case management plan, schedule, and certain other topics set forth below in advance of the Initial Pretrial Conference on December 13, 2018. As required by Your Honor's Order, the Parties have appended the proposed Civil Case Management Plan and Scheduling Order to this letter.

## 1. Brief Description of the Case

<u>Plaintiffs' Statement</u>: Plaintiffs are four working-class Americans who were deliberately defrauded by Defendants. Plaintiffs seek to represent a class of thousands of other victims.

For more than a decade, Defendants, acting through an association-in-fact enterprise and a legal entity enterprise (together, the "Trump Enterprise"), systematically defrauded economically marginalized people looking to invest in their educations, start their own small businesses, and pursue the American Dream. Between 2005 and 2015, the Trump Enterprise fraudulently promoted and endorsed the business opportunities and training programs (collectively, the "Investments") offered by at least three consumer-facing companies: ACN Opportunity, LLC ("ACN"), an MLM; TTN, LLC (d/b/a "The Trump Network"), another MLM; and Business Strategies Group, LLC (d/b/a "The Trump Institute"), a live-seminar program that purported to sell Trump's "secrets to success" in extravagantly priced seminars (collectively, the "Endorsed Entities").

In exchange for large, secret payments from the Endorsed Entities, the Trump Enterprise deliberately misled consumers by delivering a common and consistent message: (1) that prospective investors would have a reasonable probability of commercial success if they bought into the Investments; (2) that Trump was endorsing and promoting the Investments because he believed that they offered a reasonable probability of commercial success (rather than because the Trump Enterprise was being paid); and (3) that Trump's endorsement was predicated on Defendants' extensive due diligence, inside information, and personal experience with the Investments (collectively, the "Message"). The Message was willfully and materially false and misleading.

Plaintiffs and class members bought into the Investments in reliance on, and because of, the Message. As the truth behind the Message emerged, Plaintiffs and class members eventually realized that they had been scammed and cut their losses. The Trump Enterprise's fraudulent Message was thus the cause of both the Plaintiffs' and class members' investments and their losses.

Based on the foregoing misconduct, Plaintiffs assert federal claims for racketeering in violation of 18 U.S.C. § 1962(c) and conspiracy to conduct the affairs of a racketeering enterprise in violation of 18 U.S.C. § 1962(d); claims for dissemination of untrue and misleading statements and unfair competition in violation of Cal. Bus. & Prof. Code §§ 17500 and 17200; claims for Unfair and Deceptive Trade Practices in violation of Md. Code Ann. Com. Law § 13-301(1) and 73 Pa. Stat. Ann. § 201-2(4)(ii, iii, v, vii, xxi); and common-law claims for fraud and negligent misrepresentation.

<u>Defendants' Statement</u>:  In bringing this lawsuit, Plaintiffs elected to bypass contractually mandated arbitration against ACN – the entity to which they paid the money they now claim as damages – in favor of a vituperative and meritless case against the President and his family, filed one week before the midterm elections.

The RICO enterprise alleged in the Complaint did not exist.  Defendants made no fraudulent statements or omissions to Plaintiffs, and Defendants did not engage in conduct that would support liability under any of the causes of action asserted.  The purported class in this case consists entirely of persons who paid money to ACN.  No Plaintiff is alleged to have paid money to any Defendant, or to the Trump Network, the Trump Institute, or any other Trump entity.

At all times relevant to the Complaint, ACN was independently owned and operated.  Before he became President, Mr. Trump participated in a series of promotional events arranged by ACN.  During these events, Mr. Trump shared anecdotes and offered advice about life, business, and entrepreneurship, drawn from his own experience.  Also during these events, Mr. Trump expressed his opinions about ACN, including its founders, its culture, its industry, its business model, and the opportunity it offered.  Mr. Trump did not seek to conceal the fact that ACN was paying him for his endorsement.  Both Mr. Trump and ACN referenced the commercial aspects of their relationship in statements made to, or made available to, IBOs and prospective IBOs.

ACN offered its IBOs the opportunity to run their own business, on their own schedule, with little up-front investment or supervision, while holding other employment.  Each person who became an IBO of ACN subscribed to a short IBO agreement, in which they acknowledged that they had not been guaranteed any income or assured of any profits or success.  Plaintiffs decided to become IBOs after a variety of information about ACN had been made available to them.  Plaintiffs' failure as IBOs to recoup the money they paid ACN was not proximately caused by Mr. Trump's endorsement of the company.

In becoming IBOs, Plaintiffs expressly agreed that disputes between themselves and ACN would be resolved through arbitration.  At relevant times, those agreements also provided that Plaintiffs would resolve any such disputes on an individual basis only, and not via class action.  Plaintiffs' choice to disregard the straightforward dispute-resolution mechanism available to them for recovering from ACN the very damages they are now seeking, and instead to pursue an invective-fueled lawsuit against the President and his family, unmistakably demonstrates Plaintiffs' ulterior motive.  (*Compare* Compl. ¶ 1 *with* Compl. ¶ 69.)  Plaintiffs will have no credibility with regard to any fact issue as to which their testimony will be relevant.

## 2.  <u>Basis for Subject Matter Jurisdiction and Venue</u>

<u>Plaintiffs' Statement</u>:  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States; 28 U.S.C. § 1332, because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000; and

18 U.S.C. § 1964(c), because Plaintiffs assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. This Court also has subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action, including claims asserted on behalf of a nationwide class, filed under Rule 23 of the Federal Rules of Civil Procedure; there are likely thousands of putative Class Members; the aggregate amount in controversy exceeds the jurisdictional amount or $5,000,000.00; and Defendants are citizens of a State different from that of Plaintiffs and members of the Class.  This Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C § 1367, because those claims are substantially related to Plaintiffs' claims under federal law.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because, among other things, Defendants reside in this District, and a substantial part of the transactions and events giving rise to Plaintiffs' claims occurred in this District.

Defendants' Statement:  Defendants do not dispute that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c) based on Plaintiffs' claims under 18 U.S.C. §§ 1962(c) and 1962(d) (Count One and Count Two, respectively).  Defendants dispute that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because no Plaintiff alleges an amount in controversy that exceeds $75,000.  *See, e.g., Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1422 (2d Cir. 1997) (it is "well-established" that under 28 U.S.C. § 1332(a), "each of several plaintiffs asserting separate and distinct claims must satisfy the jurisdictional-amount requirement") (citation and quotation marks omitted).  Defendants also dispute that the Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the amount in controversy for the putative class action does not exceed $5,000,000.

Defendants do not dispute that venue is proper in the United States District Court for the Southern District of New York.

3. **Contemplated Motions**

Plaintiffs' Statement:  As Your Honor is aware, Plaintiffs filed a motion for leave to proceed under pseudonym on October 29, 2018 (ECF No. 4), contemporaneously with the filing of the Complaint.  Plaintiffs have offered on multiple occasions to meet and confer with Defendants about the possibility of a protective order so that Defendants' outside counsel may be provided with information concerning Plaintiffs' identities (*see* ECF No. 4 at 1 n.1).  Defendants declined to do so.  Pursuant to the Court's Order dated November 14, 2018 (ECF No. 45), Defendants filed their opposition to Plaintiffs' pseudonym motion on November 30, 2018 (ECF No. 46), and Defendants' reply is due December 14, 2018.  After the close of fact discovery, Plaintiffs expect to file a motion for class certification.  Plaintiffs reserve their right to file any other motions permitted by applicable law and rules.  With reference to Defendants' statement below, Plaintiffs will oppose Defendants' expected motions to dismiss and stay discovery.  Plaintiffs considered in good faith Defendants' request that Plaintiffs refrain from serving discovery, but, after due consideration, served an initial set of relatively limited document requests consistent with the rules of this Court and the Federal Rules so that Defendants and the Court could properly evaluate the scope of the discovery that Plaintiffs will be seeking as an initial matter.

Defendants' Statement:  On November 30, 2018, Defendants filed their opposition to Plaintiffs' motion for leave to proceed under pseudonyms.  Prior to that, on November 7, 2018, Defendants conferred with Plaintiffs about Plaintiffs' request that Defendants agree to an arrangement whereby Defendants' outside counsel, but not Defendants, would be allowed to know Plaintiffs' identities, but Plaintiffs would otherwise be permitted to conceal their identities from the public.  During that discussion, Defendants made clear to Plaintiffs that Defendants are unwilling to accept Plaintiffs' proposal; that Defendants believe Plaintiffs are legally required to litigate this case in their own names; and that Defendants intended to formally oppose Plaintiffs' motion.

Defendants intend to file a motion to dismiss the complaint.  Pursuant to the Court's Individual Rules and Procedures for Civil Cases, Defendants will file a pre-motion letter on or before December 10, 2018, which is the deadline for Defendants to answer or move with respect to the complaint.

Defendants intend to seek leave to file a motion to stay discovery pending resolution of Defendants' motion to dismiss.  Defendants advised Plaintiffs on November 26, 2018 that Defendants intended to file a pre-motion letter pertaining to such a motion on or before December 10, 2018.  Defendants also requested that Plaintiffs refrain from serving any requests for discovery prior to the initial conference with the Court on December 13, 2018.  Plaintiffs' only response came on December 3, 2018, when Plaintiffs served Plaintiffs' First Set of Requests for the Production of Documents to All Defendants.

Defendants anticipate opposing Plaintiffs' motion for class certification for failure to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Defendants reserve the right to move for summary judgment at an appropriate time.

4. **Discovery**

Plaintiffs' Statement:  Plaintiffs are prepared to proceed with discovery expeditiously and respectfully submit an initial proposal for a six-month fact-discovery period, with the parties to submit a joint proposal for expert discovery thirty days before the fact-discovery cutoff.

As noted above, Plaintiffs have served an initial set of document requests on Defendants.  Plaintiffs' initial requests seek corporate records relating to certain entities referenced in the Complaint; documents sufficient to show positions held by Defendants in certain entities within the Trump Enterprise; agreements entered into between Defendants or certain entities within the Trump Enterprise and the Endorsed Entities; and documents sufficient to show payments received by Defendants or certain entities within the Trump Enterprise from the Endorsed Entities.  Plaintiffs also have prepared, but not yet served, non-party discovery subpoenas, which Plaintiffs will be prepared to discuss at the conference.

At this early stage in the litigation, Plaintiffs expect further admissible, material discovery in this matter to include, without limitation, the following general (and in some instances interrelated) topics:  (1) Defendants' involvement in an "enterprise" for purposes of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962; (2) their commission of fraudulent/unlawful acts, acting through the Trump Enterprise, including, but not limited to, Defendants' inducement of Plaintiffs' investments and expenditures; (3) Plaintiffs' claimed damages; and (4) Plaintiffs' ability to represent the proposed classes under Rule 23.

Plaintiffs respectfully request relief from Rule II.A.1(a), (b) and (d) of the Court's Individual Rules ("Rule II.A.1").  Rule II.A.1 states, in relevant part that, "a party from whom

electronically-stored information (ESI) has been requested shall not be required to search for responsive ESI: (a) From more than 10 key custodians; (b) That was created more than five years before the filing of the lawsuit; . . . [or] (d) For more than 160 hours." These limitations would substantially limit Plaintiffs' ability to obtain relevant discovery proportionate to this complex action involving multiple putative classes asserting eight complex causes of action against five defendants; an association-in-fact that spans at least 11 entities, as well as a legal entity enterprise; and a relevant period of more than a decade. Plaintiffs respectfully propose that the Parties meet and confer with respect to an ESI protocol and bring disputes, if any, to the Court as appropriate.

Defendants' Statement: If and when discovery proceeds, Defendants anticipate seeking discovery from Plaintiffs regarding their substantive allegations and regarding class certification issues. With regard to Plaintiffs' substantive allegations, Defendants would seek (1) discovery from each Plaintiff on which alleged statement(s) by Mr. Trump they heard or read prior to becoming an IBO, and (2) discovery from each Plaintiff and third parties on the total mix of information available to each Plaintiff at the time when they became an IBO, each Plaintiff's education and ability to understand and reason, each Plaintiff's employment history, each Plaintiff's financial status, the work each Plaintiff did as an IBO, each Plaintiff's reasons for deciding to end their relationship with ACN, and each Plaintiff's reasons for electing to forego their contractual right to pursue arbitration against ACN in favor of this litigation against Defendants. With respect to class certification issues, Defendants would seek discovery from each Plaintiff on their fitness to serve as class representative, including whether each Plaintiff's claims are typical of those of putative class members and whether each Plaintiff would fairly and adequately protect the interests of the class.

Defendants oppose Plaintiffs' application for relief from Rule II.A.1 as premature in light of Defendants' intention to seek leave to file a motion to stay discovery. Plaintiffs' overreaching request for such relief belies Plaintiffs' suggestion, above, that their December 3, 2018 document request, which they inaccurately describe as "relatively limited," is characteristic of the scope of discovery Plaintiffs intend to seek from Defendants.

5. **Computation of Damages**

Plaintiffs' Statement: Plaintiffs seek damages in connection with Defendants' violations of 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d), California Business & Professions Code § 17500 and § 17200, Md. Code Ann. Com. Law § 13-301(1), 73 Pa. Stat. Ann. § 201-2(4) (ii, iii, v, vii, xxi); fraud, and negligent misrepresentation, including without limitation (1) actual, compensatory, statutory, consequential, punitive and treble damages, and equitable monetary relief and (2) reasonable attorneys' fees, costs and other expenses in connection with this action. Plaintiffs cannot calculate the amount of damages at this time because discovery has not yet begun, and such calculations may require the services of experts.

Defendants' Statement: Defendants do not believe that any damages are warranted in this case.

6. **Prospect for Settlement.** The Parties have discussed the possibility of early settlement. The Parties agree that the possibility for early settlement is unlikely, and that discussion of the form or timing of alternative dispute resolution is premature at this stage of the litigation.

                                                                                  Respectfully submitted,

| | |
|---|---|
| /s/ Roberta A. Kaplan | /s/ David Spears |
| Roberta A. Kaplan | David Spears |
| John C. Quinn | Bradley Pollina |
| Joshua Matz | Cynthia Chen |
| Alexander J. Rodney | |
| Matthew J. Craig | |

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
rkaplan@kaplanhecker.com
jquinn@kaplanhecker.com
jmatz@kaplanhecker.com
arodney@kaplanhecker.com
mcraig@kaplanhecker.com

SPEARS & IMES LLP
51 Madison Avenue
New York, New York 10010
Telephone: (212) 213-6996
Facsimile: (212) 213-0849
dspears@spearsimes.com
bpollina@spearsimes.com
cchen@spearsimes.com

Andrew G. Celli, Jr.
Matthew D. Brinckerhoff
Katherine Rosenfeld
Andrew F. Wilson

*Attorneys for Defendants*

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue at Rockefeller Center
New York, NY 10020
Telephone: (212) 763-5000
acelli@ecbalaw.com
mbrinckerhoff@ecbalaw.com
krosenfeld@ecbalaw.com
awilson@ecbalaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE, LUKE LOE, RICHARD ROE, and MARY MOE,

                Plaintiffs,

    -v-

THE TRUMP CORPORATION, DONALD J. TRUMP, individually and in his personal capacity, DONALD TRUMP JR., ERIC TRUMP, and IVANKA TRUMP,

1:18 Civ. 9936 (LGS)

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties [have __X__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases?
    [Yes_____ / No __X__]

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?
    [Yes_____ / No __X__]

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules?
    [Yes_____ / No __X__]

    d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?
    [Yes_____ / No __X__]

4. Alternative Dispute Resolution/Settlement

    a. Settlement discussions [have_____ / have not __X__] taken place.

    b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

    N/A._____

    c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    <u>The Parties have discussed the possibility of early settlement. The Parties agree that the possibility of early settlement is unlikely, and that discussion of the form or timing of alternative dispute resolution is premature at this stage of the litigation.</u>

    d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

    N/A._____

    e. **The use of any alternative dispute resolution mechanism dos not stay or modify any date in this Order.**

5. No additional parties may be joined after <u>21 days following service by Defendants of a pleading responsive to the Complaint or a motion under Rule 12(b), (e), or (f)</u> without leave of Court.

6. Amended pleadings may be filed without leave of Court until <u>21 days following service by Defendants of a pleading responsive to the Complaint or a motion under Rule 12(b), (e), or (f)</u>.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than:

    [Plaintiffs' proposal: <u>December 10</u>]

[Defendants' proposal:  21 days following the Court's ruling on Plaintiffs' pending Motion for Leave to Proceed under Pseudonyms.]

8. Fact Discovery

[Plaintiffs' Proposal

   a. All fact discovery shall be completed no later than June 6, 2019.

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by December 20, 2018.

   c. Responsive documents shall be produced by January 20, 2019.  Do the parties anticipate e-discovery?  [Yes __X___ / No _____]

   d. Initial interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by February 20, 2019.

   e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by June 6, 2019.

   f. Initial requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by April 6, 2019.

   g. Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).]

[Defendants' Proposal

   a. All fact discovery shall be completed no later than 180 days after the Court denies Defendants' motion to stay discovery or vacates any stay of discovery that the Court has imposed.

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by 21 days after the Court denies Defendants' motion to stay discovery or vacates any stay of discovery that the Court has imposed.

   c. Responsive documents shall be produced no later than 30 days after the date listed in paragraph 8(b).

   d. Initial interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by 60 days after the Court denies Defendants' motion to stay discovery or vacates any stay of discovery that the Court has imposed.

   e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by the

        date listed in paragraph 8(a) (*i.e.*, the close of fact discovery).

    f.    Initial requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by 120 days after the Court denies Defendants' motion to stay discovery or vacates any stay of discovery that the Court has imposed.]

9.    Expert Discovery

    [Plaintiffs' Proposal

    a.    Anticipated types of experts if any:
Accounting and RICO experts, experts regarding the business opportunities and training programs at issue; econometrics and damages experts; experts regarding class certification issues; and other experts to be determined in due course.

    b.    All expert discovery shall be completed no later than September 6, 2019, or such other date to be set following the submission of the parties' joint proposal pursuant to paragraph 9(c).

    c.    If you have identified types of experts in question 9(a), by May 6, 2019 the parties shall meet and confer and submit a joint proposal on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).]

    [Defendants' Proposal

    a.    Experts regarding the direct selling and/or multi-level marketing industries, and any other type of expert that any party shall reasonably notice to the opposing side.

    b.    All expert discovery shall be completed no later than 90 days after the date listed in paragraph 8(a) (*i.e.*, the close of fact discovery).]

10.    This case is [is __X__ / is not _____] to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is two to four weeks_____.

12.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

        [Plaintiffs' Position: Plaintiffs are amenable to entering into a non-waiver agreement as part of a protective order that will, among other things, include terms to prevent waiver in the event of an inadvertent

> disclosure of privileged or other protected information. In addition, the Parties are continuing to discuss ESI protocols. Following and depending on the resolution of Plaintiffs' motion for leave to proceed under pseudonym (ECF No. 4), such protective order also may permit Defendants' counsel to have access to information about Plaintiffs' identities, subject to appropriate protections.]
>
> [Defendants' Position: Defendants believe the Court should issue a non-waiver order reflecting the provisions of Fed. R. Evid. 502(b) and (d), to be prepared by the parties and submitted to the Court. Defendants intend to raise their request for a stay of discovery at the Initial Pretrial Conference. Defendants intend to raise subject matter jurisdiction at the Initial Pretrial Conference.]

13. Status Letters and Conferences

   a. By January 28, 2019, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

   b. By June 20, 2019, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   [Plaintiffs' Proposal

   c. On September 20, 2019 at ___ A.M., a pre-motion conference will be held for any anticipated dispositive motions, provided.

      i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

      ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.]

   [Defendants' Proposal

   c. On a date agreeable to the Court, no sooner than six weeks from the close of all discovery, a pre-motion conference will be held for any anticipated

dispositive motions.

i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.]

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: New York, New York

_____

LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

| | |
|---|---|
| /s/ Roberta A. Kaplan | /s/ David Spears |
| Roberta A. Kaplan | David Spears |
| John C. Quinn | Bradley Pollina |
| Joshua Matz | Cynthia Chen |
| Alexander J. Rodney | |
| Matthew J. Craig | |
| | |
| KAPLAN HECKER & FINK LLP | SPEARS & IMES LLP |
| 350 Fifth Avenue, Suite 7110 | 51 Madison Avenue |
| New York, New York 10118 | New York, New York 10010 |
| Telephone: (212) 763-0883 | Telephone: (212) 213-6996 |
| Facsimile: (212) 564-0883 | Facsimile: (212) 213-0849 |
| rkaplan@kaplanhecker.com | dspears@spearsimes.com |
| jquinn@kaplanhecker.com | bpollina@spearsimes.com |
| jmatz@kaplanhecker.com | cchen@spearsimes.com |
| arodney@kaplanhecker.com | |
| mcraig@kaplanhecker.com | |
| | |
| Andrew G. Celli, Jr. | *Attorneys for Defendants* |
| Matthew D. Brinckerhoff | |
| Katherine Rosenfeld | |
| Andrew F. Wilson | |

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue at Rockefeller Center
New York, NY 10020
Telephone: (212) 763-5000
acelli@ecbalaw.com
mbrinckerhoff@ecbalaw.com
krosenfeld@ecbalaw.com
awilson@ecbalaw.com


*Attorneys for Plaintiffs*