**SPEARS & IMES LLP**

David Spears
Tel 212-213-6991
dspears@spearsimes.com

51 Madison Avenue
New York, NY 10010
tel  212 213-6996
fax 212 213-0849

December 10, 2018

**BY ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York  10007

*Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

      Defendants respectfully submit this letter regarding their anticipated motion to dismiss the Complaint.  We reserve our right to identify additional grounds for seeking dismissal.  The parties have discussed a schedule pursuant to which Defendants would file their motion on January 14, 2019, Plaintiffs would file their opposition on February 25, 2019, and Defendants would file their reply on March 18, 2019.

      **A.  The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' State Law Claims.**
There is no diversity jurisdiction over Plaintiffs' state law claims because Plaintiffs fail to satisfy the amount-in-controversy requirement of 28 U.S.C. §1332(a).  *See Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1422 (2d Cir. 1997) (it is "well-established" that "each of several plaintiffs asserting separate and distinct claims must satisfy the jurisdictional amount requirement" of $75,000) (citation and quotation marks omitted).  The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), is also unavailing because the proposed class does not meet the amount-in-controversy requirement under that statute.  *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006) ("Under CAFA . . . the party asserting subject matter jurisdiction has the burden of proving it.  To satisfy its burden, [that party] must prove to a reasonable probability that there is the necessary minimal diversity and that the amount in controversy exceeds $5 million.").

      **B.  Plaintiffs Fail to Plead Adequately the Existence of Any Allegedly Fraudulent Statement Made to Them by Any Defendant.**  Plaintiffs' claims all sound in fraud and are therefore subject to the heightened pleading standards of Fed. R. Civ. P. 9(b).  *See Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124 (2d Cir. 2018) (RICO claim based on mail and wire fraud); *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402-03 (2d Cir. 2015) (common law fraud); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 583 (2d Cir. 2005) (negligent misrepresentation); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (claim under California Business and Professions Code); *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 440 (S.D.N.Y. 2017) (claim under Pennsylvania Trade Practices Act); *In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *30 (S.D.N.Y. July 15, 2016) (claim under Maryland Consumer Protection Act).  Across 160 pages of invective directed at Defendants, Plaintiffs fail to detail a single fraudulent statement made to them by any Defendant, when or where such statement was made, or how such statement was

fraudulent.  *See, e.g., Williams*, 889 F.3d at 123-24.  Jane Doe avers only that in "mid-to late 2014," at "a hotel" in Los Angeles, she saw a video in which Mr. Trump opined that participants could make a lot of money with ACN and that the company was "one of the best businesses," that she saw clips of Mr. Trump praising ACN on *The Celebrity Apprentice*, and that there was no disclosure that he was paid for his endorsement.  (Compl. ¶¶ 155-56, 160-63; *see also id.* ¶¶ 187-89 (Loe); *id.* ¶¶ 203, 208 (Roe); *id.* ¶¶ 222-26 (Moe).[1])  But this – and the remaining statements cited by Plaintiffs (*id.* ¶¶ 91-92, 97, 99, 103, 106, 109-14, 117-128, 138-41) – are precisely the type of "'puffery' that this . . . circuit[] ha[s] consistently held to be inactionable" because it could not have misled a reasonable investor.  *United States v. Lasker*, 85 F.3d 55, 59 (2d Cir. 1996); *see also In re Aetna Securities Litig*, 617 F.3d 272, 283 (3d Cir. 2010) (alleged misstatements that are "obviously so unimportant" to a reasonable investor may be "rule[d] . . . immaterial as a matter of law").  Similarly, "statements of opinion generally cannot constitute fraud," *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 134 (2d Cir. 2008), absent well-pled facts tending to show the statements "were both false and not honestly believed when made," *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 113 (2d Cir. 2011).

Plaintiffs' omissions theory (*see, e.g.*, Compl. ¶163) ignores settled law that, absent a fiduciary or similar legal duty between the parties – which Plaintiffs do not and cannot plead here – omissions are not actionable as mail or wire fraud.  *See United States v. Szur*, 289 F.3d 200, 211 (2d Cir. 2002) (quoting *Chiarella v. United States*, 445 U.S. 222, 228 (1980)).  Nor is the single word "no" (Compl. ¶ 123) excerpted by Plaintiffs from a lengthy interview with Mr. Trump actionable, because it is not alleged to have been heard by any Plaintiff, and it could not as a matter of law have misled a "reasonable investor."  *See e.g.*, *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013).

**C.  Plaintiffs Fail to Plead Adequately Loss Causation.**  To sue under RICO, a plaintiff must establish not only "but for" causation, but also "that the underlying § 1962 RICO violation was the proximate cause of his injury," *Empire Merchants, LLC v. Reliable Churchill LLP*, 902 F.3d 132, 140 (2d Cir. 2018) (citation and quotation marks omitted) – that is, that the alleged misstatements "were the reason the transactions turned out to be losing ones," *Moore v. Paine Webber*, 189 F.3d 165,172 (2d Cir. 1999) (citation, brackets, and quotation marks omitted).  Proximate cause is not shown where the asserted loss "could have resulted from factors other than [the defendants'] alleged acts of fraud."  *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 459 (2006).  While the Complaint is replete with detail concerning Plaintiffs' efforts to recoup the fees they paid ACN (*see, e.g*., Compl. ¶ 172 ("Doe worked tirelessly to recruit her friends and family and sell them services"); *id.* ¶195 ("Loe's inability to succeed with ACN was not due to lack of effort")), it fails to allege that the falsity of any supposedly fraudulent statement made by Defendants caused Plaintiffs' losses.

In fact, Plaintiffs do not even try to connect any alleged statement by Defendants to Plaintiffs' failure to recoup the fees they paid ACN, thereby rendering this lawsuit precisely the type that federal courts reject as so implausible they must be dismissed on the pleadings – "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other

---

[1] Plaintiffs' failure to allege any statement of any kind made by Defendants Donald Trump, Jr., Eric Trump, or Ivanka Trump, or to plead with particularity facts establishing their knowledge of any fraudulent statement allegedly made by their father to any Plaintiff requires dismissal of all claims as against these Defendants.  *See Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 172 (2d Cir. 2015).

Hon. Lorna G. Schofield - 3 -

people, with the right to do so representing an *in terrorem* increment of the settlement value." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks and citation omitted). Where, as here, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and mone*y* by the parties and the [C]ourt." *Id*. (quotation marks and citations omitted).

**D. Plaintiffs Fail to Plead Adequately Mens Rea or a Scheme to Harm Plaintiffs by Taking Their Money.** To state a RICO claim predicated upon mail or wire fraud, Plaintiffs must plead with particularity facts tending to show that that Defendants acted "willfully," that is, with the intent to do something the law forbids *and* with the "specific intent to obtain money or property by means of a fraudulent scheme that contemplated harm to the victim." *United States v. Carlo*, 507 F.3d 799, 801 (2d Cir. 2007). "Only a showing of intended harm will satisfy the element of fraudulent intent," *United States v. Gabriel*, 125 F.3d 89, 96 (2d Cir. 1997), and merely alleging that "defendants garnered some benefit from the scheme" is not enough, *United States v. Starr*, 816 F.2d 94, 101 (2d Cir. 1987). The Complaint fails to plead these elements even generally with respect to any Defendant; it avers only an intention to mislead investors, on the one hand, and to "profit" or "enrich" themselves pursuant to the endorsement contracts with ACN, on the other. Mr. Trump's puffery and opinion statements about ACN bear none of the indicia of an intent to cause harm or injury to anyone, and it is undisputed that Defendants sought and obtained no money from Plaintiffs.

**E. Plaintiffs Fail to Plead Adequately Any RICO Enterprise.** Plaintiffs allege an "association-in-fact" consisting of Mr. Trump, The Trump Corporation, the remaining individual Defendants and a number of entities with which Plaintiffs are alleged to have had no interaction, namely, Trump Productions, LLC, DSN Licensing, LLC, Trump University, LLC, T International Realty, LLC, Trump National Golf Club, LLC, and TNCC Charlotte, LLC. But an association-in-fact enterprise is "a continuing unit that functions with a common purpose," *Boyle v. United States*, 556 U.S. 938, 948 (2009), and to plead a "common purpose," a complaint must make "specific factual allegation[s] about the intent" of the alleged associates, *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 121 (2d Cir. 2013). Plaintiffs fail to allege any such facts as to the Trump children or the cited entities. Removing these individuals and entities from the alleged enterprise, however, leaves only The Trump Corporation and/or President Trump (a version of the second alleged "enterprise"), and such an allegation fails as a matter of law because the purported enterprise is not sufficiently "distinct" from any Defendant. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). An enterprise may not "consist[] merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant." *U1it4less, Inc. v. Fedex Corp*., 871 F.3d 199, 206 (2d Cir. 2017) (quotation marks and citations omitted).

                                                                            Respectfully,

                                                                            /s/ *David Spears*
                                                                            David Spears