**SPEARS & IMES** LLP

51 Madison Avenue
New York, NY 10010
tel  212 213-6996
fax 212 213-0849

David Spears
Tel 212-213-6991
dspears@spearsimes.com

December 10, 2018

**BY ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York  10007

    *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

  Defendants respectfully submit this letter requesting a pre-motion conference regarding their anticipated motion under Fed. R. Civ. P. 26(c) to stay all discovery pending resolution of Defendants' forthcoming motion to dismiss.  (*See* ECF Doc. No. 49.)

  Under Rule 26(c), a court may, "for good cause," issue an order staying discovery.  "[A] pending motion to dismiss may constitute 'good cause'" under the rule.  *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018).  A court determining a request for a stay "should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay."  *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (citation and quotation marks omitted).  All of these factors support Defendant's request for issuance of a stay.

  **A.** **Defendants' Forthcoming Motion to Dismiss Is Strong.**  To satisfy the "strength of the motion" factor, the party seeking a stay "must demonstrate 'substantial arguments for dismissal.'"  *Shulman*, 2018 WL 4938808, at *2 (quoting *O'Sullivan*, 2018 WL 1989585, at *4); *see also Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (stay warranted where "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motion[] to dismiss"); *Richards v. N. Shore Long Island Jewish Health Sys.*, 2011 WL 4407518, at *2 (E.D.N.Y. Sept. 21, 2011) (stay issued where defendants made "an adequate showing that plaintiff's claims are of questionable merit").

  In this case, the Court should consider the strength of Defendants' motion to dismiss in three steps.  First, Defendants' motion to dismiss presents compelling arguments for the dismissal of Plaintiffs' sole federal claims – the RICO and RICO conspiracy claims set out in Counts One and Two, respectively.  (*See* ECF Doc. No. 49.)  Second, if Plaintiffs' two federal claims are dismissed, all of their remaining claims – Counts Three through Eight – assert state law causes of action, and there is no diversity jurisdiction over those claims because Plaintiffs fail to satisfy the amount-in-controversy requirement of 28 U.S.C. §1332(a).  Third, Plaintiffs' attempt to rely on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), fails

because the proposed class does not meet the amount-in-controversy requirement under that statute.

As to Plaintiffs' state law claims, Section 1332(a) establishes diversity jurisdiction only in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." It is "well-established" that this language means "each of several plaintiffs asserting separate and distinct claims must satisfy the jurisdictional-amount requirement." *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1422 (2d Cir. 1997) (citation and quotation marks omitted). Here, no Plaintiff alleges an amount-in-controversy that exceeds $75,000. (*See* Compl. ¶¶ 166, 168, 169, 179, 181 (Doe: $499 registration fee, $3,500 in convention-related fees, several meeting fees of $20 each, $150 renewal fee); *id.* ¶¶ 192, 195 (Loe: $499 registration fee, fees of $10 to $20 for each of "25 to 30 meetings"); *id.* ¶ 220 (Roe: $499 registration fee, $10 for a seminar, "expenses" for travel to events); *id.* ¶¶ 228, 230, 231 (Moe: $499 registration fee, fees of $5 to $10 for each of "about 25 meetings," fees of $49 to $69 for each of unspecified number of seminars).)

Similarly, Section 1332(d)(2) provides for subject matter jurisdiction over class actions only where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." Plaintiffs have made only the negligible allegation that "there are likely thousands of putative Class Members; the aggregate amount in controversy exceeds the jurisdictional amount or [sic] $5,000,000." (Compl. ¶ 39.) This allegation is inadequate. "Under CAFA . . . the party asserting subject matter jurisdiction has the burden of proving it." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). "To satisfy its burden, [that party] must prove to a reasonable probability that there is the necessary minimal diversity and that the amount in controversy exceeds $5 million." *Id.*

**B. Plaintiffs Seek Extremely Broad Discovery, and the Burden to Defendants Would be Severe.** The Complaint contains 457 paragraphs spanning 160 pages. Plaintiffs have already admitted that their approach to discovery will mirror their approach to pleading. They want discovery "proportionate to this complex action . . . against five defendants; an association-in-fact that spans at least 11 entities, as well as a legal entity enterprise; and a relevant period of more than a decade." (ECF Doc. No. 48 at 5.) Plaintiffs have also stated that their ESI discovery will grossly exceed the limits established by the Court in its Rules. Plaintiffs seek relief from three subparts of the Court's Rule II.A.1: Plaintiffs want Defendants to search for ESI (a) from "more than 10 key custodians"; (b) that was "created more than five years before the filing of the lawsuit"; and (c) "[f]or more than 160 hours." (*Id.* at 4-5.)

In a transparent effort to better position themselves against Defendants' request for a stay, Plaintiffs served a "teaser" document request on Defendants on December 3. Plaintiffs say they "served [this] *initial* set of relatively limited document requests . . . so that Defendants and the Court could properly evaluate the scope of discovery that Plaintiffs will be seeking *as an initial matter*." (ECF Doc. No. 48 at 3 (emphasis added).) But these requests actually backfire on Plaintiffs. First, by calling the requests "initial," Plaintiffs clearly signal that these requests are just a foot in the door. Second, the requests are, in fact, extremely burdensome. They seek production by Defendants for a *nearly 14-year period*, and one request asks for "[a]ny and all official corporate records" for 15 Trump entities, without placing any limitation on the term "official corporate records."

Concomitantly, the exceptionally broad discovery that Plaintiffs want to commence now would impose a huge burden on Defendants. The expected search for ESI alone would go far beyond the limitations set out in the Court's Rules and be enormously time-consuming and expensive.

**C. Plaintiffs Would Not Suffer Unfair Prejudice From a Limited Stay of Discovery.** Plaintiffs would suffer no unfair prejudice from a limited stay of discovery. Under the agreed briefing schedule for Defendants' motion to dismiss, Defendants would file their reply no later than March 18, 2019, and accordingly Plaintiffs would be required to wait only a few months before the Court ruled on the motion. Critically, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan*, 2018 WL 1989585, at *9; *see also Spinelli*, 2015 WL 7302266, at *2 ("[W]ith the viability of the . . . Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice.").

**D. Manifest Obstacles to Class Certification Also Warrant a Stay.** Plaintiffs face insurmountable obstacles to class certification. As an example, all of Plaintiffs' state law claims except those asserted under California statutory law require proof of reliance. "The requisite reliance," moreover, "is actual reliance, not the presumed reliance of a Section 10(b) action." *Int'l Fund Mgmt. S.A. v. Citigroup Inc.*, 822 F. Supp. 2d 368, 387 (S.D.N.Y. 2011); *see also Ge Dandong v. Pinnacle Performance Ltd.*, 2013 WL 5658790, at *9 (S.D.N.Y. Oct. 17, 2013) ("The fraud-on-the-market presumption of reliance that applies in federal securities claims under Rule 10b-5 does not apply to a common law fraud action."). Thus, Plaintiffs will need to prove that *each putative class member* actually relied on at least one alleged misstatement or omission. The large number of individualized questions associated with that task is inimical to class certification in light of Rule 23(b)(3)'s requirement that "questions of law or fact common to class members [must] predominate over any questions affecting only individual members." *See, e.g.*, *Price v. L'Oreal USA, Inc.*, 2018 WL 3869896, at *4 (S.D.N.Y. Aug. 15, 2018) (granting class certification "only as to claims that do not include actual reliance as an element").

\*   \*   \*

Given the substantial reasons for doubting the viability of this action, the Court should stay discovery pending resolution of Defendants' motion to dismiss the Complaint.

Respectfully,

/s/ *David Spears*
David Spears