# KAPLAN HECKER & FINK LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanhecker.com

Direct Dial: (212) 763-0883
Direct Email: rkaplan@kaplanhecker.com

December 14, 2018

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *Doe* v. *The Trump Corporation*, No. 18 Civ. 9936

Dear Judge Schofield:

  We submit this letter on behalf of Plaintiffs in the above-referenced action in response to Defendants' December 10, 2018 letter regarding their anticipated motion to stay all discovery.

  Defendants' letter suggests that a discovery stay is warranted whenever a defendant feels confident about his motion to dismiss. But the Federal Rules, the Southern District's Local Rules, and the Court's Individual Rules all say exactly the opposite. The Federal Rules, for example, require that a Rule 26(f) conference take place "as soon as practicable" after an action is commenced, and permit discovery immediately thereafter. Fed. R. Civ. P. 26(f)(1). Similarly, although Congress has exempted certain securities claims from the rule that discovery continues while a motion to dismiss is pending, *see* 15 U.S.C. § 78u-4(b)(3)(B), it has provided no parallel exemption for the RICO and consumer fraud claims at issue here. The Local Rules, in turn, have a strong presumption in favor of uninterrupted discovery. In fact, by exempting § 1983 cases from the standard practice, *see* L.R. 83.10(3), the Local Rules underscore that discovery in RICO and consumer fraud actions should continue while a motion to dismiss is pending. And last, but certainly not least, this Court's Individual Rules explicitly provide that "[a]bsent *extraordinary* circumstances, the Court does not stay discovery or any other case management deadlines during the pendency of a motion to dismiss." Individual Rules § III.C.2 (emphasis added).

  In their December 10 letter, Defendants do not even acknowledge the Court's Individual Rules, let alone attempt to meet the applicable standard. In other words, as discussed below, rather than identify any "extraordinary" circumstances, Defendants confirm that no such circumstances exist.

  ***Defendants' anticipated motion to dismiss arguments do not make this an extraordinary case.*** Defendants' lead argument is that if Plaintiffs' RICO claims are dismissed, the Court should decline to retain jurisdiction over Plaintiffs' state law claims. (Defs. Ltr. at 1.)

KAPLAN HECKER & FINK LLP                                                                                                          2

Not only do Plaintiffs disagree with Defendants' jurisdictional analysis,[1] but Defendants' argument that this case should move to state court is hardly a "strong showing that [Plaintiffs' action is] meritless," as a discovery stay would require. *Mirra* v. *Jordan*, No. 15 Civ. 4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016). Moreover, the RICO arguments that Defendants incorporate by reference have significant weaknesses of their own, as Plaintiffs intend to make clear in their letter response to Defendants' motion to dismiss letter, due on December 21.

***Defendants' "severe" burden assertion rests on hypothetical concerns that a defendant could raise in every case.*** Defendants make a series of arguments in an attempt to show that they will be severely burdened if the Courts denies their motion to stay discovery. None makes this case exceptional.

Defendants lead with Plaintiffs' statement that they intend to seek discovery that is "proportionate" to this action. (Defs. Ltr. at 2.) Plaintiffs' statement, however, simply repeats the discovery standard that applies in all federal actions. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs' acknowledgment of that standard does not render this case exceptional, or show that discovery will be severely burdensome. To the contrary, Plaintiffs have proposed a relatively tight six-month fact-discovery period. (Joint Letter at 4, ECF No. 48.) If it turns out that the parties disagree on the proportionality of specific requests, Defendants are free to object, and the parties can meet and confer at any point during that period. Hypothetical objections to document requests Plaintiffs have yet to make, however, are no reason to stay discovery entirely.

Defendants next suggest that Plaintiffs' request for relief from certain of the Court's default ESI rules shows that discovery in this action will be excessively broad. Plaintiffs' request is hardly the remarkable event that Defendants pretend it is. This dispute involves five Defendants who operated a RICO enterprise involving six additional Trump Organization entities. (Compl. ¶¶ 34-38, 42, ECF No. 19.) Under these alleged facts, it is exceedingly likely more than 10 custodians possess relevant ESI—and Defendants make no suggestion to the contrary. Likewise, Defendants' racketeering activity dates back to 2005. (*Id.* ¶ 7.) A default rule limiting discovery to ESI no more than five years old would also be a poor fit for this case, and Defendants give no reason why such a limitation would make sense for either side. Moreover, relief from the Court's default rules is no harbinger of limitless discovery. The Rule 26 standards that protect litigants in every other case still apply, and the mere absence of certain default rules—which do not apply in the vast majority of federal cases in any event—hardly makes this action exceptional.

Defendants further contend that Plaintiffs' initial set of document requests confirms their fear of "extremely burdensome" discovery. (Defs. Ltr. at 2.) If Defendants think one of Plaintiffs' *four* requests for documents is unduly burdensome, or if they require clarification

---

[1] As to diversity jurisdiction, Defendants confine their analysis to allegations relating to economic damages, and ignore punitive damages, which "may be included in determining whether the jurisdictional amount is satisfied" wherever such damages are permitted. *AFA Tours, Inc.* v. *Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). As to jurisdiction under the Class Action Fairness Act, it is eminently plausible that thousands of class members who experienced similar economic harm as the named Plaintiffs could reach the $5 million threshold based on economic damages alone.

about what the term "official corporate records" means,[2] they should make specific objections, and then meet and confer with Plaintiffs. Parties in this District deal with such disputes every day. Indeed, it is telling that Defendants have not offered to provide Plaintiffs' limited requests to the Court, which Plaintiffs are prepared to do.

*Defendants ignore the unique prejudice risks that Plaintiffs face.* Defendants contend that Plaintiffs are no different from any other litigant facing a motion to stay discovery, and are thus unable to demonstrate sufficient prejudice to "defeat" Defendants' motion. (Defs. Ltr. at 3.) But that argument ignores that Defendants, not Plaintiffs, have the burden of demonstrating exceptional circumstances that warrant a stay. It also ignores the specific prejudice Plaintiffs will suffer in relation to evidence in the hands of non-parties. Both sides have stated in their initial disclosures that non-party discovery will be a significant feature of this case. Plaintiffs are justifiably concerned that non-parties that are unaware of this lawsuit might inadvertently destroy relevant evidence—or, even if they are aware, might intentionally do so prior to receiving process. If discovery were stayed, Plaintiffs would be unable to serve non-party subpoenas that make clear non-parties' preservation obligations, and there would be a significant risk that documents critical to Plaintiffs' in this litigation would be destroyed.

*Defendants' class certification argument is irrelevant to a motion to stay discovery.* Finally, although Defendants proclaim that there will be "insurmountable obstacles to class certification" (Defs. Ltr. at 3.), they provide no explanation why that has anything to do with a stay of discovery. Plaintiffs do not intend to move class certification until *after* discovery has taken place. That Defendants hope to make a specific certification argument after discovery is complete is no reason to delay discovery in the first place, and Defendants' predominance argument does not apply to the proposed equitable classes in any event. Perhaps most importantly, Defendants' argument is irrelevant because Plaintiffs are fully prepared to litigate this action on behalf of the individual class representatives even if is no class is ultimately certified.

*       *       *

Plaintiffs have offered to meet and confer with Defendants regarding concerns they raise in their letter, and have proposed the possibility of agreeing to limited discovery while a motion to dismiss is pending. Defendants have refused to engage in any such discussions. Although Defendants have not identified extraordinary circumstances warranting a stay, Plaintiffs remain committed to cooperating on discovery matters, and are appreciative of any guidance from the Court as to how discovery might proceed in an efficient, judicious, and cooperative fashion.

Respectfully,

Roberta A. Kaplan

cc:     Counsel of Record (via ECF)

---

[2] Defendants omit the full text of Plaintiffs' request, which provided examples to illustrate the meaning of "official corporate records," including "(i) articles/certificates of incorporation; (ii) bylaws; (iii) rules; (iv) policies and/or procedures; (v) organizational charts; (vi) lists of members and/or shareholders; and (vii) lists of employees."