# KAPLAN HECKER & FINK LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118

Direct Dial: (212) 763-0883                                                                       (212) 763-0883
Direct Email: rkaplan@kaplanhecker.com                                            www.kaplanhecker.com

January 16, 2019

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Doe* v. *The Trump Corporation*, No. 18 Civ. 9936

Dear Judge Schofield:

      We write on behalf of Plaintiffs in the above-referenced action concerning Defendants' submission of 29 extra-record materials in connection with their Motion to Dismiss the Complaint. (*See* Affirmation of Cynthia Chen, dated January 14, 2019, ECF No. 66.)

      As the Court is no doubt aware, Defendants' purported submission constitutes an extraordinary volume of extraneous documents filed with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). That submission is even more extraordinary in light of Defendants' successful request for a stay of discovery in this case. (*See* ECF No. 50.) While nothing in the 29 proposed exhibits undermines the viability of Plaintiffs' Complaint, that is not really the point. Defendants have filed a motion to dismiss under Rule 12(b)(6), not a motion for summary judgment at the close of discovery under Rule 56, and consideration of such a large volume of extraneous documents would be entirely inappropriate at this stage in the case, particularly in a large, complex case like this.[1] *Cf. People* v. *Donald Trump*, Index No. 451130/2018, Doc. No. 109, slip op. at 15–16 (N.Y. Cnty. Comm. Div. Nov. 23, 2018) (Scarpulla, J.) (concluding that, "*[a]t this stage of the proceedings*, the Petition sufficiently alleges breach of fiduciary duty/failure to properly administer Foundation assets and damages arising therefrom," and denying motion to dismiss (emphasis added)). Indeed, as discussed below, many (if not all) of Defendants' proposed exhibits cannot properly be considered by the Court in any event.

---

[1]     Because Defendants did not seek to meet and confer with Plaintiffs about their oversize submission, Plaintiffs first learned of Defendants' intent to submit these materials minutes prior to filing, when Defendants submitted what they styled as a "Letter Motion for Leave to File Excess Pages and Leave to File Documents in Hard Copy." (ECF No. 62.) While the Court subsequently entered an Order permitting the overlength filing provided the total number of pages does not exceed 225 (*see* ECF No. 67), at present, Defendants' proposed exhibits still exceed that requirement by more than 100 pages.

It is well-established that "consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself." *Faulkner* v. *Beer*, 463 F.3d 130, 134 (2d Cir. 2006). In order for a document to qualify as an exception to this rule, not only must the moving party show that the document is "integral" to the complaint, but also "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document," and that "there exist no material disputed issues of fact regarding the relevance of the document." *Id.*; *see also Friedl* v. *City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000). Defendants fail to meet that standard here.

For example, Defendants make little effort to show that the promotional videos they attach to the Chen Affirmation are the specific videos referenced in the Complaint. More specifically, citing to Paragraph 122 of the Complaint, Defendants submit two videos with filenames indicating that they are dated from 2011 and 2013, respectively. (Chen Aff. ¶¶ 8, 11.) But Paragraph 122 of the Complaint does not mention any videos from 2011 or 2013—instead, it refers to a video from 2012. (*See* Compl. ¶ 122, ECF No. 19.) As a result, the Court can have no reasonable assurance that the videos that Defendants offer in support of their motion are actually the videos that Plaintiffs identify in their Complaint. This is especially so in light of Defendants' concession that President Trump endorsed and promoted ACN for at least nine years and appeared in numerous videos, as well as in print materials and at conventions and other events, which may have been recorded. (*See* Mem. in Supp. of Mot. to Dismiss, ECF No. 65 ("Mem."), at 1, 6–12.) For these reasons, Defendants' videos cannot be considered by the Court on their motion to dismiss. *See Faulkner*, 463 F.3d at 134 ("[B]efore materials outside the record may become the basis for a dismissal . . . it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.").

The unsigned and undated agreements that Defendants contend are "ACN IBO Agreement[s]" (Chen Aff. ¶¶ 28–30) are similarly improper. Although Defendants assert—without any citation to a paragraph in the Complaint—that "Plaintiffs rely heavily upon the terms and effect of the IBO contracts they entered into with ACN" (Mem. at 6 n.2 (internal quotation marks and alterations omitted)), that is not so. Any passing reference in the Complaint to an agreement between nonparty ACN and the Plaintiffs (*see, e.g.*, Compl. ¶ 153, ECF No. 19) is, at best, tangential to the core allegation supporting the claims here: namely, that *these Defendants* defrauded them. *See Faulkner*, 463 F.3d at 134 (documents extraneous to the complaint cannot form the basis for Rule 12(b)(6) dismissal unless it is "clear that there exist no material disputed issues of fact regarding the relevance of the document"). And the blank and unsigned "ACN IBO Agreement[s]" suffer from an even more fatal defect: "Nothing in the Complaint or on the face of the [purported 'ACN IBO Agreements'] indicates that [Plaintiffs] agreed to their terms." *Axiom Inv. Advisors, LLC* v. *Deutsche Bank AG*, 234 F. Supp. 3d 526, 536 (S.D.N.Y. 2017) (Schofield, J.) (concluding that "the agreements are not integral to the Complaint and cannot be considered in deciding Deutsche Bank's motion to dismiss").

This Court has the inherent authority to strike extraneous materials improperly submitted in support of a motion to dismiss under Rule 12(b)(6). *See In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at *16 (S.D.N.Y. June 10, 2010). Here, Plaintiffs intend to soon file an amended complaint, which may render these issues moot. However, in the event that Defendants persist in relying upon such materials in a subsequent motion to dismiss Plaintiffs' amended complaint, Plaintiffs reserve all rights, including the right to ask the Court to exercise its inherent authority to strike these improper materials at that time.

KAPLAN HECKER & FINK LLP												3

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

cc:		Counsel of Record (via ECF)