EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
EMERITUS

DIANE L. HOUK
JESSICA CLARKE

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN
MICHELE YANKSON

March 7, 2019

*Via ECF*

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      *Re: Doe v. The Trump Corporation, et al.*, No. 18 Civ. 9936

Dear Judge Schofield,

      For the Plaintiffs, together with Kaplan Hecker & Fink LLP, and further to our letter of January 16, 2019 (ECF No. 69), we request a pre-motion conference on March 28, 2019 on Plaintiffs' proposed motion to strike Exhibits 7-10 of Cynthia Chen's affirmation in support of Defendants' motion to dismiss the Amended Complaint, ECF No. 85 ("Chen Affirmation").

      Extraneous evidence beyond a complaint is disfavored when considering a motion to dismiss.  Four of Defendants' exhibits should be excluded because Plaintiffs did not rely on them when drafting the Amended Complaint, they are irrelevant to that pleading, and there are questions as to their authenticity.  Exhibits 7-9 of the Chen Affirmation are unsigned copies of the 2013, 2014, and 2016 ACN IBO agreements.  These three agreements are not relied on in the Amended Complaint, have no bearing on whether Plaintiffs have stated a claim (despite obtaining a stay of discovery—Defendants raise arguments only appropriate at summary judgment in their motion to dismiss) and are not necessarily the agreements that Plaintiffs signed.  Exhibit 10, a transcript of a YouTube video entitled *ACN ON THE APPRENTICE*, should also be struck because the Court cannot be certain that this is the clip of ACN appearing on *The Celebrity Apprentice* referenced in the Amended Complaint.

**Legal Framework**

      "Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself."  *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).  Exceptions to this rule are only permitted where the extraneous documents in question are attached to the complaint as exhibits, are incorporated into the complaint by reference, or are so

heavily "relie[d] . . . upon" that they are deemed "integral" to the Complaint. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A document may only be deemed "integral" when the Plaintiff has specifically *relied* on its terms—"mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Even if a document is "integral" to the complaint, it may not be considered on a motion to dismiss under Rule 12(b)(6) unless it is clear (1) "on the record that no dispute exists regarding the authenticity or accuracy of the document" and (2) that "there exist no material disputed issues of fact regarding the relevance of the document." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016). For example, a defendant may not attach a contract to its motion to dismiss where "[n]othing in the Complaint or on the face of the [contract] indicates that [Plaintiff] agreed to its terms." *Axiom Inv. Advisors, LLC by & through Gildor Mgmt., LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526, 536 (S.D.N.Y. 2017) (Schofield, J.).

District Courts have the inherent authority to strike material inappropriately submitted in support of a motion to dismiss under Rule 12(b)(6). *In re UBS Auction Rate Sec. Litig.*, No. 08-CV-2967, 2010 WL 2541166, at *16 (S.D.N.Y. June 10, 2010).

**The Court Should Strike Exhibits 7, 8 and 9**

Plaintiffs did not rely on Exhibits 7, 8 and 9, they are not relevant, and there are questions about their authenticity. These three Exhibits are unexecuted copies of the agreements that non-party ACN allegedly required each of its Independent Business Owners ("IBOs") to sign in the years 2013 (Exhibit 7), 2014 (Exhibit 8), and 2016 (Exhibit 9). These agreements are, at best, tangential to the allegations in the Amended Complaint, and Defendants' uncited assertion that Plaintiffs "rely heavily upon the terms and effect of the IBO contracts they entered into with ACN," ECF No. 84 at 6 n.2 (internal quotations marks and alterations omitted), is wrong.

While Plaintiffs acknowledge that they "signed up" to serve as ACN IBOs, *e.g.*, Amended Complaint, ECF No. 77 ("Am. Comp.") ¶ 151, the terms of the IBO agreements are irrelevant. Plaintiffs do not assert that ACN breached any agreement with Plaintiffs, and ACN is not a party to this case. Rather, Plaintiffs allege that Defendants induced them to invest in ACN through their campaign of deceptive statements which convinced Plaintiffs that ACN was a life-changing business opportunity with little-to-no risk. Plaintiffs have not alleged that any Plaintiff "decid[ed] to invest in [ACN] in reliance on [the agreements Defendants seek to attach], *Faulkner*, 463 F.3d at 135, and the technical terms of these agreements with a non-party have no bearing on whether Plaintiffs have adequately alleged Defendants' fraud.

For the same reasons, Exhibits 7, 8, and 9 should be struck because there are "material disputed issues of fact regarding the relevance of the[se] document[s]." *Nicosia*, F.3d at 231. As explained, Plaintiffs have alleged that *Defendants'* misrepresentations—not the terms of *ACN's* agreements— induced them to become IBOs. While Defendants imply that Plaintiffs' reliance on Defendants' deceptive behavior was not reasonable in light of form disclaimers in the IBO agreements, ECF No. 84 at 6, the relevance of these disclaimers is an issue of fact for discovery. Defendants' attempt to introduce factual defenses related to Plaintiffs' reliance on Defendants' fraud only underscores the agreements' premature introduction.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

  Finally, it is not "clear on the record that no dispute exists regarding the authenticity or accuracy of the [IBO agreements]." *Nicosia*, 834 F.3d at 231. Exhibits 7, 8, and 9 are unsigned, and Plaintiffs have not made any allegations with respect to the terms of these agreements except the price they paid in order to become IBOs. Plaintiffs' allegations with respect to one term in a twenty-term (Exhibits 7 and 8) or twenty-one term (Exhibit 9) agreement is not sufficient to make it clear "on the face of" the Amended Complaint or the contracts that these are the agreements Plaintiffs agreed to be bound by. *Axiom Inv. Advisors,* 234 F. Supp. 3d at 536.

**The Court Should Strike Exhibit 10**

  This Court cannot rely on Exhibit 10 because it remains uncertain whether it is the transcript for the same YouTube Video Referenced in the Complaint. Paragraph 242 of the Complaint alleges that, upon hearing about ACN in mid-2016, Plaintiff Roe decided to "look up" ACN on YouTube. Am. Comp. ¶ 242. The Complaint then alleges the first thing that caught his eye was a "video of Trump from *The Celebrity Apprentice*." Am. Comp. ¶ 242. The video is then described as "about eight minute[s]," with celebrity contestants presenting different pitches to sell ACN video phones, with an image of Donald Trump and Ivanka Trump standing next to the ACN founders and endorsing ACN, and with an image of Donald Trump continuing to stand alongside ACN's founders as they spoke to the contestants. Am. Comp. ¶ 243.

  Based on this description, which contains no direct quotations, Defendants attach a transcript from a video entitled *ACN ON THE APPRENTICE* uploaded to YouTube in 2011. Defendants claim this video contains "substantially the same language" that Plaintiffs reference in the Amended Complaint. Chen Affirmation ¶ 13. But the similarity in content between the transcript attached and the video described in the Amended Complaint is not appropriate grounds for the transcript's consideration on a motion to dismiss. A cursory YouTube search of "ACN on the Apprentice" yields over a dozen videos, almost all of which are four to nine years old.[1] Many of these clips are around eight minutes.

  Plaintiffs also allege that ACN viewed its appearances on *The Apprentice* as a major promotional opportunity and that ACN included select clips of its appearance as part of its own marketing materials. Am. Comp. ¶¶ 171, 175, 263. It is at least plausible, if not likely, that multiple promotional clips of ACN on *The Celebrity Apprentice*, with similar images of Defendants with ACN executives, have been available on the internet in the last ten years since ACN's first appearance on the show. Due to the uncertainty as to whether Exhibit 10 is the actual video referenced in the Complaint, it is not "clear on the record that no dispute exists regarding the authenticity or accuracy of the document," and it should not be considered in connection with Defendants' motion to dismiss. *Nicosia*, 834 F.3d at 231.

                 Respectfully submitted,

                      /s/

                  Andrew G. Celli, Jr.

---

[1] https://www.youtube.com/results?search_query=ACN+on+the+Apprentice (last visited March 5, 2019).