**SPEARS & IMES** LLP

51 Madison Avenue
New York, NY 10010
tel 212-213-6996
fax 212-213-0849

Joanna C. Hendon
tel 212-213-6553
jhendon@spearsimes.com

March 13, 2019

**BY ECF**

Honorable Lorna G. Schofield
United States District Judge
 for the Southern District of New York
40 Foley Square
New York, New York  10007

  Re:  *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

  Pursuant to the Court's order on March 8, 2019 (ECF No. 88), Defendants submit this letter in response to Plaintiffs' March 7, 2019 letter requesting a pre-motion conference to discuss their proposed motion to strike Exhibits 7-10 of the Chen Affirmation in support of Defendants' motion to dismiss the Amended Complaint (ECF No. 87) (hereinafter "Chen Affirmation").

  At the outset, we do not believe a conference is necessary.  Second Circuit law in this area is clear, and the Court may resolve the parties' dispute on the papers, though we will of course appear if argument would aid the Court.

  Plaintiffs seek to strike Exhibits 7-9 and Exhibit 10 of the Chen Affirmation.  Exhibits 7-9 are copies of the form IBO Agreements made available by ACN in 2013, 2014, and 2016, the years in which Plaintiffs became IBOs, which Defendants refer to in their motion to dismiss (MTD at 2, 6).  Exhibit 10 consists of a transcript of a YouTube clip which contains substantially the same language that Plaintiffs allege Richard Roe viewed on YouTube (Compl. ¶¶ 242-43).  For the reasons set forth below, Plaintiffs' motion should be denied.

  **1.**  **The Applicable Law**

  "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks omitted); *accord San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Companies, Inc.*, 75 F.3d 801, 809 (2d Cir. 1996) ("[T]he District Court was entitled to consider the full text of those documents [partially quoted in the complaint] in ruling on the motion to dismiss.").  "Where a document is not incorporated

Hon. Lorna G. Schofield
United States District Judge                                                                                              - 2 -

by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Nicosia*, 834 F.3d at 230 (internal quotation marks omitted). "In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason – usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim – was not attached to the complaint. The exception thus prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (internal citations and quotation marks omitted); *see also Nicosia*, 834 F.3d at 231.

### 2.     Discussion

***Exhibits 7-9.*** Plaintiffs purport to contest the authenticity of Exhibits 7-9, the IBO agreements, but it is not the authenticity of this material they dispute. For example, Plaintiffs do not dispute that the exhibits in fact are what they purport to be, samples of the agreements ACN used in the years in which Plaintiffs joined, or that they are fair and accurate copies of documents Plaintiffs signed. Instead, Plaintiffs highlight that the Complaint makes no reference to their agreeing to these contracts (ECF No. 87 at 2-3). But insofar as the Complaint omits reference to the IBO agreements, it is a consequence of precisely the type of "clever drafting" disapproved of by the Second Circuit. *Glob. Network Commc'ns*, 458 F.3d at 157. Plaintiffs' claims are based on injury they allegedly sustained after paying $499 to become ACN Independent Business Owners. The relationship between Plaintiffs and ACN was entirely contractual. Had Plaintiffs not signed IBO agreements with ACN, they would have no cause of action. The IBO contracts with ACN therefore are integral to Plaintiffs' claims and contain the legal "obligations upon which the plaintiff's complaint stands or falls." *Glob. Network Commc'ns*, 458 F.3d at 157.

Further, each of Exhibits 7-9 contains representations and disclaimers that form a part of the mix of information available to Plaintiffs when they agreed to become IBOs. Each requires prospective IBOs to acknowledge that, "as an IBO, I am not guaranteed any income nor am I assured any profits or success," and that "no claims of guaranteed profits or representations of expected earnings . . . have been made by ACN or my sponsor" (MTD at 2, 6). The IBO agreements are thus relevant to the materiality inquiry, which requires the Court to consider "whether defendants' representations or omissions, considered together and in context, would affect the total mix of information and thereby mislead a reasonable investor." *Rombach v. Chang*, 355 F.3d 164, 173 (2d Cir. 2004) (citation omitted).

***Exhibit 10.*** With respect to Exhibit 10, Plaintiffs argue that there is uncertainty as to whether it is a transcript of the same Youtube video from *The Celebrity Apprentice* that Roe allegedly viewed (ECF No. 87 at 3), even though the video in question fits the description of the video in the Complaint and contains the same language from Mr. Trump stating that he knew ACN well (Compl. ¶ 243). In support, Plaintiffs state that a "cursory YouTube search of 'ACN on the Apprentice' yields over a dozen videos," many of which "are around eight minutes." That is incorrect. Among the first 30 or so search results at the link referenced in Plaintiffs' letter, few

Hon. Lorna G. Schofield
United States District Judge                                                                                          - 3 -

appear to be clips from the actual episodes of *The Celebrity Apprentice* (ECF No. 87 at 3 n.1) and only one of those other clips is at least eight minutes long, consistent with the Complaint's description of the video that Roe allegedly viewed (Compl. ¶¶ 242-43).

      The Court is free to, and should, consider the disputed exhibits on Defendants' motion to dismiss.

                                                                       Respectfully submitted,

                                                                       *Joanna C. Hendon /cc*

                                                                       Joanna C. Hendon