# KAPLAN HECKER & FINK LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118

Direct Dial: (212) 763-0883
Direct Email: rkaplan@kaplanhecker.com

(212) 763-0883
www.kaplanhecker.com

July 19, 2019

**By ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Doe* v. *The Trump Corporation*, No. 18 Civ. 9936

Dear Judge Schofield:

We submit this letter on behalf of Plaintiffs in response to Defendants' letter filed earlier today. In that letter, Defendants inform the Court that they anticipate moving to compel arbitration because they "have determined"—months after filing their second motion to dismiss and without any explanation of their delay—that "Plaintiffs' claims are arbitrable."

Defendants' submission is entirely inconsistent with the Court's rules. As Defendants note, they sent Plaintiffs a letter on July 11 setting forth their untimely, conditional strategy for seeking to compel arbitration. In accordance with the Court's rules, Plaintiffs responded by letter on July 18. As Defendants concede, the Court's rules do not contemplate that the parties' letters are to be filed with the Court. Defendants offer no justification for doing what they concede the Court's rules "ordinarily do not provide for." And as if that were not irregular enough, Defendants then ask the Court for "guidance as to how to proceed" with their heads-they-win, tails-they-seek-arbitration strategy.

Defendants' flouting of this Court's rules is an act of procedural gamesmanship clearly intended to delay and prevent any resolution of the merits in this case. As Plaintiffs observe in their now-public July 18 response letter, the same is true of Defendants' untimely, prejudicial, and meritless request to force Plaintiffs into arbitration on the basis of contracts that Defendants never signed (and that Plaintiffs had no reason to believe encompassed Defendants). Having taken advantage of this Court's jurisdiction to file multiple motions to dismiss, not to mention a battery of non-party subpoenas, Defendants are now trying to break the rules—and contest this Court's authority—in order to delay any adjudication of the serious allegations in Plaintiffs' complaint. Plaintiffs respectfully await Your Honor's decision on the pending motion to dismiss, following which Plaintiffs reserve their right to seek to proceed with discovery on the merits.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record (via email)