# SPEARS & IMES LLP

51 Madison Avenue
New York, NY 10010
tel 212-213-6996
fax 212-213-0849

Joanna C. Hendon
tel 212-213-6553
jhendon@spearsimes.com

August 1, 2019

**Via ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

    Pursuant to Rule III.C.3 of the Court's Individual Rules and Procedures for Civil Cases and Local Rule 37.2, Defendants respectfully request a conference to address the scope of discovery that is appropriate between now and resolution of the proposed motion to compel arbitration, or, in the alternative, between now and September 5, 2019.

    ***Procedural Posture and the Parties' Positions.*** On December 20, 2018, the Court entered an Order staying discovery "pending resolution of Defendants' motion to dismiss." Dkt. 54. On July 19, 2019, Defendants submitted to the Court correspondence between the parties addressing Defendants' intention to seek to compel Plaintiffs to arbitrate following decision on the motion to dismiss. Dkt. 94. On July 24, the Court dismissed Plaintiffs' federal claims. Dkt. 97. On July 25, the Court set a conference for August 8 and directed the parties, among other things, to submit by August 1 a joint letter "setting forth each party's position regarding Defendants' proposed motion to compel arbitration and any other issue the parties would like the Court to address." Dkt. 98. The Court further directed the parties to propose on August 1 a briefing schedule on the motion to compel arbitration. *Id*.

    Plaintiffs asked that we consent to an adjournment of the conference date from August 8 until August 14 or August 16, because Ms. Kaplan is scheduled to be on vacation on August 8. We consented. Also on July 25, Plaintiffs re-served Defendants with their first request for production of documents. Defendants' responses and objections to that demand are due on August 23.

    On July 26, the parties met and conferred about, among other things, the scope of discovery while the parties brief the proposed motion to compel arbitration. (The parties agree that the Court's decision on the motion to dismiss dissolved the previously-imposed stay of discovery.) Defendants stated that, as part of the August 1 submission, they intended to seek a stay of discovery pending decision on the motion to compel arbitration, other than discovery limited to the question of arbitrability. *See Dreyfuss v. eTelecare Glob. Sols.-US, Inc.*, No. 08 CIV. 1115 (RJS), 2008 WL 4974864, at *2 (S.D.N.Y. Nov. 19, 2008), *aff'd*, 349 F. App'x 551

(2d Cir. 2009); *Brennan v. Bally Total Fitness*, 153 F. Supp. 2d 408, 416-17 (S.D.N.Y. 2001). Plaintiffs stated they would oppose any stay.

On July 29, Plaintiffs wrote the Court to request an adjournment of the August 8 conference to August 14 or 16, after Ms. Kaplan's vacation. Dkt. 99. On that date, the parties thus contemplated that Defendants' request for a stay of discovery would be before the Court (together with Plaintiffs' opposition) no later than August 1, the deadline set by the Court for the parties' joint letter, and that the Court would be in a position to address the issue at a conference likely to occur in mid-August (before the August 23 deadline for Defendants to serve responses and objections to Plaintiffs' first set of document demands).

On July 30, the Court moved the conference from August 8 to September 5 and the deadline for the parties' submissions from August 1 to August 29. As a result – absent our seeking relief in the interim – Defendants' request for a stay of discovery would not be before the Court until August 29 (rather than August 1), and they would be required to serve objections and responses to Plaintiffs' first document demand by August 23. Seizing this advantage – one secured entirely as a result of our consenting to move the August 8 conference to accommodate Ms. Kaplan – Plaintiffs immediately began promulgating new discovery demands: On July 30, Plaintiffs' served Defendants with a second set of requests for the production of documents, together with a first set of interrogatories. The next day, Plaintiffs served Defendants with notice of 21 third-party subpoenas they are now serving, and last night, at about 8:00 p.m., they served notice of six more such subpoenas, bringing the total to 27. Responses and objections to all of this discovery are due on August 29 and August 14, well in advance of the September 5 conference at which the Court would likely to address our request for a stay.

*Argument.* Requiring Defendants (and 27 third parties) to respond to discovery demands now would be inconsistent with the strong federal policy favoring arbitration. The authorities already before the Court confirm Defendants have a strong motion to compel arbitration. *See* Dkt. 94 at Exh. A. Informed by Plaintiffs' objections, *id*. at Exh. B, Defendants' arguments are now only sharper, and we are disappointed that they will not be before the Court today, as originally scheduled. Under these circumstances, the nature and scope of discovery should be reserved for the arbitrator. Only if the motion to compel arbitration fails – in this Court and in the Court of Appeals, 9 U.S.C. § 16 – should Plaintiffs be entitled to any discovery other than that limited to the question of arbitrability. (Defendants have requested from Plaintiffs on a "lawyers' eyes only" basis certain information designed to enable ACN to locate Plaintiffs' IBO Agreements.) At a minimum, discovery other than that limited to the issue of arbitrability, should be stayed pending the September 5 conference.

A stay will not unduly prejudice Plaintiffs. The information they seek is preserved and the duration of the proposed stay is modest. Responding to discovery, by contrast, would be expensive and wasteful. Plaintiffs' claims do not belong in federal court, and Plaintiffs should not be availing themselves of this Court's liberal discovery rules while that proposition is tested. Defendants have already secured dismissal of the RICO claims, and they are prepared to address the arbitrability of the remaining claims now. The burden of moving to dismiss (twice) and to compel arbitration of a 200-page pleading is substantial but unavoidable. That is not true of responding to what at this juncture is plainly opportunistic, needless discovery.

Hon. Lorna G. Schofield                                                                                                          - 3 -

Staying discovery pending a motion to compel arbitration is "the general practice of district courts." *See Intertec Contracting v. Turner Steiner Intern., S.A.*, No. 98 Civ. 9116(CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001). "[A]rbitrability is a 'gateway' issue." *Shukla v. Viacom Inc.*, 18 Civ. 3522 (PAE), 2019 WL 1932568, at *10 (S.D.N.Y. May 1, 2019). "[A]fter a motion to compel arbitration has been filed, a court must 'refrain from further action' until it determines arbitrability." *Id.* (quoting *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)). This practice is well-founded. "[U]nless discovery is stayed" pending a decision on a motion to compel discovery, a party may "forever lose the advantages of arbitration—speed and economy" as well as the right to have the scope of discovery determined by the arbitrators. *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (internal quotation marks omitted); *see also Ross v. Bank of America, N.A. (USA)*, No. 05 Civ. 7116(WHP), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) ("In view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate."); *Brockmeyer v. May*, No. 98 CIV. 5521(DLC), 1999 WL 191547, at *2 (S.D.N.Y. Apr. 6, 1999) (previously staying discovery pending decision on arbitration).

A stay of discovery is further warranted here because, should the Court deny the motion to compel arbitration (and the Court of Appeals concur in that judgment), Defendants will seek to dismiss the action for want of subject matter jurisdiction. There is no diversity jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1332(a), because Plaintiffs fail to satisfy the amount-in-controversy requirement under the diversity statute. *See Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1422 (2d Cir. 1997) (it is "well-established" that "each of several plaintiffs asserting separate and distinct claims must satisfy the jurisdictional amount requirement" of $75,000); *see also Radcliffe v. Wright*, No. 16-CV-95111 (GHW), 2018 WL 3187338, at *3 (S.D.N.Y. June 28, 2018) ("The Supreme court has long recognized that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement") (citation omitted). Nor is there jurisdiction over those claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). That statute provides for federal subject matter jurisdiction over certain multistate class actions where, among other things, the aggregate "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs" and the "the number of members of all proposed plaintiff classes in the aggregate is [at least] 100." 28 U.S.C. §§1332(d)(2) & (d)(5). Because ACN required all persons seeking to become IBOs to enter into written contracts containing mandatory arbitration provisions, Plaintiffs will be unable to satisfy either requirement, *i.e.*, the existence of 100 or more IBOs who failed to agree to submit to mandatory arbitration or damages in excess of $5,000,000 sustained by such persons.[1]

Respectfully,

*/s/*

Joanna C. Hendon

---

[1] Insofar as the Court's July 24 Order constitutes a ruling that the Court has subject matter jurisdiction over Plaintiffs' state law claims, Dkt. 97, Defendants request that the Court construe this letter as a motion for reconsideration pursuant to Rule 60.