**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE  |  SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883  |  FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0886
DIRECT EMAIL  jquinn@kaplanhecker.com

August 2, 2019

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    *Re:*  *Jane Doe, et al.* v. *The Trump Corporation, et al.,* l8-cv-09936 (LGS)

Dear Judge Schofield:

  We write on behalf of Plaintiffs to clarify the record and to provide additional context following Defendants' submission to the Court yesterday, to which Plaintiffs did not have an opportunity to respond.  In their submission, Defendants suggest that Plaintiffs somehow acted improperly in serving certain discovery requests following the Court's July 24, 2019 Order, which denied in part Defendants' motion to dismiss (Doc. No. 97).  That implication is not accurate.

  Defendants themselves acknowledge (as they must) that the stay of discovery was lifted by the July 24, 2019 Order.  (Doc. No. 101 at 1; *see also* Doc. No. 54 (staying discovery "pending resolution of the motion to dismiss").)  Because the stay was lifted, Plaintiffs were entitled to proceed with discovery.  Accordingly, on July 25, Plaintiffs wrote to Defendants to remind them that, prior to the initial stay of discovery, Plaintiffs had served a set of document requests on Defendants and that Defendants were now obligated to respond.  On July 30, Plaintiffs served additional, targeted discovery requests on Defendant The Trump Corporation.

  In the same vein, on July 31, Plaintiffs notified Defendants that they were undertaking to serve notice on non-parties that the stay had been lifted.  Consistent with the Court's initial stay order, the subpoenas that were served on non-parties in February (following a meet-and-confer and without objection from Defendants) made clear that they were for the purpose of preservation only, and that the non-parties were not obligated to produce documents until "14 days from the date on which the Court issues a decision resolving Defendants' motion to dismiss."  It was therefore entirely proper, and prudent, for Plaintiffs to inform those non-parties that the Court had

KAPLAN HECKER & FINK LLP                                                    2

issued its decision.[1]  Further, there was nothing wrong in issuing additional, targeted discovery requests to Defendants once discovery was underway.

To be sure, prior to Plaintiffs' service of these discovery requests, Defendants informed Plaintiffs that Defendants wanted discovery to be stayed pending their forthcoming motion to compel arbitration.  But Defendants concede that discovery was *not* stayed at the time Plaintiffs issued their requests.  And Plaintiffs will object to any forthcoming request for a stay pending resolution (even through appeal) of their motion to compel arbitration, which is untimely and meritless (*see* Doc. Nos. 94-2, 96).  *See also Gerald Chamales Corp.* v. *Oki Data Americas, Inc.*, 247 F.R.D. 453, 455 (D.N.J. 2007) ("[I]f the Court accepts defendants' argument that all depositions should be stayed pending the decision on its dispositive motion [seeking dismissal in favor of arbitration], then it would in effect be ruling that every time a request to compel arbitration is filed good cause exists to issue a protective order to stop depositions while the request is pending.  This is not the law.").

Plaintiffs look forward to addressing these issues further in the joint letter due August 29 and at the September 5 conference.  In the meantime, while Plaintiffs respectfully maintain that a stay of discovery is not warranted here, Plaintiffs will refrain from further discovery in accordance with the Court's order yesterday, pending the Court's resolution of these issues.

Respectfully submitted,

John C. Quinn
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
(212) 763-0883
jquinn@kaplanhecker.com

---

[1] For the avoidance of doubt, Plaintiffs halted service on these non-parties following the Court's order yesterday, and none were served.