# SPEARS & IMES LLP

51 Madison Avenue
New York, NY 10010
tel  212-213-6996
fax 212-213-0849

Joanna C. Hendon
tel 212-213-6553
jhendon@spearsimes.com

September 6, 2019

**Via ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

  Defendants respectfully request an adjustment to the briefing schedule set forth in the Court's order of yesterday (ECF No. 106) and certain additional relief as set forth below. We attempted to confer with Plaintiffs today, describing in an e-mail the relief we intend to seek from the Court and noting that we anticipate Plaintiffs will object, rather than consent, to the requested relief. We understand that Ms. Kaplan is traveling, Mr. Quinn is attending to a family member at the hospital and counsel may not be in a position to speak with us until Monday, September 9, which is three days before our brief is now due.

  The Court has ordered Defendants to file a motion to compel arbitration without knowing Defendants' names or having the chance to conduct even limited discovery designed to (a) learn Plaintiffs' identities and (b) obtain the written agreements by which we believe Plaintiffs agreed to submit to mandatory arbitration. The Court's proposal that Defendants "assume . . . for purposes of this motion that Plaintiffs and the putative class members agreed with ACN to arbitrate" is untenable, given that Defendants bear the burden of proving that Plaintiffs in fact agreed to arbitrate with ACN. *See*, *e.g.*, *Dreyfuss v. Etelecare Glob. Sols.-U.S. Inc.*, 349 F. App'x. 551, 554-55 (2d Cir. 2009). For example, were Defendants to move to compel arbitration assuming, without proving, that Plaintiffs agreed to arbitrate with ACN, and were the Court to deny the motion on the merits, Defendants would take an immediate appeal from that decision as of right. *See* 9 U.S.C. § 16. Were the Court of Appeals inclined to reverse and compel Plaintiffs to arbitrate, it could not do so without first remanding the case to this Court to permit Defendants to engage in the fact development they now seek, risking piecemeal appeals and waste, outcomes we do not believe the Court intended by its September 5 order.

  As set forth in more detail below, Defendants respectfully request that the Court enlarge the time for briefing the motion to compel arbitration, so that Defendants may (a) obtain Plaintiffs' identities and (b) take limited discovery in order to obtain copies of the arbitration agreements at issue. Defendants further request that the Court enter the protective order submitted to Chambers today (the content of which Plaintiffs approved at the September 5 conference) and direct Plaintiffs to respond to the two interrogatories attached to this letter (served by Defendants earlier today) by no later than September 11, 2019. Defendants further

propose that they be permitted to file their motion to compel on or before September 26, 2019; that Plaintiffs be required to file any opposition by October 10, 2019; that Defendants be required to file any reply by October 17, 2019; and that the Court extend by four weeks all of the dates contained in the Civil Case Management Plan and Scheduling Order issued by the Court yesterday (ECF No. 107).

***Procedural Posture & Background.*** On October 29, 2018, Plaintiffs filed this action under pseudonyms and moved the Court for permission to remain anonymous. (ECF No. 3.) Defendants opposed that request. (ECF No. 46.) On December 20, 2018, the Court granted the motion, allowing Plaintiffs to remain anonymous not only on the docket, but also from Defendants and their counsel, pending decision on Defendants' anticipated motion to dismiss for failure to state a claim. (ECF No. 54.) At the same time, the Court granted Defendants' motion to stay discovery pending decision on the motion to dismiss. (*Id.*) By March 14, 2019, Defendants motion to dismiss was fully briefed. Four months later, on July 11, 2019 Defendants advised Plaintiffs that, were the Court to deny the motion to dismiss, Defendants would seek to stay the action in favor of arbitration. (ECF No. 94, Ex. A). Plaintiffs responded in writing, and on July 19, 2019, Defendants submitted the parties' correspondence to the Court, stating:

> The Court's Individual Rules and Procedures ordinarily do not provide for such correspondence to be filed with the Court. Because the contemplated motion to compel arbitration would be dispositive, if granted, and because there is already pending a dispositive motion, we write respectfully to request the Court's guidance as to how to proceed.

(ECF No. 94.) On July 24, 2019, the Court issued an order granting in part and denying in part Defendants' motion to dismiss (ECF No. 97), thereby dissolving Plaintiffs' right to remain anonymous absent renewal of their October 18, 2018 motion to proceed pseudonymously. (ECF No. 54.) On August 1, 2019, the Court directed the parties to appear for a conference on September 5, 2019, and, in advance thereof (on August 29), to file a joint submission addressing the anticipated motion to compel arbitration and proposing a schedule for the briefing. (ECF No. 102.)

On July 31, 2019, Defendants requested Plaintiffs' identities on a "lawyers' eyes only" basis in order to begin the process of obtaining the arbitration agreements and be ready to file the motion to compel arbitration by the next conference or shortly thereafter. (ECF No. 104, Ex. B). Those efforts were unavailing. (ECF No. 104 at 9-10.) On August 29, 2019, Defendants briefed the Court on their unsuccessful efforts to obtain Plaintiffs' identities. (ECF No. 104 at 9-10). At the September 5 conference, the Court questioned whether Defendants have waived their right to seek to compel Plaintiffs to arbitrate in this case by filing their motion to dismiss. Following extensive discussion about the forthcoming motion to compel arbitration – including the Defendants' burden to prove Plaintiffs in fact agreed to mandatory arbitration with ACN – we understood the Court to invite Defendants to brief the issue of waiver, only, and to do so by September 12. Defendants agreed to that schedule. Later the same day, the Court issued an order directing Defendants instead to file "a motion to compel arbitration" and to "assume only for purposes of this motion that that Plaintiffs and the putative class members agreed with ACN to arbitrate." (ECF No. 106.) "[A]mending the Court's statement at the conference," the Court

further directed Plaintiffs in their opposition to address waiver "principally" but also "any other argument." (*Id.*)

Also on September 5, the Court lifted the discovery stay in place, unleashing Plaintiffs to begin to serve, at this writing, no fewer than 29 Rule 45 subpoenas to third parties in order to obtain discovery the Second Circuit recognizes would be unavailable in arbitration.[1] This, before Defendants' motion is even briefed, much less decided and, if need be, appealed, as contemplated by the FAA. All while Plaintiffs' identities yet remain shielded from Defendants and their counsel.

***Discussion.*** The Court should enlarge the briefing schedule set for Defendants' motion to compel arbitration to allow Defendants time within which to develop the facts required to meet their burden of proof. Defendants anticipate that, if the Court orders Plaintiffs to respond to the two interrogatories attached to this letter by Wednesday, September 11, 2019, Defendants will be in a position to file their motion on or before September 26, 2019, provided ACN possesses the documents in question and is willing to produce them to Defendants expeditiously.

Although district courts have "wide latitude to determine the scope of discovery," a "party must be afforded a meaningful opportunity to establish the facts necessary to support his claim." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). Accordingly, a district court abuses its discretion where "'discovery is so limited as to affect a party's substantial rights.'" *Id.* (quoting *Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985)). The Second Circuit reaffirmed this principle last month in *In re 650 Fifth Avenue and Related Properties*, No. 17-3258(L), 2019 WL 3756033, at *20 (2d Cir. Aug. 9, 2019), when it found the District Court abused its discretion by rejecting a statute of limitations defense "on a 'hardly developed' record and 'without affording the Claimants any – let alone a full and fair – opportunity to present evidence as to the applicability of the defense.'" *Id.* at *6 (quoting *In re 650 Fifth Avenue and Related Properties*, 830 F.3d 66, 97 (2d Cir. 2016)). The Court reversed and remanded, noting the trial "court offered no compelling reason" why the party from which the defendants had sought discovery "would have been unduly prejudiced or burdened by the delay, if any, of limited discovery" regarding the "potentially dispositive affirmative defense." *Id.*

Further, because an order refusing to stay the action in favor of arbitration may be appealed immediately, the Court should allow Defendants to develop a complete record regarding arbitrability in order to preserve the "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (discussing entry of judgement under Rule 54(b)) (internal quotation marks omitted).

---

[1] Arbitrators are not authorized to "compel pre-hearing document discovery from entities not party to the arbitration proceedings." *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 216-17 (2d Cir. 2008).

Hon. Lorna G. Schofield                                                                                          - 4 -

      For the foregoing reasons, we ask that the Court enter an order providing the relief set forth in the third full paragraph of this letter.

Respectfully submitted,

*Joanna C. Hendon*

Encl.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
JANE DOE, LUKE LOE, RICHARD ROE, and MARY : 
MOE, individually and on behalf of all others similarly :
situated, :
 :
                      *Plaintiffs*, :
 :   No. 1:18-cv-09936 (LGS)
       v. :
 :
THE TRUMP CORPORATION, DONALD J. TRUMP, in :
his personal capacity, DONALD TRUMP, JR., ERIC :
TRUMP, and IVANKA TRUMP, :
 :
                      *Defendants*. :
---------------------------------------------------------------------X

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure and the applicable Local Rules for the Southern District of York, Defendants The Trump Corporation, Donald J. Trump, Donald Trump, Jr., Eric Trump, and Ivanka Trump ("Defendants"), by and through the undersigned counsel, hereby serve the following first set of interrogatories ("Interrogatories") upon Plaintiffs Doe, Loe, Roe, and Moe ("Plaintiffs") to be answered fully and completely, under oath on or before Wednesday, September 11, 2019.

**DEFINITIONS OF TERMS**

Unless otherwise specified, the following definition is applicable to these discovery requests:

1.    "ACN" refers to American Communications Network (referenced in Paragraph 16 of the Amended Complaint), ACN Opportunity, LLC (Referenced in Paragraph 7(A) of the Complaint) and their parents, affiliates or subsidiaries.

2. The terms "Plaintiff," "You," "Your," or "Yourself" shall mean Plaintiffs Jane Doe, Luke Loe, Richard Roe, and Mary Moe and any current or former representative, agent, employee, and/or attorney.

## INTERROGATORIES

1. State Your name, date of birth, and Social Security Number.

2. To the extent You identified Yourself to ACN by providing a name, date of birth, or Social Security Number that is (or are) different than those provided in response to Interrogatory 1, provide that name, date of birth, or Social Security Number.

Dated:  September 6, 2019

By: /s/ Joanna C. Hendon
Joanna C. Hendon
Cynthia Chen
Andrew L. Kincaid
SPEARS & IMES LLP
51 Madison Avenue
New York, NY 10010
212-213-6996
jhendon@spearsimes.com
cchen@spearsimes.com
akincaid@spearsimes.com

*Counsel for Defendants*