**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

September 8, 2019

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Jane Doe, et al.* v. *The Trump Corporation, et al.,* l8-cv-09936 (LGS)

Dear Judge Schofield:

      We write in response to Defendants' September 6, 2019 letter motion, which seeks to relitigate requests that Your Honor denied in well-reasoned orders issued just one day earlier. Indeed, in requesting an extension of time for their anticipated motion to compel arbitration and expedited discovery relating to that motion, Defendants seek to effectively overturn wholesale the Court's considered rulings with respect to case management. It is one thing for defense counsel to make a record of their position at a conference, but it is quite another to respond to orders they do not like by simply insisting that the Court reverse itself. Defendants' various requests should be denied (again), for the very same reasons that the Court has already rejected them.

      Each of the issues identified in Defendants' letter was extensively briefed prior to the September 5 conference. Specifically, prior to the conference, the Court ordered the parties to submit a joint letter that "address[es] all [] issues (including Defendants' proposed motions to compel arbitration [and] to stay discovery pending such motion)." (Doc. No. 102 at 3.) The parties had a full month to prepare that submission, during which time discovery was stayed (at Defendants' request). Prior to the conference, Defendants also submitted a separate letter addressing their anticipated motion to compel arbitration (Doc. No. 94) as well as a letter proposing staged discovery in connection with that motion (Doc. No. 101). And at the status conference itself, the Court discussed the briefing schedule with which Defendants now take issue. In short, Defendants had an opportunity to be heard at length.

      After hearing from both sides at the conference, the Court entered a case management plan, which generally adopted the discovery deadlines Defendants had proposed. (*Compare* Doc. No. 107, *with* Doc. No. 104.) Although Defendants had proposed that the clock on those periods should begin only after a decision on their anticipated arbitration motion, such a stay requires "good

KAPLAN HECKER & FINK LLP

cause" and a "strong showing" on the merits of the motion. *Telesca* v. *Long Island Hous. P'ship, Inc.*, No. 05 Civ. 5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006). Following briefing and argument at the conference, the Court concluded that no further stay of discovery was warranted (rightly concluding that Defendants could not meet that standard). (Doc. No. 106.)

Defendants, apparently unhappy with these results, have now filed a letter motion requesting an extended briefing schedule on their arbitration motion, one-sided expedited discovery relating to that motion, and a four-week extension of all other discovery deadlines—essentially the same requests Defendants made in at least three letters and in open court. Simply put, Your Honor has already rendered a decision on these issues. On that basis alone, Defendants' letter motion should be denied.

In any event, the approach set forth in the Court's September 5 orders is sound. It charts the reasonable path of assuming that there are valid arbitration agreements between Plaintiffs and ACN and litigating in the first instance whether threshold issues bar Defendants' motion (principally, waiver). *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) ("It is well established that district courts possess the inherent power and responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases." (quotation marks omitted)); *see also Whiting* v. *Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) ("[W]e are very reluctant to interfere with district judges' management of their very busy dockets.").

Defendants complain that the Court's approach might possibly lead to "piecemeal appeals." As an initial matter, it is the height of audacity for Defendants—who spent eight months litigating this case before sharing with the Court and Plaintiffs their previously undisclosed view that they have a supposedly dispositive arbitration motion in their back pocket—to now suddenly claim the mantle of judicial efficiency. But in any event, Defendants' purported concern misunderstands how civil litigation almost always proceeds—namely, with the resolution of threshold issues first and foremost. As this Court has already recognized, Defendants' belated motion to compel arbitration is most likely to be resolved as a threshold matter based on the ground of waiver. That issue does not necessitate any resolution of disputed of issues of fact, as Defendants' unexplained eight-month delay in raising the issue of arbitrability is a matter of public record.

Further, the approach the Court ordered—directing the parties to assume that Plaintiffs signed arbitration agreements with ACN—is also a perfectly sensible way to address threshold legal issues relating to the merits of an assertion of equitable estoppel here. Indeed, courts routinely assume the truth of alleged facts to determine if there are any threshold obstacles to a claim, as the Court just did with respect to Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In the unlikely event that a waiver determination (and/or a legal determination with respect to the merits) were later reversed on appeal, the Court of Appeals could always remand for development of the factual record, as it regularly does. At that point, Defendants could seek whatever discovery they wish in order to make evidentiary submissions. And, of course, Plaintiffs too could seek discovery bearing on whether the facts might support an assertion of equitable estoppel here, including facts about the nature of the relationship between Defendants and ACN, as well as evidence about what Defendants said or caused to be said publicly about that relationship.

KAPLAN HECKER & FINK LLP

3

      In a final effort to support their (re-hashed) argument, Defendants point out that a district court should not limit discovery so "as to affect a party's substantial rights" and that a "party must be afforded a meaningful opportunity to establish the facts necessary to support his claim." (Doc. No. 108 at 3 (quotation marks omitted).)  But the Court's approach of assuming for present purposes that there were valid arbitration agreements—and addressing in the first instance the more prescient threshold obstacles to Defendants' arbitration motion—would in no way affect Defendants' "substantial rights."  To see why, the Court need look no further than the case Defendants singularly rely on: *In re 650 Fifth Ave. and Related Properties*, -- F.3d --, 2019 WL 3756033 (2d Cir. Aug. 9, 2019).  There, claimants contended that an action brought by the government was untimely, and the district court "denied [the] Claimants' attempts to obtain discovery that might show when the Government learned of the Claimants' alleged forfeitable offenses" and then granted summary judgment for the Government on the timeliness issue. *Id.* at *4, *8 (quotation marks omitted). Nothing like that is going on here—the Court has instructed the parties to assume that Plaintiffs have established what their discovery requests are aimed at establishing and has indicated its intention to decide certain issues as a threshold matter.  That is both appropriate in the circumstances and consistent with the typical course of civil litigation.

      In sum, the Court need not delay adjudication of Defendants' motion to compel arbitration because it is likely to fail for threshold reasons that do not require development of the factual record.  Plaintiffs respectfully request that Your Honor deny Defendants' letter motion and proceed in line with its duly entered September 5, 2019 orders.

Respectfully submitted,

Roberta A. Kaplan

cc:    Counsel of Record (by ECF)