UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/09/2019

-------------------------------------------------------------X

JANE DOE, et al., :

                              Plaintiffs,  :        18 Civ. 9936 (LGS)

       -against-                          :

THE TRUMP CORPORATION, et al., :        ORDER

                            Defendants.  :

------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, by order dated September 5, 2019 (the "Order"), following a pre-motion conference, it was ordered that Defendants may file a motion to compel arbitration, subject to the following schedule: Defendants shall file their motion by September 12, 2019; Plaintiffs shall file their opposition by September 19, 2019; and Defendants shall file their reply by September 24, 2019.  The Order further provided that the parties shall assume only for purposes of the motion that Plaintiffs and the putative class members agreed with ACN to arbitrate as provided in the form arbitration agreement referenced at the conference, a copy of which shall be filed with Defendants' motion; and that Plaintiffs in their opposition shall principally address whether Defendants have waived their right to arbitrate, but (amending the Court's statement at the conference) may raise any other argument;

      WHEREAS, on September 6, 2019, Defendants filed a letter requesting an adjustment to the briefing schedule and certain additional relief previously requested prior to the pre-motion conference.  The application for additional relief is construed as a motion for reconsideration under Federal Rule 59(e);

WHEREAS, "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted);

WHEREAS, Defendants do not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice. Defendants argue that that a district court abuses its discretion where "discovery is so limited as to affect a party's substantial rights." *In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir. 2008); *see also In re 650 Fifth Avenue and Related Props.,* No. 17-3258, 2019 WL 3756033, at *20 (2d Cir. Aug. 9, 2019). But the cases cited are inapposite, since the Order permits Defendants to assume for the sake of the motion that Plaintiffs and the putative class members agreed with ACN to arbitrate as provided in the form arbitration agreement referenced at the conference. Rather than denying Defendants the right to bring this motion because discovery was lacking, the Order permits Defendants to bring the motion and assume for purposes of the motion the facts that discovery

2

would have developed.  This case is entirely different from the cases cited, where the disallowed discovery hindered the parties' ability to bring claims or defenses.  Moreover, the cases refer to dispositive motions or defenses, not a motion to compel arbitration.  "A district court has wide latitude to determine the scope of discovery, and we ordinarily defer to the discretion of district courts regarding discovery matters."  *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d at 103; *accord In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) ("[I]n complex cases such as these, we afford district courts particular deference in reviewing a discretionary determination undertaken to manage the litigation before the court.  It is well established that district courts possess the 'inherent power' and responsibility to manage their dockets 'so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).  It is hereby

**ORDERED** that for the reasons above, and as further articulated in Plaintiffs' opposition letter at Docket No. 109, Defendants' motion for reconsideration is DENIED.  It is further

**ORDERED** that the briefing schedule for Defendants' motion to compel arbitration is amended as follows: Defendants shall file their motion by **September 17, 2019**; Plaintiffs shall file their opposition by **September 24, 2019**; and Defendants shall file their reply by **September 27, 2019**.  Discovery will proceed in the ordinary course per the Case Management Plan and Scheduling Order.  The proposed Protective Order will be addressed separately.

The Clerk of Court is respectfully directed to close Docket No. 108.

Dated:  September 9, 2019
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**