UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/10/2019

JANE DOE, LUKE LOE, RICHARD ROE, and MARY MOE, individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

THE TRUMP CORPORATION, DONALD J. TRUMP, in his personal capacity, DONALD TRUMP JR., ERIC TRUMP and IVANKA TRUMP,

*Defendants*.

No. 1:18-cv-09936-LGS

## PROTECTIVE ORDER

LORNA G. SCHOFIELD, United States District Judge:

The Court having found that good cause exists for the issuance of an appropriately tailored protective order, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order—including without limitation the parties to the action; their attorneys, representatives, employees, agents, experts, and consultants, acting as such; all third parties providing discovery in this action; and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

Confidential Identity Information

1. "Confidential Identity Information" is hereby defined as (i) the identities of Plaintiffs Jane Doe, Luke Loe, Richard Roe, and Mary Moe, and (ii) any documents, information, or materials that may reasonably be expected to lead to the identification of those Plaintiffs as the individuals who filed the action.

2. Any person subject to this Order shall not disclose Confidential Identity Information to anyone else except as this Order expressly permits, and shall take all due precautions to prevent the unauthorized or inadvertent disclosure.

Discovery Materials May Be Designated as Confidential and/or Confidential Identity Information

3. A person producing "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) may designate as Confidential any material or portion thereof that contains trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the designating person, be seriously detrimental to the producing person's business or

personal interests. A person producing Discovery Material may designate as Confidential Identity Information any material or portion thereof that, in the good faith opinion of the producing person, meets the definition of Confidential Identity Information in paragraph 1 above.

4. Any person subject to this Order who receives from any other person any Discovery Material that is designated as Confidential or Confidential Identity Information (together, "Protected Material") shall not disclose such Protected Material to anyone else except as expressly permitted hereunder. Protected Material shall be used solely in connection with the litigation of this action and for no other purpose whatsoever, provided that nothing in this Order shall limit disclosure or use by a producing person of its own Protected Material.

5. Where the portion of Discovery Material constituting Protected Material is reasonably separable from the non-Protected Material portion, only the portion constituting Protected Material shall be so designated. Any party that intends to use only non-Protected Material portions of a document containing Protected Material as part of a motion, or at a deposition or trial, may request that the producing party provide a redacted version of that document.

6. With respect to the protected portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate Discovery Material or any portion thereof as "Confidential" or "Confidential Identity Information" by stamping or otherwise clearly marking as "Confidential" or "Confidential Identity Information," respectively, the protected document or portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential and/or Confidential Identity Information either on the record during the deposition or in writing within five business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and bear the notation "Confidential Information Governed by Protective Order," "Confidential Identity Information Governed by Protective Order," or "Confidential Information and Confidential Identity Information Governed by Protective Order."

7. If at any time prior to the trial of this action, a producing person believes in good faith that Discovery Material or a portion thereof that that person previously produced without limitation should be designated as "Confidential" and/or "Confidential Identity Information," the producing person may so designate that material or portion by promptly notifying all parties in writing. Such designated Discovery Material will thereafter be treated as Confidential and/or Confidential Identity Information under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the appropriate designation within two business days of providing such notice.

8. Any party may designate, as Confidential or Confidential Identity Information, Discovery Material produced by another party without such a designation, provided that such Discovery Material contains the designating party's own Confidential or Confidential Identity Information. Such designation shall be accomplished by providing written notice to all receiving parties identifying the Discovery Material whose designation is be affected. In addition, the designating party shall provide all receiving parties with replacement versions of such Discovery Material that reflect the new designation.

Who May Receive Protected Material

9. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    a. the parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant employed by such counsel to work on this action, and in-house counsel for the Trump Corporation;

    c. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person, other than those persons set forth in subparagraphs 9(a) and (c), has first executed a Non- Disclosure Agreement in the form annexed hereto;

    e. any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto, and further provided that any such support staff are subject to contractual or professional duties of confidentiality with respect to such material;

    f. stenographers and video technicians engaged to transcribe or record depositions conducted in this action, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material;

    g. independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material;

    h. the Court and its staff;

    i. any mediators engaged by the parties; and

    j. any other person whom the producing person, or other person designating the Discovery Material as Confidential, agrees in writing may have access to such Confidential Discovery Material.

10. No person subject to this Order, other than the Plaintiff whose identity is being protected, shall disclose any Confidential Identity Information to any other person whomsoever, except to:

    a. any person referred to in subparagraphs 9 (a), (b), (e), (f), (g), (h), and (i) above;

    b. any non-party witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, and who counsel for a party in good faith believes needs access to Confidential Identity Information in order to provide relevant testimony, provided such person has first executed a Non- Disclosure Agreement in the form annexed hereto;

    c. any non-party recipient of a subpoena issued pursuant Federal Rule of Civil Procedure 45 who counsel for a party in good faith believes needs access to Confidential Identity Information in order to provide relevant documents or testimony, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    d. any other person who the Plaintiff whose identity is being protected agrees in writing may have access to such Confidential Identity Information, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto.

11. Prior to the disclosure of any Confidential Discovery Material or Confidential Identity Information to any person referred to in subparagraphs (9)(d) and (e), and 10(b), (c), and (d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. To the extent that any such person refuses to sign the Non-Disclosure Agreement, a party may seek proper recourse including, but not limited to, an order directing that such person is subject to the terms set forth herein. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, upon request, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, or analyses of Protected Material for use in connection with this action, and such working copies, abstracts, digests, and analyses of Protected Material shall be deemed to have the same level of protection as such Protected Materials has under this Order.

13. In the event any person having possession, custody, or control of any Protected Material produced in this action receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall promptly notify the attorneys of record of the producing party and furnish those attorneys with a copy of said subpoena or other process or order. Nothing in this Order shall be construed to require the party to whom the subpoena or other process or order is directed to give written notice where prohibited by law.

### No Contact of Plaintiffs by Defendants

14. Under no circumstances shall any Defendant or agent of any Defendant, other than Defendants' counsel of record acting in accordance with applicable rules, contact (or

direct others to contact) any Plaintiff.

Objecting to Designations of Confidential Material

15. Any person who objects to any designation of Confidential Material may at any time prior to trial serve upon the designating person and all other parties a written notice stating the grounds of the objection. The designating person and objecting person shall meet and confer within 7 days of such notice. In absence of an agreement otherwise, the Confidential Material will lose its designation 14 days after the written notice of objection, unless the designating party seeks affirmative relief from the Court, in which case the Confidential Material will retain its designation until the Court resolves the dispute. The designating party shall bear the burden of demonstrating the propriety of its designation.

Filing Protected Material in These Actions

16. If a party wishes to file Confidential Material with the Court, the party shall submit the Confidential Material to the Court in accordance with the procedures for redacted and sealed filings set forth in section I.C.3 of the Court's Individual Rules and Practices in Civil Cases. The party with the interest in confidential treatment bears the burden of persuasion.

17. If a party wishes to file Confidential Identity Information with the Court, the party shall redact all Confidential Identity Information in its public filing, and shall file an unredacted copy in accordance with section I.C.3. of the Court's Individual Rules and Practices in Civil Cases. Given the Court's prior orders permitting Plaintiffs to proceed under pseudonyms, a party need not seek leave from the Court in order to file Confidential Identity Information in redacted form.

18. Plaintiffs should be referred to by their respective pseudonyms in all court filings, discovery requests, and correspondence between persons permitted to receive Confidential Identity Information under paragraphs 9 and 10 above.

Inadvertent Disclosure of Privileged Materials

19. Pursuant to Rule 502 of the Federal Rules of Evidence, if, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

20. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

21. Within five business days of the notification that such Inadvertently Disclosed Information

has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

22. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request in camera review of the Inadvertently Disclosed Information.

Right to Assert Other Objections

23. This Order shall not prejudice the rights of any party or non-party to this action to: (a) oppose production of any information on the ground of the attorney-client privilege, the attorney work product doctrine, non-responsiveness, or any privilege or immunity recognized by this Court or the courts of the State of New York, nor shall it be deemed a waiver of any objection to such production; (b) object to the production of documents or information it considers to be outside the scope of discovery; or (c) object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order.

Severability and Retention of Jurisdiction

24. The invalidity or unenforceability of any provision of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

25. In the event that the Court determines that Plaintiffs shall not longer be permitted to proceed under pseudonyms, the provisions of this Order relating to Confidential Identity Information will be deemed to no longer apply. Such a determination will not excuse any prior violation of those provision relating to Confidential Identity Information or in any way limit the Court's authority to impose sanctions for such a prior violation.

26. This Court shall retain jurisdiction over all persons subject to this Order for so long as such persons are in possession, custody, or control of Protected Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED without prejudice to Plaintiffs' further application, should the need arise.

Dated: September 10, 2019
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE, LUKE LOE, RICHARD ROE, and MARY MOE, individually and on behalf of all others similarly situated,<br><br>       *Plaintiffs*,<br><br>      *v*.<br><br>THE TRUMP CORPORATION, DONALD J. TRUMP, in his personal capacity,<br>DONALD TRUMP JR., ERIC TRUMP, and IVANKA TRUMP,<br><br>       *Defendants*. | No. 1:18-cv-09936-LGS |

## **NON-DISCLOSURE AGREEMENT**

  I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Confidential Discovery Material and Confidential Identity Information (together, "Protected Material"). I agree that (1) I will hold in confidence all Protected Material to the extent required by the Protective Order and agree to be bound by the terms of that Order; (2) I will use such Protected Material only for purposes of this litigation and for no other purpose whatsoever; and (3) I will take all due precautions to prevent the unauthorized or inadvertent disclosure of such Protected Material.

  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated:

                _____
                      [Signature]