**SPEARS & IMES** LLP

51 Madison Avenue
New York, NY 10010
tel  212-213-6996
fax 212-213-0849

Joanna C. Hendon
tel 212-213-6553
jhendon@spearsimes.com

September 17, 2019

<u>**Via ECF**</u>

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

      Defendants write respectfully to request that the Court direct Plaintiffs to file to the docket publicly the letter and three exhibits Plaintiffs submitted privately to Chambers by e-mail on Sunday, September 8, 2019 at 8:37 P.M.  On September 11, Defendants requested Plaintiffs submit this material to the public docket, in accordance with the Court's rules.  On September 12, Plaintiffs advised us that they disagree with our reading of the applicable rules and declined to do so.

      On September 5, the Court ordered Defendants to "email Chambers a proposed protective order, in Microsoft Word format, with the terms previously submitted to the Court and agreed to by Plaintiffs at the pre-motion conference, copying Plaintiffs' counsel on the email."  (ECF No. 106.)  Defendants did so by tendering to Chambers, by e-mail as directed, the protective order that Plaintiffs requested the Court to sign (ECF No. 104, Ex. A), bearing the two edits approved by Plaintiffs in open court on September 5, namely those authorizing defense counsel to share Plaintiffs' identities with in-house counsel for the Trump Corporation and with experts or consultants retained by counsel in this case.[1]  We have no objection to the Court's publicly filing the protective order we submitted to Chambers at the Court's request, on September 6.

      On Sunday, September 8, Plaintiffs submitted to the Court by private e-mail a substantive letter, effectively a motion, requesting that the Court amend the protective order submitted by Defendants to include provisions purporting to limit Defendants' contacts with unrepresented persons in this matter.  Included with their off-the-record application was a redacted copy of the parties' meet and confer, by e-mail, on this point, together with Plaintiffs' proposed new language for the protective order.  On September 10, the Court issued the protective order that will govern this action.  (ECF No. 112.)  That order adopts some, but not all, of the language proposed by Plaintiffs on Sunday night.

---

[1] There is no transcript or tape recording of the September 5 conference.  Defendants sought to order the transcript on that date.  The court reporters informed Defendants that the Court had conducted the conference off the record.

Hon. Lorna G. Schofield                                                                                  - 2 -

      Plaintiffs' off-the-record letter motion and exhibits are not authorized by the Court's Individual Rules and Procedures for Civil Cases, nor by the Court's September 5 order (ECF No. 106).  Pursuant to Section I(B)(1) of the Court's rules, "[l]etters to the Court shall be filed via ECF and should not be sent to Chambers, <u>except</u> letters containing information that should not be in the public file" (emphasis in original).  For the avoidance of doubt, to the extent that Plaintiffs do ask that that certain portions of the material they submitted with their September 8 email be redacted in the docket (as they already have done in Exhibit C to their Sunday night letter), Defendants ask that the Court direct them to follow the procedures for requesting redactions and filing under seal laid out in Section I(C)(3) of the Court's rules.  Those rules require a party seeking to file documents in redacted form or wholly under seal to email Chambers with a letter explaining the reasons for that request, attaching "one full set of the relevant page(s) or document(s) in highlighted form (i.e., with the proposed redactions highlighted)."  To the extent that the Court grants permission for the proposed redactions, the party may then "to the extent permitted by the Court, file the redacted documents on ECF and the full, unredacted documents under seal in accordance with this District's procedures set forth at http://nysd.uscourts.gov/cases _records.php ?records=sealed_records."

                                  Respectfully submitted,

                                  *Joanna C. Hendon/c.c.*

                                  Joanna C. Hendon