# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110

NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL   212.76
DIRECT EMAIL  rkapla

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/18/2019

September 17, 2019

**BY ECF**

It is ORDERED that Plaintiffs shall file the letter and three exhibits that were emailed to Chambers on September 8, 2019, in the form in which they were emailed, by September 19, 2019.  The parties are reminded to follow the Court's Individual Rules and Procedures, and to communicate via ECF and not via e-mail.

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Dated: September 18, 2019
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    *Jane Doe, et al.* v. *The Trump Corporation, et al.,* 18-cv-09936 (LGS)

Dear Judge Schofield:

We write on behalf of Plaintiffs in response to Defendants' letter of this afternoon.

Our response to Defendants' request is set forth in the letter we sent Defendants on September 12, 2019, a copy of which is attached hereto.  As stated in that letter, we will, of course, follow the Court's guidance in this matter.  We do respectfully request that the private medical information relating to Mr. Quinn's family remain redacted.

Respectfully submitted,

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
(212) 763-0883
rkaplan@kaplanhecker.com

# EXHIBIT A

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

September 12, 2019

**BY EMAIL**

Joanna C. Hendon
Spears & Imes LLP
51 Madison Avenue
New York, NY 10010

> Re:    *Jane Doe, et al.* v. *The Trump Corporation, et al.,* 18 cv 9936
> (LGS)

Dear Counsel:

We write in response to your letter of yesterday's date.

The Court asked Defendants to submit their draft protective order to the Court by email (Doc. No. 106), which is what the Defendants did.  Because Defendants emailed their submission to the Court without giving Plaintiffs a meaningful opportunity to review and respond, Plaintiffs were forced to respond to that submission by sending their own draft protective order, along with a letter explaining the difference between the two drafts.  Plaintiffs submitted the parties' prior correspondence on this issue, because in your email dated September 8, 2019, you explicitly requested that we inform the Court of your position.

Plaintiffs do not object to Defendants seeking clarification from the Court as to whether it would like the parties to refile their submissions on the docket.  We are happy to take guidance from the Court and do whatever Judge Schofield wishes in this regard.

Finally, there was nothing inappropriate about the redactions in our correspondence.  We redacted certain limited information that contained "information that should not be in the public file," including "medical" information relating to Mr. Quinn's family.  *See* Rule I(B)(l) of the Court's Individual Rules and Procedures for Civil Cases.  For this reason, we would object to the public disclosure of any of the redacted information, which is completely irrelevant to the

KAPLAN HECKER & FINK LLP

2

protective order, contains personal information about the medical condition of Mr. Quinn's family member, and was not before the Court in any event.

Very truly yours,

Roberta A. Kaplan

cc: Counsel of Record