# EXHIBIT C

From: Joanna C. Hendon <jhendon@spearsimes.com>
Sent: Sunday, September 8, 2019 2:00 PM
To: John Quinn <jquinn@kaplanhecker.com>
Cc: Roberta Kaplan <rkaplan@kaplanhecker.com>; Alexander Rodney <arodney@kaplanhecker.com>; Andrew G. Celli <acelli@ecbalaw.com>; Andrew Wilson <awilson@ecbalaw.com>; Andrew Kincaid <akincaid@spearsimes.com>; Cynthia Chen <cchen@spearsimes.com>
Subject: Re: 1:18-cv-09936, Doe v. Trump, Proposed Protective Order

John,
Defendants' objection stated in my prior email carries the explanation for our rejecting the proposed language. If Plaintiffs have decided between Thursday September 5 (when, under questioning by the Court, they accepted the terms of the protective order we submitted to the Court) and September 7, that they desire additional relief, not raised with us until yesterday, the terms of which restrict the manner in which Defendants, their counsel, and agents of either may interact with *unrepresented persons*, Plaintiffs need to persuade the Court that the Court may grant such relief, by bringing a motion. Barring that, Defendants (and their counsel and agents) intend to defend themselves consistent with the timeworn principles that govern their interactions with represented persons. If you insist on inserting in the protective order language that is superfluous but bars Defendants and their counsel or their agents from contacting *Plaintiffs*, we do not object although, as noted below, we do not believe any of this is appropriate for inclusion in an order designed to limit disclosure of confidential information exchanged in discovery.

Let us know what you decide to do. Thanks.
Joanna

On Sep 8, 2019, at 1:10 PM, John Quinn <jquinn@kaplanhecker.com> wrote:

> Joanna:
>
> We have agreed to carve out counsel of record acting in accordance with applicable rules, and we cannot see any legitimate reason that one of your clients would want to contact the relatives of the plaintiffs directly. Can you explain?
>
> Regards,
> John
>
> From: Joanna C. Hendon <jhendon@spearsimes.com>
> Sent: Sunday, September 8, 2019 12:49 PM
> To: John Quinn <jquinn@kaplanhecker.com>
> Cc: Roberta Kaplan <rkaplan@kaplanhecker.com>; Alexander Rodney <arodney@kaplanhecker.com>; Andrew G. Celli <acelli@ecbalaw.com>; Andrew Wilson <awilson@ecbalaw.com>; Andrew Kincaid <akincaid@spearsimes.com>; Cynthia Chen <cchen@spearsimes.com>
> Subject: RE: 1:18-cv-09936, Doe v. Trump, Proposed Protective Order

John,

We object to this iteration of Plaintiffs' proposed new Paragraph 14 of the protective order, as well.  If Plaintiffs wish to seek an order from the Court limiting Defendants' contact, through their counsel or otherwise, with anyone other than represented persons, this needs to be the subject of proper briefing in the District Court.  Defendants are aware of no authority supporting such a limitation, and Plaintiffs have tendered none to us, as we requested they do on September 7 when Plaintiffs first raised with Defendants the subject of including such language in the protective order.  Defendants further object to Plaintiffs' proposed new Paragraph 14, in toto, as unnecessary and not appropriate for inclusion in a protective order.  Purely for expediency's sake, Defendants are prepared to agree to Plaintiffs' new Paragraph 14 if it strikes the words "or any of Plaintiffs' relatives."

If you chose to include Plaintiffs' second formulation of Plaintiffs' new paragraph 14 in any proposed protective order you submit to the Court, please state Defendants' objection as it appears above, for the Court's benefit and for the record in the event of any appeal.

I am going to be away from my computer for the next few hours.  If you decide to reformulate Paragraph 14 again, please could you paste the new paragraph in an email to me, so that I can read it on my iphone, in addition to attaching a redline to your email?

Thank you.

Joanna

---

**From:** John Quinn <jquinn@kaplanhecker.com>
**Sent:** Sunday, September 8, 2019 12:14 PM
**To:** Joanna C. Hendon <jhendon@spearsimes.com>
**Cc:** Roberta Kaplan <rkaplan@kaplanhecker.com>; Alexander Rodney <arodney@kaplanhecker.com>; Andrew G. Celli <acelli@ecbalaw.com>; Andrew Wilson <awilson@ecbalaw.com>; Andrew Kincaid <akincaid@spearsimes.com>; Cynthia Chen <cchen@spearsimes.com>
**Subject:** RE: 1:18-cv-09936, Doe v. Trump, Proposed Protective Order

Joanna:

We've revised the provision in the attached to accommodate your concern.  Please let us know if this is agreeable to Defendants.

Thanks,
John

---

**From:** Joanna C. Hendon <jhendon@spearsimes.com>
**Sent:** Saturday, September 7, 2019 8:58 PM
**To:** John Quinn <jquinn@kaplanhecker.com>
**Cc:** Roberta Kaplan <rkaplan@kaplanhecker.com>; Alexander Rodney <arodney@kaplanhecker.com>; Andrew G. Celli <acelli@ecbalaw.com>; Andrew Wilson <awilson@ecbalaw.com>; Andrew Kincaid

<akincaid@spearsimes.com>; Cynthia Chen <cchen@spearsimes.com>
**Subject:** FW: 1:18-cv-09936, Doe v. Trump, Proposed Protective Order

John,

I am amending my note to you (below) in one respect. If you do chose to reference Plaintiffs' relatives (or any non-party) in your proposed new paragraph 14 of the protective order, please state our objection, for the Court's benefit and for the record on any appeal, as follows:

"With respect to Defendants' proposed edit to the protective order (new paragraph 14), Defendants object only to the portion of that paragraph that purports to limit counsel's (or Defendants') contact with "any of Plaintiffs' relatives." Rule 4.2 of the New York disciplinary rules bars counsel from contacting or causing others to contact represented persons. Plaintiffs obviously fall within that category, but defense counsel has no information suggesting any of their relatives does. If and when counsel discovers a person with whom it wishes to speak has counsel, counsel will abide by that rule. Looking beyond the disciplinary rule, Defendants are unaware of any authority that would entitle Plaintiffs to limit Defendants and their counsel from contacting persons before learning they are represented. Finally, Defendants believe new paragraph 14 to be unnecessary *in toto* and not appropriate for inclusion in a protective order. Purely for expediency's sake, Defendants are prepared to take the position outlined in this paragraph."

Thank you.

Joanna

---

**From:** Joanna C. Hendon
**Sent:** Saturday, September 7, 2019 5:36 PM
**To:** 'John Quinn' <jquinn@kaplanhecker.com>; Andrew Kincaid <akincaid@spearsimes.com>; Cynthia Chen <cchen@spearsimes.com>
**Cc:** Roberta Kaplan <rkaplan@kaplanhecker.com>; Alexander Rodney <arodney@kaplanhecker.com>; Andrew G. Celli <acelli@ecbalaw.com>; Andrew Wilson <awilson@ecbalaw.com>
**Subject:** RE: 1:18-cv-09936, Doe v. Trump, Proposed Protective Order

John,

I'm surprised you are surprised. We sent the Court yesterday the very protective order Plaintiffs sent the Court on August 29, bearing only the two edits we shared with you six weeks ago (on July 31) and that Robbie approved in open Court on September 5.

With respect to the edits you now propose (new paragraph 14), we object only to the portion that purports to limit our contact with non-parties, that is, with "any of Plaintiffs' relatives." Rule 4.2 of the New York disciplinary rules bars counsel from contacting or causing others to contact represented persons. Plaintiffs obviously fall within that category, but we have no information suggesting any of their relatives does. If and when we discover a person with whom we wish to speak has counsel, we will abide by that rule. Looking beyond the disciplinary rule, I am unaware of <u>any</u> authority that would entitle Plaintiffs to limit Defendants and their counsel from contacting persons before learning they are represented. If you have a case in mind, please send me the citation. If not, please either omit any reference to the relatives, in which case we have no objection to the proposed paragraph, <u>or</u> convey to the Court that Defendants are prepared to

3

accept your new edit as long as it is limited to Plaintiffs and makes no reference to their relatives (or to anyone but Plaintiffs). I should add, we believe new paragraph 14 to be unnecessary, in toto, and probably not appropriate for inclusion in a protective order. Purely for expediency's sake, we are prepared to take the position outlined in this paragraph.



Finally, we have differing opinions, understandably, about the urgency of Defendants' application. I understand your position and I expect you, mine.

Joanna

---

From: John Quinn <jquinn@kaplanhecker.com>
Sent: Saturday, September 7, 2019 4:05 PM
To: Joanna C. Hendon <jhendon@spearsimes.com>; Andrew Kincaid <akincaid@spearsimes.com>; Cynthia Chen <cchen@spearsimes.com>
Cc: Roberta Kaplan <rkaplan@kaplanhecker.com>; Alexander Rodney <arodney@kaplanhecker.com>; Andrew G. Celli <acelli@ecbalaw.com>; Andrew Wilson <awilson@ecbalaw.com>
Subject: FW: 1:18-cv-09936, Doe v. Trump, Proposed Protective Order

Joanna:



Turning to the substance, as we indicated at the conference, we are open to a protective order that would permit Defendants themselves to have access to Plaintiffs' confidential identity information. But as we've also made clear all along, our clients are very concerned about misuse of their identity information, which could lead to all manner of harassment and abuse. Your demand for immediate production of their social security numbers only heightens those concerns. Our discussions with our clients are ongoing, but one additional provision we'd like to include in the protective order is a clear prohibition on direct contact with the plaintiffs. Attached is a draft including such a provision. In light of your submission last night, we are compelled by the circumstances to submit this to the Court before Monday morning, so we intend to submit this by email tomorrow afternoon. If you are able to review

and get back to us with your position by then, we'd be happy to note your position in our email to the Court.

We will respond to the other proposals set forth in your letter with our own submission on Monday. It is fair to say we do not agree to your wholesale rejection of the Court's considered approach to these issues.

-John

**John Quinn | Kaplan Hecker & Fink LLP**
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 212.763.0886 | (M) 610.952.4726
jquinn@kaplanhecker.com

---

**From:** Andrew Kincaid <akincaid@spearsimes.com>
**Sent:** Friday, September 6, 2019 8:21 PM
**To:** Schofield_NYSDChambers@nysd.uscourts.gov
**Cc:** Alexander Rodney <arodney@kaplanhecker.com>; acelli@ecbalaw.com; dberman@ecbalaw.com; Emily Cole <ecole@kaplanhecker.com>; John Quinn <jquinn@kaplanhecker.com>; Joshua Matz <jmatz@kaplanhecker.com>; krosenfeld@ecbalaw.com; Matthew Craig <mcraig@kaplanhecker.com>; awilson@ecbalaw.com; Roberta Kaplan <rkaplan@kaplanhecker.com>; Joanna C. Hendon <jhendon@spearsimes.com>; Cynthia Chen <cchen@spearsimes.com>
**Subject:** 1:18-cv-09936, Doe v. Trump, Proposed Protective Order

Dear Judge Schofield,

Pursuant to the Court's Order of September 5, 2019 [ECF No. 106] please find attached a proposed Protective Order referenced at page 1 of ECF 108, filed today.


Best regards,
_____
Andrew L. Kincaid
Spears & Imes LLP
51 Madison Avenue
New York, NY 10010
Direct: (212) 897-4489
Fax: (212) 213-0849
akincaid@spearsimes.com

---

The information (including any attachments) contained in this electronic message is confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (212) 213-6996.

The information contained in this electronic mail message is privileged and confidential and is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. The sender of this electronic mail

message intends to preserve the confidentiality of the enclosed information and does not waive any applicable privilege or protection from disclosure. Thank you.

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

The information (including any attachments) contained in this electronic message is confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (212) 213-6996.

The information contained in this electronic mail message is privileged and confidential and is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. The sender of this electronic mail message intends to preserve the confidentiality of the enclosed information and does not waive any applicable privilege or protection from disclosure. Thank you.

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

The information (including any attachments) contained in this electronic message is confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (212) 213-6996.

The information contained in this electronic mail message is privileged and confidential and is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. The sender of this electronic mail message intends to preserve the confidentiality of the enclosed information and does not waive any applicable privilege or protection from disclosure. Thank you.

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

The information (including any attachments) contained in this electronic message is confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (212) 213-6996.

The information contained in this electronic mail message is privileged and confidential and is or may be protected by the

attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. The sender of this electronic mail message intends to preserve the confidentiality of the enclosed information and does not waive any applicable privilege or protection from disclosure. Thank you.