October 28, 2019

**VIA ECF**
The Honorable Lorna G Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

    *Jane Doe, et al.* v. *Trump Corp., et al.*, 1:18-cv-9936 (LGS)

Dear Judge Schofield:

    Pursuant to the Court's September 5, 2019 Civil Case Management Plan and Scheduling Order (Doc. No. 110 (the "Scheduling Order")), the parties write to update the Court on the status of the above-captioned action.

### I.    DISCOVERY

#### A.  Discovery by Plaintiffs

1. *Discovery Served on Defendants*

    Plaintiffs have served various discovery requests on Defendants. On December 3, 2018, Plaintiffs initially served their First Set of Requests for the Production of Documents addressed to all Defendants prior to the first stay of discovery, which the Court entered on December 20, 2018. (Doc. No. 54). On July 30, 2019, following the Court's resolution of the motion to dismiss (Doc. No. 97), Plaintiffs served their Second Set of Requests for the Production of Documents and their First Set of Interrogatories, both of which were addressed to Defendant the Trump Corporation, prior to the second stay of discovery on August 1, 2019. (Doc. No. 102). Following the parties' conference with the Court on September 5, 2019, after which the discovery stay was lifted (Doc. No. 106), Plaintiffs served each of those discovery requests on Defendants again. Pursuant to the Scheduling Order, Responses and Objections are due on November 26, 2019. (Doc. No. 110).

2. *Discovery Served on Nonparties*

    Between January and February 2019, Plaintiffs served subpoenas for the purposes of preservation on various nonparties while discovery was stayed, as permitted by the Court's December 12, 2018 Order (*see infra* Doc. No. 56).

    On September 5 and September 6, 2019, Plaintiff issued subpoenas for documents on various nonparties, including ACN Opportunity, LLC; Allen Weisselberg; Augusta Lee Capital Partners LLC; Bernard Diamond; Brian M. Krass; Cathy Glosser; Daniel Crowley; George A. Sorial; Kathy Kaye Herman; Langtree Capital Partners LLC; Langtree Development Group LLC; Mark Burnett Productions; Metro-Goldwyn-Mayer Studios Inc.; Pasicor LLC; Richard A. Dunn; Richard Boughrum; Richard Steven Parrin; Robert Dodd Haynes; Success Foundation; Success from Home Magazine; Success Magazine; Success Partners Holding Co.;

T International Realty LLC; The Curetivity Foundation; TNGC Charlotte LLC; Trump National Golf Club LLC; Trump Productions LLC; West Catawba Avenue LLC; and Xoom Energy LLC.

Plaintiffs are engaged in productive discussions regarding the scope of document productions responsive to these subpoenas with various nonparties. And Plaintiffs have begun receiving responses and document productions in response to these subpoenas, as set forth further below:

On September 23, 2019, Ms. Glosser and Mr. Diamond each responded regarding their respective subpoenas. Ms. Kaye Herman made a production of eleven documents on October 2, 2019. On October 10, 2019, Mssrs. Parrin, Dunn, and Crowley, and Xoom Energy each served their respective responses and objections. On October 14, 2019, Xoom Energy made a production of three documents and Mr. Haynes served responses and objections.

On October 4, 2019, ACN served its responses and objections. Plaintiffs responded by letter on October 16, 2019, noting that there were deficiencies in the responses and objections. Plaintiffs have subsequently met and conferred with ACN regarding those deficiencies.

Six of the nonparties that are affiliated with or were previously employed by entities affiliated with Defendants are represented by counsel for Defendants, namely: Mr. Weisselberg, Mr. Sorial, T International Realty LLC, TNGC Charlotte LLC, Trump National Golf Club LLC, and Trump Productions LLC. Plaintiffs offered to meet and confer with counsel concerning the subpoenas addressed to these six nonparties. Counsel for Defendants notified Plaintiffs that they were unavailable to meet and confer on the date proposed by Plaintiffs (October 3), and that they would proceed to serve responses and objections to the six subpoenas as required, by October 4. Plaintiffs take the position that there are deficiencies in the responses and objections served by defense counsel. The parties are scheduled to meet and confer concerning the six subpoenas on October 30, 2019.

### B. Discovery by Defendants

#### 1. *Discovery Served on Plaintiffs*

On September 6, 2019, Defendants served their First Set of Requests for the Production of Documents and their First Set of Interrogatories, each of which was addressed to all Plaintiffs. On September 30, 2019, Defendants served their Second Set of Requests for the Production of Documents addressed to all Plaintiffs. Pursuant to the Scheduling Order, Responses and Objections are due on November 26, 2019. (Doc. No. 110).

#### 2. *Discovery Served on Nonparties*

While Defendants served subpoenas for the purposes of preservation on various third parties, as permitted by the Court's December 12, 2018 Order (Doc. No. 56), Defendants have not served discovery on third parties.

### C. Protective Order and Document-Production Stipulation

On September 10, 2019, the Court entered a protective order. (Doc. No. 112). On October 16, 2019, Plaintiffs shared with Defendants a draft stipulation concerning the production of discovery material for their consideration. Plaintiffs await Defendants' response to that draft.

## II. PROCEDURAL HISTORY

### A. Pleadings

Plaintiffs filed their Complaint in this action on October 29, 2018 (Doc. Nos. 1, 19), which was amended on January 31, 2019 (Doc. No. 77). Defendants filed their Answer on October 22, 2019.[1] (Doc. No. 126).

### B. Previous Motions

On October 29, 2018, Plaintiffs filed a motion for leave to proceed under pseudonyms (Doc. Nos. 3-4), which was granted on December 20, 2018 (Doc. No. 54). Defendants filed a letter motion requesting a pre-motion conference for a proposed motion to stay all discovery pending resolution of Defendants' forthcoming motion to dismiss on December 10, 2018 (Doc. No. 50), which was granted on December 20, 2018 (Doc. No. 54). On December 21, 2018, the Parties submitted a proposed order stating that "notwithstanding the stay of discovery, the parties are permitted to serve subpoenas on non-parties for the purpose of document preservation" (Doc. No. 55), which the Court entered the same day (Doc. No. 56).

On January 14, 2019, Defendants filed a motion to dismiss the complaint (Doc. Nos. 63-66), which was denied as moot on February 4, 2019 (Doc. No. 81). After Plaintiffs filed an amended complaint on January 31, 2019 (Doc. No. 77), Defendants filed a motion to dismiss the amended complaint on February 21, 2019 (Doc. Nos. 83-85). The motion to dismiss was denied in part and granted in part on July 24, 2019. (Doc. No. 97).

On July 29, 2019, Plaintiffs filed a letter motion to adjourn the status conference originally scheduled for August 8, 2019. (Doc. No. 99). On July 30, 2019, the Court adjourned the status conference to September 5, 2019. (Doc. No. 100).

On August 1, 2019, Defendants filed a letter motion to stay discovery (Doc. No. 101), which was granted the same day (Doc. No. 102). And, on September 5, 2019, the Court ordered that the discovery stay was lifted. (Doc. No. 106).

On September 6, 2019, Defendants filed a letter motion requesting an extension of the briefing schedule for Defendants' motion to compel arbitration and certain additional relief, including an extension by four weeks all of the dates contained in the Civil Case Management and Scheduling Order issued by the Court, and certain expedited discovery from Plaintiffs. (Doc. No. 108). On September 9, 2019, the Court denied Defendants' request for a four-week extension of all deadlines, which the Court construed as a motion for reconsideration of its order

---

[1] Plaintiffs respectfully reserve all rights with respect to the sufficiency of Defendants' Answer. *See* Fed. R. Civ. P. 8(b).

denying Defendants' request for a stay, but granted Defendants' request to extend the briefing schedule for Defendants' motion to compel arbitration. (Doc. No. 111).

On September 17, 2019, Plaintiffs filed a letter motion requesting that the Court direct Plaintiffs to file publicly certain documents submitted to Chambers by email. (Doc. No. 115). The Court ordered that Plaintiffs file these materials to the public docket on September 18, 2019. (Doc. No. 117).

### C. Pending Motions

On July 19, 2019, Defendants informed the Court of their view that the claims against them are arbitrable and requested the Court's guidance as to how to proceed regarding a contemplated motion to compel arbitration. (Doc. No. 94). On July 25, 2019, the day after the Court decided the motion to dismiss, it issued an order directing the parties to submit by August 1, 2019, a joint letter proposing, among other things, a briefing schedule for the proposed motion to compel arbitration. (Doc. No. 98). On July 30, 2019, at Plaintiffs' request, the Court entered an order adjourning the August 1, 2019 deadline until August 29, 2019. (Doc. No. 100). On August 29, 2019 the parties filed that submission. (Doc. No. 104). At a conference held on September 5, 2019, the Court directed Defendants to file their motion to compel arbitration on September 12, 2019. In a subsequent order, as noted, *supra* at 3, the Court ordered Defendants to file their motion to compel arbitration by September 17, 2019. (Doc. No. 111).

On September 17, 2019, Defendants filed a motion to compel arbitration (Doc. Nos. 113-14). Plaintiffs filed their opposition on September 24, 2019 (Doc. No. 120), and Defendants filed a reply in further support of their motion on September 27, 2019 (Doc. No. 121). The motion is fully submitted and remains under consideration.

No other motions are currently pending.

### III.  NEXT STATUS LETTER

The parties will submit their next joint status letter on Thursday, December 12, 2019.

Respectfully submitted,

/s/ Roberta A. Kaplan  
Roberta A. Kaplan  
John C. Quinn  
Alexander J. Rodney  

KAPLAN HECKER & FINK LLP  
350 Fifth Avenue, Suite 7110  
New York, New York 10118  
Telephone: (212) 763-0883  
Facsimile: (212) 564-0883  
rkaplan@kaplanhecker.com  
jquinn@kaplanhecker.com  
arodney@kaplanhecker.com  


Andrew G. Celli, Jr.  
Matthew D. Brinckerhoff  
O. Andrew F. Wilson  
Katherine Rosenfeld  
David Berman  

EMERY CELLI BRINCKERHOFF & ABADY LLP  
600 Fifth Avenue at Rockefeller Center  
New York, NY 10020  
Telephone: (212) 763-5000  
acelli@ecbalaw.com  
mbrinckerhoff@ecbalaw.com  
awilson@ecbalaw.com  
krosenfeld@ecbalaw.com  
dberman@ecbalaw.com  


*Attorneys for Plaintiffs*

/s/ Joanna C. Hendon  
Joanna C. Hendon  
Cynthia Chen  
Andrew L. Kincaid  

SPEARS & IMES LLP  
51 Madison Avenue  
New York, New York 10010  
Telephone: (212) 213-6996  
Facsimile: (212) 213-0849  
jhendon@spearsimes.com  
cchen@spearsimes.com  
akincaid@spearsimes.com  

*Attorneys for Defendants*