EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL

December 10, 2019

*Via ECF*

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Doe v. The Trump Corporation, et al.*, No. 18 Civ. 9936

Dear Judge Schofield,

For the Plaintiffs, together with Kaplan Hecker & Fink LLP and pursuant to the Court's Individual Rule III(A), we request a pre-motion conference on December 20, 2019 to compel the production of documents from non-party ACN Opportunity, LLC ("ACN").

Despite several efforts to meet and confer, ACN continues to assert objections to production in response to a subpoena Plaintiffs served on September 6, 2019. Although ACN is not a party, it is in possession of information important to the underlying fraud perpetrated by Defendants. Each Plaintiff is a former ACN Independent Business Owner ("IBO") and each cause of action in Plaintiffs' Amended Complaint stems from actions Defendants took while endorsing and promoting ACN and its products. Plaintiffs' subpoena contains thirty-two requests for documents concerning ACN's business model; ACN's business relationship with Defendant Donald Trump; the role of Defendant Donald Trump in promoting ACN to current and potential IBOs, including plaintiffs; and marketing materials used by ACN to advertise ACN products to services. Each of Plaintiffs' requests is relevant to their claims and proportional to the needs of this case. The documents sought are all highly relevant to, among other things, Plaintiffs' claims regarding the ACN business opportunity Defendants fraudulently endorsed and promoted, the consideration Defendants received for their fraudulent endorsement and promotion of ACN, and the losses incurred by Plaintiffs and members of the putative classes as ACN IBOs.

The parties exchanged letters and held a meet-and-confer call on October 25, 2019 and were unable to achieve resolution on Plaintiffs' requests. ACN has objected to each of the thirty-two requests: it refuses to produce any documents in response to twenty-two; it has demanded a new protective order before it produces documents in response to the remaining ten. ACN's improper objections fall into six categories: (i) relevance; (ii) assertion of undue burden on a third party; (iii) its demand to await class certification; (iv) its requirement of a new protective

order; (v) its reliance on its arbitration agreements; and (vi) its objections to the time period. None has merit.

**1. Relevance:** ACN resists production on the grounds that the subpoena seeks materials that it deems either irrelevant or uncontested. But the requests seek information directly tied to matters that are alleged in the Amended Complaint and/or denied by the Defendants in their Answer. *See, e.g.* Req. 30, 31 (Defendants misrepresented "the market for ACN's products and services," "made or disseminated a series of knowingly false statements about the retail demand for its product," and falsely stated that "ACN's flagship videophone was doing 'half-a-billion dollars' worth of sales a year'"). Plaintiffs are entitled to all documents on any matter that is relevant to their claims that are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) (holding that the relevance standards of Fed. R. Civ. P. 26(b)(1) apply to discovery sought from non-parties) (citation omitted); *Gilani v. Hewlett Packard Co.*, No 15 Civ. 5609, 2017 WL 4236564 at *1 (S.D.N.Y. Sep. 22, 2017) ("Relevance has been broadly interpreted to include any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case") (internal quotations marks omitted). A third-party witness's bald assertions that documents sought are "irrelevant" to the case are entitled to no weight.

**2. Undue Burden on a Third Party**: Plaintiffs have avoided imposing an undue burden or expense on ACN, as required by Fed. R. Civ. P. 45(d), by requesting only relevant and necessary documents. It is "the responsibility of the *target* of the [non-party] subpoena to establish, with evidence and argument, that the discovery sought is unduly burdensome." *In re Namenda Direct Purchaser Antitrust Litigation*, 15 Civ. 7488, 2017 WL 4700367, at *2 (S.D.N.Y. Oct. 19, 2017) (emphasis added) (citations omitted). ACN's claim, in a boilerplate general objection, that Plaintiffs' subpoena imposes an undue burden on ACN is meaningless, absent a more particularized showing of "the manner and extent of the burden and the probable negative consequences of insisting on its compliance." *In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 522 (S.D.N.Y. 2016). ACN is the best source for these materials—like lists of ACN IBOs who will make up the class, program materials distributed at events ACN hosted, ACN marketing materials referring to Defendants, and documents that show ACN's revenues or losses from sales of ACN products. ACN's "conclusory assertion of burdensomeness is entitled to no weight whatsoever." *Jackson v. Edwards*, No. 99 Civ. 982, 2000 WL 782947, at *3 (S.D.N.Y. Jun. 16, 2000). Documents withheld on this basis should be produced.

**3. Pre-Certification Discovery:** Plaintiffs are entitled to documents relating to the putative class prior to moving for class certification. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. 2016) ("Defendants . . . have made no showing that production would be unduly burdensome and instead argue only that such discovery is inappropriate at this time and that [Plaintiff] will not succeed in achieving class certification. However, the defendants may not refuse to produce discovery relevant to class certification on that basis alone.") (internal quotations omitted); *Jackson v. Bank of America, N.A.,* 16 Civ. 787G, 2018 WL 3386336, at *6 (W.D.N.Y. Jul. 12, 2018) ("Allowing an appropriate amount of discovery prior to an expected [class] certification motion is critical to managing a potential class action.") (citing *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982)). Documents that are being withheld on the grounds that they relate to class issues should be produced.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

**4. The Protective Order:** ACN states it will produce documents responsive to ten requests if Plaintiffs stipulate and agree that nothing in the existing Protective Order or Non-Disclosure Agreement prevents ACN from enforcing its arbitration agreement with its own IBOs, including Plaintiffs. ACN seems bent on assisting Defendants in their efforts to shift this case into arbitration by bootstrapping a discovery issue into a substantive acknowledgement of ACN's alleged arbitration rights. That is not the purpose of a protective order and ACN's insistence on this language serves no valid purpose, especially because Plaintiffs are not asserting any claims against ACN. Moreover, there is no need for a new Protective Order. *See In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d at 522 (denying a motion to quash a subpoena *duces tecum* to the extent that third party's confidentiality objections were addressed by a protective order). This Court's existing Protective order (Dkt. 112) sufficiently protects ACN's confidential materials, if any. ACN has preserved its objections; documents withheld on the grounds of confidentiality need to be produced.

**5. The Arbitration Agreements**: ACN's arbitration agreements with the members of the putative class have no bearing on the scope of discovery here. Plaintiffs are not seeking documents in connection with any dispute with ACN. While ACN has preserved its objections with respect to its arbitration agreements with IBOs, that position does not provide grounds for refusing to produce documents in response to the subpoena. Any Documents that ACN is withholding on the basis of such an objection should be produced. *See, e.g.*, *In re Garlock*, 463 F. Supp. 2d 478, 480 (S.D.N.Y. 2006) (holding that arbitration agreement between plaintiffs and nonparty "plainly has no bearing upon the availability of discovery against . . . non-party witness in an action against another entity."); *Coleman v. Lennar Corp.*, No. 18-MC-20182, 2018 WL 3672251, at *5 (S.D. Fla. June 14, 2018) (granting motion to compel a third party to comply with a subpoena despite arbitration clause as there was no ongoing arbitration).

**6. The Time Period:** Plaintiffs are entitled to discovery into the business relationship between ACN and Defendants, which was first publicly announced in 2005. *See* Amended Class Action Compl. ¶ 86 ("ACN first announced that the Trump Enterprise had agreed to promote and endorse ACN in the Q4 2005 edition of *ACN Newsmagazine* . . . ."). This business relationship continued until at least 2016. *See id.* ¶ 292 ("From 2013 to 2016, ACN Global Reach Charities, Inc. . . . staged annual celebrity golf tournaments that were hosted at [the Trump National Golf Club] Charlotte."). Meanwhile, Plaintiff Richard Roe participated in the ACN business opportunity until 2017. *Id.* ¶ 34. ACN's refusal to produce documents beyond "a four-year period between 2013 and 2016," is not correlated to the allegations in the Amended Complaint.

Respectfully submitted,

/s/

Andrew G. Celli, Jr.

c.   All Counsel of Record (*via* ECF)
     Stephanie E. Niehaus, Esq., Counsel for ACN (*via* Email and U.S. Mail)