# KAPLAN HECKER & FINK LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanhecker.com

Direct Dial: (212) 763-0883
Direct Email: rkaplan@kaplanhecker.com

January 10, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Doe* v. *The Trump Corporation*, No. 18 Civ. 9936

Dear Judge Schofield:

      We write on behalf of Plaintiffs pursuant to the Court's January 7, 2020 Order (Doc. No. 141) to set forth why our discovery dispute with the MGM Entities[1] is properly before this Court.[2]

      As this Court is aware, Plaintiffs anticipate moving to compel the MGM Entities to produce a limited set of video footage responsive to Rule 45 subpoenas. (*See* Doc. No. 129.) Rule 45(d)(2) of the Federal Rules of Civil Procedure provides that "the serving party may move the court for the district where compliance is required for an order compelling production." *See also Iowa Pub. Employees' Ret. Sys.* v. *Merrill Lynch*, No. 17 Civ. 6221, 2019 WL 7283254, at *2 (S.D.N.Y. Dec. 26, 2019). And "[t]he prevailing rule across federal courts is that a subpoena's place of compliance is the district where documents are to be produced." *Collins* v. *Koch Foods, Inc.*, No. MC 119-008, 2019 WL 2520308, at *2 (S.D. Ga. June 18, 2019) (collecting cases); *Agri-Labs Holdings, LLC* v. *TapLogic, LLC*, No. 115-CV-0026, 2015 WL 13655779, at *1 (N.D. Ind. Oct. 20, 2015) ("Most courts look to the subpoena to determine where compliance is required."). Here, because both subpoenas designate New York City as the place of compliance for the production of the documents in question, the dispute is properly before this Court pursuant to Rule 45(d)(2).

      The MGM Entities attempt to resist this straightforward conclusion by asserting that: (1) MGM cannot be compelled to produce the documents because it is not the direct custodian of those documents; and (2) any motion to compel JMBP must be brought in California, where its headquarters are located. Neither argument has merit—and both have been waived.

---

[1] All capitalized terms not otherwise defined herein have the same definition as those set forth in our letter-motion dated December 10, 2019 (Doc. No. 129).

[2] As a threshold matter, the MGM Entities' letter "improperly conflates a jurisdictional analysis with the types of non-jurisdictional objections a party or non-party might have under Rule 45." *Sol* v. *Whiting*, No. CV-10-01061, 2014 WL 12526314, at *2 (D. Ariz. July 22, 2014). "There is ample authority indicating that jurisdictional analysis is inappropriate for analyzing Rule 45, a rule that responds to an entirely different set of concerns—the burden to the witness." *Id.* (alterations and quotation marks omitted). In all events, whether framed in terms of jurisdiction or objections under Rule 45, the conclusion here is the same: this dispute is properly before this Court.

KAPLAN HECKER & FINK LLP                                                    2

*First*, this Court can and should compel MGM to produce the relevant documents pursuant to Rule 45, which provides that a non-party may be required to produce materials in its "possession, custody, or control." *Discover Fin. Servs., Inc.* v. *Visa U.S.A., Inc.*, No. 04 Civ. 7844, 2006 WL 1699566, at *1 (S.D.N.Y. June 20, 2006). Even if JMBP is "the actual custodian [of] all the sought documents" (MGM Letter at 1), "[t]he test for the production of documents is *control*," *Matter of Marc Rich & Co., A.G.*, 707 F.2d 663, 667 (2d Cir. 1983) (emphasis added), and MGM has control over JMBP. Indeed, MGM has *wholly owned* JMBP since January 2016.[3] "Numerous courts have concluded that a parent corporation has a sufficient degree of ownership and control over a wholly-owned subsidiary that it must be deemed to have control over documents located with this subsidiary." *Discover Fin. Servs., Inc.*, 2006 WL 1699566, at *1. This principle applies equally to indirect subsidiaries. *See Twentieth Century Fox Film Corp.* v. *Marvel Enterprises, Inc.*, No. 01 Civ. 3016, 2002 WL 1835439, at *4 (S.D.N.Y. Aug. 8, 2002). "Thus, it is not necessary that the materials sought be in the physical possession of the non-party from whom discovery is sought." *Dietrich* v. *Bauer*, No. 95 CIV. 7051 (RWS), 2000 WL 1171132, at *2 (S.D.N.Y. Aug. 16, 2000), *on reconsideration for clarification only*, 198 F.R.D. 397 (S.D.N.Y. 2001). Because MGM "has a sufficient degree of ownership and control over" JMBP, *Twentieth Century Fox Film Corp.*, 2002 WL 1835439, at *4, Plaintiffs' motion to compel is properly directed at MGM. *See Discover Fin. Servs., Inc.,* 2006 WL 1699566, at *1.

*Second*, as to both MGM Entities, New York is a proper place of compliance. As an initial matter, the MGM Entities have waived any objection to New York as the place of compliance: despite meeting-and-conferring for over three months, sending multiple letters replete with objections, and raising at least twelve specific objections in their Responses and Objections, the MGM Entities never once raised any such objection. *See Concord Boat Corp.* v. *Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections."); *see also In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 90 n.12 (3d Cir. 2002).[4] Moreover, the MGM Entities actually produced documents in New York via e-mail (*see* MGM Letter at 2).

In any event, New York is a proper place of compliance for the MGM Entities under Rule 45(c)(2)(A), which provides that production may be required "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." The MGM Entities suggest that entities "regularly transact business" only where they are headquartered, relying on two non-binding decisions. But that reading of Rule 45(c) has been flatly rejected by this District, where "regularly transact[ing] business" includes maintaining an office in a locality. *Price Waterhouse LLP* v. *First Am. Corp.*, 182 F.R.D. 56, 63 n.5 (S.D.N.Y. 1998); *see also*, *e.g.*, *Amphenol Corp.* v. *Fractus, S.A.*, No. 19 Misc. 160, 2019 WL 2521300, at *7 (S.D.N.Y. June 19,

---

[3] Year End 2016 Financial Report, MGM HOLDINGS INC., https://s3.amazonaws.com/mgm-assets/assets/pdfs/investor-relations/YE%202016%20Financial%20Report.pdf.

[4] Nor can JMBP's boilerplate objection to the subpoena "to the extent that it seeks to impose . . . any obligations inconsistent with or great than those mandated by the Federal Rules of Civil Procedure" preserve the MGM Entities' instant venue argument. *See, e.g.*, *Pegoraro* v. *Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012) ("[B]oilerplate objections . . . are a paradigm of discovery abuse." (alteration in original)).

2019) (distinguishing between "the District in which the entity resides," *i.e.*, the district where it is "headquartered," and where it regularly transacts business, and holding that compliance may properly be required within 100 miles of either).[5]

Here, the MGM Entities do not contest that MGM regularly transacts business within this District.  Nor could they:  MGM's financial reports disclose that it operates at least two offices in New York City,[6] which is sufficient for the regular transaction of business here.  *See Price Waterhouse*, 182 F.R.D. at 63 n.5 ("FBI regularly transacted business in person in the district" where "the FBI[] maintained a field office in the district").  JMBP does not assert it is any different. Certainly, JMBP transacted business extensively in New York during the relevant time period, as it filmed *The Celebrity Apprentice* in New York City.  JMBP has neither claimed, nor offered any reason to believe, that it has ceased such business transaction in New York.  And, as noted, its parent MGM—which has control over those records—regularly transacts business here, providing a sufficient basis to order that the video footage be produced to Plaintiffs.

Even if MGM and JMBP did not regularly transact business in this District (which they do), "[f]ederal courts have universally upheld" document subpoenas in which "the subpoenaed entity" can comply with the subpoena and make documents available while "at all times acting within 100 miles of its office." *Mackey* v. *IDT Energy, Inc.*, No. 19 Misc. 29, 2019 WL 2004280, at *4 (S.D.N.Y. May 7, 2019); *accord CresCom Bank* v. *Terry*, 269 F. Supp. 3d 708, 713 (D.S.C. 2017) (100-mile rule "does not apply" if "the subpoenaed person is not instructed to also appear"). This holding coheres with "the practical reality . . . that documents can be readily copied and shipped across the country via mail, courier, or other means." *Westmore Equities*, 2016 WL 695896, at *2.  And it is consistent with the "purposes of the territorial limitation" in Rule 45— *i.e.*, "to protect [non-parties] . . . from being subjected to excessive discovery burdens."  *In re Application for Order Quashing Deposition Subpoenas, dated July 16, 2002*, No. M8-85, 2002 WL 1870084, at *3 (S.D.N.Y. Aug. 14, 2002).  Here, the vast majority of the documents were produced electronically, no non-party must travel to comply with its production obligations, and Plaintiffs have even offered to cover the costs associated with any further production.  Indeed, Plaintiffs have gone further still by offering to travel to *wherever* the relevant documents may be housed, which Judge Engelmayer recently noted is independently sufficient to "comply with Rule 45(c)."  *Mackey*, 2019 WL 2004280, at *5.

---

[5] Indeed, the majority of courts to consider the issue have likewise rejected the MGM Entities' assertion.  *See, e.g.*, *Trustees of Bos. Univ.* v. *Everlight Elecs. Co.*, No. 12-CV-11935, 2014 WL 12792496, at *3 (D. Mass. Sept. 8, 2014); *Westmore Equities, LLC* v. *Vill. of Coulterville*, No. 3:15-CV-241-MJR-DGW, 2016 WL 695896, at *2 (S.D. Ill. Feb. 22, 2016).  And for good reason:  Rule 45(c)(2)(A) provides that a subpoena may command production within 100 miles of "where the person resides . . . *or* regularly transacts business" (emphasis added).  Because corporate entities already "reside" where they are headquartered, JMBP's reading would render the additional phrase "regularly transacts business" superfluous.  *See United States* v. *Jicarilla Apache Nation*, 564 U.S. 162, 185 (2011) (Courts "are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law.").

[6] 2018 Financial Report, MGM HOLDINGS INC., https://s3.amazonaws.com/mgm-assets/assets/pdfs/investor-relations/YE%202018%20Financial%20Report.pdf.

KAPLAN HECKER & FINK LLP                                                            4

Respectfully submitted,

Roberta A. Kaplan

cc:     Counsel of Record (*via* ECF)
        Counsel for the MGM Entities (*via* ECF and email)