January 27, 2020

VIA ECF

The Honorable Lorna G Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

>  *Jane Doe, et al.* v. *Trump Corp., et al.*, 1:18-cv-9936 (LGS)

Dear Judge Schofield:

Pursuant to the Court's September 5, 2019 Civil Case Management Plan and Scheduling Order (Doc. No. 110 (the "Scheduling Order")), the parties write to update the Court on the status of the above-captioned action since the parties last filed a joint status update letter on December 12, 2019 (Doc. No. 134).

## I.     DISCOVERY

### A.  Discovery by Plaintiffs

1. *Discovery Served on Defendants*

Plaintiffs have served various discovery requests on Defendants.  On December 3, 2018, Plaintiffs initially served their First Set of Requests for the Production of Documents addressed to all Defendants prior to the first stay of discovery, which the Court entered on December 20, 2018. (Doc. No. 54.)  On July 30, 2019, following the Court's resolution of the motion to dismiss (Doc. No. 97), Plaintiffs served their Second Set of Requests for the Production of Documents and their First Set of Interrogatories, both of which were addressed to Defendant The Trump Corporation, prior to the second stay of discovery on August 1, 2019.  (Doc. No. 102.)  Following the parties' conference with the Court on September 5, 2019, after which the discovery stay was lifted (Doc. No. 106), Plaintiffs served each of those discovery requests on Defendants again.

Pursuant to the Scheduling Order, Defendants served their Responses and Objections to these discovery requests on November 26, 2019.  (Doc. No. 110.)  Plaintiffs responded by letter on December 3, 2019, noting their position that there are deficiencies in each of these responses and objections, and asking to meet and confer with Defendants concerning those deficiencies.

The parties met-and-conferred on December 18, 2019.  During that meet-and-confer, Defendants confirmed that they intend to produce certain non-email documents, such as contracts between Donald J. Trump and American Communications Network ("ACN"), and also invited Plaintiffs to propose an initial set of custodians and search terms in connection with their prospective production to be made in January 2020.  Defendants took the position that they would not agree to produce any organizational charts, corporate structure documents, or similar discovery in response to Plaintiffs' Requests, even after Plaintiffs represented that such materials would help Plaintiffs identify and propose appropriate custodians.  Defendants disagreed that such organizational documents would provide relevant information to Plaintiffs.  Defendants further stated that they understand the Court's Individual Rules and Procedures for Civil Cases

("Individual Rules") to limit ESI discovery to a total of ten custodians for all five Defendants, including their employees, former employees, and associated entities that Plaintiffs served with Rule 45 subpoenas.  Defendants also said that, consistent with the Court's Individual Rules, they would agree to search for documents within the date range beginning five years prior to the filing of this action.  Plaintiffs stated their position that the first Plaintiff to join ACN did so in 2013, five years prior to the filing of the initial Complaint.

Plaintiffs followed up by letter on December 20, 2019.  Plaintiffs made clear their disagreement with, and reserved all rights with respect to, Defendants' objections to Plaintiffs' document requests and Defendants' position regarding the Court's Individual Rules.  Among other things, Plaintiffs noted that a five-year limitation on Defendants' search for responsive ESI was inappropriate, as Defendants' relationship with ACN dates back to 2005.  In the interests of making some progress, however, Plaintiffs also proposed an initial set of custodians and search terms.  Defendants confirmed the same day that they would process those searches.  On January 16, 2020, Defendants advised Plaintiffs that in the course of running Plaintiffs' proposed search strings and preparing for a production before the end of January 2020, Defendants had determined that certain search terms returned a large volume of documents.  In this correspondence, Defendants also provided Plaintiffs with a proposed set of search strings to address the large document volume.

On January 17, 2020, Plaintiffs requested that Defendants provide additional information, including a breakdown of the volume of documents returned by the relevant searches by custodian.  Defendants provided this information to Plaintiffs on January 19, 2020.  On January 22, 2020, Plaintiffs proposed a revised set of search terms to Defendants.  Defendants expect to produce documents to Plaintiffs this month.

On January 3, 2020, Plaintiffs served their First Set of Requests for Admission addressed to all Defendants.  On January 24, 2020, Defendants requested an extension to the 30-day response deadline pursuant to Rule 36 of the Federal Rules of Civil Procedure, so that the parties' respective responses to their initial sets of requests for admission would be due on February 12, 2020.  Plaintiffs agreed to Defendants' request on January 27, 2020.

2.  *Discovery Served on Nonparties*

Between January and February 2019, Plaintiffs served subpoenas for the purposes of preservation on various nonparties while discovery was stayed, as permitted by the Court's December 12, 2018 Order (*see infra* Doc. No. 56).

On September 5 and September 6, 2019, Plaintiffs issued subpoenas for documents on various nonparties, including ACN Opportunity, LLC; Allen Weisselberg; Augusta Lee Capital Partners LLC; Bernard Diamond; Brian M. Krass; Cathy Glosser; Daniel Crowley; George A. Sorial; Kathy Kaye Herman; Langtree Capital Partners LLC; Langtree Development Group LLC; Mark Burnett Productions (JMBP, LLC ("JMBP")); Metro-Goldwyn-Mayer Studios Inc. ("MGM" and, together with JMBP, the "MGM Entities"); Pasicor LLC; Richard A. Dunn; Richard Boughrum; Richard Steven Parrin; Robert Dodd Haynes; Success Foundation; Success from Home Magazine; Success Magazine; Success Partners Holding Co.; T International Realty LLC;

The Curetivity Foundation; TNGC Charlotte LLC; Trump National Golf Club LLC; Trump Productions LLC; West Catawba Avenue LLC; and Xoom Energy LLC.

On October 23, 2019, Plaintiffs issued subpoenas for documents on nonparties Jason Greenblatt and Rhona Graff.  On November 1, 2019, Plaintiffs issued a subpoena for documents on nonparty Lynne Patton.  On November 7, 2019, Plaintiffs issued subpoenas for documents on nonparties Anne Archer Butcher and Dolphin Media Group.  Plaintiffs also issued a deposition subpoena on Ms. Butcher on November 15, 2019, and have exchanged correspondence regarding scheduling.  On December 10, 2019, Plaintiffs issued a subpoena for documents on nonparty Comcast Corporation.

Plaintiffs are engaged in productive discussions regarding the scope of document productions responsive to these subpoenas with various nonparties.  And Plaintiffs have begun receiving responses and document productions in response to these subpoenas, as set forth further below:

On September 23, 2019, Ms. Glosser and Mr. Diamond each responded regarding their respective subpoenas.  Ms. Kaye Herman made a production of eleven documents on October 2, 2019.  On October 10, 2019, Mssrs. Parrin, Dunn, and Crowley, and Xoom Energy each served their respective responses and objections.  On October 14, 2019, Xoom Energy made a production of four documents and Mr. Haynes served responses and objections.  Xoom Energy made a further production of 261 documents on November 20, 2019.

On October 25, 2019, MGM and JMBP served their respective responses and objections.  Plaintiffs responded by letter on November 5, 2019, noting that there were deficiencies in the responses and objections, and asking to meet and confer concerning those deficiencies.  JMBP made a production of 1,371 documents the same day, and further productions of one document on December 5, 2019 and two documents on January 17, 2020.  On November 22, 2019, following multiple met-and-confer discussions, counsel for the MGM Entities made clear that they would not produce a limited set of certain video footage requested by Plaintiffs absent an order from this Court.  On December 10, 2019, unable to resolve the dispute with the MGM Entities without the Court's intervention, Plaintiffs filed a letter motion pursuant to Rule III.A of Your Honor's Individual Rules requesting a conference with this Court regarding this discovery dispute and Plaintiffs' anticipated motion to compel the MGM Entities to produce the withheld material pursuant to Federal Rule of Civil Procedure 45(d) (*see infra* II.C ("Pending Motions") at 5).

On October 4, 2019, ACN served its responses and objections.  Plaintiffs responded by letter on October 16, 2019, noting that there were deficiencies in the responses and objections.  Plaintiffs have subsequently met and conferred with ACN regarding those deficiencies on multiple occasions, but ACN has refused to produce a single document.  On December 10, 2019, unable to resolve the dispute with ACN without the Court's intervention, Plaintiffs filed a letter motion pursuant to Rule III.A of Your Honor's Individual Rules requesting a conference with this Court regarding this discovery dispute and Plaintiffs' anticipated motion to compel ACN to produce the withheld material pursuant to Federal Rule of Civil Procedure 45(d) (*see infra* II.C ("Pending Motions") at 5).

On November 20, 2019, Anne Archer Butcher and Dolphin Media Group served their respective responses and objections. Plaintiffs responded by letter on December 9, 2019, noting that there were deficiencies in the responses and objections. Plaintiffs met and conferred with Anne Archer Butcher and Dolphin Media Group on December 12, 2019 and December 19, 2019 to discuss these deficiencies and followed up by letter on January 7, 2020, concerning the scope of their prospective production and providing search terms. Plaintiffs expect to receive a production from Anne Archer Butcher and Dolphin Media Group by the end of the month.

Plaintiffs have met and conferred with counsel for the multiple Success-branded entities, to which Plaintiffs have granted an extension. Plaintiffs received their responses and objections together with an initial production of a single document on January 10, 2020, and a subsequent production of six documents on January 21, 2020.

Nine of the nonparties that are affiliated with or were previously employed by entities affiliated with Defendants are represented by counsel for Defendants, namely: Mr. Weisselberg, Mr. Sorial, T International Realty LLC, TNGC Charlotte LLC, Trump National Golf Club LLC, Trump Productions LLC, Mr. Greenblatt, Ms. Graff, and Ms. Patton. Plaintiffs offered to meet and confer with counsel concerning the subpoenas addressed to these six nonparties. Counsel for Defendants notified Plaintiffs that they were unavailable to meet and confer on the date proposed by Plaintiffs (October 3), and that they would proceed to serve responses and objections to the six subpoenas as required, by October 4. On October 4, 2019, each of Mr. Weisselberg, Mr. Sorial, T International Realty LLC, TNGC Charlotte LLC, Trump National Golf Club LLC, Trump Productions LLC served responses and objections. On November 14, 2019, Ms. Graff and Mr. Greenblatt served their responses and objections. On November 18, 2019, Lynne Patton served her responses and objections. Plaintiffs take the position that there are deficiencies in the responses and objections served by defense counsel. Plaintiffs and counsel for Defendants met and conferred concerning the responses and objections served by the first six of these nonparties on November 4, 2019. Counsel for Defendants have taken the position, in part, that these nonparties should be treated as party custodians for the purposes of discovery, and that Plaintiffs should negotiate discovery to be sought from them as part of Plaintiffs' meet-and-confer with Defendants concerning party discovery. As set forth above, the parties have since met and conferred concerning these issues (*see supra* Section I.A.1).

## B. Discovery by Defendants

### 1. *Discovery Served on Plaintiffs*

On September 6, 2019, Defendants served their First Set of Requests for the Production of Documents and their First Set of Interrogatories, each of which was addressed to all Plaintiffs. On September 30, 2019, Defendants served their Second Set of Requests for the Production of Documents and their Second Set of Interrogatories addressed to all Plaintiffs. On November 5, 2019, Defendants served their Third Set of Requests for the Production of Documents addressed to all Plaintiffs. Pursuant to the Scheduling Order, Plaintiffs served Responses and Objections to each of these discovery requests on November 26, 2019. (Doc. No. 110.) Plaintiffs also made a production in response to Defendants' Third Set of Requests for Production of Documents the

same day, and supplemental productions on December 5, 2019, January 13, 2020, and January 21, 2020.  On December 11, 2019, Plaintiffs made a production in response to Defendants' First and Second Set of Requests for Production of Documents.

On January 16, 2020 and during the December 18, 2019 meet-and-confer, Defendants requested a meet-and-confer discussion regarding Plaintiffs' responses to Defendants' document requests and interrogatories.  The parties anticipate discussing Plaintiffs' responses this week.

On January 3, 2020, Defendants served their First Set of Requests for Admission, addressed to all Plaintiffs.  As set forth above, on January 24, 2020, Defendants requested an extension to the 30-day response deadline pursuant to Rule 36 of the Federal Rules of Civil Procedure, so that the parties' respective responses to their initial sets of requests for admission would be due on February 12, 2020 (*see supra* Section I.A.1).  Plaintiffs agreed to Defendants' request on January 27, 2020.

### 2.   *Discovery Served on Nonparties*

Defendants served subpoenas for the purposes of preservation on various third parties, as permitted by the Court's December 12, 2018 Order (Doc. No. 56).  On November 15, 2019, Defendants issued a subpoena for documents on nonparty Anne Archer Butcher (one week after Plaintiffs had done so).  Ms. Butcher served her responses and objections on November 20, 2019.

### C.  Protective Order and Document-Production Stipulation

On September 10, 2019, the Court entered a protective order.  (Doc. No. 112.)  On October 16, 2019, Plaintiffs shared with Defendants a draft stipulation concerning the production of discovery material for their consideration, which Plaintiffs re-sent to Defendants as an exhibit to Plaintiffs' letter in response to Defendants' responses and objections on December 3, 2019.  Plaintiffs await Defendants' response to that draft.

## II.   PROCEDURAL HISTORY

### A.  Pleadings

Plaintiffs filed their Complaint in this action on October 29, 2018 (Doc. Nos. 1, 19), which was amended on January 31, 2019 (Doc. No. 77).  Defendants filed their Answer on October 22, 2019.[1]  (Doc. No. 126).

### B.  Previous Motions

On October 29, 2018, Plaintiffs filed a motion for leave to proceed under pseudonyms (Doc. Nos. 3-4), which was granted on December 20, 2018 (Doc. No. 54).  Defendants filed a letter motion requesting a pre-motion conference for a proposed motion to stay all discovery pending resolution of Defendants' forthcoming motion to dismiss on December 10, 2018 (Doc. No. 50), which was granted on December 20, 2018 (Doc. No. 54).  On December 21, 2018, the Parties submitted a proposed order stating that "notwithstanding the stay of discovery, the

---

[1] Plaintiffs respectfully reserve all rights with respect to the sufficiency of Defendants' Answer.
*See* Fed. R. Civ. P. 8(b).

parties are permitted to serve subpoenas on non-parties for the purpose of document preservation" (Doc. No. 55), which the Court entered the same day (Doc. No. 56).

On January 14, 2019, Defendants filed a motion to dismiss the complaint (Doc. Nos. 63-66), which was denied as moot on February 4, 2019 (Doc. No. 81). After Plaintiffs filed an amended complaint on January 31, 2019 (Doc. No. 77), Defendants filed a motion to dismiss the amended complaint on February 21, 2019 (Doc. Nos. 83-85). The motion to dismiss was denied in part and granted in part on July 24, 2019. (Doc. No. 97).

On July 29, 2019, Plaintiffs filed a letter motion to adjourn the status conference originally scheduled for August 8, 2019. (Doc. No. 99). On July 30, 2019, the Court adjourned the status conference to September 5, 2019. (Doc. No. 100).

On August 1, 2019, Defendants filed a letter motion to stay discovery (Doc. No. 101), which was granted the same day (Doc. No. 102). And, on September 5, 2019, the Court ordered that the discovery stay was lifted. (Doc. No. 106).

On September 6, 2019, Defendants filed a letter motion requesting an extension of the briefing schedule for Defendants' motion to compel arbitration and certain additional relief, including an extension by four weeks all of the dates contained in the Civil Case Management and Scheduling Order issued by the Court, and certain expedited discovery from Plaintiffs. (Doc. No. 108). On September 9, 2019, the Court denied Defendants' request for a four-week extension of all deadlines, which the Court construed as a motion for reconsideration of its order denying Defendants' request for a stay, but granted Defendants' request to extend the briefing schedule for Defendants' motion to compel arbitration. (Doc. No. 111).

On September 17, 2019, Plaintiffs filed a letter motion requesting that the Court direct Plaintiffs to file publicly certain documents submitted to Chambers by email. (Doc. No. 115). The Court ordered that Plaintiffs file these materials to the public docket on September 18, 2019. (Doc. No. 117).

## C. Pending Motions

On July 19, 2019, Defendants informed the Court of their view that the claims against them are arbitrable and requested the Court's guidance as to how to proceed regarding a contemplated motion to compel arbitration. (Doc. No. 94). On July 25, 2019, the day after the Court decided the motion to dismiss, it issued an order directing the parties to submit by August 1, 2019, a joint letter proposing, among other things, a briefing schedule for the proposed motion to compel arbitration. (Doc. No. 98). On July 30, 2019, at Plaintiffs' request, the Court entered an order adjourning the August 1, 2019 deadline until August 29, 2019. (Doc. No. 100). On August 29, 2019 the parties filed that submission. (Doc. No. 104). At a conference held on September 5, 2019, the Court directed Defendants to file their motion to compel arbitration on September 12, 2019. In a subsequent order, as noted, *supra* at 3, the Court ordered Defendants to file their motion to compel arbitration by September 17, 2019. (Doc. No. 111).

On September 17, 2019, Defendants filed a motion to compel arbitration (Doc. Nos. 113-14). Plaintiffs filed their opposition on September 24, 2019 (Doc. No. 120), and

Defendants filed a reply in further support of their motion on September 27, 2019 (Doc. No. 121). The motion is fully submitted and remains under consideration.

On December 10, 2019, Plaintiffs filed letter motions pursuant to Rule III.A of Your Honor's Individual Rules requesting a conference with this Court regarding discovery disputes with the MGM Entities and ACN, respectively, and Plaintiffs' anticipated motion to compel each of those entities to produce certain withheld material pursuant to Federal Rule of Civil Procedure 45(d) (*see supra* I.A.2 (Discovery Served on Nonparties by Plaintiffs) at 3). (Doc. Nos. 129, 131). On December 11, 2019, in response to Plaintiffs' letter motions concerning third parties MGM and ACN, Defendants filed a letter objecting to Plaintiffs' efforts to enforce subpoenas addressed to third parties while Defendants' motion to compel arbitration is pending, because such discovery would be unavailable to Plaintiffs in arbitration. (Doc. No. 133).

Both the MGM Entities and ACN submitted their respective letters in response to Plaintiffs' letter motions on January 6, 2020 pursuant to the Court's Orders dated December 16, 2019 (Doc. Nos. 135, 136).

On January 10, 2020, Plaintiffs filed a letter providing support for their position that their discovery dispute with the MGM Entities is properly before this Court (Doc. No. 144) pursuant to the Court's Order dated January 7, 2020 (Doc. No. 141). On January 23, 2020, the Court entered an Order granting leave for Plaintiffs to file a motion to compel the MGM Entities and setting a briefing schedule for that motion. (Doc. No. 146.) Plaintiffs' motion to compel is due on February 7, 2020.

On January 13, 2020, Plaintiffs met and conferred with ACN concerning the scope of ACN's production pursuant to the Court's Order dated January 7, 2020 (Doc. No. 142). While Plaintiffs set forth a proposal for the scope of ACN's prospective production consistent with the Court's Order, ACN continued to advance a threshold objection to the form of the Court's Protective Order (Doc. No. 112) that foreclosed the possibility of ACN's making any production at all. Plaintiffs followed up by letter on January 22, 2020, noting that ACN's position is inconsistent with the Court's Order (Doc. No. 142) and further reiterating their willingness to work with ACN to facilitate prompt and reasonable production of materials. To date, Plaintiffs have yet to receive a satisfactory response from ACN and anticipate that it will be necessary to file a motion to compel before January 31, 2020 pursuant to the Court's Order (Doc. No. 142).

No other motions are pending.

## III.   NEXT STATUS LETTER

The parties will submit their next joint status letter on Wednesday, March 12, 2020.

Respectfully submitted,

/s/ Roberta A. Kaplan

Roberta A. Kaplan
John C. Quinn
Alexander J. Rodney

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
rkaplan@kaplanhecker.com
jquinn@kaplanhecker.com
arodney@kaplanhecker.com


Andrew G. Celli, Jr.
Matthew D. Brinckerhoff
O. Andrew F. Wilson
Katherine Rosenfeld
David Berman
Nick Bourland


EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue at Rockefeller Center
New York, NY 10020
Telephone: (212) 763-5000
acelli@ecbalaw.com
mbrinckerhoff@ecbalaw.com
awilson@ecbalaw.com
krosenfeld@ecbalaw.com
dberman@ecbalaw.com
nbourland@ecbalaw.com


*Attorneys for Plaintiffs*

/s/ Joanna C. Hendon

Joanna C. Hendon
Cynthia Chen
Andrew L. Kincaid

SPEARS & IMES LLP
51 Madison Avenue
New York, New York 10010
Telephone: (212) 213-6996
Facsimile: (212) 213-0849
jhendon@spearsimes.com
cchen@spearsimes.com
akincaid@spearsimes.com


*Attorneys for Defendants*