# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Jane Doe, et al. *Plaintiff* <br> v. <br> The Trump Corporation, et al. *Defendant* | ) ) ) ) ) ) Civil Action No. 1:18-cv-09936 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: ACN Opportunity, LLC
1000 Concord Place, Concord, North Carolina 28028
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: Roberta Kaplan, Kaplan Hecker & Fink LLP <br> 350 Fifth Ave., Suite 7110, New York, New York 10118 <br> rkaplan@kaplanhecker.com | Date and Time: <br> 09/20/2019 12:00 pm EST |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/06/2019

*CLERK OF COURT*

_____   OR   *Robbie* (signature)
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS

1. <u>ACN</u>:  The terms "ACN" or "you" mean ACN Opportunity, LLC and any related entities of ACN Opportunity, LLC, including all predecessors; successors; divisions; subsidiaries; parents; assigns; partners; members; and affiliates, foreign or domestic; each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them; and any others acting or purporting to act on their behalf for any reason; and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.  This includes, without limitation, Greg Provenzano, Mike Cupisz, Robert Stevanovski, David Stevanovski, Tony Cupisz and Marty Hale.

2. <u>Agreement</u>:  The term "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

3. <u>Communication</u>:  The term "Communication" means any correspondence, discussion, or transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. <u>Complaint</u>:  The term "Complaint" means the complaint in *Jane Doe, et al. v. The Trump Corporation, et al.*, Case No. 18-cv-09936-LGS (S.D.N.Y. 2018).

5. <u>Concerning</u>:  The term "Concerning" means, in addition to its customary and usual meaning, relating to, pertaining to, regarding, referring to, alluding to, discussing, describing, evidencing, identifying, in connection with, involving, setting forth, stating, showing, touching upon, dealing with, bearing upon, in respect of, about, and having anything to do with.

6. <u>Document</u>:  The term "Document" means, without limitation, the following items which are in the possession, custody, or control of ACN, ACN's agents, ACN's representatives and/or ACN's attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements; communications; reports, whether

authored by ACN or third persons; correspondence; telegrams; electronic mail; electronic/cellular messages/texts; memoranda, summaries or records of telephone conversations; summaries or records of in-person conversations or interviews; drawings; sketches; maps; summaries or records of meetings or conferences; summaries of or records of interviews conducted by investigators; electronic or physical calendar entries concerning meetings, conferences, or interviews; summaries or reports of investigations or negotiations; opinions or reports of consultants; photographs; motion picture films; digital or physical audio tape recordings; all material contained in any internal affairs file; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; recordings; any marginal comments appearing on any Document; and all other writings.

7. <u>Independent Business Owner</u>: The term "Independent Business Owner" means any person who paid a fee for the right to sell ACN products in the United States. The term "Independent Business Owners" refers to all such persons.

8. <u>Trump</u>: The term "Trump" or "Defendant" refers to any of Donald J. Trump, Donald Trump, Jr., Ivanka Trump, Eric Trump, The Trump Corporation, or any officer, director, employee, agent, or representative of the Trump Corporation either individually or in any combination.

9. <u>Trump Entities</u>: The term "Trump Entities" means any entity that is or was owned and/or controlled by one or more of the Defendants, including but not limited to the following corporations:

    a.   The Trump Corporation;

    b.   Trump Productions, LLC;

    c.   T International Realty, LLC;

    d.   Trump National Golf Club, LLC;

  e. TNGC Charlotte, LLC;

  f. The Donald J Trump Revocable Trust;

  g. DJT Holdings LLC;

  h. DJT Holdings Managing Member LLC;

  i. Trump Organization LLC (d/b/a The Trump Organization);

  j. The Trump Organization, Inc.;

  k. Trump Productions Managing Member, Inc.;

  l. TNGC Charlotte Manager Corp.;

  m. Trump National Golf Club Member Corp.

## INSTRUCTIONS

1. The return date for this subpoena shall be the date on the face of the subpoena. In responding to the requests, you shall furnish all Documents that are available to you, including Documents in your possession, custody, or control, and Documents in the possession, custody, or control of your officers, directors, employees, attorneys, accountants, investigators, experts, representatives or other agents.

2. If any Document responsive to the requests has been lost, destroyed or is otherwise unavailable, describe and identify each such Document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received or viewed the original and all copies, and the date and subject matter, (ii) the last known custodian of the Document, (iii) the incident, event, or occurrence during which such Document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed and (v) your efforts to locate each such Document.

3. We do not expect any of these requests to seek any Documents that could be withheld on the basis of the attorney-client privilege, work product doctrine, or any other right of non-disclosure. To the extent you believe any request does seek a Document that could be so withheld, furnish a list identifying each Document for which the protection is claimed and state the basis for your claim that such Document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such Document, identify (if applicable):

    i. whether the Document contains a request for legal advice and, if so, identify the person who requested the legal advice;

    ii. whether the Document contains legal advice and, if so, identify the attorney who provided the legal advice;

    iii. whether the Document contains legal advice as to the meaning or application of particular laws or rules;

    iv. the nature of the privilege (including work product) that is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

    v. whether, if a Document is withheld on the ground of attorney work product, the Document was prepared in anticipation of litigation and, if so, identify the anticipated litigation(s) upon which the assertion is based;

    vi. any further information to explain or support the claim of privilege and to permit the adjudication of the propriety of that claim;

    vii. the type of Document, e.g. letter or email or memorandum; the date(/s) of the Document; the subject matter of the Document; the name, position, and address

of each person who participated in the Document, to whom the Document was addressed, or to whom the Document or the contents thereof have been communicated by any means; and other information sufficient to identify the Document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of or any other person who viewed the Document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

4. If, in answering these requests, you claim any vagueness, confusion, or ambiguity in either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, rather you shall set forth in a part of your response to such a request the language deemed to be vague or confusing or ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the request.

5. Questions regarding the interpretation of these requests should be resolved in favor of the broadest possible construction.

6. These requests seek production of all Documents, in their entirety, along with any attachments, drafts, and non-identical copies. A Document with handwritten, typewritten, or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions.

7. Responsive Documents should be produced in the manner prescribed by the Federal Rules of Civil Procedure, including producing the requested Documents as they are kept in the

usual course of business or organized and labeled to correspond with the categories in the requests, and identifying the name of the person from whose files the Documents were produced.

8. Wherever possible, all electronic Documents should be produced in their native format and/or as TIFs or PDFs and include all metadata. Pursuant to the Federal Rules of Civil Procedure, Defendant may not convert the data to a form that is more burdensome and/or less searchable. If Defendants convert data to TIFs or PDFs from native format, Defendants must retain all metadata—including but not limited to the OCR database, Document demarcations, the date of the Documents, file name, the author of the Documents, the recipients of the Documents, the type of Documents, etc.—in a usable load file (Concordance preferred with an opticon for images), together with links to text and native formats.

9. Reference to any natural person shall be deemed to include that natural person's agents, servants, representatives, current and former employees, and successors.

10. References to any non-natural person (e.g., corporation, partnership, entity, membership organizations, etc.) shall be deemed to include that non-natural person's predecessors, successors, divisions, subsidiaries, parents, assigns, partners, members, and affiliates, foreign or domestic, each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

11. The singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods;

reference to any gender includes the other gender; the words "any" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possibly the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to." Any ambiguity in a discovery request shall be construed to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

12. If any requested Document or other Document potentially relevant to this action is subject to destruction under any Document retention or destruction program, the Document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

13. If you object to the production of a Document in relation to a specific request, state with particularity the basis for all objections with respect to such request. You should respond to all portions of that request that do not fall within the scope of your objection. If you object to a request on the ground that it is overly broad, provide such Documents that are within the scope of production that you believe is appropriate. If you object to a request on the ground that to provide responsive Documents would constitute an undue burden, provide such responsive Documents as you believe can be supplied without undertaking an undue burden.

14. This request is a continuing one. If, after producing the requested Documents, you obtain or become aware of any further Documents responsive to this request or if additional information you or any persons acting on your behalf obtain would augment, clarify, or otherwise modify your responses, you are required to supplement your responses and produce such additional Documents. Supplemental responses should be served within thirty (30) days after such information or Documents become known to you.

15. Except where otherwise indicated, the period of time covered by this subpoena is from January 1, 2005 to the date the requested Documents are returned.

## DOCUMENTS TO BE PRODUCED

1. All Communications between ACN and Trump.

2. All Documents concerning the allegations made regarding ACN in the Complaint.

3. All agreements between ACN and Trump regarding, concerning, or involving the use of or reference to Trump's name, image, voice, or statements, in connection with ACN.

4. All Documents concerning any approval or consent by any Defendant to the use of Trump's name, likeness, voice, or statements in any materials promoting ACN's business.

5. All Documents used by ACN to promote ACN or its products or business opportunity to prospective and/or existing Independent Business Owners, that use or refer to Trump's name, image, voice, or statements in any way. This includes, but is not limited to, all versions of the "ACN Opportunity Disc" in which Trump appears.

6. Documents sufficient to show the date, time, and location of events sponsored by ACN where ACN distributed or displayed promotional materials using or referring to Trump's name, image, voice, or statements. This includes, but is not limited to, all events described by ACN as "training events" or "international conventions" where such materials were used, displayed, or otherwise made available.

7. All recordings of speeches, remarks, or interviews given by Trump at the following events:

- ACN's International Training Event in Baltimore, Maryland, around September 8–10, 2006;

- ACN's International Convention in Fort Worth, Texas, around February 23–25, 2007;

- ACN's International Training Event in East Rutherford, New Jersey, around June 27–29, 2008;

- ACN's International Training Event in Charlotte, North Carolina, around June 26-28, 2009;

- ACN's International Convention in San Jose, California, around February 19-21, 2010;

- ACN's 2010 International Training Event in Charlotte, North Carolina, around September 10–12, 2010;

- ACN's International Convention in Barcelona, Spain, around March 18–20, 2011;

- ACN's International Training Event in San Jose, California, around June 24-26, 2011;

- ACN's International Convention in Charlotte, North Carolina, around February 17–19, 2012;

- ACN's 20th Anniversary International Training Event in Charlotte, North Carolina, around February 15–18, 2013;

- ACN's International Training Event in San Jose, California, around December 6–8, 2013;

- ACN's Canada International Training Event in Toronto, Ontario, around May 31, 2014;

- ACN's International Convention in Barcelona, Spain, around June 27–29, 2014; and
- ACN's International Convention in Charlotte, North Carolina, around February 13–15, 2015.

8. All program materials distributed, or otherwise made available to attendees at:

- ACN's International Training Event in Baltimore, Maryland, around September 8–10, 2006;
- ACN's International Convention in Fort Worth, Texas, around February 23–25, 2007;
- ACN's International Training Event in East Rutherford, New Jersey, around June 27–29, 2008;
- ACN's International Training Event in Charlotte, North Carolina, around June 26–28, 2009;
- ACN's International Convention in San Jose, California, around February 19-21, 2010;
- ACN's 2010 International Training Event in Charlotte, North Carolina, around September 10–12, 2010;
- ACN's International Convention in Barcelona, Spain, around March 18–20, 2011;
- ACN's International Training Event in San Jose, California, around June 24-26, 2011;
- ACN's International Convention in Charlotte, North Carolina, around February 17–19, 2012;

- ACN's 20th Anniversary International Training Event in Charlotte, North Carolina, around February 15–18, 2013;
- ACN's International Training Event in San Jose, California, around December 6–8, 2013;
- ACN's Canada International Training Event in Toronto, Ontario, around May 31, 2014;
- ACN's International Convention in Barcelona, Spain, around June 27–29, 2014;
- ACN's International Convention in Charlotte, North Carolina, around February 13–15, 2015.

9. All press releases issued by ACN referring to Trump or *The Celebrity Apprentice*.

10. All posts authored by Trump on any online website or blog operated, owned, or controlled by ACN.

11. All posts authored by ACN referring to Trump or *The Celebrity Apprentice* on any online website or blog operated, owned, or controlled by ACN.

12. Copies of all editions of *ACN Newsmagazine* or any other magazine or periodical made or distributed by ACN, including, but not limited to all editions that refer to or display an image of Trump.

13. Copies of all editions of *Success from Home Magazine* that refer to or display an image of Trump.

14. Documents sufficient to show the sale of any of ACN's products to Trump.

15. Documents sufficient to show any investment by Trump in the ACN business opportunity, including but not limited to the purchase of any right to act as an ACN IBO.

16. Documents sufficient to show all payments made by ACN to Trump or the Trump Entities.

17. Documents sufficient to show any and all consideration received by ACN in exchange for all payments made by ACN to Trump or the Trump entities.

18. Documents sufficient to show all payments made by ACN in connection with ACN's March 22, 2009 and March 27, 2011 appearances on the national prime time television show, *The Celebrity Apprentice*.

19. Documents sufficient to show all payments made by ACN in 2013, 2014, and 2015 to Trump, the Trump Entities, or the Eric Trump Foundation in connection with the Annual Golf Invitational & Auction Dinner at Trump International Golf Club in Westchester, New York.

20. Documents sufficient to show all payments made by ACN and/or ACN Global Reach Charities, Inc. in 2013, 2014, 2015 and 2016 to Trump, the Trump Entities, or the Eric Trump Foundation in connection with the golf tournaments that were hosted at the Trump National Golf Club in Mooresville, North Carolina.

21. Documents sufficient to show all payments made by ACN to *Success from Home Magazine*, Success Partners, or the Success Foundation.

22. Documents sufficient to identify all persons and entities who invested in, subscribed to, or made payments to ACN in order to become an Independent Business Owner.

23. Documents sufficient to identify all persons and entities who invested in, subscribed to, or made payments to ACN in order to become an Independent Business Owner and did not recoup those payments in their time as an Independent Business Owner.

24. All policies, manuals, training materials, scripts, brochures, DVDs, promotional magazines, material promoted or referred to by ACN as "Business Tools" and other guidance and

requirements distributed by ACN to Independent Business Owners relating to the sale of ACN's products in the United States.

25. Documents sufficient to show the fee charged by ACN in order for a person to become an Independent Business Owner in the first instance.

26. Documents sufficient to show the annual renewal fee charged by ACN to existing Independent Business Owners in order to continue operating as an Independent Business Owner.

27. Documents sufficient to show the amount of fees charged by ACN to Independent Business owners in order to purchase a ticket to attend all events promoted by ACN as "training events," "international conventions," and all other ticketed events hosted by ACN for prospective or existing Independent Business Owners. This includes, but is not limited to, all such events in California, Pennsylvania, and Maryland.

28. Documents sufficient to show how Independent Business Owners were compensated.

29. Documents sufficient to show the average compensation of an Independent Business Owner at each level of the compensation system during each year during the relevant time frame.

30. All web applications promoted or referred to by ACN as "Your Business Assistant" and sold by ACN to Independent Business Owners.

31. Documents sufficient to show quarterly revenue earned by ACN or quarterly losses incurred by ACN from ACN's sales of the product referred to as the "videophone" in the United States from 2009 to the present.

14

32.     Documents sufficient to show quarterly revenue earned by ACN or quarterly losses incurred by ACN from ACN's sales of each product other than ACN's product referred to as the "videophone" in the United States from 2005 to the present.