# EXHIBIT B

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

JANE DOE, LUKE LOE, RICHARD ROE, : and MARY MOE, individually and on behalf : of all others similarly situated, :
:
*Plaintiffs*, :
:
v. :
:
THE TRUMP CORPORATION, DONALD J. : TRUMP, in his personal capacity, DONALD : TRUMP, JR., ERIC TRUMP, and IVANKA : TRUMP, :
:
*Defendants.* :
;
:
------------------------------------------------------- X

Index No. 1:18-cv-09936 (LGS)

### NON-PARTY ACN OPPORTUNITY, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPEONA *DUCES TECUM*

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Non-Party ACN

Opportunity, LLC ("ACN") objects and responds to Plaintiffs' subpoena *duces tecum* (the

"Subpoena") as follows:

### GENERAL OBJECTIONS

1.      ACN objects to the Subpoena to the extent it implicates or seeks to impair any right

or remedy available to ACN pursuant to its agreements with the named Plaintiffs in this action or

any other Independent Business Owner ("IBO") and/or ACN's applicable policies and procedures,

including but not limited to ACN's right to have all disputes arising out of or related to its IBO

Agreements submitted to mandatory arbitration.  In providing these objections and responses, and

in providing any information in response to the Subpoena, ACN does not waive and expressly

preserves all such rights and remedies.

2.      ACN objects to the Subpoena to the extent any of the definitions, instructions, or document requests set forth therein implicate any disputes against ACN arising out of or in connection with ACN's agreements with the named Plaintiffs in this action or any other IBO, on the basis that any such dispute is subject to mandatory arbitration.  Plaintiffs may not use this action to circumvent the mandatory arbitration provisions of their agreements with ACN.

3.      ACN objects to the Subpoena to the extent it represents an attempted end-run around the limited type and scope of discovery that would be available to Plaintiffs from ACN as either a party or non-party in arbitration, or otherwise purports to invoke a right to discovery that Plaintiffs would not have in arbitration.

4.      ACN objects to the Subpoena to the extent any of the definitions, instructions, or document requests set forth therein are inconsistent with Plaintiffs' acknowledgements and certifications, in their IBO Agreements or otherwise, that no guarantees of income or assurances of profits or success had been made to them in enrolling with ACN as an IBO.

5.      ACN objects to the Subpoena as premature to the extent it seeks discovery during the pendency of Defendants' motion to compel arbitration.

6.      ACN directs Plaintiffs to Federal Rule of Civil Procedure 45(d), which explicitly recognizes that parties responsible for issuance and service of a subpoena have a positive duty to take reasonable steps to avoid imposing an undue burden or expense on non-parties subject to the subpoena.  ACN objects to Plaintiffs' subpoena generally to the extent that it imposes undue burden and expense on ACN, and to the extent that it seeks to impose requirements on ACN that are greater than or inconsistent with the Federal Rules of Civil Procedure or other applicable rules and procedures.

7.      ACN objects to the Subpoena to the extent it purports to require ACN to respond on behalf of any entity or individual other than ACN.  Without limiting the foregoing, ACN specifically objects to Plaintiffs' attempt to define "ACN" to include "any related entities of ACN Opportunity, LLC" and certain identified individuals.  ACN Opportunities, LLC is the entity to which the Subpoena was addressed and is the entity on whose behalf these objections and responses are made.

8.      ACN objects to the Subpoena to the extent it seeks documents and other information that are not within ACN's possession, custody, or control; to the extent such documents and other information do not exist; or to the extent that such documents and other information are available in the public domain and/or obtainable from other sources that are more convenient, less burdensome, or less expensive, including from parties to the underlying litigation.

9.      ACN objects to the Subpoena to the extent it seeks discovery that is accessible through party discovery.  Plaintiffs may not obtain from ACN, a non-party, documents and information that Plaintiffs could, and should, obtain from Defendants, especially in view of the fact that Plaintiffs have not yet sought to obtain and/or compel such discovery from Defendants.

10.     ACN objects to the Subpoena to the extent it purports to seek discovery into the claims of putative class members when Plaintiffs have not yet demonstrated that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and the Court has not granted certification or permitted class-wide discovery.  Plaintiffs are not entitled to pre-certification discovery on the merits of other IBOs claims.  Further, Plaintiffs waived any ability to bring class or other representative actions by executing the IBO Agreements with ACN.

11.     ACN objects to the Subpoena as not reasonably limited in time, to the extent it seeks discovery from ACN for a period spanning over fourteen years (January 1, 2005 to the

present), while Plaintiffs claim to have considered enrolling with ACN and/or to have actually enrolled with ACN at different times during only a four year period between 2013 and 2016 (the "Relevant Period").  ACN will focus its search for responsive information accordingly.

12.     ACN objects to the Subpoena to the extent it purports to require ACN to produce documents that are highly confidential and proprietary, the disclosure of which would cause irreparable injury to ACN, who is not a party to this action.  ACN further objects to the Subpoena to the extent it seeks access to information that may be the subject of confidentiality agreements to which ACN is a party or is otherwise bound.

13.     ACN objects to the Subpoena to the extent compliance with the Subpoena would require ACN to execute the non-disclosure agreement attached to the Protective Order entered in this action at ECF No. 112 (the "Protective Order"), or otherwise subject itself the jurisdiction of the Court for resolution of disputes that are subject to mandatory arbitration.  ACN reserves the right to seek protections for and to designate confidential information as such pursuant to a protective order or confidentiality agreement that is adequately protective of ACN's rights and/or to designate documents as "confidential" and avail itself of the protections conferred by the Protective Order without subjecting itself to the Court's general jurisdiction or otherwise restricting any right or remedy available to it by contract or at law.

14.     ACN objects to the Subpoena to the extent it attempts to discover documents protected by privilege (including, without limitation, the attorney-client privilege, self-critical analysis privilege, common interest privilege, and the attorney-work product doctrine) or otherwise not discoverable under the Federal Rules of Civil Procedure or other rules or state or federal laws.  Any inadvertent production of any such privileged or protected information or documents shall not constitute a waiver of any privilege or protection applicable thereto, or to any

4

related information or documents, and anyone suspecting such an inadvertent production by ACN is hereby requested and directed to immediately (without further review) return or destroy any such document or information, and bring it to the attention of the undersigned counsel.

15.     ACN objects to the Subpoena to the extent it purports to require that ACN do anything other than conduct a reasonably diligent search of the files and electronic records in its possession, custody or control reasonably likely to contain the requested documents.

16.     ACN objects to the Subpoena to the extent that it requires that ACN produce documents prior to establishing agreed or ordered protocols for the review and production of electronically stored information.  ACN will not produce any responsive documents until, and unless, such protocols are established.

17.     ACN objects to the Subpoena to the extent it contains vague, unclear, cumulative or duplicative requests and/or instructs ACN to resolve questions regarding the interpretation of these requests in favor of the broadest possible construction.  ACN further objects to the Subpoena to the extent it makes incorrect or incomplete assumptions of fact, or assumes or implies allegations or elements of Plaintiffs' claims in this action.  ACN's response to the Subpoena is not to be deemed an admission of assent or agreement to any such facts or allegations, or of any liability whatsoever to Plaintiffs.

18.     ACN objects to the Subpoena's definitions of the terms "Agreement," "Communications," "Concerning" and "Document" to the extent such definitions exceed the customary and usual meaning of these terms, and are so far reaching that all requests including any or all of these terms are overbroad and unduly burdensome.

* * *

5

Subject to these qualifications, while reserving all rights, and further subject to and without waiving any objections, including those set forth below, ACN will undertake reasonable efforts to investigate the requests in Plaintiffs' subpoena and will respond in good faith to the requests to which ACN can meaningfully respond, if any, without undue burden and expense, based on the information in its possession, custody, and/or control.  ACN will produce non-privileged, responsive documents to Plaintiffs, if any, on a rolling basis.

ACN's responses are believed to be accurate, based on the information currently available to it.  ACN's responses are provided without waiver of any right to object to any requested discovery, including the right to seek an order quashing any subpoena, a protective order, or any other relief to which ACN's may be entitled in the underlying litigation or in any other action.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1:

**All Communications between ACN and Trump.**

### RESPONSE TO REQUEST NO. 1:

*See* General Objections.  ACN specifically objects to this request because it is impossibly overbroad in scope and time, unparticularized, and not reasonably or proportionally directed to ACN, a non-party in this action.  ACN further objects to this request to the extent it would require ACN to produce confidential or proprietary commercial information that ACN should not be required to disclose.  The information sought by this request can be obtained through less burdensome means, and ACN will not produce documents in response.

**REQUEST NO. 2:**

**All Documents concerning the allegations made regarding ACN in the Complaint.**

**RESPONSE TO REQUEST NO. 2:**

*See* General Objections.  ACN specifically objects to this request because it is impossibly overbroad, unparticularized, and not reasonably or proportionally directed to ACN, a non-party in this action.  ACN is mentioned no less than 906 times in Plaintiffs' 186-page complaint, and the Subpoena's definition of "concerning" is so far reaching that this request would effectively require ACN to search for and produce any and all documents that directly or indirectly relate to each of the allegations made in the complaint's 505 paragraphs.  Moreover, ACN is not a party to this action, and any disputes between Plaintiffs and ACN would be subject to mandatory arbitration pursuant to Plaintiffs' agreements with ACN.  Any information reasonably sought by this request could be obtained through less burdensome means and/or is improperly sought from ACN, and ACN will not produce documents in response.

**REQUEST NO. 3:**

**All agreements between ACN and Trump regarding, concerning, or involving the use of or reference to Trump's name, image, voice, or statements, in connection with ACN.**

**RESPONSE TO REQUEST NO. 3:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action.  ACN further objects to this request to the extent it would require ACN to produce confidential or proprietary commercial information that ACN should not be required to disclose.

Subject to and without waiving any of its objections and qualifications, and to the extent such documents are identifiable to ACN through a reasonable review of available information in

010-8856-9926/5/AMERICAS

ACN's possession, custody, or control, ACN will produce any responsive written agreement signed by one or several of the Defendants that was effective during the Relevant Period.  ACN reserves its right to withhold any document that on its face precludes such disclosure and/or pending resolution of ACN's concerns regarding the Protective Order.

**REQUEST NO. 4:**

**All Documents concerning any approval or consent by any Defendant to the use of Trump's name, likeness, voice, or statements in any materials promoting ACN's business.**

**RESPONSE TO REQUEST NO. 4:**

*See* General Objections and Objections and Response to Request No. 3.

**REQUEST NO. 5:**

**All Documents used by ACN to promote ACN or its products or business opportunity to prospective and/or existing Independent Business Owners, that use or refer to Trump's name, image, voice, or statements in any way. This includes, but is not limited to, all versions of the "ACN Opportunity Disc" in which Trump appears.**

**RESPONSE TO REQUEST NO. 5:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action.  ACN further objects to this request to the extent it would require ACN to produce confidential or proprietary commercial information that ACN should not be required to disclose, and because it appears to implicate disputes against ACN, which are subject to mandatory arbitration pursuant to Plaintiffs' agreements with ACN.

Subject to and without waiving any of its objections and qualifications, and to the extent any such "ACN Opportunity Discs" are identifiable to ACN through a reasonable review of

available information in ACN's possession, custody, or control, ACN will produce the version(s) of the ACN Opportunity Disc that would have been available during the Relevant Period.  ACN reserves its right to withhold any such production pending resolution of ACN's concerns regarding the Protective Order.


**REQUEST NO. 6:**

**Documents sufficient to show the date, time, and location of events sponsored by ACN where ACN distributed or displayed promotional materials using or referring to Trump's name, image, voice, or statements. This includes, but is not limited to, all events described by ACN as "training events" or "international conventions" where such materials were used, displayed, or otherwise made available.**

**RESPONSE TO REQUEST NO. 6:**

*See* General Objections.  ACN specifically objects to this request because it is impossibly overbroad in scope and time, unparticularized, and not reasonably or proportionally directed to ACN, a non-party in this action.  ACN further objects to this request on the basis that the phrase "promotional materials" is vague and ambiguous and subject to multiple interpretations.  ACN holds four corporate events each year during which a variety of materials are distributed and displayed.  During the period in which Donald J. Trump was a spokesperson for ACN, some of these materials may have featured or mentioned him.  It would be impossible for ACN to search for and identify all materials specifically responsive to this request without incurring undue burden and expense, assuming any record of the materials distributed or displayed at a particular event even exist.  Moreover, as reflected in Plaintiffs' complaint, at least some of the information sought by this request can be obtained through less burdensome means, including through publicly-available sources.

Subject to and without waiving any of its objections and qualifications, and to the extent any such documents are identifiable to ACN through a reasonable review of available information in ACN's possession, custody, or control, ACN will produce event schedules or other documentation sufficient to identify the dates and locations of the four annual corporate events ACN held during the Relevant Period, but ACN does not make any representation about promotional materials that may or may not have been distributed or displayed at any or all of those events.  ACN reserves its right to withhold any such production pending resolution of ACN's concerns regarding the Protective Order.

**REQUEST NO. 7:**

**All recordings of speeches, remarks, or interviews given by Trump at the following events:**
- **ACN's International Training Event in Baltimore, Maryland, around September 8–10, 2006;**
- **ACN's International Convention in Fort Worth, Texas, around February 23–25, 2007;**
- **ACN's International Training Event in East Rutherford, New Jersey, around June 27–29, 2008;**
- **ACN's International Training Event in Charlotte, North Carolina, around June 26-28, 2009;**
- **ACN's International Convention in San Jose, California, around February 19-21, 2010;**
- **ACN's 2010 International Training Event in Charlotte, North Carolina, around September 10–12, 2010;**
- **ACN's International Convention in Barcelona, Spain, around March 18–20, 2011;**
- **ACN's International Training Event in San Jose, California, around June 24-26, 2011;**
- **ACN's International Convention in Charlotte, North Carolina, around February 17–19, 2012;**
- **ACN's 20th Anniversary International Training Event in Charlotte, North Carolina, around February 15–18, 2013;**
- **ACN's International Training Event in San Jose, California, around December 6–8, 2013;**
- **ACN's Canada International Training Event in Toronto, Ontario, around May 31, 2014;**

- **ACN's International Convention in Barcelona, Spain, around June 27–29, 2014; and;**
- **ACN's International Convention in Charlotte, North Carolina, around February 13–15, 2015.**

## RESPONSE TO REQUEST NO. 7:

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action.  ACN further objects to this request to the extent it would require ACN to produce confidential or proprietary commercial information that ACN should not be required to disclose.  ACN further objects to this request to the extent it seeks discovery regarding events that Plaintiffs do not claim to have attended.

Subject to and without waiving any of its objections and qualifications, if Plaintiffs identify the specific event(s) they claim to have attended during the Relevant Period, and such attendance is verifiable through ACN's records, ACN will conduct a reasonable review of available information in its possession, custody, or control and will produce portions of any recordings from those events, if any, in which Donald J. Trump appears.  ACN reserves its right to withhold any such production pending resolution of ACN's concerns regarding the Protective Order.

## REQUEST NO. 8:

**All program materials distributed, or otherwise made available to attendees at:**

- **ACN's International Training Event in Baltimore, Maryland, around September 8–10, 2006;**
- **ACN's International Convention in Fort Worth, Texas, around February 23–25, 2007;**
- **ACN's International Training Event in East Rutherford, New Jersey, around June 27–29, 2008;**
- **ACN's International Training Event in Charlotte, North Carolina, around June 26-28, 2009;**

11

- **ACN's International Convention in San Jose, California, around February 19-21, 2010;**
- **ACN's 2010 International Training Event in Charlotte, North Carolina, around September 10–12, 2010;**
- **ACN's International Convention in Barcelona, Spain, around March 18–20, 2011;**
- **ACN's International Training Event in San Jose, California, around June 24-26, 2011;**
- **ACN's International Convention in Charlotte, North Carolina, around February 17–19, 2012;**
- **ACN's 20th Anniversary International Training Event in Charlotte, North Carolina, around February 15–18, 2013;**
- **ACN's International Training Event in San Jose, California, around December 6–8, 2013;**
- **ACN's Canada International Training Event in Toronto, Ontario, around May 31, 2014;**
- **ACN's International Convention in Barcelona, Spain, around June 27–29, 2014; and;**
- **ACN's International Convention in Charlotte, North Carolina, around February 13–15, 2015.**

## RESPONSE TO REQUEST NO. 8:

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action.  This request bears no discernable relationship to Plaintiffs' claims against Defendants in the action.  ACN further objects to this request to the extent it would require ACN to produce confidential or proprietary commercial information that ACN should not be required to disclose, and because it seeks discovery regarding events that Plaintiffs do not claim to have attended.  Moreover, as reflected in Plaintiffs' complaint, at least some of the information sought by this request can be obtained through less burdensome means, including through publicly-available sources.  ACN will not produce documents in response to this request.

## REQUEST NO. 9:

**All press releases issued by ACN referring to Trump or *The Celebrity Apprentice*.**

**RESPONSE TO REQUEST NO. 9:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action, and because it seeks information that can be obtained through less burdensome means, including through publicly-available sources.

Subject to and without waiving any of its objections and qualifications, and to the extent any such releases are identifiable to ACN through a reasonable review of available information in ACN's possession, custody, or control, ACN will produce a final version of any press release(s) issued during the Relevant Period that includes the name "Trump" or the phrase "Celebrity Apprentice."  ACN reserves its right to withhold any such production pending resolution of ACN's concerns regarding the Protective Order.

**REQUEST NO. 10:**

**All posts authored by Trump on any online website or blog operated, owned, or controlled by ACN.**

**RESPONSE TO REQUEST NO. 10:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action, and because it seeks information that can be obtained through less burdensome means, including through publicly-available sources.  ACN further objects to this request as vague and ambiguous in that it incorporates the undefined terms "posts" and "controlled," which are subject to more than one interpretation, and to the extent it is based on incomplete or incorrect assumptions.

Subject to and without waiving any of its objections and qualifications, and to the extent any such articles exist and are identifiable to ACN through a reasonable review of available

information in ACN's possession, custody, or control, ACN will produce the final version of any article(s) authored by Donald J. Trump that was published to the public section of any blog or website owned or operated by ACN during the Relevant Period.  ACN reserves its right to withhold any such production pending resolution of ACN's concerns regarding the Protective Order.

**REQUEST NO. 11:**

**All posts authored by ACN referring to Trump or *The Celebrity Apprentice* on any online website or blog operated, owned, or controlled by ACN.**

**RESPONSE TO REQUEST NO. 11:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action, and because it seeks information that can be obtained through less burdensome means, including through publicly-available sources.  ACN further objects to this request as vague and ambiguous in that it incorporates the undefined terms "posts" and "controlled" and the phrase "authored by ACN," each of which is subject to more than one interpretation.

Subject to and without waiving any of its objections and qualifications, and to the extent any such articles exist and are identifiable to ACN through a reasonable review of available information in ACN's possession, custody, or control, ACN will produce the final version of any article(s) that referred to Donald J. Trump or *The Celebrity Apprentice* that was published to the public section of any blog or website owned or operated by ACN during the Relevant Period.  ACN reserves its right to withhold any such production pending resolution of ACN's concerns regarding the Protective Order.

**REQUEST NO. 12:**

Copies of all editions of ACN Newsmagazine or any other magazine or periodical made or distributed by ACN, including, but not limited to all editions that refer to or display an image of Trump.

**RESPONSE TO REQUEST NO. 12:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action, and because it seeks information that can be obtained through less burdensome means, including through party discovery.  ACN further objects to this request as vague and ambiguous in that it incorporates the undefined phrase "made or distributed by ACN," which is subject to more than one interpretation.

Subject to and without waiving any of its objections and qualifications, and to the extent any such materials exist and are identifiable to ACN through a reasonable review of available information in ACN's possession, custody, or control, ACN will produce copies of any section of the ACN Newsmagazine that included the name "Trump" or a picture of Donald J. Trump during the Relevant Period.  ACN reserves its right to withhold any such production pending resolution of ACN's concerns regarding the Protective Order.

**REQUEST NO. 13:**

Copies of all editions of Success from Home Magazine that refer to or display an image of Trump.

**RESPONSE TO REQUEST NO. 13:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action, and because it seeks information that can be obtained through less burdensome means, including through party discovery.

Subject to and without waiving any of its objections and qualifications, and to the extent any such materials exist and are identifiable to ACN through a reasonable review of available information in ACN's possession, custody, or control, ACN will produce copies of any section of the Success from Home Magazine that included the name "Trump" or a picture of Donald J. Trump during the Relevant Period.  ACN reserves its right to withhold any such production pending resolution of ACN's concerns regarding the Protective Order.

**REQUEST NO. 14:**

**Documents sufficient to show the sale of any of ACN's products to Trump.**

**RESPONSE TO REQUEST NO. 14:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party to this action.  ACN further objects to this request on the basis that it is vague and ambiguous in its incorporation of the unclear and undefined term "products," which is subject to multiple interpretations; to the extent it is based on incomplete or incorrect assumptions that ACN sold "products" to any Defendant; and to the extent it seeks confidential commercial information that ACN should not be required to disclose. Moreover, this request bears no discernable relationship to Plaintiffs' claims against Defendants in the action, and any information reasonably sought by this request could be obtained through less burdensome means, including through party discovery.  ACN will not produce documents in response to this request.

**REQUEST NO. 15:**

**Documents sufficient to show any investment by Trump in the ACN business opportunity, including but not limited to the purchase of any right to act as an ACN IBO.**

**RESPONSE TO REQUEST NO. 15:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party to this action.  ACN further objects to this request on the basis that it is vague and ambiguous in its incorporation of the unclear and undefined term "investment," which is subject to multiple interpretations; to the extent it is based on incomplete or incorrect assumptions about ACN's business structure; and to the extent it seeks confidential commercial information that ACN should not be required to disclose.  Moreover, this request bears no discernable relationship to Plaintiffs' claims against Defendants in the action, and any information reasonably sought by this request could be obtained through less burdensome means, including through party discovery.

Subject to and without waiving any of its objections and qualifications, and based on its reasonable interpretation of this request, ACN states that Donald J. Trump has never been an investor in ACN and was never enrolled as an IBO, and therefore no documents responsive to this request exist.

**REQUEST NO. 16:**

**Documents sufficient to show all payments made by ACN to Trump or the Trump Entities.**

**RESPONSE TO REQUEST NO. 16:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party to this action.  ACN further objects to this request to the extent it seeks confidential commercial information that ACN should not be required to disclose.  The information sought by this request does not appear relevant to any

issue in dispute between Plaintiffs and Defendants in this action.  The fact that Donald J. Trump received compensation from ACN in exchange for his endorsement of ACN is plainly alleged in Plaintiffs' complaint and appears to be undisputed; the amount of such compensation is neither relevant nor material, and ACN should not be required to disclose it.  Moreover, any information reasonably sought by this request could be obtained through less burdensome means, including through party discovery.

Subject to and without waiving any of its objections and qualifications, ACN states that information responsive to this request is reflected in the documents ACN will produce in response to Request No. 3.

**REQUEST NO. 17:**

**Documents sufficient to show any and all consideration received by ACN in exchange for all payments made by ACN to Trump or the Trump entities.**

**RESPONSE TO REQUEST NO. 17:**

*See* General Objections and Objections and Response to Request No. 16.  Further responding, to the extent this request implicates any disputes with ACN, such disputes are subject to mandatory arbitration.

**REQUEST NO. 18:**

**Documents sufficient to show all payments made by ACN in connection with ACN's March 22, 2009 and March 27, 2011 appearances on the national prime time television show, *The Celebrity Apprentice*.**

**RESPONSE TO REQUEST NO. 18:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action.  ACN further

18

objects to this request to the extent it would require ACN to produce confidential or proprietary commercial information that ACN should not be required to disclose. Moreover, this request bears no discernable relationship to Plaintiffs' claims against Defendants in the action and, to the extent this request implicates any disputes against ACN, such disputes are subject to mandatory arbitration. The fact of ACN's appearance on *The Celebrity Apprentice* is plainly alleged in Plaintiffs' complaint and appears to be undisputed; the amount of payment for that appearance, if any, is irrelevant to Plaintiffs' claims against the Defendants in this action.

Subject to and without waiving any of its objections and qualifications, ACN states that information responsive to this request is reflected in the documents ACN will produce in response to Request No. 3.

**REQUEST NO. 19:**

**Documents sufficient to show all payments made by ACN in 2013, 2014, and 2015 to Trump, the Trump Entities, or the Eric Trump Foundation in connection with the Annual Golf Invitational & Auction Dinner at Trump International Golf Club in Westchester, New York.**

**RESPONSE TO REQUEST NO. 19:**

*See* General Objections. ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action. ACN further objects to this request to the extent it would require ACN to produce confidential or proprietary commercial information that ACN should not be required to disclose. Moreover, this request bears no discernable relationship to Plaintiffs' claims against Defendants in the action and, while ACN is not a party to this action, any dispute with ACN is subject to mandatory arbitration. Any information reasonably sought by this request could be obtained through less burdensome means, including through party discovery. ACN will not produce documents in response to this request.

**REQUEST NO. 20:**

Documents sufficient to show all payments made by ACN and/or ACN Global Reach Charities, Inc. in 2013, 2014, 2015 and 2016 to Trump, the Trump Entities, or the Eric Trump Foundation in connection with the golf tournaments that were hosted at the Trump National Golf Club in Mooresville, North Carolina.

**RESPONSE TO REQUEST NO. 20:**

*See* General Objections and Objections and Response to Request No. 19.

**REQUEST NO. 21:**

Documents sufficient to show all payments made by ACN to Success from Home Magazine, Success Partners, or the Success Foundation.

**RESPONSE TO REQUEST NO. 21:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad and not reasonably or proportionally directed to ACN, a non-party in this action.  ACN further objects to this request to the extent it would require ACN to produce confidential or proprietary commercial information that ACN should not be required to disclose.  Moreover, this request bears no discernable relationship to Plaintiffs' claims against Defendants in the action and, while ACN is not a party to this action, any dispute with ACN is subject to mandatory arbitration.  ACN will not produce documents in response to this request.

**REQUEST NO. 22:**

Documents sufficient to identify all persons and entities who invested in, subscribed to, or made payments to ACN in order to become an Independent Business Owner.

**RESPONSE TO REQUEST NO. 22:**

*See* General Objections.  ACN specifically objects to this request because it is overbroad, not reasonably or proportionally directed to ACN, and represents a wholly improper attempt to conduct a fishing expedition into the files of ACN, which is not a party in this action.  ACN further objects to this request to the extent it would require ACN to produce confidential or proprietary commercial information that ACN should not be required to disclose.  ACN further objects to this request to the extent it prematurely seeks class-wide discovery on the merits of other IBOs' claims at the pre-certification stage.  To the extent this request implicates any disputes with ACN, such disputes are subject to mandatory arbitration, and Plaintiffs waived any ability to bring class or other representative actions by executing IBO Agreements with ACN.  ACN will not produce documents in response to this request.

**REQUEST NO. 23:**

**Documents sufficient to identify all persons and entities who invested in, subscribed to, or made payments to ACN in order to become an Independent Business Owner and did not recoup those payments in their time as an Independent Business Owner.**

**RESPONSE TO REQUEST NO. 23:**

*See* General Objections and Objections and Response to Request No. 22.

**REQUEST NO. 24:**

**All policies, manuals, training materials, scripts, brochures, DVDs, promotional magazines, material promoted or referred to by ACN as "Business Tools" and other guidance and requirements distributed by ACN to Independent Business Owners relating to the sale of ACN's products in the United States.**

**RESPONSE TO REQUEST NO. 24:**

*See* General Objections and Objections and Response to Request No. 22.

**REQUEST NO. 25:**

Documents sufficient to show the fee charged by ACN in order for a person to become an Independent Business Owner in the first instance.

**RESPONSE TO REQUEST NO. 25:**

*See* General Objections and Objections and Response to Request No. 22. Further responding, ACN states that this request seeks irrelevant and unnecessary information, and borders on harassing, as Plaintiffs' own complaint includes allegations related to the sign-up fee each of them paid to become an IBO during the Relevant Period, and those allegations do not appear to be disputed.

**REQUEST NO. 26:**

Documents sufficient to show the annual renewal fee charged by ACN to existing Independent Business Owners in order to continue operating as an Independent Business Owner.

**RESPONSE TO REQUEST NO. 26:**

*See* General Objections and Objections and Response to Request No. 22. Further responding, ACN states that this request seeks irrelevant and unnecessary information, and borders on harassing, as Plaintiffs' own complaint includes allegations related to the fees required to renew as an IBO during the Relevant Period, and those allegations do not appear to be disputed.

**REQUEST NO. 27:**

Documents sufficient to show the amount of fees charged by ACN to Independent Business owners in order to purchase a ticket to attend all events promoted by ACN as "training events," "international conventions," and all other ticketed events hosted by ACN for prospective or existing Independent Business Owners. This includes, but is not limited to, all such events in California, Pennsylvania, and Maryland.

**RESPONSE TO REQUEST NO. 27:**

*See* General Objections and Objections and Response to Request No. 22.   Further responding, ACN states that this request seeks irrelevant and unnecessary information, and borders on harassing, as Plaintiffs' own complaint includes allegations related to the fees required to attend events hosted by ACN during the Relevant Period, and those allegations do not appear to be disputed.

**REQUEST NO. 28:**

**Documents sufficient to show how Independent Business Owners were compensated.**

**RESPONSE TO REQUEST NO. 28:**

*See* General Objections.   ACN specifically objects to this request because it is overbroad, not reasonably or proportionally directed to ACN, a non-party in this action.   ACN further objects to this request to the extent it would require ACN to produce confidential or proprietary commercial information that ACN should not be required to disclose.   ACN further objects to this request to the extent it prematurely seeks class-wide discovery on the merits of other IBOs' claims at the pre-certification stage.   To the extent this request implicates any disputes with ACN, such disputes are subject to mandatory arbitration, and Plaintiffs waived any ability to bring class or other representative actions by executing IBO Agreements with ACN.

Subject to and without waiving any of its objections and qualifications, if Plaintiffs identify the dates in which they were enrolled as IBOs, and such enrollment is verifiable through ACN's records, ACN will conduct a reasonable review of available information in its possession, custody, or control and will produce documents sufficient to show the manner in which IBOs were

compensated during such period(s) of enrollment.  ACN reserves its right to withhold any such

production pending resolution of ACN's concerns regarding the Protective Order.

**REQUEST NO. 29:**

      **Documents sufficient to show the average compensation of an Independent Business Owner at each level of the compensation system during each year during the relevant time frame.**

**RESPONSE TO REQUEST NO. 29:**

      *See* General Objections and Objections and Response to Request No. 22.

**REQUEST NO. 30:**

      **All web applications promoted or referred to by ACN as "Your Business Assistant" and sold by ACN to Independent Business Owners.**

**RESPONSE TO REQUEST NO. 30:**

      *See* General Objections and Objections and Response to Request No. 22.  ACN further

objects on the basis that this request bears no discernable relationship to Plaintiffs' claims against

Defendants in this action.

**REQUEST NO. 31:**

      **Documents sufficient to show quarterly revenue earned by ACN or quarterly losses incurred by ACN from ACN's sales of the product referred to as the 'videophone' in the United States from 2009 to the present.**

**RESPONSE TO REQUEST NO. 31:**

      *See* General Objections and Objections and Response to Request No. 22.  ACN further

objects on the basis that this request bears no discernable relationship to Plaintiffs' claims against

Defendants in this action.

**REQUEST NO. 32:**

Documents sufficient to show quarterly revenue earned by ACN or quarterly losses incurred by ACN from ACN's sales of each product other than ACN's product referred to as the "videophone" in the United States from 2005 to the present.

**RESPONSE TO REQUEST NO. 32:**

*See* General Objections and Objections and Response to Request No. 22.  ACN further

objects on the basis that this request bears no discernable relationship to Plaintiffs' claims against

Defendants in this action.


Dated: New York, New York
October 4, 2019

As to objections:

s/ Stephanie E. Niehaus
Stephanie E. Niehaus
Alice Colarossi
SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, New York  10112
+1 212 872 9800
+1 212 872 9815 (fax)
stephanie.niehaus@squirepb.com
alice.colaross@squirepb.com

*Counsel for Non-Party ACN Opportunity, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served by electronic mail this 4th day of

October 2019 on the following:

Roberta A. Kaplan, Esq.
John C. Quinn, Esq.
Joshua Matz, Esq.
Benjamin D. White, Esq.
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
rkaplan@kaplanhecker.com
jquinn@kaplanhecker.com
jmatz@kaplanhecker.com
bwhite@kaplanhecker.com

Joanna C. Hendon
Cynthia Chen
Andrew L. Kincaid
SPEARS & IMES LLP
51 Madison Avenue
New York, New York 10010
Tel: (212) 213-6996
Fax: (212) 213-0849
jhendon@spearsimes.com
cchen@spearsimes.com
akincaid@spearsimes.com

Andrew G. Celli, Jr., Esq.
Matthew D. Brinckerhoff, Esq.
O. Andrew F. Wilson, Esq.
Katherine Rosenfeld, Esq.
David Berman, Esq.
EMERY CELLI BRINCKERHOFF &
ABADY LLP
600 Fifth Avenue at Rockefeller
Center
New York, NY 10020
acelli@ecbalaw.com
mbrinckerhoff@ecbalaw.com
awilson@ecbalaw.com
krosenfeld@ecbalaw.com
dberman@ecbalaw.com

*Attorneys for Defendants*

*Attorneys for Plaintiffs*

s/ Stephanie E. Niehaus
Counsel for Non-Party ACN Opportunities,
LLC

26