# EXHIBIT A

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

September 6, 2019

**BY PROCESS SERVER**

Lesley Freeman
Chief Legal Officer
Metro-Goldwyn-Mayer Studios Inc.
245 N Beverly Dr.
Beverly Hills, CA 90210

Re:     *Jane Doe, et al. v. Trump Corp, et al., 1:18-cv-9936*

Dear Ms. Freeman:

We understand you are Chief Legal Officer to Metro-Goldwyn-Mayer Studios Inc. and/or certain of its affiliates.  We write on behalf of Plaintiffs in the above-referenced action with respect to the enclosed subpoena (the "Subpoena"), which requires you to produce documents within 14 days.  We also enclose a courtesy copy of the Amended Complaint in this action and the Court's decision on the motion to dismiss for your reference.

The above-referenced action was filed in federal court in the Southern District of New York on October 29, 2018.  While you are not a party to the action, certain allegations in the Complaint relate to you.

We have every intention of being reasonable in our approach to discovery and we look forward to working with you in connection with this Subpoena.  Please do not hesitate to contact us with any questions you may have.

Very truly yours,

Roberta A. Kaplan

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Jane Doe, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   1:18-cv-09936 |
| The Trump Corporation, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Metro-Goldwyn-Mayer Studios Inc.
          c/o National Registered Agents, Inc. (C1941323), 111 Eighth Avenue, 13th Fl., New York, New York 10011

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          See Attachment A.

| Place: Roberta Kaplan, Kaplan Hecker & Fink LLP  350 Fifth Ave., Suite 7110, New York, New York 10118  rkaplan@kaplanhecker.com | Date and Time:  09/20/2019 12:00 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       09/06/2019

| CLERK OF COURT | | |
|---|---|---|
| | OR | _Rokll_ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

1.      <u>MGM</u>:  The terms "MGM" or "you" means Metro-Goldwyn-Mayer Studios Inc. and any related entities of Metro-Goldwyn-Mayer Studios Inc., including all predecessors; successors; divisions; subsidiaries; parents; assigns; partners; members; and affiliates, foreign or domestic; each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them; and any others acting or purporting to act on their behalf for any reason; and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

2.      <u>Burnett</u>:  The term "Burnett" means Mark Burnett Productions and any related entities of Mark Burnett Productions, including all predecessors; successors; divisions; subsidiaries; parents; assigns; partners; members; and affiliates, foreign or domestic; each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them; and any others acting or purporting to act on their behalf for any reason; and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

3.      <u>Trump Productions</u>:  The term "Trump Productions" means Trump Productions, LLC and any related entities of Trump Productions, LLC, including all predecessors; successors; divisions; subsidiaries; parents; assigns; partners; members; and affiliates, foreign or domestic; each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them; and any others acting or purporting to act on their behalf for any reason; and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

4.      <u>ACN</u>:  The term "ACN" means ACN Opportunity, LLC and any related entities of ACN Opportunity, LLC, including all predecessors; successors; divisions; subsidiaries; parents; assigns; partners; members; and affiliates, foreign or domestic; each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them; and any others acting or purporting to act on their behalf for any reason; and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

5.      <u>Agreement</u>:    The term "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

6.      <u>Communication</u>:    The term "Communication" means any correspondence, discussion, or transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7.      <u>Complaint</u>:  The term "Complaint" means the operative complaint in *Jane Doe, et al. v. The Trump Corporation, et al.*, Case No. 18-cv-09936-LGS (S.D.N.Y. 2018).

8.      <u>Concerning</u>:  The term "Concerning" means, in addition to its customary and usual meaning, relating to, pertaining to, regarding, referring to, alluding to, discussing, describing, evidencing, identifying, in connection with, involving, setting forth, stating, showing, touching upon, dealing with, bearing upon, in respect of, about, and having anything to do with.

9.      <u>Document</u>:  The term "Document" means, without limitation, the following items which are in the possession, custody, or control of Trump Productions Trump Productions' agents, Trump Productions' representatives and/or Trump Productions' attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements; communications; reports, whether authored by Trump Productions or third persons; correspondence; telegrams; electronic mail; electronic/cellular messages/texts;

2

memoranda, summaries or records of telephone conversations; summaries or records of in-person conversations or interviews; drawings; sketches; maps; summaries or records of meetings or conferences; summaries of or records of interviews conducted by investigators; electronic or physical calendar entries concerning meetings, conferences, or interviews; summaries or reports of investigations or negotiations; opinions or reports of consultants; photographs; motion picture films; digital or physical audio tape recordings; all material contained in any internal affairs file; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; recordings; any marginal comments appearing on any Document; and all other writings.

10.     <u>Trump</u>:  The term "Trump" or "Defendant" refers to any of Donald J. Trump, Donald Trump, Jr., Ivanka Trump, Eric Trump, The Trump Corporation, or any officer, director, employee, agent, or representative of the Trump Corporation either individually or in any combination.

11.     <u>Trump Entities</u>:  The term "Trump Entities" means any entity that is or was owned and/or controlled by one or more of the Defendants, including but not limited to the following corporations:

        a.   The Trump Corporation;

        b.   Trump Productions, LLC;

        c.   T International Realty, LLC;

        d.   Trump National Golf Club, LLC;

        e.   TNGC Charlotte, LLC;

        f.   The Donald J Trump Revocable Trust;

        g.   DJT Holdings LLC;

        h.   DJT Holdings Managing Member LLC;

     i.     Trump Organization LLC (d/b/a The Trump Organization);

     j.     The Trump Organization, Inc.;

     k.     Trump Productions Managing Member, Inc.;

     l.     TNGC Charlotte Manager Corp.;

     m.     Trump National Golf Club Member Corp.

## INSTRUCTIONS

1.     The return date for this subpoena shall be the date on the face of the subpoena.  In responding to the requests, you shall furnish all Documents that are available to you, including Documents in your possession, custody, or control, and Documents in the possession, custody, or control of your officers, directors, employees, attorneys, accountants, investigators, experts, representatives or other agents.

2.     If any Document responsive to the requests has been lost, destroyed or is otherwise unavailable, describe and identify each such Document by stating in writing:  (i) the name(s) of the authors(s), the name(s) of the person(s) who received or viewed the original and all copies, and the date and subject matter, (ii) the last known custodian of the Document, (iii) the incident, event, or occurrence during which such Document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed and (v) your efforts to locate each such Document.

3.     We do not expect any of these requests to seek any Documents that could be withheld on the basis of the attorney-client privilege, work product doctrine, or any other right of non-disclosure.  To the extent you believe any request does seek a Document that could be so withheld, furnish a list identifying each Document for which the protection is claimed and state the basis for your claim that such Document need not be disclosed with such specificity as will

4

permit the Court to determine the legal sufficiency of your objection or position, and, for each such Document, identify (if applicable):

    i.    whether the Document contains a request for legal advice and, if so, identify the person who requested the legal advice;

    ii.    whether the Document contains legal advice and, if so, identify the attorney who provided the legal advice;

    iii.    whether the Document contains legal advice as to the meaning or application of particular laws or rules;

    iv.    the nature of the privilege (including work product) that is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

    v.    whether, if a Document is withheld on the ground of attorney work product, the Document was prepared in anticipation of litigation and, if so, identify the anticipated litigation(s) upon which the assertion is based;

    vi.    any further information to explain or support the claim of privilege and to permit the adjudication of the propriety of that claim;

    vii.    the type of Document, e.g. letter or email or memorandum; the date(/s) of the Document; the subject matter of the Document; the name, position, and address of each person who participated in the Document, to whom the Document was addressed, or to whom the Document or the contents thereof have been communicated by any means; and other information sufficient to identify the Document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of or any other person who viewed

5

the Document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

4.      If, in answering these requests, you claim any vagueness, confusion, or ambiguity in either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, rather you shall set forth in a part of your response to such a request the language deemed to be vague or confusing or ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the request.

5.      Questions regarding the interpretation of these requests should be resolved in favor of the broadest possible construction.

6.      These requests seek production of all Documents, in their entirety, along with any attachments, drafts, and non-identical copies.  A Document with handwritten, typewritten, or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions.

7.      Responsive Documents should be produced in the manner prescribed by the Federal Rules of Civil Procedure, including producing the requested Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the requests, and identifying the name of the person from whose files the Documents were produced.

8.      Wherever possible, all electronic Documents should be produced in their native format and/or as TIFs or PDFs and include all metadata.  Pursuant to the Federal Rules of Civil Procedure, Defendant may not convert the data to a form that is more burdensome and/or less searchable.  If Defendants convert data to TIFs or PDFs from native format, Defendants must

6

retain all metadata—including but not limited to the OCR database, Document demarcations, the date of the Documents, file name, the author of the Documents, the recipients of the Documents, the type of Documents, etc.—in a usable load file (Concordance preferred with an opticon for images), together with links to text and native formats.

9.      Reference to any natural person shall be deemed to include that natural person's agents, servants, representatives, current and former employees, and successors.

10.      References to any non-natural person (e.g., corporation, partnership, entity, membership organizations, etc.) shall be deemed to include that non-natural person's predecessors, successors, divisions, subsidiaries, parents, assigns, partners, members, and affiliates, foreign or domestic, each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

11.      The singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods; reference to any gender includes the other gender; the words "any" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possibly the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to."  Any ambiguity in a discovery request shall be construed to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

7

12.     If any requested Document or other Document potentially relevant to this action is subject to destruction under any Document retention or destruction program, the Document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

13.     If you object to the production of a Document in relation to a specific request, state with particularity the basis for all objections with respect to such request.  You should respond to all portions of that request that do not fall within the scope of your objection.  If you object to a request on the ground that it is overly broad, provide such Documents that are within the scope of production that you believe is appropriate.  If you object to a request on the ground that to provide responsive Documents would constitute an undue burden, provide such responsive Documents as you believe can be supplied without undertaking an undue burden.

14.     This request is a continuing one.  If, after producing the requested Documents, you obtain or become aware of any further Documents responsive to this request or if additional information you or any persons acting on your behalf obtain would augment, clarify, or otherwise modify your responses, you are required to supplement your responses and produce such additional Documents.  Supplemental responses should be served within thirty (30) days after such information or Documents become known to you.

15.     Except where otherwise indicated, the period of time covered by this subpoena is from January 1, 2005 to the date the requested Documents are returned.

## DOCUMENTS TO BE PRODUCED

1.     All Communications between MGM and ACN.

2.     All Communications between MGM and Trump or the Trump Entities.

3.     All Communications between Burnett and ACN.

8

4.      All Documents concerning the allegations made regarding Burnett in the Complaint.

5.      All Communications between Trump Productions and ACN.

6.      All Documents concerning the allegations made regarding Trump Productions in the Complaint.

7.      All Documents concerning the allegations made regarding *The Apprentice* or *The Celebrity Apprentice* in the Complaint.

8.      All Documents, including, but not limited to, video footage or recordings in any form, created in connection with the March 22, 2009 and March 27, 2011 episodes of *The Celebrity Apprentice*.

9.      Documents sufficient to show all payments made by ACN in connection with ACN's March 22, 2009 and March 27, 2011 appearances on *The Celebrity Apprentice*.

10.      All promotional materials for *The Celebrity Apprentice* that use or refer to a name, image, or statement of ACN in any way.

11.      Documents sufficient to show the fee charged to brands in order to appear on *The Apprentice* or *The Celebrity Apprentice*.

12.      Documents sufficient to show the degree of editorial control exercised by Trump over content aired on *The Apprentice* and *The Celebrity Apprentice*, including, but not limited to ACN's March 22, 2009 and March 27, 2011 appearances on *The Celebrity Apprentice*.

EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK
JESSICA CLARKE

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN

September 6, 2019

**VIA PROCESS SERVER**
Daniel M. Flores
Metro-Goldwyn Mayer Studios Inc.
245 N. Beverly Drive, Beverly Hills, CA 90210
DFLORES@MGM.COM

Re:    *Jane Doe, et al. v. Trump Corp, et al.,* 1:18-cv-9936

Dear  Mr. Flores:

We write on behalf of Plaintiffs in the above-referenced action with respect to the enclosed subpoena (the "Subpoena"), which requires you to produce documents within 14 days. The above-referenced action was filed in federal court in the Southern District of New York on October 29, 2018.  While you are not a party to the action, certain allegations in the Complaint relate to you.

On March 6, 2019, we served an initial subpoena in this action for the limited purpose of preservation of responsive documents.  That preservation subpoena did not impose on you an obligation to produce documents at that time.  Now, following the Court's resolution of Defendants' motion to dismiss, discovery has commenced.  Accordingly, we are serving the enclosed Subpoena, which calls for the production of a narrower set of responsive documents in light of the Court's decision on the motion to dismiss.  We have also enclosed a courtesy copy of the Amended Complaint in this action and the Court's decision on the motion to dismiss for your reference.

We have every intention of being reasonable in our approach to discovery and we look forward to working with you in connection with this Subpoena.  Please do not hesitate to contact us with any questions you may have.

Very truly yours,

O. Andrew F. Wilson

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| Jane Doe, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-cv-9936 |
| Trump Corp, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  
Mark Burnett Productions  
245 N. Beverly Drive, Beverly Hills, CA 90210-5317  
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place:  Andrew Wilson, Emery Celli Brinckerhoff & Abady, LLP; 600 Fifth Ave. 10th Fl., New York, NY 10020 | Date and Time:  10/11/2019 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/30/2019

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Jane Doe, Luke Loe, Richard Roe, and Mary Moe _____, who issues or requests this subpoena, are:

Andrew Wilson, Emery Celli Brinckerhoff & Abady, LLP; 600 Fifth Ave. 10th Fl., New York, NY 10020, 212-763-5000; AWilson@ecbalaw.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-cv-9936

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1. <u>Burnett</u>:  The terms "Burnett" or "you" means Mark Burnett Productions and any related entities of Mark Burnett Productions, including all predecessors; successors; divisions; subsidiaries; parents; assigns; partners; members; and affiliates, foreign or domestic; each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them; and any others acting or purporting to act on their behalf for any reason; and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

2. <u>ACN</u>:  The term "ACN" means ACN Opportunity, LLC and any related entities of ACN Opportunity, LLC, including all predecessors; successors; divisions; subsidiaries; parents; assigns; partners; members; and affiliates, foreign or domestic; each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them; and any others acting or purporting to act on their behalf for any reason; and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

3. <u>Agreement</u>:  The term "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

4. <u>Communication</u>:  The term "Communication" means any correspondence, discussion, or transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. <u>Complaint</u>:  The term "Complaint" means the operative complaint in *Jane Doe, et al. v. The Trump Corporation, et al.*, Case No. 18-cv-09936-LGS (S.D.N.Y. 2018).

6. <u>Concerning</u>:  The term "Concerning" means, in addition to its customary and usual meaning, relating to, pertaining to, regarding, referring to, alluding to, discussing, describing,

evidencing, identifying, in connection with, involving, setting forth, stating, showing, touching upon, dealing with, bearing upon, in respect of, about, and having anything to do with.

7.      Document:  The term "Document" means, without limitation, the following items which are in the possession, custody, or control of Burnett, Burnett's agents, Burnett's representatives and/or Burnett's attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements; communications; reports, whether authored by Burnett or third persons; correspondence; telegrams; electronic mail; electronic/cellular messages/texts; memoranda, summaries or records of telephone conversations; summaries or records of in-person conversations or interviews; drawings; sketches; maps; summaries or records of meetings or conferences; summaries of or records of interviews conducted by investigators; electronic or physical calendar entries concerning meetings, conferences, or interviews; summaries or reports of investigations or negotiations; opinions or reports of consultants; photographs; motion picture films; digital or physical audio tape recordings; all material contained in any internal affairs file; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; recordings; any marginal comments appearing on any Document; and all other writings.

8.      Trump:  The term "Trump" or "Defendant" refers to any of Donald J. Trump, Donald Trump, Jr., Ivanka Trump, Eric Trump, The Trump Corporation, or any officer, director, employee, agent, or representative of the Trump Corporation either individually or in any combination.

9.      Trump Entities:  The term "Trump Entities" means any entity that is or was owned and/or controlled by one or more of the Defendants, including but not limited to the following corporations:

a.   The Trump Corporation;

b.   Trump Productions, LLC;

c.   T International Realty, LLC;

d.   Trump National Golf Club, LLC;

e.   TNGC Charlotte, LLC;

f.   The Donald J Trump Revocable Trust;

g.   DJT Holdings LLC;

h.   DJT Holdings Managing Member LLC;

i.   Trump Organization LLC (d/b/a The Trump Organization);

j.   The Trump Organization, Inc.;

k.   Trump Productions Managing Member, Inc.;

l.   TNGC Charlotte Manager Corp.;

m.   Trump National Golf Club Member Corp.

### INSTRUCTIONS

1.      The return date for this subpoena shall be the date on the face of the subpoena.  In responding to the requests, you shall furnish all Documents that are available to you, including Documents in your possession, custody, or control, and Documents in the possession, custody, or control of your officers, directors, employees, attorneys, accountants, investigators, experts, representatives or other agents.

2.      If any Document responsive to the requests has been lost, destroyed or is otherwise unavailable, describe and identify each such Document by stating in writing:  (i) the name(s) of the authors(s), the name(s) of the person(s) who received or viewed the original and all copies, and the date and subject matter, (ii) the last known custodian of the Document, (iii) the incident, event,

3

or occurrence during which such Document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed and (v) your efforts to locate each such Document.

3.      We do not expect any of these requests to seek any Documents that could be withheld on the basis of the attorney-client privilege, work product doctrine, or any other right of non-disclosure.  To the extent you believe any request does seek a Document that could be so withheld, furnish a list identifying each Document for which the protection is claimed and state the basis for your claim that such Document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such Document, identify (if applicable):

     i.    whether the Document contains a request for legal advice and, if so, identify the person who requested the legal advice;

     ii.    whether the Document contains legal advice and, if so, identify the attorney who provided the legal advice;

     iii.    whether the Document contains legal advice as to the meaning or application of particular laws or rules;

     iv.    the nature of the privilege (including work product) that is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

     v.    whether, if a Document is withheld on the ground of attorney work product, the Document was prepared in anticipation of litigation and, if so, identify the anticipated litigation(s) upon which the assertion is based;

vi.    any further information to explain or support the claim of privilege and to permit the adjudication of the propriety of that claim;

vii.    the type of Document, e.g. letter or email or memorandum; the date(/s) of the Document; the subject matter of the Document; the name, position, and address of each person who participated in the Document, to whom the Document was addressed, or to whom the Document or the contents thereof have been communicated by any means; and other information sufficient to identify the Document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of or any other person who viewed the Document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

4.    If, in answering these requests, you claim any vagueness, confusion, or ambiguity in either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, rather you shall set forth in a part of your response to such a request the language deemed to be vague or confusing or ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the request.

5.    Questions regarding the interpretation of these requests should be resolved in favor of the broadest possible construction.

6.    These requests seek production of all Documents, in their entirety, along with any attachments, drafts, and non-identical copies. A Document with handwritten, typewritten, or other

recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions.

7.      Responsive Documents should be produced in the manner prescribed by the Federal Rules of Civil Procedure, including producing the requested Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the requests, and identifying the name of the person from whose files the Documents were produced.

8.      Wherever possible, all electronic Documents should be produced in their native format and/or as TIFs or PDFs and include all metadata.  Pursuant to the Federal Rules of Civil Procedure, Defendant may not convert the data to a form that is more burdensome and/or less searchable.  If Defendants convert data to TIFs or PDFs from native format, Defendants must retain all metadata—including but not limited to the OCR database, Document demarcations, the date of the Documents, file name, the author of the Documents, the recipients of the Documents, the type of Documents, etc.—in a usable load file (Concordance preferred with an opticon for images), together with links to text and native formats.

9.      Reference to any natural person shall be deemed to include that natural person's agents, servants, representatives, current and former employees, and successors.

10.     References to any non-natural person (e.g., corporation, partnership, entity, membership organizations, etc.) shall be deemed to include that non-natural person's predecessors, successors, divisions, subsidiaries, parents, assigns, partners, members, and affiliates, foreign or domestic, each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

6

11.     The singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods; reference to any gender includes the other gender; the words "any" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possibly the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to."  Any ambiguity in a discovery request shall be construed to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

12.     If any requested Document or other Document potentially relevant to this action is subject to destruction under any Document retention or destruction program, the Document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

13.     If you object to the production of a Document in relation to a specific request, state with particularity the basis for all objections with respect to such request.  You should respond to all portions of that request that do not fall within the scope of your objection.  If you object to a request on the ground that it is overly broad, provide such Documents that are within the scope of production that you believe is appropriate.  If you object to a request on the ground that to provide responsive Documents would constitute an undue burden, provide such responsive Documents as you believe can be supplied without undertaking an undue burden.

14.     This request is a continuing one.  If, after producing the requested Documents, you obtain or become aware of any further Documents responsive to this request or if additional

7

information you or any persons acting on your behalf obtain would augment, clarify, or otherwise modify your responses, you are required to supplement your responses and produce such additional Documents. Supplemental responses should be served within thirty (30) days after such information or Documents become known to you.

15.     Except where otherwise indicated, the period of time covered by this subpoena is from January 1, 2005 to the date the requested Documents are returned.

## DOCUMENTS TO BE PRODUCED

1.     All Communications between Burnett and ACN.

2.     All Documents concerning the allegations made regarding Burnett in the Complaint.

3.     All Documents concerning the allegations made regarding *The Apprentice* or *The Celebrity Apprentice* in the Complaint.

4.     All Documents, including, but not limited to, video footage or recordings in any form, created in connection with the March 22, 2009 and March 27, 2011 episodes of *The Celebrity Apprentice*.

5.     Documents sufficient to show all payments made by ACN in connection with ACN's March 22, 2009 and March 27, 2011 appearances on *The Celebrity Apprentice*.

6.     All promotional materials for *The Celebrity Apprentice* that use or refer to a name, image, or statement of ACN in any way.

7.     Documents sufficient to show the fees charged to brands in order to appear on *The Apprentice* or *The Celebrity Apprentice*.

8.      Documents sufficient to show the degree of editorial control exercised by Trump over content aired on *The Apprentice* and *The Celebrity Apprentice*, including, but not limited to ACN's March 22, 2009 and March 27, 2011 appearances on *The Celebrity Apprentice*.