# EXHIBIT N

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, LUKE LOE, RICHARD ROE, and MARY MOE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>THE TRUMP CORPORATION, DONALD J. TRUMP, in his personal capacity, DONALD TRUMP JR., ERIC TRUMP, and IVANKA TRUMP,<br><br>*Defendants.* | Civil Action No. 1:18-cv-09936-LGS |

## NON-PARTY JMBP, LLC'S
## OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party JMBP, LLC ("JMBP") (erroneously served as Mark Burnett Productions) hereby objects to Plaintiffs' Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"), including the documents requested therein, served September 25, 2019,[1] as follows:

## PRELIMINARY STATEMENT

Much of the Subpoena is overbroad, unduly burdensome, and not proportional to the needs of the case. Some requests even demand that JMBP locate and review over a decade's worth of correspondence and other documents, despite the fact that the Plaintiffs are only interested in information related to *two episodes* of the Apprentice – one of which aired in 2009,

---

[1] The time to respond was extended by agreement to October 25, 2019.

the other in 2011.  There is no tangible basis, beyond bare speculation, for Plaintiffs to believe that most of the documents sought have any relevance to any party's claim or defense in this action.  Compliance with portions of the Subpoena would create a substantial expense and burden to JMBP.  Given that much of the Subpoena seeks to impose a considerable burden on a non-party who has no involvement whatsoever in this litigation, much of Plaintiffs' Subpoena fails to meet the requirements of Rule 26 of the Federal Rules of Civil Procedure.  To the contrary, the burden and expense to JMBP of compliance outweighs any possible benefit to Plaintiffs in this action.  JMBP is, of course, willing to continue to meet and confer with the Plaintiffs regarding the Subpoena, to hopefully come to a resolution that will limit the burden on JMBP, while providing Plaintiffs with discovery that is actually relevant and proportional to the needs of the case.

## GENERAL OBJECTIONS

1.     JMBP objects to the Subpoena to the extent it seeks information concerning claims, issues, and/or non-parties that are irrelevant to any party's claim or defense in this action. The Subpoena is overbroad and unduly burdensome, and is not proportional to the needs of the case.  The discovery is highly unlikely to assist in resolving the issues in this lawsuit in any way, and its burden and expense substantially outweighs its likely benefit.

2.     JMBP objects to the Subpoena to the extent it violates the provisions of Rule 45(d)(1) of the Federal Rules of Civil Procedure in that it fails to take reasonable steps to avoid imposing undue burden or expense on JMBP.  Should the Court require JMBP to respond to the parts of this Subpoena it believes to be excessive, and not proportional to the needs of the case, JMBP reserves its right under Rule 45(d), and any other applicable rule or statute, to seek cost-

shifting from Plaintiffs to remunerate the significant expense that compliance with this Subpoena would impose on JMBP.

3.      JMBP objects to the Subpoena to the extent that it seeks documents and/or information duplicative of documents or information already produced or requested in the underlying action, or that is otherwise readily obtainable from other sources that are more convenient, less burdensome and less expensive, including, without limitation, documents and/or information already in Plaintiffs' possession, custody or control, or available to Plaintiffs through sources other than JMBP and through less burdensome means, including, *inter alia*, parties to the above-captioned litigation, public sources or records, and/or other sources to which Plaintiffs have equal access.  JMBP notes in particular that a large portion of the requested discovery appears to be equally available to defendants in the above-captioned litigation, and thus should not be sought from a non-party in the first instance.

4.      JMBP objects to the Subpoena to the extent it seeks documents and/or information containing confidential business or other proprietary information, trade secrets, confidential information obtained by JMBP under contractual promise of non-disclosure, or nonpublic personal information.

5.      JMBP objects to the Subpoena to the extent that it and terms contained therein are overly broad, unduly burdensome, oppressive, vague, ambiguous, and/or incapable of reasonable ascertainment.

6.      JMBP objects to the Subpoena to the extent that it purports to require JMBP to produce information from parties or entities other than JMBP or otherwise seeks the production of information not in JMBP's possession, custody or control.

7.      JMBP objects to the Subpoena to the extent that it seeks information that is, in whole or in part, confidential and/or protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, law or similar protection from disclosure.

8.      JMBP objects to the Subpoena to the extent that it seeks to impose upon JMBP any obligations inconsistent with or greater than those mandated by the Federal Rules of Civil Procedure or the relevant Local Rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      JMBP objects to the definition of "Burnett" and "You" on the grounds that the definition is overly broad, vague, ambiguous, unduly burdensome, and seeks to impose obligations on JMBP that are inconsistent with and exceed those established by the Federal Rules of Civil Procedure.  JMBP further objects to the definition of "Burnett" and "You," to the extent that the definition includes "any related entities" of JMBP, as well as predecessor entities, persons no longer affiliated with JMBP, and persons and entities otherwise not under JMBP's control.  JMBP answers on behalf of JMBP, and no other person or entity.

2.      JMBP objects to the definition of "Communication" on the grounds that the definition is vague and ambiguous.

## SPECIFIC OBJECTIONS TO REQUESTS FOR DOCUMENTS AND THINGS

JMBP incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above into the specific objections set forth below.  The failure to repeat any General Objection or Objection to any Definition and Instruction does not waive any such objection to the specific Request.  Subject to and without waiving the foregoing objections and

conditions, JMBP objects to the Requests for Documents and Things specified in Attachment A to the Subpoena as follows:

**Request No. 1:**

All Communications between Burnett and ACN.

**Objections to Request No. 1:**

JMBP incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein. JMBP objects to this Request as it is overbroad as to time and without reasonable limitation in scope. JMBP objects to this Request to the extent it calls for information subject to the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, immunity or doctrine. JMBP objects to this Request to the extent it seeks information irrelevant to any party's claim or defense in this action.

Subject to and without waiving the foregoing objections, and subject to the Protective Order entered in this case, JMBP will produce responsive, non-privileged documents, from within a reasonable time frame surrounding the production of the two *Apprentice* episodes featuring ACN, to the extent such documents exist in JMBP's possession and can be located after a reasonable search.

**Request No. 2:**

All Documents concerning the allegations made regarding Burnett in the Complaint.

**Objections to Request No. 2:**

JMBP incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein. JMBP objects to this Request to the extent it seeks information that is not within JMBP's possession, custody or

control.  JMBP objects to this Request to the extent it seeks information that is irrelevant to any

party's claim or defense in this action, and is not proportional to the needs of the case.  JMBP

objects to this Request as vague, ambiguous and overbroad as to what "concerning the

allegations regarding Burnett in the Complaint" means, and as inappropriate in that the Request

attempts to impose upon JMBP the burden of interpreting Plaintiffs' complaint rather than

specifying the documents sought with reasonable particularity.  JMBP objects to this Request as

it seeks documents that are available to Plaintiffs through sources other than JMBP and through

less burdensome means, including from the parties to the above-captioned litigation.  JMBP

further objects to this request as it fails to reasonably describe the requested documents sought.

JMBP further objects to this request to the extent it seeks documents or information containing

confidential and/or proprietary business information, trade secrets, confidential information

obtained by JMBP under contractual promise of non-disclosure, or nonpublic personal

information.

    Based on the foregoing objections, JMBP will not produce documents responsive to this

Request at this time.

**Request No. 3:**

    All Documents concerning the allegations made regarding *The Apprentice* or *The

Celebrity Apprentice* in the Complaint.

**Objections to Request No. 3:**

    JMBP incorporates by reference the Preliminary Statement, General Objections, and

Objections to Definitions and Instructions as if fully set forth herein.  JMBP objects to this

Request to the extent it seeks information that is irrelevant to any party's claim or defense in this

action, and is not proportional to the needs of the case.  JMBP objects that this Request seeks

information that is available to Plaintiffs through sources other than JMBP and through less

burdensome means, including from the parties to the above-captioned litigation.  JMBP objects

to this Request as vague, ambiguous and overbroad as to what "concerning the allegations made

regarding *The Apprentice* or *The Celebrity Apprentice* in the Complaint" means, and as

inappropriate in that the Request attempts to impose upon JMBP the burden of interpreting

Plaintiffs' complaint rather than specifying the documents sought with reasonable particularity.

JMBP objects to this Request as it seeks documents that are available to Plaintiffs through

sources other than JMBP and through less burdensome means, including from the parties to the

above-captioned litigation.  JMBP further objects to this request as it fails to reasonably describe

the requested documents sought.  JMBP further objects to this request to the extent it seeks

documents or information containing confidential and/or proprietary business information, trade

secrets, confidential information obtained by JMBP under contractual promise of non-disclosure,

or nonpublic personal information.

Based on the foregoing objections, JMBP will not produce documents responsive to this

Request at this time.

**Request No. 4:**

All Documents, including, but not limited to, video footage or recordings in any form,

created in connection with the March 22, 2009 and March 27, 2011 episodes of *The Celebrity*

*Apprentice*.

**Objections to Request No. 4:**

JMBP incorporates by reference the Preliminary Statement, General Objections, and

Objections to Definitions and Instructions as if fully set forth herein.  JMBP objects to this

Request as it is overbroad in its request, and as such is unduly burdensome and oppressive as

applied to a non-party, such that the burden and expense of compliance outweighs any possible benefit to Plaintiffs. JMBP further objects to this request as not calculated to lead to the discovery of admissible evidence to the extent that such footage or recordings does not feature ACN. JMBP objects to the extent that this Request seeks information that is available to Plaintiffs through sources other than JMBP and through less burdensome means, including from the parties to the above-captioned litigation, public sources or records, and/or other sources to which Plaintiffs have equal access. JMBP further objects to this request to the extent it seeks documents or information containing confidential and/or proprietary business information, trade secrets, confidential information obtained by JMBP under contractual promise of non-disclosure, or nonpublic personal information. JMBP objects to the Request as vague and ambiguous in that it fails to specify the Documents it requests with adequate specificity.

Based on the foregoing objections, JMBP will not produce documents responsive to this Request at this time.

**Request No. 5:**

Documents sufficient to show all payments made by ACN in connection with ACN's March 22, 2009 and March 27, 2011 appearances on *The Celebrity Apprentice*.

**Objections to Request No. 5:**

JMBP incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein. Subject to and without waiving the foregoing objections, and subject to the Protective Order entered in this case, JMBP will produce its agreements with ACN, which reflect the agreed payments by ACN.

**Request No. 6:**

All promotional materials for *The Celebrity Apprentice* that use or refer to a name, image, or statement of ACN in any way.

**Objections to Request No. 6:**

JMBP incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein.  JMBP objects to this Request as it is overbroad, and as such is unduly burdensome and oppressive as applied to a non-party, such that the burden and expense of compliance outweighs any possible benefit to Plaintiffs.  JMBP further objects to this request as not calculated to lead to the discovery of admissible evidence.  JMBP objects that this Request seeks information that is available to Plaintiffs through sources other than JMBP and through less burdensome means, including from public sources or records or from parties to the above-captioned litigation.

Based on the foregoing objections, JMBP will not produce documents responsive to this Request at this time.

**Request No. 7:**

Documents sufficient to show the fees charged to brands in order to appear on *The Apprentice* or *The Celebrity Apprentice*.

**Objections to Request No. 7:**

JMBP incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein.  JMBP objects to this Request as not relevant to the claims and defenses of any party and not proportional to the needs of this case.  JMBP further objects to this Request as it is overbroad as to time and without reasonable limitation in scope (including, but not limited to, the fact that it seeks information

about fees charged from all brands featured in all episodes for over ten years), and as such is unduly burdensome and oppressive as applied to a non-party, such that the burden and expense of compliance outweighs any possible benefit to Plaintiffs.  JMBP further objects to this request to the extent it seeks documents or information containing confidential and/or proprietary business information, trade secrets, confidential information obtained by JMBP under contractual promise of non-disclosure, or nonpublic personal information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order entered in this case, JMBP will produce documents sufficient to show fees charged to ACN for its appearance.

**Request No. 8:**

Documents sufficient to show the degree of editorial control exercised by Trump over content aired on *The Apprentice* and *The Celebrity Apprentice,* including, but not limited to ACN's March 22, 2009 and March 27, 2011 appearances on *The Celebrity Apprentice*.

**Objections to Request No. 8:**

JMBP incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein.  JMBP objects to this Request as vague and ambiguous as to "sufficient to show the degree of editorial control." JMBP objects to this Request as not relevant to the claims and defenses of any party and not proportional to the needs of this case.  JMBP objects that this Request seeks information that is available to Plaintiffs through sources other than JMBP and through less burdensome means, including from the parties to the above-captioned litigation.

Based on the foregoing objections, JMBP will not produce documents responsive to this Request at this time.

10

Dated:  October 25, 2019

Respectfully Submitted

By:  _____

Marvin S. Putnam (Cal. Bar # 212839)
Jessica Stebbins Bina (Cal. Bar # 248485)
LATHAM & WATKINS LLP
10250 Constellation Blvd. Suite 1100
Los Angeles, California 90067
Tel:  (424) 653-5500
Fax:  (424) 653-5501
mavin.putnam@lw.com
jessica.stebbinsbina@lw.com

Attorneys for Non-Party JMBP, LLC

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 10250 Constellation Boulevard, Suite 1100, Los Angeles, CA  90067.

On **October 25, 2019**, I served the following document described as:

### NON-PARTY JMBP, LLC'S OBJECTIONS TO PLAINTIFFS' SUBPOENA

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service.  Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid.  I deposited in Latham & Watkins LLP's interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

Emery Celli Brinckerhoff & Abady, LLP
ATTN: Andrew Wilson
600 Fifth Avenue 10th Floor
New York, NY 10020

I declare that I am a member of the Bar of California and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **October 25, 2019**, at Los Angeles, California.

Alice Hoesterey

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE, LUKE LOE, RICHARD ROE, and
MARY MOE, individually and on behalf of all
others similarly situated,

*Plaintiffs,*

THE TRUMP CORPORATION, DONALD J.
TRUMP, in his personal capacity, DONALD
TRUMP JR., ERIC TRUMP, and IVANKA
TRUMP,

*Defendants.*

Civil Action No. 1:18-cv-09936-LGS

---

## NON-PARTY METRO-GOLDWYN-MAYER STUDIOS INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Metro-Goldwyn-Mayer Studios, Inc. ("MGM") hereby objects to Plaintiffs' Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"), including the documents requested therein, served September 06, 2019,[1] as follows:

### PRELIMINARY STATEMENT

MGM responds to this subpoena, but notes that the materials sought are actually within the possession, custody, and control of JMBP, LLC ("JMBP"), an indirect subsidiary of MGM. Accordingly, to the extent each request calls for documents within the possession, custody, and control of MGM, MGM responds on behalf of JMBP.

---

[1] The time to respond was extended by agreement to October 25, 2019.

Much of the Subpoena is overbroad, unduly burdensome, and not proportional to the needs of the case. Some requests even demand that MGM locate and review over a decade's worth of correspondence and other documents, despite the fact that the Plaintiffs are only interested in information related to *two episodes* of the Apprentice – one of which aired in 2009, the other in 2011. There is no tangible basis, beyond bare speculation, for Plaintiffs to believe that most of the documents sought have any relevance to any party's claim or defense in this action. Compliance with portions of the Subpoena would create a substantial expense and burden to MGM. Given that much of the Subpoena seeks to impose a considerable burden on a non-party who has no involvement whatsoever in this litigation, much of Plaintiffs' Subpoena fails to meet the requirements of Rule 26 of the Federal Rules of Civil Procedure. To the contrary, the burden and expense to MGM of compliance outweighs any possible benefit to Plaintiffs in this action. MGM is, of course, willing to continue to meet and confer with the Plaintiffs regarding the Subpoena, to hopefully come to a resolution that will limit the burden on MGM, while providing Plaintiffs with discovery that is actually relevant and proportional to the needs of the case.

## <u>GENERAL OBJECTIONS</u>

1.     MGM objects to the Subpoena to the extent it seeks information concerning claims, issues, and/or non-parties that are irrelevant to any party's claim or defense in this action. The Subpoena is overbroad and unduly burdensome, and is not proportional to the needs of the case. The discovery is highly unlikely to assist in resolving the issues in this lawsuit in any way, and its burden and expense substantially outweighs its likely benefit.

2.     MGM objects to the Subpoena to the extent it violates the provisions of Rule 45(d)(1) of the Federal Rules of Civil Procedure in that it fails to take reasonable steps to avoid

imposing undue burden or expense on MGM.  Should the Court require MGM to respond to the parts of this Subpoena it believes to be excessive, and not proportional to the needs of the case, MGM reserves its right under Rule 45(d), and any other applicable rule or statute, to seek cost-shifting from Plaintiffs to remunerate the significant expense that compliance with this Subpoena would impose on MGM.

3.      MGM objects to the Subpoena as it seeks on its face only documents "which are in the possession, custody, or control of Trump Productions[,] Trump Productions' agents, Trump Productions' representatives and/or Trump Productions' attorneys."  As MGM is not Trump Productions, nor its representative, agent, or attorney, MGM cannot by definition have any documents that the Subpoena seeks.  For purposes of this response, MGM assumes this language is in error; but that leaves MGM without any coherent definition of the documents that Plaintiffs actually seek.

4.      MGM objects to the Subpoena to the extent that it seeks documents and/or information duplicative of documents or information already produced or requested in the underlying action, or that is otherwise readily obtainable from other sources that are more convenient, less burdensome and less expensive, including, without limitation, documents and/or information already in Plaintiffs' possession, custody or control, or available to Plaintiffs through sources other than MGM and through less burdensome means, including, *inter alia*, parties to the above-captioned litigation, public sources or records, and/or other sources to which Plaintiffs have equal access.

5.      MGM objects to the Subpoena to the extent it seeks documents and/or information containing confidential business or other proprietary information, trade secrets,

3

confidential information obtained by MGM under contractual promise of non-disclosure, or
nonpublic personal information.

6.      MGM objects to the Subpoena to the extent that it and terms contained therein are
overly broad, unduly burdensome, oppressive, vague, ambiguous, and/or incapable of reasonable
ascertainment.

7.      MGM objects to the Subpoena to the extent that it purports to require MGM to
produce information from parties or entities other than MGM or otherwise seeks the production
of information not in MGM's possession, custody or control.  As noted above, MGM responds
on behalf of its subsidiary JMBP, LLC, which is the entity who actually has possession, custody,
and control of the materials relating to *The Apprentice*, *The Celebrity Apprentice*, and ACN's
appearance thereon.

8.      MGM objects to the Subpoena to the extent that it seeks information that is, in
whole or in part, confidential and/or protected by the attorney-client privilege, attorney work
product doctrine, or any other applicable privilege, immunity, law or similar protection from
disclosure.

9.      MGM objects to the Subpoena to the extent that it seeks to impose upon MGM
any obligations inconsistent with or greater than those mandated by the Federal Rules of Civil
Procedure or the relevant Local Rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      MGM objects to the definition of "MGM" and "You" on the grounds that the
definition is overly broad, vague, ambiguous, unduly burdensome, and seeks to impose
obligations on MGM that are inconsistent with and exceed those established by the Federal Rules
of Civil Procedure.  MGM further objects to the definition of "MGM" and "You," to the extent

that the definition includes "any related entities" of MGM, as well as predecessor entities,

persons no longer affiliated with MGM, and persons and entities otherwise not under MGM's

control.  MGM answers only on behalf of itself, and no other person or entity.

      2.      MGM objects to the definition of "Burnett" to the extent that the definition

includes "any related entities" of Burnett, as well as predecessor entities, persons no longer

affiliated with Burnett, and persons and entities otherwise not under Burnett's control.  MGM

will construe the term "Burnett" to mean "JMBP, LLC."

      3.      MGM objects to the definition of "Trump Productions" to the extent that the

definition includes "any related entities" of Trump Productions, as well as predecessor entities,

persons no longer affiliated with Trump Productions, and persons and entities otherwise not

under Trump Productions' control.  MGM will construe "Trump Productions" to mean "Trump

Productions."

      4.      MGM objects to the definition of "Communication" on the grounds that the

definition is vague and ambiguous.

      5.      MGM objects to the definition of "Document" on the grounds that the definition

is overly broad, vague, ambiguous, unduly burdensome.  Further, the definition of Document

seeks only information outside of the custody and control of MGM in that it seeks information

exclusively within the possession of "Trump Productions."

## SPECIFIC OBJECTIONS TO REQUESTS FOR DOCUMENTS AND THINGS

      MGM incorporates by reference the General Objections and Objections to Definitions

and Instructions set forth above into the specific objections set forth below.  The failure to repeat

any General Objection or Objection to any Definition and Instruction does not waive any such

objection to the specific Request.  Subject to and without waiving the foregoing objections and

conditions, MGM objects to the Requests for Documents and Things specified in Attachment A to the Subpoena as follows:

**Request No. 1:**

All Communications between MGM and ACN.

**Objections to Request No. 1:**

MGM incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein.  MGM objects to this Request as it is overbroad as to time and without reasonable limitation in scope.  MGM objects to this Request to the extent it calls for information subject to the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, immunity or doctrine.  MGM objects to this Request to the extent it seeks information irrelevant to any party's claim or defense in this action.

Subject to and without waiving the foregoing objections, and subject to the Protective Order entered in this case, MGM will produce responsive, non-privileged documents, from within a reasonable time frame surrounding the production of the two *Apprentice* episodes featuring ACN, to the extent such documents exist in MGM's possession and can be located after a reasonable search.

**Request No. 2:**

All Communications between MGM and Trump or the Trump Entities.

**Objections to Request No. 2:**

MGM incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein.  MGM objects to this Request as not relevant to the claims and defenses of any party and not proportional to the needs

of this case.  MGM further objects to this Request as it is overbroad as to time and without

reasonable limitation in scope (including, but not limited to, the fact that it seeks all

communications about all topics made over the course of more than a decade), and as such is

unduly burdensome and oppressive as applied to a non-party, such that the burden and expense

of compliance outweighs any possible benefit to Plaintiffs.  MGM objects to this Request as it

seeks documents that are available to Plaintiffs through sources other than MGM and through

less burdensome means, including from the parties to the above-captioned litigation.  MGM

further objects to this Request to the extent it seeks documents or information containing

confidential and/or proprietary business information, trade secrets, confidential information

obtained by MGM under contractual promise of non-disclosure, or nonpublic personal

information.  MGM also objects to this Request to the extent it calls for information subject to

the attorney-client privilege, attorney work product doctrine, or any other applicable privilege,

protection, immunity or doctrine.

Based on the foregoing objections, MGM will not produce documents responsive to this

Request at this time.

**Request No. 3:**

All Communications between Burnett and ACN.

**Objections to Request No. 3:**

MGM incorporates by reference the Preliminary Statement, General Objections, and

Objections to Definitions and Instructions as if fully set forth herein.  MGM objects to this

Request as it is overbroad as to time and without reasonable limitation in scope, and as such is

unduly burdensome and oppressive as applied to a non-party, such that the burden and expense

of compliance outweighs any possible benefit to Plaintiffs.  MGM objects to this Request to the

extent it seeks Communications to or from Mark Burnett in his personal capacity (as opposed to Communications made by or on behalf of JMBP, LLC), as such Communications are outside the possession, custody or control of MGM.  MGM objects to this Request as duplicative of Request No. 1.  MGM objects to this Request to the extent it calls for information subject to the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, immunity or doctrine.  MGM objects to this Request to the extent it seeks information irrelevant to any party's claim or defense in this action.

Subject to and without waiving the foregoing objections, and subject to the Protective Order entered in this case, MGM will produce responsive, non-privileged documents, from within a reasonable time frame surrounding the production of the two *Apprentice* episodes featuring ACN, to the extent such documents exist in MGM's possession and can be located after a reasonable search.

**Request No. 4:**

All Documents concerning the allegations made regarding Burnett in the Complaint.

**Objections to Request No. 4:**

MGM incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein.  MGM objects to this Request as it seeks information that is not within MGM's possession, custody or control, including, but not limited to, the fact that the stated definition of Documents only includes information belonging to Trump Productions, making all information requested necessarily outside of the custody and control of MGM.  MGM objects to this Request as vague, ambiguous and overbroad as to what "concerning the allegations regarding Burnett in the Complaint" means, and as inappropriate in that the Request attempts to impose upon MGM the burden of

8

interpreting Plaintiffs' complaint rather than specifying the documents sought with reasonable particularity. MGM objects to this Request as it seeks documents that are available to Plaintiffs through sources other than MGM and through less burdensome means, including from the parties to the above-captioned litigation. MGM further objects to this Request as it fails to reasonably describe the requested documents sought.

Based on the foregoing objections, MGM will not produce documents responsive to this Request at this time.

**Request No. 5:**

All Communications between Trump Productions and ACN.

**Objections to Request No. 5:**

MGM incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein. MGM objects to this Request as it seeks information outside the custody and control of MGM. MGM objects that this Request seeks information that is available to Plaintiffs through sources other than MGM and through less burdensome means, including from the parties to the above-captioned litigation.

Based on the foregoing objections, MGM will not produce documents responsive to this Request at this time.

**Request No. 6:**

All Documents concerning the allegations made regarding Trump Productions in the Complaint.

**Objections to Request No. 6:**

MGM incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein. MGM objects that the

stated definition of Documents only includes information belonging to Trump Productions, making all information requested necessarily outside of the custody and control of MGM.  MGM objects that this Request seeks information that is available to Plaintiffs through sources other than MGM and through less burdensome means, including from the parties to the above-captioned litigation.   MGM objects to this Request to the extent it seeks information that is irrelevant to any party's claim or defense in this action, and is not proportional to the needs of the case.  MGM objects to this Request as vague, ambiguous and overbroad as to what "concerning the allegations made regarding Trump Productions in the Complaint" means, and as inappropriate in that the Request attempts to impose upon MGM the burden of interpreting Plaintiffs' complaint rather than specifying the documents sought with reasonable particularity. MGM further objects to this Request to the extent it seeks documents or information containing confidential and/or proprietary business information, trade secrets, confidential information obtained by MGM under contractual promise of non-disclosure, or nonpublic personal information.  MGM objects to the Request as vague and ambiguous in that it fails to specify the Documents it requests with adequate specificity.

Based on the foregoing objections, MGM will not produce documents responsive to this Request at this time.

**Request No. 7:**

All Documents concerning the allegations made regarding *The Apprentice* or *The Celebrity Apprentice* in the Complaint.

**Objections to Request No. 7:**

MGM incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein.  MGM objects that the

stated definition of Documents only includes information belonging to Trump Productions, making all information requested necessarily outside of the custody and control of MGM. MGM objects to this Request to the extent it seeks information that is irrelevant to any party's claim or defense in this action, and is not proportional to the needs of the case. MGM objects that this Request seeks information that is available to Plaintiffs through sources other than MGM and through less burdensome means, including from the parties to the above-captioned litigation. MGM objects to this Request as vague, ambiguous and overbroad as to what "concerning the allegations made regarding *The Apprentice* or *The Celebrity Apprentice* in the Complaint" means, and as inappropriate in that the Request attempts to impose upon MGM the burden of interpreting Plaintiffs' complaint rather than specifying the documents sought with reasonable particularity. MGM further objects to this Request as it fails to reasonably describe the documents sought. MGM further objects to this Request to the extent it seeks documents or information containing confidential and/or proprietary business information, trade secrets, confidential information obtained by MGM under contractual promise of non-disclosure, or nonpublic personal information.

Based on the foregoing objections, MGM will not produce documents responsive to this Request at this time.

**Request No. 8:**

All Documents, including, but not limited to, video footage or recordings in any form, created in connection with the March 22, 2009 and March 27, 2011 episodes of *The Celebrity Apprentice*.

**Objections to Request No. 8:**

MGM incorporates by reference the Preliminary Statement, General Objections, and

Objections to Definitions and Instructions as if fully set forth herein.  MGM objects that the

stated definition of Documents only includes information belonging to Trump Productions,

making all information requested necessarily outside of the custody and control of MGM.  MGM

objects to this Request as it is overbroad in its request, and as such is unduly burdensome and

oppressive as applied to a non-party, such that the burden and expense of compliance outweighs

any possible benefit to Plaintiffs.  MGM further objects to this Request as not calculated to lead

to the discovery of admissible evidence to the extent that such footage or recordings does not

feature ACN.  MGM objects to the extent that this Request seeks information that is available to

Plaintiffs through sources other than MGM and through less burdensome means, including from

the parties to the above-captioned litigation, public sources or records, and/or other sources to

which Plaintiffs have equal access.  MGM further objects to this Request to the extent it seeks

documents or information containing confidential and/or proprietary business information, trade

secrets, confidential information obtained by MGM under contractual promise of non-disclosure,

or nonpublic personal information.  MGM objects to the Request as vague and ambiguous in that

it fails to specify the Documents it requests with adequate specificity.

Based on the foregoing objections, MGM will not produce documents responsive to this

Request at this time.

**Request No. 9:**

Documents sufficient to show all payments made by ACN in connection with ACN's

March 22, 2009 and March 27, 2011 appearances on *The Celebrity Apprentice*.

**Objections to Request No. 9:**

MGM incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein.  MGM objects that the stated definition of Documents only includes information belonging to Trump Productions, making all information requested necessarily outside of the custody and control of MGM. Subject to and without waiving the foregoing objections, and subject to the Protective Order in this case, MGM will produce its agreements with ACN, which reflect the agreed payments by ACN.

**Request No. 10:**

All promotional materials for *The Celebrity Apprentice* that use or refer to a name, image, or statement of ACN in any way.

**Objections to Request No. 10:**

MGM incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein.  MGM objects to this Request as it is overbroad, and as such is unduly burdensome and oppressive as applied to a non-party, such that the burden and expense of compliance outweighs any possible benefit to Plaintiffs.  MGM further objects to this Request as not calculated to lead to the discovery of admissible evidence.  MGM objects that this Request seeks information that is available to Plaintiffs through sources other than MGM and through less burdensome means, including from public sources or records or from parties to the above-captioned litigation.

Based on the foregoing objections, MGM will not produce documents responsive to this Request at this time.

**Request No. 11:**

Documents sufficient to show the fees charged to brands in order to appear on *The Apprentice* or *The Celebrity Apprentice*.

**Objections to Request No. 11:**

MGM incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein. MGM objects that the stated definition of Documents only includes information belonging to Trump Productions, making all information requested necessarily outside of the custody and control of MGM. MGM objects to this Request as not relevant to the claims and defenses of any party and not proportional to the needs of this case. MGM further objects to this Request as it is overbroad as to time and without reasonable limitation in scope (including, but not limited to, the fact that it seeks information about fees charged from all brands featured in all episodes for over ten years), and as such is unduly burdensome and oppressive as applied to a non-party, such that the burden and expense of compliance outweighs any possible benefit to Plaintiffs. MGM further objects to this Request to the extent it seeks documents or information containing confidential and/or proprietary business information, trade secrets, confidential information obtained by MGM under contractual promise of non-disclosure, or nonpublic personal information.

Subject to and without waiving the foregoing objections, and subject to the Protective Order entered in this case, MGM will produce documents sufficient to show fees charged to ACN for its appearance.

**Request No. 12:**

Documents sufficient to show the degree of editorial control exercised by Trump over content aired on *The Apprentice* and *The Celebrity Apprentice,* including, but not limited to ACN's March 22, 2009 and March 27, 2011 appearances on *The Celebrity Apprentice*.

**Objections to Request No. 12:**

MGM incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if fully set forth herein.  MGM objects that the stated definition of Documents only includes information belonging to Trump Productions, making all information requested necessarily outside of the custody and control of MGM.  MGM objects to this Request as vague and ambiguous as to what documents are "sufficient to show the degree of editorial control."   MGM objects to this Request as not relevant to the claims and defenses of any party and not proportional to the needs of this case.  MGM objects that this Request seeks information that is available to Plaintiffs through sources other than MGM and through less burdensome means, including from the parties to the above-captioned litigation.

Based on the foregoing objections, MGM will not produce documents responsive to this Request at this time.

Dated:  October 25, 2019

Respectfully Submitted

By: _____
Marvin S. Putnam (Cal. Bar # 212839)
Jessica Stebbins Bina (Cal. Bar # 248485)
LATHAM & WATKINS LLP
10250 Constellation Blvd. Suite 1100
Los Angeles, California 90067
Tel:  (424) 653-5500
Fax:  (424) 653-5501
mavin.putnam@lw.com
jessica.stebbinsbina@lw.com

Attorneys for Non-Party Metro-Goldwyn-Mayer Studios Inc.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 10250 Constellation Boulevard, Suite 1100, Los Angeles, CA  90067.

On **October 25, 2019**, I served the following document described as:

### NON-PARTY METRO-GOLDWYN-MAYER STUDIOS, INC.'S OBJECTIONS TO PLAINTIFFS' SUBPOENA

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service.  Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid.  I deposited in Latham & Watkins LLP's interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

Kaplan Hecker & Fink LLP
ATTN: Roberta Kaplan
350 Fifth Avenue, Suite 7110
New York, NY 10118

I declare that I am a member of the Bar of California and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **October 25, 2019**, at Los Angeles, California.

_____
Alice Hoesterey