USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/13/2020

February 12, 2020

ACN Opportunity, LLC shall, by February 18, 2020, file on ECF a letter providing an explanation as to why portions of the Letter should be sealed under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

**BY ECF**

Plaintiffs shall serve this Order on ACN Opportunity, LLC and file proof of service on ECF by February 14, 2020.

Dated: February 13, 2020
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Jane Doe, et al.* v. *The Trump Corporation, et al.*, l8-cv-09936 (LGS)

Dear Judge Schofield:

We write on behalf of Plaintiffs in the above-referenced action, pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases ("Individual Rules"), to respectfully request the Court's provisional approval to file with redactions a letter we submitted to Chambers by email yesterday evening (the "Letter") concerning certain actions taken by ACN Opportunity, LLC ("ACN"). For the reasons set forth below, and consistent with the Court's Individual Rules, we are provisionally filing the letter with redactions based on ACN's assertion of confidentiality with respect to certain portions of the Letter, an assertion with which Plaintiffs respectfully disagree.

Following our submission of the Letter, Plaintiffs have met and conferred with Defendants and counsel for ACN concerning the filing of the Letter on the public docket. No party has any objection to the public filing of the Letter, but counsel for ACN has asserted a confidentiality interest with respect to the four bullet points that appear at the bottom of page 1 and the top of page 2.[1]

Given that the remainder of the letter reflects both the existence of the putative arbitration demands and the fact that those putative demands attempt to interfere with the pending motion to compel and the Court's jurisdiction with respect to Rule 45 subpoenas, Plaintiffs disagree with

---

[1] Earlier this afternoon, we were surprised to learn from ACN that ACN had initiated an *ex-parte* call with Chambers concerning these matters, in apparent violation of the Court's Individual Rules requiring counsel calling Chambers to "include all counsel on the call." (Individual Rule I.B.3.)

KAPLAN HECKER & FINK LLP                                                           2

ACN's assertion of confidentiality with respect to the bullet points specifically.[2]  Nevertheless, Plaintiffs submit this letter consistent with the applicable procedures set forth in the Court's Individual Rules where the filing party is not the entity asserting an interest in the confidential treatment of the redacted information.

Accordingly, Plaintiffs have provisionally redacted the four bullet points from the Letter on the public docket.[3]  We note, however, that pursuant to Rule I.D.3 of this Court's Individual Rules, it is ACN—the entity "with an interest in confidential treatment"—that "bears the burden of persuasion" with respect to these provisional redactions.

Thank you for your attention to this matter.

Respectfully submitted,

John C. Quinn

cc:     Counsel of Record (*via* ECF)
        Counsel for ACN Opportunity, LLC (*via* certified overnight delivery service and email)

---

[2] Defendants have indicated that they have no objection to ACN's proposed redactions.

[3] In accordance with Rule I.D.3, an unredacted copy of the Letter with redactions highlighted will be filed contemporaneously with this letter motion. *See* Standing Order, 19-mc-00583 (Dec. 19, 2019); Electronic Case Filing Rules & Instructions, Rule 6.8.  Plaintiffs will timely serve the unredacted Letter on ACN and Defendants.