UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
JANE DOE, LUKE LOE, RICHARD ROE, :
and MARY MOE, individually and on behalf : 18-cv-09936 (LGS)
of all others similarly situated, :
:
       *Plaintiffs*, :
:
v. :
:
THE TRUMP CORPORATION, DONALD J. :
TRUMP, in his personal capacity, DONALD :
TRUMP, JR., ERIC TRUMP, and IVANKA :
TRUMP, :
:
       *Defendants*. :
:
------------------------------------------------------------ X

### DECLARATION OF DAVID MERRIMAN IN SUPPORT OF ACN OPPORTUNITY, LLC'S (ACN) OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND IN SUPPORT OF ACN'S CROSS-MOTION TO COMPEL ARBITRATION

David Merriman, pursuant to 29 U.S.C. § 1746, declares the following under penalty of perjury:

1. I am the Executive Vice President for ACN Communication Services, LLC, an affiliate of ACN Opportunity, LLC ("ACN"). I have been employed with ACN for 24 years.

2. I submit this declaration in support of ACN's opposition to Plaintiffs' motion to compel ACN's compliance with their subpoena to ACN in this matter (the "Subpoena") and ACN's cross-motion to compel arbitration of *all* disputes arising from or relating to the Independent Business Owner ("IBO") Agreements that form the basis of Plaintiffs' claims in this matter.

3. ACN has estimated that complying with the Subpoena as served and without any limitation would require significant employee and outside counsel time and would cause ACN to incur substantial actual and imputed costs.

4. ACN estimates, for example, that complying with the Subpoena as served and without any limitation would require approximately 200 hours of employee time to locate, isolate, and transfer thousands of electronic files and more than one hundred physical files that may include responsive documents; at an estimated imputed hourly rate of between US $75-$100, this amounts to a cost to ACN of $15,000 to $20,000, not to mention the unquantifiable distraction and burden on ACN employees. ACN also will be forced to incur additional costs in retaining outside counsel to review potentially responsive materials for responsiveness and privilege, and to process materials for production. Based on ACN's past experience, ACN estimates that the cost of retaining outside counsel for these purposes would be at least $15,000-$25,000. Also based on past experience, if ACN is required to utilize an outside vendor for processing and production, that cost could easily amount to $20,000. And each of these estimated costs could be higher, depending on the volume of documents ACN identifies as potentially responsive to Plaintiffs' thirty-two separate document demands.

5. ACN does not have the resources available to allocate to this effort with its current staffing and business priorities. If ACN is required to divert resources to compliance with the Subpoena as served, the cost to ACN is certain but inestimable. For example, if ACN is required to divert resources from a planned market or product launch, causing a delay in that launch, ACN would be subject to exponential losses from missed IBO and customer opportunities.

6. Since at least 2011, ACN's IBO Agreements have incorporated arbitration agreements requiring that all disputes arising out of or relating to the IBO Agreement be brought in arbitration.

7. Based on these arbitration agreements, ACN has objected to the Subpoena and commenced individual proceedings against Plaintiffs with the American Arbitration Association pursuant to the Commercial Rules. ACN served four arbitration demands on counsel of record for the four Plaintiffs in this matter on February 10, 2020, seeking declaratory and other relief. The seat of the arbitration is Charlotte, North Carolina. Beyond the facts disclosed herein, the content of the arbitration demand is strictly confidential.

Executed:   February 14, 2020         By: _____