UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ X
JANE DOE, LUKE LOE, RICHARD ROE,    :
and MARY MOE, individually and on behalf  :      18-cv-09936 (LGS)
of all others similarly situated,          :
                                           :
              Plaintiffs,                  :
                                           :
v.                                         :
                                           :
THE TRUMP CORPORATION, DONALD J.    :
TRUMP, in his personal capacity, DONALD   :
TRUMP, JR., ERIC TRUMP, and IVANKA   :
TRUMP,                                     :
                                           :
              Defendants.                  ;
                                           :
------------------------------------------------------ X
```

### DECLARATION OF MARK HENRIQUES, ESQ. IN SUPPORT OF ACN OPPORTUNITY, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND IN SUPPORT OF ACN'S CROSS-MOTION TO COMPEL ARBITRATION

Mark Henriques, Esq., pursuant to 29 U.S.C. § 1746, declares the following under penalty of perjury:

1.     I am a partner with the law firm of Womble Bond Dickinson (US) LLP ("Womble Bond") based in Charlotte, North Carolina, and have provided outside legal counsel to ACN Opportunity, LLC ("ACN") for several years.

2.     I submit this declaration in support of ACN's opposition to Plaintiffs' motion to compel ACN's compliance with their subpoena to ACN in this matter (the "Subpoena") and ACN's cross-motion to compel arbitration of all disputes arising from or relating to the Independent Business Owner Agreements (the "IBO Agreements") that form the basis of Plaintiffs' claims in this matter.

3.      On February 10, 2020, Womble Bond submitted four Demands for Arbitration to the American Arbitration Association ("AAA") on behalf of ACN, naming as respondents Jane Doe, Richard Roe, Mary Moe, and Luke Loe.  The Demands seek declaratory and other relief based on the arbitration agreements incorporated into each Respondent's IBO Agreement with ACN.

4.      Also on February 10, 2020, we served each of Plaintiffs/Respondents' counsel of record in this case with the Demands by Federal Express.

5.      On February 11, 2020, counsel of record acknowledged receipt of the Demands in a letter sent to this Court by email.  That letter subsequently was docketed in this case at ECF Nos. 163 (redacted) and 164 (unredacted).

6.      On February 13, 2020, I received a letter from James Daubert, AAA Case Filing Supervisor indicating that AAA had administratively determined that the Demands did not comply with Rule 4 of the Commercial Arbitration Rules because "the name of the respondents and an agreement between the parties was not provided" with the Demands.  The letter further stated that "absent receipt of these minimum filing requirements or court order to arbitrate these matters," the Demands would be returned.  This determination stemmed from the fact that ACN does not know the Plaintiffs/Respondents' real names and has been unable to identify their specific enrollment information.   As a result, ACN named the Plaintiffs/Respondents by their own adopted pseudonyms and provided with each Demand for Arbitration all possible IBO Agreements under which Plaintiffs/Respondents would have enrolled based on the dates provided in the Amended Complaint filed in is matter.  Each of these IBO Agreements requires arbitration under the AAA commercial rules.

7.      I immediately contacted AAA to dispute that administrative determination.  I spoke with Ryan Boyle, a Vice President of the AAA in New York, who agreed that I could submit a letter outlining ACN's compliance with Rule 4, that AAA would afford Plaintiffs/Respondents' counsel an opportunity to respond, and that AAA would make a decision about filing the Demands following such submissions.  I have submitted the requested letters to AAA outlining ACN's compliance with Rule 4.  Copies of these letters are attached as Exhibits 1-4.

8.      Pending a decision from AAA, ACN reserves its right to seek relief from this Court, any other court of competent jurisdiction, and/or AAA to require Plaintiffs/Respondents to disclose their true identities to ACN.  Plaintiff/Respondents should not be permitted to hide behind pseudonyms to avoid their contractual obligations to ACN.


Executed:      February 14, 2020

Mark P. Henriques
(NC State Bar: 18701)
WOMBLE BOND DICKINSON (US) LLP
3500 One Wells Fargo Center
301 South College Street
Charlotte, NC  28202
Phone: (704) 331-4912
Facsimile: (704) 338-7830
E-mail: Mark.Henriques@wbd-us.com

# EXHIBIT 1

womblebonddickinson.com



**WOMBLE BOND DICKINSON**

**February 14, 2020**

By E-mail to : DaubertJ@adr.org

James Daubert
Case Filing Supervisor
American Arbitration Association
1101 Larel Oak Road
Voorhees, NY 08043

Womble Bond Dickinson (US) LLP

One Wells Fargo Center
Suite 3500, 301 South College Street
Charlotte, NC 28202-6037

t:  704.331.4900
f:  704.331.4955

Re:     **ACN Opportunity, LLC v. Robert Roe / AAA Case: 01-20-00004716**

Mark P. Henriques
Partner
Direct Dial: 704-331-4912
Direct Fax: 704-338-7830
E-mail: Mark.Henriques@wbd-us.com

Dear Mr. Daubert:

Thank you for your letter of February 13, 2020, to which this letter responds.   After receiving your letter, I spoke with Ryan Boyle, who asked that I write this letter to share the details of this matter so that the AAA can re-assess whether to accept this filing.

This case involves highly unusual, perhaps unique, circumstances.  For the reasons set forth below, ACN Opportunity, LLC ("ACN") has complied with the AAA Rules, and we therefore respectfully request that the AAA proceed with filing these demands.  Any questions about the proper name to list for respondents, or the specific arbitration agreements that were executed, must be decided by an arbitrator under Rules 4(c) and 7.

<u>ACN Complied with Rule 4(a)</u>

Commencing an arbitration based on an existing arbitration agreement requires only three things: 1) filing a Demand for Arbitration, 2) paying the administrative filing fee, and 3) attaching a copy of the applicable arbitration agreement from the parties' contract.[1]  Because ACN complies with each of these requirements, the filing should proceed. **AAA Commercial Arbitration Rules, Rule 4(a).**

There is no dispute that ACN submitted a Demand for Arbitration and the appropriate filing fee.   Your letter suggests that "an agreement between the parties" was not provided.   The requirement under Rule 4 is that ACN attach a copy of the applicable arbitration agreement from the parties' contract. ACN did exactly this by attaching the IBO Agreement form in effect when Roe enrolled with and was an IBO with ACN based on Roe's own representations in a federal court pleading, which amounts to a judicial admission.  (Exhibit C to the Demand for Arbitration) See also Demand for Arbitration (Exhibit 2) ¶¶ 18-20.  This Agreement contains within in it an agreement requiring arbitration under the AAA Commercial Arbitration Rules.   ACN's IBO

---

[1] Notably requirement 3) does not require filing a copy of the parties' contract, only a copy of the arbitration agreement. This is consistent with the rule that a "written provision to settle by arbitration a controversy is valid, irrevocable, and enforceable without mention of the validity of the contract in which it is contained. Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70, 130 S. Ct. 2772, 2778, 177 L. Ed. 2d 403 (2010).  ACN could have simply provided the relevant arbitration clause and satisfied this filing requirement.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/legal notices for further details.



February 14, 2020
Page 2

enrollment process is electronic (i.e. online), and Roe could not have enrolled as an IBO with ACN without having agreed to these terms.  To the extent there remains a question as to whether this condition has been met, Rule 4(c) provides that "any dispute regarding whether a condition precedent has been met may be raised to the arbitrator for determination." . . .

Indeed, in connection with a class action pending in the Southern District of New York, Richard Roe and the other respondents do not dispute they executed an IBO Agreement with an arbitration clause.  (See Demand for Arbitration, Exhibit B, pages 8-9).  Even if Roe were to now claim that he did not execute an IBO Agreement containing an arbitration agreement (which he has not done in the course of the federal proceeding), this issue must be resolved by the arbitrator, not administratively by the AAA. **AAA Rules of Commercial Arbitration, Rule 7.** ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement").

## ACN Complied with Rule 4(e)

The Demand for Arbitration filed with AAA against Richard Roe identifies him by the name he has chosen to proceed under in the federal action, as well as his place of residency, Maryland. Nothing in Rule 4(e) precludes the use of an alias name.  Moreover, the clear purposes of Rule 4(e) are to provide sufficient identifying information for the claim to proceed and for proper notice to be given, which purposes are satisfied here, as discussed further below.  ACN's Demand for Arbitration (Exhibit 2) is particularly detailed, incorporating all identifying information from the federal action, and provides a complete explanation of the highly unusual circumstances of this matter and the reason for identifying Mr. Roe by his own adopted alias name.  The Demand for Arbitration attached a copy of the Amended Complaint (Exhibit A) so that the arbitrator can reference the relevant allegations when deciding any question about jurisdiction.  ACN seeks relief regarding the subpoena in the SDNY Action, and the arbitrator can potentially enter an award against Richard Roe without knowing his "true" identity.  Because Richard Roe is the relevant name of respondent, ACN's Demand for Arbitration does name the respondent that ACN is seeking relief against, in full compliance with Rule 4(e).

There also can be no question as to proper notice.  Immediately upon filing the Demand, ACN served the Demand on Mr. Roe's numerous counsel of record in the federal action.  As reflected in a letter Mr. Roe's counsel submitted to the Court on February 11, 2020, which was filed on the public docket on February 12, 2020, Mr. Roe's attorneys have acknowledged that service.

## ACN's Demand is Consistent with the Purpose of Rule 4(e)

The AAA requires parties to be identified because it is not in a position to issue abstract rulings involving unknown parties.  Since agreements to arbitrate are based on contract, there must be an identifiable individual.  Typically, "Jane Doe" respondents cannot be identified (for example an unknown driver of an unknown vehicle) and this filing may be properly denied. However, in contrast to these cases, here Richard Roe is a **_known_** individual.  Not only do we know his name as he has asserted it, we know that he works as a food delivery driver. (Exhibit A, ¶236).  We know he filled out a registration form and paid a $499 fee to became an IBO.  (Exhibit A, ¶248).  There is no dispute Roe executed a contract with an arbitration agreement (Demand for Arbitration, Exhibit B, pages 8-9).  Richard Roe is not an unknown actor, but a known,



February 14, 2020
Page 3

identifiable individual who the SDNY court is allowing to proceed under a pseudonym for reasons unrelated to ACN.  Roe is represented by counsel who can and already has begun to represent his interests in this arbitration.   Because this matter involves a specific known individual represented by counsel, the AAA's traditional concerns about allowing a filing against unknown parties are inapplicable.  The bottom line is that Richard Roe is the Respondent's name and he is **_known_**.

Questions of Arbitrability Must Be Decided by the Arbitrator under Rules 4(c) and 7

Your letter implies that including a party's "real" name is a condition precedent to filing an arbitration. This is not what the rule requires. It simply requires the name of each party. As described above, ACN has provided the name used by Richard Roe himself.  However, even if this were still in dispute, AAA Commercial Rule 4(c) makes it clear that "Any dispute regarding whether a condition precedent has been met may be raised to the arbitrator for determination."  If Roe's counsel decides to challenge ACN's ability to proceed against Roe without including his legal name, or if counsel argues that Roe did not execute the agreements attached to the Demand, those challenges must be brought before the arbitrator.

An "arbitrability" question is a dispute over whether an arbitration agreement "applies to the particular dispute." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, ––– U.S. –––, 139 S. Ct. 524, 527, 202 L.Ed.2d 480 (2019). Under the Federal Arbitration Act (FAA) and Supreme Court cases, "the question of who decides arbitrability is itself a question of contract." *Id.* "The Act allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes." *Id.* "[P]arties may delegate threshold arbitrability questions to *382 the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Id.* at 530 (*quoting First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)).

Here, the IBO Agreement explicitly incorporated the AAA Commercial Arbitration Rules, including Rule 7. Incorporation in this manner "serves as clear and unmistakable evidence of the parties' intent to delegate such issues [issues of arbitrability] to an arbitrator." *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. 2005).  Rule 7 makes it clear that the arbitrator must decide all questions of jurisdiction.  Accordingly, this matter should be accepted for filing and should proceed.  Any objections raised by Roe should be decided by the arbitrator.

Finally, refusing to file this proceeding runs counter to the principles underlying arbitration and undermines the AAA's ability to arbitrate future disputes which are subject to arbitration agreements.  If filing is refused, any individual seeking to avoid arbitration could, as here, proceed under pseudonym in another forum.  So long as that individual's "real" name remains undisclosed, he or she would be able to avoid arbitration, or even a decision about the arbitrability of the claims. The AAA surely does not want to encourage this type of gamesmanship.  While the party seeking to arbitrate could go to court in an attempt to force disclosure of the "real" name, forcing a party entitled to arbitration to go to court runs afoul of the arbitration agreement and defeats the promise of a speedy and cost-effective resolution of disputes.



February 14, 2020
Page 4

Respectfully,

**Womble Bond Dickinson (US) LLP**

Mark P. Henriques

cc:     Roberta Kaplan, Esq. (via e-mail to rkaplan@kaplanhecker.com)
        Benjamin White, Esq.
        Joshua A. Matz, Esq.
        Emily C. Cole, Esq.
        Matthew J. Craig, Esq.
        David B. Berman, Esq.
        Katherine Rosenfeld, Esq.
        John Quinn, Esq.
        Matthew Brinckerhoff, Esq.
        Ogilvie Andrew F. Wilson, Esq.
        Andrew G. Celli, Esq.
        Nicholas Bourland, Esq.

# EXHIBIT 2

womblebonddickinson.com



**February 14, 2020**

By E-mail to : DaubertJ@adr.org

James Daubert
Case Filing Supervisor
American Arbitration Association
1101 Larel Oak Road
Voorhees, NY 08043

Re:   **ACN Opportunity, LLC v. Mary Moe / AAA Case: 01-20-00004733**

Womble Bond Dickinson (US) LLP

One Wells Fargo Center
Suite 3500, 301 South College Street
Charlotte, NC 28202-6037

t:  704.331.4900
f:  704.331.4955

Mark P. Henriques
Partner
Direct Dial: 704-331-4912
Direct Fax: 704-338-7830
E-mail: Mark.Henriques@wbd-us.com

Dear Mr. Daubert:

Thank you for your letter of February 13, 2020, to which this letter responds.   After receiving your letter, I spoke with Ryan Boyle, who asked that I write to share the details of this matter so that the AAA can re-assess whether to accept this filing.

This case involves highly unusual, perhaps unique, circumstances.   For the reasons set forth below, ACN Opportunity, LLC ("ACN") has complied with the AAA Rules, and we therefore respectfully request that the AAA proceed with filing these demands.   Any questions about the proper name to list for respondents, or the specific arbitration agreements that were executed, must be decided by an arbitrator under Rules 4(c) and 7.

ACN Complied with Rule 4(a)

Commencing an arbitration based on an existing arbitration agreement requires only three things: 1) filing a Demand for Arbitration, 2) paying the administrative filing fee, and 3) attaching a copy of the applicable arbitration agreement from the parties' contract.[1]   Because ACN complied with each of these requirements, the filing should proceed. **AAA Commercial Arbitration Rules, Rule 4(a).**

There is no dispute that ACN submitted a Demand for Arbitration and the appropriate filing fee.   Your letter suggests that "an agreement between the parties" was not provided.   The requirement under Rule 4 is that ACN attach a copy of the applicable arbitration agreement from the parties' contract. ACN did exactly this by attaching copies of the IBO Agreement forms in effect when Moe enrolled with and was an IBO with ACN based on Moe's own representations in a federal court pleading, which amounts to a judicial admission.   (Exhibits C, D, and E to the Demand for Arbitration) See also Demand for Arbitration (Exhibit 2) ¶¶14-21.   Each of these

---

[1] Notably requirement 3) does not require filing a copy of the parties' contract, only a copy of the arbitration agreement. This is consistent with the rule that a "written provision to settle by arbitration a controversy is valid, irrevocable, and enforceable without mention of the validity of the contract in which it is contained. Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Ctr., W., Inc. v. Jackson,* 561 U.S. 63, 70, 130 S. Ct. 2772, 2778, 177 L. Ed. 2d 403 (2010).   ACN could have simply provided the relevant arbitration clause and satisfied this filing requirement.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/legal notices for further details.



February 14, 2020
Page 2

Agreements contains within in it an agreement requiring arbitration under the AAA Commercial Arbitration Rules.  ACN's IBO enrollment process is electronic (i.e. online), and Moe could not have enrolled as an IBO with ACN without having agreed to these terms.  To the extent there remains a question as to whether this condition has been met, Rule 4(c) provides that "any dispute regarding whether a condition precedent has been met may be raised to the arbitrator for determination." . . .

Indeed, in connection with a class action pending in the Southern District of New York, Mary Moe and the other respondents do not dispute they executed an IBO Agreement with an arbitration clause.  (See Demand for Arbitration, Exhibit B, pages 8-9).  Even if Moe were to now claim that she did not execute an IBO Agreement containing an arbitration agreement (which she has not done in the course of the federal proceeding), this issue must be resolved by the arbitrator, not administratively by the AAA.  **AAA Rules of Commercial Arbitration, Rule 7.** ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement").

ACN Complied with Rule 4(e)

The Demand for Arbitration filed with AAA against Mary Moe identifies her by the name she has chosen to proceed under in the federal action, as well as her place of residency, Pennsylvania.  Nothing in Rule 4(e) precludes the use of an alias name.  Moreover, the clear purposes of Rule 4(e) are to provide sufficient identifying information for the claim to proceed and for proper notice to be given, which purposes are satisfied here, as discussed further below.  ACN's Demand for Arbitration (Exhibit 2) is particularly detailed, incorporating all identifying information from the federal action, and provides a complete explanation of the highly unusual circumstances of this matter and the reason for identifying Ms. Moe by her own adopted alias name.  The Demand for Arbitration attached a copy of the Amended Complaint (Exhibit A) so that the arbitrator can reference the relevant allegations when deciding any question about jurisdiction.  ACN seeks relief regarding the subpoena in the SDNY Action, and the arbitrator can potentially enter an award against Mary Moe without knowing her "true" identity.  Because Mary Moe is the relevant name of respondent, ACN's Demand for Arbitration does name the respondent that ACN is seeking relief against, in full compliance with Rule 4(e).

There also can be no question as to proper notice.  Immediately upon filing the Demand, ACN served the Demand on Ms. Moe's numerous counsel of record in the federal action.  As reflected in a letter Ms. Moe's counsel submitted to the Court on February 11, 2020, which was filed on the public docket on February 12, 2020, Ms. Moe's attorneys have acknowledged that service.

ACN's Demand is Consistent with the Purpose of Rule 4(e)

The AAA requires parties to be identified because it is not in a position to issue abstract rulings involving unknown parties.  Since agreements to arbitrate are based on contract, there must be an identifiable individual.  Typically, "Jane Doe" respondents cannot be identified (for example an unknown driver of an unknown vehicle) and this filing may be properly denied.  However, in contrast to these cases, here Mary Moe is a ***known*** individual.  Not only do we know her name as she has asserted it, we know that she works in Pennsylvania at a national retail store. (Exhibit A, ¶258).  We know she signed up with ACN in 2013. (Exhibit A, ¶259).  Moe paid



the $499 registration fee to became an IBO.  (Exhibit A, ¶269).  There is no dispute Moe executed a contract with an arbitration agreement (Demand for Arbitration, Exhibit B, pages 8-9).  Ms. Moe is not an unknown actor, but a known, identifiable individual who the SDNY court is allowing to proceed under a pseudonym for reasons unrelated to ACN.  Moe is represented by counsel who can and already has begun to represent her interests in this arbitration.  Because this matter involves a specific known individual represented by counsel, the AAA's traditional concerns about allowing a filing against unknown parties are inapplicable.  The bottom line is that Mary Moe is the Respondent's name and she is **_known_**.

<ins>Questions of Arbitrability Must Be Decided by the Arbitrator under Rules 4(c) and 7</ins>

Your letter implies that including a party's "real" name is a condition precedent to filing an arbitration.  This is not what the rule requires.  It simply requires the name of each party.  As described above, ACN has provided the name used by Mary Moe herself.  However, even if this were still in dispute, AAA Commercial Rule 4(c) makes it clear that "Any dispute regarding whether a condition precedent has been met may be raised to the arbitrator for determination."  If Moe's counsel decides to challenge ACN's ability to proceed against Moe without including her legal name, or if counsel argues that Moe did not execute the agreements attached to the Demand, those challenges must be brought before the arbitrator.

An "arbitrability" question is a dispute over whether an arbitration agreement "applies to the particular dispute." _Henry Schein, Inc. v. Archer & White Sales, Inc.,_ —— U.S. ——, 139 S. Ct. 524, 527, 202 L.Ed.2d 480 (2019).  Under the Federal Arbitration Act (FAA) and Supreme Court cases, "the question of who decides arbitrability is itself a question of contract." _Id._ "The Act allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes." _Id._ "[P]arties may delegate threshold arbitrability questions to *382 the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." _Id._ at 530 (_quoting First Options of Chicago, Inc. v. Kaplan,_ 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)).

Here, the IBO Agreement explicitly incorporated the AAA Commercial Arbitration Rules, including Rule 7.  Incorporation in this manner "serves as clear and unmistakable evidence of the parties' intent to delegate such issues [issues of arbitrability] to an arbitrator." _Contec Corp. v. Remote Solution Co.,_ 398 F.3d 205, 208 (2d Cir. 2005).  Rule 7 makes it clear that the arbitrator must decide all questions of jurisdiction.  Accordingly, this matter should be accepted for filing and should proceed.  Any objections raised by Moe should be decided by the arbitrator.

Finally, refusing to file this proceeding runs counter to the principles underlying arbitration and undermines the AAA's ability to arbitrate future disputes which are subject to arbitration agreements.  If filing is refused, any individual seeking to avoid arbitration could, as here, proceed under pseudonym in another forum.  So long as that individual's "real" name remains undisclosed, he or she would be able to avoid arbitration, or even a decision about the arbitrability of the claims.  The AAA surely does not want to encourage this type of gamesmanship.  While the party seeking to arbitrate could go to court in an attempt to force disclosure of the "real" name, forcing a party entitled to arbitration to go to court runs afoul of the arbitration agreement and defeats the promise of a speedy and cost-effective resolution of disputes.



February 14, 2020
Page 4

Respectfully,

**Womble Bond Dickinson (US) LLP**

Mark P. Henriques

cc:     Roberta Kaplan, Esq. (via e-mail to rkaplan@kaplanhecker.com)
        Benjamin White, Esq.
        Joshua A. Matz, Esq.
        Emily C. Cole, Esq.
        Matthew J. Craig, Esq.
        David B. Berman, Esq.
        Katherine Rosenfeld, Esq.
        John Quinn, Esq.
        Matthew Brinckerhoff, Esq.
        Ogilvie Andrew F. Wilson, Esq.
        Andrew G. Celli, Esq.
        Nicholas Bourland, Esq.

# EXHIBIT 3

wemblebonddickinson.com



WOMBLE
BOND
DICKINSON

**February 14, 2020**

By E-mail to : DaubertJ@adr.org

James Daubert
Case Filing Supervisor
American Arbitration Association
1101 Larel Oak Road
Voorhees, NY 08043

Womble Bond Dickinson (US) LLP

One Wells Fargo Center
Suite 3500, 301 South College Street
Charlotte, NC 28202-6037

t:   704.331.4900
f:   704.331.4955

Re:     **ACN Opportunity, LLC v. Luke Loe / AAA Case: 01-20-00004735**

Mark P. Henriques
Partner
Direct Dial: 704-331-4912
Direct Fax: 704-338-7830
E-mail: Mark.Henriques@wbd-us.com

Dear Mr. Daubert:

Thank you for your letter of February 13, 2020, to which this letter responds.   After receiving your letter, I spoke with Ryan Boyle, who suggested I write to share the details of this matter so the AAA could re-assess whether to accept this filing.

This case involves highly unusual, perhaps unique, circumstances.   For the reasons set forth below, ACN Opportunity, LLC ("ACN") has complied with the AAA Rules, and we therefore respectfully request that the AAA proceed with filing these demands.   Any questions about the proper name to list for respondents, or the specific arbitration agreements that were executed, must be decided by an arbitrator under Rules 4(c) and 7.

ACN Complied with Rule 4(a)

Commencing an arbitration based on an existing arbitration agreement requires only three things: 1) filing a Demand for Arbitration, 2) paying the administrative filing fee, and 3) attaching a copy of the applicable arbitration agreement from the parties' contract.[1]  Because ACN complies with each of these requirements, the filing should proceed. **AAA Commercial Arbitration Rules, Rule 4(a).**

There is no dispute that ACN submitted a Demand for Arbitration and the appropriate filing fee.   Your letter suggests that "an agreement between the parties" was not provided.   The requirement under Rule 4 is that ACN attach a copy of the applicable arbitration agreement from the parties' contract. ACN did exactly this by attaching the IBO Agreement form in effect when Loe enrolled with and was an IBO with ACN based on Loe's own representations in a federal court pleading, which amounts to a judicial admission.   (Exhibit C to the Demand for Arbitration) See also Demand for Arbitration (Exhibit 2) ¶¶ 17-22.   This Agreement contains within it an

---

[1] Notably requirement 3) does not require filing a copy of the parties' contract, only a copy of the arbitration agreement. This is consistent with the rule that a "written provision to settle by arbitration a controversy is valid, irrevocable, and enforceable without mention of the validity of the contract in which it is contained. Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70, 130 S. Ct. 2772, 2778, 177 L. Ed. 2d 403 (2010).  ACN could have simply provided the relevant arbitration clause and satisfied this filing requirement.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/legal notices for further details.



February 14, 2020
Page 2

agreement requiring arbitration under the AAA Commercial Arbitration Rules. ACN's IBO enrollment process is electronic (i.e. online), and Loe could not have enrolled as an IBO with ACN without having agreed to these terms. To the extent there remains a question as to whether this condition has been met, Rule 4(c) provides that "any dispute regarding whether a condition precedent has been met may be raised to the arbitrator for determination." . . .

Indeed, in connection with a class action pending in the Southern District of New York, Luke Loe and the other respondents do not dispute they executed an IBO Agreement with an arbitration clause. (See Demand for Arbitration, Exhibit B, pages 8-9). Even if Loe were to now claim that he did not execute an IBO Agreement containing an arbitration agreement (which he has not done in the course of the federal proceeding), this issue must be resolved by the arbitrator, not administratively by the AAA. **AAA Rules of Commercial Arbitration, Rule 7.** ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement").

ACN Complied with Rule 4(e)

The Demand for Arbitration filed with AAA against Luke Loe identifies him by the name he has chosen to proceed under in the federal action, as well as his place of residency, California. Nothing in Rule 4(e) precludes the use of an alias name. Moreover, the clear purposes of Rule 4(e) are to provide sufficient identifying information for the claim to proceed and for proper notice to be given, which purposes are satisfied here, as discussed further below. ACN's Demand for Arbitration (Exhibit 2) is particularly detailed, incorporating all identifying information from the federal action, and provides a complete explanation of the highly unusual circumstances of this matter and the reason for identifying Mr. Loe by his own adopted alias name. The Demand for Arbitration attached a copy of the Amended Complaint (Exhibit A) so that the arbitrator can reference the relevant allegations when deciding any question about jurisdiction. ACN seeks relief regarding the subpoena in the SDNY Action, and the arbitrator can potentially enter an award against Luke Loe without knowing his "true" identity. Because Luke Loe is the relevant name of respondent, ACN's Demand for Arbitration does name the respondent that ACN is seeking relief against, in full compliance with Rule 4(e).

There also can be no question as to proper notice. Immediately upon filing the Demand, ACN served the Demand on Mr. Loe's numerous counsel of record in the federal action. As reflected in a letter Mr. Loe's counsel submitted to the Court on February 11, 2020, which was filed on the public docket on February 12, 2020, Mr. Loe's attorneys have acknowledged that service.

ACN's Demand is Consistent with the Purpose of Rule 4(e)

The AAA requires parties to be identified because it is not in a position to issue abstract rulings involving unknown parties. Since agreements to arbitrate are based on contract, there must be an identifiable individual. Typically, "Jane Doe" respondents cannot be identified (for example an unknown driver of an unknown vehicle) and this filing may be properly denied. However, in contrast to these cases, here Luke Loe is a **_known_** individual. Not only do we know his name as he has asserted it, we know that he heard about ACN while working for the Salvation Army. (Exhibit A, ¶220). We know Loe borrowed the $499 fee to become an IBO. (Exhibit A, ¶225). There is no dispute Loe executed a contract with an arbitration agreement (Demand for



February 14, 2020
Page 3

Arbitration, Exhibit B, pages 8-9). Luke Loe is not an unknown actor, but a known, identifiable individual who the SDNY court is allowing to proceed under a pseudonym for reasons unrelated to ACN. Loe is represented by counsel who can and already has begun to represent his interests in this arbitration. Because this matter involves a specific known individual represented by counsel, the AAA's traditional concerns about allowing a filing against unknown parties are inapplicable. The bottom line is that Luke Loe is the Respondent's name and he is **_known_**.

Questions of Arbitrability Must Be Decided by the Arbitrator under Rules 4(c) and 7

Your letter implies that including a party's "real" name is a condition precedent to filing an arbitration. This is not what the rule requires. It simply requires the name of each party. As described above, ACN has provided the name used by Luke Loe himself. However, even if this were still in dispute, AAA Commercial Rule 4(c) makes it clear that "Any dispute regarding whether a condition precedent has been met may be raised to the arbitrator for determination." If Loe's counsel decides to challenge ACN's ability to proceed against Loe without including his legal name, or if counsel argues that Loe did not execute the agreements attached to the Demand, those challenges must be brought before the arbitrator.

An "arbitrability" question is a dispute over whether an arbitration agreement "applies to the particular dispute." _Henry Schein, Inc. v. Archer & White Sales, Inc._, —— U.S. ——, 139 S. Ct. 524, 527, 202 L.Ed.2d 480 (2019). Under the Federal Arbitration Act (FAA) and Supreme Court cases, "the question of who decides arbitrability is itself a question of contract." _Id._ "The Act allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes." _Id._ "[P]arties may delegate threshold arbitrability questions to *382 the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." _Id._ at 530 (_quoting First Options of Chicago, Inc. v. Kaplan_, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)).

Here, the IBO Agreement explicitly incorporated the AAA Commercial Arbitration Rules, including Rule 7. Incorporation in this manner "serves as clear and unmistakable evidence of the parties' intent to delegate such issues [issues of arbitrability] to an arbitrator." _Contec Corp. v. Remote Solution Co._, 398 F.3d 205, 208 (2d Cir. 2005). Rule 7 makes it clear that the arbitrator must decide all questions of jurisdiction. Accordingly, this matter should be accepted for filing and should proceed. Any objections raised by Loe should be decided by the arbitrator.

Finally, refusing to file this proceeding runs counter to the principles underlying arbitration and undermines the AAA's ability to arbitrate future disputes which are subject to arbitration agreements. If filing is refused, any individual seeking to avoid arbitration could, as here, proceed under pseudonym in another forum. So long as that individual's "real" name remains undisclosed, he or she would be able to avoid arbitration, or even a decision about the arbitrability of the claims. The AAA surely does not want to encourage this type of gamesmanship. While the party seeking to arbitrate could go to court in an attempt to force disclosure of the "real" name, forcing a party entitled to arbitration to go to court runs afoul of the arbitration agreement and defeats the promise of a speedy and cost-effective resolution of disputes.



February 14, 2020
Page 4

Respectfully,

**Womble Bond Dickinson (US) LLP**

Mark P. Henriques

cc:    Roberta Kaplan, Esq. (via e-mail to rkaplan@kaplanhecker.com)
       Benjamin White, Esq.
       Joshua A. Matz, Esq.
       Emily C. Cole, Esq.
       Matthew J. Craig, Esq.
       David B. Berman, Esq.
       Katherine Rosenfeld, Esq.
       John Quinn, Esq.
       Matthew Brinckerhoff, Esq.
       Ogilvie Andrew F. Wilson, Esq.
       Andrew G. Celli, Esq.
       Nicholas Bourland, Esq.

# EXHIBIT 4

womblebonddickinson.com



WOMBLE
BOND
DICKINSON

**February 14, 2020**

By E-mail to : DaubertJ@adr.org

James Daubert
Case Filing Supervisor
American Arbitration Association
1101 Larel Oak Road
Voorhees, NY 08043

Womble Bond Dickinson (US) LLP

One Wells Fargo Center
Suite 3500, 301 South College Street
Charlotte, NC 28202-6037

t:  704.331.4900
f:  704.331.4955

Mark P. Henriques
Partner
Direct Dial: 704-331-4912
Direct Fax: 704-338-7830
E-mail: Mark.Henriques@wbd-us.com

Re:     **ACN Opportunity, LLC v. Jane Doe / AAA Case: 01-20-00004738**

Dear Mr. Daubert:

Thank you for your letter of February 13, 2020, to which this letter responds.   After receiving your letter, I spoke with Ryan Boyle, who asked that I write to share the details of this matter so that the AAA can re-assess whether to accept this filing.

This case involves highly unusual, perhaps unique, circumstances.  For the reasons set forth below, ACN Opportunity, LLC ("ACN") has complied with the AAA Rules, and we therefore respectfully request that the AAA proceed with filing these demands.  Any questions about the proper name to list for respondents, or the specific arbitration agreements that were executed, must be decided by an arbitrator under Rules 4(c) and 7.

<u>ACN Complied with Rule 4(a)</u>

Commencing an arbitration based on an existing arbitration agreement requires only three things: 1) filing a Demand for Arbitration, 2) paying the administrative filing fee, and 3) attaching a copy of the applicable arbitration agreement from the parties' contract.[1] Because ACN complies with each of these requirements, the filing should proceed. **AAA Commercial Arbitration Rules, Rule 4(a).**

There is no dispute that ACN submitted a Demand for Arbitration and the appropriate filing fee.  Your letter suggests that "an agreement between the parties" was not provided.  The requirement under Rule 4 is that ACN attach a copy of the applicable arbitration agreement from the parties' contract. ACN did exactly this by attaching copies of the IBO Agreement forms in effect when Doe enrolled with and was an IBO with ACN based on Doe's own representations in a federal court pleading, which amounts to a judicial admission.  (Exhibits C, D, and E to the Demand for Arbitration) See also Demand for Arbitration (Exhibit 2) ¶¶16-23.  Each of these

---

[1]  Notably requirement 3) does not require filing a copy of the parties' contract, only a copy of the arbitration agreement. This is consistent with the rule that a "written provision to settle by arbitration a controversy is valid, irrevocable, and enforceable without mention of the validity of the contract in which it is contained. Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70, 130 S. Ct. 2772, 2778, 177 L. Ed. 2d 403 (2010).  ACN could have simply provided the relevant arbitration clause and satisfied this filing requirement.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/legal notices for further details.



February 14, 2020
Page 2

Agreements contains within in it an agreement requiring arbitration under the AAA Commercial Arbitration Rules. ACN's IBO enrollment process is electronic (i.e. online), and Doe could not have enrolled as an IBO with ACN without having agreed to these terms. To the extent there remains a question as to whether this condition has been met, Rule 4(c) provides that "any dispute regarding whether a condition precedent has been met may be raised to the arbitrator for determination." . . .

Indeed, in connection with a class action pending in the Southern District of New York, Jane Doe and the other respondents do not dispute they executed an IBO Agreement with an arbitration clause. (See Demand for Arbitration, Exhibit B, pages 8-9). Even if Doe were to now claim that she did not execute an IBO Agreement containing an arbitration agreement (which she has not done in the course of the federal proceeding), this issue must be resolved by the arbitrator, not administratively by the AAA. **AAA Rules of Commercial Arbitration, Rule 7.** ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement").

ACN Complied with Rule 4(e)

The Demand for Arbitration filed with AAA against Jane Doe identifies her by the name she has chosen to proceed under in the federal action, as well as her place of residency, California. Nothing in Rule 4(e) precludes the use of an alias name. Moreover, the clear purposes of Rule 4(e) are to provide sufficient identifying information for the claim to proceed and for proper notice to be given, which purposes are satisfied here, as discussed further below. ACN's Demand for Arbitration (Exhibit 2) is particularly detailed, incorporating all identifying information from the federal action, and provides a complete explanation of the highly unusual circumstances of this matter and the reason for identifying Ms. Doe by her own adopted alias name. The Demand for Arbitration attached a copy of the Amended Complaint (Exhibit A) so that the arbitrator can reference the relevant allegations when deciding any question about jurisdiction. ACN seeks relief regarding the subpoena in the SDNY Action, and the arbitrator can potentially enter an award against Jane Doe without knowing her "true" identity. Because Jane Doe is the relevant name of respondent, ACN's Demand for Arbitration does name the respondent that ACN is seeking relief against, in full compliance with Rule 4(e).

There also can be no question as to proper notice. Immediately upon filing the Demand, ACN served the Demand on Ms. Doe's numerous counsel of record in the federal action. As reflected in a letter Ms. Doe's counsel submitted to the Court on February 11, 2020, which was filed on the public docket on February 12, 2020, Ms. Doe's attorneys have acknowledged that service.

ACN's Demand is Consistent with the Purpose of Rule 4(e)

The AAA requires parties to be identified because it is not in a position to issue abstract rulings involving unknown parties. Since agreements to arbitrate are based on contract, there must be an identifiable individual. Typically, "Jane Doe" respondents cannot be identified (for example an unknown driver of an unknown vehicle) and this filing may be properly denied. However, in contrast to these cases, here Jane Doe is a *known* individual. Not only do we know her name as she has asserted it, we know that she works in California as a hospice caregiver. (Exhibit A, ¶181). We know she wrote a check for $499 and became an IBO. (Exhibit A, ¶196).



February 14, 2020
Page 3

There is no dispute Doe executed a contract with an arbitration agreement (Demand for Arbitration, Exhibit B, pages 8-9). Ms. Doe is not an unknown actor, but a known, identifiable individual who the SDNY court is allowing to proceed under a pseudonym for reasons unrelated to ACN. Doe is represented by counsel who can and already has begun to represent her interests in this arbitration. Because this matter involves a specific known individual represented by counsel, the AAA's traditional concerns about allowing a filing against unknown parties are inapplicable. The bottom line is that Jane Doe is the Respondent's name and she is **known**.

<u>Questions of Arbitrability Must Be Decided by the Arbitrator under Rules 4(c) and 7</u>

Your letter implies that including a party's "real" name is a condition precedent to filing an arbitration. This is not what the rule requires. It simply requires the name of each party. As described above, ACN has provided the name used by Jane Doe herself. However, even if this were still in dispute, AAA Commercial Rule 4(c) makes it clear that "Any dispute regarding whether a condition precedent has been met may be raised to the arbitrator for determination." If Doe's counsel decides to challenge ACN's ability to proceed against Doe without including her legal name, or if counsel argues that Doe did not execute the agreements attached to the Demand, those challenges must be brought before the arbitrator.

An "arbitrability" question is a dispute over whether an arbitration agreement "applies to the particular dispute." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, —— U.S. ——, 139 S. Ct. 524, 527, 202 L.Ed.2d 480 (2019). Under the Federal Arbitration Act (FAA) and Supreme Court cases, "the question of who decides arbitrability is itself a question of contract." *Id.* "The Act allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes." *Id.* "[P]arties may delegate threshold arbitrability questions to *382 the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Id.* at 530 (*quoting First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)).

Here, the IBO Agreement explicitly incorporated the AAA Commercial Arbitration Rules, including Rule 7. Incorporation in this manner "serves as clear and unmistakable evidence of the parties' intent to delegate such issues [issues of arbitrability] to an arbitrator." *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. 2005). Rule 7 makes it clear that the arbitrator must decide all questions of jurisdiction. Accordingly, this matter should be accepted for filing and should proceed. Any objections raised by Doe should be decided by the arbitrator.

Finally, refusing to file this proceeding runs counter to the principles underlying arbitration and undermines the AAA's ability to arbitrate future disputes which are subject to arbitration agreements. If filing is refused, any individual seeking to avoid arbitration could, as here, proceed under pseudonym in another forum. So long as that individual's "real" name remains undisclosed, he or she would be able to avoid arbitration, or even a decision about the arbitrability of the claims. The AAA surely does not want to encourage this type of gamesmanship. While the party seeking to arbitrate could go to court in an attempt to force disclosure of the "real" name, forcing a party entitled to arbitration to go to court runs afoul of the arbitration agreement and defeats the promise of a speedy and cost-effective resolution of disputes.



February 14, 2020
Page 4

Respectfully,

**Womble Bond Dickinson (US) LLP**

Mark P. Henriques

cc:   Roberta Kaplan, Esq. (via e-mail to rkaplan@kaplanhecker.com)
       Benjamin White, Esq.
       Joshua A. Matz, Esq.
       Emily C. Cole, Esq.
       Matthew J. Craig, Esq.
       David B. Berman, Esq.
       Katherine Rosenfeld, Esq.
       John Quinn, Esq.
       Matthew Brinckerhoff, Esq.
       Ogilvie Andrew F. Wilson, Esq.
       Andrew G. Celli, Esq.
       Nicholas Bourland, Esq.