

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
New York, New York  10112

O    +1 212 872 9800
F    +1 212 872 9815
squirepattonboggs.com

February 18, 2020

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *Jane Doe, et al. v. Trump Corp.*, **Case No. 1:18-cv-09936**

Dear Judge Schofield:

    I write on behalf of ACN Opportunity, LLC ("ACN") pursuant to this Court's endorsed Order of February 13, 2020 requesting that ACN explain why portions of Plaintiffs' February 11, 2020 letter should be redacted in the public record and sealed under *Lugosch v. Pyramid Co. of Onondoga*, 435 F. 3d 110 (2d Cir. 2006).  *See* Order [ECF No. 165]; February 11, 2020 Letter [ECF Nos. 163 (redacted) and 164 (unredacted)]. Specifically, ACN has requested redaction of four bullet points from Plaintiffs' February 11 letter in which Plaintiffs purport to summarize certain of ACN's demands for relief in the four arbitration proceedings ACN has initiated with the American Arbitration Association to enforce ACN's rights and Plaintiffs' obligations under Plaintiffs' Independent Business Owner ("IBO") agreements with ACN.[1]

    The Second Circuit's decision in *Lugosch* provides the framework for a Court's consideration of a request to remove a document (or portion thereof) from public access. *See generally* 435 F. 3d 110.  But as made clear in *Lugosch*, judicial analysis is required only if the document at issue is a "judicial document;" if the document is not a "judicial document," there is no presumption of public access to overcome, and no need for the Court to consider whether the document should be made available over an interested party's request for confidential treatment.  As explained by the Second Circuit:

---

[1] As noted in ACN's recently-filed Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Compliance with Subpoena and in Support of ACN's Cross-Motion to Compel Arbitration [ECF No. 168], ACN has not been able to verify Plaintiffs' identities or their actual enrollment. However, each Plaintiff alleges that s/he was enrolled as an IBO with ACN for a period of time, meaning that s/he necessarily would have signed an IBO Agreement.  Moreover, any IBO Agreement Plaintiffs would have signed would have included a mandatory arbitration provision, broadly requiring submission of all disputes arising from or related to that IBO Agreement to be submitted to private arbitration.

44 Offices in 19 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.
010-8984-2948/1/AMERICAS

Squire Patton Boggs (US) LLP

**VIA ECF**

Honorable Lorna G. Schofield
February 18, 2020

> [t]he common law right of public access to judicial documents is firmly rooted in our nation's history. . . .  Before any such common law right can attach, however, **a court must first conclude that the document[] at issue [is] indeed [a] 'judicial document**[].' . . .  [T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.  **In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process**.

*Id.* at 119 (citing *United States v. Amodeo*, 71 F. 3d 1044, 1048 (2d Cir. 1995)) (internal citations omitted) (emphasis supplied).

Thus, in this Circuit, a document does not become a "judicial document" with a presumed right of public access just because it is filed on the Court's docket.  "Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach and stand on a different footing than a motion filed by a party seeking action by the court or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions."  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995) (internal citations omitted).

Plaintiffs' February 11 letter is not a "judicial document" as described by the Second Circuit, and does not require further analysis by this Court to evaluate ACN's request for redaction of sensitive material.  Plaintiffs' letter was essentially an unsolicited notice of arbitration filings that ACN does not dispute having made and that ACN addressed in its subsequently-filed opposition brief [ECF No. 168].  The letter neither requested nor required any action or ruling from this Court—*i.e.*, it did not invoke any power of this Court, has no direct impact on any decision of this Court, and has no role in the performance of this Court's Article III functions.  As such, no presumption of public access attaches to the February 11 letter in the first instance.

Even if the Court were to conclude that the February 11 letter is a "judicial document," ACN's narrow request for confidential treatment of the four bullet points within the letter should be granted, as any presumption of public access bears little weight compared to ACN's compelling privacy interest.  As the Second Circuit also explained in *Lugosch*, "the weight to be give the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" and "the court must balance competing considerations against it," including "the privacy interests of those resisting disclosure."  435 F. 3d at 119-20.

Here, again, the February 11 letter has no role in the Court's exercise of its Article III powers in this case, and no value to any public monitoring of the Court's discharge of its duties more generally.  On the other hand, ACN has a significant interest in keeping information about the private arbitrations it has initiated against Plaintiffs out of the public record—an interest that has driven ACN's position in this case to date, but that Plaintiffs

Squire Patton Boggs (US) LLP

**VIA ECF**

Honorable Lorna G. Schofield
February 18, 2020

continue to disregard through their politically-motivated litigation strategies and public claims. Plaintiffs have not named ACN as a defendant in this case, but have undoubtedly raised a dispute with ACN, as evidenced by the significant liberties they have taken in making allegations about ACN's business in their Complaint and other filings, their invasive discovery efforts, and their social media advertising that portrays this litigation as targeting ACN.

Plaintiffs' conduct has led ACN to bring its own claims in private arbitration, as required by the IBO Agreements, and ACN itself has disclosed the fact of those filings as that fact is important to ACN's ongoing opposition to Plaintiffs' discovery efforts in this case. But allowing the substance of the filings and ACN's specific demands in arbitration to become public may subject ACN to additional unwarranted attacks on its business, including reports that misuse or distort ACN's efforts to enforce its own rights in an effort to attack the Trump Defendants, compounding the collateral damage that Plaintiffs already have inflicted on ACN. Indeed (and ironically), while Plaintiffs cited their own fear of public attack in seeking to proceed confidentially in this litigation under pseudonyms, their actions in this litigation already have subjected ACN to public attack in publications referring to ACN as a "pyramid scheme" and a "marketing scheme fraud," among other things.

Finally, ACN also has a right to confidential treatment of information concerning IBOs under the IBO Agreements. Public disclosure of specific dispute demands would violate the IBOs' confidentiality obligations to ACN.[2]

On behalf of ACN, we appreciate the Court's consideration.

Respectfully yours,

*Stephanie Niehaus*

Stephanie E. Niehaus

cc:   All Counsel of Record (via ECF)

---

[2] ACN raises this point only to underscore ACN's confidentiality interests to the Court. Any dispute concerning application of the confidentiality provisions under the IBO Agreement must be resolved through arbitration, and ACN reserves all rights in this regard.

3