UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, LUKE LOE, RICHARD ROE, and MARY MOE, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>THE TRUMP CORPORATION, DONALD J. TRUMP, in his personal capacity, DONALD TRUMP JR., ERIC TRUMP, and IVANKA TRUMP,<br><br>     *Defendants*. | Case No.: 1:18-cv-09936 (LGS) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL NON-PARTY ACN OPPORTUNITY, LLC AND
IN OPPOSITION TO ACN'S CROSS-MOTION TO COMPEL ARBITRATION**

Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
(212) 763-0883

Plaintiffs submit this Reply Memorandum of Law in further support of their Motion to Compel non-party ACN Opportunity, LLC ("ACN") to produce documents in response to a subpoena pursuant to Federal Rule of Civil Procedure 45, Dkt. 150, and in opposition to ACN's Cross-Motion to Compel Arbitration, Dkt 168.  For the reasons set forth below, as well as those set forth in Plaintiffs' opening brief, Dkt. 152, this Court should grant Plaintiffs' motion, and deny ACN's cross-motion, because this Court—not an arbitrator—is empowered to determine ACN's discovery obligations in this action, and the discovery sought is relevant and proportional.

**I.     THE COURT, NOT AN ARBITRATOR, DETERMINES ACN'S DISCOVERY OBLIGATIONS IN THIS ACTION**

From their earliest inception, the federal courts' power to resolve disputes between parties has included the concomitant authority to compel discovery from nonparties as well.  *See, e.g.*, *Am. Lithographic Co. v. Werckmeister*, 221 U.S. 603, 610 (1911) (noting that the Judiciary Act of 1789 gave federal courts the power "to compel the production" of evidence from "parties as well as . . . others").  That power is "essential to the very existence and constitution of a court of common law."  *Id*.  It follows that, because ACN has information relevant to Plaintiffs' claims, it may be "compelled to produce" that information in response to "a discovery subpoena duly served," notwithstanding the existence of any separate agreement that might govern disputes arising between ACN and Plaintiffs.  *Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966, 2014 WL 1569610, at *8 (S.D.N.Y. Apr. 16, 2014).  Indeed, as Chief Judge McMahon recently explained: "No American court of which I am aware would ever accept that a party to an arbitration was shielded by [arbitral] rules . . . from producing documents or evidence in an American lawsuit pursuant to discovery demand or subpoena."  *Id*.

ACN's principal argument in opposition to Plaintiffs' motion and in support of its cross-motion is a red herring.  It contends that its discovery objections belong in arbitration because this

*entire action* belongs in arbitration. *See* Dkt. 168 at 10.[1] But Defendants have already moved to compel arbitration of the entire action. The Court has taken that argument under advisement and ruled that discovery shall proceed while that motion is pending. *See* Dkt. 106.[2] That decision is law of the case and cannot be relitigated here. All that remains is ACN's narrower and even more unfounded argument that the scope of its subpoena compliance obligation should somehow be excised from this case and arbitrated in isolation. No court has ever endorsed that argument; in fact, it has been squarely rejected by the exceedingly few courts to whom such an argument has even been presented. More specifically, ACN's argument fails for at least three reasons, each one of which is a sufficient basis to grant Plaintiffs' motion and deny ACN's.

*First*, no private arbitration agreement can override a non-party's duty to provide relevant information to a public proceeding that is properly before a federal court. ACN provides no authority that has ever concluded otherwise.[3] And the few courts to entertain arguments like ACN's squarely hold that the evidentiary needs of federal litigation take precedence. *See, e.g.*, *Veleron Holding*, 2014 WL 1569610, at *8; *In re Garlock*, 463 F. Supp. 2d 478, 480 (S.D.N.Y. 2006) ("[T]he arbitration clause plainly has no bearing upon the availability of discovery against . . . a non-party witness in an action against another entity."); *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 805 (Bankr. S.D.N.Y. 2018) (federal proceedings could not be "held hostage by an arbitration clause" with a non-party); *Envision Ins. Co. v. GrayRobinson, P.A.,* No. 13 Civ. 114-T-17, 2013 WL 12388601, at *3 (M.D. Fla. Aug. 19, 2013)

---

[1] To be clear, ACN has not in fact initiated an arbitration against Plaintiffs. While it purported to issue arbitration demands, the AAA noted that those demands are facially invalid and thus far has declined to instate proceedings.

[2] Plaintiffs incorporate herein by reference their arguments in opposition to Defendants' motion to compel arbitration, Dkt. 120.

[3] While ACN cites several cases for the proposition that a party cannot seek discovery in court for a dispute that will later be arbitrated absent "exceptional circumstances," Dkt. 168 at 2–3, these cases are inapposite. None of them concerned a *non-party*'s effort to resist discovery. Unlike in those cases, Plaintiffs here do not seek discovery from ACN for a dispute to be later resolved in arbitration—they seek discovery from ACN for claims that are pending right now in federal court against Defendants, with whom Plaintiffs have no arbitration agreement.

(defendants remained subject to federal-court discovery as "third-parties," notwithstanding their assertion of a right to arbitrate direct claims against them). To hold otherwise would result in unworkable piecemeal litigation. Indeed, under ACN's theory, virtually any effort to obtain, say, credit card or phone records could require that a party initiate a standalone arbitration against the relevant bank or carrier, if, as is so often the case, the record custodian has an arbitration agreement with any one of the parties. And, while that arbitration proceeded, the federal court and other litigants would then either be left on hold waiting for an outcome, or forced to litigate not knowing what the ultimate factual record would be.

*Second*, even if ACN had some support for the notion that private agreements theoretically could displace a federal court from overseeing discovery on its own docket (and they have none), the contracts ACN seeks to invoke here do not contemplate or support that result. Those agreements purport to require arbitration "in the event of a dispute between ACN and me as to our respective rights, duties and obligations arising out of or relating to this Agreement." Dkt. 168 at 10. But the relevant "dispute" here is between Plaintiffs and Defendants, and Plaintiffs seek no relief whatsoever from ACN. Indeed, if ACN had actually purported to bargain for enforced arbitration in the context of non-party discovery, it would presumably have sought a contractual waiver of, for example, "any right to obtain discovery against [ACN] in any action or proceeding of any kind except in an arbitration." *See In re Garlock*, 463 F. Supp. 2d at 480. But the provisions ACN identifies say no such thing.

*Third*, no matter what the contracts ACN identifies purportedly say, the Court does not have any basis to compel arbitration here under the Federal Arbitration Act (the "FAA"). Section 4 of the FAA authorizes a court to compel arbitration only where the "underlying substantive controversy" to be arbitrated is a claim or claims that could stand alone in federal court. *Vaden v.*

*Discover Bank*, 556 U.S. 49, 62 (2009); *see* 9 U.S.C. § 4.  That is not the case here: while this Court manifestly has authority to compel non-party discovery from ACN as a direct incident of its authority to resolve the dispute between Plaintiffs and Defendants before it (as set forth above), the Court would not be authorized to take up hypothetical freestanding disputes concerning subpoenas unrelated to this ongoing action and compel them into arbitration.  *See, e.g., United States v. Morton Salt Co.*, 338 U.S. 632, 641–642 (1950) (noting that the judicial subpoena power derives from and is coextensive with the court's power to adjudicate cases and controversies); *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1213 (D.C. Cir. 1996) (noting that discovery devices "are not free-standing," but rather exist "to facilitate the resolution of actions cognizable in federal court").  This is no mere technicality.  Congress's manifest purpose in enacting the FAA was to facilitate arbitration of actual disputed claims between parties to an arbitration agreement—not to slice and dice existing claims that belong in federal court, or to deprive district courts of the tools necessary to resolve them.

This Court should reject ACN's collateral assault on its jurisdiction.

## II.  THE SUBPOENA HERE SEEKS RELEVANT DISCOVERY THAT IS PROPORTIONAL TO THE NEEDS OF THE CASE

In addition to the arguments set forth above, Plaintiffs' motion to compel production should be granted because their subpoena seeks relevant discovery that is proportional to the needs of the case.  *See* Dkt. 152.  Each of ACN's arguments to the contrary fails.

Apparently contesting relevance and proportionality, ACN asserts that its documents "have no tendency to show that the Trump Defendants defrauded vulnerable investors like Plaintiffs into investing in ACN."  Dkt. 168 at 7.  But, as Plaintiffs set forth in their opening brief, ACN's documents are relevant to a broad array of issues on the merits, including whether Defendants' representations about ACN's business were false.  Dkt. 152 at 4–5.  In fact, ACN is not only the

4

best source of evidence for the truth or falsity of Defendants' Message about ACN, *see* Dkt. 77 (Am. Compl.) ¶ 104, it is the *only* source for the majority of that evidence.[4]

Nor is there any merit to ACN's contention that Plaintiffs may not seek pre-certification discovery relevant to class certification issues. Dkt. 168 at 4–6. Indeed, the Second Circuit has held the exact opposite: "at least minimal class discovery must be conducted in order to provide the court with the factual information necessary to decide" class certification. *Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 21 (2d Cir. 2003). On that basis, courts in the Second Circuit routinely compel production of documents relevant to the Rule 23 factors prior to class certification from parties and nonparties alike. *See, e.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 308 (S.D.N.Y. 2012) (compelling pre-certification discovery from party); *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.*, 36 F. Supp. 3d 417, 421–22 (S.D.N.Y. 2014) (same from both party and nonparties); *Campo v. Nat'l Creditors Connection, Inc.*, No. 12-cv-1405, 2013 WL 12370704, at *2 (E.D.N.Y. Aug. 7, 2013) (same from non-party).[5]

Finally, ACN's assertion of undue burden rings hollow when it has repeatedly refused to meet and confer concerning the "scope of production," and entirely ignored Plaintiffs' concrete offers to narrow the subpoena's scope, even after it was ordered by the Court to do so. *See* Dkt. Nos. 142; 152 at 3–4;[6] *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009) ("blanket refusal to negotiate" scope of production "is patently unreasonable").

---

[4] In any event, Plaintiff may seek discovery on overlapping subjects from both parties and nonparties alike. *See e.g.*, *Amphenol Corp. v. Fractus, S.A.*, No. 19 Misc. 160 (PAE), 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019).

[5] ACN overstates the implications of *Mackey v. IDT Energy, Inc.*, No. 19 Misc. 29 (PAE), 2019 WL 2004280, at *5 (S.D.N.Y. May 7, 2019). That case did not hold that plaintiffs can never seek precertification discovery from a non-party; it merely held that such discovery was premature, given that case's unusual procedural posture, where any contemplated motion for class certification was a remote possibility and the non-party had already made a partial production going to the merits of the plaintiff's claims. Moreover, consistent with the Second Circuit's broad mandate in favor of class discovery, the court recognized that the documents sought "would be necessary to enable the parties effectively to litigate" Rule 23 factors such as "predomina[nce]." *Id.*

[6] For the avoidance of doubt, Plaintiffs remain open to working with ACN to narrow the scope of the Subpoena.

Dated: February 21, 2020

        EMERY CELLI BRINCKERHOFF &
        ABADY LLP

By: _____/s/_____
        Andrew G. Celli, Jr.
        O. Andrew F. Wilson
        David Berman
        Nick Bourland
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

KAPLAN HECKER & FINK LLP

        Roberta A. Kaplan
        John C. Quinn
        Alexander J. Rodney
350 Fifth Avenue, Suite 7110
New York, New York 10118
(212) 763-0883

*Attorneys for Plaintiffs*