# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

February 21, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

>      *Re:*     *Jane Doe, et al.* v. *The Trump Corporation, et al.,* l8-cv-09936 (LGS)

Dear Judge Schofield:

Pursuant to the Court's Individual Rule I.B.2, the Case Management and Scheduling Order in the above-referenced action (Doc. No. 107) (the "Scheduling Order"), and Federal Rule of Civil Procedure 16(b)(4), we write on behalf of Plaintiffs to respectfully request an extension of certain discovery deadlines.  This is the first request for such an extension.

Pursuant to the Scheduling Order, the current deadline for both the completion of fact depositions and the close of fact discovery is March 3, 2020.  (Doc. No. 107 ¶¶ 8(b), 8(f).) Plaintiffs respectfully request an extension of both of these deadlines to July 21, 2020,[1] with a corresponding extension of the expert discovery deadline.[2]

Under Rule 16(b)(4), a party may obtain a modification of a scheduling order "for good cause and with the judge's consent.'"  *Tchatat* v. *O'Hara*, No. 14 Civ. 2385 (LGS), 2017 WL 3172715, at *8 (S.D.N.Y. July 25, 2017).  Among other things, "[t]he requisite good cause is based on factors such as the diligence *vel non* of the party requesting an extension" and the "bad faith *vel non* of the party opposing such extension."  *McKay* v. *Triborough Bridge & Tunnel Auth.*, No. 05

---

[1] The feasibility of completing fact depositions by this deadline ultimately will depend in part on the extent to which both non-parties and parties, including the Individual Defendants, agree to comply with deposition notices and subpoenas.

[2] Expert discovery is currently set to close on June 2, 2020.  (Doc. No. 107 ¶ 9(b).)  Consistent with the prior joint letter submitted to the Court setting forth the parties' proposed schedule for expert disclosures (Doc. No. 153), if the Court deems it appropriate to grant this request, the new close of expert discovery would be December 18, 2020.

KAPLAN HECKER & FINK LLP                                                    2

Civ. 8936, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007); *accord Elliott Assocs.* v. *Republic of Peru*, No. 96 CIV. 7916 (RWS), 1997 WL 436493, at *3 (S.D.N.Y. Aug. 1, 1997) (same).

Here, good cause exists to extend the discovery deadlines in this case.

As an initial matter, until a few hours ago, Defendants gave every indication that they intended to join this request. They said so repeatedly and consistently—both in correspondence between the parties in January 2020 and in the parties' joint letter to the Court filed on February 3, 2020 (Doc. No. 153). That letter provided the following explanation in support of the parties' anticipated joint application for an extension, and included an acknowledgment of Plaintiffs' diligence:

> [G]iven that Plaintiffs are in the process of filing motions to compel document productions in response to certain non-party subpoenas (*see* Doc. Nos. 141, 142, 146), and received Defendants' first production of documents on January 30, 2020 (*see* Doc. No. 148), *the parties anticipate that it may be necessary to seek an appropriate extension of the current discovery schedule. Plaintiffs are pursuing discovery expeditiously (see Doc. No. 148), and the parties will present any requests for extension to the Court in due course.*

(Doc. No. 153 (emphasis added).)

On February 18, Plaintiffs sent Defendants a draft of a joint letter motion for an extension consistent with the parties' understanding. Defendants had no response for several days. Earlier today, Plaintiffs followed up to inquire about the status. Then, a few hours ago, Defendants announced that they "intend to oppose any request to extend the discovery deadlines in this case," and that "Plaintiffs should make this application without us." Defendants provided no explanation whatsoever for this abrupt reversal, stating only that "Defendants previously were amenable to the proposed extensions, because we were. But we are no longer."

Notwithstanding Defendants' duplicity, Plaintiffs have pursued discovery diligently, as set forth more fully in the parties' joint status update letters (*see* Doc. Nos. 134, 148, 153).[3] Defendants cannot dispute this, as they signed those letters and jointly submitted them to the Court. Nevertheless, while Plaintiffs have acted diligently, an extension is necessary under the circumstances to allow full development of all relevant facts, including extensive outstanding discovery from Defendants. *See Ekupke* v. *City of New York*, No. 16 Civ. 5412, 2017 WL 6887794, at *2 (S.D.N.Y. Nov. 28, 2017) ("The need to develop all relevant facts in the adversary system is both fundamental and comprehensive." (quoting *United States* v. *Nixon*, 418 U.S. 683, 709 (1974)).

With respect to party discovery, Plaintiffs just received Defendants' first production, containing just 252 documents, on January 30, 2020 (*see* Doc. No. 148). That production was

---

[3] To date, Plaintiffs have served on Defendants no fewer than three sets of Requests for Production and Interrogatories, 72 Requests for Admission, and issued no fewer than 34 subpoenas to non-parties. In pursuit of that discovery, Plaintiffs have sent dozens of letters following up on discovery deficiencies and made two motions to compel production. Further, Plaintiffs have made no fewer than six productions of documents to Defendants—the first of which was made on November 26, 2019.

KAPLAN HECKER & FINK LLP                                                                                  3

manifestly deficient.  In addition to its conspicuously small volume, Defendants' production does not include a single email to, from, or copying any of the Individual Defendants (save for fewer than ten communications involving Eric Trump), even though all the named Defendants are supposedly agreed custodians of relevant electronically stored information ("ESI").  Defendants' first and only production also omitted important metadata relating to the custodians for the documents produced.  Indeed, for 208 of the 252 documents produced, metadata identifying all of the custodians for each document was absent.  And for the small portion of the documents for which Defendants provided such metadata, there were notable inconsistencies in the information.  On February 11, 2020, Plaintiffs followed up by letter to Defendants asking to meet and confer concerning these deficiencies.  Defendants ignored that request for weeks, as they led Plaintiffs to believe they would agree to a discovery extension they now say they intend to oppose.  *See McKay*, 2007 WL 3275918, at *1 (among other things, "[t]he requisite good cause is based on factors such as the "bad faith . . . of the party opposing such extension.").

        With respect to non-party discovery, as the parties have outlined in their update letters (Doc. Nos. 134, 148), among other things, non-party ACN Opportunity, LLC has produced no documents to date.  Earlier today, Plaintiffs submitted their reply brief in further support of a motion to compel production and an opposition to ACN's so-called cross-motion to compel arbitration (*see* Doc. Nos. 141, 142, 146, 170).  As Plaintiffs set forth in those papers, documents in ACN's possession are highly relevant to Plaintiffs' claims against Defendants.  (*See, e.g.*, Doc. No. 170.)  Plaintiffs are also in the midst of briefing a motion to compel the non-party MGM Entities (*see* Doc. Nos. 146, 155).

        In short, significant document discovery remains to be produced by both Defendants and non-parties before productive depositions can be scheduled.  Plaintiffs have acted diligently and in good faith, an extension is warranted under the circumstances, and Defendants' failure to even try to explain their eleventh-hour bait-and-switch only reinforces the need for an extension.

                                                Respectfully submitted,


                                                Roberta A. Kaplan

cc:        Counsel of Record (*via* ECF)