SPEARS & IMES LLP

51 Madison Avenue
New York, NY 10010
tel 212-213-6996
fax 212-213-0849

Joanna C. Hendon
tel 212-213-6553
jhendon@spearsimes.com

February 24, 2020

**Via ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

Re: *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

We write in opposition to Plaintiffs' motion for leave to extend the discovery deadlines in this case (ECF No. 171); in support of ACN Opportunity, LLC's ("ACN") motion to compel arbitration (ECF No. 168); in further support of Defendants' pending motion to compel arbitration (ECF No. 114); and to request a stay of discovery pending decision on the two motions to compel arbitration.

On October 29, 2018, Plaintiffs filed a putative class action Complaint under pseudonyms, alleging that they had failed to recoup fees that they paid to third-party ACN, a multi-level marketing company, in order to become ACN "Independent Business Owners" ("IBOs"). (ECF. Nos. 1, 19.) To circumvent the mandatory arbitration provisions to which each agreed, Plaintiffs did not name ACN as a party, suing instead Donald J. Trump – who, for a period of several years, was one of ACN's celebrity spokespersons – as well as his three eldest children and the Trump Corporation. Over Defendants' objection, the Court permitted Plaintiffs not only to proceed pseudonymously, but to shield their identities from Defendants and their counsel as well. On December 20, 2019, the Court stayed discovery pending decision on Defendants' anticipated motion to dismiss and stated it would revisit the question of anonymity at that time, as well. (ECF No. 54.)

On February 21, 2019, Defendants moved to dismiss Plaintiffs' Amended Complaint for failure to state a claim. (ECF No. 83.) On July 19, 2019, while the motion to dismiss was pending (and Defendants therefore still did not know Plaintiffs' names), Defendants advised the Court of their intention to move to compel Plaintiffs to arbitrate any claims remaining once the motion to dismiss was decided. (ECF No. 94.) Five days later, on July 24, 2019, the Court issued an opinion and order dismissing Plaintiffs' federal claims and retaining jurisdiction over their state law claims (ECF No. 97.)

Hon. Lorna G. Schofield                                                                                  - 2 -
February 24, 2020

The next day, the Court issued a briefing schedule for the motion to compel arbitration and scheduled a status conference.[1]  (ECF No. 98.)  The Court stayed discovery pending the conference.  (ECF No. 102.)

Prior to the status conference, Defendants asked Plaintiffs to disclose their identities to Defendants on a "lawyers' eyes only" basis, to enable ACN to locate and produce to Defendants the arbitration agreements signed by Plaintiffs.  ACN signed onto that letter, agreeing to hold Plaintiffs' identities on a "lawyers' eyes only" basis.  (ECF No. 104, Ex. B.)  Plaintiffs refused.  (ECF No. 104 at 9.)

Defendants brought these facts to the Court's attention before the conference and asked that it issue a protective order that would preserve Plaintiffs' anonymity not through the remainder of the case (as Plaintiffs requested), but through resolution of the motion to compel arbitration, only.  This would preserve Defendants' right to re-litigate the question of anonymity in the event of an adverse ruling on the motion to compel arbitration (ECF No. 104 at 9), as the Court had indicated would be appropriate following decision on the motion to dismiss (ECF No. 54).  Defendants further requested the Court continue to stay all discovery through decision on the motion to compel arbitration, other than that tailored to the issue of arbitrability – again, to enable Defendants to learn Plaintiffs' identities and obtain copes of their arbitration agreements from ACN, which, as a result of the Court's December ruling and Plaintiffs refusal, even after decision on the motion to dismiss, to disclose their identities to Defendants, they still were unable to do.  (ECF Nos. 101, 104.)

At the status conference, the Court lifted the stay on merits discovery; indicated it would sign Plaintiffs' form of protective order, under which Plaintiffs would remain pseudonymous on the public docket through all phases of the case; and directed Defendants to submit Plaintiffs' proposed protective order by e-mail to Chambers following the conference. (Because the Court conducted the conference off the record, there is no record of it.)

With respect to the proposed motion to compel arbitration, the Court requested further briefing on the issue of waiver, only.  Defendants requested the Court allow them enough time to submit the protective order to the Court for its signature, discover Plaintiffs' identities (which Plaintiffs refused to disclose absent a protective order), and subpoena ACN for copies of Plaintiffs' arbitration agreements.  The Court denied that request, opining that the motion did not require fact discovery.

That afternoon, the Court issued an Order formally lifting the stay of discovery and directing Defendants to bring their motion to compel arbitration on the merits, rather than address waiver, only.  For purposes of the motion, the Court instructed the parties to "assume" that Plaintiffs and the putative class members agreed with ACN to arbitrate their disputes with ACN consistent with various blank IBO agreements already in the record.  (ECF No. 106.)

---

[1] On July 25, 2019, the Court directed the parties to submit a joint letter on the question of arbitrability by August 1, 2019, and scheduled a status conference for August 8.  The Court then re-set those deadlines to August 29 and September 5, respectively.

Hon. Lorna G. Schofield                                                                              - 3 -
February 24, 2020

Defendants promptly wrote to the Court to request an enlargement of the briefing schedule by fourteen days to discover Plaintiffs' identities and obtain from ACN the arbitration agreements they signed, in order to establish the factual basis for the motion. (ECF No. 108). Without an opportunity to develop the factual predicate of the motion (namely, that the Plaintiffs in fact signed arbitration agreements with IBO), we explained, an adverse decision by the District Court on the motion could result in piecemeal appeals. That is, were the District Court to rule against Defendants, either by finding waiver or on the merits, and the Court of Appeals were to disagree as to either, it would be constrained to remand the case to allow Defendants an opportunity to prove Plaintiffs in fact signed arbitration agreements with ACN, the very relief Defendants were seeking in the District Court. (*Id.* at 3.)

The Court denied the application (ECF No. 111), and Defendants timely filed their motion to compel arbitration, which has been fully submitted since September 27, 2019.

In order to beat the clock before being ordered to arbitration by this Court or the Court of Appeals, Plaintiffs chose to spend the time allotted for discovery in this case issuing dozens of subpoenas for evidence to which they would not be entitled in arbitration and then litigating the resulting disputes. *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 216-17 (2d Cir. 2008) (Arbitrators are not authorized to "compel pre-hearing document discovery from entities not party to the arbitration proceedings.") To date, Plaintiffs have served no fewer than 39 third party subpoenas, the most recent of which Plaintiffs served this month for the deposition testimony of three witnesses last week.

The Court is now mired in third-party motion practice. On January 31, 2020, Plaintiffs moved to compel third party ACN to comply with what are clearly overbroad, unreasonably burdensome discovery requests. On February 7, 2020, Plaintiffs moved to compel third party Metro-Goldwyn-Mayer Studios, Inc. and JMBP, LLC to do the same.

In order to protect its rights, ACN (with whom all four plaintiffs are in privity) filed arbitration demands against each of them before the AAA, and has moved this Court to compel all disputes between Plaintiffs and it to arbitration (ECF No. 168). Plaintiffs assert that "ACN has not in fact initiated an arbitration against Plaintiffs." (ECF No. 170 at 2, n. 1.) That is incorrect. The Declaration of Mr. Henriques filed by ACN on February 14 leaves no doubt ACN has initiated and received case numbers from the AAA for four arbitrations, the only obstacle to which appears to be Plaintiffs' refusal to identify themselves even in the private forum for which they bargained when they became IBOs. (*See* ECF No. 168-2 and attachments identifying AAA filing numbers.) The Court cannot have intended its decision last December to allow Plaintiffs to proceed pseudonymously in a *public* forum against Mr. Trump and his family to shield them in a *private* one from their contractual obligations to ACN, yet this is exactly the untenable posture of these proceedings.

For the reasons previously stated, Plaintiffs should be compelled to arbitrate their claims against Defendants. For the same reasons, and those set forth in ACN's memorandum of law (ECF No. 168), the Court should grant ACN's cross-motion to compel Plaintiffs' disputes with ACN to arbitration – disputes Plaintiffs have placed front and center in this litigation, both through their pleadings and now with their motion to compel ACN. If the Court is unpersuaded,

Hon. Lorna G. Schofield                                                                        - 4 -
February 24, 2020

we respectfully request that it decide those motions promptly, so that relief may be sought immediately in the Court of Appeals.

In the interim, Defendants renew their request that the Court stay discovery pending decision on their motion to compel arbitration and on ACN's parallel request. Staying discovery in such circumstances is "the general practice of district courts." *See Intertec Contracting v. Turner Steiner Intern., S.A.,* No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001). "[A]rbitrability is a 'gateway' issue." *Shukla v. Viacom Inc.,* 18 Civ. 3522 (PAE), 2019 WL 1932568, AT *10 (S.D.N.Y. May 1, 2019). "[A]fter a motion to compel arbitration has been filed, a court must 'refrain from further action' until it determines arbitrability." *Id.* (quoting *Sharif v. Wellness Int'l Network, Ltd.,* 376 F.3d 720, 726 (7th Cir. 2004)). This practice is well-founded. "[U]nless discovery is stayed" pending a decision on a motion to compel discovery, a party may "forever lose the advantages of arbitration—speed and economy" as well as the right to have the scope of discovery determined by the arbitrators. *Mahamedi IP Law, LLP v. Paradice & Li, LLP,* No. 5:16-cv-20805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (internal quotation marks omitted); *see also Ross v. Bank of America, N.A. (USA)*, No. 5 Civ. 7116 (WHP), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) ("In view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate."); *Brockmeyer v. May,* No. 98 CIV. 552 (DLC), 1999 WL 191547, at *2 (S.D.N.Y. Apr. 6, 1999) (previously staying discovery pending decision on arbitration).

Finally, on February 21, 2020, Plaintiffs moved the Court for leave to extend discovery deadlines in this case. Defendants oppose that request, because Plaintiffs cannot show good cause.[2] Plaintiffs have only themselves to blame for not having completed discovery in the six months allotted, prioritizing scorched-earth third party discovery and litigation over more prudent approaches to discovery. *See Jones v. J.C. Penny's Dep't Stores Inc.,* 317 F. App'x 71, 75 (2d Cir. 2009) (affirming district court's denial of motion to extend the discovery deadline where movant's inability to obtain certain evidence and conduct certain depositions in advance of the deadline was "occasioned by . . . counsel's lack of diligence"); *see also McKay v. Triborough Bridge & Tunnel Auth.,* No. 05-cv-8936 (RJS), 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007) (finding no good cause to reopen discovery and allow untimely subpoena where movant could not adequately explain why they could not have issued all required subpoenas "prior to the close of discovery"). Plaintiffs' letter "do[es] not identify any newly discovered information which may have excused" their inability to meet the fact discovery deadline in this case. *Agapito v. AHDS Bagel, LLC*, No. 16-CV-8170 (JPO), 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018).

Respectfully submitted,

*Joanna C. Hendon*

Joanna C. Hendon

---

[2] Defendants offered to meet and confer with Plaintiffs to explain their position and why it has changed, but Plaintiffs ignored that offer, facts omitted from their February 21 motion. Defendants' note to Plaintiffs on this subject is attached to this letter for the Court's review.

# EXHIBIT A

## Joanna C. Hendon

| | |
|---|---|
| **From:** | Joanna C. Hendon |
| **Sent:** | Friday, February 21, 2020 3:10 PM |
| **To:** | Alexander Rodney; Andrew Kincaid; Cynthia Chen |
| **Cc:** | Roberta Kaplan; John Quinn; Matthew Craig; Benjamin White; Emily Cole; 'Andrew G. Celli'; 'Andrew Wilson'; 'Katie Rosenfeld'; 'Matthew D. Brinckerhoff'; David Berman; 'Nick Bourland' |
| **Subject:** | RE: Doe v. Trump, No. 18 Civ. 9936 --  Draft Joint Letter Motion re Extension of Certain Discovery Deadlines |

We intend to oppose any request to extend the discovery deadlines in this case.  Plaintiffs should make this application without us.  You may of course reflect that Defendants previously were amenable to the proposed extensions, because we were.  But we are no longer.  Nor is it likely that meeting and conferring would alter our position, although we will of course make ourselves available next week (I think Andrew returns Monday) if you would like to.

Kind regards,
Joanna

---

Joanna C. Hendon
Spears & Imes LLP
51 Madison Avenue
New York, NY 10010
Direct: (212) 213-6553
Fax (212) 213-0849
jhendon@spearsimes.com

**From:** Alexander Rodney <arodney@kaplanhecker.com>
**Sent:** Friday, February 21, 2020 2:05 PM
**To:** Joanna C. Hendon <jhendon@spearsimes.com>; Andrew Kincaid <akincaid@spearsimes.com>; Cynthia Chen <cchen@spearsimes.com>
**Cc:** Roberta Kaplan <rkaplan@kaplanhecker.com>; John Quinn <jquinn@kaplanhecker.com>; Matthew Craig <mcraig@kaplanhecker.com>; Benjamin White <bwhite@kaplanhecker.com>; Emily Cole <ecole@kaplanhecker.com>; 'Andrew G. Celli' <acelli@ecbalaw.com>; 'Andrew Wilson' <awilson@ecbalaw.com>; 'Katie Rosenfeld' <Krosenfeld@ecbalaw.com>; 'Matthew D. Brinckerhoff' <mbrinckerhoff@ecbalaw.com>; David Berman <DBerman@ecbalaw.com>; 'Nick Bourland' <NBourland@ecbalaw.com>
**Subject:** RE: Doe v. Trump, No. 18 Civ. 9936 -- Draft Joint Letter Motion re Extension of Certain Discovery Deadlines

Counsel:

Further to my email below, please let us know of any comments on the proposed joint application to extend certain discovery deadlines.

Regards,

Alex

**Alexander Rodney | Kaplan Hecker & Fink LLP**
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.294.2530 | (M) 646.847.4557
arodney@kaplanhecker.com

**From:** Alexander Rodney
**Sent:** Tuesday, February 18, 2020 10:17 AM
**To:** Joanna C. Hendon <jhendon@spearsimes.com>; Andrew Kincaid <akincaid@spearsimes.com>; Cynthia Chen
<cchen@spearsimes.com>
**Cc:** Roberta Kaplan <rkaplan@kaplanhecker.com>; John Quinn <jquinn@kaplanhecker.com>; Matthew Craig
<mcraig@kaplanhecker.com>; Benjamin White <bwhite@kaplanhecker.com>; Emily Cole <ecole@kaplanhecker.com>;
'Andrew G. Celli' <acelli@ecbalaw.com>; 'Andrew Wilson' <awilson@ecbalaw.com>; 'Katie Rosenfeld'
<Krosenfeld@ecbalaw.com>; 'Matthew D. Brinckerhoff' <mbrinckerhoff@ecbalaw.com>; David Berman
<DBerman@ecbalaw.com>; 'Nick Bourland' <NBourland@ecbalaw.com>
**Subject:** FW: Doe v. Trump, No. 18 Civ. 9936 -- Draft Joint Letter Motion re Extension of Certain Discovery Deadlines

Counsel:

Further to our correspondence on this matter earlier this month, attached is a proposed joint application to extend
certain discovery deadlines.  Please let us know of any comments.

Regards,

Alex

**Alexander Rodney | Kaplan Hecker & Fink LLP**
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.294.2530 | (M) 646.847.4557
arodney@kaplanhecker.com

**From:** Andrew Kincaid <akincaid@spearsimes.com>
**Sent:** Monday, February 3, 2020 3:16 PM
**To:** Alexander Rodney <arodney@kaplanhecker.com>; Joanna C. Hendon <jhendon@spearsimes.com>; Cynthia Chen
<cchen@spearsimes.com>
**Cc:** Roberta Kaplan <rkaplan@kaplanhecker.com>; John Quinn <jquinn@kaplanhecker.com>; Matthew Craig
<mcraig@kaplanhecker.com>; Benjamin White <bwhite@kaplanhecker.com>; Emily Cole <ecole@kaplanhecker.com>;
'Andrew G. Celli' <acelli@ecbalaw.com>; 'Andrew Wilson' <awilson@ecbalaw.com>; 'Katie Rosenfeld'
<Krosenfeld@ecbalaw.com>; 'Matthew D. Brinckerhoff' <mbrinckerhoff@ecbalaw.com>; 'Nick Bourland'
<NBourland@ecbalaw.com>
**Subject:** RE: Doe v. Trump, No. 18 Civ. 9936 -- Draft Joint Schedule for Expert Disclosures

Alex,

We have no further comments on this draft.  You have permission to sign electronically on our behalf and
to file the current draft of the joint schedule for expert disclosures.

For the avoidance of doubt, Defendants' agreement to this joint schedule is without prejudice to seeking
any future extension to these or other deadlines in this case, as appropriate.