**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

February 28, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Jane Doe, et al.* v. *The Trump Corporation, et al.,* 18-cv-09936 (LGS)

Dear Judge Schofield:

  We write on behalf of Plaintiffs in the above-referenced action to request a pre-motion conference concerning Defendants' refusal to provide discovery responsive to our discovery requests (the "Requests"),[1] including certain indisputably relevant documents that Defendants previously agreed to produce, but now are (inexplicably) withholding.  At the same time, we respectfully renew our request for relief from, and clarification of, Rules II.A.1(a), (b) and (d) of the Court's Individual Rules ("Rule II.A.1") (*see* Doc. No. 48),[2] and seek leave to enlarge the number of depositions taken under Federal Rule of Civil Procedure 30(a).

  **Basic ESI.**  As an initial matter, Defendants have failed to make good on their agreement to produce certain basic initial ESI.  As noted in the parties' most recent joint status update letter, the parties met and conferred regarding the Requests on December 18, 2019.  (Doc. No. 148 at 1-2.)  Despite Defendants' attempts to impose unworkable restrictions on what they agreed to produce, there appeared to be at least some progress:  Defendants agreed to parameters for an initial, high-priority search of ESI, including 9 agreed custodians and 21 agreed search terms.  All of the Individual Defendants were among the 9 agreed custodians, and Defendants confirmed to

---

[1] The requests include Plaintiffs' First Set of Requests for Production of Documents addressed to All Defendants; Plaintiffs' Second Set of Requests for the Production of Documents addressed to Defendant The Trump Corporation; and Plaintiffs' First Set of Interrogatories addressed to Defendant The Trump Corporation.

[2] As Your Honor is aware, Rule II.A.1 states in relevant part that, "[a]bsent an order of the Court upon a showing of good cause or stipulation by the parties, a party from whom electronically-stored information (ESI) has been requested shall not be required to search for responsive ESI:  (a) From more than 10 key custodians; (b) That was created more than five years before the filing of the lawsuit; . . . [or] (d) For more than 160 hours."

KAPLAN HECKER & FINK LLP

Plaintiffs that a version of the 21 agreed search terms (prior to some limited agreed narrowing) yielded substantial numbers of hits for the agreed custodians, including the Individual Defendants.

On January 30, 2020, Defendants made their first and only production to date—consisting of just 252 documents. That production is manifestly deficient in multiple respects. Most glaringly, it includes no emails to, from, or copying any of the Individual Defendants (save for fewer than 10 communications involving Eric Trump), even though all of the Individual Defendants were among the 9 agreed custodians. While Defendants presented this production as the first in a series of rolling productions, nearly a month has now passed, and they have not made another. Plaintiffs followed up with Defendants on these deficiencies by letter more than two weeks ago. But Defendants have ignored Plaintiffs' requests to meet and confer, and instead abruptly sought to slam the door shut by renouncing their prior agreement to jointly seek a discovery extension. (*See* Doc. No. 171.) The Court rejected that gambit, but granted only a brief extension to May 2, 2020. (Doc. Nos. 181, 182.) Accordingly, the Court should require Defendants, as a start, immediately to produce ESI from all 9 custodians and 21 search terms to which they have already agreed—including documents from all of the Individual Defendants, with complete metadata.

**Organizational Charts.** As set forth in prior joint status letters (*e.g.*, Doc. No. 148 at 1-2), Defendants have refused to produce other basic discovery such as "organizational charts or other documents that will identify all the high-level and mid-level individuals who were involved in" the alleged misconduct. *See Discover Fin. Servs., Inc.* v. *Visa U.S.A., Inc.*, No. 04 Civ. 7844, 2006 WL 1699566, at *2 (S.D.N.Y. June 20, 2006) (compelling production of those documents). The handful of documents that Defendants have actually produced only confirms the need for this material, as many of the produced documents lack basic contextual information such as the correspondents' positions and relative seniority. Plaintiffs have explained to Defendants the obvious relevance of basic organizational documents, to no avail. It is now urgent that Plaintiffs obtain them immediately in order to ensure efficient completion of further discovery by the May 2 fact discovery deadline, including to identify appropriate deposition witnesses. *See Discover Fin. Servs.*, 2006 WL 1699566, at *2. The Court should therefore order Defendants to produce organizational charts and other similar corporate structure documents without delay.

Plaintiffs also respectfully seek relief from, and clarification of, Rule II.A, in light of the complexity of this case, which involves five Defendants, whose fraudulent conduct implicated a sprawling network of "holding companies, operating companies, licensing companies, a production company, a real estate company, and two of the Trump golf clubs." (Doc. No. 77 ("Compl.") ¶ 5.)

**Documents Predating 2013.** Defendants refuse to search for any documents prior to 2013, even though their fraudulent endorsement of ACN began in 2005. (Compl. ¶¶ 3, 7, 8, 16, 78, 86, 163.) Under Rule II.A.I(b), there is "good cause" to order discovery of ESI dating back to 2005. Among other things, Plaintiffs are entitled to ESI relating to the negotiation and execution of Defendants' agreement to endorse and promote ACN (which occurred in 2005), as well as documents relating to the creation of the promotional materials through which Defendants' fraudulent message was subsequently disseminated to Plaintiffs and other putative class members, including video materials (2006), print materials (2007), and two *Celebrity Apprentice* episodes featuring ACN (2009 and 2011). (Compl. ¶¶ 88, 96, 99-100.) Because such discovery is virtually

certain to reflect Defendants' knowledge and intent when the fraud was concocted, and when they made the relevant fraudulent communications, it is "central to the plaintiffs' claims." *See Chen-Oster* v. *Goldman, Sachs & Co.*, 285 F.R.D. 294, 305 (S.D.N.Y. 2012).

**ESI Custodians.** Defendants refuse to conduct ESI discovery for more than 10 custodians, including the five Defendants themselves and certain non-party subpoena recipients who have retained defense counsel to represent them. Plaintiffs recognize that the Court imposes in its Individual Rules a default limit of 10 custodians for each Defendant, and Plaintiffs appreciate the economy that efficient discovery provides. *See* Rule II.A.1(a) (absent court order, "a party" need only search 10 custodians). But there is no basis for Defendants' unilateral insistence on a 10-custodian limitation *across all five Defendants*, as well as non-party custodians.[3] Indeed, courts in this District routinely order discovery from far more than 10 custodians. *See, e.g.*, *Stinson* v. *City of New York*, No. 10 Civ. 4228, 2015 WL 4610422, at *4 (S.D.N.Y. July 23, 2015) (49 custodians); *Fort Worth Employees' Ret. Fund* v. *J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 106-08 (S.D.N.Y. Dec. 13, 2013) (adding 19 more custodians to list of 42). Such an approach is warranted here, in light of the complexity of the case and the high "financial stakes" of this class action. *See Chen-Oster*, 285 F.R.D. at 305.[4] Nevertheless, in an effort to accommodate Defendants, proceed efficiently, and minimize the discovery burden on all involved, Plaintiffs respectfully submit that a total limit of 25 custodians for Defendants' ESI search is appropriate and "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). And, while reserving all rights in the event additional ESI discovery proves necessary and appropriate (including after Defendants produce organizational charts), Plaintiffs are prepared to include within that total the former employees of Defendants who have retained defense counsel to represent them in connection with non-party subpoenas.

**Number of Fact Depositions.** For similar reasons, the Court should grant leave under Federal Rules of Civil Procedure 30(a) and 26(b) for Plaintiffs to conduct 25 factual depositions.[5] It is well settled that such a request should be granted "unless the additional depositions would be unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit." *In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646, 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013). The opposite is true here: relevant information is widely dispersed given the duration and complexity of Defendants' fraudulent scheme; Defendants have thwarted Plaintiffs' efforts to obtain information by other means; and the benefits outweigh any burden given the nature of the case, for all the reasons set forth above.

---

[3] Even if there were any basis for such an interpretation, there is "good cause" to relax the limitation here (*see supra*).

[4] For essentially the same reasons, the Court should clarify that there is good cause for Defendants to devote more than 160 hours to the ordered searches. *See* Rule II.A.1(d); *see also, e.g.*, *Moody* v. *Aircastle Advisor, LLC*, No. 13 Civ. 575, 2014 WL 1761736, at *1 (D. Conn. Apr. 30, 2014) (over 200 hours in a *single plaintiff* employment discrimination case); *J.A. ex rel. Wolf* v. *SCO Family of Servs.*, No. 17 Civ. 306, 2018 WL 501570, at *3 (E.D.N.Y. Jan. 22, 2018) (ESI production took approximately 1,000 hours).

[5] Plaintiffs reserve all rights to seek further relief once Defendants produce organizational charts.

KAPLAN HECKER & FINK LLP

4

Respectfully submitted,

*[signature]*

Roberta A. Kaplan

cc:   Counsel of Record (*via* ECF)