10250 Constellation Blvd., Suite 1100
Los Angeles, California  90067
Tel: +1.424.653.5500  Fax: +1.424.653.5501
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

March 3, 2020

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Doe, et al. v. The Trump Corporation,* 18-cv-09936 (LGS) –Motion to Seal

Dear Judge Schofield:

We write on behalf of nonparties JMBP, LLC ("JMBP") and Metro-Goldwyn-Mayer Studios Inc. ("MGM," collectively the "MGM Nonparties"), pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases (the "Individual Rules") and this Court's February 10, 2020 Order, to respectfully request that the Court order sealed the unredacted versions of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Compel ("Motion") (Dkt. No. 157), Exhibits C, D, F, and G of the Declaration of Alexander J. Rodney ("Rodney Decl.") (Dkt. No. 159-3, -4, -6, -7), Defendants' Opposition to Plaintiffs' Motion to Compel ("Opposition") (Dkt. No. 176)[1], Exhibits 1, 3, 4, 6-8 of the Declaration of Jessica Stebbins Bina ("Bina Decl.") (Dkt. No. 174) and Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel ("Reply") (Dkt. No. 184), as well as the entirety of Exhibits E, I, and J of the Rodney Decl. (Dkt. No. 159-5, -9, -10), and that the Court order the redacted versions of these materials be filed on the public docket.

Although there is a presumptive right of access to judicial documents, that right is not absolute. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 599 (1978) ("decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). When, as here, the documents at issue are submitted in connection with a motion to compel discovery, rather than a dispositive motion, the presumption of access is entitled only to modest weight. *See Alexander Interactive, Inc. v. Adorama, Inc.,* 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014); *Stern v. Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (the weight of the presumption of public access to a deposition

---

[1]  In an attempt to keep redactions as narrow as possible, the MGM Nonparties will, subsequent to the filing of this letter, deliver to Chambers versions of Exhibits C, D, F, and G to the Rodney Decl., as well as plaintiffs' Motion and Reply, that reflect the portions that the MGM Nonparties seek to maintain under seal.  The MGM Nonparties seek to maintain the entirety of Exhibits E, I and J to the Rodney Decl. under seal.  They do not move to seal Exhibits H and K.

LATHAM&WATKINS LLP

transcript filed for purposes of a motion to compel "would be low"). In determining a motion to seal, the Court must balance the "privacy interests of those resisting disclosure" against the presumption of access. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006); *see, e.g., Travelers Indem. Co. v. Excalibur Reinsurance Corp.,* 2013 WL 4012772, at *17-18 (D. Conn. Aug 5, 2013) (sealing documents to protect confidential and private information); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting issuance of a protective order, for good cause, to prevent disclosure of "a trade secret or other confidential research, development, or commercial information"). As the Second Circuit has explained, when undertaking this balancing, the "privacy interests of innocent third parties … should weigh heavily in a court's balancing equation." *United States v. Amodeo,* 71 F.3d 1044, 1050-51 (2d Cir. 1995). "Such interests, while not always fitting comfortable under the rubric 'privacy,' are a venerable common law exception to the presumption of access." *Id.* at 1051.

The MGM Nonparties have narrowly tailored their sealing requests to include only the confidential material that creates a real risk of violating their own privacy interests or the privacy interests of other nonparties to this litigation. The balancing test weighs heavily in favor of sealing the information that the MGM Nonparties seek to keep private.

*MGM Nonparties' Proprietary Business Information.* The documents submitted include highly sensitive, non-public business information that courts have consistently held warrants sealing. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 510 (S.D.N.Y. 2015). The MGM Nonparties seek to seal the terms of the contract negotiated with ACN, the detailed instructions, guidelines, and logistics for producing *The Celebrity Apprentice,* and the task partner fees paid by various nonparty task partners to appear on the show. This information is confidential and proprietary to the MGM Nonparties, as it reveals specific and highly confidential information regarding their production strategies (including proprietary operations and logistics), staffing, and format, all of which is highly confidential within the industry and which the MGM Nonparties take significant steps to keep private and confidential. Edwards Decl. ¶ 4. With respect to the ACN contract, while some of the terms are typical of agreements generally, the format and key provisions of this agreement are proprietary to the MGM Nonparties and used in many other confidential agreements executed by the MGM Nonparties. *Id.* ¶ 2. The publication of this information would likely harm the MGM Nonparties' ability to negotiate similar contracts in the future, and would unfairly give competitors insight into the MGM Nonparties' contractual terms and filming logistics. *Id.* In addition, the task partner fees paid by task partners not at issue in this action who appeared on *The Celebrity Apprentice* are confidential to those nonparty task partners. *Id.* ¶ 3. Courts regularly seal such confidential business information in order to protect business interests. *See, e.g., Louis Vuitton Malletier S.A.,* 97 F. Supp. 3d at 510 (sealing confidential business information relating to business strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.,* 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal information relating to "marketing strategies, product development, costs and budgeting"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office,* 26 F. Supp. 2d 606, 608-14 (S.D.N.Y. 1998) (sealing material relating to "operations information" and "programming strategies," explaining that "confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."); *cf. In re Dental Supplies Antitrust Litig.,* 2017 WL 1154995, at *2

LATHAM&WATKINS LLP

(acknowledging that "pricing data…can be among the most sensitive commercial information"). This is especially true when the business information threatened to be exposed belongs to a nonparty to the litigation. *See Amodeo,* 71 F.3d at 1050-51. Given the tangential relevance this material has to the adjudication at issue, and the substantial privacy interest the MGM Nonparties have in this information, the Court should seal the requested information.

*Third Party Proprietary Business Information.* The MGM Nonparties also seek to seal limited confidential business information related to other nonparty companies that appeared on *The Celebrity Apprentice.* This includes, for instance, information regarding sales and advertising metrics of third parties not at issue in this lawsuit. *See, e.g.*, Rodney Decl. Ex. G at 9-13, 15; Edwards Decl. ¶ 5. This information is wholly irrelevant to the instant motion and this case. While these performance figures are attached to an exhibit, neither party relies on these figures for any arguments in support of or against the motion to compel. As such, this information is not related to any judicial function, and thus there is no presumptive right of public access. *See Brown v. Maxwell,* 929 F.3d 41, 49 (2d Cir. 2019) ("documents filed by a party [that] are *not* relevant to the performance of a judicial function [have] no presumption of public access"). And even were this information to have a presumption of public access, it would be minimal. *See Stern*, 529 F. Supp. 2d at 422. As explained above, a company has an interest in keeping its financial performance and information private. Releasing this information could potentially harm the interests of nonparties who are not present to advocate for themselves. Edwards Decl. ¶ 5. As such, the Court should maintain this information under seal.

*Individual's Private Contact Information.* The MGM Nonparties seek to seal private contact information, including personal cell phone numbers and email addresses, of individuals uninvolved with this lawsuit. Such private information is contained in Exhibits C and D of the Rodney Decl., and Exhibits 1, 3, 4, 6-8 of the Bina Decl. These individuals are not parties to this suit, and did not give permission to have their personal information recorded on the public record. Edwards Decl. ¶ 6. Further, the public has no need to access this information, as it is wholly irrelevant to the present discovery dispute, as well as the larger litigation. Accordingly, the individuals' right to privacy outweighs any limited right of public access, and the Court should order this information sealed. *See Online Payment Sols. Inc. v. Svenska Handelsbanken AB,* 638 F. Supp. 2d 375, 383 n.4 (S.D.N.Y. 2009); *Palomo v. DeMaio,* 2018 WL 5113133, at *2 (N.D.N.Y. Oct. 19, 2018) (ordering nonpublic personal identifying information, including email addresses and phone numbers, be redacted from all exhibits).

The MGM Nonparties have a significant interest in protecting this confidential material from public dissemination. The MGM Nonparties request that the Court file under seal the unredacted documents, and file the minimally redacted versions on the public docket.

Respectfully submitted,

LATHAM & WATKINS LLP
Marvin S. Putnam
Jessica Stebbins Bina (*admitted pro hac vice*)

cc: All counsel of record (via ECF)