USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _03/04/2020_

The parties are advised that the Court expects the parties to meet and confer in good faith and consent to revised deadlines per Section 8(h) of the Case Management Plan and Scheduling Order.  For clarity, an amended Case Management Plan and Scheduling Order will be issued separately.

Dated: March 4, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**BY EMAIL**

The Honorable Loma G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *Jane Doe, et al.* v. *The Trump Corporation, et al.,* 18 cv 9936 (LGS)

Dear Judge Schofield:

We write on behalf of Plaintiffs in the above-referenced matter to bring to the Court's attention an effort by Defendants to avoid all depositions in this matter by adopting a strained interpretation of the deadlines set forth in the amended case management and scheduling order entered by the Court on February 25, 2020 (Doc. No. 182), and to seek the Court's clarification.

By way of background, as Your Honor will recall, on February 21, 2020, Plaintiffs sought a five-month discovery extension from the Court just hours after Defendants reneged on their agreement to make a joint request (Doc. No. 171).  On February 25, 2020, the Court granted a 60-day extension and issued an order amending paragraph 8.b of the Court's Case Management and Scheduling Order to set a deadline for completion of fact discovery of May 2, 2020 (Doc. No. 182).  After the Court granted that extension, Plaintiffs promptly served deposition notices on the Individual Defendants on February 27, 2020.  The next day, on February 28, 2020, Plaintiffs filed a letter motion seeking to compel production of certain relevant discovery from Defendants, in addition to seeking relief from certain default rules, including from the limitations on the number of depositions set forth in Rule 30(a) of the Federal Rules of Civil Procedure (Doc. No. 185).

Today, Defendants informed us that, notwithstanding the Court's 60-day discovery extension, because the Court did not make a corresponding edit to paragraph 8.f of the case management and scheduling order, which pertains to fact depositions, Defendants now take the

KAPLAN HECKER & FINK LLP                                                    2

position that the period for depositions has already elapsed, that no depositions can be taken in this case, and that, as a result, the notices served by Plaintiffs are invalid.

Defendants' position is at odds with the reasons that Plaintiffs sought, and the Court granted, a discovery extension, including the "significant document discovery [that] remains to be produced by both Defendants and non-parties before productive depositions can be scheduled." (Doc. No. 171; *see also* Doc. No. 181 (granting extension "[f]or substantially the reasons set forth in Plaintiffs' letter motion").)  Accordingly, we respectfully seek the Court's clarification on this issue, which we would be prepared to address during the telephone conference scheduled for next Thursday, March 12, 2020.

Very truly yours,

Roberta A. Kaplan

cc: Counsel of Record