# SPEARS & IMES LLP

51 Madison Avenue
New York, NY 10010
tel 212-213-6996
fax 212-213-0849

Joanna C. Hendon
tel 212-213-6553
jhendon@spearsimes.com

March 6, 2020

**Via ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

Re: *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

Pursuant to Rule III.A.1 and Rule III.C.3 of the Court's Individual Rules and Procedures for Civil Cases (the "Individual Rules") and consistent with the Court's March 2, 2020 Order, (ECF No. 186), Defendants respectfully oppose Plaintiffs' February 28, 2020 letter requesting a pre-motion conference concerning Plaintiffs' contemplated motion to compel discovery and to seek relief from the Court's Individual Rules. (ECF No. 185.) As an initial matter, it is Defendants' position that Plaintiffs' remaining claims should be referred to arbitration and, accordingly, that the scope of discovery in this case should be decided by an arbitrator, as set forth in Defendants' pending motion to compel arbitration, dated September 17, 2019. (ECF Nos. 113-14.)[1]

Over Defendants' objection, Plaintiffs seek to <u>more than double</u> the period over which Defendants must search for ESI, from five years before the filing of the action to at least thirteen years; <u>more than double</u> the number of ESI custodians from which Defendants must collect data, from ten to twenty-five; eliminate the 160 hour ceiling on the time that Defendants must devote to ESI collection, review, and production; and <u>more than double</u> the number of fact depositions permitted by Federal Rule of Civil Procedure 30 from ten to twenty-five. Plaintiffs cannot justify this extraordinary relief, sought for the first time at the close of fact discovery.

*First*, Plaintiffs cannot show good cause for expanding the limits imposed by the Court's Individual Rules and the Federal Rules of Civil Procedure. *See* Rule II.A.1 (requiring "good cause" to expand the limits on ESI); *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 368-69 (S.D.N.Y. 2010) (applying the "good cause" standard and finding that "Plaintiffs have failed to satisfy their burden of demonstrating cause to exceed the ten deposition limit contemplated by the Federal Rules."). They make no attempt to justify their decision to allow the six month fact discovery period all but to expire before moving the Court, at the last minute, to modify its Individual Rules in the manner requested. To the contrary, Plaintiffs have been aware of those limits, and of Defendants' position that they should not be exceeded, since the beginning of this case. (ECF No. 185, citing ECF No. 48.) *See Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (explaining in the analogous context of

---

[1] Defendants respectfully request that the Court decide that motion, so that in the event of an adverse ruling, Defendants may be heard in the Court of Appeals promptly.

Hon. Lorna G. Schofield     - 2 -
March 6, 2020

seeking modification of a scheduling order, "[w]hether good cause exists turns on the diligence of the moving party."). *Cf. Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) ("A party has not acted diligently where the proposed amendment to the pleading is based on information that the party knew, or should have known, in advance of the deadline sought to be extended.") (internal quotation marks omitted).

The reason for Plaintiffs' delay is clear. Rather than pursue party discovery, Plaintiffs chose to prosecute a wildly self-indulgent third-party discovery program spanning thirty-nine Rule 45 subpoenas in order to beat the clock before this Court rules on Defendants' motion to compel arbitration, given the unavailability of such discovery in arbitration. Plaintiffs understood the limits and deadlines on fact discovery in this case and chose to ignore them for strategic reasons. That does not constitute good cause. *Cf. Abdelal v. Kelly*, 13-CV-4341 (ALC)(SN), 2018 WL 3812443, at *2 (S.D.N.Y. Aug. 10, 2018) ("The Court will not reopen discovery now simply because Plaintiff made a strategic decision during the discovery process not to depose a high-ranking official who likely has knowledge about the" subject matter of the case and "[i]nstead, 'in the interest of time and expense, Plaintiff elected to pursue depositions'" of other witnesses.).

*Second*, Defendants have cooperated fully in fact discovery. Defendants agreed to collect ESI for each of the nine custodians proposed by Plaintiffs, accepted Plaintiffs' proposed search terms with only minor revisions, and have already reviewed *more than 190,000 documents and families* returned by Plaintiffs' 21 broad search strings. Plaintiffs did not provide the current version of their search strings until January 22, 2020. (ECF No. 148 at 2.) Defendants promised to make an initial production during the month of January, and they did so. Defendants have not refused to produce additional documents and are working to produce additional non-privileged documents responsive to Plaintiffs' discovery requests. Plaintiffs' assertions, accusations, and insinuations to the contrary are all untrue and designed to persuade the Court to grant what, by any measure is, on its face, an insupportable request. Plaintiffs' request that the Court order Defendants to "start, immediately to produce ESI from all 9 custodians and 21 search terms" is moot. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot.").

Plaintiffs complain that our document "production is manifestly deficient" because "it includes no emails to, from, or copying any of the Individual Defendants (save for fewer than 10 communications involving Eric Trump)." (ECF No. 185.) But that is neither here nor there. Defendants ran *all of* Plaintiffs' broad search strings across *all* custodians requested by Plaintiffs, including the individual Defendants. The absence of responsive documents for Ivanka Trump, Donald Trump, Jr., and Eric Trump – the Court may conclude – simply reflects the extent to which those parties engaged in relevant communications with anyone concerning ACN or their father's endorsement of that company. As we have previously argued to the Court, Mr. Trump's three eldest children had little to no involvement with their father's endorsement of ACN. (ECF No. 84 at 11, 28.) As for Mr. Trump, it is a matter of public record that he does not use email. *See, e.g.*, Michael Barbaro and Steve Eder, *Under Oath, Trump Shows His Raw Side*, N.Y. TIMES, July 29, 2015, at A1 ("In 2007, [Mr. Trump] said he had no home or office computer… His secretary generally typed letters, Mr. Trump said. 'I don't do the email thing.' By 2013, Mr. Trump was still not sold on email. 'Very rarely, but I use it,' he said under questioning.").

Plaintiffs' demand for organizational charts and similar materials from fifteen or more entities spanning "any time between January 1, 2005 and the present" is overbroad and not proportional to the needs of the case. Rule 26(b) requires that discovery not only be relevant, but also "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Following dismissal of Plaintiffs' RICO claims (the only federal claims in this action), there are no "enterprise" or conspiracy allegations in the case. There remain only a handful of state law fraud and negligent misrepresentation claims under California, Maryland, and Pennsylvania law. The organizational structures of fifteen non-party Trump entities is irrelevant to Plaintiffs' claims. Moreover, Plaintiffs' purported interest in "contextual information" and "identify[ing] appropriate deposition witnesses" is readily met through other means, including information already available to Plaintiffs. For example, documents already produced by Defendants establish which Trump personnel interacted with ACN and may have relevant testimony. By contrast, the burden to Defendants of collecting, identifying, reviewing, and producing each iteration of organizational charts and similar documents for fifteen entities over a fifteen-year period is considerable. The "burden or expense of the proposed discovery" here "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Similarly, while Plaintiffs allude to "the duration and complexity of Defendants' [alleged] fraudulent scheme" they make no attempt to identify what information relevant to their state law claims is not presently available among the nine ESI custodians that they selected or the numerous Rule 45 subpoenas that they have served. Nor can Plaintiffs articulate why an additional fifteen depositions are necessary to prove these claims.

Finally, Plaintiffs cannot establish good cause to more than double the time frame over which Defendants must search for evidence, from five years to at least thirteen years. All four Plaintiffs signed up to become ACN IBOs between 2013 and 2016. The Court's current limitation of ESI discovery to documents created within five years of the filing of the lawsuit extends discovery back to October 2013 and, therefore, is well-tailored to the instant dispute. On these facts, Plaintiffs cannot show good cause to alter the limits on discovery imposed by the Court's Individual Rules and Federal Rule of Civil Procedure 30.

For the foregoing reasons, the Court should not modify its Individual Rules or Federal Rule of Civil Procedure 30 for Plaintiffs or expand or alter the terms of the Second Amended Civil Case Management Plan and Scheduling Order, entered March 4, 2020. (ECF No. 192.)

Respectfully submitted,

Joanna C. Hendon