

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
New York, New York  10112

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

March 14, 2020

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:  *Jane Doe, et al. v. Trump Corp.*, Case No. 1:18-cv-09936**

Dear Judge Schofield:

 I write on behalf of non-party ACN Opportunity, LLC ("ACN")[1] to respectfully request limited, expedited relief from the Court's Orders [ECF Nos. 54, 112] authorizing Plaintiffs to proceed under pseudonyms in this matter. Such relief is necessary to allow ACN to initiate actions against Plaintiffs with the American Arbitration Association ("AAA") to enforce ACN's rights under the Independent Business Owner ("IBO") agreements that Plaintiffs executed as a requirement of enrolling with ACN.  To the extent the Court prefers that this request be raised by motion, ACN respectfully requests that the Court construe this letter as a pre-motion conference request pursuant to Individual Rule III.A.1.

 This Court is familiar with the broad, mandatory arbitration language contained in ACN's IBO Agreements, as that language is the basis of two motions to compel arbitration currently pending with the Court.  *See* ECF Nos. 113, 168. That language provides, in sum and substance:[2]

> In the event of a dispute between ACN and me as to our respective rights, duties and obligations arising out of or relating to this Agreement, it is mutually agreed that such disputes shall be exclusively resolved through . . . binding arbitration before the [AAA] pursuant to the Commercial Rules of Arbitration.

 On February 10, 2020, ACN initiated four arbitration proceedings with AAA, pursuant to this broad, mandatory language, naming each of the Plaintiffs as a

---

[1] ACN's appearance in these proceedings remains limited and ACN does not consent to jurisdiction.

[2] While IBO Agreements can vary from revision-to-revision, arbitration under the AAA Commercial Rules was required during the entire time Plaintiffs allege that they were enrolled as IBOs.

44 Offices in 19 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.
010-9027-1993/1/AMERICAS

Squire Patton Boggs (US) LLP

VIA ECF

Honorable Lorna G. Schofield
March 14, 2020

respondent using the pseudonym s/he has adopted in this case with approval of the Court and providing copies of all IBO Agreements to which the Plaintiffs would have been party (each including a similar arbitration requirement).  On February 13, AAA notified ACN that it would "return the filings" on the basis that "the name of the respondents and an agreement between the parties was not provided as required by R-4 of the Commercial Arbitration Rules."  ACN promptly requested reconsideration of that determination, noting among other things that each Plaintiff/Respondent is "not an unknown actor, but a known, identifiable individual who the SDNY court is allowing to proceed under a pseudonym for reasons unrelated to ACN," and that decisions regarding arbitrability are reserved for the arbitrator.  In responding, Plaintiffs' counsel represented to AAA that this Court's Orders, and specifically the Court's Protective Order, "specifically prevents non-parties, such as ACN, from learning the plaintiffs' identities except in carefully limited circumstances, and forbid those who do learn their identities in the course of litigation from further disseminating that information."  As Plaintiffs have now informed the Court [ECF No. 201], on March 12, 2020, AAA notified ACN that it would not reverse its determination, and would return the filings—not for any substantive reasons, as misleadingly suggested by Plaintiffs in their letter to the Court, but for the sole reasons that ACN was unable to identify Plaintiffs/Respondents by anything other than the pseudonyms they are using in this Court, and therefore also was unable to provide the specific agreements between the parties.

Contrary to Plaintiffs' representations to AAA, this Court's Orders permitting pseudonymous pleading in this matter *have nothing to do with ACN*.  While Plaintiffs now try to use the Court's Orders as both a shield and a sword to avoid their contractual obligations to ACN, it is apparent from the underlying briefing that the *only* concern that motivated Plaintiffs in seeking anonymity and the *only* basis for the Court's Order allowing it was an alleged "grave risk of harm" to Plaintiffs as a result of retaliation from Defendants and Defendants' political supporters.  *See, e.g.*, Memo. of Law in Supp. of Plaintiffs' Mot. for Leave to Proceed Under Pseudonym [ECF No. 4] at 2.  This Court's Orders certainly could not have been meant to preclude non-parties such as ACN from exercising their legitimate rights against Plaintiffs, particularly in a private arbitral forum.

In fact, ACN has committed on multiple occasions in the context of this case to keep Plaintiffs' true identities confidential (*see, e.g.*, ECF No. 104, Ex. B), and has no reason to reveal nor intention of revealing those identities for any purpose other than initiating private arbitration proceedings with AAA—as ACN is entitled and required to do to enforce its contracts.  As ACN noted in its recently-filed Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Compliance with Subpoena and in Support of ACN's Cross-Motion to Compel Arbitration [ECF No. 168], ACN also has been willing to sign on to the Court's Protective Order with minor, reasonable revisions intended to recognize and preserve ACN's contractual rights, but Plaintiffs have steadfastly refused those revisions—a refusal that could not be more clearly motivated by their duplicitous insistence on avoiding their obligations to ACN.

This Court should not allow Plaintiffs to use this Court's authority to hide from their

obligations to ACN and avoid legitimate claims in arbitration.  While the unique circumstances of this case make for sparse precedent, courts in similar positions have required limited disclosures of a plaintiff's identity, while still protecting plaintiff from potential retaliatory conduct.  *See, e.g.*, *Doe v. New Ritz, Inc.*, No. RDB-14-2367, 2016 U.S. Dist. LEXIS 14159, at *6-7 (D. Md. Feb. 5, 2016) (allowing a plaintiff to proceed pseudonymously for public purposes, but requiring disclosure of her identity to defendant privately for the purpose of assessing her defenses, including the potential application of an arbitration agreement).  ACN respectfully requests that the Court do the same here, and compel Plaintiffs to disclose their legal identities to ACN for the limited purpose of allowing ACN to proceed with its confidential arbitrations.  Alternatively, ACN respectfully requests that the Court modify its Protective Order so that Plaintiffs' names may be shared with ACN confidentially while not prohibiting ACN from then using the names to enforce its contractual rights.  ACN additionally requests that the Court act expeditiously in granting ACN relief, to minimize any further delay and prejudice to ACN.

On behalf of ACN, we appreciate the Court's consideration.

Respectfully yours,

*[signature: Stephanie E. Niehaus]*

Stephanie E. Niehaus


cc:     All Counsel of Record (via ECF)