

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
New York, New York  10112

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

March 17, 2020

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**   *Jane Doe, et al. v. Trump Corp.*, **Case No. 1:18-cv-09936**

Dear Judge Schofield:

On March 14, 2020, non-party ACN Opportunity, LLC ("ACN") submitted a letter requesting expedited relief from the Court's Orders authorizing Plaintiffs to proceed under pseudonyms in this matter.  *See* ECF No. 202.  As explained in that letter, such relief is necessary so that ACN can proceed with its claims against Plaintiffs in a private arbitral forum to enforce ACN's contracts with Plaintiffs.  ACN specifically and respectfully requested that the Court act expeditiously in granting ACN relief, to minimize any further delay and prejudice to ACN.

On March 16, 2020, the Court entered an Endorsed Order allowing Plaintiffs until April 30, 2020 to respond to ACN's letter request, which amounts to a period of *more than six weeks*.  ECF No. 204.  Given the urgency of its request, and the mounting prejudice to ACN, ACN was surprised by the extraordinary length of time granted to Plaintiffs to respond.  ACN notes that the Court's Individual Rules contemplate a period of just five business days for adversaries to respond to letter requests such as the one submitted by ACN, leading ACN to believe that the Court's Endorsed Order may have been entered in error.  *See* Indiv. R. III.A.1.  To the extent the Court's Order was entered in error, ACN respectfully requests clarification; to the extent the Court's Order was not entered in error, ACN respectfully requests reconsideration—in either case, ACN respectfully requests that Plaintiffs be required to respond no later than March 23, consistent with the Court's Individual Rules.[1]

---

[1] ACN has reviewed the Court's general Orders instituting special procedures and adjourning deadlines in response to the present national emergency related to the coronavirus/COVID-19 pandemic, and does not believe that its March 14 letter is impacted by any of those Orders.  However, if the Court is concerned about providing additional time to parties under the current unprecedented circumstances, which ACN certainly can appreciate, ACN respectfully requests that the Court also adjourn the telephonic conference scheduled for April 9, 2020 to discuss Plaintiffs' motion to compel discovery from ACN [*see* ECF No. 199], and defer any ruling on

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.
010-9034-1047/1/AMERICAS

Squire Patton Boggs (US) LLP                                          Honorable Lorna G. Schofield
                                                                      March 17, 2020
**VIA ECF**

      ACN wishes to emphasize for the Court the extreme and unusual prejudice to which it continues to be subject as a result of Plaintiffs' claims here and their use of this Court's Orders to avoid their contractual obligations to ACN. By way of example only, on the same date that ACN submitted its letter request, the Washington Post ran an article entitled "Trump ordered to expand document search in suit alleging he endorsed pyramid scheme," in which ACN's legitimate business was characterized as a "marketing scam targeting vulnerable investors." To further underscore ACN's repeated point that Plaintiffs' lawsuit implicates a dispute against ACN—despite their protestations to the contrary, and in clear violation of the mandatory arbitration language to which Plaintiffs agreed—the reporter's request for comment from ACN for that article stated "[a]lthough your client isn't a defendant, *it's accused in the case of scamming its independent contractors*…."[2] It is manifestly unfair and contrary to basic due process for ACN to be subject to allegations such as these here and in the court of public opinion while being deprived of any opportunity to defend itself under its agreements with Plaintiffs, which plainly disclaim any representations of success *and* require all disputes arising under the agreements to be brought in arbitration.

      For these reasons, ACN again respectfully requests that the Court act expeditiously, and clarify or reconsider the amount of time allowed to Plaintiffs to respond to ACN's March 14 letter request. On behalf of ACN, we appreciate the Court's consideration.

Respectfully yours,

*Stephanie Niehaus*

Stephanie E. Niehaus


cc:    All Counsel of Record (via ECF)

---

Plaintiffs' motion to compel until after the Court has considered ACN's request for relief from the Court's Orders allowing Plaintiffs to proceed pseudonymously (unless, of course, the Court compels the Plaintiffs' claims to arbitration).

[2] Notably, the reporter's request for comment was sent after hours (7:05 pm ET) on Friday, March 13, to ACN's outside counsel in North Carolina, whose *pro hac vice* motion is pending in this case, rather than its New York counsel of record. That email was not received by ACN until ACN's North Carolina counsel noticed it and forwarded it to ACN on Saturday, March 14, by which time it was too late for ACN to respond, as the article was published just hours later. Had it been given fair opportunity, ACN would have emphasized its strong denial of the allegations made against it.