**SPEARS & IMES** LLP

51 Madison Avenue
New York, NY 10010
tel  212-213-6996
fax 212-213-0849

Joanna C. Hendon
tel 212-213-6553
jhendon@spearsimes.com

March 25, 2020

**Via ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

Re:  *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

We write in support of the application by third party ACN Opportunity, LLC ("ACN") for limited, expedited relief from the Court's Orders authorizing Plaintiffs to proceed under pseudonyms in this matter.  (ECF No. 202.)  We write, as well, to request that the Court revisit, in toto, the question of whether Plaintiffs may continue to prosecute this case pseudonymously in this Court.  Without the requested relief, Defendants are severely restricted, among other things, in their ability to obtain from ACN copies of the arbitration agreements needed to perfect Defendants' Motion to Compel Arbitration, filed with the Court on September 17, 2019 (ECF Nos. 113-14, 121), or to take targeted discovery of any kind concerning Plaintiffs and their relationships with ACN.  To the extent that the Court would prefer that this request be raised by motion, Defendants respectfully request that the Court construe this as a letter request for a pre-motion conference pursuant to Rule III.A.1 of the Court's Individual Rules and Procedures for Civil Cases.

We set forth the relevant background.  On October 29, 2018, one week before the mid-term elections, Plaintiffs filed this action pseudonymously, seeking relief for harm allegedly suffered by them as ACN "Independent Business Owners" in years during which Donald J. Trump was a spokesperson for ACN.  On December 20, 2018, over Defendants' objection, the Court ruled that Plaintiffs could proceed anonymously, given their stated fear of retaliation by Mr. Trump and his supporters.  (December 20, 2018 Hr'g Tr. at 26-27.)  Pending decision on Defendants' anticipated motion to dismiss, the Court ruled, Plaintiffs would remain anonymous not only on the public docket, but to Defendants and their counsel as well.  (*Id.* at 28-29.)  If and when discovery were to begin, the Court ruled, Plaintiffs would need to renew their request for anonymity.  (*Id.*).  As discussed below, that never occurred.

On July 19, 2019, while Defendants' motion to dismiss was pending, Defendants advised the Court that, were it to deny that motion or grant it only in part, they intended to move to compel Plaintiffs to arbitrate their disputes with Defendants, under doctrines of agency and equitable estoppel, as recognized by controlling precedent in this Circuit.  (ECF No. 94.)  On July 24, 2019, the Court granted Defendants' motion to dismiss Plaintiffs' federal claims in their entirety, retaining jurisdiction over Plaintiffs' state law claims, which arise under the laws of

Hon. Lorna G. Schofield                                                                                                    - 2 -
March 25, 2020

Maryland, California, and Pennsylvania.  (ECF No. 97.)  Six weeks later, on September 9, 2019, the Court set a schedule for briefing on Defendants' motion to compel arbitration.  (ECF No. 111.)  That motion was fully submitted six months ago, on September 27, 2019.  (ECF No. 121.)

On July 31, 2019, Defendants sought to discover on a "lawyers' eyes only" basis Plaintiffs' identities, so that Defendants could issue a Rule 45 subpoena to ACN for copies of the IBO agreements Plaintiffs signed, each of which, we understand, contains a broad mandatory arbitration clause.  (ECF No. 104, Ex. B.)  Plaintiffs refused, insisting that Defendants first agree to a proposed Protective Order that, if approved by the Court, would extend the Court's December 20, 2018 order granting Plaintiffs the right to proceed pseudonymously indefinitely, without allowing Defendants an opportunity to revisit that determination, as expressly provided for by the Court's December 20, 2018 ruling.  (ECF No. 104.)  Defendants refused to enter into such an agreement.

At a conference held on September 5, 2019, the Court overruled Defendants' objections to Plaintiffs' proposed Protective Order.  On September 10, the Court signed Plaintiffs' proposed Protective Order, which provides that "[n]o person subject to this Order, other than the Plaintiff whose identity is being protected" may disclose that Plaintiff's identity, including to a "non-party recipient of a subpoena," unless that non-party first signs the Non-Disclosure Agreement annexed to the Protective Order.  (ECF No. 112.)  The Non-Disclosure Agreement states that the signatory agrees to "hold in confidence" the information that it receives, use that information "only for purposes of this litigation," and submit to the jurisdiction of this Court "for the purpose of any issue or dispute arising hereunder."  (ECF No. 112 at 7.)  The Protective Order thus allows Plaintiffs to remain pseudonymous on the docket for the duration of the case, even though the Court has made no findings to warrant that extraordinary relief.  The record on this subject remains as it was on December 20, 2018, when the Court first ruled, more than a year ago.[1]

On September 11, 2019, subject to the Protective Order, Plaintiffs disclosed their identities to Defendants.  But, Defendants have been unable to share that information with ACN.  Then, as now, ACN takes the position that it cannot sign the Non-Disclosure Agreement in its current form because to do so would limit ACN's contractual rights, including its right to arbitrate disputes with its IBOs.  As a result, Defendants cannot seek appropriate discovery from ACN.  Not only do the Court's orders limit Defendants' ability to obtain from ACN the IBO agreements necessary to perfect Defendants' motion to compel arbitration (because, without the limited relief requested by ACN, there is no mechanism by which Defendants may lawfully share Plaintiffs' identities ("Confidential Identity Information") with ACN in order to obtain those agreements), but also Defendants are severely restricted in their ability to seek <u>any</u> specific or targeted discovery concerning Plaintiffs' interactions with ACN – a subject at the center of this case.

*     *     *

---

[1] Controlling precedent in this Circuit forbids parties from proceeding pseudonymously absent truly extraordinary circumstances not present here.  In the interest of brevity, we respectfully refer the Court to Defendants' previous briefing on this subject.  (*See* ECF No. 46 at 6-22).

Hon. Lorna G. Schofield - 3 -
March 25, 2020

      For these reasons and those set forth in ACN's letter to Your Honor dated March 14, 2020, Defendants join ACN in respectfully requesting limited relief from the Court's Orders dated December 20, 2018 and September 10, 2019. Defendants further respectfully request that the Court, consistent with its December 20, 2018 ruling, revisit now the question of whether Plaintiffs should be permitted to proceed pseudonymously in this case.

                                              Respectfully submitted,

                                              */s/ Joanna C. Hendon*

                                              Joanna C. Hendon