

As the Non-Parties represent that they intend to produce the requested documents by April 30, 2020, Plaintiff's letter motion at Dkt. Nos. 211 & 212 is DENIED as moot.

Dated: March 30, 2020
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   <u>Jane Doe, et al. v. The Trump Corp., et al.</u>, 18-cv-09936 (LGS)

Dear Judge Schofield:

We write on behalf of non-parties Anne Archer Butcher and Dolphin Entertainment (together, the "Non-Parties") in response to Roberta Kaplan's letter to the Court dated March 27, 2020. Although we do not believe there are any outstanding discovery issues involving the Non-Parties, Ms. Kaplan's letter contains numerous misrepresentations and, therefore, we are compelled to correct the record below.

*First*, contrary to Plaintiffs' claim, the Non-Parties did not represent during a call on December 19, 2019, "that their initial production would occur by the end of January 2020." Nor could they, given that Plaintiffs had not yet proposed search parameters for electronically-stored information ("ESI"), and the Non-Parties did not yet know how many documents they would have to review. It was not until January 7, 2020, that Plaintiffs requested that the Non-Parties "search for and produce all [ESI] that [is] responsive to the search term 'Trump'" for the time period January 1, 2005 to present.

*Second*, Plaintiffs' claim that the Non-Parties "confirmed that they possess more than 1,600 relevant documents" is false. Instead, by e-mail dated January 17, 2020, the Non-Parties noted that this Court's Individual Rules and Procedures prohibited Plaintiffs from requesting ESI created before October 30, 2013, and that the Non-Parties did not do any work for ACN regarding Trump after September 2015. The Non-Parties further advised that, if they applied Plaintiffs' proposed search term of "Trump" to ESI for the time period October 30, 2013 through September 30, 2015, and then excluded emails that can be obtained from Defendants, this would result in "1,684 [unique] documents for review." The Non-Parties then stated that they "will begin reviewing these documents" if Plaintiffs "agree with the above search parameters." The Non-Parties did not represent that any of these documents are relevant to this case. Nor could they, as they had not even begun to review those documents.

*Third*, on March 17, 2020, Plaintiffs advised that this Court ruled that the five-year limitation on ESI searches is "WAIVED" and asked the Non-Parties to expand their time period for ESI searches **by almost 9 years** by producing additional ESI for the time period January 1, 2005 until October 29, 2013. This more than tripled the total number of unique documents in the



Non-Parties' review set.  Accordingly, on March 21, 2020, the Non-Parties proposed adjusting the time period for ESI searches to December 26, 2008 to August 31, 2011, explaining that: (i) "the earliest email that Ms. Butcher has is dated 12/26/2008"; and (ii) Plaintiffs' subpoenas "seek documents concerning episodes of The Celebrity Apprentice that aired on March 22, 2009 and March 27, 2011, and the August 2010 and August 2011 issues of *Success from Home*."  By email dated March 23, 2020, Plaintiffs responded that they do not agree to an end date of August 31, 2011.  Accordingly, the Non-Parties will review ESI through September 30, 2015, pursuant to Plaintiffs' request.  Before the Non-Parties had an opportunity to convey this to Plaintiffs, Plaintiffs filed their letter with the Court.

*Finally*, contrary to Plaintiffs' claim, the Non-Parties never once "refus[ed] to produce documents responsive to the subpoenas."  Instead, the Non-Parties have repeatedly advised Plaintiffs that they are in the process of reviewing documents that hit on their (recently expanded) search parameters and will produce relevant documents as soon as they are able to do so.  The Non-Parties anticipate that they will complete their production by April 30, 2020.  If the Non-Parties are able to complete their production sooner, they will do so.

For the foregoing reasons, we do not believe a discovery conference is necessary.  We are available at the Court's convenience to address this matter further.

Respectfully submitted,

*/s/ Deana Davidian*

cc:     All Counsel of Record (via ECF)