# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE  |  SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883  |  FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

March 30, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-9936 (LGS)

Dear Judge Schofield:

      We write on behalf of Plaintiffs in the above-referenced action in response to the letters filed by non-party ACN on March 14 and 17, 2020 (Doc. Nos. 202 & 205). As a practical matter, ACN seeks to modify two of this Court's prior rulings: (1) on pseudonymity (*see* Doc. Nos. 54, 59 at 25:17-19); and (2) the Protective Order that this Court entered on September 10, 2019 (Doc. No. 112). Taken together, these rulings carefully limit access to Plaintiffs' identifying information to those who need it and limit use of that information solely for purposes of this litigation. Here, as a matter of law, a non-party like ACN cannot seek modification of a protective order absent permissive intervention (which ACN has not sought and would not be entitled to at this late date); nor could ACN possibly satisfy the demanding standard that is required under the case law.

      ACN's request for modification is also somewhat incoherent, in that it invokes the jurisdiction of this Court that ACN has expressly disavowed, so that ACN can then launch an arbitration seeking to prevent Plaintiffs from obtaining discovery in this action. If ACN needs Plaintiffs' identity information for the purpose of responding to its discovery obligations *in this litigation*, it can obtain that information in accordance with the Protective Order, as other non-parties have already done. But the Protective Order should not be modified to permit use of that information "for purposes external to this lawsuit," *see Nielsen Co. (U.S.), LLC* v. *Success Sys., Inc.*, 112 F. Supp. 3d 83, 121 (S.D.N.Y. 2015)—certainly not when those external purposes are an effort to obstruct the very litigation in which ACN now seeks relief.[1]

*   *   *

      Under controlling law in this Circuit, a non-party such as ACN seeking changes to an existing Protective Order must first satisfy the standard for permissive intervention and then make

---

[1] ACN says its request is urgent, but offers no explanation why the Court should decide these requests before the Court decides ACN's motion to compel arbitration, which was fully briefed on February 21, 2020.

KAPLAN HECKER & FINK LLP                                                                                           2

a further showing that the proposed modification is warranted.  *See Martindell* v. *Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294-95 (2d Cir. 1979); *Jose Luis Pelaez, Inc.* v. *Scholastic, Inc.*, 312 F. Supp. 3d 413, 416 (S.D.N.Y. 2018).  ACN cannot possibly make either showing here.

*First*, ACN has not sought permissive intervention, without which it lacks standing to seek modification of the Protective Order.  *See AT&T Corp.* v. *Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("[P]ermissive intervention is the proper method for a nonparty to seek modification of a protective order.").  Moreover, ACN would not be entitled to intervene here in any event because any such request at this juncture would come far too late and would unduly delay and prejudice the adjudication of this action.  *See* Fed. R. Civ. P. 24(b) (non-parties must seek permissive intervention in a "timely" manner and avoid "undu[e] delay or prejudice the adjudication of the original parties' rights"); *Penn-Star Ins. Co.* v. *Maint. Asset Mgmt. Inc.*, 17 Civ. 5047, 2019 WL 4667714, at *4 (E.D.N.Y. Sept. 25, 2019) (motion for permissive intervention untimely where movant waited seven months from when it was "aware or should have become aware that [it] had interests in the subject matter of the litigation not otherwise protected by the existing parties to the lawsuit") (emphasis omitted).  ACN has known Plaintiffs were seeking discovery from it since at least December 2018.  (*See* Doc. No. 56.)  It has been more than *six months* since entry of the Protective Order, and more than *six months* since ACN was served with a Rule 45 subpoena.  With the parties far along in discovery and with key depositions on the horizon, the need for ACN's documents is pressing.  Permitting ACN to now switch gears from refusing to acknowledge this Court's jurisdiction to intervening in this case would delay resolution of Plaintiffs' motion to compel against ACN and disrupt ongoing discovery.

*Second*, while Plaintiffs are obviously willing to allow ACN to designate materials it produces as confidential pursuant to the Protective Order, ACN cannot meet the standard to justify modification of that order.  As in nearly every civil action litigated in this Circuit involving a protective order, the Protective Order here specifically assures Plaintiffs that their identifying information will be disseminated only as necessary for purposes of *this* litigation (*see* Doc. No. 112 at 3-4 ¶ 10), such that Plaintiffs can "reasonably expect that any information produced subject to that Protective Order would ordinarily not be used in other matters."  *Nielsen*, 112 F. Supp. 3d at 121.  Plaintiffs long ago relied on these and other assurances in disclosing their identities to Defendants.  ACN therefore must satisfy the "stringent" standard of "'improvidence in the grant of the order or some extraordinary circumstance or compelling need'" to justify altering the Protective Order at this point.  *Jose Luis Peleaz, Inc.*, 312 F. Supp. 3d at 416 (quoting *AT&T Corp.* v. *Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005)) (internal quotation marks omitted).

But there clearly was no "improvidence" in the Court's entry of the Protective Order.  While ACN may regard the Protective Order as an inconvenience, the Court entered it for good reason.  The Court has twice found that the very real danger of threats, harassment, and potential harm to the Plaintiffs and their families justify shielding their identities at this stage of the litigation.  (Doc. Nos. 54, 112.)  Even a single intentional or careless disclosure could put Plaintiffs' identities irretrievably into the public domain.  As the Court has explained, the potential harms are "are real, significant, and present an unwarranted obstacle to those who would seek to vindicate their rights in federal court," and "once that information is out of the bag, so to speak, there is no way to remedy it."  (Doc. No. 59 at 27:10-12, 28:4-5.)  Granting ACN access to Plaintiffs' identifying information and further exempting ACN from the limitations of the Protective Order will increase those risks uncontrollably and risk eroding protections on which

KAPLAN HECKER & FINK LLP

3

Plaintiffs have already relied in disclosing their identities to Defendants. *See, e.g.*, *S.E.C.* v. *TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001).

And while the circumstances here may be "extraordinary," they all work in favor of maintaining the status quo, not ripping up the prior orders of this Court. As we have repeatedly explained to ACN's counsel, ACN is fully capable of responding to Plaintiffs' subpoena without knowing the Plaintiffs' identities. (Doc. No. 112; *see* Doc. No. 151-2, ¶ 13.) Indeed, ACN's stated motivation for modifying the Protective Order is to be able to forge ahead with an arbitration in North Carolina in which ACN is attempting to mount a collateral attack on the Court's jurisdiction and thwart Plaintiffs' rights to seek discovery in this action.[2] Even under ordinary circumstances, facilitating another, separate litigation is not a compelling need. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."); *see also Jose Luis Peleaz, Inc.*, 312 F. Supp. 3d at 416-17 (denying modification of a Protective Order to facilitate other litigation); *Med. Diagnostic Imaging, PLLC* v. *Carecore Nat'l, LLC*, No. 06 Civ. 13516, 2009 WL 2135294, at *2 (S.D.N.Y. July 16, 2009) (same). Here, it is disruptive and improper.

In fact, ACN has given the Court every reason to be concerned about how it will use the information it seeks. ACN has repeatedly resisted this Court's jurisdiction, adamantly refused to sign on to the Protective Order guaranteeing confidentiality, and stands opposed to only using Plaintiffs' identifying information for the purposes of this litigation. When Plaintiffs sought to compel production despite ACN's baseless objections, ACN tried an end-run around this Court's jurisdiction, asking the American Arbitration Association to interfere with Plaintiffs' rights to obtain discovery from ACN pursuant to subpoenas issued by this Court. (*See* Doc. No. 164.) As noted above, facilitating that collateral attack on this Court's jurisdiction is the end goal of the requested modification (although ACN still insists on a further vague exemption allowing it to pursue other unspecified rights and remedies (*see* Doc. No. 151-3)). And if ACN did somehow force some or all of this litigation into arbitration, it would undermine the Court's ability to enforce its Protective Order still further.

Not surprisingly given the above, ACN's letter request cites only a single inapposite, out-of-Circuit case. In *Doe* v. *The New Ritz, Inc.*, No. CV RDB-14-2367, 2016 WL 454940 (D. Md. Feb. 5, 2016), the court ordered a pseudonymous plaintiff's identity disclosed under a Protective Order *to the defendants*, who would have been otherwise hampered from defending themselves in that litigation. *See id.* at *2. Here, by contrast, Defendants have already availed themselves of the Protective Order to request—and Plaintiffs have relied on the Protective Order in producing—the Plaintiff's identities, which Plaintiffs provided promptly to Defendants following entry of the Protective Order, as well as multiple productions containing Plaintiffs' confidential information.[3]

---

[2] As Plaintiffs have already argued, Plaintiffs' dispute here is with Defendants, and ACN cannot legitimately compel arbitration of its obligations to produce documents under Federal Rule of Civil Procedure 45. (*See* Doc. No. 170.)

[3] Defendants, who have tacked on an "us-too" request for the same relief, have even less basis to seek it. They urged the Court to adopt—and induced the Plaintiffs to rely on—the very same Protective Order language they now claim to be aggrieved by. (*See* Doc. 104 at 9.) Unless the Court instructs otherwise, Plaintiffs will respond to Defendants' broader request for reconsideration of the Court's prior pseudonymity orders, which Plaintiffs believe is both untimely and unjustified, within the timeframe set forth in Rule III.A.1 of the Court's Individual Rules.

KAPLAN HECKER & FINK LLP

4

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan