"The parties are advised that the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access." *Bowling v. Johnson & Johnson*, No. 17 Civ. 3982, 2019 WL 1760162, at *8 (S.D.N.Y. Apr. 22, 2019).  Per the requirements of this Circuit, all prior orders granting motions to seal have been based on particularized justifications specific to the information sought to be sealed.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.")  Although some of those justifications may apply to the redactions requested here, Defendants bear the burden to justify this request.

The motion to seal at Dkt. No. 210 is preliminarily DENIED, but the Clerk of Court is directed to stay the unsealing pending future Court Order.  If Defendants intend to file any additional letter in support of the motion to seal, they shall do so by April 7, 2020.

Dated: April 6, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:  *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

We write in support of Plaintiffs' application to seal their letter motion to compel non-parties Anne Archer Butcher and Dolphin Entertainment.  (ECF No. 210.)

Plaintiffs' motion to compel references documents that Defendants designated "Confidential" pursuant to Paragraph 3 of the Protective Order on January 30, 2020 and March 20, 2020.  (ECF Nos. 211, 212 at 1, 3.)  Plaintiffs did not serve notice challenging any of those designations, as provided in Paragraph 15 of the Protective Order.  (ECF No. 112.)  Nor have Plaintiffs questioned those designations during the parties' many meet and confer discussions and exchanges of correspondence.  By operation of the Protective Order, therefore, this material retains its Confidential designation.  *Id.*  On that basis, Plaintiffs properly moved to seal their motion to compel Ms. Archer Butcher and Dolphin Entertainment – as they and other non-parties have done in prior filings that reference "Confidential" material under the Protective Order.  In each instance, the Court granted the application to seal.  (ECF Nos. 160, 180, 191.)

For the reasons cited in Plaintiffs' letter motion to seal, for those stated in the Court's prior decisions granting applications to seal in this case, and consistent with the Second Circuit's decisions in *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006) and *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995), Defendants respectfully join in, and request that the Court grant, Plaintiffs' motion to seal.

Respectfully submitted,

*/s/ Joanna C. Hendon*

Joanna C. Hendon