

Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York  10036

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

April 8, 2020

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**   *Jane Doe, et al. v. Trump Corp.*, **Case No. 1:18-cv-09936**

Dear Judge Schofield:

      This letter supplements non-party ACN Opportunity, LLC's ("ACN") Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Compliance with Subpoena and in Support of ACN's Cross-Motion to Compel Arbitration [ECF No. 168] (the "Opposition and Cross-Motion").[1]  ACN respectfully submits this letter in advance of the teleconference scheduled for tomorrow, April 9, at 10:40 am to address Plaintiffs' attempts to circumvent their contractual obligations to ACN, including by seeking discovery from ACN and others that would not be available to Plaintiffs in private arbitration, as further detailed in ACN's Opposition and Cross-Motion.  To the extent the Court prefers that this supplemental submission be addressed to the Court in a separate motion, ACN respectfully requests that the Court construe this letter as a pre-motion conference request pursuant to Individual Rule III.A.1.

      Just last week, ACN learned through public filings in this matter that non-parties and former ACN independent marketing consultants Anne Archer Butcher and Dolphin Entertainment (together, "Ms. Butcher") intend to produce documents by the end of the month in response to Plaintiffs' subpoena issued to Ms. Butcher.  *See generally* March 30, 2020 Letter from D. Davidian [ECF No. 213].  Previously, ACN understood that Ms. Butcher had objected to Plaintiffs' subpoena and was not producing documents on substantially the same grounds asserted by ACN in response to Plaintiffs' subpoena to ACN, including:

- "to the extent that it calls for production of documents or information containing confidential or proprietary information . . . other non-public or

---

[1] ACN's appearance in these proceedings remains limited and ACN does not consent to jurisdiction.

44 Offices in 19 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.
010-9043-2826/1/AMERICAS

Squire Patton Boggs (US) LLP

**VIA ECF**

Honorable Lorna G. Schofield
April 8, 2020

- proprietary information, or any other information the disclosure of which would be harmful to the business interests of [Ms. Butcher] . . . or any entity with which Butcher is or was affiliated or invasive of their privacy;"

- "to the extent [the Subpoena] implicates or seeks to impair any right or remedy available to ACN pursuant to its agreements with the named Plaintiffs in this Action . . . including but not limited to ACN's right to have all disputes arising out of or related to its IBO Agreements submitted to mandatory arbitration;"

- "to the extent [the Subpoena] represents an attempted end-run around the limited type and scope of discovery that would be available to Plaintiffs from [Ms. Butcher] as a non-party in arbitration, or otherwise purports to invoke a right to discovery that Plaintiffs would not have in arbitration;"

- "to the extent compliance with the Subpoena would require [Ms. Butcher] to execute the non-disclosure agreement attached to the Protective Order entered in this Action at ECF No. 112 . . . or otherwise subject herself to the jurisdiction of the Court for resolution of disputes that are subject to mandatory arbitration."

By way of background for the Court, Ms. Butcher acted as an independent marketing consultant to ACN during certain periods of time. Among other things, Ms. Butcher acted as a liaison between ACN and Donald Trump in connection with Mr. Trump's celebrity spokesperson role with ACN. Pursuant to the Independent Consulting Agreement between Ms. Butcher and ACN, Ms. Butcher agreed that

> all memoranda, notes, records, papers or other documents and all other copies thereof relating to ACN's operations or business, some of which may have been prepared by [Ms. Butcher], and all objects associated therewith in any way obtained by [Ms. Butcher] **shall remain the property of ACN**. This shall include, but not be limited to, documents and objects concerning any process[es], apparatus, or products manufactured, used, or developed by ACN. . . . [Ms. Butcher] agrees to deliver all of the aforementioned documents and objects that may be in [Ms. Butcher's] possession to ACN on the termination of this Agreement.

Upon learning that Plaintiffs have continued in their pursuit of documents from Ms. Butcher despite her stated objections and despite ACN's pending objections and motion to compel arbitration, ACN contacted Ms. Butcher's counsel, and have confirmed that much if not all of the documents Ms. Butcher has identified as responsive to Plaintiffs' subpoena in fact are the property of ACN pursuant to Ms. Butcher's Independent Consulting Agreement, and should have been returned to ACN upon termination of that agreement.

Accordingly, and based on the objections originally raised by Ms. Butcher in response to Plaintiffs' subpoena, and for the reasons more fully explained in ACN's Opposition and Cross-Motion, ACN **objects to any production of documents by Ms. Butcher that were received and/or created by Ms. Butcher while acting pursuant to the Independent Consulting Agreement with ACN and thus are rightfully the property of ACN**.  Plaintiffs' insistence on seeking such documents from Ms. Butcher while ACN's objections to discovery and motion to compel remain unresolved is yet another galling example of the lengths they will go to end-run around their contractual obligations to ACN, to ACN's considerable and unfair prejudice, and should not be allowed.

ACN will be prepared to address its objections as part of the discussion of its Opposition and Cross-Motion during tomorrow's teleconference.  Alternately, ACN is prepared to file a motion to quash Plaintiffs' subpoena to Ms. Butcher and/or for protective order to limit Plaintiffs' efforts to obtain documents belong to ACN through other channels, such as Ms. Butcher.  ACN appreciates the Court's consideration.

Respectfully yours,

*[signature]*

Stephanie E. Niehaus

cc:    All Counsel of Record (via ECF)