UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| JANE DOE, et al., | : | |
| Plaintiffs, : | | 18 Civ. 9936 (LGS) |
| -against- | : | |
| THE TRUMP CORPORATION, et al., | : | ORDER |
| Defendants. | : | |

------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 12, 2020, Plaintiffs filed a motion to seal the letter at Dkt. No. 164 (Dkt. No. 162). On February 18, 2020, non-party ACN Opportunity, LLC filed a letter in support of the motion (Dkt. No. 169);

WHEREAS, on April 9, 2020, the Court ruled on Plaintiffs' motion to compel nonparty ACN Opportunity, LLC ("ACN") to produce documents in response to Plaintiffs' subpoena duces tecum (Dkt. No. 150) without reliance on the letter at Dkt. No. 164. It is hereby

**ORDERED** that Plaintiffs' motion to seal the letter at Dkt. No. 164 is GRANTED. The sealed document shall remain accessible only to the following parties and counsel: David Benjamin Berman, Matthew D. Brinckerhoff, Nicholas Bourland, Andrew G. Celli, Katherine R. Rosenfeld, Ogilvie Andrew Fraser Wilson, Matthew J. Craig, Benjamin White, Joshua Adam Matz, John Charles Quinn, Alexander J Rodney, Emily Carrie Cole, Roberta Ann Kaplan, Donald J. Trump, Donald Trump Jr., Eric Trump, Ivanka Trump, Joanna Calne Hendon, Cynthia Chen, Bradley Philip Pollina, Andrew Lawrence Kincaid, David Spears and Mark Henriques.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The letter is not a judicial document under *Lugosch* because it is not "relevant to the performance of the judicial function and useful in the judicial process," *Lugosch*, 435 F.3d at 119, and, in any event, the proposed redactions are narrow and necessary to prevent unauthorized dissemination of confidential business information.

Dated:  April 9, 2020
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**