UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JANE DOE, et al.,                                          :

                                  Plaintiffs,   :        18 Civ. 9936 (LGS)

           -against-                              :

THE TRUMP CORPORATION, et al.,          :        <u>ORDER</u>

                               Defendants.   :

------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on January 31, 2020, Plaintiffs moved to compel nonparty ACN Opportunity, LLC ("ACN") to produce documents in response to Plaintiffs' subpoena duces tecum (Dkt. No. 150). On February 14, 2020, ACN filed a memorandum of law in opposition and cross-moved to compel arbitration (Dkt. No. 168). Plaintiffs filed a reply in support of their motion on February 21, 2020 (Dkt. No. 170);

      WHEREAS, on February 7, 2020, Plaintiffs moved to compel nonparties Metro-Goldwyn Mayer Studios, Inc. and JMBP, LLC (collectively, "the MGM Entities") to make available to Plaintiffs certain video footage (Dkt. No. 155). On February 21, 2020, the MGM Entities filed a memorandum of law in opposition (Dkt. No 173). Plaintiffs filed a reply in support of their motion on February 28, 2020 (Dkt. No 183);

      WHEREAS, on March 14, 2020, ACN filed a letter request for limited, expedited relief from the Court's Orders authorizing Plaintiffs to proceed under pseudonyms in this matter (Dkt. No. 202). On March 30, 2020, Plaintiffs filed a letter in opposition (DKt. No. 217);

WHEREAS, on March 25, 2020, Defendants filed a letter motion for conference in support of the application by ACN for limited, expedited relief from the Court's Orders authorizing Plaintiffs to proceed under pseudonyms in this matter and to request that the Court revisit, in toto, the question of whether Plaintiffs may continue to prosecute this case pseudonymously in this Court (Dkt. No. 208).  On April 1, 2020, Plaintiffs filed a letter in opposition (Dkt. No. 221);

WHEREAS, a telephonic conference was held on April 9, 2020.  For the reasons stated at the conference, it is hereby

**ORDERED** that ACN's motion to compel arbitration of its discovery disputes with Plaintiff, or this action in its entirety, is DENIED.  The Court will accept no further briefing on the issue of compelling arbitration.  It is further

**ORDERED** that Plaintiffs' motion to compel ACN to produce documents in response to Plaintiffs' subpoena duces tecum is GRANTED to the following extent: Plaintiffs and ACN shall meet and confer regarding (1) the scope of production, with the understanding that ACN must produce relevant documents consistent with the dictates of Federal Rule of Civil Procedure 26; and (2) to the extent necessary, the provisions of the confidentiality agreement pursuant to which the production will take place.  The Court advises that documents and information requested by Plaintiffs to meet the standard for class certification under Federal Rule of Civil Procedure 23 are currently discoverable, and that the appropriate time frame for production in response to any request may vary based on the request.  Plaintiffs and ACN shall file a joint letter by **April 24, 2020**, not to exceed three pages, to apprise the Court of their progress in negotiations, ACN's estimated timeline for production and remaining disputes.  It is further

**ORDERED** that ACN's request for relief from the Court's Orders authorizing Plaintiffs to proceed under pseudonyms in this matter is DENIED to the extent that ACN seeks relief that is broader than the Court's direction to Plaintiffs and ACN to confer regarding the provisions of a protective order.  It is further

**ORDERED** that Plaintiffs' motion to compel the MGM Entities to make available to Plaintiffs certain video footage is GRANTED.  Plaintiffs shall bear the reasonable costs of production, and the parties shall confer before incurring such costs.  Plaintiffs shall file a letter by **April 24, 2020**, to apprise the Court of their discussions and agreements concerning production.  It is further

**ORDERED** that the parties shall meet and confer on the issue of whether Plaintiffs should be able to continue to proceed anonymously and, if so, to what extent.  The parties shall file a joint letter by **April 24, 2020**, not to exceed three pages, to apprise the Court of (1) the extent to which the parties have reached agreement; and (2) any remaining disputes and the factual and legal support for the parties' respective positions.

The Clerk of Court is respectfully requested to close the motions at Dkt. Nos. 150, 155 and 208.

Dated: April 9, 2020
      New York, New York

                                           **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**