Plaintiffs shall file a letter response, not to exceed five pages, by April 20, 2020.

So Ordered.

Dated: April 13, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

April 13, 2020

**Via ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

Re: *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

Pursuant to Rule III.A.1 of the Court's Individual Rules and Procedures for Civil Cases, Defendants respectfully request a pre-motion conference regarding their anticipated motion for a stay of all proceedings in this action, including discovery, pending Defendants' appeal of the Court's April 8, 2020 Opinion & Order denying Defendants' motion to compel arbitration.[1]

On October 29, 2018, Plaintiffs filed this putative class action pseudonymously, alleging that they, and others like them, failed to recoup fees that they paid to third-party ACN Opportunity, LLC ("ACN") in order to become ACN "Independent Business Owners" ("IBOs"). In an effort to plead around the mandatory arbitration provisions to which each Plaintiff agreed, the Complaint does not name ACN as a party.  Instead, Plaintiffs sued Donald J. Trump, who had served as a celebrity spokesperson for ACN, along with Mr. Trump's three eldest children and The Trump Corporation, while pressing ACN for invasive third-party discovery concerning, among other things, ACN's revenues, "all persons" who paid money to become ACN IBOs, how ACN IBOs receive compensation, and the average compensation earned by ACN IBOs.  On December 20, 2018, over Defendants' objection, the Court granted Plaintiffs' motion to proceed pseudonymously pending decision by the Court on Defendants' anticipated motion to dismiss the Complaint for failure to state a claim.  (ECF No. 54.)  Following decision on that motion, Plaintiffs could renew their application if they wished, the Court ruled.  (*Id.*)

On February 21, 2019, Defendants moved to dismiss Plaintiffs' Amended Complaint for failure to state a claim.  (ECF Nos. 83, 84.)  On July 19, 2019, while Defendants' motion to dismiss was pending, Defendants advised the Court that, were it to deny that motion or grant it only in part, they intended to move to compel Plaintiffs to arbitrate their disputes with Defendants.  (ECF No. 94.)  On July 24, 2019, the Court granted in part and denied in part Defendants' motion to dismiss.  (ECF No. 97.)  On September 17, 2019, Defendants filed their Motion to Compel Arbitration.  (ECF Nos. 113, 114.)  Between August 29, 2019 and February 24, 2020, Defendants have requested, and the Court has denied, requests to stay discovery pending decision on Defendants' motion to compel arbitration.  (ECF Nos. 104, 114, 177.)

---

[1] Given the complexity of the record and the importance to the parties of this application, Defendants respectfully request leave to file a letter of more than three pages.

Hon. Lorna G. Schofield                                                                              - 2 -
April 13, 2020

   On September 10, 2019, over Defendants' objection, the Court entered a Protective Order permitting Plaintiffs to remain pseudonymous on the docket, and from third-parties like ACN, barring agreement by such parties to keep Plaintiffs' identities confidential, to use confidential information for no purpose other than the instant case, and to submit to the jurisdiction of this Court.  (ECF No. 112.)  In September 2019, when Plaintiffs served ACN with a Rule 45 subpoena, ACN objected to language in the Protective Order that may impair its contractual rights to arbitration and would require it to submit to the jurisdiction of this Court.  (ECF No. 168.)  ACN has taken the same position with Defendants and, as a result, Defendants still cannot provide Plaintiffs' names to ACN in order to obtain any discovery concerning Plaintiffs' relationships with ACN, including copies of their IBO agreements.  On April 8, 2020, the Court denied Defendants' motion to compel arbitration.  (ECF No. 229.)  On April 13, 2020, Defendants filed a Notice of Appeal pursuant to 9 U.S.C. § 16, which authorizes interlocutory appeals from the denial of a motion to stay proceedings in favor of arbitration or to compel arbitration.  (ECF No. 236.)

   The Court should stay all proceedings before it pending Defendants' appeal from the Court's denial of their Motion to Compel Arbitration, because fundamental fairness requires it. The Supreme Court directs lower courts to weigh four factors in determining whether to enter a stay:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted).  Of these, the first two "are the most critical."  *Id*.  *See also Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 641 (S.D.N.Y. 2012) (the "first two questions … are the most salient concerns").  The "degree to which a factor must be present varies with the strength of the others; more of one [factor] excuses less of the other."  *Sec. & Exch. Comm'n v. Daspin*, 557 F. App'x. 46, 48 (2d Cir. 2014) (modifications original, internal quotation marks omitted). Each of the four *Nken* factors favors a stay pending Defendants' appeal.

   *First*, Defendants' appeal is meritorious, for the reasons briefed to the Court.  Even if the Court "remains confident in the soundness" of its decision to deny the motion to compel arbitration, Defendants may satisfy this requirement.  *See Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010) (explaining that "[w]hile this Court is still of the view that those asserted distinctions [with precedent] were immaterial, the Court of Appeals may disagree, and for that reason alone the plaintiffs have sufficiently demonstrated a likelihood of success on the merits").  Moreover, the "Second Circuit has long recognized that the 'likelihood of success on the merits' that is required for both a preliminary injunction and a stay can be satisfied if there are 'serious questions' going to the merits of the dispute and the applicant is able to establish that the balance of hardships tips decidedly in its favor."  *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014) (Nathan, J.) (emphasis omitted).  *See also Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 37 (2d Cir. 2010) (affirming the viability of the "serious question standard" after *Nken* in the context of a preliminary injunction and explaining that the "four factor standard for granting a stay pending appeal ... overlap[s] substantially with the preliminary injunction standard").

   Application of the "serious question" standard is "particularly appropriate when a district court is asked to stay its own order" because "under such circumstances, the court has already

Hon. Lorna G. Schofield                                                                          - 3 -
April 13, 2020

determined that the applicant failed to succeed on the merits.  Asking the district court to then
find that the movant is likely to succeed on the merits on appeal would require the district court
to find that its own order is likely to be reversed—a standard that for practical purposes is rarely
going to be satisfied."  *In re A2P*, 2014 WL 4247744, at *2.  *See also Cendant Corp. v. Forbes*,
72 F. Supp. 2d 341, 343 (S.D.N.Y. 1999) (finding a stay pending appeal warranted, even though
the defendant's arguments for arbitration were "wholly unconvincing" because the "Court is
hesitant to effectively substitute its judgment for that of the appellate court by" denying a stay);
*Starke v. SquareTrade, Inc.*, 16-CV-7036 (NGG) (SJB), 2017 WL 11504834, at *2 (E.D.N.Y.
Dec. 15, 2017) (finding the first *Nken* factor satisfied, even though, "unsurprisingly, the court
does not agree that Defendant is likely to prevail upon appeal" because "this is a fact-intensive
question in an evolving area of the law" that "present[s] a serious question going to the merits").

     *Second,* Defendants will suffer irreparable harm absent a stay pending appeal.  As Judge
Rakoff observed in *Meyer v. Kalanick*, the irreparable harm of continued litigation is apparent in
"the Congressional determination that is implicit in 9 U.S.C. § 16(a)(1)(B).  By authorizing an
interlocutory appeal from a denial of arbitration, that provision evidences a congressional
determination that a wrongful denial of the right to have the case sent promptly to arbitration is a
harm that cannot be adequately remedied by an appeal at the end of the case."  *Meyer v.
Kalanick*, 203 F. Supp. 3d 393, 396 (S.D.N.Y. 2016).  *See also Starke*, 2017 WL 11504834, at *2
(finding the second *Nken* factor "weighs decidedly" in favor of a stay pending appeal of
arbitrability because "[i]f the court were to deny a stay, Defendant would be forced to litigate in
court an action that it contends is subject to arbitration, thus depriving it of the favorable
procedures available to it in arbitration"); *Cendant Corp.*, 72 F. Supp. 2d at 343 ("the fact that
Congress made provision in section 16 for an interlocutory appeal from a denial of a stay
pending arbitration will usually tilt the balance in favor of granting such a stay whenever doing
otherwise would effectively deprive the appellant of the possibility of having the underlying
controversy presented to an arbitrator in the first instance.").  This conclusion follows directly
from the Second Circuit's explanation that a harm is irreparable "where, but for the grant of
equitable relief, there is a substantial chance that upon final resolution of the action the parties
cannot be returned to the positions they previously occupied."  *Brenntag Intern. Chemicals, Inc.
v. Bank of India*, 175 F.3d 245, 249-50 (2d Cir. 1999).

     Here, Defendants' prejudice is immediate, real, and ongoing.  Plaintiffs have brought a
putative class action and issued a welter of third-party discovery demands, neither of which
would be possible in arbitration.  *See Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*,
549 F.3d 210, 216-17 (2d Cir. 2008) (arbitrators are not authorized to "compel pre-hearing
document discovery from entities not party to the arbitration proceedings."); *Sutherland*, 856 F.
Supp. 2d at 643 (staying discovery pending appeal and finding the "potential loss" of the right
"to avoid the far greater expenses and other burdens attendant on class litigation (or even class-
wide arbitration)" to be "cognizable" harm).  Further, while it is hornbook law that, where a
matter belongs in arbitration, the scope of discovery should be decided by the arbitrator, the
Court in this case has dramatically expanded discovery since Defendants filed their motion to
compel arbitration.  Over Defendants' objection, the Court has:  enlarged the discovery deadlines
from March 3, 2020 to May 2, 2020 (ECF Nos. 181-82); authorized 39 third-party subpoenas
demanding materials, and in some cases, testimony, to which Plaintiffs would not entitled in
arbitration (*see, e.g.*, ECF No. 177); more than doubled the date range for ESI discovery
available under the Court's individual rules (ECF No. 198); and waived the Court's 10 custodian

Hon. Lorna G. Schofield                                                                                          - 4 -
April 13, 2020

limit for Plaintiffs' ESI demands.[2]  On April 9, 2020, the day after the Court denied Defendants'
motion to compel arbitration, the Court decided a raft of third-party discovery disputes in
Plaintiffs' favor.  (ECF Nos. 150, 155, 202, 232.)  As a result, Plaintiffs are now eight months
into a third-party discovery campaign forbidden by the arbitration provisions to which they
agreed – and to which Defendants have continually objected since August.  The resulting
prejudice to Defendants is obvious and incalculable.  By way of example, only, the Court
recently authorized Plaintiffs to take wide-ranging discovery from third-party ACN while failing
to grant Defendants (or ACN) *any* of the relief sought by them that would allow ACN to provide
even the most basic discovery to Defendants.

By contrast, Plaintiffs will suffer no genuine prejudice from a stay of litigation pending
an appeal.  The only conceivable harm to Plaintiffs is the brief delay in resolution of their claims
while the appeal is resolved.  However, "Congress has implicitly rejected [this] argument by
having determined, as suggested above, that the potential harm to a party whose motion to
compel arbitration was denied is greater than the harm a stay would cause to the non-movant."
*Kalanick*, 203 F. Supp. 3d at 396.  *See also Starke*, 2017 WL 11504834, at *3 ("Although
Plaintiff may suffer some harm from delaying these proceedings pending Defendant's appeal, the
court does not view this possibility of injury as sufficiently substantial to justify denying a stay
pending appeal.").  Moreover, the conduct alleged in Plaintiffs' Amended Complaint has ceased
and, although Defendants fervently deny any wrongdoing, if they are ultimately found liable, any
monetary award may be subject to prejudgment interest that would compensate for the delay.
*Sutherland*, 856 F. Supp. 2d at 643 (any harm to plaintiff caused by a stay "may be fully
remedied by an award of pre-judgment interest").  Indeed, any prejudice to Plaintiffs is further
reduced by the restrictions imposed on the litigants and third-parties by the COVID-19
pandemic; these restrictions and the uncertainty regarding the progress of the pandemic make it
unlikely that, even absent a stay, discovery would progress substantially in the coming months.

The public interest also favors a stay.  This litigation concerns a private dispute that does
not directly implicate any public entity or public interest that might counsel against a stay.  *See
Kalanick*, 203 F. Supp. 3d at 396 ("as to the fourth factor, this case, even though a putative class
action, is an essentially private dispute that does not implicate the public interest in any
immediate sense.").  By contrast, "considerations of judicial economy counsel, as a general
matter, against investment of court resources in proceedings that may prove to have been
unnecessary" and this "concern counsels in favor of granting a stay, since the appellate
resolution of the arbitration issue may be dispositive of this case."  *Sutherland*, 856 F. Supp. 2d
at 644.  *See also Satcom Int'l Grp. v. Orbcomm Int'l Partners*, 55 F. Supp. 2d 231, 237
(S.D.N.Y. 1999) (Cote, J.) (finding a stay pending appeal warranted, in part, by "the principle of
judicial economy" and "the statutory objective of Section 16(a) to promote arbitration").

Finally, as the Supreme Court has repeatedly emphasized, the FAA "reflects an emphatic
federal policy in favor of arbitral dispute resolution."  *KPMG LLP v. Cocchi*, 565 U.S. 18, 21
(2011) (internal quotation marks omitted).  *See also Arciniaga v. Gen. Motors Corp.*, 460 F.3d
231, 234 (2d Cir. 2006) ("it is difficult to overstate the strong federal policy in favor of

---

[2]  Given the Court's rulings expanding document discovery, Defendants agreed to extend the deadlines for fact
depositions and expert discovery (ECF No. 209), but that accommodation was hardly one they could resist under the
circumstances.

Hon. Lorna G. Schofield                                                                         - 5 -
April 13, 2020

arbitration, and it is a policy we have often and emphatically applied.") (internal quotation marks omitted).  Accordingly, the public interest is unquestionably served by giving full effect to this "strong federal policy," including the statutory right to an interlocutory appeal embedded within the FAA.  *See Cendant Corp.*, 72 F. Supp. 2d at 343 (reasoning that the "fact that Congress made provision in section 16 [of the FAA] for an interlocutory appeal from a denial of a stay pending arbitration will usually tilt the balance in favor of granting such a stay.").

Respectfully submitted,

*/s/ Joanna C. Hendon*

Joanna C. Hendon