# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

April 16, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

       Re:    *Jane Doe, et al.* v. *The Trump Corporation, et al.,* 18-cv-09936 (LGS)

Dear Judge Schofield:

       We write on behalf of Plaintiffs in the above-referenced action in response to the letter filed by nonparty ACN Opportunity, LLC ("ACN") on April 8, 2020 (Doc. No. 227), which seeks to quash subpoenas served on two other nonparties—Anne Archer Butcher and Dolphin Entertainment (collectively, the "Marketing Consultants").[1]  ACN fails to cite *any* authority in support of the relief it seeks, and that is probably because there is no such authority.  To the contrary, well-established principles of law make it clear that:  (1) ACN's request is untimely; (2) ACN has no standing to challenge the subpoenas; and (3) ACN has no basis to quash the subpoenas in any event.

       *First*, ACN's motion to quash is untimely because ACN "filed it almost two months after the subpoena's [November 21, 2019] return date and cannot show good cause for this delay."  *In re Rule 45 Subpoena Issued To JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 135 (S.D.N.Y. 2016) (denying nonparty's motion to quash subpoena to other nonparty as untimely); *see also* Fed. R. Civ. P. 45(c)(2)(B) (objection to subpoena must be made "before the earlier of the time specified for compliance or 14 days after the subpoena is served.").  ACN offers no justification for its delay, aside from an unexplained representation that it learned "[j]ust last week" of the Marketing Consultants' upcoming production.  (Doc. No. 227 at 1.)  But that is implausible at best—the parties first referred publicly to the expected production by the Marketing Consultants' in a status update filed on January 27, 2020 (Doc. No. 148), and made further reference to the production by the Marketing Consultants in a status update filed on March 11, 2020.  (Doc. No. 197.)  And in email correspondence with Plaintiffs' counsel and in ACN's own filings, ACN has also referred

---

[1] As an initial matter, ACN styles its letter as a "supplement[]" to ACN's opposition to Plaintiffs' motion to compel discovery and its cross-motion to compel arbitration (Doc. No. 168), and devotes the majority of its submission to those motions.  But because the Court has since granted Plaintiffs' motion and denied ACN's cross-motion to compel arbitration in its Order of last week, ACN's arguments on those issues are now moot.  (Doc. No. 232.)

repeatedly to its monitoring of developments on the docket in this action. (*See, e.g.*, Doc. No. 202 at 2.)

*Second*, ACN lacks standing to quash the subpoenas. "Courts have not, as a general matter, recognized the right of non-parties to quash a subpoena issued to another non-party." *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08 Misc. 347, 2010 WL 2219343, at *4 (E.D.N.Y. Feb. 5, 2010). Indeed, even a *party* "ordinarily lacks standing to quash a subpoena directed at a nonparty." *Nova Prod., Inc.* v. *Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004). Standing exists only in the narrow circumstances when a party seeks to protect its own "personal privilege or right." *Id.* But even then, the movant seeking to quash bears a "heavy" burden to "adduce competent evidence in support" of its standing. *McCutcheon* v. *Colgate-Palmolive Co.*, No. 16 Civ. 4170, 2017 WL 4776984, at *3 (S.D.N.Y. Oct. 5, 2017). More specifically, a "blanket or categorical claim[]" will not suffice; "the law requires a showing that the privilege applies to each communication for which it is asserted." *Id.* (internal citation and quotation marks omitted)

Here, ACN fails to address this threshold issue of standing and thus comes nowhere close to meeting its heavy burden. *See Universitas Educ., LLC* v. *Nova Grp.*, Inc., No. 11 Civ. 1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) (denying motion to quash where movant "made no attempt to establish any proprietary or other confidentiality-related interest . . . beyond a conclusory assertion that the [documents] are 'private, confidential, and commercially sensitive.'"). All that ACN asserts is some purported contractual interest in all the documents in the Marketing Consultants' possession based on ACN's unsupported contention that those documents "should have been returned to ACN upon termination of th[eir] agreement." (Doc. No. 227.) Such a blanket objection is obviously insufficient to establish standing as a matter of law. *McCutcheon*, 2017 WL 4776984, at *3 (prohibiting "blanket or categorical' objections"). Indeed, ACN's attempt to preclude "*any* production of documents by Ms. Butcher that were received and/or created by Ms. Butcher while acting pursuant to the Independent Consulting Agreement with ACN" (Doc. No. 227 at 3 (emphasis added)) is precisely the kind of impermissibly broad, categorical objection that courts generally consider insufficient to establish standing. *See, e.g.*, *Samad Bros., Inc.* v. *Bokara Rug Co. Inc.*, No. 09 Civ. 5843, 2010 WL 5094344, at *3 (S.D.N.Y. Nov. 30, 2010) (denying motion to quash where movant asserted blanket privilege claim as to "[d]ocuments responsive to virtually all the requests").

ACN's purported contractual interest is also not cognizable as the type of "personal privilege or right" that the courts have recognized to establish standing, such as those arising from "psychiatric and mental health records," the "attorney-client privilege, or "privacy interests, including those relating to salary information and personnel records." *Hughes* v. *Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (internal citation and quotation marks omitted). Here, ACN does not even assert a claim of attorney-client privilege or any privilege at all. *See First Indem. of Am. Ins. Co.* v. *Shinas*, No. 03 Civ. 6634, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005) (no standing to quash nonparty subpoena where "it [did] not appear that the information sought through the Subpoena is protected by attorney-client privilege or a privacy interest."). Nor could it: the subpoenas served on the Marketing Consultants do not call for any communications between Ms. Butcher and ACN's lawyers, and ACN has never contended that such communications exist. Nor does the law in this Circuit treat ACN's purported contractual interests in the documents in the same way as the personal privacy rights inherent in "confidential

**KAPLAN HECKER & FINK LLP**                                                                                                        3

financial or employment information." *See Sky Med. Supply Inc.* v. *SCS Support Claim Servs., Inc.*, No. 12 Civ. 6383, 2017 WL 1133349, at *6 (E.D.N.Y. Mar. 24, 2017) (no standing to quash subpoena seeking settlement agreement, because even if "the parties to the Settlement Agreement may have agreed to keep it confidential, that fact, in itself, does not operate as a bar to discovery"). In other words, ACN's "general desire to thwart disclosure of information by a non-party is not an interest sufficient to create standing." *Id.* at *5 (alterations omitted).[2] The test under Federal Rule of Civil Procedure 45, of course, is whether the requested materials are in the "possession, custody, or control" of the Marketing Consultants when the subpoenas are served (or after), not whether they should have returned the documents to ACN at some point in the past. *See Discover Fin. Servs., Inc.* v. *Visa U.S.A., Inc.*, No. 04 Civ. 7844, 2006 WL 1699566, at *1 (S.D.N.Y. June 20, 2006).

Finally, even if ACN's application were timely and even if ACN had standing (neither of which is true), any motion to quash would nevertheless fail on the merits, since the applicable test "requires weighing the relevance or probative value of the documents being sought against the privacy interests . . . asserted." *Refco Grp. Ltd., LLC* v. *Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654, 2014 WL 5420225, at *6 (S.D.N.Y. Oct. 24, 2014). Here, Plaintiffs filed a motion to compel the documents in question from the Marketing Consultants and explained at some length why they were relevant and proportional to the needs of this case. (*See* Doc. No. 211.) The Marketing Consultants did not dispute the documents' relevance; to the contrary, they acknowledged the relevance of the documents in question and agreed to produce them. (*See* Doc. No. 213.) And ACN's own letter only confirms the relevance of the requested documents since ACN acknowledges that "Ms. Butcher acted as an independent marketing consultant to ACN," and that "Ms. Butcher acted as a liaison between ACN and Donald Trump in connection with Mr. Trump's celebrity spokesperson role with ACN." (Doc. No. 227 at 2.)

On the other hand, as explained above, ACN has not articulated a single particularized interest (privacy-based or otherwise) to justify withholding the documents requested. *See Refco Grp. Ltd.*, 2014 WL 5420225, at *8 ("[R]elevance of the documents . . . far outweighs any general privacy interest."). To the extent that ACN is objecting because the documents contain "confidential or proprietary information" (Doc. No. 227 at 1), it is well established that "any risk of harm from the disclosure of sensitive information . . . can be eliminated by [the] protective order" already in place in this case. *Refco Grp. Ltd.*, 2014 WL 5420225, at *8. (*See also* Doc. No. 112 (protective order permitting nonparties to designate confidential materials).)

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

---

[2] Not only is the contract irrelevant, but basic notions of fairness also preclude ACN from selectively quoting from the purported contract and putting at issue its contents (*see* Doc. No. 227 at 2), while also refusing to produce it.