Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York  10036

O    +1 212 872 9800
F    +1 212 872 9815
squirepattonboggs.com

April 17, 2020

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:   *Jane Doe, et al. v. Trump Corp.*, Case No. 1:18-cv-09936**

Dear Judge Schofield:

Pursuant to Rule III.A.1 of the Court's Individual Rules, non-party ACN Opportunity, LLC ("ACN") respectfully joins in Defendants' request for a pre-motion conference to stay all proceedings, including discovery, in this action [ECF No. 237] pending Defendants' and ACN's appeals of the Court's recent Orders denying their respective motions to compel Plaintiffs' claims to arbitration, and separately granting Plaintiffs' motion to compel ACN to submit to broad and burdensome discovery. ACN's appeal specifically relates to the Court's Order dated April 9, 2020 [ECF No. 232].

ACN incorporates the points and authorities set forth in Defendants' letter request as applicable to ACN, and fully endorses Defendants' position that both fundamental fairness and Second Circuit precedent require a stay of proceedings while the appeals are pending. *See* Defs.' Apr. 13, 2020 Letter Req. at 2-5 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Like Defendants, ACN's appeal is meritorious. ACN seeks to enforce its contractual rights to have all disputes arising out of or related to its IBO Agreements heard in private, single party arbitration, not in a putative class action brought in federal court or in the court of public opinion. As ACN has briefed and argued to the Court, although they have strategically not named ACN as a party, Plaintiffs' claims here plainly implicate a dispute with ACN arising out of and related to their IBO Agreements, even beyond the discovery dispute raised by Plaintiffs' motion to compel. Indeed, the very essence of plaintiffs' claims is that they were defrauded by ACN's celebrity spokesperson to enter into IBO Agreements *with ACN* and to pay money *to ACN*. Plaintiffs should not be able to ignore their contractual obligation to litigate such claims in arbitration, especially in the face of exceedingly strong public policy favoring arbitration. *See, e.g.*, *E.S. Originals, Inc. v. Totes Isotoner Corp.*, 2011 U.S. Dist. LEXIS 113451, at *6-7 (S.D.N.Y. Sep. 30, 2011) (noting that the Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issue[s] as to which an arbitration agreement has been signed."); *see also* Defs.' Apr. 13, 2020 Letter Req. at 4-5 (emphasizing the strong federal policy favoring arbitration and related public interest

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.
010-9051-4179/1/AMERICAS

Squire Patton Boggs (US) LLP

**VIA ECF**

Honorable Lorna G. Schofield
April 17, 2020

concerns). ACN recognizes that the Court disagrees with its characterization of Plaintiffs' claims,[1] but, as Defendants aptly note, this disagreement does not compromise ACN's ability to demonstrate the merit of its appeal. *See* Defs.' Apr. 13, 2020 Letter Req. at 2-3 (discussing applicable "serious question" standard).

Also like Defendants, ACN will suffer severe unfair prejudice and irreparable harm in the absence of a stay. This is quintessentially the proverbial "genie out of the bottle" situation. Claims that are improperly litigated in a federal court cannot be un-litigated and referred to arbitration, nor can the ongoing reputational harm to ACN be undone. Likewise, third-party discovery that is allowed to proceed in contravention of ACN's contractual rights and otherwise beyond the bounds that would be permitted in arbitration cannot be un-discovered, and ACN has no other ability to seek appellate review.[2] It is for precisely these reasons that the appellate rules and relevant case law allow for interlocutory appeals from orders both denying arbitration and authorizing non-party discovery. *See, e.g.*, *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 396 (S.D.N.Y. 2016) ("[b]y authorizing an interlocutory appeal from a denial of arbitration, [9 U.S.C. § 16(a)(1)(B)] evidences a congressional determination that a wrongful denial of the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case."); *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F. 3d 443, 449 (5th Cir. 2019) (interlocutory appeal from order unsealing third-party documents was proper, in part, because "[t]he harm to third parties is not the admission of adverse evidence at trial (an error potentially correctable for a party on retrial), but the disclosure of their confidential and sensitive information without full access to appellate review."). On the other hand, as Defendants explain, Plaintiffs will suffer no harm or prejudice by having to stand down on discovery efforts for a period of months, some portion of which will be impacted in any event by the COVID-19 pandemic.

For all of these reasons, and as more fully detailed by Defendants in their separate Letter Request, a stay is particularly necessary and warranted in this case, pending the outcome of Defendants' and ACN's appeals.

On behalf of ACN, we appreciate the Court's consideration.

---

[1] Notably, while Plaintiffs continue to claim their dispute is not with ACN, the press appears to disagree. As ACN previously reported to the Court, the Washington Post recently ran an article entitled "Trump ordered to expand document search in suit alleging he endorsed pyramid scheme," in which ACN's legitimate business was characterized as a "marketing scam targeting vulnerable investors." In seeking comment from ACN, the reporter who published that article stated "[a]lthough your client isn't a defendant, *it's accused in the case of scamming its independent contractors*...." Similarly, following the April 9 hearing, Law360 reported that plaintiffs "claim the Trumps used the primetime television show to hype ACN and conned them and others in 2014 into paying $499 to back what *essentially was a worthless business venture*. The suit says Trump and his family secretly controlled ACN and received secret payments." It remains manifestly unfair and contrary to basic due process for ACN to be subject to allegations such as these while being deprived of any opportunity to defend itself.

[2] Despite the pending appeals and request for a stay, Plaintiffs have sought to "meet and confer" with ACN "to discuss ACN's document production and the related terms of a protective order." While ACN understands the Court's recent Orders, and intends to comply with all of its obligations, ACN also intends to pursue its appellate rights and remedies and does not believe that a lengthy meet and confer over the scope of discovery is a fair or efficient use of resources while motions to stay remain unresolved. ACN is willing to consider written proposals from Plaintiffs to modify the protective order and/or narrow their discovery requests, and have noted as much to Plaintiffs. ACN respectfully requests that the Court defer any further meet and confer requirements until ACN's stay request is resolved.

Squire Patton Boggs (US) LLP

**VIA ECF**

Honorable Lorna G. Schofield
April 17, 2020

Respectfully yours,

*[signature: Stephanie Niehaus]*

Stephanie E. Niehaus

cc:  All Counsel of Record (via ECF)