

Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York  10036

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com


Stephanie E. Niehaus
T   +1 212 872 9851
stephanie.niehaus@squirepb.com

April 20, 2020

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: Jane Doe, et al. v. Trump Corp., Case No. 1:18-cv-09936**

Dear Judge Schofield:

ACN Opportunity, LLC ("ACN") respectfully responds to Plaintiffs' April 16, 2020 letter [ECF No. 241] regarding the anticipated production of documents by Anne Archer Butcher and Dolphin Entertainment (together, "Ms. Butcher"), for the limited purpose of correcting certain misstatements of law and fact in that letter.

As detailed in ACN's April 8 letter [ECF No. 227], ACN recently learned that Ms. Butcher plans to produce documents, and that the documents she plans to produce are the property of ACN pursuant to Ms. Butcher's Independent Consulting Agreement. Because the documents should have been returned upon termination of the Agreement, they are not for Ms. Butcher to produce. ACN also objects to Ms. Butcher's production of documents during the pendency of ACN's appeal from the Court's Order denying ACN's motion to compel arbitration and requiring ACN to produce documents. ACN has joined Defendants' request to stay all proceedings, including discovery, while ACN's and Defendants' appeals are pending. *See* ECF No. 244.

Even putting aside the stay request, Plaintiffs' letter does not overcome ACN's objection to Ms. Butcher's anticipated production. First, ACN's objection is timely. Unlike the defendant in *In re Rule 45 Subpoena Issued To JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 135 (S.D.N.Y. 2016), who "deliberately caused the delay," ACN has consistently and openly objected to Plaintiffs' efforts to obtain this type of discovery. From November 2019 when Ms. Butcher responded to Plaintiffs' subpoena until March 30, ACN understood that Ms. Butcher's position was directly aligned with ACN's position, in that both objected to the subpoenas on substantially the same grounds. When ACN learned for the first time that Ms. Butcher planned to produce documents,[1]

---

[1] Plaintiffs criticize ACN for not noting statements in earlier filings that apparently indicated Ms. Butcher planned to produce documents. ACN is not a party to this litigation, and has no obligation to review every filing. That ACN did not receive notice of the imminent disclosure of its information until March 30 only serves to highlight the extreme prejudice to which ACN has been subject as a result of Plaintiffs' strategic circumvention of their contractual obligations to ACN. Further, that Plaintiffs find it even remotely

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

010-9054-2130/1/AMERICAS

Squire Patton Boggs (US) LLP

VIA ECF

Honorable Lorna G. Schofield
April 20, 2020

and further learned of the substance of that planned production, ACN promptly asserted its property interests in the documents and supplemented its pending discovery objections to include Ms. Butcher's production specifically. *See* ECF Nos. 213 & 227.

Moreover, even if ACN's April 8 objection were not timely (it was), courts have discretion to consider untimely objections "for good cause shown and if warranted by the circumstances." *Rouson ex rel Rouson v. Eicoff*, 2006 U.S. Dist. LEXIS 74019, at *9 (E.D.N.Y. Oct. 11, 2006). Among other circumstances, courts have found good faith to exist when the subpoenaed party believed "the extension of time to respond to the subpoena [extended its] time to object," *id.* at *10, or when negotiations regarding the scope of a subpoena ultimately failed, *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 52 (S.D.N.Y. 1996). Similar circumstances exist here. ACN did not formally object to the subpoena to Ms. Butcher because she had already asserted substantially the same objections that ACN would have asserted. Given the overlap in their objections, Plaintiffs surely understood that ACN did and would object to the subpoena. *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08 Misc. 347, 2010 U.S. Dist. LEXIS 40653, at *18-19 (E.D.N.Y. Feb. 5, 2010) (rejecting argument that objection was untimely because, among other things, "Doe had objected to the earlier subpoenas on Yahoo!, [and] Prospect should have expected that Doe was likely also to object to the subpoena on Cablevision"). Nor is it a surprise that ACN would object to the production of documents by Ms. Butcher that are largely duplicative of the very documents that ACN objects to producing (and are therefore squarely the subject of ACN's pending appeal and request to stay).

Second, Plaintiffs mischaracterize ACN's position as a mere "contractual interest," and selectively quote case law in arguing a non-party lacks standing to challenge a subpoena to another non-party. ECF No. 241 at 2. Plaintiffs cannot pretend to think ACN's objections are based solely on the fact that Ms. Butcher should have returned the documents but did not, without regard to the character of those documents. ACN has consistently objected to the scope of Plaintiffs' attempted discovery as disproportionately burdensome and invasive, and particularly to the production of "documents or information containing confidential or proprietary information . . . , or any other information the disclosure of which would be harmful to [ACN's] business interests . . . or invasive of [its] privacy" without an appropriately protective confidentiality order, which the Court has recognized ACN has the right to negotiate. *See, e.g.*, ECF No. 232 at 3.

These are precisely the interests non-parties have standing to protect, as recognized by Plaintiffs' own authority. *See In re Rule 45 Subpoena*, 2010 U.S. Dist. LEXIS 40653, at *14-15 ("Standing may be found when the movant . . . has a sufficient privacy interest in the confidentiality of the records sought, or seeks to protect a proprietary interest.") (internal citations and quotation marks omitted). In their attempt to limit non-party standing to "psychiatric and mental health records," documents subject to the attorney-client privilege, or "salary information and personnel records," [ECF No. 241, at 2], Plaintiffs mischaracterize the governing case law. Non-parties plainly have standing to challenge subpoenas to protect their proprietary interests, and ACN has a proprietary interest in the documents Plaintiffs seek from Ms. Butcher *because they are ACN's documents*. *See Frates v. Pantry Pride, Inc.*, 1985 U.S. Dist. LEXIS 15615, at *4 (S.D.N.Y. Sept. 25, 1985) ("[C]ourts have repeatedly resisted efforts to utilize the liberal federal discovery rules [to] gain[] access to proprietary, confidential business information from third parties.") (citations omitted). Plaintiffs should not "get a free ride at [ACN's] expense," *id.*, by

---

appropriate to suggest ACN has an interest in every filing underscores that this litigation implicates a dispute with ACN—a dispute that has been brought in an improper forum.

Squire Patton Boggs (US) LLP

**VIA ECF**

Honorable Lorna G. Schofield
April 20, 2020

receiving ACN's proprietary business information from Ms. Butcher, especially when the documents should have been returned to ACN, the existing protective order is not adequately protective of ACN's rights, and ACN has appealed the Court's ruling that would require production of many of the documents by ACN.

ACN's proprietary interest in the documents also cannot be dismissed as a "blanket or categorical claim." ECF No. 241, at 2. ACN has quoted the Agreement's relevant provisions, which establish the documents are "the property of ACN." ECF No. 227, at 2. This proprietary interest in the documents—coupled with ACN's position that their production by Ms. Butcher would impair any right or remedy available to ACN under its agreements with Plaintiffs, including ACN's right to have all disputes arising out of or related to its IBO Agreements submitted to mandatory arbitration—leaves no doubt ACN has standing to challenge Plaintiffs' subpoenas to Ms. Butcher. Plaintiffs' cited authority is simply misplaced. *Cf. McCutcheon v. Colgate-Palmolive Co.*, No. 16 Civ. 4170, 2017 U.S. Dist. LEXIS 170837, at *13 (S.D.N.Y. Oct. 5, 2017) (finding no standing but noting the absence of a contract "that provides a basis upon which to establish standing"); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590, 2013 U.S. Dist. LEXIS 1720, at *17-18 (S.D.N.Y. Jan. 4, 2013) (finding no standing but noting "privacy interests . . . do not carry the same force in discovery proceeding under Rule 69," which covers "any information reasonably calculated to lead to the discovery of . . . assets" and "may necessarily be aimed at non-parties who have information, including financial records, related to those assets").

Third, the balance between the "relevance or probative value of the documents" and ACN's interests here weighs in favor of ACN—not Plaintiffs. *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 U.S. Dist. LEXIS 155009, at *18 (S.D.N.Y. Oct. 24, 2014); ECF No. 241, at 3. ACN has significant interests at stake in its appeal pertaining to its contractual right to have all disputes arising out of or related to its IBO Agreements heard in arbitration.[2] If ACN prevails on its appeal, but Plaintiffs were allowed to discover ACN's proprietary documents from Ms. Butcher in the meantime, ACN would suffer irreparable harm. In the less likely event ACN does not prevail, the only harm to Plaintiffs would be the passage of time, as Plaintiffs would then be able to obtain discovery directly from ACN. *See First City, Texas-Houston, N.A. v. Rafidain Bank*, 131 F. Supp. 2d 540, 543 (S.D.N.Y. 2001) (finding movant will suffer "irreparable harm unless a stay of the discovery" is granted, "since it will then be obligated . . . to provide the very discovery it argues it has no obligation to produce," while "it does not appear [plaintiff] would suffer a substantial harm if a stay was granted").

Further, as ACN has repeatedly stressed, the existing Protective Order does not eliminate the risk of harm, as it is not adequately protective of ACN's legitimate contractual rights and interests. ECF No. 241, at 3. Thus it is entirely disingenuous for Plaintiffs to suggest that Ms. Butcher can simply produce documents *that belong to ACN* pursuant to that Protective Order. Allowing Plaintiffs to discover what are rightly ACN documents from another party subject to the Protective Order would only compound the irreparable harm to ACN and compromise ACN's rights.

---

[2] ACN incorporates by reference the applicable facts and authorities set forth in Defendants' Memorandum of Law in Support of their Motion to Compel Arbitration and ACN's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Compliance with Subpoena and in Support of Cross-Motion to Compel Arbitration. *See* ECF Nos. 114 & 168.

Squire Patton Boggs (US) LLP

**VIA ECF**

Honorable Lorna G. Schofield
April 20, 2020

Respectfully yours,

*[signature]*

Stephanie E. Niehaus

cc:   All counsel of record via ECF