# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE  |  SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883  |  FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

April 24, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    *Re: Jane Doe, et al.* v. *The Trump Corporation, et al.,* 18-cv-09936 (LGS)

Dear Judge Schofield:

  We write on behalf of Plaintiffs in response to nonparty ACN Opportunity, LLC's April 17, 2020 letter ("ACN Stay Request") (Doc. No. 244) requesting a stay of all proceedings in this matter pending its appeal of the Court's April 9, 2020 Order ("April 9 Order") (Doc. No. 232). The April 9 Order, among other things, granted Plaintiffs' motion to compel ACN to produce documents and denied ACN's cross-motion to compel arbitration.

  Like Defendants' recent request for a stay pending appeal, ACN's stay request is meritless. It proceeds from many of the same mistaken premises and suffers from many of the same legal defects. Indeed, if anything, ACN's request is even more obviously baseless, since ACN's notice of appeal from the April 9 Order is riddled with jurisdictional defects, and since federal courts are not required to cede their jurisdiction to private arbitrators in connection with third-party discovery in their cases. Because ACN cannot satisfy *any* of the factors relevant to a stay, its request should be denied. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

  ***1. ACN's appeal is meritless.*** ACN has not demonstrated a "likelihood of success on the merits" and fails to raise any "sufficiently serious questions going to the merits" of its appeal. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

  ACN's sole merits argument is that this Court should have compelled arbitration of Plaintiffs' discovery dispute. (*See* ACN Stay Request at 1-2.) But this Court soundly rejected that argument for two independent reasons. First, the Court held that the discovery dispute does not implicate Plaintiffs' arbitration agreement with ACN because the pertinent discovery requests "relate to this lawsuit," which "is about [D]efendants' purported bad acts" and not Plaintiffs'

KAPLAN HECKER & FINK LLP                                                    2

contractual relationship with ACN.  (Doc. No. 233 at 13.)  Second, the Court concluded that Supreme Court and Second Circuit precedent precluded "jurisdiction to compel arbitration of this discovery dispute."  (Doc. No. 233 at 14 citing *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009); *Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019)).)  ACN does not even address this analysis, let alone identify any error.  Instead, it rehashes arguments that the Court has already rejected and discusses the characterization of this case in media outlets.  (ACN Stay Request at 1-2 & n.1.)  We are unaware of any case in which a court found it was likely to be reversed on questions of law based on how newspapers described the facts.  Moreover, the factual points that ACN seeks to raise are mistaken for reasons the Court has recognized.  ACN thus fails to show a likelihood of success on the merits.

Even worse, although ACN's stay request focuses exclusively on the Court's arbitration ruling, ACN's notice of appeal sweeps far more broadly.  On its face, it challenges the *entirety* of this Court's April 9 Order.  (Doc. No. 240.)  In so doing, it collides with settled rules of appellate jurisdiction, since the Court's other rulings in the April 9 Order are nonfinal orders unamenable to appeal.  For instance, ACN may not immediately appeal the order granting Plaintiffs' motion to compel ACN to produce documents.  *E.g.*, *Vera v. Republic of Cuba*, 802 F.3d 242, 246 (2d Cir. 2015); *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 17 (2d Cir. 1992) ("A non-party witness may not appeal directly from an order compelling discovery but must instead defy the order and be found in contempt in order to obtain review of the court's initial order.").  For the same reasons, there is no appellate jurisdiction over the order granting Plaintiffs' motion to compel the MGM Entities to make certain video footage available to Plaintiffs.  *See Vera*, 802 F.3d at 246.  Moreover, as a nonparty with no legal interest affected by that order, ACN lacks standing to appeal it.  *See Moody ex rel. JM v. NFL*, 711 F. App'x 65, 66-67 (2d Cir. 2018); *Rothstein v. Am. Int'l Grp., Inc.*, 837 F.3d 195, 204 (2d Cir. 2016).  In a similar vein, the Second Circuit lacks appellate jurisdiction to review this Court's denial of ACN's request for relief from the Court's orders authorizing Plaintiffs to proceed under pseudonyms.  *See Nosik v. Singe*, 40 F.3d 592, 596-97 (2d Cir. 1994); *H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89-90 (2d Cir. 1986).

Given these jurisdictional defects, ACN's ostensible appeal of any rulings in the April 9 Order—other than the Court's refusal to compel arbitration of Plaintiffs' discovery dispute with ACN—is doomed for lack of jurisdiction.  *See In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 300 (S.D.N.Y. 2010) ("In evaluating a litigant's likelihood of success on appeal, a court is obliged to consider the likelihood that the Court of Appeals has jurisdiction over the order appealed from as well as the prospects for reversal assuming the existence of appellate jurisdiction.").  And with respect to this Court's order refusing to compel arbitration of the discovery dispute, ACN comes nowhere close to demonstrating that it is likely to obtain reversal of *both* holdings in the April 9 Order, as would be required to warrant a stay.  *See, e.g.*, *In re Albicocco*, No. 06 Civ. 3409, 2006 WL 2620464, at *2 (E.D.N.Y. Sept. 13, 2006) (Bianco, J.) (movant cannot show likelihood of success on the merits unless it demonstrated likely reversal on *each* of the independent grounds on which motion was denied).

*2. ACN will not suffer irreparable harm absent a stay.*  ACN argues that a stay is necessary to avoid two putative harms: continued litigation and "ongoing reputational harm."  (ACN Stay Request at 2.)  As a matter of law, neither constitutes "irreparable injury."

KAPLAN HECKER & FINK LLP

3

First, ACN parrots Defendants' contention that continued litigation in federal court will result in "severe unfair prejudice" because Plaintiffs' claims "cannot be un-litigated and referred to arbitration." (ACN Stay Request at 2 (citing *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 396 (S.D.N.Y. 2016).) But as fully explained in Plaintiffs' response to Defendants' stay request, the process, inconvenience, and expense of continued litigation do not rise to the level of irreparable injury. (*See* Doc. No. 248 at 2-4.) ACN's related assertion that third-party discovery "cannot be un-discovered" is similarly unavailing. (ACN Stay Request at 2.) The "mere fact that discovery would continue pending a Second Circuit ruling" is insufficient to show irreparable harm if the stay is denied. *In re Anderson*, 560 B.R. 84, 92 (S.D.N.Y. 2016).

Second, ACN claims that a stay is necessary to avoid "ongoing reputational harm to ACN." (ACN Stay Request at 2.) But it is well established that "conclusory statements of loss of reputation will not justify an irreparable harm finding." *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, No. 10 Civ. 3314, 2015 WL 4033019, at *11 (S.D.N.Y. June 29, 2015); *accord, e.g., Khan v. Addy's BBQ LLC*, 419 F. Supp. 3d 538, 562 (E.D.N.Y. 2019). Moreover, although ACN bears "the burden of showing injury that is . . . actual and imminent," it offers no evidence to actually substantiate its threadbare and conclusory assertion of harm. *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016) (internal quotation marks omitted). Nor has ACN sought to intervene in the litigation, which casts still more doubt on its unproven claim of irreparable reputational injury. *See, e.g., Kahn v. Chase Manhattan Bank*, 131 F.3d 131 (2d Cir. Nov. 25, 1997) (table) (failure to move to intervene "belies [nonparties'] assertions of a strong interest in this litigation"); *U.S. Philips Corp. v. Windmere Corp.*, 971 F.2d 728, 730 (Fed. Cir. 1992) (same).

**3. A stay will substantially injure Plaintiffs.** An indefinite delay during the pendency of ACN's appeal will jeopardize Plaintiffs' ability to obtain discovery and secure a prompt resolution of their claims. (*See* Doc. No. 248 at 4.) That is particularly true in this case, where "discovery has been an uphill battle from the beginning" and any further delay would therefore "constitute substantial injury." *Daniels v. City of New York*, 138 F. Supp. 2d 562, 565 (S.D.N.Y. 2001). ACN has fully joined Defendants' scorched-earth campaign to undermine Plaintiffs' discovery efforts. It has refused for months to comply with Plaintiffs' valid Rule 45 subpoena; it has made repeated efforts to interfere with this Court's jurisdiction by forcing discovery disputes into arbitration; and it has made procedurally improper filings designed to impede Plaintiffs' access to discovery from other nonparties. (*See, e.g.*, Doc Nos. 163, 201, 227, 241.) That pattern continues here. In its stay request, ACN bemoans its court-ordered "meet and confer" obligations as "[un]fair" and "[in]efficient" and demands an exemption from those obligations until resolution of its stay request. (ACN Stay Request at 2 n.2.) ACN has twice refused to meet and confer, despite court orders for it to do so. This Court should not countenance ACN's obstructionist behavior, much less reward it with a stay.

**4. The public interest weighs heavily against a stay.** Expeditious resolution of Plaintiffs' class-wide consumer fraud claims would promote the public interest. (Doc. 248 at 4-5). On that score, ACN undercuts its own position by citing press reports that confirm public interest in the progress of this litigation. (ACN Stay Request at 2 n.1.) While ACN invokes the FAA (ACN Stay Request at 1-2), that statute's pro-arbitration policy has no application here—and certainly does not outweigh the public interest in a swift, efficient resolution of the claims before the Court.

KAPLAN HECKER & FINK LLP

4

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record (*via* ECF)