April 24, 2020

**By ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Jane Doe, et al. v. The Trump Corporation, et al.*, 18 Civ. 9936 (LGS)

Dear Judge Schofield:

      On behalf of Plaintiffs and ACN Opportunity, LLC ("ACN"), and pursuant to the Court's April 9, 2020 Order, we write jointly to provide the Court an update on our efforts to "meet and confer regarding (1) the scope of production, with the understanding that ACN must produce relevant documents consistent with the dictates of Federal Rule of Civil Procedure 26; and (2) to the extent necessary, the provisions of the confidentiality agreement pursuant to which the production will take place." Dkt. 232.

      Pursuant to the Court's Order, on April 13, 2020, Plaintiffs asked ACN to schedule a meet and confer to discuss ACN's "document production and the related terms of a protective order." The next day, on April 14, ACN responded that it believed "any meet and confer should be deferred" until ACN's anticipated appeal and motion to stay discovery pending that appeal were resolved. Plaintiffs responded with their position that "absent a stay, we need to move forward" with the meet and confer process. Two days later, on April 16, ACN responded that it "intends to comply with its obligations, but also intends to pursue all of its rights and remedies, including appellate rights and remedies" and that "it is not a fair or efficient use of resources (particularly third party resources) to proceed with a lengthy telephonic meet and confer while a motion to stay all discovery is pending." ACN indicated it would consider a written proposal from Plaintiffs "to modify the protective order . . . and/or to narrow [Plaintiffs'] discovery requests." The following day, on April 17, 2020, ACN joined Defendants' request for a pre-motion conference to stay all proceedings, including discovery, pending Defendants' and ACN's appeals of the Court's Orders denying their motions to compel arbitration, and granting Plaintiffs' motion to compel ACN to produce documents. *See* Dkt. 244. In its letter joining Defendants' request, ACN noted its position on the meet and confer, and requested reprieve from this Court pending resolution of the stay requests.

      On April 20, Plaintiffs sent a letter to ACN, attached as Exhibit A, noting that the Court had ordered the parties to meet and confer concerning the "scope of production," and setting forth proposed compromises and responses to ACN's objections to Plaintiffs' subpoena. Plaintiffs' letter also included a proposed, revised Non-Disclosure Agreement, noting the Court's direction that "any changes to [the protective order] simply allow ACN to preserve its rights rather than require the plaintiffs to stipulate to those rights." Hearing. Tr., Dkt. 233 at 19–20.

      On April 23, ACN responded by email to Plaintiffs' April 20 letter. A copy of ACN's email response is attached as Exhibit B. In its email, ACN proposed several additional revisions

to the Non-Disclosure Agreement, which ACN contended were designed to eliminate any ambiguity about ACN's ability to not only preserve its rights but to enforce those rights in confidential, private arbitration. As to Plaintiffs' proposals on the subpoena, ACN noted that it appreciated Plaintiffs' proposal of "meaningful modifications . . . as a starting point for discussions," but reiterated its position that "requiring ACN to engage further in those discussions while it has requested a stay from the District Court (and, potentially the Circuit Court) is an unfair, additional drain on ACN's resources."

Later in the evening on April 23, Plaintiffs proposed the following underlined compromise language on the NDA:

> … I will use such Protected Material only for purposes of this litigation and for no other purpose whatsoever, <u>except to the extent it becomes necessary for ACN to use Confidential Identity Information in confidential arbitration proceedings</u>; and (3) I will take all due precautions to prevent the unauthorized or inadvertent disclosure of such Protected Material, <u>including taking any and all steps necessary to maintain the confidentiality of any Confidential Identity Information in connection with any confidential arbitration proceedings</u>.
>
> <u>For the avoidance of any doubt, ACN reserves all rights and remedies available to it under its agreement(s) with any Independent Business Owner, including but not limited to any plaintiff or any putative class member in this action</u>.

ACN has indicated that it is considering Plaintiffs' proposed language and plans to provide another counterproposal in an effort to address its remaining concerns. As of this writing, ACN has not accepted Plaintiffs' proposed NDA language. In addition, ACN has not provided any specific response or counterproposal to Plaintiffs' narrowed document requests and has not agreed to make any production while its stay request(s) is pending.

Accordingly, Plaintiffs respectfully request that the Court (i) order that ACN may satisfy the provisions of the Protective Order requiring execution of the Non-Disclosure Agreement appended thereto by executing the modified Non-Disclosure Agreement set forth above; and (ii) order ACN to respond to Plaintiffs' subpoena as narrowed by Plaintiffs' proposals set forth in Exhibit A at 2-3.

For its part, ACN states that it has indicated its position on further meet and confer efforts in writing to this Court and to the Plaintiffs. ACN notes, however, that it previously agreed to produce certain materials once an acceptable protective order was in place, and also that it intends to comply with its obligations, once those obligations are fully resolved (including, if necessary, on appeal). ACN believes the parties will be able to reach agreement on acceptable revisions to the protective order to satisfy all relevant concerns, and plans to provide additional suggested language to Plaintiffs in short order. ACN further notes that, while it has indicated its appreciation for Plaintiffs' efforts to modify their subpoena, consistent with the Court's

observations that "it's clear that some of plaintiffs' requests are overbroad" and represent "a starting place for serious negotiations" (Hearing. Tr., Dkt. 233 at 20), ACN does not agree that those modifications are sufficient to address ACN's objections. Should ACN's stay request be denied after exhausting all avenues of review, ACN will resume negotiations on its objections.

Respectfully submitted,

/s                                                                                    /s

O. Andrew F. Wilson                                                Stephanie E. Niehaus

Enclosures
cc:     All counsel of record (via ECF)