# EXHIBIT A

# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

April 20, 2020

**By Email**

Stephanie E. Niehaus
Squire Patton Boggs (Us) LLP
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Stephanie.Niehaus@squirepb.com

Re: *Doe, et al. v. The Trump Corporation, et al.*, No. 18 Civ. 9936 (S.D.N.Y.)

Dear Stephanie,

As you know, following our conference on April 9, 2020, the Court granted our motion to compel ACN to produce documents in response to the Rule 45 subpoena we served on ACN, ECF No. 232 ("Order"). In granting our motion, the Court ordered Plaintiffs and ACN to "meet and confer regarding (1) the scope of production . . . ; and (2) to the extent necessary, the provisions of the confidentiality agreement pursuant to which the production will take place." *Id.* And the Court directed us to do so "with the understanding that ACN must produce relevant documents consistent with the dictates of Federal Rule of Civil Procedure 26." *Id.*

Despite these clear instructions, in your most recent email, on April 16, 2020, you stated that you do not believe it is a "fair and efficient use" of your time or your client's resources to meet and confer with us by phone, and you have now taken the same position in your filing with the Court requesting a stay of discovery. *See* ECF. No. 244. As of this writing, however, there is no stay of the order requiring you to meet and confer and compelling your client to produce documents in response to our subpoena. Accordingly, we are sending this letter in an effort to advance our discussions and narrow the scope of the requests set forth in the subpoena to facilitate your timely production.

As an initial matter, your threshold objection to a meet-and-confer is misplaced as there is no stay of discovery and no such stay would be appropriate in light of the fundamental jurisdictional defects inherent in ACN's appeal. The Second Circuit lacks jurisdiction to hear any appeal of Judge Schofield's grant of our motion to compel. *In re Air Crash at Belle Harbor, New York on Nov. 12, 2001*, 490 F.3d 99, 108 (2d Cir. 2007); *Application of Am. Tobacco Co.*, 866

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

F.2d 552, 554 (2d Cir. 1989). And there is no jurisdiction to appeal the denial of your motion to compel arbitration. Indeed, as Judge Schofield noted, "A federal court does not have independent jurisdiction over a discovery dispute and, therefore, Section 4 of the Federal Arbitration Act is not available." Hearing Tr. at 14. ACN is not a party to the "underlying substantive controversy" of this case, and the FAA remains unavailable in your attempt to avoid compliance with a third-party subpoena. *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).

Even if your appeal could be heard, a stay would be inappropriate because ACN cannot show a "likelihood of success on the merits" of such an appeal. *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002); *see Nken v.* Holder, 556 U.S. 418, 426 (2009). To this day, including in your letter-motion to the Court seeking a stay, you have not cited a single case that supports the notion that a non-party can somehow siphon third-party discovery obligations into arbitration.

Nevertheless, in the interests of moving this discussion forward, we propose the following compromises and responses to ACN's responses and objections to Plaintiffs' subpoena.

As an initial matter, we are prepared to withdraw certain requests and agree to your request for date restrictions on certain others, as set forth below:

- Plaintiffs agree to withdraw the following Requests, without prejudice, pending complete production from Defendants: Nos. 2, 15, 21, 30.

- Plaintiffs agree to ACN's request for additional date restrictions of 2013-2016 (Nos. 5, 6, 7, 9, 10, 11, 12, 13, 24, 25, 26, 27, 28, and 29) but the period for these Requests should begin in October 2012, the first year of the statute of limitations for certain of the claims asserted in the Amended Complaint.

Plaintiffs further agree to narrow the scope of certain requests, as set forth below:

1. With regard to Request No. 1, Plaintiffs can agree to narrow this request, without prejudice, pending complete production from Defendants, to only those communications that relate to (1) the probability of commercial success for ACN IBOs associated with their participation in the ACN business opportunity; (2) payments from ACN to Defendants; and (3) Defendants' due diligence concerning ACN, inside information about ACN, and personal experience with ACN.

2. With regard to Request No. 6, where you propose to produce documents relating to four events, we agree to narrow the scope of the request, provided that ACN also produces responsive documents from any other events that ACN arranged that involved more than 50 people.

3. With regard to Request No. 7, where you have agreed to produce portions of recordings from events Plaintiffs attended, these documents should include all Trump events during the proposed class period, which are relevant to Plaintiffs' meeting "the standard for class certification under Federal Rule of Civil Procedure 23." Dkt. 232.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

> 4. With regard to Request No. 8, we can agree to limit this request to any such materials that include statements from Trump.
>
> 5. With regard to Request No. 14, we are willing to agree to limit this request to documents sufficient to show or a sworn statement setting forth what ACN products were sold to Trump, if any.
>
> 6. With regard to Requests No. 19, and 20, Plaintiffs are willing to narrow these requests, without prejudice and subject to production from the Defendants, to a summary chart that reflects the requested payments.

With regard to ACN's requests for additional date restrictions for Requests Nos. 3, 4, 16, 17, 18, the period for these Requests should begin in 2005, not 2013, because that is date when the Trump/ACN relationship began and the period should extend to the present. *See* Dkt. 198.

With regard to Requests where ACN has refused to produce any documents on the grounds that the class has not been certified (Nos. 22, 23, 24, 25, 26, 27, 28, 29, 31, and 32), these documents should be produced because they are "documents and information requested by Plaintiffs to meet the standard for class certification under Federal Rule of Civil Procedure 23." Dkt. 232. Where applicable, we are willing to meet and confer with you to determine the least burdensome way to respond to these requests, including creating charts, lists, or other means.

As a further accommodation, and in response to your concerns relating to overbreadth and burden, with respect to Requests Nos. 5, 7, 9, 10, 11, and 24, Plaintiffs will accept a representative sample of the requested documents, provided that ACN submit a sworn statement attesting to the fact that any such sample is indeed representative. With respect to Request Nos. 6, 25, 26, 27, 28, and 29, Plaintiffs will accept a sworn statement setting forth such information.

Finally, in response to your objections to the current Non-Disclosure Agreement, we attach a proposed, revised Non-Disclosure Agreement that conforms to the Court's direction that "any changes to [the protective order] simply allow ACN to preserve its rights rather than require the plaintiffs to stipulate to those rights." Hearing Tr. 19-20. In addition, while it remains unclear whether you still intend to pursue confidential arbitrations notwithstanding the Court's ruling that the Court properly has jurisdiction over discovery issues, we would be prepared to talk about further modifications that would permit the use of identity information to initiate those arbitrations subject to appropriate protections.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 4

      As our joint status report to the Court is due on April 24, 2020, we request that you provide us with your position on these matters by the close of business on April 22, 2020.

                                    Sincerely,

                                      /s

                                O. Andrew F. Wilson

Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, LUKE LOE, RICHARD ROE, and MARY MOE, individually and on behalf of all others similarly situated,<br><br>              *Plaintiffs*,<br><br>    *v*.<br><br>THE TRUMP CORPORATION, et al.,<br><br>              *Defendants*. | Case No.: 1:18-cv-09936 (LGS)<br><br><br>**NON-DISCLOSURE AGREEMENT** |

    I, _____, on behalf of non-party ACN Opportunity, LLC ("ACN"), acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Confidential Discovery Material and Confidential Identity Information (together, "Protected Material"). I agree that (1) I will hold in confidence all Protected Material to the extent required by the Protective Order and agree to be bound by the terms of that Order; (2) I will use such Protected Material only for purposes of this litigation and for no other purpose whatsoever; and (3) I will take all due precautions to prevent the unauthorized or inadvertent disclosure of such Protected Material.

    For the avoidance of any doubt, ACN reserves all rights and remedies available to it under its agreement(s) with any Independent Business Owner, including but not limited to any plaintiff or any putative class member in this action.

    By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Protective Order only, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Date:

                                                                                   _____
                                                                                   ACN Opportunity, LLC