April 24, 2020

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *Jane Doe, et al.* v. *The Trump Corporation, et al.,* 18-cv-09936 (LGS)

Dear Judge Schofield:

    Following the April 9, 2020 conference, the Court ordered that the parties meet and confer on "whether Plaintiffs should be able to continue to proceed anonymously and, if so, to what extent." (Doc. No. 232.) Pursuant to that Order, Plaintiffs write to apprise the Court of their position regarding pseudonymity.[1]

    ***Plaintiffs' position.*** At the outset of this action, following full briefing and argument, the Court allowed Plaintiffs to proceed pseudonymously, holding that the risks to Plaintiffs "are real, significant, and present an unwarranted obstacle to those who would seek to vindicate their rights in federal court." (Doc. No. 59 at 27.) Following resolution of Defendants' motion to dismiss, Plaintiffs requested that pseudonymity be extended "through the end of discovery," and proposed a protective order that would permit disclosure of Plaintiffs' identities for discovery (and other) purposes, subject to basic protections. (Doc. No. 104 at 5 & n.4.) Although Defendants argued that discovery should initially be limited to the issue of arbitrability, the protective order they proposed contained pseudonymity provisions identical to those proposed by Plaintiffs. (Doc. No. 104 at 9; Doc No. 104-1; Doc. No 104-2.) Having declined to bifurcate discovery, the Court entered a Protective Order containing those pseudonymity protections on September 10, 2019. (Doc. No. 112.)

    On March 25, 2020, on the heels of a series of discovery rulings that went against them (*see* Doc. No. 198), Defendants suddenly requested that the Court revisit its prior orders relating to pseudonymity (Doc. No. 208). Defendants represented that the "core and critical issue" was the "ability to give" Plaintiffs' names to ACN, because ACN "is the key and core repository of plaintiff-specific information." (Doc. No. 233 at 30-31.) Accordingly, following guidance from the Court, we informed ACN in writing that we would accept a modified version of the Non-Disclosure Agreement attached to the Protective Order that would "allow ACN to preserve its rights." (*Id.* at 19-21.) Although Plaintiffs and ACN continue to meet and confer about the precise language, both sides have acknowledged that they are making progress. (Doc No. 256.) Accordingly, that modification would moot the objection that ACN had asserted and permit Defendants to obtain the discovery they seek from ACN.

    Notwithstanding these positive developments, Defendants insist that pseudonymity for the Plaintiffs should now be abandoned, but fail to identify any specific or compelling reason to do so.

---

[1] Plaintiffs recognize that the Court ordered the parties to file a joint letter, and, pursuant to that Order, Plaintiffs sent a draft joint letter, including Plaintiffs' position, to Defendants yesterday. This evening at 6:13 pm, Defendants finally provided their position, which even standing alone would have violated the Court's Order directing that the joint letter is "not to exceed three pages." Doc No. 232. Accordingly, Plaintiffs respectfully submit this brief statement of their position, which is one-and-a-half pages in length, consistent with the Court's Order. Insofar as Defendants make their own submission, Plaintiffs respectfully reserve the right to respond to any new issues or arguments asserted therein.

Most of the factors that the Court originally considered in accordance with the balancing test in *Sealed Plaintiff* v. *Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008), remain unchanged: Plaintiffs' identities "have been kept confidential"; the public interest in knowing the identities of the named Plaintiffs in this class action is "minimal"; there is no evidence that Plaintiffs will "indulge their worst instincts" if they remain pseudonymous; and there is "no alternative mechanism for protecting their confidentiality." (Doc. No. 59 at 27-28.) In addition, there continues to be "ample evidence" (*id*. at 27) of the risks that Plaintiffs would face if their names were to be disclosed. *See, e.g.*, Charlotte Klein, *Dr. Anthony Fauci Thankfully Has His Own Security Detail*, Vanity Fair (Apr. 2, 2020), (Dr. Fauci received bodyguards and was the target of online smear campaigns claiming that he was "part of a secret group working against Trump"); Mike Levine, *'No Blame?' ABC News finds 36 cases invoking 'Trump' in connection with violence, threats, alleged assaults*, ABC News (Aug. 14, 2019 4:01 a.m.).[2]

The fact that the parties are now engaged in discovery does not tip the balance in Defendants' favor. First of all, the parties have been engaged in discovery for the past eight months with thousands of documents produced by parties and nonparties alike, all in accordance with the Protective Order currently in place, including the provisions relating to pseudonymity. That is so because the Protective Order was designed—by both sides—to facilitate discovery. While Defendants (tellingly) resort to vague hypotheticals about potential witnesses or sources of discovery, the Protective Order permits Defendants to disclose Plaintiffs' identities to any such persons. (Doc. No. 112 ¶ 10.) "All that is required under the [Non-Disclosure Agreement] is that the person who receives disclosure of plaintiff's identity not further disclose or use such knowledge." *Doe No. 2* v. *Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (rejecting claims of prejudice in similar circumstances); *see also Sealed Plaintiff*, 537 F.3d at 190 (mitigation of any prejudice weighs in favor of pseudonymity). Of course, in the event that Defendants do encounter actual obstacles, Plaintiffs will continue to work cooperatively to address them, just as we have with ACN.

Given the threats that perceived opponents of Defendants continue to face, Plaintiffs respectfully request that the Court's order on pseudonymity continue, at least until trial.[3]

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record (*via* ECF)

---

[2] *See also* Doc. No. 4 at 3-7 (outlining Defendants' and their supporters' history of retaliation and intimidation against plaintiffs in business-practices suits and against others perceived to be hostile to their interests); Doc. No. 59 at 26-27 ("Past conduct can give rise to some reasonable inference of future retaliation . . . .").

[3] Plaintiffs have addressed these issues succinctly in light of the format of this joint three-page submission. If additional factual or legal support would be helpful, Plaintiffs respectfully a request to submit fuller briefing.