SPEARS & IMES LLP

51 Madison Avenue
New York, NY 10010
tel  212-213-6996
fax 212-213-0849

Joanna C. Hendon
tel 212-213-6553
jhendon@spearsimes.com

April 24, 2020

**Via ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

     *Re:*     *Jane Doe, et al.* v. *Trump Corp., et al.*, 1:18-cv-9936 (LGS)

Dear Judge Schofield:

On April 9, 2020, the Court directed the parties to meet and confer concerning Defendants' letter motion dated March 25, 2020, requesting the Court require Plaintiffs to renew their motion to proceed pseudonymously.  (ECF Nos. 208, 232.)  The parties did so, over several days.  On April 23, 2020, at 7:30 P.M., Plaintiffs sent Defendants their portion of the proposed joint letter to the Court on this subject.  Earlier this evening, Defendants sent Plaintiffs their position to include in the letter.  An hour ago, Plaintiffs submitted their position separately, because including ours would exceed the page limit set by the Court.  Defendants therefore respectfully submit their position as a stand-alone letter.  We are available to answer any questions the Court may have concerning this matter.

**     *Defendants' Position on Pseudonymity.***  Courts dislike anonymous litigation.  Rule 10(a) of the Federal Rules of Civil Procedure embraces the "'customary and constitutionally-embedded presumption of openness in judicial proceedings,'" *Sealed Plaintiff*, 537 F.3d at 188-89 (quoting *Roe v. Aware Women Ctr. For Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)).  Under Rule 10(a), courts "begin with a presumption against anonymous or pseudonymous pleading," *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (Lynch, J.) (cited with approval in *Sealed Plaintiff*, 537 F.3d at 189), and a plaintiff seeking to proceed anonymously "has to overcome the *strong default rule* that parties must proceed under their real names."  *Doe v. Fedcap Rehab. Servs., Inc.*, No. 17-cv-8220 (JPO), 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018) (emphasis added).

In support of their bid to proceed anonymously, Plaintiffs invoke case law where the allegations involve matters of a highly sensitive and personal nature or where the plaintiff is particularly vulnerable to retaliation by the defendant through repetition of the same conduct complained of in the lawsuit.  This case involves neither.  Funded by critics of the President (ECF No. 84 at 9 n.1), Plaintiffs filed this action one week before the 2018 midterm elections, asserting bogus RICO claims (now dismissed) and state law claims arising from commercial activity alleged to have occurred years ago, when the President was a private citizen.  Plaintiffs seek to recover damages for losses they allegedly sustained doing business with a company neither owned nor operated by Defendants and with which all four Plaintiffs agreed to arbitrate their disputes.

Hon. Lorna G. Schofield                                                              - 2 -
April 24, 2020

      Plaintiffs cannot meet the requirements of *Sealed Plaintiff*.  Their lawsuit does not
remotely involve matters of a sensitive or personal nature.  Plaintiffs seek money for losses
allegedly sustained as a result of a business opportunity – selling telephone equipment and
services – that failed.  Nor are Plaintiffs "particularly" vulnerable.  They are four adults who, in
this Court, have deftly avoided arbitrating what are plainly arbitrable claims, while riding a
juggernaut of third-party discovery and otherwise exploiting the liberal discovery rules of this
Court to which they would not be entitled in arbitration.  The lawsuit does not challenge the
actions of any government, and identification of Plaintiffs would not pose a risk of retaliatory
mental or physical harm or any other harm.  Defendants, by contrast, are severely prejudiced by
Plaintiffs' anonymity, as discussed below.

      The principal justification Plaintiffs advance for the extraordinary relief they seek is a
fear of retaliation by President Trump and his supporters.  Plaintiffs cite no evidence to
substantiate that risk.  Indeed, they cite no instance in which the President has even mentioned
this case publicly, much less threatened retaliation or incited others to take action over it.
Rather, it is Plaintiffs who have deployed their Twitter accounts to amplify their attacks on
Defendants, while hiding behind their anonymity in precisely the manner the case law forbids.
*See e.g.*, Robbie Kaplan (@kaplanrobbie), Twitter (Oct. 30, 2018) (retweeting @ColumbiaLaw,
"***Trump Persuaded Struggling People to Invest in Scams, Lawsuit Says***" (emphasis added));
Robbie Kaplan (@kaplanrobbie), Twitter (Nov. 3, 2018) (same); Robbie Kaplan
(@kaplanrobbie), Twitter (Dec. 21, 2018) ("***Trump's Outrageous Behavior Called Out By
Federal Judge In RICO Case***" (emphasis added)); Robbie Kaplan (@kaplanrobbie), Twitter
(Dec. 21, 2018) (retweeting @atlblog ("***Trump's Outrageous Behavior Called Out By Federal
Judge In RICO Case***" (emphasis added)); Kaplan Hecker & Fink LLP (@kaplanhecker), Twitter
(Apr. 17, 2020, 11:20 A.M.), https://twitter.com/KaplanHecker/status/1251168752684666883
(touting law firm's "***effort to deliver justice for our clients who were defrauded by Donald
Trump and his family***" (emphasis added)); Kaplan Hecker & Fink LLP (@kaplanhecker),
Twitter (Dec. 21, 2018, 12:30 P.M.), https://twitter.com/KaplanHecker/status/
1076168095516016643 ("We look forward to litigating this case and to achieving justice ***for the
many thousands of people who were harmed by the Trump RICO enterprise***." (emphasis
added)); *see also ACN/Trump Fraud Class Action*, https://trumpacnclassaction.com (last visited
Apr. 24, 2020) ("Were you defrauded by the Trumps into investing in ACN?"); Trump Class
Action (@trumpclassaction), Facebook (Apr. 12, 2020, 10:34 A.M.), https://www.facebook.com/
trumpclassaction/posts/162189485249736 (Defendants "***exploit[ed] their family name to
promote a marketing scam***" (emphasis added)).[1]

      On April 9 the Court stated, "I understand that the plaintiffs oppose [Defendants' request
that the Court require Plaintiffs to renew their motion to proceed anonymously]; they view it as a
motion to reconsider; they think it is not appropriate now.  I don't agree with that.  I think that it
[anonymity] is an issue that is fairly raised at various points in the litigation, because I think that
the propriety of allowing the plaintiffs to proceed anonymously varies at different points in the
litigation … And so what I'd ask is for you to revisit the question now, given the state of

---

[1] Plaintiffs' bid to align themselves with Dr. Anthony Fauci, (ECF No. 257 at 2), whose appearances during the
COVID-19 crisis with the President have riveted the nation and the global media, strains credulity.  Nor have they
proffered any reason they are more vulnerable than any of the other numerous parties who have sued the President in
his personal capacity in their own names.

Hon. Lorna G. Schofield                                                                      - 3 -
April 24, 2020

litigation, given the need for the defendants to obtain plaintiff-specific discovery.  Given the
impact on third parties like ACN, I'd like you to talk about that, and then give me a letter…"
(April 9, 2020 Hr'g Tr. at 29-30.)

       To meet Defendants' objection, Plaintiffs state they are willing to accept a modified
version of the non-disclosure agreement attached to the Protective Order that would "allow ACN
to preserve its rights."  We appreciate Plaintiffs making that proposal, but Defendants' prejudice
extends well beyond the particular difficulty presented by the contractual relationships between
Plaintiffs and ACN.  With respect to discovery, Defendants should be free to provide Plaintiffs'
names and identities to anyone (not just to ACN) who might have information, or be in a position
to help Defendants develop information relevant to their defenses or to impeaching
Plaintiffs.  This is true with respect to informal as well as formal discovery.  As a rule, counsel,
investigators, consultants, and anyone else working at counsel's direction should be free to
knock on any door, request any record, and request that anyone with whom they interact, in turn,
make inquiry of still other potential witnesses and sources of information, without requiring
those with whom they interact (or who may receive information as a result of those interactions)
to first sign a non-disclosure agreement covering Plaintiffs' identities.  Fact development is, and
should be, creative and wide-ranging.  A non-disclosure agreement that covers one party's
identity necessarily chokes off that process for the other party.

       It is impossible to identify all of the ways in which pseudonymity prejudices the party
opposing it in litigation.  Defendants adopt and refer the Court to the following findings by
judges in this District on the subject, two of whom now sit on the Court of Appeals:

1.  "Allowing Plaintiff to proceed anonymously would disadvantage Defendants at all stages
    of litigation, including settlement, discovery, and trial.  Plaintiff's anonymity would make
    it more difficult to obtain witnesses and witness testimony, Defendants would have less
    leverage in settlement negotiations, and Defendants would not be able to fully and
    adequately cross-examine the Plaintiff."

    *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019)

2.  "[S]ome courts have noted that allowing plaintiffs to proceed anonymously tend[s] to
    place defendants at a 'genuine disadvantage, particularly when it comes to settlement
    leverage,' as a plaintiff may hold out for a larger settlement when the plaintiff knows that
    the defendant faces reputational risk not reciprocated by the plaintiff."

    *Doe v. Zinsou*, 19 Civ. 7025 (ER), 2019 WL 3564582, at *7 (S.D.N.Y. Aug. 6, 2019)

3.  "Where a case involves potentially damaging allegations, 'basic fairness dictates that
    plaintiffs who publicly accuse defendants in civil suits must sue under their real names.'"

    "In determining whether a defendant will be prejudiced, courts look at the damage to a
    defendant's reputation caused by the anonymous proceedings, difficulties in conducting
    discovery, and the fundamental fairness of proceeding in this manner."

Hon. Lorna G. Schofield                                                                    - 4 -
April 24, 2020

> *Doe v. Solera Capital LLC*, 18 Civ. 1769 (ER), 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019)

4.  "Allowing Plaintiff to proceed anonymously would put Defendants at a genuine disadvantage, particularly when it comes to settlement leverage.  Courts allow such an imbalance only in unique circumstances, and Plaintiff has not shown that this is one of those special cases."

> *Doe v. Fedcap Rehab. Servs., Inc.*, No. 17-cv-8220 (JPO), 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018)

5.  "Looking ahead to the trial, the Court agrees that Delta could suffer concrete prejudice in several respects were Doe permitted to proceed pseudonymously.  A witness who proceeds under her own name and is subject to potentially rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account.  Moreover, the jury, armed with greater information about Doe and her professional and personal standing, will be better equipped to assess her credibility and her asserted motives for accusing Delta of battery."

> "Finally, allowing Doe to proceed pseudonymously would run a risk of giving her claims greater stature or dignity before, or otherwise confusing or distracting, the jury.  As many jurors and any reader of New York area newspapers surely would be aware, parties to lawsuits routinely contend, at trial, with disclosure of embarrassing incidents such as public intoxication-indeed, trials commonly bring to light far more prejudicial, damning, and colorful episodes.  Were Doe permitted to proceed on a no-name basis, one or more jurors might conclude that she, for unknown reasons, merited extra-solicitous treatment. This might skew the jury's assessment of Doe's credibility and her claims."

> *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015)

6.  "Courts have expressed concern that maintaining a plaintiff's anonymity could 'unfairly impede defendant's ability to impeach the plaintiffs' credibility' through cross examination and introduction of personal evidence at trial."

> "Moreover, concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses."

> *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006) (Lynch, J.)

7.  "If plaintiff were permitted to prosecute this case anonymously, Shakur would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity."

> *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (Chin, J.)

Hon. Lorna G. Schofield                                                                 - 5 -
April 24, 2020

      Because Defendants' prejudice is extreme and will increase as Plaintiffs seek to certify and represent a class for trial, and because Plaintiffs cannot meet the requirements of *Sealed Plaintiff*, the Court should now order Plaintiffs to proceed in their names.[2]

                                           Respectfully submitted,

                                           */s/ Joanna C. Hendon*

                                           Joanna C. Hendon

---

[2] A copy of the parties' written meet and confer is attached to this letter as a part of the record on this issue. Defendants also attach screen shots of the 2018 tweets referenced *supra*, at 2, which are no longer accessible at twitter.com.