# Exhibit A

# Cynthia Chen

| | |
|---|---|
| **From:** | Joanna C. Hendon |
| **Sent:** | Wednesday, April 22, 2020 5:23 PM |
| **To:** | Alexander Rodney; Andrew Kincaid; Cynthia Chen |
| **Cc:** | Roberta Kaplan; John Quinn; Andrew G. Celli; Andrew Wilson |
| **Subject:** | Re: Doe v. Trump, No. 18 Civ. 9936 |

Alex:

      Defendants disagree with Plaintiffs' recitation of and claims we have misstated the record, but it is useful to have your views as we meet and confer. Defendants' object to your clients proceeding pseudonymously in this case for the reasons set forth in our Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Proceed Under Pseudonyms, dated November 30, 2018 (ECF No. 46), our letter motion to the Court dated March 25, 2020 (ECF No. 208), and our opening e-mail to you on this string, dated April 16, 2020.

      To meet that objection, Plaintiffs state they are willing to accept a modified version of the non-disclosure agreement attached to the Protective Order that would "allow ACN to preserve its rights." We appreciate your making that proposal, but Defendants' prejudice extends well beyond the particular difficulty presented by the contractual relationships between Plaintiffs and ACN. With respect to discovery, Defendants should be free to provide Plaintiffs' names and identities to anyone (not just to ACN) who might have information, or be in a position to help Defendants develop information relevant to their defenses or to impeaching Plaintiffs. This is true with respect to informal as well as formal discovery. As a rule, counsel, investigators, consultants, and anyone else working at counsel's direction should be free to knock on any door, request any record, and request that anyone with whom they interact, in turn, make inquiry of still other potential witnesses and sources of information, without requiring those with whom they interact (or who may receive information as a result of those interactions) to first sign a nondisclosure agreement covering Plaintiffs' identities. Fact development is, and should be, creative and wide-ranging. A non-disclosure agreement that covers one party's identity necessarily, and unfairly, restricts that process for the other party.

      It is impossible to identify all of the ways in which pseudonymity prejudices the party opposing it in litigation. (The practice is disfavored in this Circuit for good reason.) Defendants adopt and refer Plaintiffs to the following findings by judges in this District on the subject, two of whom now sit on the Court of Appeals:

1. "Allowing Plaintiff to proceed anonymously would disadvantage Defendants at all stages of litigation, including settlement, discovery, and trial. Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, Defendants would have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff."

   *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019)

2. "[S]ome courts have noted that allowing plaintiffs to proceed anonymously tend[s] to place defendants at a 'genuine disadvantage, particularly when it comes to settlement leverage,' as a plaintiff may hold out for a larger settlement when the plaintiff knows that the defendant faces reputational risk not reciprocated by the plaintiff."

   *Doe v. Zinsou*, 19 Civ. 7025 (ER), 2019 WL 3564582, at *7 (S.D.N.Y. Aug. 6, 2019)

3. "Where a case involves potentially damaging allegations, 'basic fairness dictates that plaintiffs who publicly accuse defendants in civil suits must sue under their real names.'"

   "In determining whether a defendant will be prejudiced, courts look at the damage to a defendant's reputation caused by the anonymous proceedings, difficulties in conducting discovery, and the fundamental fairness of proceeding in this manner."

   *Doe v. Solera Capital LLC*, 18 Civ. 1769 (ER), 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019)

4. "Allowing Plaintiff to proceed anonymously would put Defendants at a genuine disadvantage, particularly when it comes to settlement leverage. Courts allow such an imbalance only in unique circumstances, and Plaintiff has not shown that this is one of those special cases."

   *Doe v. Fedcap Rehabilitation Services, Inc.*, No. 17-cv-8220 (JPO), 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018)

5. "Looking ahead to the trial, the Court agrees that Delta could suffer concrete prejudice in several respects were Doe permitted to proceed pseudonymously.  A witness who proceeds under her own name and is subject to potentially rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account.  Moreover, the jury, armed with greater information about Doe and her professional and personal standing, will be better equipped to assess her credibility and her asserted motives for accusing Delta of battery."

   "Finally, allowing Doe to proceed pseudonymously would run a risk of giving her claims greater stature or dignity before, or otherwise confusing or distracting, the jury.  As many jurors and any reader of New York area newspapers surely would be aware, parties to lawsuits routinely contend, at trial, with disclosure of embarrassing incidents such as public intoxication-indeed, trials commonly bring to light far more prejudicial, damning, and colorful episodes.  Were Doe permitted to proceed on a no-name basis, one or more jurors might conclude that she, for unknown reasons, merited extra-solicitous treatment. This might skew the jury's assessment of Doe's credibility and her claims."

   *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015)

6. "Courts have expressed concern that maintaining a plaintiff's anonymity could 'unfairly impede defendant's ability to impeach the plaintiffs' credibility' through cross examination and introduction of personal evidence at trial."

   "Moreover, concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses."

   *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)  (Lynch, J.)

7. "If plaintiff were permitted to prosecute this case anonymously, Shakur would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity."

   *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (Chin, J.)

Please let me know if you have any questions.

Sincerely,

Joanna

---

**From:** Alexander Rodney <arodney@kaplanhecker.com>
**Date:** Monday, April 20, 2020 at 6:29 PM
**To:** Joanna Hendon <jhendon@spearsimes.com>, Andrew Kincaid <akincaid@spearsimes.com>, Cynthia Chen <cchen@spearsimes.com>
**Cc:** "Roberta A. Kaplan" <rkaplan@kaplanhecker.com>, John Quinn <jquinn@kaplanhecker.com>, "Andrew G. Celli" <acelli@ecbalaw.com>, Andrew Wilson <awilson@ecbalaw.com>
**Subject:** RE: Doe v. Trump, No. 18 Civ. 9936

Dear Joanna:

We write in response to your email of April 17, which provides interlineated comments in response to our email of the same date.

Your comments continue to misstate the record on these matters in various respects. *First*, you state that Plaintiffs failed to renew their motion to proceed under pseudonyms. But, as we noted previously, we expressly "request[ed] that the Court allow its order regarding pseudonymity to continue through the end of discovery" following the Court's resolution of the motion to dismiss and prior to the Court's lifting the stay on discovery, and we set forth reasons why the Court should do so. (Doc. No. 104 at 5 n.4.) To the extent that you take issue with the fact that Plaintiffs made their request in a joint letter, rather than in some other form of submission, we remind you that, after the Court decided Defendants' motion to dismiss, it ordered the parties to make a joint submission regarding "Defendants' proposed motion to compel arbitration and *any other issue the parties would like the Court to address*." (Doc. No. 98 (emphasis added)). Moreover, in a separate order issued the following week, the Court reiterated that the parties should "address *all* other issues . . . in their joint letter." (Doc. No. 102 (emphasis added).) Accordingly, Plaintiffs renewed their motion to proceed under pseudonyms in a form that was consistent with the Court's express directions.

*Second*, while you suggest that Defendants made a "standing objection" to pseudonymity, the record demonstrates otherwise. Following the Court's decision on Defendants' motion to dismiss, Defendants themselves proposed a protective order that would preserve the confidentiality of Plaintiffs' identities, and took the position that there was no need to decide "whether and to what extent Plaintiffs will be permitted to proceed pseudonymously during merits discovery or at trial" until after the Court resolved Defendants' motion to compel arbitration. (Doc. No. 104 at 9.) Suggesting that the Court might defer a decision hardly counts as making an objection, much less a "standing" one. In fact, nowhere during the first seven months of discovery (in the parties' joint status letters to the Court or anywhere else) did Defendants so much as raise the issue of pseudonymity. (*See* Doc. Nos. 127, 134, 148, 197.) It was only after *ACN*, a non-party, sought Plaintiffs' identities for the specific purpose of bringing AAA arbitrations against them (Doc. No. 202) that Defendants asked the Court to revisit "the question of whether Plaintiffs may continue to prosecute this case pseudonymously" (Doc. No. 208 at 1).

*Third*, and relatedly, you suggest that the pseudonymity provisions of the protective order were entered over your objection. Not so. The objections that the Court "overruled" had nothing to do with pseudonymity, and Plaintiffs' and Defendants' proposed protective orders were identical in the way that they protected Plaintiffs' identities. To be sure, Defendants wanted to conduct arbitration-related discovery first and proposed pseudonymity protections for Plaintiffs that would govern such arbitration-related discovery. But there is no reason – and Defendants have articulated none -- why pseudonymity provisions that would facilitate such discovery would not work equally well for purposes of merits discovery in general. Indeed, ACN would have been the principal non-party target of arbitration-related discovery even

if the Court had bifurcated discovery and adopted the entirety of the protective order that Defendants had proposed, as Defendants acknowledged at the time.

To date, you have not identified any specific way in which the protective order (as opposed to ACN's resistance to its Rule 45 obligations) has prejudiced or might prejudice Defendants.  Nevertheless, to ameliorate any possible issue relating to Defendants' obtaining discovery from ACN, we would be willing to accept a modified version of the Non-Disclosure Agreement attached to the Protective Order that would "allow ACN to preserve its rights" (Hearing Tr. 19-20) in the manner discussed at the April 9, 2020 conference with the Court.  Of course, if you are able to specify any other way in which Defendants face prejudice, we are happy to meet and confer as the Court ordered to work toward an agreeable solution.  We remain available in the coming days to do so.

We look forward to hearing from you.

Regards,

Alex

**Alexander Rodney** | **Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.294.2530 | (M) 646.847.4557
arodney@kaplanhecker.com

---

**From:** Joanna C. Hendon <jhendon@spearsimes.com>
**Sent:** Friday, April 17, 2020 3:18 PM
**To:** Alexander Rodney <arodney@kaplanhecker.com>; John Quinn <jquinn@kaplanhecker.com>; Roberta Kaplan <rkaplan@kaplanhecker.com>; Andrew Wilson <awilson@ecbalaw.com>; Andrew G. Celli <acelli@ecbalaw.com>
**Cc:** Andrew Kincaid <akincaid@spearsimes.com>; Cynthia Chen <cchen@spearsimes.com>
**Subject:** Re: Doe v. Trump, No. 18 Civ. 9936

Alex,
Defendants' responses are interlineated below, within yours.
We hope to hear from you,
Kind regards,
Joanna

---

**From:** Alexander Rodney <arodney@kaplanhecker.com>
**Date:** Friday, April 17, 2020 at 1:01 PM
**To:** Joanna Hendon <jhendon@spearsimes.com>, Andrew Kincaid <akincaid@spearsimes.com>, Cynthia Chen <cchen@spearsimes.com>
**Cc:** "Roberta A. Kaplan" <rkaplan@kaplanhecker.com>, John Quinn <jquinn@kaplanhecker.com>, "Andrew G. Celli" <acelli@ecbalaw.com>, Andrew Wilson <awilson@ecbalaw.com>
**Subject:** RE: Doe v. Trump, No. 18 Civ. 9936

Dear Joanna:

We write on behalf of Plaintiffs in response to your email of yesterday.  As you know, the Court ordered "the parties [to] meet and confer" (Doc. No. 232), which typically means having a discussion in person or by phone.  We are ready and willing to have such a discussion.  Since you have unfortunately refused to participate in such a discussion, we'll respond to your email in writing:

4

*First*, your recitation of the facts is inaccurate in multiple respects.  For example, you say Plaintiffs' "never" renewed their request for pseudonymity, but in fact, Plaintiffs expressly "request[ed] that the Court allow its order regarding pseudonymity to continue through the end of discovery," and set forth reasons why it should do so.  (*See* Doc. No. 104 at 5 n.4.)  [The Court's December 20, 2018 ruling explicitly directs Plaintiffs to renew their motion to proceed anonymously following decision on Defendants' motion to dismiss.  Plaintiffs did not do so.]  In addition, you refer to "Defendants' standing objection to Plaintiffs' pseudonymity," but in fact, far from objecting to those pseudonymity protections, Defendants themselves proposed a protective order that contained identical protections for Plaintiffs' identities (Doc. No. 104 at 9; *see also* Doc. Nos. 104-1, 104-2 at 16).  [You omit that Defendants' proposed protective order, by its terms, would expire before discovery began, leaving Plaintiffs to renew their motion to proceed pseudonymously if and when discovery were to start.  Beginning on August 1, 2020, and continuing through the September 5, 2019 conference (and beyond), Defendants repeatedly moved the Court to stay discovery pending decision on the motion to compel arbitration, other than discovery narrowly tailored to the question of arbitrability.  (*See, e.g.*, ECF Nos. 101, 104, 114, 133, 177 ).  In that limited context Defendants agreed to preserve Plaintiffs' pseudonymity, i.e., while discovery was stayed and the motion to compel arbitration was briefed and decided.  (ECF Nos. 101 & 104.)  At the September 5, 2019 conference, the Court denied Defendants' motion to stay discovery and adopted Plaintiff's form of Protective Order, ensuring Plaintiffs' pseudonymity for the rest of the case, over Defendants' (by then) standing objection.]   Moreover, after the conference on September 6, 2019, Defendants filed a letter with the Court specifically "request[ing] that the Court enter the protective order" containing the pseudonymity provisions on which the parties had agreed at the September conference.  (*See* Doc. No. 108 at 1.)  [You omit that at the September 5, 2019 conference, after overruling Defendants' objections to Plaintiffs' protective order, the Court directed <u>Defendants</u> to submit it for the Court's signature.  Defendants followed that directive, their objection preserved.]

*Second*, there was and is good cause for pseudonymity because the risks of threats, harassment, and harm to Plaintiffs and their families is "real and significant," as the Court has already found (Doc. No. 59 at 27), and there is no benefit to the litigation in exposing their names publicly at this stage.  [We disagree.  At the April 9, 2020 conference, the Court stated it intends to decide whether the balancing of factors that produced its December 20, 2018 ruling has shifted.  It is Plaintiffs' burden to demonstrate a right to proceed other than publicly in this case.]

*Third*, there is no prejudice to Defendants.  Not only have we worked with you at every stage of the case, including by promptly disclosing Plaintiffs' identities to you following entry of the protective order and making multiple document productions containing identifying information over the past few months, but also we have indicated openness to including a reservation of rights in ACN's non-disclosure agreement, and we are attempting to meet and confer with ACN to discuss any further modifications that may be appropriate for Defendants to be able to obtain discovery from ACN as a non-party, in the event that you choose to serve ACN with a subpoena.  [We disagree that Plaintiffs have worked cooperatively with Defendants on this issue.  It has been a struggle (this issue) from the earliest days of the case.  Each side has accused the other of being absolutist.  It may be that the issue does not lend itself easily to compromise.  Defendants will carefully consider any proposal Plaintiffs make that seeks to address the concerns we have outlined.  Please note that the prejudice we describe extends well beyond the difficulties flowing from the relationship between Plaintiffs and ACN.]

In short, pseudonymity is warranted, non-prejudicial, and workable.  There is no basis for Defendants' blanket conclusion that "there is no permutation of Plaintiffs' pseudonymity nor any related non-disclosure agreement that will adequately protect them."  Here, just as before the preliminary conference in December 2018, Defendants' absolutist position and refusal to engage meaningfully with us to find a workable approach, is both disappointing and concerning.  [There is no reason the parties cannot meet and confer in writing.  We have done so productively before.  This is an important issue for both sides.  Defendants desire a clear record.]

Regards,

Alex

**Alexander Rodney** | **Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.294.2530 | (M) 646.847.4557
arodney@kaplanhecker.com

---

**From:** Joanna C. Hendon <jhendon@spearsimes.com>
**Sent:** Thursday, April 16, 2020 12:53 PM
**To:** Alexander Rodney <arodney@kaplanhecker.com>; Andrew Kincaid <akincaid@spearsimes.com>; Cynthia Chen <cchen@spearsimes.com>
**Cc:** Roberta Kaplan <rkaplan@kaplanhecker.com>; John Quinn <jquinn@kaplanhecker.com>; Andrew G. Celli <acelli@ecbalaw.com>; Andrew Wilson <awilson@ecbalaw.com>
**Subject:** Re: Doe v. Trump, No. 18 Civ. 9936

Dear Alex:

For the sake of a clear record, Defendants would prefer to meet and confer in writing concerning the relief sought in our March 25, 2020 letter. Defendants have concluded there is no permutation of Plaintiffs' pseudonymity nor any related non-disclosure agreement that will adequately protect them. For eleven months, Plaintiffs shielded their identities not only from the docket, but from Defendants and their counsel. As a result, Defendants were unable to learn <u>anything</u> about Plaintiffs, even by informal investigation. Since September 2019, Plaintiffs' identities have been "Confidential Identity Information" under the Protective Order, a designation that, by design, severely burdens Defendants' ability to conduct formal and informal discovery concerning Plaintiffs.

On December 20, 2018, the Court ruled that Plaintiffs could proceed anonymously, given their stated fear of retaliation by Mr. Trump and his supporters (December 20, 2018 Hr'g Tr. at 26-27), pending decision on Defendants' motion to dismiss. (*Id.* at 28-29.) If and when discovery were to begin, the Court ruled, Plaintiffs would need to renew their request for anonymity. (*Id.*) That never occurred, despite Defendants' standing objection to Plaintiffs' pseudonymity. (*See, e.g,* ECF No. 104 at 9 & ECF No. 177 at 2.)

Controlling precedent in this Circuit forbids parties from proceeding pseudonymously absent truly extraordinary circumstances that are not present here. (*See* ECF No. 46 at 6-22.). Defendants have been prejudiced by the Court's rulings on this subject on a daily basis, and they remain so. If Plaintiffs have a proposal they feel is reasonable and will avoid the need for motion practice, please present it to us in writing.

Thank you.

Joanna

---

**From:** Alexander Rodney <arodney@kaplanhecker.com>
**Date:** Tuesday, April 14, 2020 at 4:46 PM
**To:** Joanna Hendon <jhendon@spearsimes.com>, Andrew Kincaid <akincaid@spearsimes.com>, Cynthia Chen <cchen@spearsimes.com>
**Cc:** "Roberta A. Kaplan" <rkaplan@kaplanhecker.com>, John Quinn <jquinn@kaplanhecker.com>, "Andrew G. Celli" <acelli@ecbalaw.com>, Andrew Wilson <awilson@ecbalaw.com>
**Subject:** Doe v. Trump, No. 18 Civ. 9936

6

Counsel:

As you know, following our conference with the Court last week, the Court ordered us to meet and confer "on the issue of whether Plaintiffs should be able to continue to proceed anonymously and, if so, to what extent" in advance of our joint letter due April 24, 2020.  (Doc. No. 223.)  Please let us know of your availability to meet and confer later this week.

In addition, for the avoidance of doubt, in accordance with our agreement with respect to scheduling, as set forth in our joint letter dated March 27, 2020 (Doc. No. 209), and the Court's Orders dated March 31, 2020 (Doc. No. 119, 220), we confirm that we are not proceeding with Defendants' depositions on the currently noticed dates, including the 30(b)(6) deposition noticed for tomorrow.  We will meet and confer with you to reschedule those depositions for dates in the future.

Regards,

Alex

**Alexander Rodney | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.294.2530 | (M) 646.847.4557
arodney@kaplanhecker.com

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

The information (including any attachments) contained in this electronic message is confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (212) 213-6996.

The information contained in this electronic mail message is privileged and confidential and is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. The sender of this electronic mail message intends to preserve the confidentiality of the enclosed information and does not waive any applicable privilege or protection from disclosure. Thank you.

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

The information (including any attachments) contained in this electronic message is confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (212) 213-6996.

The information contained in this electronic mail message is privileged and confidential and is or may be protected by the

attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. The sender of this electronic mail message intends to preserve the confidentiality of the enclosed information and does not waive any applicable privilege or protection from disclosure. Thank you.

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*