**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

April 27, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Jane Doe, et al.* v. *The Trump Corporation, et al.,* 18-cv-09936 (LGS)

Dear Judge Schofield:

   We write on behalf of Plaintiffs in the above-referenced action to respond briefly to Defendants' oversized letter dated April 24, 2020 (Doc. No. 258).

   Much of Defendants' letter treads familiar ground. Although Defendants continue to rely on inapposite cases about trial burdens in connection with pseudonymous plaintiffs (*id.* at 3-4), to reiterate, Plaintiffs have requested only that "the Court allow its order regarding pseudonymity to continue through the end of discovery" (Doc. No. 104 at 5 n.4), not through trial. Moreover, Defendants still cannot identify a single *actual* discovery request in the last eight months that has somehow been frustrated by Plaintiffs' pseudonymity. *See Doe No. 2* v. *Kolko*, 242 F.R.D. 193, 199 (E.D.N.Y. 2006). In other words, Defendants have not offered any reason to alter the Court's prior rulings on this issue at this stage.

   In their April 24 Letter, Defendants raise a new argument for the first time, having failed to raise it at any point during the meet-and-confer process ordered by the Court. (*See* Doc. No. 258-1.) More specifically, presumably in support of their argument that there is "no evidence to substantiate" the risk of retaliation by President Trump and his supporters, Defendants point to a handful of instances in which I retweeted, without commentary, news articles about this case. (Doc. No. 258 at 2.) While it is not clear what point Defendants are trying to make, there was nothing inappropriate about those retweets, and there is no such thing as pseudonymity for lawyers in any event since it is "*plaintiff's* interest in anonymity" that matters. *Sealed Plaintiff* v. *Sealed Defendant*, 537 F.3d 185, 193 (2d Cir. 2008) (emphasis added).

   But even more importantly, the tweets that Defendants append to their letter only strengthen our arguments for preserving the status quo. As the attached exhibit makes clear,[1]

---

[1] The attached exhibit contains only a small subset of the harassment and abuse directed at me on the internet and dark web.

**KAPLAN HECKER & FINK LLP**                                                                                      2

Defendants are gravely mistaken to suggest that I have not been subject to attacks as a result of the cases that I am currently handling.

Unlike Plaintiffs, however, I can "take it"—we have the resources and expertise available to monitor for such online threats and have costly security measures in place to protect us. Plaintiffs, on the other hand, are individuals of extremely limited means, who have asserted fraud claims against President Trump, his business, and several of his adult children. Plaintiffs are therefore precisely the type of party whom President Trump and his supporters have attacked publicly in the past. (Doc. No. 4 at 3-5.) And the fact that President Trump has not tweeted about this case or these Plaintiffs in the past does not mean that he won't do so in the future. As this Court correctly concluded: "Past conduct can give rise to some reasonable inference of future retaliation, but also the fact that a particular defendant has not yet commented publicly doesn't mean that that won't happen in the future." (Doc. No. 59 at 26.)[2]

Indeed, the sort of online targeting and harassment by President Trump that Plaintiffs fear has, in fact, continued unabated, occurring as recently as two months ago in the Roger Stone case, *United States* v. *Stone*, No. 19 Cr. 00018 (D.D.C.). *See Judge Expresses Concern for Stone Jury Foreperson's Safety as Trump Continues Attacks*, ABC News (Feb. 25, 2020); Darren Samuelsohn and Josh Gerstein, *Federal Judge Rebukes Trump over Roger Stone Jury Comments*, Politico (Feb. 25, 2020). There, even the fact that it was a criminal case as well as the fact that Attorney General Barr had specifically reprimanded President Trump two weeks earlier for tweeting about the case, *see, e.g., Barr Blasts Trump's Tweets on Stone Case: Impossible for Me to Do My Job*, ABC News (Feb. 13, 2020), was not enough to dissuade Donald Trump from calling the jury forewoman "tainted" on Twitter, causing great concern that her security would be threatened. Zach Montague and Sharon LaFraniere, *Judge in Roger Stone Case Warns About Attacks on Juror by Trump and Others*, N.Y. Times (Feb. 25, 2020). Judge Berman's reasoning in the *Stone* case would apply with equal force here: "This is a highly publicized case, and in a highly polarized political climate in which the President himself has shone a spotlight on the jury through his Twitter platform." *Id.* As a result, Judge Berman warned, "an individual who may be angry about Stone's conviction or other developments on the new may choose to take it out on them personally." *Id.*

Respectfully submitted,

Roberta A. Kaplan

---

[2] As for Donald Trump's children, Defendant Donald Trump Jr. admitted in late November of last year that even his father "has warned him on more than one occasion to cool down the incendiary rhetoric on his Twitter feed." Quint Forgey, *Don Jr. Says Trump Warned him his Tweets Were Getting 'A Little Hot'*, Politico (Nov. 5, 2019).