

Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York 10036

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com


Stephanie E. Niehaus
T   +1 212 872 9851
stephanie.niehaus@squirepb.com

April 27, 2020

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
40 Foley Square, Courtroom 1106
New York, NY 10007

**Re: *Jane Doe, et al. v. Trump Corp.,* Case No. 1:18-cv-09936**

Dear Judge Schofield:

ACN Opportunity, LLC ("ACN") respectfully submits this letter in further support of its request for a pre-motion conference to stay these proceedings [ECF No. 244].[1]

**1. ACN's appeal presents "'serious questions' going to the merits of the dispute."** *In re A2P SMS Antitrust Litig.*, 2014 U.S. Dist. LEXIS 120323, at *7 (S.D.N.Y. Aug. 27, 2014). Whether a non-party can enforce its contractual right to have all disputes arising out of its agreement with a plaintiff heard in arbitration—whether or not it is named to the case asserting such a dispute— appears to be a matter of first impression touching on strong federal policy, underscoring both the seriousness *and* merit of ACN's appeal.[2] *Pearce v. E.F. Hutton Group, Inc.*, 828 F.2d 826, 829 (D.C. Cir. 1987) (finding "that [defendant's] arguments that [plaintiff's] claims were subject to arbitration raised 'issues . . . of first impression,'" and "[defendant] would suffer substantial harm if [plaintiff's] action were not stayed pending appeal and the District Court was later reversed.").

The FAA "embodies a national policy favoring arbitration.'" [ECF No. 229, at 4 (citation omitted)]. "'***Any doubts*** concerning the scope of arbitrable issues ***should be resolved in favor of arbitration***.'" *Id.* (citations omitted, emphasis added). In fact, the Supreme Court recently affirmed that even the threshold question of arbitrability must be resolved by an arbitrator where the parties agree to delegate that question. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019). Plaintiffs not only minimize this policy in recent filings, they have completely flouted it through their strategic pleading in this case. Plaintiffs unquestionably raise a dispute *with ACN*

---

[1] This Court's Individual Rules require letters seeking pre-motion conferences as a prerequisite to filing certain motions, including motions to stay, and restrict such letters to 3 pages. ACN has attempted to stay within these Rules, but this necessarily limits ACN's ability to develop its arguments, and its arguments here should not be viewed as exhaustive. ACN further requests permission to file this letter at 3.5 pages.

[2] Plaintiffs continue to obfuscate the nature of ACN's arguments. To be clear: ACN appeals from the Court's Order denying its motion to compel Plaintiffs to arbitrate *all* disputes related to or arising from their IBO Agreements, as they are contractually obligated to do, and the Court's Order granting Plaintiffs' motion to compel ACN to submit to broad discovery that would not be available to Plaintiffs in arbitration.

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.
010-9057-8795/1/AMERICAS

Squire Patton Boggs (US) LLP

Honorable Lorna G. Schofield
April 27, 2020

**VIA ECF**

arising out of and related to their agreements *with ACN*, and that dispute goes beyond Plaintiffs' efforts to compel discovery from ACN. As this Court recognized, "[t]he gravamen of the Amended Complaint is that Defendants made untrue, misleading and unfair statements to induce Plaintiffs to enter the Agreements" *with ACN*, and "Plaintiffs' claims arise from the subject matter of the Agreements." *Id.* at 7. Such claims fall squarely within the mandatory arbitration language of Plaintiffs' IBO Agreements, and *all such disputes* must be arbitrated.

This Court's approval of Plaintiffs' tactics, *id.* at 1, relies on precedent that does not fit the unprecedented circumstances here—*i.e.*, where plaintiffs are, essentially, litigating a dispute by proxy in a blatant attempt to avoid arbitration.[3] But the law could not be more clear that this type of "end-run" is not allowed. *Cf. Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 530 (5th Cir. 2000), *abrogated in part by Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009) (state law applies) (criticizing "a quite obvious, if not blatant, attempt to bypass the agreement's arbitration clause" and noting that the signatory "TriStar nevertheless will be involved extensively—and, no doubt, quite expensively—in this dispute … . "); *Estate of Hunish v. Assisted Living Concepts, Inc.*, 2010 U.S. Dist. LEXIS 44241, at *25 (D.N.J. May 6, 2010) ("Plaintiffs should not be permitted to do an end-run around the arbitration requirement by simply naming nonsignatories").

Particularly considering the strong federal policy favoring arbitration, ACN's appeal raises serious and meritorious questions regarding a party's ability to enforce an arbitration agreement and a district court's jurisdiction to decide arbitrable disputes—including ancillary discovery disputes.  A stay is not just appropriate, it is necessary to permit the Second Circuit to address these serious issues and prevent further harm to ACN. *See Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010) (granting stay pending appeal to resolve open question regarding authority of arbitrator to permit class certification); *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 72 (2d Cir. 2017) ("The district court stayed … action …, taking into account, *inter alia*, 'the need for … appellate clarification of what constitutes consent to …website agreements.'").[4]

**2. The balance of harm tips decidedly in ACN's favor.** If the movant "shows 'serious questions' going to the merits of its appeal as well as irreparable harm, the stay may be granted if the balance of hardships 'tips decidedly' in favor of the moving party." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012). Here, the balance of hardships continues to tip decidedly in ACN's favor (a non-party who should be afforded even greater protection). That 9 U.S.C. § 16(a)(1) authorizes "an interlocutory appeal from a denial of arbitration … evidences a congressional determination that a wrongful denial of the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case." *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 396 (S.D.N.Y. 2016). "If the court does not issue a stay, and if the Second Circuit determines the parties must go to arbitration, [Defendants and ACN] will have been deprived of the benefits of dispute resolution by arbitration." *Gingras v. Rosette*, 2016 U.S. Dist. LEXIS 113187, at *20 (D. Vt. Aug. 22, 2016); *Sutherland*, 856 F. Supp. 2d at 643

---

[3] *See, e.g., Dowe v. Leeds Brown Law, P.C.*, 419 F. Supp. 3d 748, 754-55 (S.D.N.Y. 2019) (plaintiffs did not strategically sue LMB (non-signatory) for claims arising out of contracts with Prudential (signatory)); *Ross v. Am. Express Co.*, 547 F.3d 137, 139-40 (2d Cir. 2008) (plaintiffs did not strategically sue American Express (non-signatory) for claims arising out of contracts with signatories).

[4] As Defendants and ACN have explained, this is true even if the Court "remains confident in the soundness of" its reasoning. *Cendant Corp. v. Forbes*, 72 F. Supp. 2d 341, 343 (S.D.N.Y. 1999) (granting stay although "the Court has previously found [defendant's] arguments for arbitration wholly unconvincing"); *Jock*, 738 F. Supp. 2d at 447 ( "the Court of Appeals may disagree, and for that reason alone the plaintiffs have sufficiently demonstrated a likelihood of success on the merits").

Squire Patton Boggs (US) LLP

Honorable Lorna G. Schofield
April 27, 2020

**VIA ECF**

("[F]ailure to grant a stay may irrevocably deprive [the movant] of [what it] unquestionably bargained for, a proceeding designed … to avoid the far greater expenses and other burdens attendant on class litigation … "). These benefits include more limited discovery than the expansive third-party discovery that Plaintiffs have sought here. If ACN is forced to submit to that discovery but subsequently prevails on appeal, ACN could not "be returned to the positions [it] previously occupied." *Brenntag Intern. Chemicals, Inc. v. Bank of India*, 175 F.3d 245, 249-50 (2d Cir. 1999); *see also Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F. 3d 443, 449 (5th Cir. 2019) (allowing interlocutory appeal from order unsealing third-party documents).

These serious and irreparable consequences are more than "routine litigation costs." [ECF No. 252, at 3].[5] ACN already has suffered material financial and reputational harm, without meaningful recourse, not to mention the harm of being deprived of its contractual rights—and will continue to suffer that harm absent a stay. This is illustrated by *Jock v. Sterling*, where this Court stayed proceedings pending appeal of an order vacating an arbitration award. 738 F.Supp.2d at 447. Nine months later, the Second Circuit reversed and remanded with instructions to confirm the award and close the case. *Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 115 (2d Cir. 2011). Had proceedings not been stayed pending appeal, the parties and the Court may have expended considerable resources litigating issues later rendered moot. The same is true here.

By contrast, Plaintiffs effectively concede they will suffer no harm, as their primary concern is not "reward[ing] Defendants' foot-dragging." [ECF No. 252, at 4; ECF No. 255, at 3]. Plaintiffs' argument is inappropriately retributive, and entirely unsupported by the case law they cite. *E.g.*, *Daniels v. City of N.Y.*, 138 F. Supp. 2d 562, 563 (S.D.N.Y. 2001) (appeal of a class certification ruling in a case alleging constitutional violations by police). In any event, "Congress has implicitly rejected" arguments that a stay would irreparably harm a plaintiff through a delay in the resolution of a case "by having determined … the potential harm to a party whose motion to compel arbitration was denied is greater than the harm a stay would cause to the non-movant." *Meyer*, 203 F. Supp. 3d at 396.[6]

**3. A stay pending appeal is in public interest.** It is in the public interest to understand whether the law permits the type of "end-run around [an] arbitration clause," *Grigson*, 210 F.3d at 530, attempted by Plaintiffs. Allowing Plaintiffs' suit to proceed pending appeal would, using Plaintiffs words, "only reward" such tactics and send the wrong message to arbitration agreement signatories. This hardly advances "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

---

[5] Tellingly, the cases Plaintiffs cite on this point *did not* involve arbitration issues. *E.g.*, *FTC v. Standard Oil Co.*, 449 U.S. 232, 233 (1980) (judicial review of an administrative decision); *Glatt v. Fox Searchlight Pictures Inc.*, 2013 U.S. Dist. LEXIS 139594, at *1 (S.D.N.Y. Sep. 17, 2013) (alleged violations of labor law). Likewise, the cases they cite for the proposition that "discovery … during the pendency of the appeal could be used in any arbitration" are entirely distinguishable. *E.g.*, *United States v. Stein*, 452 F. Supp. 2d 281, 283 (S.D.N.Y. 2006) (because in an earlier arbitration defendant sought discovery, it appears it "want[s] discovery regardless of where this dispute is litigated" and defendant "has ample recourse in this Court" to narrow requests); *Credit One Bank, N.A. v. Anderson*, 560 B.R. 84, 92 (S.D.N.Y. 2016) ("[P]olicies and procedures … will be necessary whether [the] claim is litigated … or arbitrated."); *Hatemi v. M & T Bank Corp.*, 2015 U.S. Dist. LEXIS 4986, at *8 (W.D.N.Y. Jan. 15, 2015) ("[A] stay would nominally injure [Plaintiff] by delaying … discovery … .").

[6] *Meyer* is not an "outlier" as Plaintiffs incorrectly maintain; it has been cited nine times, and its reasoning has not been questioned. *See, e.g.*, *Starke v. SquareTrade, Inc.*, No. 16-CV-7036 (NGG) (SJB), 2017 U.S. Dist. LEXIS 227981, at *5 (E.D.N.Y. Dec. 14, 2017) (quoting *Meyer* with approval).

3

Squire Patton Boggs (US) LLP

Honorable Lorna G. Schofield
April 27, 2020

**VIA ECF**

Plaintiffs' April 25 letter illustrates the prejudice such tactics create as they attempt to argue—incorrectly—that ACN does not even have standing because it has "no legal interest affected by that order" [ECF No. 255, at 2]. Absent an immediate appeal, ACN would be "powerless to avert the mischief of [the April 9] order," *Perlman v. United States*, 247 U.S. 7, 13 (1918), which requires ACN to comply with Plaintiffs' broad and burdensome discovery requests and allows the case—"aris[ing] from the subject matter of the [ACN/Plaintiffs] Agreements" [ECF No. 229, at 7]—to proceed in court, contrary to Plaintiffs' and ACN's agreement to arbitrate. *See Vantage Health Plan*, 913 F. 3d at 449 (noting "[t]he harm to third parties is … the disclosure of their confidential and sensitive information without full access to appellate review"); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.").

For these reasons, and the reasons stated in ACN's initial submission, ACN respectfully requests a pre-motion conference to stay these proceedings.

Respectfully yours,

Stephanie E. Niehaus

cc:     All counsel of record via ECF

4