UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANE DOE, et al.,                                       :
                             Plaintiffs,       :        18 Civ. 9936 (LGS)
                                           :
            -against-                        :        ORDER
                                           :
THE TRUMP CORPORATION, et al.,            :
                             Defendants.       :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Plaintiffs represent a putative class alleging that Defendants Donald J. Trump, The Trump Corporation, Donald Trump, Jr., Eric Trump and Ivanka Trump committed various business torts. On April 8, 2020, an Opinion and Order was issued denying Defendants' motion to compel arbitration. *See Doe v. Trump Corp.*, No. 18 CIV. 9936, -- F.Supp.3d -- , 2020 WL 1808395 (S.D.N.Y. Apr. 8, 2020) ("the Opinion"). On April 13, 2020, Defendants filed a Notice of Interlocutory Appeal pursuant to 9 U.S.C. § 16(a)(1)(A) & (B). *See* Dkt. No. 236. Immediately thereafter, Defendants filed a letter motion to request a pre-motion conference regarding an anticipated motion to stay all proceedings in this action, including discovery, pending Defendants' interlocutory appeal. *See* Dkt. No. 237. Plaintiffs opposed the motion. *See* Dkt. No. 249.

       Relatedly, on April 9, 2020, an order was issued granting Plaintiffs' motion to compel nonparty ACN Opportunity, LLC ("ACN") to produce documents in response to Plaintiffs' subpoena duces tecum and denying ACN's cross-motion to compel arbitration of the discovery dispute. *See* Dkt. No. 232 (the "Discovery Order"). On April 16, 2020, ACN filed a notice of interlocutory appeal of the Discovery Order, *see* Dkt. No. 240, and on April 17, 2020, ACN filed

a letter joining Defendants' stay motion. *See* Dkt. No. 244. Plaintiffs opposed the motion. *See* Dkt. No. 255.[1]

For the following reasons, the motions to stay are denied.

## I. MOTION TO STAY

"[I]t has always been held, that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (quotation marks and alteration omitted). "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 433 (internal citation, quotation marks and alteration omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Id.* at 433-34.

The "'traditional' standard for a stay" includes "four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 425-26 (internal quotation marks omitted); *accord Trump v. Deutsche Bank AG*, 943 F.3d 627, 640 n.23 (2d Cir. 2019). The Second Circuit has "treated these criteria somewhat like a sliding scale, citing approvingly other circuits' formulation that the necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the

---

[1] On April 22, 2020, an Order was issued advising the parties that the Court was likely to rule on the issue of the proposed stay on the letters, and giving the parties the opportunity to file a supplemental letter with any additional factual or legal arguments. *See* Dkt. No. 252. Defendants and ACN each filed an additional letter on April 27, 2020. *See* Dkt. Nos. 261, 262.

other stay factors and explaining that the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (quotations and alterations omitted); *accord U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 16 Civ. 8507, 2020 WL 359907, at *1 (S.D.N.Y. Jan. 21, 2020). Each factor is discussed below.

### A. Likelihood of Success

A showing of a likelihood of success on appeal requires "more than a mere possibility of relief." *Nken*, 556 U.S. at 434 (quotation marks omitted). To demonstrate a "strong showing that it is likely to succeed on the merits," a party must demonstrate "a *substantial possibility*, although less than a likelihood, of success" on appeal. *Mohammed v. Reno*, 309 F.3d 95, 101, n.9 (2d Cir. 2002) (emphasis added); *accord Triaxx Asset Mgmt. LLC*, 2020 WL 359907, at *2; *see also Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35-38 (2d Cir. 2010) (observing that the standard for granting a stay pending appeal "overlap[s] substantially with the preliminary injunction standard" and reaffirming the "established 'serious questions' standard as a means of assessing a movant's likelihood of success on the merits"). Neither Defendants nor ACN have met this burden.

In order to succeed on appeal, Defendants must overcome two hurdles. First, Defendants must show that Plaintiffs are legally required to arbitrate their dispute with Defendants, despite the absence of any written agreement between them. The fundamental rule of arbitration is that "[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Comms. Workers of America*, 475 U.S. 643, 648 (1986); *accord Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 190 (2d

Cir. 2019), *cert. denied*, 140 S. Ct. 256 (2019).  There exists a narrow exception to this rule in the doctrine of collateral estoppel, which requires a party to arbitrate pursuant to an arbitration agreement with non-signatories (Defendants) only where, *inter alia*, there exists "some relation between [the non-signatory] and the plaintiffs sufficient to demonstrate that the plaintiffs *intended to arbitrate* this dispute with [the non-signatory]." *Ross v. Am. Exp. Co.*, 547 F.3d 137, 146 (2d Cir. 2008) (emphasis added).  But the Opinion found that, based on the allegations in the Complaint -- i.e., that Plaintiffs were duped about the nature of the relationship between ACN and Defendants -- collateral estoppel does not apply to defeat the general rule that Plaintiffs have no obligation to arbitrate with parties who are strangers to the arbitration agreement.  *See Trump Corp.*, 2020 WL 1808395, at *5.  Separately and independently from this first holding, the Opinion further held that, even if this narrow exception of estoppel were to apply, Plaintiffs still are not required to arbitrate with Defendants because Defendants waived their right to arbitrate by delaying their motion to compel arbitration.  *See id*. at *7.  Thus, to prevail on appeal, Defendants would need to overcome the general rule requiring an agreement to arbitrate, satisfy the requirements to apply the narrow exception of estoppel, and overcome the finding of waiver.  Given this context, the first factor of likelihood of success on the merits weighs heavily in favor of denying the stay.

      Defendants argue that the Opinion fails to take into account allegations in the Complaint showing Defendants' lack of independence from ACN, and on the basis of those allegations, the Court should have inferred that Plaintiffs knew Defendants were not independent from ACN and held that the doctrine of equitable estoppel applies.  This argument is unpersuasive since it would require the Court to infer something that is explicitly denied in the Complaint:  "Doe had no idea Trump was being paid lavishly for his endorsement . . . Doe thought Trump's only motivation in

4

endorsing ACN was to help people like her make good business decisions . . . ." Am. Compl., Dkt. 77, at ¶ 193.

Defendants also challenge the Opinion's reliance on *Ross*, to rebut the proposition a plaintiff cannot make conspiracy allegations that link a signatory and non-signatory and at the same time avoid arbitration with the non-signatory. *See Trump Corp.*, 2020 WL 1808395, at *5. Defendants' argument that the court in *Ross* merely "declined to apply [the proposition] to the facts before it" misses the point. The court in *Ross* declined to find that allegations of a conspiracy between signatories and a non-signatory to an arbitration agreement were sufficient to impose estoppel on the plaintiffs and compel the plaintiffs to arbitrate with the non-signatory. *Ross,* 547 F.3d at 148. The Court in *Ross* thus reaffirmed that "it would be wrong 'to suggest that a claim against a co-conspirator of a party alleged to have engaged in antitrust violations will always be intertwined to a degree sufficient to work an estoppel.'" *Id.* (quoting *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 178 n.7 (2d Cir. 2004)). Each case must be considered on its individual facts, and here the Complaint provides no basis to conclude that Plaintiffs knew ACN and Defendants were aligned such that Plaintiffs' agreement to arbitrate with ACN should be construed as an obligation to arbitrate with Defendants.

Second, Defendants challenge the Opinion's holding that Defendants waived their right to arbitrate, arguing that the Opinion incorrectly "focuses almost entirely on events that transpired *after* Defendants notified the Court of their intention to compel Plaintiffs to arbitrate on July 19, 2019." This argument is misplaced for two reasons. First, the Second Circuit expressly calls for consideration of "the amount of litigation to date" -- i.e., preceding the decision on the motion to compel -- as relevant to whether to compel arbitration. *See La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d

Cir. 2010). And second, the Opinion's holding rests on consideration of all three pertinent factors, "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *See Trump Corp.*, 2020 WL 1808395, at *6-7 (quoting *La. Stadium*, 626 F.3d at 159).

Defendants challenge the Opinion's observation that, "[i]f Defendants had revealed [an inclination to move to compel arbitration], the Court . . . would have directed Defendants to file the motion to compel arbitration first and decided the appropriate forum before making any decision on the merits." *Trump Corp.*, 2020 WL 1808395, at *7. Defendants point to a July 2019 letter to the Court, filed four months after their motion to dismiss was fully briefed and five days before it was decided, asserting that they intended to move to compel arbitration. But Defendants do not explain how their eleventh-hour letter -- which was acknowledged in the Opinion -- changes either the Opinion's observation or the waiver analysis overall.

Defendants also argue that they could not obtain Plaintiffs' arbitration agreements prior to a decision on the motion to dismiss because Plaintiffs were proceeding pseudonymously. This argument is unconvincing because Defendants' motion to compel arbitration was briefed and decided based on Defendants' representation that Plaintiffs, like all of the other ACN investors, had signed form agreements that contained an arbitration clause. *See Trump Corp.*, 2020 WL 1808395, at *3 (noting that "[b]ased on Defendants representations, the Court directed the parties to assume solely for purposes of this motion that Plaintiffs and the putative class had agreed with ACN to arbitrate.").[2] Accordingly, Defendants have not shown a substantial possibility of

---

[2] Defendants also generally argue that the appeal is meritorious, "for the reasons briefed to the Court." As Defendants' arguments in the briefing for the motion to compel arbitration were addressed in the Opinion, they are not again addressed here.

success on appeal on either of the independent holdings of the Opinion -- that the doctrine of estoppel does not apply and that, even if it did, Defendants waived any right to arbitrate.  *See In re Albicocco*, No. 06 Civ. 3409, 2006 WL 2620464, at *5 (E.D.N.Y. Sept. 13, 2006) (observing that the movant must demonstrate a likelihood of success on the merits of each independent basis for the ruling in order to meet the standard).

Similarly, ACN makes no persuasive argument that an appeal from the Discovery Order raises serious questions that go to the merits on appeal.  As a threshold issue, it is not clear that ACN's appeal of the Discovery Order is proper.  *See In re Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.*, No. 13 Mag. 2814, 2014 WL 4629624, at *2 (S.D.N.Y. Aug. 29, 2014) ("In evaluating litigant's likelihood of success on appeal, a district court must consider the likelihood that the Court of Appeals has jurisdiction over the subject case.").  "The court[s] of appeals . . . have jurisdiction of appeals from all final decisions of the district courts of the United States."  *Ashmore v. CGI Group, Inc.*, 860 F.3d 80, 84 (2d Cir. 2017) (quoting 28 U.S.C. § 1291) (quotation marks omitted).  The Discovery Order is not a final decision, as it relates only to Plaintiffs' motion to compel production of documents by ACN and ACN's opposition thereto.  *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 205-06 (2d Cir. 2012) (noting that a discovery order that does not terminate a foreign or domestic proceeding is not a "final decision" under § 1291); *Vera v. Republic of Cuba*, 802 F.3d 242, 246 (2d Cir. 2015) ("[U]nder traditional finality principles, a district court's decision to compel compliance with a subpoena or to deny a motion to quash a subpoena is generally not a 'final decision' and therefore is not immediately appealable.").

As for the merits of ACN's appeal, ACN cites no legal authority supporting its assertion that ACN can compel Plaintiffs to arbitrate Plaintiffs' claims against Defendants -- or even a

discrete discovery dispute -- in a litigation to which ACN is not a party. ACN's out-of-circuit cases are inapposite as they do not involve non-parties to the litigation. *See, e.g., Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 530 (5th Cir. 2000) (affirming district court grant of motion to compel arbitration brought by non-signatory defendants); *Estate of Hunish v. Assisted Living Concepts, Inc.*, No. 09 Civ. 3163, 2010 U.S. Dist. LEXIS 44241, at *25 (D.N.J. May 6, 2010) (granting in part motion to compel arbitration brought by defendant). Accordingly, ACN also has failed to demonstrate likelihood of success on appeal.

### B.  Irreparable Injury

The next factor requires the Court to decide whether the movants will be irreparably harmed absent a stay. Irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citation omitted); *accord Nken*, 556 U.S. at 434–35 (generally "simply showing some possibility of irreparable injury fails to satisfy" this factor). Defendants' burden to demonstrate irreparable injury is "inversely proportional to" the "probability of success that is demonstrated." *See Thapa*, 460 F.3d at 334; *accord LG Elecs., Inc. v. Wi-LAN USA, Inc.*, No. 13 Civ. 2237, 2015 WL 4578537, at *1 (S.D.N.Y. July 29, 2015). "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433 (internal citation, quotation marks and alterations omitted). This factor does not outweigh the strong likelihood that Defendants and ACN will not succeed on appeal.

Defendants' asserted prejudice in the absence of a stay does not weigh heavily in this case. First, Defendants proceeded to defend the case for over eight months before raising the

prospect of arbitration.  During this time Defendants sought and were granted a stay of discovery while they invoked the power of the court to obtain dismissal of the federal RICO claims.  No one deprived Defendants of the right to have this issue heard by an arbitrator in the first instance; they elected to first bring the motion to dismiss before the Court.

Defendants assert that they are prejudiced by being subjected to class claims.   However, no class has been certified, Plaintiffs have not yet proposed filing a class certification motion, and the current case management schedule does not contemplate one.

Defendants and ACN both assert prejudice on the ground that third party discovery would not be available in arbitration.  But Defendants themselves acknowledge that "any prejudice to Plaintiffs [but also Defendants] is further reduced by the restrictions imposed on the litigants and third-parties by the COVID-19 pandemic; these restrictions and the uncertainty regarding the progress of the pandemic make it unlikely that, even absent a stay, discovery would progress substantially in the coming months."  Dkt. No. 237 at 4.  Defendants reference a recent discovery conference where the Court granted two motions to compel brought by Plaintiffs against third-parties, including ACN.  Defendants did not object to or attempt to intervene in either motion, nor did they object to the Court's ruling.  At the same conference, the Court directed the parties to meet and confer regarding Defendants' request that the Court consider whether Plaintiffs may continue to prosecute this case pseudonymously, in part because Defendants argue that *their* ability to seek necessary discovery from non-party ACN is hindered by Plaintiffs' proceeding under pseudonyms.  That issue is pending, and in the absence of an agreement between the parties, the matter will be briefed and decided in due course.

ACN argues that its production of documents and reputation damage is sufficient irreparable harm to justify a stay, but "a requirement to produce documents, at least absent a

9

claim of privilege or sensitivity, is not generally the type of injury that is irreparable." *In re Platinum Partners Value Arbitrage Fund LP*, No. 18 Civ. 5176, 2018 WL 3207119 at *6 (S.D.N.Y. June 29, 2018) (denying stay pending appeal of ruling requiring compliance by third-party with subpoena in bankruptcy proceeding).[3] Similarly, "conclusory statements of loss of reputation will not justify an irreparable harm finding." *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, No. 10 Civ. 3314, 2015 WL 4033019, at *11 (S.D.N.Y. June 29, 2015). In any event, this action is governed by a Protective Order that severely limits to whom produced documents designated confidential or highly confidential may be disclosed, and restricts those documents to use "solely in connection with the litigation of this action and for no other purpose whatsoever." Once signed by ACN, this Protective Order further limits any harm caused by document production. *See In re Noguer*, No. 18-MC-498, 2019 WL 1034190, at *4 (S.D.N.Y. Mar. 5, 2019) (considering existence of a protective order in a finding that production of documents does not constitute irreparable harm). ACN has declined to sign the Protective Order without revisions permitting ACN to affirmatively use information disclosed to ACN for purposes outside the instant litigation.

Defendants cite recent decisions in this Circuit finding this factor to weigh in favor of a stay pending appeal of a denial of a motion to compel arbitration based on "the Congressional determination that is implicit in 9 U.S.C. § 16(a)(1)(B)," which authorizes interlocutory appeal from a denial of arbitration. *See, e.g., Starke v. SquareTrade, Inc.*, No. 16 Civ. 7036, 2017 WL 11504834, at *2 (E.D.N.Y. Dec. 15, 2017); *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 396 (S.D.N.Y. 2016). These decisions find that this provision implies that the "wrongful denial of

---

[3] ACN cites *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 448 (5th Cir. 2019), which is distinguishable in addition to being non-binding, as it relates to interlocutory appeal of an order to unseal documents, not to produce documents.

the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case." *Meyer*, 203 F. Supp. 3d at 396. In other words, if a party is entitled to arbitrate its dispute, that party should not be made to litigate the entirety of the dispute to the point of a trial court judgment; this harm cannot be remedied because it deprives the party of the bargained for right to litigate in one forum instead of another. But that is a different proposition from saying that a court cannot proceed with litigation in its early stages during an appeal from an order denying a motion to compel arbitration. The Second Circuit held to the contrary, stating that "although defendant's appeal [of the denial to compel arbitration] was not frivolous, the District Court did have jurisdiction to continue with the case in the absence of a stay from this Court." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004) (joining the Ninth Circuit and rejecting the view of the Seventh and Eleventh Circuits); *see, e.g.*, *LifeTree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*, 14 Civ. 9075, 2017 WL 4862792, at *2 (S.D.N.Y. Oct. 27, 2017).

    C.    **Substantial Injury to Other Parties**

The next consideration is whether non-movants will be harmed by a stay. In evaluating the prospect of such injury, the measure is not irreparable harm, but instead substantial harm. *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994); *see also Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, 2015 WL 5051769, at *4 (S.D.N.Y. 2015), *aff'd*, 843 F.3d 48 (2d Cir. 2016). This factor weighs slightly against a stay. Plaintiffs argue that they will suffer substantial injury by virtue of the delay that would be caused by a stay. While delay alone has not typically been found to be substantial injury for the purposes of this analysis, Defendants sought and were granted a stay of discovery for eight months before bringing their motion to compel arbitration. "Such tactics undermine a fundamental purpose of the FAA to support the

11

economical resolution of claims." *Trump Corp.*, 2020 WL 1808395, at *7. Accordingly, the further delay Plaintiffs would suffer weighs somewhat against a stay. *Cf. Daniels v. City of New York*, 138 F. Supp. 2d 562, 565 (S.D.N.Y. 2001) (finding substantial injury to the non-movant in further delaying discovery where "discovery has been an uphill battle from the beginning.").

### D. Public Interest

This factor weighs slightly in favor of a stay. As a private business dispute, the action does not give rise to a public interest in the lawsuit. That one of the Defendants has since assumed a position of national prominence does not create the type of public interest typically found to weigh against a stay. *See, e.g., Daniels*, 138 F. Supp. 2d at 565 ("Plaintiffs are litigating a controversial matter of serious public concern, namely racial profiling.").[4] The fact that the matter is a putative class action also does not give rise to a public interest. *See Starke*, 2017 WL 11504834, at *3 ("Finally, the court finds that the fourth factor—the public interest—favors neither party. This case is fundamentally a private dispute, and the fact that it is a putative class action does not meaningfully implicate the public interest."); *Meyer*, 203 F. Supp. 3d at 396 (same). As a general matter, the public interest in judicial economy counsels slightly in favor of a stay. *See Credit Suisse Sec. (USA) LLC v. Laver*, No. 18 Civ. 2920, 2019 WL 2325609, at *4 (S.D.N.Y. May 29, 2019) ("[T]he interest of the public[] weighs slightly towards granting the stay because, although the public has an interest in the speedy resolution of every case, the public is also not served by any wasting of judicial resources." (quotation marks omitted)).

---

[4] Plaintiffs cite *Chen-Oster v. Goldman, Sachs & Co.*, where the court found certain discovery warranted in part because plaintiffs sought to vindicate the rights of current employees of defendant, who were allegedly facing gender discrimination. *See Chen-Oster*, 285 F.R.D. 294, 306 (S.D.N.Y. 2012). But this finding was made within the context of a discovery dispute, and in any event the alleged discrimination was possibly ongoing. *See id*. Here there is no claim that any of the purported fraud continues.

### E. Balancing the Factors

Considering all four factors, a stay is not warranted pending resolution of Defendants' or ACN's appeal. Weighing the two "most critical" factors -- likelihood of success on the merits and irreparable harm -- against each other, any prejudice that Defendants and ACN may suffer from proceeding with the litigation during the pendency of the appeal does not outweigh the strong likelihood that Defendants and ACN will not succeed on appeal. *See Thapa*, 460 F.3d at 334 (2d Cir. 2006). As the final two factors weigh only slightly and in opposing directions, they do not alter this balance.

## II. Conclusion

The motions to stay are DENIED.

The Clerk of Court is respectfully requested to close the motions at Dkt. Nos. 237 and 244.

Dated: May 18, 2020
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**