IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, LUKE LOE, RICHARD ROE, and MARY MOE, individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>v.<br><br>THE TRUMP CORPORATION, DONALD J. TRUMP, in his personal capacity, DONALD TRUMP JR., ERIC TRUMP, and IVANKA TRUMP,<br>*Defendants* | No. 1:18-cv-09936-LGS |

**PLAINTIFF-INTERVENOR RAJ K. PATEL'S
MOTION TO INTERVENE**

Raj K. Patel respectfully moves pursuant to Federal Rule of Civil Procedure 24(b) to intervene as a plaintiff in this action. Mr. Patel shares, with this action, a common question of law or fact. Fed. R. Civ. P. 24(b)(2). Doe et. al.'s action involves the interpretation of Section 1961 of Title 18 of the United States Code, Racketeer Influenced and Corrupt Organizations ("R.I.C.O.") Act, a law which Mr. Patel thinks President Donald J. Trump, in his individual capacity, U.S. Presidential Candidate capacity, and capacity as President of the United States, has and is violating. 18 U.S.C. §§ 1961–1968. For the reasons discussed herein, Mr. Patel respectfully requests that the Court grant his Motion to Intervene in this matter. Mr. Patel attaches a proposed Complaint in Intervention and a proposed order.

**FACTUAL BACKGROUND**

Doe alleges that now-President Trump, in his personal capacity, engaged in an R.I.C.O. "enterprise" which defrauded the plaintiffs. 18 U.S.C. § 1961(4). Mr. Patel read the news coverage about this case on May 19, 2020. In 2016, Mr. Patel noticed that Mr. Trump eluted to a

1

scenario which made him further suspicious about his privacy and that President Trump engaged in an "enterprise" with Notre Dame Law School, which breached his privacy, defrauded and "deprive" Mr. Patel of honest services, through a "scheme or artifice, under Sections 1341–1351 of Title 18 of the United States Code (within a governmental system that is for and by the people), and took his intellectual property (his unique word patterns, including what he said in seclusion with no other person or hearing device in plain eye-sight). 18 U.S.C. § 1961(4) and § 1346. In 2018, Mr. Patel noticed that President Trump used his exact word patterns, an identical phenomena to what was happening in his environs at the University of Notre Dame Law School in Notre Dame, Indiana prior to the time he took a voluntary separation in good standing in November 2017. Because the United State Secret Service, along with the Federal Bureau of Investigations ("F.B.I."), and other federal military and civilian agencies, shares responsibility for the security of the many U.S. Presidential Candidates and the President of the United States, Mr. Patel knew that federal law enforcement is aware that his words patterns were being transfer to President Trump, with or without legal authorization. Mr. Patel also thinks that a telecommunication company or the F.B.I. is facilitating this enterprise; alternatively, a state or local authorities, National Guard, a private business, or any person with paramilitary technologies can be facilitating this enterprise with President Trump is and was partaking.

President Trump is the Head of State and the Head of Government who took an oath, administered by Chief Justice of the United States John Glover Roberts Jr., to Take Care and Enforce the U.S. Constitution and its laws. U.S. const. art. II, § 3. The privacy breach has not only defrauded Mr. Patel of President Trump's honest public service to protect him but also caused a loss in business opportunity and harassment by knowing that his intellectual property has been taken from him. Several times in 2018, 2019, and 2020, Mr. Patel contacted the White

House through its website to ask President Trump, both in official as President of the United States and in his individual capacity, to see whether he was aware of this situation, but Mr. Patel was primarily ignored. President Trump can trigger "need to know" and terminate the on-going privacy breach and electronic battery; or, President Trump should have ordered the U.S. Attorney General, as is President Trump's power, to investigate this on-going R.I.C.O. enterprise and situation. 18 U.S.C. § 1968. Further, Mr. Patel, who was President of the student governments of his high school (Brownsburg High School in Brownsburg, Indiana) and his undergraduate university (Emory University in Atlanta, Georgia), moved President Trump and the Court of West Wing to Order a restoration of his rights to be free from the privacy breach and to ensure also that private enforcement companies, working for a political or personal rival, were not harassing him. 18 U.S.C. § 1964(b) and 1968. Mr. Patel would like to keep the word patterns and scenario as sensitive information, but states that content of the word patterns is non-profane and non-explicit, yet was also used to batter him via soundwaves as a part of this enterprise.

Other knowledgeable parties include the Vice President (who is from the same state as the Intervenor), Emory University, Inc. officials, University of Notre Dame administration and professors, F.B.I., family members, family friends, and acquaintances, and Mr. Patel sued many of them in the Southern District of Indiana in Indianapolis, Indiana. *See generally Patel v. Pikul Patel, Indianapolis Metropolitan Police Department, Eric Holcomb, Claire Sterk, United States of America, Ne[a]l Patel, Shiven Patel, Michael R. Pence, Kartik Patel, Brownsburg Police Department, State of Indiana, Veronica Root Martinez, Kusum Patel, Nancy Pelosi, Ajay Nair, Mick Mulvaney, Emory University, Brownsburg Community School Corp., F.B.I., Lloyd H. Mayer, Barbara J. Fick, Kristin Pruitt, Ramesh Patel, Manisha Patel, Pat[]ricia O'[H]ara,*

*University of Notre Dame Law School, Kshitij ["Situ"] Mistry, and Donald J. Trump* (S.D. Ind. Mar. 9, 2020) (1:2020-cv-00758); *see also Patel v. Trump. et. al.* (S.D. Ind. Feb. 19, 2020) (1:2020-cv-00454); *Patel v. F.B.I., University of Notre Dame Law School, Emory University, Indianapolis Metropolitan Police Department, and Brownsburg Police Department* (S.D. Ind. Nov. 13, 2018) (1:2018-cv-03442); *Patel v. F.B.I., Kartik Patel, Indianapolis Metropolitan Police Department, and Brownsburg Police Department* (S.D. Ind. Nov. 13, 2018) (1:2018-cv-03443); *Patel v. F.B.I., Indianapolis Metropolitan Police Department, and Brownsburg Police Department* (S.D. Ind. Nov. 13, 2018) (1:2018-cv-03441). Prior to suing in the federal court, on August 23, 2018, the Superior Court of Hendricks County, Indiana granted Mr. Patel a protective order against Mr. Kartik Patel, Mr. Patel's father. *Patel v. Patel* (Ind. Sup. Ct. 2018) (Case No. 32D05-1808-PO-000372). These other knowledgeable parties are the individuals that President Trump, with or without actual knowledge, engaged in an "enterprise" with to defraud Mr. Patel and put Mr. Patel in a state of psychological warfare. 18 U.S.C. § 1961 and § 1346. This enterprise was ongoing when Mr. Patel was enrolled at the Notre Dame Law School in order to decrease his academic performance, although, he was elected by his law school peers as a Representative to the Indiana State Bar Association from the Notre Dame Law School Student Bar Association. In addition, the purpose of enterprise might be to politically target Mr. Patel, whose honor's thesis, "Weight Loss as a Religion," was supported by Faith Spotted Eagle, a U.S. Presidential Candidate nominee from the Democratic National Committee and receiver of one (1) vote from the constitutionally-established Electoral College (my honor's thesis and Faith's activism can be categorized under Commander-in-Chief Barack Obama's policy on identity politics).

As of May 21, 2020, the enterprise and situation is mildly ongoing and began as early as fifteen years ago, which is about the same amount of time the original plaintiffs say they have been defrauded by President Trump's enterprise with the American Communication Network (A.C.N.). The intervenor has common question of law and fact with the original plaintiffs and will ask the U.S. District Court to issue orders to terminate the enterprise and to restore the intervenor of his other legal and constitutional rights and privileges. *See generally* 18 U.S.C. § 1964(a).

## ARGUMENT

"On timely motion, the court may permit anyone to intervene who....has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(A). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

1. <u>Intervenor Patel is timely for the court to grant leave</u>.

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *see United States v. City of Detroit, 712 F.3d 925, 930-31* (6th Cir. 2013) (same).

Here, the case is this is still pending for over the last year and a half. The intervention is sought against the President of the United States to stop the constitutional and legal protections

5

and damages for theft of intellectual property. Intervenor began working decided to file this motion *pro se* after he failed to find counsel. Because of the material common question of law of R.I.C.O. and fraud, the initial plaintiffs are not likely to be prejudiced by intervenor is filing as soon as he read news coverage. In this motion and the case referenced above, Mr. Patel has represented himself, which is another the intervenor feels favors permissive intervention. If required to file a separate suit, Mr. Patel would risk losing his right to sue President Trump, which originates from the Magna Carta.

   2. <u>Intervenor Patel shares common questions of the laws of fraud and R.I.C.O. with the main action for the court to grant permissive intervention.</u>

Like the plaintiffs in the original suit, Mr. Patel wonders if President Trump acted invalidly in an R.I.C.O. enterprise to defraud him, "scheme or artifice to defraud" him of honest services, and committed theft of intellectual property. 18 U.S.C. § 1961 and § 1346.

Application DENIED.  Mr. Patel's allegation that President Trump "engaged in an 'enterprise' with Notre Dame Law School, which breached his privacy, defrauded and 'deprive[d]' Mr. Patel of honest services, through a 'scheme or artifice . . .  and took his intellectual property (his unique word patterns, including what he said in seclusion with no other person or hearing device in plain eye-sight)" does not demonstrate a common question of law or fact sufficient to grant permissive intervention.  See Fed. R. Civ. P. 24(b).

The application to proceed without prepaying fees or costs at Dkt. No. 270 is denied as moot.

Dated: May 26, 2020
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6

## **CONCLUSION**

For the foregoing reasons, Mr. Raj K. Patel respectfully requests that the Court grant his Motion to Intervene.

Dated: May 21, 2020

Respectfully submitted,

Raj K. Patel
501 North Capitol Avenue, Apt. 2114-D
Indianapolis, IN 46204
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
raj@rajpatel.live

*Pro se*
