# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   jquinn@kaplanhecker.com

May 27, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Jane Doe, et al.* v. *The Trump Corporation, et al.,* 18-cv-09936 (LGS)

Dear Judge Schofield:

      We write on behalf of Plaintiffs in the above-referenced action to update the Court on certain developments following the Court's Order dated May 19, 2020 (Doc. No. 265) concerning the production of documents by non-parties Anne Archer Butcher and Dolphin Entertainment (collectively, the "Marketing Consultants").

      By way of brief background, Plaintiffs issued document subpoenas to the Marketing Consultants on November 7, 2019 (the "Document Subpoenas"). (*See* Doc. No. 211 at 1.) Since then, over the course of months of meeting and conferring in good faith, Plaintiffs granted multiple extensions, worked to narrow the scope of their subpoenas, and paid the costs associated with the collection and processing of relevant, responsive documents. (*See id.* at 2.) As of January 2020, the Marketing Consultants confirmed that they were in possession of more than 1,600 responsive documents. (*See id*.)

      The Marketing Consultants then spent several months stonewalling and walking back their prior agreements (*see id*.), but eventually the Marketing Consultants reported to the Court on March 30, 2020 that they would produce relevant discovery by April 30, 2020 (Doc. No. 213). That same day, the Court denied as moot Plaintiffs' request for a Court conference concerning the Marketing Consultants' delay in producing responsive documents, noting the Marketing Consultants' representation that they intended to produce such documents by April 30. (Doc. No. 214.)

      The appearance of progress was short-lived. On April 8, 2020, ACN filed a letter objecting to the production of any documents by the Marketing Consultants (Doc. No. 227), although neither

**KAPLAN HECKER & FINK LLP**   2

ACN nor the Marketing Consultants made any assertion of privilege.  Following additional filings from Plaintiffs, the Marketing Consultants, and ACN concerning ACN's objections, on May 19, 2020, the Court ordered the Plaintiffs, the Marketing Consultants, and ACN to "meet and confer to determine what, if any, documents sought from Ms. Butcher are uniquely in Ms. Butcher's possession or not within the scope of ACN's production." (Doc. No. 265 at 2.)  Further, the Court ordered that "[t]o the extent there exist documents under Ms. Butcher's control that will not be produced by ACN and that ACN continues to object to Ms. Butcher producing, Plaintiffs, ACN and Ms. Butcher shall jointly file a letter by June 9, 2020, not to exceed three pages, identifying those documents or categories of documents and their respective positions as to production." (*Id.*)

Consistent with the Court's May 19 Order, Plaintiffs sent a letter and an email to the Marketing Consultants and ACN, on May 20 and May 26 respectively, seeking to initiate the Court-ordered meet-and-confer process.  More specifically, Plaintiffs requested that the Marketing Consultants provide access to the putative production to counsel for Plaintiffs and ACN on an attorneys'-eyes-only basis to facilitate the Court-ordered meet-and-confer process.  Plaintiffs noted that the documents had already been collected and reviewed, such that there was no burden associated with making them available, and further noted that there had been no assertion of privilege.  The Marketing Consultants and ACN ignored that correspondence.  Instead, the Marketing Consultants informed Plaintiffs today that they had "provided ACN with copies of all" of the documents in the putative production, such that none of the documents are, any longer, uniquely in their possession.  The Marketing Consultant further told Plaintiffs that "ACN will have to advise as to its position on these documents."  The Marketing Consultants' apparent effort to wash their hands of this matter is inconsistent with their obligations as recipients of Rule 45 subpoenas and with the process set forth in the Court's Order. (Doc. No. 265.)

Several hours later, ACN informed Plaintiffs that it "does not believe it is a fair or efficient use of its resources to proceed with further meet and confer efforts at this time."

Plaintiffs are available to discuss these issues further at the Court's convenience or to provide any additional information that the Court may direct.

Respectfully submitted,

John C. Quinn

cc:   Counsel of Record (*via* ECF)
      Counsel for the Marketing Consultants (*via* certified overnight delivery service and email)