August 13, 2021

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

  *Jane Doe, et al.* v. *Trump Corp., et al.*, 1:18-cv-9936 (LGS)

Dear Judge Schofield:

  We write on behalf of all parties in the above-referenced action pursuant to the Court's August 4, 2021 Order, which directed the parties to propose "new deadlines for all dates affected by an administrative stay" (Doc. No. 315). Plaintiffs also will make a separate submission relating to certain non-party discovery issues and related deadlines.

### I. Pseudonymity

  As an initial matter, at the time of the Court's June 1, 2020 Order, the Court had set a deadline of June 9, 2020, for any motion Plaintiffs might elect to file in order to continue to proceed pseudonymously. (*See* Doc. No. 266.) The parties are meeting and conferring regarding these issues and are hopeful that they can reach an agreement that would avoid motion practice and lift pseudonymity subject to appropriate protections. Accordingly, the parties request that they provide a joint update within two weeks from today on August 27, 2021.

  Mindful, however, of the Court's prior deadline, the parties further propose to set the following briefing schedule for any motion practice that may be necessary in the event that the parties are unable to reach agreement:

| Plaintiffs' Motion and Opening Brief | September 3, 2021 |
|---|---|
| Defendants' Opposition | September 17, 2021 |
| Plaintiffs' Reply | September 24, 2021 |

Further, in the event that such motion practice becomes necessary, the parties have agreed to work cooperatively to propose any limited adjustments to the schedule proposed that may be appropriate.

### II. Discovery

  The parties also have met and conferred concerning discovery and case management more broadly, including with respect to certain amendments to the Third Amended Case Management Plan and Scheduling Order ("Third Amended CMO") entered by the Court on March 31, 2020 (Doc. No. 219). In crafting the following joint proposal, the parties have endeavored to propose

deadlines that will move this case along expeditiously, while also being realistic about the amount of time needed to complete each remaining phase of discovery without further extensions. The parties' proposed schedule is set forth below and relevant dates are also included in the Proposed Fourth Amended CMO attached as Exhibit A hereto.

| | |
|---|---|
| Substantial Completion of Party Document Discovery | November 19, 2021 |
| Completion of All Party Document Discovery | December 15, 2021 |
| Completion of Fact Depositions & Fact Discovery including nonparty discovery | May 27, 2022 |
| Affirmative Expert Identification | June 30, 2022 |
| Affirmative Expert reports | August 19, 2022 |
| Rebuttal Expert Identification | August 26, 2022 |
| Rebuttal Reports | October 21, 2022 |
| Close of Expert Depositions & Expert Discovery | December 16, 2022 |

Notwithstanding the parties' proposed schedule set forth above, it is the Defendants' position that the parties should also be permitted to disclose additional experts for trial ninety (90) days before the date set for trial or for the case to be ready for trial (if necessary), as provided for under Rule 26 of the Federal Rules of Civil Procedure.

With respect to the foregoing, Plaintiffs' position is that the joint proposed schedule set forth above provides sufficient time for disclosure and discovery of all experts, including trial experts, and should supersede the minimum timing requirements set forth in Rule 26. *See* Fed. R. Civ. P. 26(a)(2)(D) (stating that requirement of disclosure "at least 90 days" before trial applies only "[a]bsent . . . court order"). (*See also* Doc. No. 153 (joint submission proposing even earlier disclosures).) In the extraordinary event that a party can show good cause for additional expert disclosure following the close of expert discovery under the joint schedule proposed above, the parties should meet and confer and, if necessary, seek relief from the Court at that time.[1]

---

[1] Should any such additional disclosure be permitted in the future, such disclosure should, at a minimum, include a written report in accordance with Rule 26(a)(2)(B), and an opportunity for a deposition in accordance with Rule 26(b)(4)(A).

### III. Class Certification

In its May 18, 2020 Order, the Court noted that the operative case management order does not currently include a deadline for moving for class certification. (Doc. No. 264.) The parties have met and conferred and are in agreement that fact and expert discovery are likely to be necessary and appropriate in connection with such a motion, and accordingly, the parties respectfully propose the following briefing schedule for class certification:

| | |
|---|---|
| Plaintiffs' motion for class certification and opening brief in support thereof | January 27, 2023 |
| Defendants' opposition to Plaintiffs' motion | March 17, 2023 |
| Plaintiffs' reply in further support of their motion | April 14, 2023 |

### IV. Pre-Motion Conference and Status Letter for Dispositive Motions

Finally, the Third Amended CMO also scheduled a pre-motion conference on October 15, 2020 for any anticipated dispositive motions, approximately two weeks following the anticipated completion of expert discovery on September 29, 2020. In view of their joint proposals relating to class certification briefing, the parties respectfully request that the parties submit a joint status letter on January 13, 2023, following the close of expert discovery, that such status letter address the parties' proposals with respect to the timing of any anticipated dispositive motions, and that the pre-motion conference be rescheduled to a date to be determined by the Court following submission of such letter. The parties have included these proposals in Sections 13(b) and 13(c) of the proposed Fourth Amended CMO attached as Exhibit A hereto.

*      *      *

The parties are available to appear before the Court to discuss this joint proposal should the Court determine that such a conference would be helpful.

Respectfully submitted,

| | |
|---|---|
| /s/ Roberta A. Kaplan | /s/ Clifford S. Robert |
| Roberta A. Kaplan | Clifford S. Robert |
| John C. Quinn | Michael Farina |
| Alexander J. Rodney | |

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jquinn@kaplanhecker.com
arodney@kaplanhecker.com

Andrew G. Celli, Jr.
Matthew D. Brinckerhoff
O. Andrew F. Wilson
David Berman
Nick Bourland

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
600 Fifth Avenue at Rockefeller Center
New York, NY 10020
Telephone: (212) 763-5000
acelli@ecbawm.com
mbrinckerhoff@ecbawm.com
awilson@ecbawm.com
dberman@ecbawm.com
nbourland@ecbawm.com

Attorneys for Plaintiffs

ROBERT & ROBERT PLLC
526 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 832-7000
crobert@robertlaw.com
mfarina@robertlaw.com

Peter T. Shapiro
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, 2100
New York, NY 10005
Telephone: (212) 232-1322
peter.shapiro@lewisbrisbois.com

Attorney for Defendants