*[Signature]*
**LORNA G. SCHOFIELD**
UNITED STATES DISTRICT JUDGE

VIA ECF
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

By **August 27, 2021**, the parties shall file a joint letter (1) providing an update as to whether motion practice is needed to resolve the issue of whether Plaintiffs may proceed pseudonymously and (2) explaining why an extended discovery schedule, beyond the Court's general default deadlines, is necessary under these circumstances.

So Ordered.

Dated: August 16, 2021
New York, New York

*Jane Doe, et al.* v. *Trump Corp., et al.*, 1:18-cv-9936 (LGS)

Dear Judge Schofield:

We write on behalf of all parties in the above-referenced action pursuant to the Court's August 4, 2021 Order, which directed the parties to propose "new deadlines for all dates affected by an administrative stay" (Doc. No. 315). Plaintiffs also will make a separate submission relating to certain non-party discovery issues and related deadlines.

### I. Pseudonymity

As an initial matter, at the time of the Court's June 1, 2020 Order, the Court had set a deadline of June 9, 2020, for any motion Plaintiffs might elect to file in order to continue to proceed pseudonymously. (*See* Doc. No. 266.) The parties are meeting and conferring regarding these issues and are hopeful that they can reach an agreement that would avoid motion practice and lift pseudonymity subject to appropriate protections. Accordingly, the parties request that they provide a joint update within two weeks from today on August 27, 2021.

Mindful, however, of the Court's prior deadline, the parties further propose to set the following briefing schedule for any motion practice that may be necessary in the event that the parties are unable to reach agreement:

| | |
|---|---|
| Plaintiffs' Motion and Opening Brief | September 3, 2021 |
| Defendants' Opposition | September 17, 2021 |
| Plaintiffs' Reply | September 24, 2021 |

Further, in the event that such motion practice becomes necessary, the parties have agreed to work cooperatively to propose any limited adjustments to the schedule proposed that may be appropriate.

### II. Discovery

The parties also have met and conferred concerning discovery and case management more broadly, including with respect to certain amendments to the Third Amended Case Management Plan and Scheduling Order ("Third Amended CMO") entered by the Court on March 31, 2020 (Doc. No. 219). In crafting the following joint proposal, the parties have endeavored to propose

deadlines that will move this case along expeditiously, while also being realistic about the amount of time needed to complete each remaining phase of discovery without further extensions. The parties' proposed schedule is set forth below and relevant dates are also included in the Proposed Fourth Amended CMO attached as Exhibit A hereto.

| | |
|---|---|
| Substantial Completion of Party Document Discovery | November 19, 2021 |
| Completion of All Party Document Discovery | December 15, 2021 |
| Completion of Fact Depositions & Fact Discovery including nonparty discovery | May 27, 2022 |
| Affirmative Expert Identification | June 30, 2022 |
| Affirmative Expert reports | August 19, 2022 |
| Rebuttal Expert Identification | August 26, 2022 |
| Rebuttal Reports | October 21, 2022 |
| Close of Expert Depositions & Expert Discovery | December 16, 2022 |

Notwithstanding the parties' proposed schedule set forth above, it is the Defendants' position that the parties should also be permitted to disclose additional experts for trial ninety (90) days before the date set for trial or for the case to be ready for trial (if necessary), as provided for under Rule 26 of the Federal Rules of Civil Procedure.

With respect to the foregoing, Plaintiffs' position is that the joint proposed schedule set forth above provides sufficient time for disclosure and discovery of all experts, including trial experts, and should supersede the minimum timing requirements set forth in Rule 26. *See* Fed. R. Civ. P. 26(a)(2)(D) (stating that requirement of disclosure "at least 90 days" before trial applies only "[a]bsent . . . court order"). (*See also* Doc. No. 153 (joint submission proposing even earlier disclosures).) In the extraordinary event that a party can show good cause for additional expert disclosure following the close of expert discovery under the joint schedule proposed above, the parties should meet and confer and, if necessary, seek relief from the Court at that time.[1]

---

[1] Should any such additional disclosure be permitted in the future, such disclosure should, at a minimum, include a written report in accordance with Rule 26(a)(2)(B), and an opportunity for a deposition in accordance with Rule 26(b)(4)(A).

### III. Class Certification

In its May 18, 2020 Order, the Court noted that the operative case management order does not currently include a deadline for moving for class certification. (Doc. No. 264.) The parties have met and conferred and are in agreement that fact and expert discovery are likely to be necessary and appropriate in connection with such a motion, and accordingly, the parties respectfully propose the following briefing schedule for class certification:

| | |
|---|---|
| Plaintiffs' motion for class certification and opening brief in support thereof | January 27, 2023 |
| Defendants' opposition to Plaintiffs' motion | March 17, 2023 |
| Plaintiffs' reply in further support of their motion | April 14, 2023 |

### IV. Pre-Motion Conference and Status Letter for Dispositive Motions

Finally, the Third Amended CMO also scheduled a pre-motion conference on October 15, 2020 for any anticipated dispositive motions, approximately two weeks following the anticipated completion of expert discovery on September 29, 2020. In view of their joint proposals relating to class certification briefing, the parties respectfully request that the parties submit a joint status letter on January 13, 2023, following the close of expert discovery, that such status letter address the parties' proposals with respect to the timing of any anticipated dispositive motions, and that the pre-motion conference be rescheduled to a date to be determined by the Court following submission of such letter. The parties have included these proposals in Sections 13(b) and 13(c) of the proposed Fourth Amended CMO attached as Exhibit A hereto.

*     *     *

The parties are available to appear before the Court to discuss this joint proposal should the Court determine that such a conference would be helpful.

Respectfully submitted,

| | |
|---|---|
| /s/ Roberta A. Kaplan | /s/ Clifford S. Robert |
| Roberta A. Kaplan | Clifford S. Robert |
| John C. Quinn | Michael Farina |
| Alexander J. Rodney | |
| | ROBERT & ROBERT PLLC |
| KAPLAN HECKER & FINK LLP | 526 RXR Plaza |
| 350 Fifth Avenue, 63rd Floor | Uniondale, NY 11556 |
| New York, NY 10118 | Telephone: (516) 832-7000 |
| Telephone: (212) 763-0883 | crobert@robertlaw.com |
| rkaplan@kaplanhecker.com | mfarina@robertlaw.com |
| jquinn@kaplanhecker.com | |
| arodney@kaplanhecker.com | Peter T. Shapiro |
| | LEWIS BRISBOIS BISGAARD & |
| Andrew G. Celli, Jr. | SMITH LLP |
| Matthew D. Brinckerhoff | 77 Water Street, 2100 |
| O. Andrew F. Wilson | New York, NY 10005 |
| David Berman | Telephone: (212) 232-1322 |
| Nick Bourland | peter.shapiro@lewisbrisbois.com |
| | |
| EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP | Attorney for Defendants |
| 600 Fifth Avenue at Rockefeller Center | |
| New York, NY 10020 | |
| Telephone: (212) 763-5000 | |
| acelli@ecbawm.com | |
| mbrinckerhoff@ecbawm.com | |
| awilson@ecbawm.com | |
| dberman@ecbawm.com | |
| nbourland@ecbawm.com | |
| | |
| Attorneys for Plaintiffs | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
JANE DOE, LUKE LOE, RICHARD ROE, and
MARY MOE, individually and on behalf of all
others similarly situated,

       *Plaintiffs,*

  v.

THE TRUMP CORPORATION, DONALD J.
TRUMP, in his personal capacity,
DONALD TRUMP JR., ERIC TRUMP, and
IVANKA TRUMP,

       *Defendants.*
------------------------------------------------ X

1:18 Civ. 9936 (LGS)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

LORNA G. SCHOFIELD, United States District Judge:

  This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties [consent_____/ do not consent___X___] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.  The parties [have___X___/ have not_____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.  This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

  a. An employment case governed by the Initial Discovery Protocols for Employment cases?
    [Yes_____/ No___X___]

  b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?
    [Yes_____/ No___X___]

  c. A patent case subject to the Local Patent Rules and the Court's Individual Rules?
    [Yes_____/ No___X___]

  d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?
    [Yes_____/ No___X___]

4. Alternative Dispute Resolution/Settlement

    a. Settlement discussions [have _____ / have not __X__ ] taken place.

    b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        N/A

    c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        The Parties have discussed the possibility of early settlement. The Parties agree that the possibility of early settlement is unlikely, and that discussion of the form or timing of alternative dispute resolution is premature at this stage of the litigation.

    d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        N/A

    e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after <u>21 days following service by Defendants of a pleading responsive to the Complaint or a motion under Rule 12(b), (e), or (f)</u> without leave of Court.

6. Amended pleadings may be filed without leave of Court until <u>21 days following service by Defendants of a pleading responsive to the Complaint or a motion under Rule 12(b), (e), or (f)</u>.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>the parties exchanged initial disclosures on December 10, 2018</u> days from the date of this Order.

8.  Fact Discovery

    a.  Defendants shall file their Answer no later than <u>October 22, 2019</u>.

    b.  All fact discovery shall be completed no later than <u>May 27, 2022</u>.

    c.  Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by <u>September 26, 2019</u>.

    d.  Responses and Objections should be served by <u>November 26, 2019</u>.

    e.  Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by <u>November 4, 2019</u>.

    f.  Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by <u>May 27, 2022</u>.

    g.  Initial requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by <u>January 3, 2020</u>.

    h.  Any of the deadlines in paragraphs (c) through (g) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph (b).

9.  Expert Discovery [if applicable]

    a.  Anticipated types of experts if any:
        <u>Accounting experts, experts regarding the ACN business opportunity; structural economists, econometrics, and damages experts; experts regarding class certification issues; experts regarding the direct selling and/or multi-level marketing industries; and any other type of expert that any party shall reasonably notice to the opposing side.</u>

    b.  All expert discovery shall be completed no later than <u>December 16, 2022</u>.

    c.  Counsel for the parties have conferred regarding a schedule for expert disclosures and depositions to be completed by the date set forth in paragraph 9(b).

10. This case [is __X__ / is not _____] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is <u>two to four weeks</u>.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    _____

    _____

13. Status Letters and Conferences

    a. By <u>October 28, 2019</u> and every 45 days after, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b. By <u>January 13, 2023</u>, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above. <u>Such status letter also shall address the timing of a pre-motion conference for any anticipated dispositive motions.</u>

    c. On <u>a date to be set by the Court following submission of the January 13, 2023 status letter</u>, a pre-motion conference will be held for any anticipated dispositivemotions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

14. Class Certification

    a. Plaintiffs shall file any motion for class certification by <u>January 27, 2023</u>

    b. Defendants shall file any opposition by <u>March 17, 2023</u>

    c. Plaintiffs shall file any reply in support of their motion for class certification by <u>April 14, 2023</u>

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no lessthan 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) 13(a)-(c), and 14(a)-(c) into the Court's calendar.

SO ORDERED.

Dated:_____
New York, New York

_____
LORNA G. SCHOFIELD
United States District Judge

5