UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------- X
JANE DOE, LUKE LOE, RICHARD ROE, and
MARY MOE, individually and on behalf of all
others similarly situated,

                           *Plaintiffs,*

    v.

THE TRUMP CORPORATION, DONALD J.
TRUMP, in his personal capacity,
DONALD TRUMP JR., ERIC TRUMP, and
IVANKA TRUMP,
                          *Defendants.*
---------------------------------------------- X

1:18 Civ. 9936 (LGS)

Fourth Amended
<u>CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER</u>

LORNA G. SCHOFIELD, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(t)(3).

1. All parties [consent ___ / do not consent __X__ ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have __X__ / have not ___ ] conferred pursuant to Fed. R. Civ. P. 26(t).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a.    An employment case governed by the Initial Discovery Protocols for Employment cases?
        [Yes ___ -'/ No __X__ ]

    b.    A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?
        [Yes ___ / No __X__ ]

    c.    A patent case subject to the Local Patent Rules and the Court's Individual Rules?
        [Yes ___ -'/ No __X__ ]

    d.    A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?
        [Yes ___ -'/ No __x__ ]

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions [have_ _   --'/ have not___X___] taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
   *N/A*

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
   The Parties have discussed the possibility of early settlement. The Parties agree that the possibility of early settlement is unlikely, and that discussion of the form or timing of alternative dispute resolution is premature at this stage of the litigation.

   d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case *(e.g.,* within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   *N/A*

   e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after 21 days following service by Defendants of a pleading responsive to the Complaint or a motion under Rule 12(b), (e), or (f) without leave of Court.

6. Amended pleadings may be filed without leave of Court until 21 days following service by Defendants of a pleading responsive to the Complaint or a motion under Rule 12(b), (e), or (f).

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than the parties exchanged initial disclosures on December 10, 2018 days from the date of this Order.

8. Fact Discovery

   a. Defendants shall file their Answer no later than October 22, 2019.

   b. All fact discovery shall be completed no later than ~~May 27, 2022~~ April 29, 2022.

   c. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by September 26, 2019.

   d. Responses and Objections should be served by November 26, 2019.

   e. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by November 4, 2019.

   f. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ~~May 27, 2022~~ April 29, 2022.

   g. Initial requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by January 3, 2020.

   h. Any of the deadlines in paragraphs (c) through (g) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph (b).

9. Expert Discovery [if applicable]

   a. Anticipated types of experts if any:
      Accounting experts, experts regarding the ACN business opportunity; structural economists, econometrics, and damages experts; experts regarding class certification issues; experts regarding the direct selling and/or multi-level marketing industries; and any other type of expert that any party shall reasonably notice to the opposing side.

   b. All expert discovery shall be completed no later than ~~December 16, 2022~~ November 18, 2022.

   c. Counsel for the parties have conferred regarding a schedule for expert disclosures and depositions to be completed by the date set forth in paragraph 9(b).

10. This case [is __X__ / is not ____ ] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is two to four weeks.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

_____

_____

13.  Status Letters and Conferences

   a.  By ~~October 28, 2019~~ September 27, 2021, and every ~~45~~ 30 days after, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

   b.  By January 13, 2023, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above. Such status letter also shall address the timing of a pre-motion conference for any anticipated dispositive motions.

   c.  On a date to be set by the Court following submission of the January 13, 2023 status letter, a pre-motion conference will be held for any anticipated dispositive motions, provided:

       i.  A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

       ii. If **no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

14.  Class Certification

   a.  Plaintiffs shall file any motion for class certification by January ~~27~~ 6, 2023.

   b.  Defendants shall file any opposition by ~~March XX~~ February 24, 2023.

   c.  Plaintiffs shall file any reply in support of their motion for class certification by ~~April 14~~ March 24, 2023.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) 13(a)-(c), and 14(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: August 30, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE