**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

September 10, 2021

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Jane Doe, et al. v. The Trump Corporation, et al.*, 18-cv-9936 (LGS)

Dear Judge Schofield:

We write on behalf of Plaintiffs and the putative classes in the above-referenced action in response to the document that Defendants filed this afternoon (Doc. No. 329).

As an initial matter, Defendants' submission is inaccurately captioned as a "Stipulation." The Committee Note to Local Rule 1.4 makes clear that "a stipulation" relating to the withdrawal of counsel of record should be "signed by counsel, the counsel's client, and *all other parties*." Committee Note to Local Civil Rule 1.4 (emphasis added). Defendants did not even reach out to us before filing their so-called "Stipulation," much less obtain our agreement to it. Further, we note that Defendants did not file an attorney affidavit in support of today's submission, as contemplated by Local Rule 1.4 and as other defense counsel who have withdrawn from this case previously have done (*e.g.*, Doc. No. 80).

More fundamentally, Local Rule 1.4 (which is not even mentioned in Defendants' submission) requires that a withdrawal application address "the posture of the case, including its position, if any, on the calendar." To the extent Defendants address that subject at all, they do so by way of a "WHEREAS" clause stating that the case "is still in the early phase of discovery." (Doc. No. 329.) That is not accurate. In fact, discovery in this action commenced on September 5, 2019 (*see* Doc. No. 110), and the parties actively conducted discovery for almost eight months before the United States Court of Appeals for the Second Circuit entered an administrative stay on May 29, 2020 (*see* Doc. No. 282). In that time, Plaintiffs made numerous productions of documents, totaling nearly 4,000 pages, in response to multiple sets of document requests from

**KAPLAN HECKER & FINK LLP**

2

Defendants, and Plaintiffs responded to multiple sets of interrogatories and requests for admission as well, all with no objection or motion practice from Defendants. (*See* Doc. No. 263 at 10–11.)

With respect to Defendants, The Trump Corporation still owes Plaintiffs significant document discovery, including documents subject to this Court's order dated May 13, 2020 as well as additional ESI agreed to by Defendants' prior counsel. (*See id*. at 4-5.) When that corporate discovery is complete, Plaintiffs may serve requests on the individual Defendants as appropriate. Further, as noted in the parties' August 13, 2021 joint submission, there also remains significant work to do with respect to discovery from various non-parties, including some who have already been involved in motion practice. (Doc. No. 323 at 2.) That outstanding discovery work is what drove the parties' recent scheduling proposals. (*See id*.)

At the end of the day, Plaintiffs have no objection to a change in defense counsel. But Plaintiffs are eager to ensure, consistent with Local Rule 1.4, that such a change does not delay or prejudice the progress of this case. To that end, we respectfully suggest that defense counsel should become familiar with the extensive discovery that has already been conducted, as set forth in the parties' prior joint status letters. (*See, e.g.*, Doc. No. 263.) For our part, Plaintiffs will continue doing all that we can to avoid any delay.
.

                                    Respectfully submitted,

                                    Roberta A. Kaplan

cc: Counsel of Record (by ECF)