September 27, 2021

VIA ECF

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

> *Catherine McKoy, et al.* v. *Trump Corp., et al.*, 1:18-cv-9936 (LGS)

Dear Judge Schofield:

Pursuant to the Court's August 30, 2021, Fourth Amended Civil Case Management Plan and Scheduling Order (Doc. No. 326 (the "Scheduling Order")), the parties write to update the Court on the status of the above-captioned action since the parties last filed a periodic joint status update letter on April 27, 2020 (Doc. No. 263).

Consistent with Rule IV.A.2(c) of the Court's Individual Rules and Practices, the parties first provide updates on matters related to the parties' efforts to meet the Court-ordered discovery deadlines. As set forth below, now that the administrative stay has been terminated, Plaintiffs' pseudonymity has been lifted, and the Court issued an Amended Case Management Plan and Scheduling Order, the parties intend to engage in further party and non-party discovery. An update on any current discovery issues is set forth below.

**Party Discovery.** The parties reached agreement on a number of issues relating to Defendants' anticipated production of additional documents pursuant to the Court's March 13, 2020, Order (Doc. No. 198). (*See infra* Section I.A.1.) More specifically, the parties reached agreement as to the scope and date ranges for production of documents relating to individual-level organizational information and entity-level information (Doc. Nos. 207, 209), and further reached agreement regarding six additional custodians and search terms for the period January 1, 2005, to October 29, 2005 (Doc. No. 209). The parties also subsequently reached agreement regarding applicable responsiveness criteria for production of documents from these custodians. (Doc. No. 215). Defendants also agreed to provide certain information concerning the format and medium of ESI storage for three additional custodians proposed by Plaintiffs. (Doc. No. 209.) Defendants have not yet made any supplemental productions of documents from the agreed-upon additional custodians or of documents from before January 2013. Defendants have since informed Plaintiffs that ESI from the relevant date range has been restored for all nine additional custodians. Plaintiffs are meeting and conferring with Defendants to resolve these issues, and reserve the right to serve discovery on the individual Defendants once the Trump Corporation completes production of the agreed-upon documents set forth above.

**Nonparty discovery.** Significant nonparty document discovery also remains outstanding.

After the Second Circuit's disposition of the appeals and termination of the administrative stay on July 28, 2021 (*see* 2d Cir., No. 20-1228, Doc. Nos. 145, 232, 238), on July 30, 2021, Plaintiffs wrote to ACN seeking to re-initiate a meet-and-confer process and attaching a narrowed proposed list of ESI custodians and search terms. On August 26, 2021, after the Second Circuit

denied motions for another stay from Defendants and ACN, ACN sent an email to Plaintiffs agreeing to "resume discussions on the protective order and the scope of Plaintiffs' subpoena to ACN and the 'Marketing Consultants.'" Plaintiffs and ACN met and conferred on September 14, 2021. On September 22, 2021, Plaintiffs sent a letter to ACN offering to further narrow the categories of documents and information sought by Plaintiffs' subpoena, including by identifying certain priority categories of non-email documents and by proposing a set of further narrowed ESI custodians and search terms.

Plaintiffs also met and conferred with the Marketing Consultants and ACN on September 14, 2021, regarding ACN's objections to the Marketing Consultants' production in response to the subpoena Plaintiffs served on them. The Marketing Consultants had collected, reviewed, and identified responsive documents, and prepared to make their production to Plaintiffs as far back as March 30, 2020 (*see* Doc. No. 213); Plaintiffs have paid the cost of maintaining that production with the Marketing Consultants' discovery vendor for over a year. On September 22, Plaintiffs sent a letter to the Marketing Consultants and ACN, reiterating their position that given the lack of any privilege issues and the already-determined responsiveness of the documents, the production should be made without delay. In that letter, in an effort to resolve these issues without the Court's intervention, Plaintiffs also requested that ACN state any objections on a document-by-document basis with specificity, and that the Marketing Consultants produce the remainder of the documents without delay.

Nonparty discovery likewise remains outstanding from Metro-Goldwyn Mayer Studios, Inc. and JMBP, LLC (collectively, "the MGM Entities"), pursuant to this Court's orders compelling production of certain video footage and directing Plaintiffs and the MGM Entities to meet and confer regarding the timing and logistics of production (Doc. Nos. 232, 260, 273). Plaintiffs have re-initiated the meet-and-confer process with the MGM Entities about their anticipated production of that unaired video footage. (*See infra* Section I.A.2.) Plaintiffs met and conferred with the MGM Entities on September 14, 2021. On September 21, 2021, Plaintiffs sent the MGM Entities a letter proposing a phased approach to production of the relevant footage, beginning with the production of electronic copies of digitized footage and the digitization and production of certain priority categories of footage on a rolling basis. While Plaintiffs and the MGM Entities continue to meet and confer, the MGM Entities have thus far opposed any production of electronic copies, and instead have insisted that Plaintiffs send a team of lawyers across the country to review all footage in person—a proposal that Plaintiffs have explained is not practical or safe in view of the ongoing COVID-19 pandemic.

**Motions to Stay Case**. On April 13, 2020, Defendants filed a letter-motion to stay proceedings (Doc. No. 237), including all discovery, pending resolution of their appeal (Doc. No. 236) of the Court's April 8, 2020, Opinion & Order denying their motion to compel arbitration (Doc. No. 229). (*See infra* Section II.C.) On April 20, 2020, Plaintiffs filed a letter in opposition to Defendants' motion (Doc. No. 248). ACN also filed an independent motion to stay all proceedings in this case on April 17, 2020 (Doc. No. 244), pending resolution of Defendants' appeal and ACN's own appeal (Doc. No. 240). Plaintiffs filed a letter in opposition to ACN's motion to stay on April 24, 2020. (Doc No. 255). Consistent with the Court's April 22, 2020,

Order, Defendants filed a letter in further support of their motion to stay on April 27, 2020. On May 18, 2020, this Court denied Defendants' motion to stay (Doc. No. 264).

On May 26, 2020, Defendants filed a motion in the United States Court of Appeals for the Second Circuit seeking a stay pending appeal or expedited review of this Court's April 8, 2020, Opinion & Order denying Defendants' motion to compel arbitration, and Defendants also filed a motion for an administrative stay during consideration of the motion to stay pending appeal (*see* 2d Cir., No. 20-1228, Doc. Nos. 58, 59). Plaintiffs did not oppose Defendants' motion for an administrative stay, and the Second Circuit granted that motion on May 29, 2020. (*See* 2d Cir., No. 20-1228, Doc. Nos. 72, 78.) ACN also filed a motion to stay pending appeal or for expedited review on June 1, 2020 (*see* 2d Cir., No. 20-1228, Doc. No. 84). Plaintiffs filed their opposition to Defendants' motion to stay pending appeal or for expedited review on June 5, 2020, and their opposition to ACN's motion to stay or for expedited review on June 11, 2020 (*see* 2d Cir., No. 20-1228, Doc. Nos. 96, 114). The court did not rule on Defendants' or ACN's motion to stay pending appeal, and the administrative stay remained in place. When Defendants did not file their opening merits brief within 90 days, on July 29, 2020, Plaintiffs moved to establish an expedited briefing schedule, to lift the administrative stay, and to deny Defendants' motion to stay pending appeal (*see* 2d Cir., No. 12-1228, Doc. No. 132). On August 3, 2020, the court granted Plaintiffs' motion to set an expedited briefing schedule, denied Plaintiffs' motion to lift the administrative stay, and granted Defendants' motion to stay pending appeal until the appeal was heard (or submitted if oral argument were not requested). (*See* 2d Cir., No 12-1228, Doc. No. 139.) At oral argument on December 1, 2020, the court advised that the stay would remain in place until vacated by the court.

On July 28, 2021, the Second Circuit affirmed this Court's April 8, 2020, Opinion and Order denying Defendants' motion to compel arbitration and this Court's April 9, 2020, Order denying ACN's motion to compel arbitration (Doc. No. 232), thereby terminating the administrative stay (*see* 2d Cir., No. 20-1228, Doc. No. 145, 232, 238). Several hours later, the Second Circuit denied as moot Defendants' and ACN's still-pending motions for a stay pending appeal (*see* 2d Cir., No. 12-1228, Doc. No. 240).

On August 11, 2021, Defendants and ACN filed petitions for panel rehearing or rehearing en banc (*see* 2d Cir., No. 20-1228, Doc. Nos. 243, 245). That same day Defendants moved for a stay pending resolution of their petition and a motion for an administrative stay during consideration of their motion to stay pending resolution of their petition (2d Cir., No. 20-1228, Doc. No. 246, 247). ACN likewise moved for a stay pending its petition on August 12, 2021 (2d Cir., No. 20-1228, Doc. No. 250). Plaintiffs opposed both stay requests (2d Cir., No. 20-1228, Doc. No. 256). On August 18, 2021, the Second Circuit denied Defendants' and ACN's stay motions (*id.*, Doc. No. 262). The Second Circuit denied both Defendants' and ACN's petitions for rehearing or rehearing en banc on September 17, 2021 (*see id*., Doc. Nos. 265, 266). The mandate was issued and transmitted to the District Court on September 24, 2021 (Doc. No. 334).

# I.     DISCOVERY

## A. Discovery by Plaintiffs

### 1.     *Discovery Served on Defendants*

Plaintiffs have served various discovery requests on Defendants. On December 3, 2018, Plaintiffs initially served their First Set of Requests for the Production of Documents addressed to all Defendants prior to the first stay of discovery, which the Court entered on December 20, 2018. (Doc. No. 54.) On July 30, 2019, following the Court's resolution of the motion to dismiss (Doc. No. 97), Plaintiffs served their Second Set of Requests for the Production of Documents and their First Set of Interrogatories, both of which were addressed to Defendant The Trump Corporation, prior to the second stay of discovery on August 1, 2019. (Doc. No. 102.) Following the parties' conference with the Court on September 5, 2019, after which the discovery stay was lifted (Doc. No. 106), Plaintiffs served each of those discovery requests on Defendants again.

Pursuant to the Scheduling Order, Defendants served their Responses and Objections to these discovery requests on November 26, 2019. (Doc. No. 110.) Plaintiffs responded by letter on December 3, 2019, noting their position that there are deficiencies in each of these responses and objections, and asking to meet and confer with Defendants concerning those deficiencies.

The parties met-and-conferred on December 18, 2019. During that meet-and-confer, Defendants confirmed that they intend to produce certain non-email documents, such as contracts between Donald J. Trump and American Communications Network ("ACN"), and also invited Plaintiffs to propose an initial set of custodians and search terms in connection with their prospective production to be made in January 2020. Defendants took the position that they would not agree to produce any organizational charts, corporate structure documents, or similar discovery in response to Plaintiffs' Requests, even after Plaintiffs represented that such materials would help Plaintiffs identify and propose appropriate custodians. Defendants disagreed that such organizational documents would provide relevant information to Plaintiffs. Defendants further stated that they understand the Court's Individual Rules and Procedures for Civil Cases ("Individual Rules") to limit ESI discovery to a total of ten custodians for all five Defendants, including their employees, former employees, and associated entities that Plaintiffs served with Rule 45 subpoenas. Defendants also said that, consistent with the Court's Individual Rules, they would agree to search for documents within the date range beginning five years prior to the filing of this action. Plaintiffs stated their position that the first Plaintiff to join ACN did so in 2013, five years prior to the filing of the initial Complaint.

Plaintiffs followed up by letter on December 20, 2019. Plaintiffs made clear their disagreement with, and reserved all rights with respect to, Defendants' objections to Plaintiffs' document requests and Defendants' position regarding the Court's Individual Rules. Among other things, Plaintiffs noted that a five-year limitation on Defendants' search for responsive ESI was inappropriate, as Defendants' relationship with ACN dates back to 2005. In the interests of making some progress, however, Plaintiffs also proposed an initial set of custodians and search terms. Defendants confirmed the same day that they would process those searches. On January 16, 2020,

Defendants advised Plaintiffs that in the course of running Plaintiffs' proposed search strings and preparing for a production before the end of January 2020, Defendants had determined that certain search terms returned a large volume of documents. In this correspondence, Defendants also provided Plaintiffs with a proposed set of search strings to address the large document volume.

On January 17, 2020, Plaintiffs requested that Defendants provide additional information, including a breakdown of the volume of documents returned by the relevant searches by custodian. Defendants provided this information to Plaintiffs on January 19, 2020. On January 22, 2020, Plaintiffs proposed a revised set of search terms to Defendants. On January 30, 2020, Defendants made their first "rolling production" of 252 documents in response to Plaintiffs' document requests. On February 12, 2020, Plaintiffs' counsel sent a letter to defense counsel reiterating Plaintiffs' objections to Defendants' proposed limitations on their search for responsive documents, outlining Plaintiffs' position that Defendants' first production illustrated the flaws of those limitations, and asking Defendants to reconsider them. Plaintiffs also noted their position that Defendants' first production does not include certain metadata that Plaintiffs believe to be significant. Because Defendants had not responded to Plaintiffs' February 12 letter, Plaintiffs filed a letter motion on February 28, 2020, seeking to compel Defendants to produce withheld documents, and seeking relief from certain default discovery rules. (Doc. No. 185.) As set forth below (*see infra* Section II.B), Defendants responded to Plaintiffs' positions in their letter response, filed with the Court on March 6, 2020. (Doc No. 193.)

On March 13, 2020, following a telephone conference before the Court on Plaintiffs' letter-motion to compel Defendants to provide certain discovery and requesting relief from the Court's default rules, the Court ordered (1) Defendants to complete production of documents collected from the initial set of nine custodians by March 20, 2020; and (2) that the parties to meet and confer about production of organizational charts and materials and, by March 20, 2020, update the Court as to the agreement reached. (Doc. No. 198) (*See* Section II.B *infra*.)

Pursuant to that Order, Plaintiffs sent Defendants a letter on March 16, 2020, proposing narrowed requests for organizational information at the individual and entity level, and additional custodians and search timeframes, and requesting a meet-and-confer on those topics. The parties met and conferred further on this topic telephonically on March 19, 2020 and reached agreement as to Plaintiffs' request for individual-level organization information. As to entity-level organizational information, Plaintiffs agreed to further narrow the entities subject to their request, while reserving all rights to propose additional entities depending on what Defendants' document production reveals. On March 20, 2020, the parties reported in a letter to the Court that they had reached agreement as to the production of organizational information at the individual level from January 1, 2013, to October 29, 2018, and organizational information at the entity level from January 1, 2017, to present, and to the extent available, from January 1, 2013, to December 13, 2016. (Doc. No. 207.) The parties reported that they had not reach agreement, however, as to the production of organizational information for the period prior to January 1, 2013 and informed the Court that they would continue to meet and confer on that issue. (*Id.*)

On March 20, 2020, Defendants produced an additional 224 documents collected from the initial nine custodians, pursuant to the Court's Order. (*See* Doc. No. 198.)

Following the parties' joint letter on March 20, 2020, the parties continued to correspond to resolve outstanding issues regarding Plaintiffs' document requests, including certain additional custodians, extended date ranges, narrowed search terms for the extended date ranges, and modifications of the then-applicable discovery deadlines. On March 23, 2020, Plaintiffs wrote to Defendants to address outstanding issues regarding Defendants' production, including: the basis for certain unexplained redactions in Defendants' production; the date range for organizational information; Plaintiffs' proposed additional custodians; and an anticipated timeline for Defendants upcoming productions and depositions. The parties continued to correspond about these remaining issues over email: in a March 24, 2020, email, Defendants claimed that it may be unduly burdensome to restore or retrieve ESI for three of Plaintiffs' proposed additional custodians—Amanda Miller, Phil O'Grady, and Kelly Shea—because their ESI was stored in archival format. In an email response on March 25, 2020, Plaintiffs requested certain information relating to the format and medium of any such archival material, and Defendants agreed to provide that information. (*See* Doc. No. 209.) Defendants have since informed Plaintiffs that relevant ESI for the custodians has been restored from the archive.

On March 27, 2020, the parties jointly reported to the Court that they had reached agreement on: (1) six additional custodians, (2) search terms for the period January 1, 2005, to October 29, 2013; (3) production of entity-level organizational information from January 1, 2013, to the present by March 30, 2020. (Doc. No. 209.) The parties also reported that they had agreed to substantially complete document discovery by April 30, 2020, and jointly requested an extension of the fact discovery deadline to June 30, 2020, to allow for fact depositions, as well as a corresponding extension of the expert discovery deadline and conferences data in the Court's Second Amended Case Management Plan.

After filing the March 27, 2020, joint letter, the parties continued to confer on responsiveness criteria that Defendants proposed as a limitation on their production of ESI from before January 2013. On March 30, 2020, the parties jointly reported to the Court that they had reached agreement on the issue of responsiveness criteria. (Doc. No. 215.) On March 31, 2020, the Court granted the parties' joint requests to extend discovery (Doc. No. 220) and issued a Third Amended Case Management Plan (Doc. No. 219). Defendants have not yet begun productions of ESI collected using the expanded parameters agreed to after the Court's March 13, 2020, Order.

On January 3, 2020, Plaintiffs served their First Set of Requests for Admission addressed to all Defendants. On January 24, 2020, Defendants requested an extension to the 30-day response deadline pursuant to Rule 36 of the Federal Rules of Civil Procedure, so that the parties' respective responses to their initial sets of requests for admission would be due on February 12, 2020. Plaintiffs agreed to Defendants' request on January 27, 2020. On February 12, 2020, Defendants served their Responses and Objections to Plaintiffs' First Set of Requests for Admissions.

On February 27, 2020, Plaintiffs served deposition notices on Defendants Donald J. Trump, Ivanka Trump, Donald Trump, Jr., and Eric Trump, with notice dates of May 1, April 28, April 24, and April 21, respectively. On March 3, 2020, Plaintiffs served a Rule 30(b)(6) notice on Defendant The Trump Corporation with an original notice date of April 15, 2020. On March 3, 2020, Defendants sent Plaintiffs a letter that, *inter alia*, took the position that, the Court's amended

scheduling order pertained to document discovery rather than fact depositions, and the period for depositions had already elapsed. On March 3, 2020, Plaintiffs filed a letter to the Court bringing that issue to the Court's attention. (Doc. No. 189.) On March 4, 2020, the Court ordered the parties "to meet and confer in good faith and consent to revised deadlines" (Doc. No. 190), and issued a revised Case Management and Scheduling Order with the deadline for completion of depositions marked as "TBD" (Doc. No. 192). On March 31, 2020, the Court issued a Third Amended Case Management Plan, which set a deadline of June 30, 2020, for the close of fact discovery. (Doc. No. 219).

On June 1, 2020, the Court entered an Order suspending all deadlines in this action following entry of an administrative stay by the United States Court of Appeals for the Second Circuit (Doc. No. 315). That stay terminated on July 28, 2021, following the Second Circuit's affirmance of this Court's Orders denying motions to compel arbitration filed by Defendants and by ACN (*see* 2d Cir., No. 20-1228, Doc. Nos. 145, 232, 238; *supra* pages 2-3).

On August 3, 2021, the parties met and conferred to discuss outstanding discovery issues. On August 4, 2021, the Court directed the parties to file a joint status letter by August 13, 2021, proposing new deadlines for dates affected by the administrative stay (Doc. No. 315). On August 13, 2021, the parties filed a joint letter proposing new discovery deadlines, with all fact discovery closing by May 27, 2022, and all expert discovery closing by December 16, 2022 (Doc. No. 319). On August 16, 2021, the Court ordered the parties to explain why an extended discovery schedule is necessary under these circumstances, and the parties filed a joint letter pursuant to that Order on August 27, 2021 (Doc. Nos. 321, 323). On August 30, 2021, the Court issued the Fourth Amended Case Management Plan and Scheduling Order, scheduling the completion of fact discovery for April 29, 2022, and the completion of expert discovery for November 18, 2022 (Doc. No. 326).

### 2.    *Discovery Served on Nonparties*

Between January and February 2019, Plaintiffs served subpoenas for the purposes of preservation on various nonparties while discovery was stayed, as permitted by the Court's December 12, 2018, Order (*see infra* Section I B.1. & Doc. No. 56).

On September 5 and September 6, 2019, Plaintiffs issued subpoenas for documents on various nonparties, including ACN Opportunity, LLC; Allen Weisselberg; Augusta Lee Capital Partners LLC; Bernard Diamond; Brian M. Krass; Cathy Glosser; Daniel Crowley; George A. Sorial; Kathy Kaye Herman; Langtree Capital Partners LLC; Langtree Development Group LLC; Mark Burnett Productions (JMBP, LLC ("JMBP")); Metro-Goldwyn-Mayer Studios Inc. ("MGM" and, together with JMBP, the "MGM Entities"); Pasicor LLC; Richard A. Dunn; Richard Boughrum; Richard Steven Parrin; Robert Dodd Haynes; Success Foundation; Success from Home Magazine; Success Magazine; Success Partners Holding Co.; T International Realty LLC; The Curetivity Foundation; TNGC Charlotte LLC; Trump National Golf Club LLC; Trump Productions LLC; West Catawba Avenue LLC; and Xoom Energy LLC.

On October 23, 2019, Plaintiffs issued subpoenas for documents on nonparties Jason Greenblatt and Rhona Graff. On November 1, 2019, Plaintiffs issued a subpoena for documents on nonparty Lynne Patton. On November 7, 2019, Plaintiffs issued subpoenas for documents on

nonparties Anne Archer Butcher and Dolphin Entertainment. Plaintiffs also issued a deposition subpoena on Ms. Butcher on November 15, 2019 and have exchanged correspondence regarding scheduling. On December 10, 2019, Plaintiffs issued a subpoena for documents on nonparty Comcast Corporation.

Plaintiffs are engaged in productive discussions regarding the scope of document productions responsive to these subpoenas with various nonparties. And Plaintiffs have begun receiving responses and document productions in response to these subpoenas, as set forth further below:

On September 23, 2019, Ms. Glosser and Mr. Diamond each responded regarding their respective subpoenas. Ms. Kaye Herman made a production of eleven documents on October 2, 2019. On October 10, 2019, Mssrs. Parrin, Dunn, and Crowley, and Xoom Energy each served their respective responses and objections. On October 14, 2019, Xoom Energy made a production of four documents and Mr. Haynes served responses and objections. Xoom Energy made a further production of 261 documents on November 20, 2019.

On October 25, 2019, MGM and JMBP served their respective responses and objections. Plaintiffs responded by letter on November 5, 2019, noting that there were deficiencies in the responses and objections, and asking to meet and confer concerning those deficiencies. JMBP made a production of 1,371 documents the same day, and further productions of one document on December 5, 2019, and two documents on January 17, 2020. On November 22, 2019, following multiple meet-and-confer discussions, counsel for the MGM Entities made clear that they would not produce a limited set of certain video footage requested by Plaintiffs absent an order from this Court. On December 10, 2019, unable to resolve the dispute with the MGM Entities without the Court's intervention, Plaintiffs filed a letter motion pursuant to Rule III.A of Your Honor's Individual Rules requesting a conference with this Court regarding this discovery dispute and Plaintiffs' anticipated motion to compel the MGM Entities to produce the withheld material pursuant to Federal Rule of Civil Procedure 45(d).

On April 10, 2020, the Court granted Plaintiffs' motion to compel the MGM Entities to produce the withheld video footage and ordered Plaintiffs and the MGM Entities to confer and apprise the Court of their discussions and agreements concerning production by April 24, 2020. (Doc. No. 232.) On April 10, 2020, Plaintiffs sent a letter to the MGM Entities requesting a meet-and-confer about their production, in which Plaintiffs also outlined the scope of the relevant unaired footage, and suggested that review should begin when the MGM Entities' offices reopen and it is safe to do so in light of the COVID-19 pandemic.

On April 27, 2020, the Court issued an Order directing Plaintiffs and the MGM Entities to file a joint status letter by May 22, 2020, regarding the "timing and logistics of Plaintiffs' access to the relevant footage" (Doc. No. 260). Plaintiffs and the MGM Entities filed a joint letter on May 22, 2020, explaining that due to the COVID-19 pandemic, the MGM Entities' offices remained closed. On May 26, 2020, the Court ordered Plaintiffs and the MGM Entities to file another status update letter by June 18, 2020, regarding production of responsive footage (Doc. No. 273).

As set forth above (*see supra* page 2), on June 1, 2020, the Court entered an Order suspending all deadlines in this action following entry of an administrative stay by the United States Court of Appeals for the Second Circuit (Doc. No. 315). As further set forth above, Plaintiffs have re-initiated the meet-and-confer process with the MGM Entities about their anticipated production of that unaired video footage. (*See infra* Section I.A.2.) Plaintiffs met and conferred with the MGM Entities on September 14, 2021. On September 21, 2021, Plaintiffs sent the MGM Entities a letter proposing a phased approach to production of the relevant footage, beginning with the production of electronic copies of digitized footage and the digitization and production of certain priority categories of footage on a rolling basis. While Plaintiffs and the MGM Entities continue to meet and confer, the MGM Entities have thus far opposed any production of electronic copies, and instead have insisted that Plaintiffs send a team of lawyers across the country to review all footage in person—a proposal that Plaintiffs have explained is not practical or safe in view of the ongoing COVID-19 pandemic.

On October 4, 2019, ACN served its responses and objections. Plaintiffs responded by letter on October 16, 2019, noting that there were deficiencies in the responses and objections. Plaintiffs have subsequently met and conferred with ACN regarding those deficiencies on multiple occasions, but ACN has refused to produce a single document. On December 10, 2019, unable to resolve the dispute with ACN without the Court's intervention, Plaintiffs filed a letter motion pursuant to Rule III.A of Your Honor's Individual Rules requesting a conference with this Court regarding this discovery dispute and Plaintiffs' anticipated motion to compel ACN to produce the withheld material pursuant to Federal Rule of Civil Procedure 45(d). (Doc. No. 131.) (*See infra* Section II.B.) On April 10, 2020, the Court granted Plaintiffs' motion to compel, and ordered Plaintiffs and ACN to meet and confer regarding the scope of production and any necessary provisions for confidentiality. (Doc. No. 232.) The Court further ordered Plaintiffs and ACN to file a joint letter by April 24, 2020, to apprise the Court of progress in negotiations and the estimated timeline for production.

Pursuant to that Order, on April 13, 2020, Plaintiffs sent a letter to ACN requesting a meet-and-confer. ACN sent an email that day, stating that it anticipated filing a notice of appeal and motion to stay discovery and that any meet-and-confer should be deferred until after resolution of those issues. Plaintiffs sent an email on April 14 stating that ACN's position was inconsistent with the Court's order, which directed the parties to confer and file a status update on their progress. On April 17, 2020, ACN filed a letter-motion to stay this action pending its appeal, reiterating its position that a meet-and-confer is not a "fair or efficient use of resources while motions to stay remain unresolved" and requesting deferral of its meet-and-confer obligations. (Doc. No. 244 at 2 n.2.) On April 20, 2020, Plaintiffs sent a letter to ACN, reiterating that no stay had been granted, the Court's April 9, 2020, Order (Doc. No. 232) required ACN to meet and confer, and that its refusal to do so was therefore improper. Nevertheless, Plaintiffs—on their own initiative— proposed narrowing the scope of their subpoena by withdrawing certain document requests and agreeing to certain data limitations requested by ACN. Plaintiffs also enclosed proposed revisions to the Non-Disclosure Agreement to address ACN's confidentiality concerns. On April 23, 2020, ACN reiterated that "requiring ACN to engage further in those discussions while it has requested a stay from the District Court (and, potentially the Circuit Court) is an unfair, additional drain on

ACN's resources," and did not offer any specific responses or counterproposals to Plaintiffs' narrowed document requests. ACN also proposed further revisions to the Non-Disclosure Agreement. Plaintiffs responded the same day, agreeing to further modify the Non-Disclosure Agreement in an effort to reach agreement.

Plaintiffs set forth their proposed revisions to the Non-Disclosure Agreement in the joint letter they filed with ACN, and requested that the Court (i) order that ACN may satisfy the provisions of the Protective Order requiring execution of the Non-Disclosure Agreement appended thereto by executing the modified Non-Disclosure Agreement set forth in the letter; and (ii) order ACN to respond to Plaintiffs' subpoena as narrowed by Plaintiffs' proposals set forth in Exhibit A to the joint letter (*see* Doc. No. 256-1 at 2-3). ACN represented that it believes "the parties will be able to reach agreement on acceptable revisions to the protective order to satisfy all relevant concern," and reiterated its refusal to meet and confer concerning the scope of its production unless ACN's stay request is "denied after exhausting all avenues of review." (*Id.*)

On May 18, 2020, the Court denied ACN's and Defendants' respective motions for a stay pending appeal. (Doc. No. 264.) The next day, on May 19, 2020, the Court directed Plaintiffs and ACN to file a joint letter by June 2, 2020 "to apprise the Court of their progress in negotiations, ACN's estimated timeline for production and remaining disputes." (Doc. No. 265.) In accordance with the District Court's May 19, 2020, Order, Plaintiffs followed up multiple times with ACN, including in a May 26, 2020, letter proposing additional compromises, including a proposed set of ESI custodians and search terms to facilitate ACN's ability to respond to the Subpoena with minimal burden.

As set forth above (*see supra* pages 1-2), after the Second Circuit's disposition of the appeals and termination of the administrative stay on July 28, 2021 (*see* 2d Cir., No. 20-1228, Doc. Nos. 145, 232, 238), on July 30, 2021, Plaintiffs wrote to ACN seeking to re-initiate a meet-and-confer process and attaching a narrowed proposed list of ESI custodians and search terms. On August 26, 2021, after the Second Circuit denied motions for another stay from Defendants and ACN, ACN sent an email to Plaintiffs agreeing to "resume discussions on the protective order and the scope of Plaintiffs' subpoena to ACN and the 'Marketing Consultants.'" Plaintiffs and ACN met and conferred on September 14, 2021. On September 22, 2021, Plaintiffs sent a letter to ACN offering to further narrow the categories of documents and information sought by Plaintiffs' subpoena, including by identifying certain priority categories of non-email documents and by proposing a set of further narrowed ESI custodians and search terms

On November 20, 2019, Anne Archer Butcher and Dolphin Entertainment served their respective responses and objections. Plaintiffs responded by letter on December 9, 2019, noting that there were deficiencies in the responses and objections. Plaintiffs met and conferred with Anne Archer Butcher and Dolphin Entertainment on December 12, 2019, and December 19, 2019, to discuss these deficiencies and followed up by letter on January 7, 2020, concerning the scope of their prospective production and providing search terms. In multiple meet-and-confers over the course of several months, Plaintiffs worked to narrow the subpoenas, offered multiple extensions, and agreed to reimburse reasonable discovery vendor costs. After Ms. Butcher and Dolphin Entertainment failed to make a production within a reasonable timeframe, Plaintiffs followed up

concerning the status of their productions. Plaintiffs were advised that Ms. Butcher and Dolphin Entertainment did not intend to make their production in response to Plaintiffs' subpoena until the end of March. On March 3, 2020, Plaintiffs wrote back, making clear that, in order for the parties to meet the Court's discovery deadlines, it was important that Ms. Butcher and Dolphin Entertainment produce documents by March 13, 2020. Both nonparties refused to agree. Instead, they proposed March 26, 2020, which Plaintiffs explained was unacceptable. Plaintiffs noted in response that neither Ms. Butcher nor Dolphin Entertainment has produced a single document in the four months Plaintiffs have met-and-conferred in good faith, and reiterated Plaintiffs' request for production of documents on a rolling basis as soon as possible and substantial completion of that production no later than March 13, 2020. Plaintiffs reserved all rights to adjourn the deposition of Ms. Butcher scheduled for April 2, 2020, pending completion of the relevant productions, or to hold the deposition open, and also reserved rights to seek any appropriate relief in order to meet the Court's discovery deadlines. On March 21, 2020, Ms. Butcher and Dolphin Entertainment sent an email stating that they "would produce documents at least one week before Ms. Butcher's deposition actually takes place." As a result, on March 27, 2020, Plaintiffs filed a letter-motion to compel Ms. Butcher and Dolphin Entertainment to produce documents responsive to Plaintiffs' subpoena. (Doc. No. 211.) (*See infra* Section II.B.) Ms. Butcher and Dolphin Entertainment filed a letter in response on March 30, 2020 (Doc. No. 213), in which they represented to the Court that they would search for and produce relevant ESI by April 30, 2020, and argued that therefore a discovery conference on Plaintiffs' motion was not necessary. That same day, the Court denied as moot Plaintiffs' letter-motion in reliance on Ms. Butcher's and Dolphin Entertainment's representations that they intended to produce documents by April 30. (Doc. No. 214.) On March 31, 2020, Plaintiffs sent a letter to counsel for Ms. Butcher and Dolphin Entertainment, reiterating that Plaintiffs were prepared to receive productions of the agreed documents on a rolling basis, requesting that Ms. Butcher and Dolphin Entertainment commence such rolling productions as soon as possible, and reiterating that such production should be completed by April 30, 2020.

On April 8, 2020, ACN filed a letter-motion seeking leave to quash the subpoenas Plaintiffs issued to Ms. Butcher and Dolphin Entertainment. (Doc. No. 227.) (*See infra* Section II.C.) On April 9, 2020, the Court ordered Plaintiffs to file a letter response by April 16, 2020, and Anne Archer Butcher to file a letter response by April 20, 2020. (Doc. No. 230.) The Court also ordered Ms. Butcher and Dolphin Entertainment to stay production pending further Court Order. (*Id.*) On April 16, 2020, Plaintiffs filed their letter in opposition to ACN's motion to quash. (Doc. No. 241.) On April 20, 2020, Ms. Butcher and Dolphin Entertainment filed their letter in response to ACN's motion. (Doc. No. 246.) On April 20, 2020, ACN filed an unsolicited letter without leave in further support of its motion to quash the subpoenas at issue. (Doc. No. 246.)

As set forth above (*see supra* page 2), Plaintiffs also met and conferred with the Marketing Consultants and ACN on September 14, 2021, regarding ACN's objections to the Marketing Consultants' production in response to the subpoena Plaintiffs served on them. The Marketing Consultants had collected, reviewed, and identified responsive documents, and prepared to make their production to Plaintiffs as far back as March 30, 2020 (*see* Doc. No. 213); Plaintiffs have paid the cost of maintaining that production with the Marketing Consultants' discovery vendor for over a year. On September 22, Plaintiffs sent a letter to the Marketing Consultants and ACN,

reiterating their position that given the lack of any privilege issues and the already-determined responsiveness of the documents, the production should be made without delay. In that letter, in an effort to resolve these issues without the Court's intervention, Plaintiffs also requested that ACN state any objections on a document-by-document basis with specificity, and that the Marketing Consultants produce the remainder of the documents without delay.

Plaintiffs have met and conferred with counsel for the multiple Success-branded entities, to which Plaintiffs have granted an extension. Plaintiffs have continued to meet and confer with counsel for the multiple Success-branded entities since early October. Plaintiffs received their responses and objections together with an initial production of a single document on January 10, 2020, and a subsequent production of six documents on January 21, 2020. While Plaintiffs and Success have made progress in some areas, Success has not produced a single ESI document or made a proposal of search terms and custodians to locate documents responsive to Plaintiffs' request. In an effort to move the production forward, Plaintiffs have narrowed their request for ESI to just a search for "Trump" across all email accounts during the relevant time period. On April 27, 2020, Success agreed to run this search and to produce responsive documents, unless that search returns an inappropriately large volume of documents, in which case the parties agree to meet and confer further.

Following a meet-and-confer with Plaintiffs, on February 25, 2020, NBCUniversal (an affiliate of Comcast Corporation) produced 43 documents. On March 5, 2020, Plaintiffs wrote to NBCUniversal to confer about certain redactions in its production. Plaintiffs and NBCUniversal continue to confer about this issue.

Nine of the nonparties that are affiliated with or were previously employed by entities affiliated with Defendants were represented by prior counsel for Defendants, namely: Mr. Weisselberg, Mr. Sorial, T International Realty LLC, TNGC Charlotte LLC, Trump National Golf Club LLC, Trump Productions LLC, Mr. Greenblatt, Ms. Graff, and Ms. Patton. Plaintiffs offered to meet and confer with prior counsel concerning the subpoenas addressed to these six nonparties. Prior counsel for Defendants notified Plaintiffs that they were unavailable to meet and confer on the date proposed by Plaintiffs (October 3), and that they would proceed to serve responses and objections to the six subpoenas as required, by October 4. On October 4, 2019, each of Mr. Weisselberg, Mr. Sorial, T International Realty LLC, TNGC Charlotte LLC, Trump National Golf Club LLC, Trump Productions LLC served responses and objections. On November 14, 2019, Ms. Graff and Mr. Greenblatt served their responses and objections. On November 18, 2019, Lynne Patton served her responses and objections. Plaintiffs take the position that there are deficiencies in the responses and objections served by prior defense counsel. Plaintiffs and prior counsel for Defendants met and conferred concerning the responses and objections served by the first six of these nonparties on November 4, 2019. Prior counsel for Defendants have taken the position, in part, that these nonparties should be treated as party custodians for the purposes of discovery, and that Plaintiffs should negotiate discovery to be sought from them as part of Plaintiffs' meet-and-confer with Defendants concerning party discovery. As set forth above, the parties have since met and conferred concerning these issues (*see supra* Section I.A.1).

**B. Discovery by Defendants**

      1.   *Discovery Served on Plaintiffs*

On September 6, 2019, Defendants served their First Set of Requests for the Production of Documents and their First Set of Interrogatories, each of which was addressed to all Plaintiffs. On September 30, 2019, Defendants served their Second Set of Requests for the Production of Documents and their Second Set of Interrogatories addressed to all Plaintiffs. On November 5, 2019, Defendants served their Third Set of Requests for the Production of Documents addressed to all Plaintiffs. Pursuant to the Scheduling Order, Plaintiffs served Responses and Objections to each of these discovery requests on November 26, 2019. (Doc. No. 110.) Plaintiffs also made a production in response to Defendants' Third Set of Requests for Production of Documents the same day, and supplemental productions on December 5, 2019, January 13, 2020, and January 21, 2020, and March 6, 2020. On December 11, 2019, Plaintiffs made a production in response to Defendants' First and Second Set of Requests for Production of Documents, and a supplemental production in response to further requests from Defendants on February 18, 2020.

Defendants' Second Set of Interrogatories, served on September 30, 2019, asked that Plaintiffs "[i]dentify any person(s)" whom they sought to solicit or encourage to become an ACN Independent Business Owner, or who solicited or encouraged Plaintiffs to become an ACN Independent Business Owner (Interrogatory Nos. 1 & 3), and to provide the contact information that the pertinent Plaintiff used to communicate with each of these individuals (Interrogatory Nos. 2 &4). Pursuant to the Scheduling Order, on November 26, 2019, Plaintiffs served responses and objections to these interrogatories, asserting objections on various grounds, but also listing, subject to those objections, certain individuals by name in connection with their responses to Interrogatory No. 1 and No. 3. Plaintiffs likewise objected on various grounds to Interrogatory No. 2 and 4, and subject to those objections, referred "Defendants to the documents Plaintiffs will produce in response to Request No. 1 and 5 of Defendants' Second Request for Production of Documents." On December 11, 2019, Plaintiffs made their first production of documents in response to Defendants' First and Second Sets of Requests for the Production of Documents. It is Defendants' position that these documents did not provide contact information for the individuals that they identified. On January 16, 2020, and during the December 18, 2019, meet-and-confer, Defendants requested a meet-and-confer discussion regarding Plaintiffs' responses to Defendants' document requests and interrogatories. On January 30, 2020, Defendants sent a letter to Plaintiffs asking that they supplement their responses to Defendants' interrogatories requesting contact information for the individuals that Plaintiffs encouraged to become ACN Independent Business Owners, or that encouraged Plaintiffs to become ACN Independent Business Owners. Defendants took the position, in part, that Plaintiffs' responses and objections to these interrogatories stated that this information would be contained in Plaintiffs' document productions, but that the documents produced by Plaintiffs did not contain that contact information. Plaintiffs responded on February 10, 2020, that they would "send a response to your letter by the end of this week." On February 21, 2020, Plaintiffs represented that they understood that the nonparties in question "are in the process of retaining independent counsel" who may be able to accept service and coordinate with Defendants concerning discovery; Defendants disagree that this is an adequate response to the

interrogatories. On February 28, 2020, Plaintiffs stated again that "they understand that the nonparties in question remain in the process of retaining independent counsel" and that Plaintiffs would provide contact information for those attorneys.

On January 3, 2020, Defendants served their First Set of Requests for Admission, addressed to all Plaintiffs. As set forth above, on January 24, 2020, Defendants requested an extension to the 30-day response deadline pursuant to Rule 36 of the Federal Rules of Civil Procedure, so that the parties' respective responses to their initial sets of requests for admission would be due on February 12, 2020 (*see supra* Section II.A.1). Plaintiffs agreed to Defendants' request on January 27, 2020. On February 12, 2020, Plaintiffs served their Responses and Objections to Defendants' First Set of Requests for Admission.

On March 3, 2020, Defendants served deposition notices on Plaintiffs with a cover letter noting Defendants' position that the Court's extension of time to complete fact discovery applied to document discovery and not fact depositions, and that the deadline for fact depositions had already elapsed. (*See supra* Section II.A.1.) The cover letter further stated that Defendants were noticing depositions of Plaintiffs beyond that date to preserve Defendants' rights should the Court rule otherwise. As set forth above (*see supra* Section II.A.1), Plaintiffs wrote to the Court concerning the parties' disagreement about the deadline to complete discovery, and the Court issued two orders on March 4, 2020 (*see infra* Section III.B.).

As set forth above (*see supra* Section I.A.1), on August 30, 2021, the Court issued the Fourth Amended Case Management Plan and Scheduling Order, scheduling the conclusion of fact discovery for April 29, 2022, and the conclusion of expert discovery for November 18, 2022 (Doc. No. 326).

### 2.    *Discovery Served on Nonparties*

Defendants served subpoenas for the purposes of preservation on various third parties, as permitted by the Court's December 12, 2018, Order (Doc. No. 56). On November 15, 2019, Defendants issued a subpoena for documents on nonparty Anne Archer Butcher (one week after Plaintiffs had done so). Ms. Butcher served her responses and objections on November 20, 2019.

Now that the administrative stay has been terminated, Plaintiffs' pseudonymity has been lifted, and the Court issued an Amended Case Management Plan and Scheduling Order, Defendants intend to engage in further party and non-party discovery.

### C.   **Protective Order and Document-Production Stipulation**

On September 10, 2019, the Court entered a protective order (Doc. No. 112). On October 16, 2019, Plaintiffs shared with Defendants a draft stipulation concerning the production of discovery material for their consideration, which Plaintiffs re-sent to Defendants as an exhibit to Plaintiffs' letter in response to Defendants' responses and objections on December 3, 2019. Defendants never responded to that draft, and Defendants' initial production does not include certain metadata that Plaintiffs believe to be significant (*see supra* Section II.A.1), which Plaintiffs brought immediately to Defendants' attention. More specifically, the metadata at issue is the "custodian field." Plaintiffs argue that the field is necessary to permit Plaintiffs to understand from

whose files any particular document was collected, and thereby allows Plaintiffs to understand whose files have actually been searched. Plaintiffs explained that this metadata is important in light of the significant difference in "hitcounts" that Defendants initially reported (approximately 190,000) and the actual production volume to date (less than 600 documents). Defendants stated that they produced documents with the available metadata and emphasized the metadata fields that they have provided. Further, Defendants repeatedly stated that Plaintiffs' initial search strings returned high numbers of irrelevant documents because many of the search strings included common words and phrases.

On April 10, 2020, in its order granting Plaintiffs' motions to compel ACN and the MGM Entities, the Court also ordered the parties to meet and confer on the issue of whether "Plaintiffs should be able to continue to proceed anonymously, and if so, to what extent" (Doc. No. 232). The Court ordered the Parties to file a joint letter by April 24, 2020, apprising the Court of any agreement, as well as any remaining dispute, and the factual and legal support for the parties' positions. Plaintiffs initiated a meet-and-confer on this issue with Defendants on April 14, 2020. On April 16, 2020, Defendants responded that they preferred to address the issue only through written correspondence. On April 17, 2020, Plaintiffs sent an email providing their position on the anonymity issue in writing, while noting that the Court's direction to "meet and confer" generally means in person or telephonically. Nevertheless, Defendants reiterated that they preferred to address this issue only through written correspondence to ensure the clarity of the record. The parties met and conferred further through email in the following week and, on April 24 and 27, 2020, Plaintiffs and Defendants each filed a letter setting forth their respective positions (Doc. Nos. 257, 258, 259).

On May 19, 2020, the Court set a deadline of June 9, 2020, for any motions Plaintiffs might elect to file in order to continue to proceed pseudonymously (Doc. No. 266). As set forth above (*see supra* Section I.A.1.), on June 1, 2020, the Court entered an Order suspending all deadlines in this action following entry of an administrative stay by the United States Court of Appeals for the Second Circuit (Doc. No. 315). Following termination of the administrative stay, on August 4, 2021, the Court directed the parties to file a joint status letter by August 13, 2021, proposing new deadlines for dates affected by the stay (Doc. No. 315). On August 13, 2021, the parties filed a joint status letter indicating that the parties were continuing to meet and confer regarding whether Plaintiffs would seek to continue proceeding pseudonymously and proposing that the parties provide a joint update on August 27, 2021 (Doc. No. 319).

On August 27, 2021, the parties filed a joint letter indicating that they had reached an agreement to lift Plaintiffs' pseudonymity pursuant to a stipulation and proposed order submitted contemporaneously with their letter. (Doc. No. 323). On August 30, 2021, the Court entered the stipulated order lifting Plaintiffs' pseudonymity (Doc. No. 327). On September 14, 2021, Plaintiffs filed a Second Amended Complaint substituting Plaintiffs' real names for their pseudonyms. (Doc. No. 333.)  The parties are meeting and conferring as to any amendments to the Protective Order that may be necessary to give effect to the lifting of Plaintiffs' pseudonymity or may be otherwise appropriate.

## II.    PROCEDURAL HISTORY

### A.    Pleadings

Plaintiffs filed their Complaint in this action on October 29, 2018 (Doc. Nos. 1, 19), which was amended on January 31, 2019 (Doc. No. 77). Defendants filed their Answer on October 22, 2019.[1] (Doc. No. 126).  On September 14, 2021, pursuant to the stipulated order lifting pseudonymity (*see supra* Section I.C), Plaintiffs filed a Second Amended Complaint.  (Doc. No. 333.)

### B.  Previous Motions

On October 29, 2018, Plaintiffs filed a motion for leave to proceed under pseudonyms (Doc. Nos. 3-4), which was granted on December 20, 2018 (Doc. No. 54). Defendants filed a letter motion requesting a pre-motion conference for a proposed motion to stay all discovery pending resolution of Defendants' forthcoming motion to dismiss on December 10, 2018 (Doc. No. 50), which was granted on December 20, 2018 (Doc. No. 54). On December 21, 2018, the Parties submitted a proposed order stating that "notwithstanding the stay of discovery, the parties are permitted to serve subpoenas on non-parties for the purpose of document preservation" (Doc. No. 55), which the Court entered the same day (Doc. No. 56).

On January 14, 2019, Defendants filed a motion to dismiss the complaint (Doc. Nos. 63-66), which was denied as moot on February 4, 2019 (Doc. No. 81). After Plaintiffs filed an amended complaint on January 31, 2019 (Doc. No. 77), Defendants filed a motion to dismiss the amended complaint on February 21, 2019 (Doc. Nos. 83-85). The motion to dismiss was denied in part and granted in part on July 24, 2019. (Doc. No. 97.)

On July 19, 2019, Defendants informed the Court of their view that the claims against them are arbitrable and requested the Court's guidance as to how to proceed regarding a contemplated motion to compel arbitration. (Doc. No. 94.) On July 25, 2019, the day after the Court decided the motion to dismiss, it issued an order directing the parties to submit by August 1, 2019, a joint letter proposing, among other things, a briefing schedule for the proposed motion to compel arbitration. (Doc. No. 98.) On July 30, 2019, at Plaintiffs' request, the Court entered an order adjourning the August 1, 2019, deadline until August 29, 2019. (Doc. No. 100.) On August 29, 2019, the parties filed that submission. (Doc. No. 104.) At a conference held on September 5, 2019, the Court directed Defendants to file their motion to compel arbitration on September 12, 2019. In a subsequent order (*see supra* Section II.B), the Court ordered Defendants to file their motion to compel arbitration by September 17, 2019. (Doc. No. 111.) On September 17, 2019, Defendants filed a motion to compel arbitration (Doc. Nos. 113-14). Plaintiffs filed their opposition on September 24, 2019 (Doc. No. 120), and Defendants filed a reply in further support of their motion on September 27, 2019 (Doc. No. 121). In an Opinion & Order on April 8, 2020, the Court denied Defendants' motion to compel arbitration. (Doc. No. 229.) On April 13, 2020, Defendants filed a notice of interlocutory appeal from that Opinion & Order. (Doc. No. 236.) This appeal has been

---

[1] Plaintiffs respectfully reserve all rights with respect to the sufficiency of Defendants' Answer. *See* Fed. R. Civ. P. 8(b).

docketed as No. 20-1228. ACN also filed a notice of interlocutory appeal. (Doc. No. 240.) This appeal has been docketed as No. 20-1278.

On July 29, 2019, Plaintiffs filed a letter motion to adjourn the status conference originally scheduled for August 8, 2019. (Doc. No. 99.) On July 30, 2019, the Court adjourned the status conference to September 5, 2019. (Doc. No. 100.)

On August 1, 2019, Defendants filed a letter motion to stay discovery (Doc. No. 101), which was granted the same day (Doc. No. 102.) And, on September 5, 2019, the Court ordered that the discovery stay was lifted. (Doc. No. 106.)

On September 6, 2019, Defendants filed a letter motion requesting an extension of the briefing schedule for Defendants' motion to compel arbitration and certain additional relief, including an extension by four weeks all of the dates contained in the Civil Case Management and Scheduling Order issued by the Court, and certain expedited discovery from Plaintiffs. (Doc. No. 108). On September 9, 2019, the Court denied Defendants' request for a four-week extension of all deadlines, which the Court construed as a motion for reconsideration of its order denying Defendants' request for a stay, but granted Defendants' request to extend the briefing schedule for Defendants' motion to compel arbitration. (Doc. No. 111.)

On September 17, 2019, Plaintiffs filed a letter motion requesting that the Court direct Plaintiffs to file publicly certain documents submitted to Chambers by email. (Doc. No. 115.) The Court ordered that Plaintiffs file these materials to the public docket on September 18, 2019. (Doc. No. 117.)

On December 10, 2019, Plaintiffs filed letter motions pursuant to Rule III.A of Your Honor's Individual Rules requesting a conference with this Court regarding discovery disputes with the MGM Entities and ACN, respectively, and Plaintiffs' anticipated motion to compel each of those entities to produce certain withheld material pursuant to Federal Rule of Civil Procedure 45(d) (see supra Section II.A.2). (Doc. Nos. 129, 131.) On December 11, 2019, in response to Plaintiffs' letter motions concerning third parties MGM and ACN, Defendants filed a letter objecting to Plaintiffs' efforts to enforce subpoenas addressed to third parties while Defendants' motion to compel arbitration is pending, because such discovery would be unavailable to Plaintiffs in arbitration. (Doc. No. 133.) Both the MGM Entities and ACN submitted their respective letters in response to Plaintiffs' letter motions on January 6, 2020 pursuant to the Court's Orders dated December 16, 2019. (Doc. Nos. 135, 136.)

On January 10, 2020, Plaintiffs filed a letter providing support for their position that their discovery dispute with the MGM Entities is properly before this Court (Doc. No. 144) pursuant to the Court's Order dated January 7, 2020 (Doc. No. 141). On January 23, 2020, the Court entered an Order granting leave for Plaintiffs to file a motion to compel the MGM Entities and setting a briefing schedule for that motion. (Doc. No. 146.) Plaintiffs filed their motion to compel on February 7, 2020. (Doc. No. 155.) The MGM Entities filed their opposition on February 21, 2020 (Doc. No. 176.) Plaintiffs filed their reply on February 28, 2020. (Doc. No. 183.) On April 10, 2020, the Court granted Plaintiffs' motion to compel the MGM Entities to make available a limited set of unaired video footage. (Doc. No. 232.)

On January 31, 2020, Plaintiffs filed a motion to compel ACN to produce documents in response to Plaintiffs' subpoena. (Doc. No. 149.) On February 18, 2020, ACN filed its opposition to Plaintiffs' motion to compel, along with a cross-motion to compel arbitration. (Doc. No. 168.) On February 21, 2020, Plaintiffs filed a reply in further support of their motion, which included an opposition to ACN's cross-motion to compel arbitration. (Doc. No. 170.) On April 10, 2020, the Court granted Plaintiffs' motion to compel ACN to produce documents in response to Plaintiffs' subpoena and denied ACN's cross-motion to compel arbitration (Doc. No. 232.)

On February 21, 2020, Plaintiffs filed a letter motion seeking an extension of time to complete discovery until July 2, 2020. (Doc. No. 171.) Plaintiffs' letter noted that Defendants had indicated for months that they would agree to a joint request for an extension of the discovery deadlines, but reneged at the last minute, so Plaintiffs' moved for relief unilaterally within hours of Defendants reversing their position. (*Id*.) On February 24, 2020, Defendants filed a letter opposing Plaintiffs' motion, and renewing their request to stay discovery pending the Court's decisions on Defendants' motion to compel arbitration and nonparty ACN's motion to compel arbitration. (Doc. No. 177.) On February 25, 2020, the Court granted a 60-day extension of time for the completion of fact discovery, "[f]or the reasons substantially set forth" in Plaintiffs' motion, thus extending the date for completion of fact discovery to May 2, 2020. (Doc. No. 181.) The Court accordingly issued an Amended Civil Case Management Plan and Scheduling Order. (Doc. No. 182.)

On February 28, 2020, Plaintiffs filed a letter-motion to compel Defendants to produce certain documents and seeking relief from certain of the Court's default rules on ESI discovery. (Doc. No. 185.) (*See supra* Section I.A.1.) On March 2, 2020, the Court ordered Defendants to file a letter response by March 6, 2020, and set a telephonic conference for March 12, 2020. (Doc. No. 186.) Defendants filed their responsive letter on March 6, 2020. (Doc. No. 193.) On March 13, 2020, the Court ordered Defendants to complete production from the initial nine ESI custodians by March 20, 2020, and waived the ESI limitations at issue.

On March 3, 2020, in light of Defendants' cover letter stating their position regarding the deadline for completing depositions as outlined above (*see supra* Section II.B.1), Plaintiffs filed a letter requesting clarification of the Amended Civil Case Management Plan and Scheduling Order (*see* Doc. No. 189). On March 4, 2020, the Court issued a Second Amended Civil Case Management Plan and Scheduling Order and directed the parties to meet and confer to agree on interim discovery deadlines. (Doc. Nos. 190, 192.)

On March 27, 2020, Plaintiffs filed a letter-motion to compel Ms. Butcher and Dolphin Entertainment to produce documents responsive to Plaintiffs' subpoena. (Doc. No. 211.) (*See supra* Section II.A.2.) Ms. Butcher and Dolphin Entertainment filed a letter in response on March 30, 2020 (Doc. No. 213), representing their intention to search for and produce relevant ESI by April 30, 2020, and thereby rendering Plaintiffs' motion moot. (Doc. No. 214.)

On March 14, 2020, ACN filed a letter motion seeking relief from the Court's orders authorizing Plaintiffs to proceed pseudonymously. (Doc. No. 202.) On March 17, 2020, the Court ordered Plaintiffs to respond by March 30, 2020. On March 25, 2020, Defendants filed letter in

support of ACN's request for relief from the Court's order authorizing Plaintiffs to proceed pseudonymously or, in the alternative, presenting a separate motion on the same subject. (Doc. No. 208.) On March 30, 2020, Plaintiffs filed a letter in opposition to ACN's request for relief (Doc. No. 217), along with a subsequent letter in opposition to Defendants' letter on April 3, 2020 (Doc. No. 221). On April 10, 2020, the Court denied ACN's request for relief and directed Plaintiffs and ACN to confer regarding "the scope of production, with the understanding that ACN must produce relevant documents consistent with the dictates of Federal Rule of Civil Procedure 26" and the provisions of a protective order to govern ACN's production. (Doc. No. 232.) With respect to Defendants' letter supporting ACN's request to modify the pseudonymity provisions of the Protective Order (Doc. No. 208), the Court also ordered the parties to confer on the issue of whether Plaintiffs should be able to continue to proceed anonymously and, if so, to what extent. (Doc. No. 232.) The parties each filed letters setting forth their respective positions on April 24 and 27, 2020. (Doc. Nos. 257, 258, 259.)

Following the Court's directive that Plaintiffs and ACN meet and confer, Plaintiffs sent a letter to ACN on April 13, 2020, to set up a meet-and-confer discussion. ACN sent an email that same day, stating that it anticipated filing a notice of appeal and motion to stay discovery and that any meet-and-confer should be deferred until after resolution of those issues. And Plaintiffs sent an email on April 14 stating that ACN's position was inconsistent with the Court's order, which directed the parties to confer and file a status update on their progress. On April 17, 2020, ACN filed a letter-motion to stay this action pending its appeal, reiterating its position that a meet-and-confer is not a "fair or efficient use of resources while motions to stay remain unresolved" and requesting deferral of its meet-and-confer obligations. (Doc. No. 244 at 2 n.2.) On April 20, 2020, Plaintiffs sent a letter to ACN, reiterating that no stay had been granted, the Court's April 9, 2020, Order (Doc. No. 232) required ACN to meet and confer, and that is refusal to do so was therefore improper. Nevertheless, Plaintiffs—on their own initiative—proposed narrowing the scope of their subpoena by withdrawing certain document requests and agreeing to certain data limitations requested by ACN. Plaintiffs also enclosed proposed revisions to the Non-Disclosure Agreement to address ACN's confidentiality concerns. On April 23, 2020, ACN reiterated that "requiring ACN to engage further in those discussions while it has requested a stay from the District Court (and, potentially the Circuit Court) is an unfair, additional drain on ACN's resources," and did not offer and specific responses or counterproposals to Plaintiffs' narrowed document requests. ACN also proposed further revisions to the Non-Disclosure Agreement. Plaintiffs responded the same day, agreeing to further modify the Non-Disclosure Agreement in an effort to reach agreement.

Plaintiffs set forth their proposed revisions to the Non-Disclosure Agreement in the joint letter they filed with ACN, and requested that the Court (i) order that ACN may satisfy the provisions of the Protective Order requiring execution of the Non-Disclosure Agreement appended thereto by executing the modified Non-Disclosure Agreement set forth in the letter; and (ii) order ACN to respond to Plaintiffs' subpoena as narrowed by Plaintiffs' proposals set forth in Exhibit A to the joint letter (*see* Doc. No. 256-1 at 2-3). ACN represented that it believes "the parties will be able to reach agreement on acceptable revisions to the protective order to satisfy all relevant concern," and reiterated its refusal to meet and confer concerning the scope of its production unless ACN's stay request is "denied after exhausting all avenues of review." (*Id.*)

On April 8, 2020, ACN filed a letter-motion to quash the subpoenas Plaintiffs served on separate nonparties Anne Archer Butcher and Dolphin Entertainment (collectively, the "Marketing Consultants") (Doc. No. 227). (*See supra* Section II.A.2.) On April 9, 2020, the Court endorsed ACN's letter-motion and ordered Plaintiffs to file a letter response by April 16, 2020, and Anne Archer Butcher to file a letter response by April 20, 2020. (Doc. No. 230.) The Court also ordered Ms. Butcher and Dolphin Entertainment to stay production pending further Court Order. (*Id.*) On April 16, 2020, Plaintiffs filed their letter in opposition to ACN's motion to quash. (Doc. No. 241.) On April 20, 2020, the Marketing Consultants filed a letter that, among other things, confirmed they would stay production pending resolution of Defendants' and ACN's stay motion and any further Court order. (Doc. No. 245.) On April 20, 2020, ACN filed an unsolicited letter (Doc. No. 246) without leave in reply to Plaintiffs' letter (Doc. No. 241) opposing its motion to quash. (*See supra* Section II.A.2.)

On April 13, 2020, Defendants filed a letter-motion to stay proceedings pending resolution of its interlocutory appeal of the Court's Opinion and Order denying arbitration. (Doc. No. 236.) That same day, the Court ordered Plaintiffs to file a five-page letter in response by April 20, 2020. (Doc. No. 238.) On April 17, 2020, ACN filed an unsolicited letter-motion without leave in support of Defendants request to stay all proceedings. (Doc. No. 244.) In accordance with the Court's April 13, 2020, Order (Doc. No. 238), Plaintiffs filed their letter in opposition to Defendants' letter-motion on April 20, 2020. (Doc. No 248.) Consistent with the Court's April 22, 2020, Order, Defendants filed a letter in further support of their motion to stay on April 27, 2020. On May 18, 2020, the Court denied Defendants' motion to stay (Doc. No. 264).

As set forth above (*see supra* pages 2-3), on May 26, 2020, Defendants filed a motion in the United States Court of Appeals for the Second Circuit seeking a stay pending appeal or expedited review of this Court's April 8, 2020, Opinion & Order denying Defendants' motion to compel arbitration, and Defendants also filed a motion for an administrative stay during consideration of the motion to stay pending appeal (*see* 2d Cir., No. 20-1228, Doc. No. 58, 59). Plaintiffs did not oppose Defendants' motion for an administrative stay, and the Second Circuit granted that motion on May 29, 2020. (*See* 2d Cir., No. 20-1228, Doc. Nos. 72, 78.) ACN also filed a motion to stay pending appeal or for expedited review on June 1, 2020 (*see* 2d Cir., No. 20-1228, Doc. No. 84). Plaintiffs filed their opposition to Defendants' motion to stay pending appeal or expedite review on June 5, 2020, and their opposition to ACN's motion to stay or expedite review on June 11, 2020 (*see* 2d Cir., No. 20-1228, Doc. Nos. 96, 114). The court did not rule on Defendants' or ACN's motion to stay pending appeal, and the administrative stay remained in place. When Defendants did not file their opening merits brief within 90 days, on July 29, 2020, Plaintiffs moved to establish an expedited briefing schedule, to lift the administrative stay, and to deny Defendants' motion to stay pending appeal (*see* 2d Cir., No 12-1228, Doc. No. 132). On August 3, 2020, the court granted Plaintiffs' motion to expedite appeal, denied Plaintiffs' motion to lift the administrative stay, and granted Defendants' motion to stay pending appeal until the appeal was heard (or submitted if oral argument were not requested). (*See* 2d Cir., No 12-1228, Doc. No. 139). At oral argument on December 1, 2020, the court stated that the stay would remain in place until vacated by the court.

On July 28, 2021, the Second Circuit affirmed this Court's April 8, 2020, Opinion and Order denying Defendants' motion to compel arbitration and this Court's April 9, 2020, Order denying ACN's motion to compel arbitration (Doc. No. 232), thereby terminating the administrative stay (*see* 2d Cir., No. 20-1228, Doc. No. 145, 232, 238). Several hours later, the Second Circuit denied as moot Defendants' and ACN's still-pending motions for a stay pending appeal (*see* 2d Cir., No. 12-1228, Doc. No. 240).

On August 11, 2021, Defendants and ACN filed petitions for panel rehearing or rehearing en banc (*see* 2d Cir., No. 20-1228, Doc Nos. 243, 245). That same day Defendants moved for a stay pending resolution of their petition and a motion for an administrative stay during consideration of their motion to stay pending resolution of their petition (2d Cir., No. 20-1228, Doc. No. 246, 247). ACN likewise moved for a stay pending its petitions on August 12, 2021 (2d Cir., No. 20-1228, Doc. No. 250). Plaintiffs opposed both stay requests (2d Cir., No. 20-1228, Doc. No. 256). On August 18, 2021, the Second Circuit denied Defendants' and ACN's stay motions. (2d Cir., No. 20-1228, Doc. No. 262). The Second Circuit denied both Defendants' and ACN's petitions for rehearing or rehearing en banc on September 17, 2021 (2d Cir., No. 20-1228, Doc Nos. 265, 266).

As further set forth above (*see supra* Section I.A.1), on August 3, 2021, the parties met and conferred to discuss outstanding discovery obligations. On August 4, 2021, the Court directed the parties to file a joint status letter by August 13, 2021, proposing new deadlines for dates affected by the administrative stay (Doc. No. 315). On August 13, 2021, the parties filed a joint status letter proposing new discovery deadlines, with all fact discovery closing by May 27, 2022, and all expert discovery closing by December 16, 2022 (Doc. No. 319). On August 16, 2021, the Court ordered the parties to explain why an extended discovery schedule is necessary under these circumstances, and the parties filed a letter pursuant to that Order on August 27, 2021 (Doc. Nos. 321, 323). On August 30, 2021, the Court issued the Fourth Amended Case Management Plan and Scheduling Order, scheduling the completion of fact discovery for April 29, 2022, and the completion of expert discovery for November 18, 2022 (Doc. No. 326).

## III.     NEXT STATUS LETTER

The parties will submit their next joint status letter on October 27, 2021.

Respectfully submitted,

/s/ Roberta A. Kaplan                     

Roberta A. Kaplan
John C. Quinn
Alexander J. Rodney

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
rkaplan@kaplanhecker.com
jquinn@kaplanhecker.com
arodney@kaplanhecker.com

Andrew G. Celli, Jr.
Matthew D. Brinckerhoff
O. Andrew F. Wilson
David Berman
Nick Bourland

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue at Rockefeller Center
New York, NY 10020
Telephone: (212) 763-5000
acelli@ecbalaw.com
mbrinckerhoff@ecbalaw.com
awilson@ecbalaw.com
dberman@ecbalaw.com
nbourland@ecbalaw.com

*Attorneys for Plaintiffs*

/s/ Peter T. Shapiro                     

Peter T. Shapiro

LEWIS BRISBOIS BISGAARD
& SMITH LLP
77 Water Street
Suite 2100
New York, NY 10005
Peter.shapiro@lewisbrisbois.com

Clifford S. Robert
Michael Farina

ROBERT & ROBERT PLLC
526 RXR Plaza
Uniondale, New York 11556
516-832-7000
crobert@robertlaw.com
mfarina@robertlaw.com

*Attorneys for Defendants*