October 27, 2021

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

    *Catherine McKoy, et al.* v. *Trump Corp., et al.*, 1:18-cv-9936 (LGS)

Dear Judge Schofield:

    Pursuant to the Court's August 30, 2021, Fourth Amended Civil Case Management Plan and Scheduling Order (Doc. No. 326 (the "Scheduling Order")), the parties jointly submit this brief update on the status of the above-referenced action since the parties last filed a periodic joint status update letter on September 27, 2021 (Doc. No. 335). An update on current discovery issues is set forth below.

    **Party Discovery.** Plaintiffs have written to Defendants with respect to certain deficiencies in Defendants' prior productions and other outstanding discovery, including documents and organizational information Defendants had committed to produce in agreements submitted to the Court in March 2020 (Doc. Nos. 207, 209). The parties continue to correspond and meet and confer on these issues, and reserve all rights.

    In addition, Plaintiffs note, as Plaintiffs have noted previously (Doc. No. 335 at 1), that Plaintiffs intend to serve targeted discovery on the Individual Defendants. Mindful of the deadlines set by the operative Case Management Plan (Doc. No. 326), Plaintiffs intend to proceed with serving such discovery in the near future.

    Defendants have indicated that, now that the administrative stay has been terminated, Plaintiffs' pseudonymity has been lifted, and the Court has issued the operative Case Management Order, Defendants may serve further party and non-party discovery.

    **Plaintiffs' nonparty discovery efforts.** Plaintiffs provide the following update on their ongoing correspondence and meet-and-confers with nonparties to resolve outstanding discovery issues. (*See* Doc. Nos. 232, 260, 265, 273.) Defendants state that they have no knowledge as to the update because Plaintiffs have conducted such nonparty correspondence and meet-and-confers without Defendants' involvement.

    *First*, after meeting and conferring telephonically on September 22, 2021, Plaintiffs sent a letter to nonparty American Communications Network ("ACN") offering to further narrow the material sought by Plaintiffs' subpoena, including by identifying certain priority categories of non-email documents and by proposing a set of further narrowed ESI custodians and search terms. On the same day, Plaintiffs sent a letter to nonparties Anne Archer Butcher and Dolphin Entertainment (collectively, the "Marketing Consultants") and ACN, reiterating Plaintiffs' position that the Marketing Consultants' putative production should be made without delay, given the lack of any privilege issues and the undisputed relevance of the documents. In an effort to progress the discussions, Plaintiffs also requested that, to the extent ACN maintains any objections, it state them with specificity, on a document-by-document basis, and that the Marketing Consultants produce the remainder of the documents without delay. ACN responded by email on September

24, 2021, stating that it would convey its positions by the following week on the outstanding issues raised by Plaintiffs. After counsel traded calls but were unable to connect, Plaintiffs followed up by email on October 14, 2021, reiterating the need to move forward given the Court-ordered deadlines. Neither nonparty has responded, and Plaintiffs respectfully reserve rights to seek the Court's intervention.

*Second*, nonparty discovery also remains outstanding from Metro-Goldwyn Mayer Studios, Inc. and JMBP, LLC (collectively, "the MGM Entities"), pursuant to this Court's orders compelling production of certain video footage and directing Plaintiffs and the MGM Entities to meet and confer regarding the timing and logistics of production (Doc. Nos. 232, 260, 273). Plaintiffs and the MGM Entities are actively meeting and conferring about these issues and reserve the right to respectfully seek the Court's guidance and/or intervention in the coming weeks.

*Third*, Plaintiffs have continued to meet and confer with counsel for the multiple nonparty Success-branded entities ("Success Entities"). Counsel for the Success Entities has represented that, in response to Plaintiffs' subpoena, they have identified a set of 60,000 documents that are responsive to the search term "Trump." Counsel for Plaintiffs and the Success Entities are continuing to meet and confer to facilitate a production as soon as possible. Plaintiffs are also meeting and conferring with nonparty The Curetivity Foundation ("Curetivity") regarding its production in response to Plaintiffs' subpoena.

The parties will submit their next joint status letter on November 26, 2021.

Respectfully submitted,

<table>
<tr><td>

/s/ John C. Quinn
Roberta A. Kaplan
John C. Quinn
Alexander J. Rodney

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
rkaplan@kaplanhecker.com
jquinn@kaplanhecker.com
arodney@kaplanhecker.com

Andrew G. Celli, Jr.
Matthew D. Brinckerhoff
O. Andrew F. Wilson
David Berman
Nick Bourland

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
600 Fifth Avenue at Rockefeller Center
New York, NY 10020
Telephone: (212) 763-5000
acelli@ecbawm.com
mbrinckerhoff@ecbawm.com
awilson@ecbawm.com
dberman@ecbawm.com
nbourland@ecbawm.com

*Attorneys for Plaintiffs*

</td><td>

/s/ Peter T. Shapiro
Peter T. Shapiro

LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street
Suite 2100
New York, NY 10005
Peter.shapiro@lewisbrisbois.com

Clifford S. Robert
Michael Farina

ROBERT & ROBERT PLLC
526 RXR Plaza
Uniondale, New York 11556
516-832-7000
crobert@robertlaw.com
mfarina@robertlaw.com

*Attorneys for Defendants*

</td></tr>
</table>