January 26, 2022

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

*Catherine McKoy, et al.* v. *Trump Corp., et al.*, 1:18-cv-9936 (LGS)

Dear Judge Schofield:

Pursuant to the Court's January 18, 2022 Fifth Amended Case Management Plan (Doc. No. 357), the parties write to update the Court on the status of the above-referenced action since the parties last filed a periodic joint status update letter on December 27, 2021 (Doc. No. 352).

**Party Discovery.** On January 18, 2022, the parties met and conferred again regarding certain deficiencies that Plaintiffs had previously noted in Defendants' prior document productions, including certain metadata issues. The parties also conferred regarding the status of other document discovery from Defendants that Plaintiffs claim is outstanding, and about Defendants' responses to Plaintiffs' first set of requests to the Individual Defendants.

*First*, the parties conferred about metadata issues and apparent gaps in the production of documents from certain custodians and time periods previously agreed and reported to the Court (*see* Doc. Nos. 198, 209, 215). Defendants reported that they were re-running their searches and expected to produce the responsive, non-privileged results with appropriate metadata and any additional responsive, non-privileged documents yielded by such searches.

*Second*, the parties conferred about Plaintiffs' list of high-priority outstanding non-email documents, which Plaintiffs provided to Defendants on December 7, 2021. (*See* Doc. No. 352.) Defense counsel noted that they had obtained a set of non-email documents that were collected by their co-counsel prior to their appearance in the case, and stated that they would re-review those materials and produce responsive, non-privileged documents, if any. Defense counsel also stated that they would produce documents reflecting all payments from ACN to Defendants. The parties also discussed Plaintiffs' request for documents and testimony provided to government investigators relating to ACN and/or the business practices of Defendants and relevant affiliates. Defendants do not agree to produce such documents and testimony, but the parties continue to confer on that issue in an effort to narrow any dispute.

*Third*, the parties discussed Defendants' Responses and Objections to Plaintiffs' First Request for Production of Documents to all Individual Defendants on November 1, 2021. Defense counsel clarified certain of their objections and stated that they would consider or consult with Defendants regarding the various matters identified in Plaintiffs' requests.

*Finally*, the parties conferred about certain proposals to amend the operative Protective Order (Doc. No. 112), including Defendants' proposal to remove certain no-longer-applicable provisions relating to Confidential Identity Information. None of the proposals discussed would

affect the ability of non-parties to invoke and rely on the Protective Order and its current standards and protections with respect to confidentiality.

As previously reported, Defendants have indicated that they may serve further party and non-party discovery.

**Plaintiffs' nonparty discovery efforts.** Plaintiffs provide the following update on their ongoing correspondence and meet-and-confers with nonparties to resolve outstanding discovery issues. (*See* Doc. Nos. 232, 260, 265, 273.) Defendants state that they generally have no knowledge as to the update because Plaintiffs have conducted such nonparty correspondence and meet-and-confers without Defendants' involvement.

*First*, on December 30, 2021, nonparty American Communications Network ("ACN"). produced 28 additional documents in response to Plaintiffs' subpoena. Plaintiffs met and conferred with ACN on January 4, 2022. ACN represented that it viewed its two December 2021 productions as sufficient to satisfy its discovery obligations as to non-email documents. Plaintiffs' review of these materials is ongoing, and they reserve all rights. Plaintiffs sent ACN a follow-up letter on January 14, 2022 regarding email documents and other ESI. On January 19, 2022, ACN responded to Plaintiffs' letter, and reported that it is in the process of engaging a discovery vendor and conducting email searches according to search terms, a custodian list, and date ranges that the parties have discussed. The meet-and-confer process remains ongoing.

*Second*, pursuant to the Court's January 6, 2022 order, Plaintiffs have continued to confer with nonparty MGM regarding the "difficulties associated with on-site review" of the unaired footage from two episodes of *The Celebrity Apprentice*. (Doc. No. 354.) On January 10, 2022, Plaintiffs informed MGM by letter that Plaintiffs hoped to resume their review in February, and that the timing will be guided by scientific reports concerning the Omicron surge. Plaintiffs also reiterated their request that MGM promptly provide copies of the footage that Plaintiffs designated during their initial four-day on-site review in December.

*Third*, Plaintiffs have continued to meet and confer with counsel for the multiple nonparty Success-branded entities ("Success Entities"). As previously reported to the Court, counsel for the Success Entities has represented that, of the 60,000 documents that are responsive to the search term "Trump," 10,000 fall within the timeframe relevant to the requests in Plaintiffs' subpoenas. Plaintiffs continue to meet and confer with the Success Entities to facilitate a production of those materials as soon as possible and reserve all rights.

*Fourth*, The Curetivity Foundation ("Curetivity") made an initial production of 13 documents and Plaintiffs provided Defendants with a copy of that production on January 21, 2022.

The parties will submit their next joint status letter on February 25, 2022.

Respectfully submitted,

/s/ Roberta A. Kaplan
Roberta A. Kaplan
John C. Quinn
Alexander J. Rodney

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
rkaplan@kaplanhecker.com
jquinn@kaplanhecker.com
arodney@kaplanhecker.com

Andrew G. Celli, Jr.
Matthew D. Brinckerhoff
O. Andrew F. Wilson
David Berman
Nick Bourland

EMERY CELLI BRINCKERHOFF ABADY WARD &
MAAZEL LLP
600 Fifth Avenue at Rockefeller Center
New York, NY 10020
Telephone: (212) 763-5000
acelli@ecbawm.com
mbrinckerhoff@ecbawm.com
awilson@ecbawm.com
dberman@ecbawm.com
nbourland@ecbawm.com

*Attorneys for Plaintiffs*

/s/ Peter T. Shapiro
Peter T. Shapiro

LEWIS BRISBOIS BISGAARD
& SMITH LLP
77 Water Street
Suite 2100
New York, NY 10005
Peter.shapiro@lewisbrisbois.com

Clifford S. Robert
Michael Farina

ROBERT & ROBERT PLLC
526 RXR Plaza
Uniondale, New York 11556
516-832-7000
crobert@robertlaw.com
mfarina@robertlaw.com

*Attorneys for Defendants*

3