**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL 212.763.0886
DIRECT EMAIL jquinn@kaplanhecker.com

March 1, 2022

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Catherine McKoy , et al.* v. *The Trump Corporation, et al.,* 18-cv-09936 (LGS)

Dear Judge Schofield:

We write on behalf of Plaintiffs in the above-referenced action, pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases ("Individual Rules"), to respectfully request provisional approval to file under seal an unredacted version of a letter request for a pre-motion conference ("Pre-Motion Letter") concerning substantial redactions that have been made by third parties Anne Archer Butcher and Dolphin Media Group (collectively, the "Marketing Consultants").

In the Pre-Motion Letter, Plaintiffs refer to information found in and quote from documents produced by the Marketing Consultants and Defendants that have been designated as "Confidential" under Paragraph 3 of the operative Protective Order (Doc. No. 112).

In accordance with Paragraph 16 of the Protective Order and this Court's Individual Rules, Plaintiffs have provisionally filed the unredacted Pre-Motion Letter under seal and have provisionally redacted references to the information designated as Confidential in the Joint Letter filed on the public docket.[1]  Pursuant to Rule I.D.3 of this Court's Individual Rules, however, the entity or entities "with an interest in confidential treatment bears the burden of persuasion." Individual Rules, Rule I.D.3.

---

[1] In accordance with Rule I.D.3, an unredacted copy of the Joint Letter, with redactions highlighted, will be filed under seal contemporaneously with this letter motion.  *See* Standing Order, 19-mc-00583 (Dec. 19, 2019); Electronic Case Filing Rules & Instructions, Rule 6.8.  Plaintiffs will timely serve the unredacted version on Defendants and the Marketing Consultants.

KAPLAN HECKER & FINK LLP                                                                 2

In this case, the Marketing Consultants and Defendants, as the entities that made the relevant confidentiality designations, have the "interest in confidential treatment." Accordingly, on February 25 and 28, 2022, counsel for Plaintiffs met and conferred with counsel for the Marketing Consultants and Defendants, respectively, concerning Rule I.D.3 of this Court's Individual Rules and the Marketing Consultants and Defendants' obligation thereunder to promptly submit a letter "explaining why" the Marketing Consultants and Defendants "seek[] to have certain documents filed in redacted form or under seal," pursuant to Rule I.D.3.

Finally, for the avoidance of doubt, Plaintiffs take no position at this time on whether the redacted information was properly designated as confidential or whether it ought to remain sealed from the public. Plaintiffs further respectfully reserve the right to challenge the relevant confidentiality designations in the future pursuant to Paragraph 15 of the Protective Order.

           Respectfully submitted,

           John C. Quinn

cc:    Counsel of Record (via ECF)
        Counsel for the Marketing Consultants (via certified overnight delivery service and email)