**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

By **March 9, 2022**, the Marketing Consultants and ACN shall file any response(s) to Plaintiffs' request for a pre-motion conference and to Plaintiffs' motion to seal, not to exceed three pages. Plaintiffs shall provide Marketing Consultants and ACN with an unredacted version of the letter motion at Dkt. No. 364. So Ordered.

Dated: March 2, 2022
       New York, New York

*/s/ Lorna G. Schofield*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

March 1, 2022

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge, Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Catherine McKoy, et al. v. The Trump Corporation, et al.,* 18-cv-09936 (LGS)

Dear Judge Schofield:

On behalf of Plaintiffs, we write to request a pre-motion conference pursuant to Rule III.A of Your Honor's Individual Rules concerning substantial redactions that have been made by third parties Anne Archer Butcher and Dolphin Media Group (collectively, the "Marketing Consultants"), at the request of ACN Opportunity, LLC ("ACN").

Dolphin Media Group is or was, according to its (now defunct) website, "an award-winning production company and full service public relations and marketing group," with "[o]ver 30 years experience in the corporate world of communications."[1] At the time of the relevant events, Ms. Butcher was its Vice President and co-owner, along with her husband. *See* TTO_003226.[2] The activities of Ms. Butcher in particular, whom ACN called a ███████ are highly relevant in this case because she acted as the ████████████████████████████ ████████████████████████████████████████████████████████████████████████████. No one has offered any evidence to suggest that Dolphin Media Group was owned by ACN or that Ms. Butcher was an officer or employee of ACN during the relevant period.

In November 2021, the Marketing Consultants made a document production to Plaintiffs. According to the accompanying privilege log, the Marketing Consultants had redacted 19 of the documents based on attorney-client privilege and/or work-product protection. The redacted documents include communications between ████████████████████████████████ ████████████████████████████████████████. *See id.* The documents relate to ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████

---

[1] *See* Dolphin Media Grp., https://web.archive.org/web/20200124210533/http://dolphinmediagroup.com.
[2] *See also* @Dolphinmedia, Twitter, https://twitter.com/dolphinmedia (last visited Feb. 25, 2022); *About Anne Archer*, Anne Archer: Ghostwriter, https://annearcherghostwriter.com/about-anne-archer (last visited Feb. 25, 2022).

**KAPLAN HECKER & FINK LLP**

2

███████████████████████████████. *See* TTO_003221.

Plaintiffs challenged the Marketing Consultants' assertion of privilege on the basis that ████████████████████████████████ were not privileged and that any privilege was necessarily waived ████████████. In response, the Marketing Consultants, asserting that the privilege "belongs to ACN," claimed that the documents were privileged because Ms. Butcher acted as ACN's "agent." Now at issue are portions of 16 documents that the Marketing Consultants have still redacted based on this assertion of privilege.[3]

The attorney-client privilege, of course, is limited to "*confidential* communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re Cty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007) (emphasis added); *see also Calvin Klein Trademark Tr. v. Wachner*, 198 F.R.D. 53, 54 (S.D.N.Y. 2000). For this reason, the privilege "is waived by the voluntary disclosure of otherwise privileged material to a third party." *In re Application Pursuant to 28 U.S.C. Section 1782 for an Ord. Permitting Christen Sveaas to Take Discovery from Dominique Levy*, 249 F.R.D. 96, 101 (S.D.N.Y. 2008). The "burden of establishing the existence of an attorney-client privilege . . . rests with the party asserting it." *Swift Spindrift, Ltd. v. Alvada Ins., Inc.*, 2013 WL 3815970, at *3 (S.D.N.Y. July 24, 2013).

There is no dispute that Ms. Butcher was a third party with respect to ACN. As a result, ██████████████████████████████ waived any privilege. To escape that straightforward conclusion, ACN and the Marketing Consultants claim that Ms. Butcher was somehow ACN's "agent." But to qualify as an "agent," a person must (1) act "subject to the principal's direction and control," and (2) "have authority to bind his principal." *FAT Brands Inc. v. PPMT Cap. Advisors, Ltd.*, No. 19 Civ. 10497, 2021 WL 37709, at *11 (S.D.N.Y. Jan. 5, 2021). Here, neither requirement is satisfied: Ms. Butcher was not subject to ACN's control and she did not have authority to bind ACN. Instead, she was engaged (and acted) as ████████████████████████████████. In other words, it would have defeated her function as ███████ if she had been subject to ACN's control in that ████████████████. *See Application*, 249 F.R.D. at 101 (finding ████████████ did not function as agent).

The record is full of evidence confirming Ms. Butcher was not an "agent" of ACN. That evidence begins with ████████████████████████████████████████████████████████████████████████████████████████████████. TTO_003226 (emphasis added). That particular choice of words carries great weight, particularly in a complex commercial agreement. *See Luminant Energy Co. LLC v. Koch Energy Servs., LLC*, No. 21 Civ. 3335, 2021 WL 3271851, at *2 (S.D.N.Y. July 30, 2021). And the ensuing communications bear this out. ████████████████████████████████████████████████████████████████

- ████████████████████████████████████████████████████████████████

---

[3] The Marketing Consultants subsequently provided unredacted versions of 3 of the 19 documents.

**KAPLAN HECKER & FINK LLP**                                                              3



■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ AAB00003002 (emphasis added).

- ■■■■■■■■■■■■■■■■■■■■■■■■■■■■ AAB00003141 (emphases added).

- ■■■■■■■■■■■■■■■■■■■■■■■■■■■■ AAB00003152 (emphases added).

■■■■■■■■■■■ these emails confirm that Ms. Butcher was not ACN's agent: it would obviously turn the law of agency on its head for ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.[4]

That is reason alone to reject ACN's claim of privilege. But there is more: even if Ms. Butcher had been ACN's agent, the privilege still would not apply, since it only extends to a third party if (1) "the client had a reasonable expectation of confidentiality in the disclosure of the material to the third party," and (2) "disclosure to the third party *was necessary for the client to obtain informed legal advice*," or "at least *highly useful*." *Application*, 249 F.R.D. at 101 (cleaned up); *see also Bloomingburg Jewish Educ. Ctr. v. Vill. of Bloomingburg*, 171 F. Supp. 3d 136, 140 (S.D.N.Y. 2016); *Calvin Klein*, 198 F.R.D. at 54 (privilege waived by disclosure to PR consultant). Critically, a "■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■" an agreement as an "intermediary" cannot possibly meet those requirements. *See Application*, 249 F.R.D. at 101. Because Ms. Butcher was ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■, none of the other limited exceptions for avoiding waiver apply. For example, there is no reason to believe that Ms. Butcher was a "functional equivalent" of an ACN employee because ACN could not negotiate its own contracts, especially given that ACN had its own in-house counsel. *See In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 219 (S.D.N.Y. 2001); *see also Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80, 88 (S.D.N.Y. 2019).

Finally, while ACN and the Marketing Consultants also assert work-product protection, that doctrine applies only to documents created "in anticipation of litigation," *Application*, 249 F.R.D. at 101, not communications concerning the negotiation or drafting of parties' contractual arrangements unrelated to prospective litigation. *See id.* (rejecting work-product protection for contract drafts). Here, there is zero evidence to suggest that the parties were anticipating litigation when the relevant contracts were being negotiated.

---

[4] The emails that the Marketing Consultants originally redacted but later produced in full confirm Ms. Butcher's role as ■■■■■■, not ACN's agent; they show ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. *See* AAB00001470, AAB00001477, AAB00002555.

KAPLAN HECKER & FINK LLP

4

Respectfully submitted,

*[signature]*

Roberta A. Kaplan

cc: Counsel of Record (via ECF)
Counsel for the Marketing Consultants (via certified overnight delivery service and email)
Counsel for ACN (via ECF and email)