

200 Park Avenue
Suite 1700
New York, NY 10166
nelson.legal

Stephanie E. Niehaus
C: 440 897 1287 • O: 212 457 1668
stephanie.niehaus@nelson.legal

March 9, 2022

VIA ECF

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *McKoy, et al. v. The Trump Corp., et al.*, Case No. 18-cv-09936 (LGS)

Dear Judge Schofield:

This firm represents non-party ACN Opportunity, LLC ("ACN"). We respectfully submit this letter on behalf of ACN and, with consent, on behalf of non-parties Anne Archer Butcher and Dolphin Entertainment (the "Marketing Consultants") pursuant to this Court's March 2, 2022 Order [ECF No. 366] directing ACN and the Marketing Consultants to respond to Plaintiffs' pre-motion letters dated March 1, 2022 [ECF Nos. 363, 365 (under seal)].

### 1. Plaintiffs Improperly Seek to Invade Non-Party ACN's Attorney-Client Privilege.

Plaintiffs request a pre-motion conference to address what Plaintiffs characterize as "substantial redactions" to documents produced by the Marketing Consultants in response to Plaintiffs' Rule 45 subpoena to them, which redactions were made at ACN's request to protect privileged communications.

Plaintiffs are incorrect both in their characterization of the redactions as "substantial," and in their basis for seeking to remove them. The Marketing Consultants produced a total of 1,467 documents—only 16 of which were redacted, in part, to shield privileged communications involving ACN's in-house counsel at the time, ACN's principals, and ACN's agent (Ms. Butcher). ACN had a reasonable expectation of confidentiality with respect to these communications, and Ms. Butcher participated in these communications so that ACN could obtain informed legal advice. *See Tower 570 Co. LP v. Affiliated FM Ins. Co*., 2021 WL 1222438, at *3 (S.D.N.Y. April 1, 2021) ("[T]he inclusion of a third party on a communication does not vitiate or waive the privilege if the third party is an agent of the client and the client … 'had a reasonable expectation of confidentiality under the circumstances' and … the disclosure 'was necessary for the client to obtain informed legal advice.'" (citation omitted)); *see also id.* (noting that the "necessity element is satisfied where the third party serve[s] some specialized purpose in facilitating the attorney-client communications" (citation and quotation marks omitted)).

Contrary to Plaintiffs' claims, Ms. Butcher was ACN's agent, not a broker acting equally on behalf of ACN and any of the Defendants. Indeed, ACN engaged and paid Ms. Butcher "to act on [its] behalf and subject to [its] control" (*Wang v. Jetson Electric Bikes LLC*, 2019 WL 7283286, at *2 (E.D.N.Y. Dec. 27, 2019) (citation omitted)), and Ms. Butcher was "the functional equivalent" of an ACN employee in the context of ACN's engagement of Mr. Trump for a period of time as a celebrity spokesperson (*In re Copper Market Antitrust Litig.*, 200 F.R.D. 213, 220 (S.D.N.Y. 2011)).[1]

The fact that ACN and Mr. Trump characterized Ms. Butcher as a "broker" in an agreement between them (TTO_003226) does not alter this conclusion. *See Wang*, 2019 WL 7283286, at *2 (when determining whether a person is an agent, "[t]he acts of a person and not the label attached may well determine in a practical sense and as a factual matter, the category into which the person falls" (internal citation omitted)). In all events, this agreement confirms that Ms. Butcher was **engaged and paid solely by ACN**. *See* TTO_003226. Plaintiffs' only other basis for attempting to overcome ACN's privilege is that, on three occasions, Ms. Butcher used the pronouns "they" and "we" in correspondence with representatives of The Trump Corporation. Ms. Butcher occasionally used the pronouns "we" and "they" when interacting with The Trump Corporation to establish rapport. This does not suggest she was acting on behalf of The Trump Corporation or any of the other Defendants in any respect. Indeed, the context of the correspondence makes clear that she was acting on behalf of ACN—in these three cases, to facilitate ACN's engagement of Mr. Trump as a speaker for an ACN convention and to obtain approval for certain publications ACN had requested regarding Mr. Trump's involvement with ACN.

Should the Court have remaining questions, ACN and the Marketing Consultants are willing to provide the communications at issue to the Court for *in camera* review.

## 2. The Documents Identified by Plaintiffs in their Submission Should Remain Confidential.

In connection with their pre-motion conference request, Plaintiffs identify a handful of documents that the Marketing Consultants designated as confidential pursuant to the operative Protective Order in this case, which extends by its terms to non-party productions [ECF No. 112]. These documents are marked AAB00003002, AAB00003141, AAB00003152, AAB00001470, AAB00001477, and AAB00002555 (the "AAB Documents"). ACN also has an interest in the confidential treatment of the AAB Documents, as they reflect communications—in some cases involving ACN's counsel and principals—related to contract negotiations and other sensitive aspects of ACN's internal business operations.

Plaintiffs take no position in their submissions regarding the confidentiality of the AAB Documents, noting only that the Court's Individuals Rules require the designating party to explain "why it seeks to have certain documents filed in redacted form or under seal." ECF No. 363; *see also* Indiv. R. I.D.3. Indeed, no party has suggested that the AAB Documents are not confidential

---

[1] Plaintiffs' cited case law is inapposite, as *FAT Brands* involved the question of whether defendants could be liable for fraud under an agency theory. *See FAT Brands Inc. v. PPMT Cap. Advisors, Ltd.*, 2021 WL 37709, at *11 (S.D.N.Y. Jan. 5, 2021) (noting that agency requirements vary depending on context).

or that there is any public interest in them—nor could they. Under the prevailing *Lugosch* standard, if a document is not a "judicial document," there is no presumption of public access, and no need for the Court to consider whether the document should be made available over an interested party's request for confidential treatment. *Lugosch v. Pyramid Co. of Onondoga*, 435 F. 3d 110, 119 (2d Cir. 2006). A document does not become a "judicial document" with a presumed right of public access just because it is filed on the Court's docket. "Documents that play no role in the performance of Article III functions, **such as those passed between the parties in discovery**, lie entirely beyond the presumption's reach and stand on a different footing than a motion filed by a party seeking action by the court or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995) (emphasis added, internal citations omitted).

On the other hand, non-parties ACN and the Marketing Consultants have a significant interest in keeping information about their internal business operations out of the public record. ACN in particular has a heightened interest in maintaining the confidentiality of its internal documents given its relative position in this case and the public attention the litigation has received. As the Court will recall, while Plaintiffs have not named ACN as a defendant to avoid certain arbitration obligations, they have placed ACN's business squarely at issue in the allegations they have made in their Complaint and other filings, their invasive discovery efforts, and their social media advertising that portrays this litigation as targeting ACN and its business model. Allowing ACN's internal documents to become public—particularly where there is no public interest in them—may subject ACN to additional unwarranted attacks on its business, compounding the collateral damage that Plaintiffs already have inflicted on ACN.

Finally, ACN has a right to confidential treatment of information under the IBO Agreements, and public disclosure of ACN's internal documents in this case may violate Plaintiffs' confidentiality obligations to ACN.[2]

Respectfully,

*Stephanie E. Niehaus*

Stephanie E. Niehaus

cc:     All Counsel of Record (via ECF)

---

[2] ACN raises this point only to underscore ACN's confidentiality interests to the Court. Any dispute concerning application of the confidentiality provisions under the IBO Agreement must be resolved through arbitration, and ACN reserves all rights in this regard.