March 25, 2022

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

    *Catherine McKoy, et al.* v. *Trump Corp., et al.*, 1:18-cv-9936 (LGS)

Dear Judge Schofield:

    Pursuant to the Court's January 18, 2022 Fifth Amended Case Management Plan (Doc. No. 357), the parties write to update the Court on the status of the above-referenced action since the parties last filed a periodic joint status update letter on February 25, 2022 (Doc. No. 359).

    **Party written discovery.** The parties have reached an impasse on certain discrete categories of documents that Plaintiffs seek from Defendants. Plaintiffs expect to file shortly a pre-motion letter seeking the Court's intervention on these issues.

    The parties have made progress, however, in narrowing certain other deficiencies that Plaintiffs had noted in Defendants' prior document productions. Specifically, on March 2 and March 9, 2022, Defendants made productions of certain videos and photographs relating to ACN.

    As previously reported, on February 23, 2022, Plaintiff served their Second Set of Interrogatories, which generally ask Defendants to identify any diligence that was done in connection with various representations about ACN, and their Second Set of Requests for Admission, which includes a single request for admission to confirm a representation from Defendants' counsel that Defendants had no policies or procedures that applied to their promotion of ACN. Defendants' response is due today, March 25, 2022.

    On March 8, 2022, Defendants served their Fourth Set of Requests for Production to Plaintiffs, including 48 separate document requests. On March 14, 2022, Defendants served their Fifth Set of Requests for Production to Plaintiffs, including 17 additional document requests. Plaintiffs will provide responses in due course and in accordance with the applicable rules.

    **Party and party-related depositions.** As previously noted, on February 11, 2022, Plaintiffs offered deposition dates in April for all of the named Plaintiffs. Defendants have asked to push those dates back in light of their recently served document requests. The parties continue to meet-and-confer on this issue.

    The parties have agreed to deposition dates for Defendants Donald J. Trump (June 16, 2022), Eric Trump (May 12, 2022), and Donald Trump, Jr. (May 10, 2022). Defendants have not yet offered a deposition date for Ivanka Trump. The parties are meeting and conferring concerning the locations and logistics of these depositions. In addition, on March 15, 2022, Plaintiffs served a revised Rule 30(b)(6) deposition notice on The Trump Corporation (having previously served a Rule 30(b)(6) notice in March 2020); Defendants have indicated that they are reviewing it. And on March 23, 2022, Defendants offered deposition dates for two former employees of The Trump Corporation. Additionally, deposition dates for the four Plaintiffs have been proposed and we expect to agree upon dates shortly.

The parties are at an impasse concerning whether Plaintiffs may take more than ten factual depositions. Plaintiffs expect to file a pre-motion letter seeking the Court's intervention on this issue.

**Plaintiffs' nonparty discovery efforts.** Plaintiffs provide the following update on their ongoing correspondence and meet-and-confers with nonparties to resolve outstanding discovery issues. (*See* Doc. Nos. 232, 260, 265, 273.) Defendants state that they generally have no knowledge as to the update because Plaintiffs have conducted such nonparty correspondence and meet-and-confers without Defendants' involvement.

*First*, as previously reported, non-party American Communications Network ("ACN") is in the process of conducting email searches according to search terms, a custodian list, and date ranges that the parties have discussed. Plaintiffs sent a letter on March 16, 2022, outlining ongoing deficiencies with respect to ACN's very limited production of key non-email documents and information responsive to Plaintiffs' subpoena. ACN has not yet responded to that letter and Plaintiffs may soon need to seek the Court's intervention. ACN also has not yet produced any emails or custodial ESI. ACN provided certain hit reports showing the number of results returned by various search terms, and Plaintiffs offered in our March 16 letter to further narrow the scope of the email search terms in response. ACN has not responded substantively to that letter, despite several follow-ups from Plaintiffs. Plaintiffs also inquired, in our March 16 letter, whether ACN's counsel would accept service of deposition subpoenas on the company and four of its co-founders and executives.

*Second*, as the Court is aware, on March 1, 2022, Plaintiffs filed a pre-motion letter concerning the redaction of certain responsive documents from the Marketing Consultants' production, and pursuant to the Court's direction, have identified a sample of documents for the Court to review *in camera*.

*Third*, as previously reported, Plaintiffs have completed their on-site review of unaired footage from two episodes of *The Celebrity Apprentice*, and have designated certain footage (under 50% of the total footage) that Plaintiffs believe is relevant for copying, with Plaintiffs bearing the reasonable costs. Nonparties Metro-Goldwyn-Mayer Studios Inc. and JMBP, LLC (together, the "MGM Entities") have copied and provided in full the media assets designated by Plaintiffs during the initial phase of their review, and Plaintiffs have produced those media assets to Defendants. Plaintiffs and MGM are meeting and conferring concerning the production of the media assets designated by Plaintiffs during the second phase of their review.

*Fourth*, Plaintiffs have continued to meet and confer with counsel for the nonparty Success-branded entities ("Success Entities"). The Success Entities are in the process of reviewing documents responsive to Plaintiffs' subpoena and have represented that they will make a production of responsive documents by April 8, 2022.

*Fifth*, Plaintiffs have continued to meet and confer with counsel for The Curetivity Foundation ("Curetivity"). As previously reported, Curetivity has made an initial production of 13 documents. That meet-and-confer process is ongoing.

The parties will submit their next joint status letter on April 22, 2022.

Respectfully submitted,

/s/ Roberta A. Kaplan
Roberta A. Kaplan
John C. Quinn
Alexander J. Rodney

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
rkaplan@kaplanhecker.com
jquinn@kaplanhecker.com
arodney@kaplanhecker.com

Andrew G. Celli, Jr.
Matthew D. Brinckerhoff
O. Andrew F. Wilson
David Berman
Nick Bourland

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
600 Fifth Avenue at Rockefeller Center
New York, NY 10020
Telephone: (212) 763-5000
acelli@ecbawm.com
mbrinckerhoff@ecbawm.com
awilson@ecbawm.com
dberman@ecbawm.com
nbourland@ecbawm.com

*Attorneys for Plaintiffs*

/s/ Peter T. Shapiro
Peter T. Shapiro

LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street
Suite 2100
New York, NY 10005
Peter.shapiro@lewisbrisbois.com

Clifford S. Robert
Michael Farina

ROBERT & ROBERT PLLC
526 RXR Plaza
Uniondale, New York 11556
516-832-7000
crobert@robertlaw.com
mfarina@robertlaw.com

*Attorneys for Defendants*