

# ARKIN SOLBAKKEN LLP

> The Court construes Plaintiffs' motion for a pre-motion conference as a motion to compel production of the redacted materials. For substantially the reasons stated by ACN, the application is **DENIED**. The communications between ACN and Anne Archer Butcher on which ACN's in-house lawyers were included fall within the scope of the common interest privilege. The redacted communications include discussions where Anne Archer Butcher and ACN had a reasonable expectation of confidentiality and included legal advice provided by an attorney or questions related to legal advice.
>
> Dated: April 5, 2022
>        New York, New York
>
> */s/ Lorna G. Schofield*
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

**Via ECF (With Addendum A Only)**
**And Hand Delivery (With All Enclosures)**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   <u>McKoy, et al. v. The Trump Corp., et al.</u>, 18-cv-09936 (LGS)

Dear Judge Schofield:

We represent non-parties Anne Archer Butcher and Dolphin Entertainment (together, the "Non-Parties"). We respectfully submit this letter on behalf of the Non-Parties and, with consent, on behalf of non-party ACN Opportunity, LLC ("ACN"). Pursuant to the Court's Order dated March 11, 2022 (Dkt. No. 369), enclosed for *in camera* review are the documents listed in Plaintiffs' letter to the Court dated March 15, 2022 (Dkt. No. 370). Portions of these documents that were redacted at ACN's request to protect privileged communications are highlighted in yellow.

By way of background, we note the following: Anne Archer Butcher is an owner of the production company, Dolphin Entertainment. Beginning in or about 1994, ACN engaged and paid the Non-Parties to produce ACN events and help promote ACN. Between approximately 2006 and 2015, Donald J. Trump spoke at and promoted some ACN events and twice showcased ACN on *The Celebrity Apprentice*. Ms. Butcher functioned as the ACN point of contact for Mr. Trump. In particular, she helped negotiate ACN's agreements with Mr. Trump, liaised with Mr. Trump and his team regarding scheduling and logistics for ACN events, helped prepare Mr. Trump for ACN events, and attended ACN events involving Mr. Trump. Not surprisingly, Ms. Butcher's success in this role required that she develop a friendly, collegial relationship with Mr. Trump and his team and establish rapport. The Non-Parties were never engaged or paid by Mr. Trump or any other Defendant. Instead, they were engaged and paid by ACN and acted on behalf and as an agent of ACN.

It is well-settled that the privilege extends to communications with an agent of the client if the client (i) "had a reasonable expectation of confidentiality under the circumstances"; and (ii) "the disclosure 'was necessary for the client to obtain informed legal advice.'" *Tower 570 Co. LP v. Affiliated FM Ins. Co.*, 2021 WL 1222438, at *3 (S.D.N.Y. April 1, 2021) (citation omitted); *In re Copper Market Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2011) ("attorney-client privilege protects communications between lawyers and agents of a client where such communications are for the purpose of rendering legal advice"); *CSC Recovery Corp. v. Daido Steel Co., Ltd.*, 1997 WL 661122, at *3 (S.D.N.Y. Oct. 22, 1997) (attorney-client privilege protects confidential "communications among clients, their attorneys, and the agents of both, for the purpose of seeking


ARKIN SOLBAKKEN LLP

"communications among clients, their attorneys, and the agents of both, for the purpose of seeking and rendering legal advice"). The "necessity element is satisfied where the third party serve[s] some specialized purpose in facilitating the attorney-client communications." *Tower*, 2021 WL 1222438, at *3 (citation and quotation marks omitted)). An agency relationship exists if the client allows the third party to "act on [its] behalf and subject to [its] control" (*Wang v. Jetson Electric Bikes LLC*, 2019 WL 7283286, at *2 (E.D.N.Y. Dec. 27, 2019) (citation omitted)), and/or the third party is "the functional equivalent" of the client's employee (*In re Copper*, 200 F.R.D. at 220).

Here, the redacted communications involve ACN's in-house counsel at the time (Colleen Jones), ACN's principals, and ACN's agent (Ms. Butcher). In AAB00002436, Ms. Butcher requests Ms. Jones's legal advice regarding a draft agreement for an episode of *The Celebrity Apprentice* that would showcase ACN. In AAB00003221, AAB00003223, AAB00003234, AAB00003283, AAB00001418, and AAB00003292, Ms. Butcher requests and obtains Ms. Jones's legal advice and comments to a draft agreement pursuant to which Mr. Trump would speak at ACN events. In AAB00003290, AAB00003292, AAB00003353, and AAB00003364, Ms. Butcher requests Ms. Jones's legal advice and provides updates to Ms. Jones on the status of her negotiations with Mr. Trump regarding this draft agreement so that ACN could obtain informed legal advice and finalize its agreement with Mr. Trump.

As Mr. Trump's "ACN point of contact" who helped negotiate ACN's agreements with him, Ms. Butcher had information that was necessary for ACN to obtain informed legal advice. The context of these communications makes clear that Ms. Butcher was acting on behalf of ACN as "the functional equivalent" of an ACN employee with respect to the transactions at issue—in one case, to facilitate ACN's appearance on *The Celebrity Appearance*, and in the remaining cases, to facilitate ACN's engagement of Mr. Trump as a speaker for ACN. ACN had a reasonable expectation of confidentiality with respect to these communications. For all these reasons, the Non-Parties and ACN respectfully submit that the highlighted portions of the enclosed documents are privileged. *See, e.g., Tower*, 2021 WL 1222438, at *3; *In re Copper*, 200 F.R.D. at 219-20 (attorney-client privilege protects communications involving third party who was "the functional equivalent of [the client's] employee" and that were made for the purpose of facilitating the rendition of legal services to the client); *CSC Recovery*, 1997 WL 661122, at *4-5 (attorney-client privilege protects the "transmittal of legal advice through [an agent of the client]" and the conveyance of information from client's agent to client's counsel).

Excerpts of the Non-Parties' privilege log pertaining to the redactions at issue are attached at Addendum A hereto. We are available to provide any further information that the Court may find helpful.

Respectfully submitted,

*Deana Davidian*

Deana Davidian

Enc.