# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

April 8, 2022

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *Catherine McKoy, et al. v. The Trump Corporation, et al.,* 18-cv-09936 (LGS)

Dear Judge Schofield:

        We write on behalf of Plaintiffs to respectfully request a pre-motion conference pursuant to Rule III.A of Your Honor's Individual Rules concerning Plaintiffs' renewed request for leave to take up to 25 factual depositions. Pursuant to the Court's order, ECF No. 377, Plaintiffs met and conferred again with Defendants on March 30 to attempt to resolve this dispute. Among other things, Plaintiffs explained that Plaintiffs' request for 25 depositions was inclusive of all five Defendants, and Trump-affiliated employees, and all non-parties. Still there was no room for compromise, and Defendants refused to agree to any departure from the default limit of ten depositions total. Accordingly, Plaintiffs file this letter to respectfully seek the Court's assistance.

        Plaintiffs previously sought leave to take 25 factual depositions in February 2020, at the same time that Plaintiffs sought relief from default rules limiting production of electronically-stored information ("ESI") to 10 custodians. *See* ECF No. 185. During a conference on March 12, 2020, the Court observed that the default rules, including with respect to "the duration and number of depositions," "are not one size fits all for all cases." ECF No. 233 at 10:2-17. Nevertheless, noting that it made sense for Plaintiffs "to just get your documents first…and then deal with the deposition issue," *id*. at 13:15-17, the Court deferred decision on the deposition limit, while at the same time waiving its default limits concerning ESI custodians and timeframe. *See* ECF No. 198.

        The issue of how many depositions Plaintiffs can take is now ripe for decision, given the upcoming deadlines. Plaintiffs seek to take the following depositions and are prepared to make any additional submission or showing that may assist the Court in considering this request:

<u>Defendants.</u> Plaintiffs intend to depose the **five** Defendants, namely Individual Defendants Donald J. Trump, Ivanka Trump, Eric Trump, Donald Trump, Jr., as well as The Trump Corporation

**KAPLAN HECKER & FINK LLP**

2

pursuant to Federal Rule of Civil Procedure 30(b)(6).[1] Discovery to date has confirmed that ███████████████████████████████████████████████████████████████████████████████ The parties are conferring about dates for the Individual Defendant depositions to take place in May and June 2022.

<u>Trump Corporation Employees.</u> Plaintiffs also seek to depose **six to eight** employees or former employees of The Trump Corporation or its affiliates, including but not limited to Rhona Graff, former Senior Vice President and Assistant to the President of the Trump Organization (i.e., Donald J. Trump), and Lynne Patton, former assistant to Eric Trump and Supervisor of ETF, both of whom have hundreds of relevant communications, as well as several other employees in distinct roles or departments that touched the ACN relationship in substantial ways, such as marketing, communications, media, legal, and finance. Nearly all of these individuals are already ESI custodians—and discovery to date has confirmed that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

<u>Ms. Butcher.</u> Plaintiffs intend to depose Anne Archer Butcher, who was, as recent filings from Plaintiffs and Ms. Butcher make clear, a key broker who communicated extensively with both ACN and Defendants and actively facilitated their relationship. ECF Nos. 364, 371. Plaintiffs will, of course, be mindful of the Court's recent order concerning certain specific communications that were withheld on the basis of privilege, ECF No. 380, but as the prior productions make clear, Ms. Butcher engaged in numerous other non-privileged and highly relevant communications.

<u>ACN Employees.</u> Plaintiffs also seek to depose **five to six** ACN co-founders, corporate representatives, and key employees, in addition to the two ACN former employees that Plaintiffs already deposed in February 2020.[2] Plaintiffs are diligently pursuing document discovery from ACN, which has not yet begun producing custodial ESI, but search term hit reports recently provided by ACN indicate that these executives and employees each possess extensive, relevant information. ████████████████████████████████████████ What's more, materials that have been produced in discovery, including documents produced by Defendants and multiple non-parties, as well as unaired footage from *The Celebrity Apprentice* reviewed by Plaintiffs, ███████████████████████████████████████████████████████████████████████████████████

<u>*The Celebrity Apprentice* Contestants.</u> Finally, Plaintiffs intend to depose **three to four** *Celebrity Apprentice* contestants who appeared on the episodes promoting ACN. Plaintiffs' on-site review

---

[1] Plaintiffs note that "a Rule 30(b)(6) deposition should 'be treated as a single deposition even though more than one person may be designated to testify.'" *In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646, 2013 WL 4505259, at *3 (S.D.N.Y. Aug. 23, 2013) (quoting Fed. R. Civ. P. 30 advisory committee's note (1993 Amendments)).

[2] ACN has indicated that it will oppose any depositions of its executives or employees, and will agree only to a single deposition pursuant to Rule 30(b)(6). By this letter, Plaintiffs seek only relief from the default limit concerning depositions. Plaintiffs will meet and confer as appropriate with ACN and others concerning specific depositions and will bring any dispute to the Court in due course.

**KAPLAN HECKER & FINK LLP**

3

of footage has shown that these contestants had significant involvement in promoting the ACN business opportunity and engaged in highly relevant discussions, including discussions in which they asked questions or voiced concerns about the business opportunity and the nature of Defendants' endorsement of ACN.

It is well settled that a request for leave to take additional depositions beyond the default limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i) must be granted, unless (1) "the additional depositions would be unreasonably cumulative or duplicative," (2) "the requesting party had a prior opportunity in discovery to obtain the information sought," or (3) "the burden or expense of additional depositions would outweigh any likely benefit." *In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646, 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013). None of those circumstances is present here.

*First*, Plaintiffs' proposed depositions are not unreasonably cumulative or duplicative. As outlined above, the individuals whom Plaintiffs seek to depose played distinct and significant roles in—and/or had distinct perspectives on—the complex scheme at issue. *See, e.g.*, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. AP 08-01789, 2019 WL 654293, at *12 (Bankr. S.D.N.Y. Feb. 15, 2019) (holding that depositions would not be cumulative because "[a]lthough each proposed deponent worked at BLMIS, they did not perform identical functions").

*Second*, Plaintiffs have not previously had the opportunity to obtain the information they seek through these additional depositions—not only because context and testimony from key players is invaluable, but also because Defendants have only produced a few thousand documents and Defendant Donald J. Trump apparently had a practice of avoiding the use of email altogether. *See, e.g.*, Supplemental Verified Petition ¶ 347, *People v. The Trump Organization, Inc.*, Index No. 451685/2020 (N.Y. Sup. Ct. Jan. 18, 2020), Doc. No. 358; *see also* Laura Italiano, *NY AG Letitia James complains subpoena-defying Donald Trump has turned over just ten business documents in 2 years*, INSIDER (Mar. 28, 2022).

*Third*, the burden of additional depositions would not outweigh the benefit of those depositions. To the contrary, permitting Plaintiffs to take 25 factual depositions would be proportional to the complexity of this particular case, which concerns a decade-long scheme by five Defendants and an array of affiliates to defraud tens of thousands of members of the putative class through a series of promotional appearances and false and misleading statements across print, video, and other channels. For analogous reasons, courts in this District regularly permit parties to exceed the deposition limit in complex cases like this one. *See, e.g.*, *Travelers Indemnity Co. v. Northrop Grumman Corp.*, No. 1:12 Civ. 03040, ECF No. 210 (S.D.N.Y June 5, 2013) (Forrest, J.) (permitting 29 depositions of defendant's employees and former employees, plus third-party depositions); *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.*, 1:14 Civ. 04394, ECF No. 322 (S.D.N.Y. Jan. 19, 2017) (Moses, M.J.) (permitting 25 depositions per side); *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, No. 01 Civ. 3016, 2002 WL 1835439, at *2 (Pitman, M.J.) (S.D.N.Y. Aug. 8, 2002) (noting limit of 30 depositions per side); *Weinstein v. Nortel Networks*, No. 1:01-cv-01855, ECF No. 126 (S.D.N.Y. Mar 02, 2001) (permitting plaintiffs to take 40 depositions).

KAPLAN HECKER & FINK LLP

4

Respectfully submitted,

Roberta A. Kaplan

cc:   Counsel of Record (*via* ECF)