# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

| DIRECT DIAL | 212.763.0886 |
| --- | --- |
| DIRECT EMAIL | jquinn@kaplanhecker.com |

By **April 18, 2022**, ACN shall file a response, not to exceed two pages.  So Ordered.

Dated:  April 13, 2022
         New York, New York

*[signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

April 12, 2022

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge, Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *Catherine McKoy, et al., v. The Trump Corporation, et al.*, 18-cv-09936 (LGS)

Dear Judge Schofield:

We write to update the Court on a new development of which we just became aware.  It appears that on April 5, 2022, ACN, apparently represented by different counsel than their counsel in this action, submitted demands for arbitration against each of the Plaintiffs.  Although we have been regularly emailing and meeting and conferring with ACN's counsel in this matter in recent days (including before and after April 5), we did not receive any notice of these submissions until we received hard copies via FedEx today.

While we are still reviewing the arbitration demands, it appears that ACN is essentially rehashing the arguments it made previously—and unsuccessfully—to this Court, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court (where ACN was denied a stay, and then elected not to file a petition for a writ of certiorari).

More specifically, in the newly-filed arbitration demands, ACN argues that Plaintiffs' claims against Defendants in this action constitute an arbitrable dispute with ACN, and that ACN's discovery obligations in this action should be resolved in arbitration, rather than by this Court.  *See*, *e.g.*, McKoy Demand ¶ 25 (asserting that "the SDNY Action" itself "raises a dispute arising out of the IBO Agreement" in breach of the arbitration provision, and that ACN is "being subjected to invasive public discovery and expense that it expressly bargained to avoid").[1]  Based on these allegations, ACN seeks, among other things, an injunction that would prohibit each Plaintiff "from litigating or pursuing [his/her] dispute with ACN in any other forum."  *Id*. at 10, Prayer for Relief ¶ 1.  While the arbitration demands are not a model of clarity, it appears that

---

[1] Pursuant to Rule I.B.1 of this Court's Individual Rules and Procedures, Plaintiffs have not appended copies of the demands themselves—which appear substantially the same—to this letter.  Of course, should the Court wish to review those materials, we will submit them promptly.

**KAPLAN HECKER & FINK LLP**

2

ACN is again seeking to interfere with Plaintiffs' ability both to litigate their claims against Defendants in this Court generally, and to obtain discovery from ACN specifically—both things that this Court has repeatedly held that Plaintiffs are entitled to do. *E.g.*, ECF No. 232; *see also* ECF No. 229.

Accordingly, we respectfully submit this letter to provide immediate notice to the Court given the affront to this Court's jurisdiction on bases that ACN knows have already been rejected. Of course, given that we just learned about these demands, we reserve all rights to seek appropriate relief from the Court, including but not limited to sanctions for contempt of this Court's prior orders.

Notwithstanding the above, we will continue to meet and confer with the counsel representing ACN in this action in an effort to continue progressing document discovery without interruption or delay, as Your Honor has instructed.

Respectfully submitted,

John C. Quinn

cc: Counsel of Record (via ECF)
Counsel for ACN (via ECF and email)