

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

April 15, 2022

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, New York  10007

      Re:   *Jane Doe, et al. v. Trump Corp., et al.*
              Case No. 1:18-cv-9936 (LGS)

Dear Judge Schofield:

      We write on behalf of Defendants to address Plaintiffs' April 8, 2022 request for a pre-motion conference as to a discovery dispute concerning the number of depositions that Plaintiffs seek to conduct herein [DE 383].

      Preliminarily, we note that Plaintiffs have subverted Your Honor's rules governing the submission of discovery disputes by submitting two separate letter motions concerning both the above-referenced dispute and a separate dispute concerning document-request responses and production.  Those disputes should have been raised in a single letter. We will, however, respond separately to each letter.

      Plaintiffs submit that they should be permitted to take as many as 25 depositions. They concede that doing so would require a departure from the ten-depositions-per-side limit imposed by Federal Rule of Civil Procedure ("FRCP" or "Rule") 30(a)(2)(A)(i) which, if the parties do not agree, requires leave of court.  Magistrate Judge Davison's recent discussion of the guiding principles underlying the application of this Rule, is instructive. In *Galgano v. Cnty. of Putnam,* No. 16 Civ. 3572, 2021 WL 2138759 (S.D.N.Y. May 26, 2021), the Court summarized the Rule as follows:

> The Federal Rules of Civil Procedure presumptively limit to ten the number of depositions that each side may conduct. The purpose of Rule 30(a)(2)(A) is to enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery.'  Accordingly, the mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual.  Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure sets forth the factors the Court should consider when a party seeks to exceed the ten deposition limit imposed by Rule

Hon. Lorna G. Schofield
April 15, 2021
Page 2

> 30(a)(2)(A)(I), including whether (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less extensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, and (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.
>
> *Id.* at *1 (citations, internal quotation marks and alterations omitted); *see In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646 (LAK) (JCF), 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013) ("*Weatherford*") (request for additional depositions made "in good faith and … reasonably calculated to lead to the discovery of admissible evidence … must also be reasonable under the    factors set forth in Rule 26(b)"); *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*,    No. 05 Civ. 5741 (HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005) ("Although a witness might have discoverable information, a party is not always entitled to depose that individual.").

The Magistrate Judge ruled there "that granting the [movants] *carte blanche*" to "conduct three times the presumptive maximum number of depositions … would undermine Rule 30(a)(2)(A)(i)'s objective of promoting a cost-effective approach to discovery and would instead indorse a profligate, 'scorched earth' approach." 2021 WL 2138759, at *2.

Plaintiffs' letter in support reveals that they are embarked on a fishing expedition, and are essentially asking this Court to charter their fishing vessel with no set course or known destination. Simply put, they have not stated any valid basis to exceed the ten-deposition limit at this time. It is possible that the witnesses Plaintiffs wish to depose might possess discoverable information, but that possibility alone is not sufficient. *See Weatherford, 2*013 WL 5762923, at *2; *Commodity Futures*, 2005 WL 3030816, at *1. The testimony is likely to be cumulative, may be obtained via other methods, and Defendants would be burdened by having to defend multiple, likely cumulative depositions. *See Raba v. Suozzi,* No.  CV 06-1109 (DRH) (AKT), 2006 WL 8435603, at *1 (E.D.N.Y. Nov. 17, 2006) (motion for additional depositions failed to "demonstrate why these depositions would not be cumulative or duplicative, or whether this information will be attainable from any of the prior ten depositions to be taken"); *Sigala v. Spikouris*, No. 00 CV 0983(ILG), 2002 WL 721078, at *4 (E.D.N.Y. Mar. 7, 2002) (movant failed to provide "evidence beyond pure speculation" that additional depositions would not be cumulative).

Given the foregoing, Defendants submit that the issue of how many depositions are needed should be addressed only after the presently-contemplated and agreed-upon depositions of Defendants and certain formerly-affiliated persons have gone forward. Notably, this extraordinary request is being made prior to any of the Defendants having been deposed. Plaintiffs do not yet know what information will be revealed during the Defendants' depositions; it may well be the case that all or most of the information Plaintiffs need will be revealed during those depositions and a handful of others to which Defendants have agreed.

Hon. Lorna G. Schofield
April 15, 2021
Page 3

In that regard, Plaintiffs' letter fails to note that Defendants have agreed to cooperate and arrange the depositions of two of the individuals whose depositions Plaintiffs seek, Rhona Graff and Lynn Patton, as well as Amanda Miller, another individual whom Plaintiffs sought to depose, despite the fact that those individuals are no longer employed by the Trump Corporation.

Plaintiffs' letter reflects that they are not seeking to proceed prudently or within reason, and that they do not have a sufficient basis for a preemptive ruling permitting so many depositions to proceed given the foregoing law and rules. In order to justify each deposition beyond the ten-deposition limit, Plaintiffs should be required to provide more detail as to each proposed deponent, viz., what probative information they expect each such witness to offer, the factual basis of that expectation, and why that information cannot be obtained from the any of the first ten witnesses. Instead, Plaintiffs simply conclusorily assert that they are entitled to depositions of ACN personnel without any indication as to whether they really need more than one, perhaps two, such depositions. Similarly, they seek depositions of unidentified Celebrity Apprentice contestants without any indication as to which contestants might have relevant knowledge beyond what may be obtained from other sources, or as to why those individuals' testimony is necessary. *See Commodity Futures,* 2005 WL 3030816, at *1 (party seeking to exceed deposition limit must show why it is necessary). Plaintiffs' wish to leave no stone unturned in a necessarily unproductive frolic and detour, just in case other witnesses have information that might support their baseless claims for relief, is not nearly sufficient to justify a departure from the presumptive limit under Rule 30(a)(2)(A)(i).

While Plaintiffs are correct that judges in other cases before this Court have permitted multiple depositions, in those cases Plaintiffs cite the parties consented to multiple depositions; even absent consent to a specific number, the parties in each case mutually agreed that more than 10 depositions were necessary. In *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.,* 1:14 Civ. 04394, ECF No. 322 (S.D.N.Y. Jan. 19, 2017), a RMBS[1] case, when addressing the issue of the total number of depositions to be taken and how they would be determined,. the plaintiff acknowledged that "courts routinely allow parties additional depositions *in RMBS cases.*" *Id.*, ECF No. 315 (emphasis added). By contrast, the instant case is not similarly complex, and Defendants do not consent to the issuance of a broad order granting Plaintiffs leave to conduct as many depositions as they wish.

It is respectfully submitted that Plaintiffs should identify the ten most critical depositions they need. If they have a good-faith basis to seek additional depositions thereafter, Defendants would certainly be willing to meet and confer, such that Plaintiffs would only need to seek leave if the parties cannot agree at that time as to any reasonable request to exceed the limit.

---

[1] "RMBS" stands for "residential mortgage-backed securities."

Hon. Lorna G. Schofield
April 15, 2021
Page 4

    Thank you for your attention to this matter.

                                              Respectfully,

                                              /s/ Peter T. Shapiro

                                              Peter T. Shapiro

cc:    all counsel of record (via ECF)