

200 Park Avenue
Suite 1700
New York, NY 10166
nelson.legal

Stephanie E. Niehaus
C: 440 897 1287 • O: 212 457 1668
stephanie.niehaus@nelson.legal

April 18, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *McKoy, et al. v. The Trump Corp., et al.*, Case No. 18-cv-09936 (LGS)

Dear Judge Schofield:

This firm represents non-party ACN Opportunity, LLC ("ACN") in these proceedings. We write in response to Plaintiffs' letter of April 12, 2022 [ECF No. 390], which purports to "update" this Court on the fact that ACN recently initiated individual arbitration proceedings with the American Arbitration Association ("AAA") against each of the named Plaintiffs. While acknowledging that ACN's arbitration demands were still under review, Plaintiffs nonetheless assert in the April 12 letter that "it appears that ACN is again seeking to interfere with Plaintiffs' ability both to litigate their claims against Defendants in this Court generally, and to obtain discovery from ACN specifically," and go so far as to threaten "sanctions for contempt of this Court's prior orders"

As this Court knows, each of the named Plaintiffs in this case alleges that s/he was, at varying times between 2012 and 2016, enrolled as an Independent Business Owner ("IBO") with ACN. Prior to enrolling, each Plaintiff signed an IBO Agreement, which requires that any disputes "arising out of or relating to" the IBO's relationship with ACN be resolved exclusively through confidential arbitration administered by AAA. Without divulging the confidential bases of its pending claims, through the actions just filed with AAA, ACN seeks to resolve disputes with its former IBOs pursuant to the terms of their IBO Agreements—as ACN is entitled to do.

ACN recognizes that both this Court and the Second Circuit determined that this Court lacked the subject-matter jurisdiction to compel Plaintiffs' discovery disputes with ACN in this case to arbitration. But nothing in this Court's prior Orders or the Second Circuit's July 2021 decision restricts ACN from independently initiating arbitration to enforce its rights *vis-à-vis* any of its former IBOs in accordance with their contractual agreements. To the extent the named Plaintiffs believe that ACN's petitions against them in AAA seek relief that has been foreclosed

The Honorable Lorna G. Schofield
April 18, 2022
Page | 2

by *res judicata* or otherwise, the proper mechanism to raise that argument is by motion in the AAA proceedings.[1]

To be clear, ACN does not seek to circumvent any of this Court's Orders or to interfere with this Court's jurisdiction. In fact, ACN has expended an extraordinary amount of time and resources responding to Plaintiffs' discovery requests and myriad follow up requests over the past months, and has cooperated, for example, by accepting service of Plaintiffs' deposition subpoenas to ACN's four founding executives.[2] ACN intends to comply with its discovery obligations in this case, within the confines of the applicable Rules and this Court's direction.[3] But ACN has not waived and does not waive its right to pursue claims and seek relief—in an appropriate forum—for Plaintiffs' breaches of their contractual agreements with ACN and other damaging conduct directed at ACN.

Respectfully,

*/s/ Stephanie E. Niehaus*

Stephanie E. Niehaus

cc:  All Counsel of Record (via ECF)

---

[1] Although quick to file a letter about the arbitrations on this Court's public docket, Plaintiffs' counsel have not appeared in the AAA proceedings or even indicated whether they intend to represent the individual Plaintiffs there.

[2] ACN accepted service of these subpoenas as a courtesy, while reserving all rights and objections.

[3] ACN notes that, although this Court previously held that ACN is required to "produce relevant documents consistent with the dictates of Rule 26 concerning the scope of discovery," the Court also recognized that "it's not appropriate to burden third parties with requests that are overly broad," observed that Plaintiffs' initial requests to ACN were overbroad, and directed Plaintiffs to meet and confer with ACN to reduce the burdens of their discovery. *See* Tr. of Apr. 9, 2020 Remote Teleconference at 20-22. ACN rejects the notion that it has not cooperated in discovery, and will respond more fully to Plaintiffs' letter alleging deficiencies in ACN's discovery responses [ECF No. 397] by April 22, 2022 as directed by the Court.