

200 Park Avenue
Suite 1700
New York, NY 10166
nelson.legal

Stephanie E. Niehaus
C: 440 897 1287 • O: 212 457 1668
stephanie.niehaus@nelson.legal

April 19, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:**   *McKoy, et al. v. The Trump Corp., et al.*, Case No. 18-cv-09936 (LGS)

Dear Judge Schofield:

This firm represents non-party ACN Opportunity, LLC ("ACN") in these proceedings. On April 15, 2022, Plaintiffs filed redacted and unredacted versions of a letter concerning certain discovery they seek from ACN [ECF Nos. 396, 397] (the "Discovery Letter"). ACN will respond to the substance of the Discovery Letter by April 22 as directed by the Court [ECF No. 388]. ACN respectfully submits this letter, pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases (the "Individual Rules"), to request that the redacted portions of the Discovery Letter remain sealed in the public record.

ACN requests continued confidential treatment of the redacted portions of the Discovery Letter, as they contain quotations from and purport to characterize[1] certain statements from a confidential Declaration that ACN provided in response to Plaintiffs' discovery requests to ACN relating to ACN's internal business operations and record-keeping.

Plaintiffs take no position in their submissions regarding the confidentiality of the redacted information, noting only that the Court's Individuals Rules require the designating party to explain "why it seeks to have certain documents filed in redacted form or under seal." ECF No. 395; *see also* Indiv. R. I.D.3. Indeed, no party has suggested that the redacted information is not confidential or that there is any public interest in the information—nor could they. Under the prevailing *Lugosch* standard, if a document is not a "judicial document," there is no presumption of public access, and no need for the Court to consider whether the document should be made available over an interested party's request for confidential treatment. *Lugosch v. Pyramid Co. of Onondoga*, 435 F. 3d 110, 119 (2d Cir. 2006). A document does not become a "judicial document" with a presumed right of public access just because it is filed on the Court's docket. "Documents

---

[1] ACN disputes Plaintiffs' characterization of these statements, which it will address in its substantive response.

The Honorable Lorna G. Schofield<br>
April 19, 2022<br>
Page | 2

that play no role in the performance of Article III functions, **such as those passed between the parties in discovery**, lie entirely beyond the presumption's reach and stand on a different footing than a motion filed by a party seeking action by the court or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995) (emphasis added, internal citations omitted).

On the other hand, non-party ACN has a significant interest in keeping information about its internal business operations out of the public record. ACN has a particularly heightened interest in maintaining the confidentiality of its internal documents given its relative position in this case and the public attention the litigation has received. While ACN is not named as a defendant, Plaintiffs have placed ACN's business squarely at issue with the allegations they have made in their Complaint and other filings, their invasive discovery efforts, and their social media advertising that portrays this litigation as targeting ACN and its business model. Allowing ACN's internal information to become public—particularly where there is no public interest in the information—may subject ACN to additional unwarranted attacks on its business, compounding the collateral damage that Plaintiffs already have inflicted on ACN.

Finally, ACN has a right to confidential treatment of information under the IBO Agreements, and public disclosure of ACN's internal documents in this case may violate Plaintiffs' confidentiality obligations to ACN.[2]

Respectfully,

*Stephanie Niehaus*

Stephanie E. Niehaus


cc:   All Counsel of Record (via ECF)

---

[2] ACN raises this point only to underscore ACN's confidentiality interests to the Court. Any dispute concerning application of the confidentiality provisions under the IBO Agreement must be resolved through arbitration, and ACN reserves all rights in this regard.