# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER, 10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000 | FAX: (212) 763-5001
www.ecbawm.com

By **September 23, 2022,** Defendants shall file a
response, not to exceed three pages. So Ordered.

**Via ECF**

Dated: September 19, 2022
New York, New York

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:     *McKoy, et al. v. The Trump Corporation, et al.*, No. 18 Civ. 09936

Dear Judge Schofield:

Together with Kaplan Hecker & Fink LLP, on behalf of Plaintiff Millard Williams, and pursuant to Rule III.A.I of this Court's Individual Rules, we request a pre-motion conference on or before September 30, 2022 concerning Plaintiff Millard Williams' voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

Mr. Williams, one of the four named Plaintiffs in this putative class action, and one of two pursuing claims under California law, informed counsel in writing that he no longer wished to proceed as a named Plaintiff in this action on July 29, 2022. Counsel informed Defendants on August 3. Dismissal should be granted because it will not prejudice Defendants; and Defendants' demand to condition dismissal on Mr. Williams' deposition is inappropriate and unworkable.

### *Defendants Will Not Be Prejudiced by Mr. Williams' Voluntary Dismissal*

Mr. Williams' voluntary dismissal will cause no prejudice to Defendants, let alone the "substantial prejudice" required to deny Mr. Williams' request. Virtually nothing will change. To date, Mr. Williams has diligently prosecuted his case alongside his co-Plaintiffs, and has timely responded to Defendants' discovery requests, including document requests and interrogatories; Defendants have identified no deficiencies or outstanding requests. The discovery that Plaintiffs have pursued has been identical for all four of them. And another Plaintiff will continue to pursue California state law claims on behalf of the putative class. As a result, neither the claims nor the scope of the issues will change, and Mr. Williams' dismissal will not cause Defendants to have wasted any resources in defending his claims.

An action may be dismissed by the plaintiff "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." *Id.* In the Second Circuit, the "presumption . . . is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

substantial prejudice as a result." *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017). Thus, "[t]he focus of the analysis on a motion for voluntary dismissal is prejudice to the defendant." *Id.*

Courts in this Circuit consider five factors in determining whether a defendant will suffer prejudice upon a plaintiff's voluntary dismissal: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990). These factors support Mr. Williams' dismissal.

**1. Mr. Williams acted diligently.** "The issue of diligence is not about whether [the plaintiff's] claims have been pending for a certain length of time, but whether [he] has acted diligently in pursuing [his] claims" while they were pending. *Shaw Fam. Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05 Civ. 3939, 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008). Thus, "[e]ven where litigation has been pending for four years, courts have not found that to be dispositive evidence that a party was not diligent." *Id.*; *see BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 124 (S.D.N.Y. 2000) (granting motion for voluntary dismissal even though plaintiff filed her motion "at the trial-ready stage"). Here, Mr. Williams has been diligent in the conduct of discovery in all respects. And Plaintiff's counsel informed Defendants of Mr. Williams' intent to withdraw without delay and well before any discovery deadlines. Expert discovery does not close for nearly five months, *see* Dkt. 465, Plaintiff's motion for class certification is due over six months from now, *see id.*, and the Court has not yet set a summary judgment deadline.

**2. Mr. Williams is not "unduly vexatious."** Mr. Williams also is not vexatious in pursuing his motion for voluntary dismissal. "[V]exatiousness refers to instances in which the case was brought to harass the defendant or the plaintiff had ill-motive." *Paulino*, 320 F.R.D. at 110. Mr. Williams did not file this suit to harass Defendants: he was injured by Defendants' conduct, *see* SAC ¶¶ 220-34, and his state-law claims survived Defendants' motion to dismiss, *see* Order, Dkt. 97. Mr. Williams also did not have any ill-motive, such as where:

> the plaintiff never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed, thereby seeking the advantage of filing its charges without having to support them; or where the plaintiff filed duplicative actions relating to the same injury; or where the plaintiff assured the court it would proceed with its claims but then go[es] back on their word and seeks dismissal.

*Paulino*, 320 F.R.D. at 110. None of these scenarios apply here.

**3. Dismissal will not waste resources.** Where one of multiple plaintiffs seeks voluntary dismissal from a putative class action under Rule 41(a)(2) and "discovery and pre-trial activity in [the] case has been more or less identical for all of the [] plaintiffs," that plaintiff's dismissal does not cause prejudice to defendants. *BD*, 193 F.R.D. at 124. Here, the remaining Plaintiffs will use the discovery they have obtained "in the name of all [four] original [P]laintiffs," *id.*, and will proceed on the same claims against the same Defendants, who will have wasted no expense

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

preparing for trial. Plaintiff McKoy, in particular, will use Plaintiffs' discovery in her prosecution of the same California-law claims that Mr. Williams asserted against Defendants.

**4. There is no risk of duplicative relitigation.** Mr. Williams will proceed as a member of the putative class if his dismissal is granted without prejudice, as is the default under Rule 41. And eve if Mr. Williams' allegations were relevant to a future case (something there is no basis to imagine), his discovery would remain relevant. *See Jaskot v. Brown*, 167 F.R.D. 372, 374 (S.D.N.Y. 1996).

**5. Mr. Williams has an adequate reason for his dismissal.** Mr. Williams wishes to end his participation in this case as a named Plaintiff and does not wish to serve as a class representative, which, as the Court knows, would require him to commit significant time and resources to fairly and adequately protecting the interests of the class. It is in the interest of all parties, and of the putative classes, for Mr. Williams to make that decision now, rather than undertaking a role he is not prepared to fulfill. Courts have found adequate reason for voluntary dismissal in a variety of circumstances, including where a lawsuit is "negatively affecting [the plaintiff's] life and mental well-being," *Morgan v. Town of Dewitt*, No. 12 Civ. 1136, 2013 WL 5217947, at *3 (N.D.N.Y. Sept. 16, 2013), or where the plaintiff no longer wishes to pursue their claims due to illness, *see Shah v. RBC Cap. Markets Corp.*, No. 10 Civ. 7672, 2011 WL 2638139 (S.D.N.Y. July 5, 2011). Regardless of the particular reason offered, "any shortcomings in plaintiff's explanation are not sufficient to overcome the other four factors, because the final *Zagano* factor . . . is alone not dispositive." *Paulino*, 320 F.R.D. 107 at 112.

### Defendants' Effort to Condition Mr. Williams' Dismissal Is Inappropriate and Unworkable

Prior to filing this letter, Plaintiffs sought consent from Defendants to voluntarily dismiss Mr. Williams by stipulation under Rule 41(a)(1)(A)(ii). Defendants refused to stipulate to dismiss Mr. Williams unless Plaintiffs' counsel agreed to produce Mr. Williams for a deposition following his dismissal. But as noted above, Mr. Williams informed Plaintiffs' counsel that he does not want to proceed as a Plaintiff in this suit. As a result, Plaintiffs' counsel is unable to secure Mr. Williams' voluntary appearance at a deposition. Regardless, Mr. Williams' dismissal will not prejudice Defendants, who can subpoena Mr. Williams like any other non-party witness.

It is standard practice in these circumstances for a plaintiff to be dismissed and for the adversary to then pursue a deposition. Plaintiffs' counsel can provide Defendants Mr. Williams' last known address "so that, in the event it bec[omes] necessary to do so during the course of the remaining litigation, a subpoena may be served upon [him] to compel [his] attendance at a deposition or at the trial of this action." *Viada v. Osaka Health Spa, Inc.*, 458 F. Supp. 2d 100, 101 (S.D.N.Y. 2005) (granting plaintiff's motion for voluntary dismissal); *see Segovia v. Vitamin Shoppe Inc.*, No. 14 Civ. 7061, 2016 WL 11484446, at *3 (S.D.N.Y. July 1, 2016) (same).

Respectfully submitted,
/s/
O. Andrew F. Wilson
Nick Bourland

cc:      All counsel of record