> The parties' request to take the depositions of Eric Trump and Millard Williams after the close of fact discovery is GRANTED. These depositions shall take place prior to the close of expert discovery.
>
> SO ORDERED     9/20/2022
>
> *[signature]*
> SARAH L. CAVE
> United States Magistrate Judge

**VIA ECF**
The Honorable Sarah L. Cave
United States District Court for
500 Pearl St.
New York, NY 10007

    *Catherine McKoy, et al. v. Trump Corp., et al.*, 1:18-cv-9936 (LGS-SLC)

Dear Judge Cave:

  We write on behalf of all parties to update the Court on the parties' progress in discovery and respectfully request permission to take two depositions after the fact discovery deadline of September 30, 2022.

  As an initial matter, the parties are pleased to report that we have made significant progress in completing fact discovery. In total, the parties have now taken and defended 20 depositions, and we have three additional depositions that will be completed by the end of the month. Accordingly, we jointly expect that we will complete all fact discovery by the current September 30 deadline, with two discrete exceptions.

  *First*, we request the Court's permission to schedule the Rule 30(b)(6) deposition of one of the The Trump Corporation's designees, Eric Trump, after the fact discovery cut-off.[1] The parties are continuing to meet and confer concerning the scope of this deposition. These discussions have been productive, but they are ongoing. Due to the respective schedules of counsel and the witness, the parties have agreed to move this deposition to October 18, 2022, subject to the Court's approval.

  *Second*, as the Court is aware, Plaintiffs filed a pre-motion letter earlier today (to which Defendants will respond in accordance with this Court's individual practices), seeking voluntary dismissal on behalf of Plaintiff Millard Williams, who has informed Plaintiffs' counsel that he no longer wishes to participate as a named plaintiff and class representative in the case. ECF No. 462. Defendants have agreed to the dismissal subject to Mr. Williams being produced for a deposition; Plaintiffs explain in the letter that they are unable to produce Mr. Williams for a deposition, but are prepared to share with Defendants' counsel his last known address so that they can undertake to subpoena him like any other non-party witness. In all events, given the above, the parties agree that Defendants may pursue the deposition of Mr. Williams within a reasonable time after the September 30 deadline.

                   Respectfully submitted,

---

[1] The Trump Corporation designated two corporate representatives to testify on its behalf, pursuant to Rule 30(b)(6). The first designee, whose testimony focused on document management topics, was deposed on September 13, 2022.