LAW OFFICES
ROBERT & ROBERT PLLC
526 RXR PLAZA
UNIONDALE, NEW YORK 11556
(516) 832-7000
FACSIMILE (516) 832-7080

R. DIETER ROBERT (1933-2001)
CLIFFORD S. ROBERT*
MICHAEL FARINA*

CHRIS D. KRIMITSOS
JASON O. BRAIMAN* **

*ALSO ADMITTED TO NEW JERSEY BAR

**ALSO ADMITTED TO CALIFORNIA BAR

MANHATTAN OFFICE*
ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET, SUITE 4600
NEW YORK, NEW YORK 10165
(212) 858-9270

*NOT FOR MAIL & SERVICE OF PROCESS

September 21, 2022

**VIA ECF**

The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *Catherine McKoy, et al. v. Trump Corp., et al.*, No. 1:18-cv-9936 (LGS)

Dear Judge Cave:

  This firm, along with Lewis Brisbois Bisgaard & Smith LLP, represents the Defendants in the above-referenced action.[1] We write in response to Plaintiffs' letter to the Court dated September 16, 2022 seeking an order purportedly "clarifying that the parties will be permitted to depose before trial: (1) any of the four ACN co-founders whom Defendants intend to call to testify at trial but whose deposition was previously denied; and (2) any other witness that a party seeks to call at trial but who was not previously identified in the parties' initial Rule 26(a) disclosures or previously deposed in this action."

  As for Plaintiffs' request that the parties be permitted to depose before trial any of the four ACN co-founders whom Defendants intend to call to testify at trial, the Court already considered such request during the May 18, 2022 conference and denied it without prejudice pending the Rule 30(b)(6) deposition of ACN. Referring to the ACN co-founders, the Court expressed that the "fairest thing [was] to not be trudging all four of them in there and trying to cover as much as we can in the 30(b)(6) deposition." The Court also set forth a meet-and-confer process to revisit the co-founders' depositions in the event of "some burning issue in the 30(b)(6) that was not answered." As is clearly evident from Plaintiffs' letter, there is no "burning issue" that remains unanswered after the ACN 30(b)(6) deposition. In addition, Plaintiffs openly admit that they engaged in the meet-and-confer process outlined by the Court on September 7, 2022, and that they "weighed moving to compel Mr. Stevanovski's (or the other co-founders') deposition," but chose not to. Plaintiffs also strategically chose not to sue ACN or any of its co-founders in this action,

---

[1] Donald J. Trump, in his personal capacity, is also represented by Alina Habba, Esq. of Habba Madaio & Associates, LLP.

rendering them non-parties, which changes the calculus in balancing the need for the disclosure with the burden upon the non-party, affording special weight to the latter.

Moreover, Plaintiffs have sought and conducted extensive discovery in this action, including the parties having taken and defended twenty depositions to date. And, although the Court during the May 18 conference increased the number of depositions to be taken by Plaintiffs, setting a goal of 105 hours on the Plaintiffs' side, the Plaintiffs have largely misused the allotted time. Plaintiffs not only chose to depose three Celebrity Apprentice contestants and a producer, whose testimony had, at best, very marginal relevance, but they also spent countless hours questioning Defendants and their current and/or former employees about wholly-irrelevant subject matter. Plaintiffs were well aware of the limits of their allotted time for depositions and charted their own course; they cannot now be heard to complain about the direction in which they travelled or the point at which they have arrived. As such, the Court should deny this request.

As for Plaintiffs' request that the parties be permitted to depose before trial any other witness that a party seeks to call at trial but who was not previously identified in the parties' initial Rule 26(a) disclosures or previously deposed in this action, such request is acceptable to Defendants provided that Defendants are afforded the same relief.

Should the Court have any questions, we are available for a telephone conference.

Respectfully submitted,

ROBERT & ROBERT PLLC

*Clifford S. Robert*

CLIFFORD S. ROBERT

cc: Counsel of Record (*via* e-mail)