**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0886
DIRECT EMAIL  jquinn@kaplanhecker.com

September 16, 2022

**BY ECF**

The Honorable Sarah L. Cave
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Catherine McKoy, et al. v. The Trump Corporation, et al.,* 18-cv-09936 (LGS) (SLC)
              Request for Conference

Dear Judge Cave:

      We write pursuant to Rule II.C.2 of your Honor's Individual Rules to address a dispute with Defendants concerning potential pre-trial depositions of non-party trial witnesses not previously disclosed or deposed. More specifically, and as set forth below, in order to facilitate the closing of fact discovery on September 30, Plaintiffs respectfully seek an order clarifying that the parties will be permitted to depose before trial: (1) any of the four ACN co-founders whom Defendants intend to call to testify at trial but whose deposition was previously denied; and (2) any other witness that a party seeks to call at trial but who was not previously identified in the parties' initial Rule 26(a) disclosures or previously deposed in this action.

      **I.**    **ACN Co-Founders**

      As the Court is aware, Plaintiffs previously served deposition subpoenas on four senior ACN executives and co-founders, namely Robert Stevanovski, Greg Provenzano, and Mike and Tony Cupisz. *See* ECF 397 at 3 n.4. On May 18, 2022, the Court, construing Plaintiffs' service of such subpoenas and ACN's resistance to them as effectively a motion by Plaintiffs to compel such depositions, denied that motion without prejudice to its renewal following the Rule 30(b)(6) deposition of ACN and a meet-and-confer process. *See* ECF 424 at ¶ 5; ECF 427 at 64:22-25.

      The ACN Rule 30(b)(6) deposition reaffirmed that the four ACN co-founders—and Mr. Stevanovski especially—are fact witnesses with relevant and unique knowledge. Each of them played a role in shaping and executing the Trump-ACN relationship, including in various in-person meetings, phone calls, and email communications, such as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ACN004313 (e-mail from Greg Provenzano, attached hereto as Exhibit A);[1] *see also, e.g.,* ACN 30(b)(6) Tr. at 252:7-12 (testifying that ACN's first appearance on *The Celebrity*

---

[1] Consistent with the Court's Individual Rules, Plaintiffs have submitted this exemplar exhibit but have otherwise not attached voluminous documents to this submission. Of course, Plaintiffs are prepared to submit any supporting evidence or documentation that the Court may direct.

KAPLAN HECKER & FINK LLP                                                                 2

*Apprentice* ███████████████████████████████████████████████
████████████████████████████████████████).

Mr. Stevanovski, in particular, held a key position, as the individual "█████████████
████████████████████████████████████████" ACN 30(b)(6) Tr. at 30:18-22. And in that role, he participated in ███████████████████████████████████████████████████
███████████████████████████████████. *See, e.g.*, ACN012634 (email produced by ACN, on June 24, reflecting a ████████████████████████████████████████████████████
████████████████████████████); *see also* Butcher Tr. at 260:1-7 (ACN's consultant testifying, after the ACN 30(b)(6), that ACN's second appearance on *The Celebrity Apprentice* ██████████████████████████████████████████████████████████████).

Mr. Stevanovski also appears to have █████████████████████████████████████
████████████████████████████████—an important time period with respect to ACN's recordkeeping, as ACN previously represented to us via declaration that ████████████
███████████████████████████████████████████████. At the ACN Rule 30(b)(6) deposition, ACN's designee, Dave Merriman, was unable to explain █████████████████
████████████████████████████████████████████████████████████████████
██████████████████████. *See* ACN 30(b)(6) Tr. at 155:13-156:24; 160:3-161:11. ████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████. *See id.* at 209-214.[2]

Following the ACN 30(b)(6), Plaintiffs met and conferred with ACN's counsel to discuss a targeted deposition of Mr. Stevanovski, which Plaintiffs offered to limit to five hours and to hold at a time and place of his choosing. In a meet-and-confer call on September 7, counsel for ACN made clear that Mr. Stevanovski would not be deposed absent a Court order.

Having completed the Rule 30(b)(6) deposition and meet-and-confer process as directed, Plaintiffs weighed moving to compel Mr. Stevanovski's (or the other co-founders') deposition. We also considered, consistent with the Court's guidance at the May 18 hearing, the need to move the case along, the importance of minimizing non-party burdens, and, as the Court aptly put it, the "diminishing utility" of depositions at a certain point in the discovery process where it is unclear whether the deposing party is practically "likely to get that much more information." May 18 Tr. at 65:20-25.

After careful consideration, Plaintiffs are prepared to forego these additional depositions at this time and to close fact discovery on September 30 as scheduled, subject to certain exceptions noted in the parties' joint letter submitted earlier today, ECF 463. Importantly, however, we note

---

[2] For the avoidance of doubt, Plaintiffs continue to reserve all rights (as we did on the record) with respect to this vague and incomplete hearsay ████████████████, including the right to seek to exclude any reference to the relevant portions of Mr. Merriman's 30(b)(6) testimony at trial. *See 360 Mortg. Grp. LLC v. Fortress Invs. Grp. LLC*, No. 19 Civ. 8760, 2022 WL 955476, at *6 (S.D.N.Y. Mar. 30, 2022) (Schofield, J.) (noting that statements made to a 30(b)(6) deponent during preparation were inadmissible hearsay and that "[s]ince the ultimate [third-party] decision-makers were never deposed and no affidavits were submitted from them, their statements are not in the record").

KAPLAN HECKER & FINK LLP

3

that the four ACN co-founders are listed—in fact, are the only non-party witnesses listed—in Defendants' Rule 26(a) Initial Disclosures. Accordingly, Plaintiffs respectfully seek an order clarifying that, should Defendants subsequently indicate, in a witness list or otherwise, that they intend to call any of the ACN co-founders at trial, Plaintiffs will have an opportunity to depose such individual(s) at that time and in advance of trial. We raised this concept with Defendants in multiple meet-and-confer discussions, including most recently during a call with defense counsel Mr. Robert at 1 p.m. on September 15, as well as an earlier call with Mr. Farina who indicated that Defendants were not agreeable to such an order.[3] For the avoidance of doubt, in the absence of such an order, Plaintiffs would need to reconsider moving to compel the deposition of Mr. Stevanovski and the other co-founders listed on Defendants' Rule 26(a) disclosures, and thus respectfully reserve rights to do so.

II. **Undisclosed Witnesses**

Finally, and also in order to facilitate the closing of the fact discovery period, Plaintiffs respectfully further request an order clarifying that, in the event any party seeks to call at trial any fact witness not previously disclosed in the parties' Rule 26(a) disclosures or deposed, the party calling that witness will make reasonable accommodations for the witness to be made available for deposition prior to trial. Such an order would be consistent with the relief courts have granted when a party attempted to call a trial witnesses whom that party had not previously disclosed in compliance with the federal rules. *See, e.g.*, *L-3 Commc'ns Corp. v. OSI Systems*, No. 02 CIV. 9144 (PAC), 2006 WL 988143, at *1, *4 (S.D.N.Y. Apr. 13, 2006) (denying motion to preclude the trial testimony of two undisclosed trial witnesses so long as the opposing party be provided an opportunity to depose them in advance of trial); *see also*, *e.g.*, *Rojo v. Deutsche Bank*, No. 06 CIV. 13574, 2009 WL 3790191, at *5 (S.D.N.Y. Oct. 30, 2009) (denying motion to preclude five undisclosed trial witnesses but "permitt[ing other party] to depose the 'Additional Five Witnesses'" before the start of trial); *NIC Holding Corp. v. Lukoil Pan Americas LLC*, No. 05 CIV 9372, 2007 WL 1467424, at *5 (S.D.N.Y. May 16, 2007) (denying motion to preclude two undisclosed trial witnesses but granting leave to take deposition "no later than forty-five days before trial").[4]

Respectfully submitted,

John C. Quinn

cc: Counsel of Record (*via* ECF)
Counsel for ACN (*via* ECF and e-mail)

---

[3] Plaintiffs also sent an email earlier today informing Defendants that we intended to file this letter request and inviting them to let us know if their position had changed. Defendants did not indicate any change in their position.

[4] For essentially the same reasons, the same principle should hold if Defendants proffer at summary judgment any affidavit or other testimony from either the ACN co-founders or any other non-party not listed in Defendants' initial disclosures. Accordingly, Plaintiffs also seek clarification that in such circumstances, while Plaintiffs reserve all rights to argue that such unproduced evidence is improper or should not be relied upon, Plaintiffs will be afforded an opportunity to depose any such affiants in advance of making our responsive summary judgment submissions.