LAW OFFICES
ROBERT & ROBERT PLLC
526 RXR PLAZA
UNIONDALE, NEW YORK 11556
(516) 832-7000
FACSIMILE (516) 832-7080

R. DIETER ROBERT (1933-2001)
CLIFFORD S. ROBERT*
MICHAEL FARINA*

CHRIS D. KRIMITSOS
JASON O. BRAIMAN* **

*ALSO ADMITTED TO NEW JERSEY BAR

**ALSO ADMITTED TO CALIFORNIA BAR

¹MANHATTAN OFFICE*
ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET, SUITE 4600
NEW YORK, NEW YORK 10165
(212) 858-9270

*NOT FOR MAIL & SERVICE OF PROCESS

September 22, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *Catherine McKoy, et al. v. Trump Corp., et al.*, No. 1:18-cv-9936 (LGS)

Dear Judge Schofield:

This firm, along with Lewis Brisbois Bisgaard & Smith LLP, represents the Defendants in the above-referenced action.[1]   We write in response to Plaintiffs' letter to the Court dated September 16, 2022 seeking a pre-motion conference on or before September 30, 2022 concerning the voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) by plaintiff Millard Williams ("Mr. Williams").

Mr. Williams commenced this action against former President Donald J. Trump, his three eldest children, and The Trump Corporation almost four years ago.   After years of unnecessary, intrusive and burdensome discovery, and the parties having taken and defended twenty depositions to date, Mr. Williams now seeks to pull the proverbial plug in order to avoid having to give testimony under oath.   Although Defendants do not oppose Mr. Williams's voluntary dismissal, the Court should attach certain terms and conditions thereto in order to avoid substantial prejudice to the Defendants.   As discussed below, those terms and conditions include Mr. Williams agreeing to appear for a deposition and to the dismissal of his claims with prejudice.

**A.     Mr. Williams' Voluntary Dismissal Should Be Conditioned Upon His Agreeing to Appear for a Deposition.**

Rule 41(a)(2) permits a court to dismiss an action on terms that the court considers proper, and "has as its primary purpose the protection of defendants' interests." *Cojocaru v. City Univ. of N.Y.*, No. 19 Civ. 5428 (AKH), PACER Doc. No. 150, at 2 (S.D.N.Y. Feb. 9, 2021) (internal quotation omitted).

Although Mr. Williams's voluntary withdrawal of all of his claims against the Defendants is certainly welcome and appropriate given their lack of merit, this Court should not condone his

---

[1] Donald J. Trump, in his personal capacity, is also represented by Alina Habba, Esq.

transparent attempt to avoid having to appear for a deposition in this action.  Indeed, by Plaintiffs' own admission it was not until July 29, 2022, more than three-and-a-half years into this litigation and only 32 days before his tentatively-scheduled deposition,[2] that Mr. Williams purportedly decided that he "no longer wished to proceed as a named Plaintiff in this action."  The timing of Mr. Williams's application cannot be stressed enough; it strongly indicates that it was designed to avoid having to appear for a deposition, which Mr. Williams is undoubtedly required to do by virtue of his decisions to commence and continue this action against Defendants.

There can be no doubt that information highly relevant to the issues in this action will be elicited from Mr. Williams's deposition.  For instance, although Plaintiffs contend that Mr. Trump's alleged endorsement is the reason why they enrolled in ACN, Plaintiffs have identified Mr. Williams as a person who "solicited or encouraged" his co-Plaintiff Catherine McKoy "to become an ACN Independent Business Owner."[3]  Ms. McKoy testified during her deposition that she had known Mr. Williams since around 2014 or 2015 and that he had told her to "[c]ome check this new business out," that he thought "it [would] do good for both of us," and that they would "be able to make some serious money."[4]  These and other topics, including the manner in which Mr. Williams became involved with ACN and his efforts (or lack thereof) as an independent business owner, will yield highly-relevant information that only Mr. Williams can provide.

Moreover, Plaintiffs' offer to provide Mr. Williams's last known address so that Defendants can purportedly subpoena him can hardly be taken seriously.  Mr. Williams has been represented by counsel for almost four years, is a party to this action, and voluntarily subjected himself to this Court's jurisdiction.

**B.      Mr. Williams's Voluntary Dismissal Should Be Conditioned upon His Agreeing to a Dismissal with Prejudice.**

"Voluntary dismissal without prejudice is … not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir 1990).  The factors relevant to the consideration of such a motion are discussed below; "[n]o one factor is dispositive, and 'the focus' of the analysis remains whether there is 'prejudice to the defendant.'" *Nnebe v. Daus*, 306 F. Supp. 3d 552, 559 (S.D.N.Y. 2018), *aff'd part, rev'd in part* 931 F.3d 66 (2d Cir. 2019) (quoting *George v. Prof'l Disbosables Int'l*, No. 15-cv-3385 (RA), 2017 WL 1740395, at *2 (S.D.N.Y. May 2, 2017)).

As to the first factor, the **plaintiff's diligence** in seeking voluntary dismissal without prejudice, "the relevant inquiry is 'whether a plaintiff moved to dismiss within a reasonable period of time after the occurrence of *the event that led to plaintiff's decision not to pursue the action*.'"

---

[2] Although the parties began discussing dates for Mr. Williams's deposition months earlier, and exchanged various proposed dates for the depositions, because of conflicts in counsels' and Mr. Williams's respective schedules his deposition was tentatively scheduled for August 30, 2022.

[3] *See* Plaintiffs' Responses and Objections to Defendants' Second Set of Interrogatories to Plaintiffs, dated November 26, 2019 (the "Response"), Response to Interrogatory No. 1.

[4] *See* Deposition Transcript of Plaintiff Catherine McKoy (the "McKoy Transcript") at 184:10-185:11; 186:22-24. Plaintiffs designated the Response "confidential," and the parties have provisionally designated all depositions in this action "confidential" under the operative Protective Order (ECF 112), but Plaintiffs have authorized Defendants to refer to, and quote from, those selected portions of the Response and the McKoy Transcript cited herein.

*Marquez v. Hoffman*, No. 18-CV-7315 (ALC), 2020 WL 729664, at *2 (S.D.N.Y. Feb. 13, 2020) (quoting *Am. Fed'n of State, Cty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12-CV-2237, 2013 WL 2391713, at *2 (S.D.N.Y. June 3, 2013)) (emphasis added, citation omitted). Here, Mr. Williams identifies no "event that led to his decision" to opt out of this action. Instead, Mr. Williams incredibly claims that he "has been diligent in the conduct of discovery in all respects," while at the same time refusing to appear for a deposition. Mr. Williams's conduct can hardly be characterized as "diligent," especially when he knew full well that counsel had begun discussing dates for his deposition months before his purported decision to opt out of this action, and tentatively scheduled a date for his deposition.

As to the second factor, **undue vexatiousness**, a "plaintiff is vexatious if they bring a case to harass the defendant, or … had ill-motive." *Marquez*, 2020 WL 729664, at *3 (internal quotation marks omitted). Mr. Williams's conclusory statements that he did not "file this lawsuit to harass Defendants" and "did not have any ill-motive" are preposterous. As discussed above, Mr. Williams commenced this action almost four (4) years ago, has sought and conducted extensive discovery, and has caused the Defendants to incur hundreds of thousands of dollars in litigation costs. Yet when it came time for Mr. Williams to give testimony under oath, he refused to appear for a deposition. That is classic vexatious behavior.

The third factor, "[t]he **extent to which a suit has progressed** is considered by many courts in the Second Circuit to be of primary importance." *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05-CV-3939, 2008 WL 4127549, at *7 (S.D.N.Y. Sept. 2, 2008) (emphasis added; internal quotation marks omitted). As discussed above, there has been extensive discovery in this action, including twenty depositions. Plaintiffs' admission that the remaining three (3) co-Plaintiffs intend to use the discovery they have obtained in the name of all four (4) co-Plaintiffs and will proceed on the same claims against the same Defendants is very telling. That Plaintiffs admittedly seek to reap the benefit of the discovery they obtained by virtue of Mr. Williams's participation in this action, while Mr. Williams simultaneously refuses to appear for a deposition, illustrates just how prejudicial to Defendants Mr. Williams's application truly is.

As to the fourth factor, **duplicative expense of relitigation**, the fact that Mr. Williams seeks voluntary dismissal of this action while at the same time intending to "proceed as a member of the putative class" demonstrates his intention to continue litigating against Defendants. Again, Mr. Williams apparently seeks to reap the benefits of his action without bearing any of the burdens, including appearing for a deposition, and without closing the door on relitigation.

As to the fifth factor, **Plaintiff's explanation for seeking dismissal without prejudice**, Mr. Williams's sudden desire to avoid committing "significant time and resources" to this action lacks any meaningful explanation or basis and is in any event wholly inadequate.

Accordingly, the Court should condition the voluntary dismissal on Mr. Williams agreeing to appear for a deposition and to a dismissal of his claims with prejudice.

Respectfully submitted,

/s/ Clifford S. Robert

cc:     All counsel of record