UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE MCKOY, et al.,

                Plaintiffs,

-v-

THE TRUMP CORPORATION, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 9936 (LGS) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiffs' letter-motion (the "Letter-Motion") for "an order clarifying that the parties will be permitted to depose before trial: (1) any of the four ACN co-founders [(the 'Founders')] whom Defendants intend to call to testify at trial but whose deposition was previously denied; and (2) any other witness that a party seeks to call at trial but who was not previously identified in the parties' initial Rule 26(a) disclosures or previously deposed in this action [(the "Undisclosed Witnesses)]." (ECF Nos. 466;471). Defendants oppose the Letter-Motion as it relates to the Founders, arguing that "the Court already considered such request during the May 18, 2022 conference and denied it without prejudice pending the Rule 30(b)(6) deposition of ACN[,]" and that Plaintiffs have failed to establish good cause for the Court to alter its prior ruling. (ECF No. 470 at 1–2). Defendants do not oppose the Letter-Motion as to the Undisclosed Witnesses "provided that Defendants are afforded the same relief." (Id. at 2). For the reasons set forth below, the Letter-Motion is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.

By way of background, at a discovery conference on May 18, 2022, the Court denied without prejudice Plaintiffs' request to take the depositions of ACN's four Founders, subject to first taking a Federal Rule of Civil Procedure 30(b)(6) deposition of ACN, and the ability to renew the request "on a showing of good cause[.]"  (ECF No. 424 ¶ 5).  The Court made clear that Plaintiffs could request to depose the Founders if "some burning issue" arose in the 30(b)(6) deposition "that was not answered."  (ECF No. 435 at 64–65).

The Court observes that Plaintiffs' Letter-Motion does not identify any such "burning issue" that the 30(b)(6) witness did not answer.  The Court has also reviewed the entire 347-page transcript of the 30(b)(6) deposition, and finds that the 30(b)(6) witness had prepared himself to testify as to the 30(b)(6) deposition topics, including by reviewing documents and discussing the topics with at least two of the Founders whom Plaintiffs now seek to depose.  In addition, Plaintiffs have taken the deposition of Anne Butcher, whom ACN contracted to liaise with Defendants regarding, inter alia, ACN events in which Defendants were involved.  Accordingly, because Plaintiffs have failed at this time to establish good cause to permit depositions of the Founders, the Letter-Motion as to the Founders is DENIED WITHOUT PREJUDICE to renewal on a showing of good cause.

As to the Undisclosed Witnesses, the parties both appear to concede the possibility that they may seek to call at trial witnesses whom they have not previously disclosed as required by Federal Rule of Civil Procedure 26(a)(1).  (See ECF Nos. 471 at 3 (Plaintiffs' request for an order "clarifying that, in the event any party seeks to call at trial any fact witness not previously disclosed in the parties' Rule 26(a) disclosures or deposed, the party calling that witness will make reasonable accommodations for the witness to be made available for deposition prior to trial");

470 at 2 (Defendants' letter indicating that "such request is acceptable to Defendants provided that Defendants are afforded the same relief").

The parties must recognize that the failure to disclose a trial witness is potentially sanctionable. See Fed. R. Civ. P. 37(c) (providing that, "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless[,]" and listing permissible court-imposed sanctions); Rojo v. Deutsche Bank, No. 06 Civ. 13574 (HB), 2009 WL 3790191, at *5 (S.D.N.Y. Oct. 30, 2009); L-3 Commc'ns Corp. v. OSI Sys., Inc., No. 02 Civ. 9144 (PAC), 2006 WL 988143, at *4 (S.D.N.Y. Apr. 13, 2006) (discussing the "range of factors and options" a court must consider to determine "the appropriate sanction under Rule 37(c) for not disclosing the names of" trial witnesses).

As Judge Crotty recognized in L-3, however, "[t]he Advisory Committee Notes to Rule 37 caution that '[l]imiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless' is needed to avoid unduly harsh penalties in a variety of situation[s].'" 2006 WL 988143, at *4 (quoting Fed. R. Civ. P. 37(c) advisory committee's notes to 1993 amendments)). The parties here appear willing to excuse the other's non-disclosure, provided there is an opportunity to depose any witness who will actually testify at trial or in support of a dispositive motion. (See ECF Nos. 471 at 3; 470 at 2). Further, the issue of the Undisclosed Witnesses' testimony, and for that matter, the Founders', becomes ripe only in the event that either party seeks to call them as a witness at trial.

Accordingly, the Letter-Motion as to any Undisclosed Witnesses is GRANTED.  Should any party designate an Undisclosed Witness to testify at trial, or submit an affidavit from an Undisclosed Witness in support of a dispositive motion, the opposing party will have an opportunity to seek to depose them in a timely fashion and on a proper showing.  See Rojo, 2009 WL 3790191, at *5; L-3, 2006 WL 988143, at *4.

The Clerk of Court is respectfully directed to close ECF Nos. 466 and 471.

Dated:    New York, New York
          September 27, 2022

                                              SO ORDERED.

                                              _____
                                              **SARAH L. CAVE**
                                              **United States Magistrate Judge**