UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CATHERINE MCKOY, et al.,
                               Plaintiffs,

-against-

THE TRUMP CORPORATION, et al.,
                               Defendants.
------------------------------------------------------------X

18 Civ. 9936 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on September 16, 2022, Plaintiffs filed a letter regarding the voluntary dismissal of Plaintiff Millard Williams under Federal Rule of Civil Procedure 41(a)(2). On September 22, 2022, Defendants filed a letter in response.

       WHEREAS, requests for a voluntary dismissal under Rule 41(a)(2) are subject to "consideration of various factors . . . includ[ing]: '(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progress, including defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.'" *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d. Cir. 1990)). No one of these factors is dispositive. *Id.* Another line of authority asks whether "defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)).

       WHEREAS, four of the five *Zagano* factors weigh in favor of dismissal. Williams has acted diligently in pursuing his claim, and promptly communicated his desire to withdraw to Plaintiffs' counsel, who in turn informed Defendants. There is no evidence Williams acted vexatiously, and Defendants cite only the ordinary burdens of litigation to contest this factor. While the parties have undertaken discovery, the suit will continue whether or not Williams is

dismissed, so Defendants' efforts in defending this suit will not be wasted. For similar reasons, there is no risk of duplicative relitigation, as the case will proceed. On the other hand, the final *Zagano* factor cuts against Williams: he has not provided any explanation of his desire to be dismissed, beyond a conclusory statement that he no longer wishes to proceed. Taken as a whole, the *Zagano* factors weigh in favor of allowing the voluntary dismissal.

WHEREAS, Defendant faces no legal prejudice as a result of Williams' dismissal. Defendants do not dispute that the claims and the scope of the issues in this case will remain the same, undercutting their claims that dismissal will prejudice their interests.

WHEREAS, a voluntary dismissal under Rule 41(a)(2) may be granted "on terms that the court considers proper." Defendants seek to condition dismissal on Williams' agreeing to appear at a deposition. However, following dismissal, Defendants will still be able to subpoena Williams to appear as a non-party witness. As a condition of dismissal, Williams shall provide Defendants with an address, or other contact information, to allow service of any non-party subpoena. *See Viada v. Osaka Health Spa, Inc.*, 458 F. Supp. 2d 100, 104 (S.D.N.Y. 2005); *Segovia v. Vitamin Shoppe Inc.*, 14 Civ. 7061, 2016 WL 11484446, at *3 (S.D.N.Y. July 1, 2016). It is hereby

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 41(a)(2), the claims of Plaintiff Millard Williams are DISMISSED WITHOUT PREJUDICE, upon the condition that Mr. Williams provide Defendants with his address so that he may be served with a subpoena, should it be necessary to compel his attendance at a deposition or at trial.

Dated: September 28, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE