# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL    rkaplan@kaplanhecker.com

November 3, 2022

**BY ECF**

The Honorable Sarah L. Cave
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *Catherine McKoy, et al., v. The Trump Corporation, et al.*, 18-cv-09936 (LGS) (SLC)

Dear Judge Cave:

We write on behalf of Plaintiffs to seek leave to serve one additional deposition subpoena beyond the fact discovery cutoff on a former employee of The Trump Corporation who we understand now lives in Florida ▮▮▮. Defendants never disclosed ▮▮▮ in their Rule 26(a) disclosures, or even in "supplemental disclosures" served the night before the close of fact discovery, nor is ▮▮▮. But at their depositions shortly after fact discovery closed, both Defendant Donald J. Trump and his son Eric Trump, the Rule 30(b)(6) designee of The Trump Corporation, ▮▮▮.

More specifically, during his deposition on October 11, 2022, Donald Trump claimed ▮▮▮. And a week later, Eric Trump testified ▮▮▮. Accordingly, Plaintiffs seek leave to serve a deposition subpoena on ▮▮▮ to obtain testimony on this issue. In the alternative, we request permission to brief a motion under Rule 37(c) to preclude Defendants from offering testimony at trial ▮▮▮ given the lack of any appropriate or timely disclosure or discovery.[1]

Plaintiffs' counsel (John Quinn) met and conferred with Defendants' counsel (Michael Farina) by phone and videoconference on the afternoon of October 25, and Defendants' counsel refused to consent to the deposition of ▮▮▮. Over the ensuing days, the parties met and conferred about potential alternatives, but were unable to find a solution sufficient to cure the prejudice resulting from Defendants' gross failures and delays in disclosure and discovery.

---

[1] Plaintiffs also reserve all evidentiary objections and the right to move *in limine* pre-trial.

By way of background, the record developed during discovery has made it clear that ███████████████████████████████████████████████████████████████████ [2]

███████████████████████████████████████████████████████████████████

And so, when Donald Trump sat for his deposition at Mar-a-Lago on October 11 ███████████████████████████████████████ In that moment, Mr. Trump gave testimony that is, to put it bluntly, not credible. ███████████████████████████████████████

This was a surprise to us, to say the least. The Trump Corporation has produced more than 3,500 documents totaling more than 10,000 pages in this case, including roughly 2,150 emails. ███████████████████████████████████████

---

[2] ███████████████████████████████████████

Case 1:18-cv-09936-LGS-SLC   Document 489   Filed 11/03/22   Page 3 of 4



A week later, Eric Trump sat for a Rule 30(b)(6) deposition of The Trump Corporation.

This eleventh-hour injection of ▇▇▇▇ is obviously prejudicial, and there is no way Plaintiffs could have anticipated it. Indeed, as the Court will recall, we recently filed a motion seeking an order permitting pretrial depositions of undisclosed witnesses, and we noted that Defendants' Rule 26(a) disclosures did not include a single Trump Corporation employee. See ECF 471 at 2-3. When the Court then granted our requested relief, Defendants served an expansive list of witnesses in "supplemental disclosures" two days later.[3] Even these "supplemental" disclosures made no reference to ▇▇▇▇.

We remain eager to move the case along, and are mindful of the Court's prior orders and guidance with respect to limits on depositions.[4] Accordingly, should our request to serve a subpoena on ▇▇ be granted, we will proceed with service promptly, will seek no adjustments to the case calendar, and will conduct the deposition in no more than three hours and on a date and at a place of ▇▇ choosing. In the alternative, we request permission to brief a Rule 37(c) motion to preclude Defendants from offering testimony at trial about (or from) ▇▇, given their inexcusable failure to disclose any information about ▇▇ on either their initial or supplemental disclosures, ▇▇ absence from any relevant documents or deposition testimony (prior to Mr. Trump's deposition on October 11), and the resulting prejudice to Plaintiffs. *See* Fed. R. Civ. P. 37(c)(1); *Torres v. Mamadou*, No. 19 Civ. 6973, 2022 WL 10375005, at *3 (S.D.N.Y. Oct. 18, 2022) (Cave, M.J.) (observing that the "fundamental purpose of Rule 37(c) is to prevent the practice of 'sandbagging' an adversary with new evidence" and precluding use of evidence at trial (citation omitted)).

---

[3] This was a strange move, as it came at the end of the deposition period (and so did not provide Plaintiffs with any meaningful notice), and because the Court's Order by its terms still would permit us to take pretrial depositions of any trial witnesses not included on the "*initial* Rule 26(a) disclosures." ECF 474 at 1 (emphasis added).

[4] We note that, of the 105-hour limit set by the Court, we have only used approximately 73 hours and are otherwise complete with fact depositions.

3

      We are available for a conference at the Court's convenience, and would be happy to submit any additional information requested by the Court, including any of the deposition testimony or documents cited above.

                                              Respectfully submitted,

                                              Roberta A. Kaplan

cc:      Counsel of Record (via ECF)