LAW OFFICES
# ROBERT & ROBERT PLLC

526 RXR PLAZA
UNIONDALE, NEW YORK 11566
(516) 832-7000
FACSIMILE (516) 832-7000

ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET, SUITE 6400
NEW YORK, NEW YORK 10165*
(212) 858-9270
*NOT FOR MAIL OR SERVICE OF PROCESS

WWW.ROBERTLAW.COM

November 7, 2022

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Catherine McKoy, et al. v. Trump Corp., et al.*, No. 1:18-cv-9936 (LGS)

Dear Judge Cave:

As you are aware, this firm along with Lewis Brisbois Bisgaard & Smith LLP, represents the Defendants in the above-referenced action.[1]

We write in response to the letter from Plaintiffs' counsel to the Court requesting leave to serve a deposition subpoena on a former employee of The Trump Corporation, ███████████████, after the fact-discovery cutoff, or in the alternative, permission to brief a motion under Rule 37(c) to preclude Defendants from offering testimony at trial concerning ███████████████ ███████████████. The Court should deny Plaintiffs' application for at least two reasons.

First, the statement by Plaintiffs' counsel Roberta Kaplan ("Ms. Kaplan") that the parties met and conferred but "were unable to find a solution" is simply not accurate. Indeed, Plaintiffs' counsel John Quinn ("Mr. Quinn") made a proposal to eliminate any purported need to depose ███████, which proposal Defendants considered and to which Defendants' counsel Michael Farina ("Mr. Farina") advised they would be open. As detailed in the timeline below, although Plaintiffs' counsel gives short shrift to the parties' meet and confer the process spanned a fourteen (14)-day period and culminated in what Defendants thought was an agreement in principle.

- On October 20, 2022, Mr. Quinn informed this office that Plaintiffs intended to seek the Court's permission to serve a deposition subpoena upon ███████ and requested that we meet and confer.

---

[1] Donald J. Trump, in his personal capacity, is also represented by Alina Habba, Esq. of Habba Madaio & Associates, LLP.

LAW OFFICES<br>
ROBERT & ROBERT PLLC

The Honorable Sarah L. Cave
November 7, 2022
Page 2

- On October 21, 2022, Mr. Farina advised Mr. Quinn that Defendants were available to meet and confer on Tuesday, October 25.

- On October 25, 2022, the parties met and conferred. During the meet-and-confer, Mr. Farina objected to Plaintiffs' request to serve a deposition subpoena upon ▉▉, suggesting that the parties find an alternative means of addressing Plaintiffs' purported concerns. In response, Mr. Quinn proposed the following: that Defendants agree to waive any objections to the admissibility of the out-of-court statements made by ▉▉▉▉▉▉▉▉▉▉▉▉▉.

- On October 27, 2022, having not yet received the transcript of Eric Trump's Rule 30(b)(6) deposition, Mr. Farina requested that Plaintiffs provide the relevant portions thereof. That same day, Plaintiffs' counsel Max Feldman ("Mr. Feldman") provided the transcript excerpts ▉▉▉▉▉▉, stating that "we can talk more specifically about the applicable page and line numbers, if Defendants agree in concept."

- On November 1, 2022 Mr. Quinn followed up, stating that Plaintiffs had made a "compromise proposal" and that "Plaintiffs reserve[d] the right to file [a] pre-motion letter … if [Plaintiffs] were not able to get a response from Defendants."

- On November 2, 2022, having reviewed the transcript excerpts, Mr. Farina advised Mr. Quinn that Defendants had considered Plaintiffs' proposal and were open to the concept. Mr. Farina further stated ▉▉▉▉▉▉▉▉▉▉ and requested the "applicable page and line numbers" of the transcript so that Defendants could "respond in short order as [to] whether we are in agreement."

- On November 3, 2022, rather than provide the applicable page and line numbers as Plaintiffs' counsel had previously suggested, Mr. Quinn suddenly withdrew Plaintiffs' proposal, stating that Plaintiffs had "decided to proceed with [their] pre-motion letter seeking to serve the deposition subpoena." For the first time in fourteen (14) days, Plaintiffs' counsel claimed that "a stipulation concerning [Eric Trump's] 30(b)(6) [was] not workable."

The timeline above makes clear that Defendants agreed in principle to Plaintiffs' "compromise proposal" and were merely waiting on the applicable page and line numbers to formalize such agreement. The Court should not countenance Plaintiffs' abrupt about-face on whether their own "compromise proposal" was sufficient.

LAW OFFICES
**ROBERT & ROBERT PLLC**

The Honorable Sarah L. Cave
November 7, 2022
Page 3

<u>Second</u>, the attempt by Ms. Kaplan to manufacture a "surprise" during President Donald J. Trump's deposition for the purpose of seeking an additional deposition after the fact-discovery cutoff, is unavailing.

As an initial matter, the testimony given by President Trump during his deposition is completely credible, and any suggestion otherwise is utter nonsense. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ That is precisely why Plaintiffs in their "compromise proposal" agreed to forego ███████ deposition in lieu of Defendants' waiver of any objections to the admissibility of the out-of-court statements made by ██████████████████████████████████████████████████████████████████████████. Under the circumstances, Plaintiffs' request to brief a motion under Rule 37(c) to preclude Defendants from offering testimony at trial concerning ████████████████████████████████████ should be summarily denied.

In sum, there is simply no basis, reason or need for Plaintiffs to depose ███████. Plaintiffs' own "compromise proposal" agreed to forego ███████ deposition and was agreed-to in principle by Defendants. The Court should therefore direct Plaintiffs to proceed with that proposal and to provide the applicable page and line numbers from Eric Trump's Rule 30(b)(6) deposition so that the agreement can be finalized. Should the Court be inclined to grant leave to serve a deposition subpoena upon ███████, the Court should afford Plaintiffs no longer than 90 minutes for such deposition, and deny Plaintiffs' preclusion request.

We are available for a telephone conference at the Court's convenience, and are prepared to submit the above-referenced e-mails to the Court upon request.

Respectfully submitted,

ROBERT & ROBERT PLLC

*Clifford S. Robert*

CLIFFORD S. ROBERT