**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

November 21, 2022

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Catherine McKoy, et al. v. Trump Corp., et al.*, No. 1:18-cv-9936 (LGS - SLC)* – Request for Conference

Dear Judge Schofield and Judge Cave:

In light of the recent announcement by Defendant Donald J. Trump that he intends to run for President in the 2024 election, we write to respectfully request that the Court set (1) a trial date in October 2023, before primary contests and other campaign-related events begin in earnest, and (2) a briefing schedule for any summary judgment motions that aligns with the existing briefing schedule for class certification and enables an October 2023 trial date. Plaintiffs have no desire to interfere with the upcoming campaign, and are mindful that, should the schedule in this case extend into 2024, Defendants likely will, as they have in the past, use the campaign as a basis to seek further delay. Setting a trial date now will provide certainty and avoid any such delay later. In addition, aligning summary judgment briefing with class certification briefing makes sense, given that discovery will be complete and there is no reason to wait.

Plaintiffs' counsel (Mr. Quinn) conferred with Defendants' counsel (Mr. Farina) on November 14, 2022, when it was clear that Mr. Trump's announcement was imminent, and we followed up by email on November 16, after the announcement had been made. Mr. Farina responded by email that evening, stating that Defendants oppose these requests, on the ground that it is "preposterous" to suggest that Mr. Trump would seek any delay based on campaign activities, and that, as a result, there is "simply no reason" to align the briefing schedules—or, implicitly, to set an October 2023 trial date. For the reasons set forth below, we disagree.

**I.   An October 2023 Trial Date Is Appropriate to Avoid Disruption and Undue Delay**

As an initial matter, Mr. Trump is a lead Defendant and his participation at trial and availability for cross examination are obviously critical. Indeed, fact discovery made clear that he led his organization into the partnership with ACN, executed all of the relevant agreements, made

the lion's share of the false and misleading statements (and omissions) at issue, and had final decision-making authority with respect to all aspects of the relationship. Witness after witness pointed to his unique knowledge of Defendants' intent and conduct with respect to ACN. *See, e.g.,* Eric Trump 30(b)(6)) Tr. 14:4-5 ("I spoke to my father, who's clearly the person who is most knowledgeable.").[1] Mr. Trump's central role with respect to the underlying facts, coupled with his recent announcement, warrants an October 2023 trial date, for two related reasons.

*First*, primary contests and other significant campaign-related events are likely to begin in January or February 2024,[2] and so an October 2023 trial date would avoid undue intrusion on campaign-related activities and facilitate resolution of this case on the merits while minimizing the influence of politics. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." (citations omitted)).

*Second*, should the case schedule stretch into 2024, it is all but certain that Mr. Trump will begin to argue that his campaign obligations must take precedence over his participation in this case, including at trial. For example, in *Low v. Trump University, LLC*, No. 10 Civ. 940 (S.D. Cal.)—a consumer fraud class action against Mr. Trump—Mr. Trump requested in May 2016 that trial be delayed until after the 2016 election. His lawyer in that case argued that a pre-election trial date would "cause an unwarranted intrusion on the election process" and also would be unfair to Mr. Trump, who "must devote all of his full-time efforts and energies to running his campaign and running for office." Conf. Tr., *Low*, No. 10 Civ. 940, at 10, ECF 481. Indeed, his lawyer asserted that "it would be a virtually impossible burden" on Mr. Trump to "have to defend himself at trial" before the election. *Id.* Ultimately, the Court in that case set a post-election trial date. *Id.* at 19.

The same writing is on the wall for this case. For one thing, Plaintiffs already lost more than fourteen months to a stay imposed by the Circuit in connection with Defendants' ill-fated effort to compel this case into arbitration, ECF 280, 314—a gambit that this Court recognized was "prejudicial" to Plaintiffs and inconsistent with "the economical resolution of claims." ECF 229 at 15. Moreover, just a few weeks ago, Mr. Trump publicly complained that plaintiffs in three cases against him "refused to move" the case schedules out past the midterm elections—elections where Mr. Trump was not even on the ballot.[3]

The parties have jointly estimated that the trial will last two to four weeks. *See, e.g.*, ECF 357 at 3. An October trial date will permit the parties to complete the trial well before the end of 2023. Such a date also will allow sufficient time for briefing and resolution of Plaintiff's motion for class certification, and any motions for summary judgment, as set forth below.[4]

---

[1] Plaintiffs are prepared to submit deposition transcripts and other record evidence on any of these points as directed.

[2] For reference, during the 2020 election, the first GOP primary was held on February 11, 2020. *Primaries & Causes: New Hampshire*, CNN (Feb. 19, 2020, 7:44 PM), https://www.cnn.com/election/2020/primaries-caucuses/state/new-hampshire/overview. It does not appear that the GOP has set its Presidential primary and caucus schedule for 2024.

[3] Donald J. Trump (@realDonaldTrump), Truth Social (Oct. 28, 2022, 10:31 AM), https://truthsocial.com/users/realDonaldTrump/statuses/109246383326528876.

[4] We note that this Court regularly decides summary judgment and class certification motions in less than six months. *See, e.g.*, *Price v. L'Oreal USA, Inc.*, No. 17 Civ. 614 (S.D.N.Y. 2017) (class certification); *McCutcheon v. Colgate-*

KAPLAN HECKER & FINK LLP

3

## II.   Alignment of Class Certification and Summary Judgment Briefing is Appropriate

In order to enable an October 2023 trial date, Plaintiffs also request that the Court set a briefing schedule now for any summary judgment motions, and align that schedule with the existing briefing schedule for Plaintiffs' motion for class certification.[5] Under that schedule, opening briefs are due March 3, 2023, ECF 456 ¶ 3, and so, Plaintiffs further request that the Court set the deadline for any pre-motion letter concerning summary judgment for February 13, which would allow, on the front end, a month following service of rebuttal reports (on January 16) for the completion of expert depositions, and, on the back end, approximately three weeks from the filing of any pre-motion letters to the filing of any opening briefs (on March 3). Our proposed schedule is outlined in the chart below.

This Court, of course, has broad discretion with respect to case management and scheduling. *See City of Almaty, Kazakhstan v. Ablyazov*, No. 115 Civ. 05345, 2019 WL 11662228, at *1 (S.D.N.Y. Oct. 24, 2019). And contemporaneous briefing of motions for class certification and summary judgment is fairly common. *See, e.g.*, Order, *Ford v. WSP USA, Inc.*, No. 19 Civ. 11705, ECF 71 (Feb. 3, 2021) (Schofield, J.). In fact, commentators have observed that the "emerging trend in the courts appears to be to decide dispositive motions *prior* to the certification motion," 3 Newberg and Rubenstein on Class Actions § 7:8 (6th ed.) (emphasis added), in part because the class certification analysis "entail[s] some overlap with the merits of the plaintiff's underlying claim," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). *See also Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) (sequence of summary judgment and class certification "well within the discretion of the district court").

In all events, the most efficient and timely course here is simultaneous briefing, particularly given that all discovery will have closed by the time either motion is due. ECF 456 ¶ 3; *see Caronia v. Philip Morris USA, Inc.*, No. 06 Civ. 0224, 2006 WL 197147, at *1 (E.D.N.Y. Jan. 24, 2006) (ordering "simultaneous[]" hearing of summary judgment and class certification given availability of full discovery record). Indeed, with discovery complete, there is no reason to wait; and with the campaign looming, there is every reason to proceed.

In light of the above, the schedule we would propose is as follows:

| Pre-motion letter(s) re summary judgment | Feb. 13, 2023 |
|---|---|
| Response to pre-motion letter(s) re summary judgment | Feb. 20, 2023 |
| Opening briefs for summary judgment and class certification | Mar. 3, 2023 |
| Oppositions | Apr. 18, 2023 |
| Replies | May 15, 2023 |
| Trial | October 2023 |

---

*Palmolive Co.*, No. 16 Civ. 4170 (S.D.N.Y. 2016) (same); *Mader v. Experian Information Solutions, LLC*, No. 19 Civ. 3787 (S.D.N.Y. 2019) (summary judgment).

[5] We note that prior case management orders in this case contemplated the submission of letters from the parties around this time addressing the briefing schedule for any summary judgment motions. *See* ECF 357.

KAPLAN HECKER & FINK LLP								4

Respectfully submitted,

Roberta A. Kaplan