LAW OFFICES
# ROBERT & ROBERT PLLC

526 RXR PLAZA
UNIONDALE, NEW YORK 11566
(516) 832-7000
FACSIMILE (516) 832-7000

ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET, SUITE 6400
NEW YORK, NEW YORK 10165*
(212) 858-9270
*NOT FOR MAIL OR SERVICE OF PROCESS

WWW.ROBERTLAW.COM

November 30, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *Catherine McKoy, et al. v. Trump Corp., et al.*, No. 1:18-cv-9936 (LGS-SLC)

Dear Judge Schofield and Judge Cave:

As you are aware, this firm along with Lewis Brisbois Bisgaard & Smith LLP represents the Defendants in the above-referenced action.[1]

We write in response to the letters from Plaintiffs' counsel Roberta Kaplan ("Ms. Kaplan") to the Court (ECF 499, 500) requesting (1) that the Court set a briefing schedule for summary-judgment motions that aligns with the existing briefing schedule for class certification, and (2) an accelerated trial date in either August-September or November-December 2023. The Court should deny Plaintiffs' application for at least two reasons.

First, there is simply no reason to change the order of briefing for class-certification and summary-judgment motions at this late stage. Since August 2021 all of the Civil Case Management Plans and Scheduling Orders in this action have contemplated that the class-certification motion would be filed prior to the filing of any summary-judgment or other dispositive motion(s). *See*, *e.g.*, Fourth Amended Civil Case Management Plan and Schedule Order (Aug. 30, 2021) (ECF 326) ("Plaintiffs shall file any motion for class certification by January 6, 2023"; and "[o]n a date set

---

[1] Donald J. Trump, in his personal capacity ("President Trump"), is also represented by Alina Habba, Esq. of Habba Madaio & Associates, LLP.

LAW OFFICES
## ROBERT & ROBERT PLLC

The Honorable Lorna G. Schofield
The Honorable Sarah L. Cave
November 30, 2022
Page 2

by the Court following submission of the January 13, 2023 status letter, a pre-motion conference will be held for any anticipated dispositive[ ]motions"). That has always been the agreement among the parties, and the various scheduling orders clearly reflect that agreement.

As it stands now, pursuant to the Seventh Amended Civil Case Management Plan and Scheduling Order (Aug. 9, 2022) (ECF 456) (the "Current Scheduling Order") expert discovery, including depositions, is to be completed by February 17, 2023, and the briefing schedule for Plaintiffs' anticipated class-certification motion is as follows: (1) by March 3, 2023, Plaintiffs shall file the motion; (2) by April 18, 2023, Defendants shall file their opposition to the motion; and (3) by May 15, 2023, Plaintiffs shall file their reply. The Current Scheduling Order also provides that the parties are to submit a joint letter, *inter alia* certifying the completion of expert discovery, by February 24, 2023. Based upon the parties' agreement and the various scheduling orders, it is Defendants' understanding that the February 24 letter shall also address the timing of a pre-motion conference for any anticipated dispositive motions, which motions are to be filed <u>after</u> any class-certification motion, i.e., after May 2023. This schedule provides an efficient and orderly process that permits the parties to devote their resources to one motion at a time.

Notwithstanding Plaintiffs' attempt to infer that Defendants have delayed or will delay this case, there can be no dispute that Defendants have worked diligently to comply with the Court's various scheduling orders. Indeed, in the past few months alone the parties have taken and defended almost twenty (20) party and non-party depositions. The parties are currently focused on expert discovery and Plaintiffs' anticipated class-certification motion, which is a core issue in this case. Defendants have already identified their affirmative expert and exchanged an affirmative expert report, and now are working to identify rebuttal experts and exchange rebuttal expert reports. Defendants have and will continue to devote significant time and resources to the class-certification issue and strongly believe that any class-certification motion will be unsuccessful because the proposed class in this case is simply not viable.

Given the parties' agreement and the various scheduling orders, it would be highly prejudicial to Defendants to unexpectedly change the order of briefing for class-certification and summary-judgment motions. Defendants have relied upon the parties' agreement and the various scheduling orders; requiring Defendants to brief class-certification and summary-judgment motions at the same time would unfairly require Defendants to shift focus from a core issue in this case and to devote time and resources to another motion.

<u>Second</u>, Plaintiffs' initial request for an October 2023 trial date is nothing more than an unfortunate attempt to interfere with another case in which my partner and I are counsel for Donald Trump, Jr. and Eric Trump, both of whom are also Defendants in this case. As Plaintiffs were undoubtedly aware when they made their initial request for an October 2023 trial date, the New York State Attorney General in the matter of *People of the State of New York v. Donald J. Trump, et al.*, Index No. 452564/2022 (Sup. Ct. N.Y. County) (the "State Court Action") had already requested an

LAW OFFICES
# ROBERT & ROBERT PLLC

The Honorable Lorna G. Schofield
The Honorable Sarah L. Cave
November 30, 2022
Page 3

October 2023 trial date in the State Court Action, which the court has now ordered. My partner and I will be actively engaged in that trial, which by the New York State Attorney General's own estimation will span approximately six to eight weeks (we believe it will go longer). As such, an October 2023 trial date is simply not workable. As for Plaintiffs' alternative suggested trial dates of August-September or November-December 2023, those dates are not workable either given the preparation that will need to occur for the trial in the State Court Action, which will likely spill into December 2023. As such, Defendants request that the trial in this matter begin no earlier than February 2024 to ensure enough time for the trial in the State Court Action to conclude and allow us sufficient time to prepare for this trial.

As to Plaintiffs' wholly manufactured basis for an accelerated trial date, it is telling that Plaintiffs' entire application is based on nothing more than speculation, surmise and conjecture. Indeed, Plaintiffs' own letter contains highly-equivocal statements regarding the near-future intentions of President Trump (i.e., "campaign-related events are *likely* to begin" and "*it is all but certain that* Mr. Trump will begin…"), and admittedly relies upon an argument made by a lawyer who does not represent Defendants in this case over six-and-a-half years ago in another case, as if it were somehow instructive of President Trump's intentions in this case which it plainly is not. Defendants strongly disagree with Plaintiffs' characterization of the facts, and other than Plaintiffs' own say-so there is nothing before the Court that even remotely suggests that President Trump is unwilling or will be unable to "participate at trial" or be subjected to "cross examination" in early 2024.

For the reasons set forth above, Defendants respectfully request that the parties' long-standing agreement and prior scheduling orders remain intact, allowing for Plaintiffs' class-certification motion to be briefed prior to the bringing of any summary-judgment motion(s), and that this Court set a trial date no earlier than February 2024.

We are available for a telephone conference at the Court's convenience.

Respectfully submitted,

ROBERT & ROBERT PLLC

*Clifford S. Robert*

CLIFFORD S. ROBERT

cc:   All Counsel for Record (via ECF)