UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CATHERINE MCKOY, et al.,
                                  Plaintiffs,         18 Civ. 9936 (LGS)

              -against-                               ORDER

THE TRUMP CORPORATION, et al.,
                                  Defendants.
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on November 21, 2022, Plaintiffs filed a letter regarding a request to set a trial date and to set or modify the briefing schedule for summary judgment and class certification motions (the "Trial Scheduling Letter"). The same day, Plaintiffs filed a letter motion to file portions of the Trial Scheduling Letter under seal, on grounds that information contained within it was designated confidential under the operative Protective Order. Plaintiffs stated that Defendants were the parties with an interest in confidential treatment and that Plaintiffs took no position on sealing.

      WHEREAS, Individual Rule I.D.3 requires that when a party with an interest in confidential treatment is not the party filing a document on ECF, the party with an interest in confidential treatment shall file a letter within two business days explaining why it seeks to have certain documents filed in redacted form. No such letter was filed. Defendants' response to the Trial Scheduling Letter, filed November 30, 2022, makes no reference to the application to file under seal. It is hereby

      **ORDERED** that Plaintiff's letter motion to seal is **DENIED**. A presumption of public access attaches to documents filed on the docket, and no party has rebutted that presumption. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (describing public right of access at common law and under the First Amendment); *Bernsten v. O'Reilly*, 307 F.

Supp. 3d 161, 168-69 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases). Further, the redacted information is central to Plaintiff's claims and does not fall within one of the recognized exceptions that can rebut the presumption of public access. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redaction of "specific business information and strategies, which if revealed, may provide valuable insights [to competitors]." (internal quotation marks omitted)); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing the redaction of compensation amounts as "sensitive personal information").

The Clerk of Court is respectfully directed to close the motion at Dkt. 497 and to unseal the document at Dkt. 499.

Dated: January 11, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE