

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

February 15, 2023

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Catherine McKoy, et al. v. Trump Corp., et al.*, No. 18-cv-9936 (LGS) (SLC)

Dear Judge Cave:

Defendants submit this letter in response to the letter from Plaintiffs' counsel John C. Quinn to the Court (ECF No. 511) requesting a discovery conference on Plaintiffs' proposed motion to preclude Defendants' experts (the "Letter-Motion"). As set forth herein, Plaintiffs failed to comply with your Honor's Individual Practices prior to bringing the Letter-Motion, and the Letter-Motion, in any event, presents no basis whatsoever for the relief sought.

As a threshold matter, Plaintiffs failed to confer in good faith before filing this application in violation of Rule II.C.1 of your Honor's Individual Practices. During the referenced meet-and-confer, Mr. Quinn not only made clear that Plaintiffs viewed the exercise as pointless because Defendants obviously would not agree to preclusion of their experts, but he declined to consider potential compromises in lieu of the extremely drastic sanction of preclusion. When, as here, the meet-and-confer is a sham due to the movant's unwillingness to consider any compromise, the requirements of your Honor's Individuals Practices have not been met. Plaintiffs' rush to the courthouse to seek the preclusion of Defendants' experts is nothing more than gamesmanship, which speaks volumes about their view of the merits of their case, or lack thereof. The Court should deny the Letter-Motion on this ground alone, and direct Plaintiffs to engage in a meaningful meet-and-confer with Defendants on this issue.

Should the Court be inclined to address the merits of the Letter-Motion, there is no basis for the preclusion of Defendants' experts, which relief the courts in the Second Circuit consider to be a drastic, "harsh remedy" that "should be imposed only in rare situations." *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. 2005) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)). When adjudicating an application to preclude expert testimony, courts consider four factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance" before imposing the remedy or sanction. *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). Here, none of the factors weigh even remotely in favor of precluding Defendants' experts.

Hon. Sarah L. Cave
February 15, 2023
Page 2

Although there is no discovery order at issue, there can be no doubt that Defendants have made good-faith efforts to comply with their obligations under Rule 26. In addition, as the parties are still far from the January 2024 trial date, there is currently no possibility of a continuance. The remaining two factors, the possibility of prejudice to Plaintiffs if Defendants' experts are not precluded, and the importance of the expert testimony sought to be precluded, favor Defendants.

As for prejudice, Plaintiffs principally argue that they will suffer prejudice in the form of being unable to adequately prepare for "cross-examination" of Defendants' experts or to address the "factual premises" upon which their opinions are based. In support of this argument, Plaintiffs' rely on *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, No. 7 Civ. 222, 2009 WL 1043974 (M.D. Fla. Apr. 17, 2009), which undermines their argument. In *Bray*, the defendant moved to strike plaintiffs' expert report and to preclude the expert's testimony at trial. After hearing argument, the court provided plaintiffs with an opportunity to supplement or amend their expert's report to conform to the requirements of Rule 26. Plaintiffs thereafter produced an amended report, engaged in a "series of good faith conferences" with defense counsel, and then produced additional information. With the additional information in hand, defendant then moved to *inter alia* strike only a portion of plaintiffs' expert's report. In granting the relief, the court stated that it "took the extraordinary step of giving [plaintiff] a final opportunity to amend or supplement the report to bring it into compliance with Rule 26," thereafter gave plaintiff "additional opportunities to amend or supplement its report," and that "[d]espite these opportunities, [plaintiff] failed to do so." It was under those circumstances that the court determined that plaintiffs' "failure to comply with Rule 26 [was] not substantially justified" and that defendant had 'been prejudiced."

By contrast, the parties here have not engaged in any meaningful meet-and-confer, let alone a series thereof. In addition, Defendants have not been given an opportunity to supplement or amend their experts' reports. The fact of the matter is that one of Defendants' rebuttal experts, Dr. Hair, disclosed in his rebuttal report that he spoke with ACN executives and provided citations therein to certain facts from those executives upon which he relied. To the extent that Plaintiffs have questions about that disclosure, they will have ample opportunity during Mr. Hair's deposition to explore it. As for Defendants other rebuttal experts, Mr. Crandon and Dr. Cunningham, to the extent that they relied on any information from the ACN executives in forming the opinions set forth in their reports, Defendants can disclose that information in a supplemental report or Plaintiffs are welcome to explore the issue in depositions. Plaintiffs claim that the experts relied on undisclosed information from the ACN executives to form their opinions merely because they participated in conversations is rank speculation. As for Dr. Peterson, his affirmative report was issued before conversations with the ACN executives even took place.

*S.W. v. City of New York*, No. CV 2009-1777(ENV)(MDG), 2011 WL 3038776, at *4 (E.D.N.Y. July 25, 2011), is instructive. There, the court declined to preclude testimony based on the omission of certain information from the expert reports because "even assuming that portions of plaintiffs' experts' reports should have been included in their initial reports, there is no prejudice to the [defendant] by permitting plaintiffs' experts to serve these reports since expert depositions have not been taken and no trial date has been set" and sur-rebuttal reports could

4868-7004-1937.1

Hon. Sarah L. Cave
February 15, 2023
Page 3

be served. *See also*, *Manoma Realty Mgmt., LLC v. Fed. Pac. Elec. Co.,* 02 Civ. 0494 (LTS)(GWG), 2007 WL 2175947 (S.D.N.Y. July 26, 2007) ("Even in the event that a party has not strictly complied with Rule 26, precluding testimony of an expert may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants") (citations omitted); and *In re Kreta Shipping, S.A.,* 181 F.R.D. 273, 277 (S.D.N.Y. 1998) (permitting party to submit new or revised expert reports). Simply stated, Plaintiffs have not shown any prejudice at this stage or that any such potential prejudice cannot be cured.

As for the importance of the expert testimony sought to be precluded, the significance thereof cannot be overstated. Defendants must rely on their experts to rebut the opinions of Plaintiffs' experts and to defend Plaintiffs' claims, which seek relief on behalf of a potentially large putative class. "It is well established that "[c]ourts are reluctant to exclude relevant evidence if it is critical to a party's case." *SEC & Exch. Comm'n v. McGinnis*, No. 5:14-CV-00006, 2018 WL 1633592, at *5 (D. Vt. Apr. 3, 2018) (citing *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213 (2d Cir. 2009)). Defendants will suffer severe and extreme prejudice if they are required to litigate this case without their affirmative or rebuttal experts, which would result in a one-sided presentation of opinions.

Even if Defendants did not strictly comply with their discovery obligations (which they did) there are other less drastic alternatives that would adhere to the prevailing rule that eschews the premature exclusion of relevant evidence including expert testimony. The Court should at the very least deny the Letter-Motion without prejudice pending the supplementation of Defendants' experts reports and their respective depositions. *See Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009) (denying motion to exclude report where party could have re-deposed the expert and submitted a sur-rebuttal report). Notably, Plaintiffs suggest as an alternative that Dr. Peterson be precluded from providing any testimony based *only* on his conversations with the executives. While Defendants do not concede that such a ruling would be appropriate, the identification of this alternative highlights that, as even Plaintiffs recognize, less drastic measures may be called for assuming that there was any failure to comply with discovery obligations.

In sum, the Court should deny the Letter-Motion and direct Plaintiffs to engage in a meaningful meet-and-confer with Defendants. Should the Court be inclined to address the merits of the Letter-Motion, it should deny the requested relief, or direct Defendants to supplement their expert reports prior to those experts' depositions, which should proceed without delay.

Respectfully,
/s/ Peter T. Shapiro
Peter T. Shapiro

cc:   All Counsel of Record (*via ECF*)

4868-7004-1937.1