

745 Fifth Avenue
Suite 500
New York, NY 10151
nelson.legal

Stephanie E. Niehaus
C: 440 897 1287 • O: 212 457 1668
stephanie.niehaus@nelson.legal

March 14, 2023

VIA ECF

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *McKoy, et al. v. The Trump Corp., et al.*, **Case No. 18-cv-09936 (LGS)**

Dear Judge Schofield:

      This firm represents non-party ACN Opportunity, LLC ("ACN") in these proceedings. On March 10, 2023, Plaintiffs filed redacted and unredacted versions of a memorandum in support of their motion for class certification [ECF Nos. 531, 532 (under seal)] and a declaration in support with multiple exhibits filed under seal [ECF Nos. 533, 534 (under seal)]. Much of the redacted material in the memorandum and the related exhibits filed under seal implicate ACN's non-public, sensitive business and financial information, which ACN designated confidential in discovery. ACN respectfully requests, pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases, that these non-public materials remain sealed in the public record.

      Plaintiffs take no position in their submissions regarding the confidentiality of the redacted and under seal materials, noting only that the Court's Individuals Rules require the designating party to explain "why it seeks to have certain documents filed in redacted form or under seal." ECF No. 529; *see also* Indiv. R. I.D.3. Indeed, no party has suggested that the redacted and sealed information is not confidential or that there is any public interest in the information

      On the other hand, non-party ACN has a significant interest in keeping information about its internal business operations and finances out of the public record. ACN has a particularly heightened interest in maintaining the confidentiality of such information given its relative position in this case and the public attention the litigation has received. While ACN is not named as a defendant, Plaintiffs have placed ACN's business squarely at issue with the allegations they have made in their Complaint and now in in their class certification briefing, including through disputed characterizations of confidential, internal documents. Allowing ACN's internal information to become public—particularly where there is no public interest in the information—may subject ACN to additional unwarranted attacks on its business, compounding the collateral damage that Plaintiffs already have inflicted on ACN.

   ACN also has a right to confidential treatment of information under its IBO Agreements with Plaintiffs, and public disclosure of ACN's internal documents in this case may violate Plaintiffs' confidentiality obligations to ACN.[1]

   Accordingly, ACN respectfully requests continued confidential treatment of all of its non-public information cited in or appended to Plaintiffs' class certification briefing. This extends to all testimony, documents, and information provided by ACN in discovery, with the exception of copies of and/or excerpts from (1) ACN Opportunity Discs, which were distributed to ACN IBOs and (2) *Success* and *Success from Home* Magazine, which were not published by ACN and were distributed publicly.

Respectfully,

*[signature]*

Stephanie E. Niehaus

cc:  All Counsel of Record (via ECF)

---

[1] ACN raises this point only to underscore ACN's confidentiality interests to the Court. Any dispute concerning application of the confidentiality provisions under the IBO Agreement must be resolved through arbitration.