**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63ʳᵈ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0886
DIRECT EMAIL     jquinn@kaplanhecker.com

April 11, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Catherine McKoy, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS) (SLC)

Dear Judge Schofield,

    We write pursuant to Rule I.D.3 of Your Honor's Individual Practices and in response to Defendants' April 7, 2023 letter, ECF 550, which sought provisional approval to file under seal an unredacted version of Defendants' class certification opposition brief as well as certain exhibits that have been designated as "Confidential" by various parties and non-parties pursuant to the operative Protective Order.  *See* ECF 112.

    Insofar as confidentiality designations were made by parties or non-parties other than Plaintiffs, Plaintiffs at this time take no position with respect to those designations and take no issue with Defendants' request—or ACN's request, filed earlier tonight, ECF 555—that such materials remain sealed.  We do, however, wish to clarify two related matters.

    *First*, as noted in Defendants' letter, ECF 550 at 1, Defendants redacted all references to the deposition transcripts of Plaintiffs Catherine McKoy, Lynn Chadwick, and Markus Frazier and filed the relevant excerpts under seal.  But prior to filing, Defendants asked us for our position with respect to the sealing of those excerpts, and we informed Defendants that, while we had designated the transcripts as "Confidential" under the Protective Order, the sealing standard is of course a different one, *see Lugosch v. Pyramid Co. of Onodaga*, 435 F.3d 110 (2d Cir. 2006), and, after reviewing the excerpts and considering the sealing standard, we did not request sealing of those excerpts.  It remains our position that the portions of Plaintiffs' deposition transcripts cited in and filed with Defendants' papers need not be sealed under *Lugosch*.

    *Second*, and as also noted in Defendants' letter, ECF 550 at 2, Defendants also filed under seal certain excerpts from Plaintiffs' responses to Defendants' First Set of Requests for Admission.  In those requests, Defendants quoted from a document that non-party ACN produced and designated as "Confidential," and sought certain admissions about its contents.  Because ACN designated the relevant document as "Confidential," we do not take issue with Defendants' position, or ACN's

KAPLAN HECKER & FINK LLP

2

position, *see* ECF 555, that Plaintiffs' responses to Defendants' Requests for Admission should remain under seal at this time.

      For the avoidance of doubt, Plaintiffs respectfully reserve their right to challenge the confidentiality designations of any materials cited in Defendants' opposition papers in the future pursuant to Paragraph 15 of the Protective Order, and to oppose further sealing requests as appropriate.

Respectfully submitted,

John C. Quinn

cc: All Counsel of Record (*via ECF*)