

Peter T. Shapiro<br>
77 Water Street, Suite 2100<br>
New York, New York 10005<br>
Peter.Shapiro@lewisbrisbois.com<br>
212.232.1322

April 21, 2023

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Catherine McKoy, et al. v. Trump Corp., et al.*, No. 18-cv-9936 (LGS) (SLC)

Dear Judge Schofield:

      Defendants hereby request that Your Honor schedule a pre-motion conference with respect to Defendants' proposed motion for summary judgment, the basis for which is set forth below.[1]

### A. The Court Should Grant Summary Judgment in Defendants' Favor on Plaintiffs' State Law Statutory Claims

      Genuine and material issues of fact do not exist as to Plaintiffs' claims under the California, Pennsylvania and Maryland consumer fraud statutes.

      The California False Advertising Law (FAL) and Unfair Competition Law (UCL) both require a showing of reliance or "injury as a result" of the allegedly deceptive conduct (*Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322-326 (2011), and "[t]he only monetary remedy available … is restitution . . ." *Lee v. Luxottica Retail N. Am., Inc.*, 65 Cal. App. 5th 793, 800 (2021). There is no dispute that Plaintiff Catherine McKoy ("Ms. McKoy") only paid ACN when she decided to become an independent business owner (IBO); she therefore cannot recover restitution from Defendants. *Korea Supply Co. v. Lockheed Martin*, 29 Cal. 4th 1134, 1149 (2003) (a UCL plaintiff cannot sue a stranger to the transaction at issue absent a "vested" or "ownership interest" in money held by the defendant). For the reasons set forth below, Ms. McKoy also cannot raise a genuine and material issue of fact as to any purportedly deceptive conduct.

      Plaintiffs Lynn Chadwick ("Ms. Chadwick") and Markus Frazier ("Mr. Frazier") cannot raise genuine and material issues of fact as to their claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and Maryland Consumer Protection Act ("CPA"), respectively, because they are not consumers protected by those statutes. A UTPCPL

---

[1] Counsel for the parties met and confer about this proposed motion by telephone on April 202, 2023.

93717098.1

claim can only be based on the purchase of "goods or services primarily for personal, family or household purposes." 73 Pa. Cons. Stat. § 201- 9.2(a). Similarly, the CPA applies only to claims involving "consumer goods" and "consumer services" intended "primarily for personal, household, family, or agricultural purposes." Md. Code Com. Law § 13-101(c)-(d). Ms. Chadwick and Mr. Frazier joined ACN to earn money, not to buy goods or services for themselves.

Even if Plaintiffs could overcome the foregoing threshold liability issues, their claims are still subject to dismissal because the allegedly fraudulent representations made by Donald J. Trump ("President Trump") are non-actionable puffery. Plaintiffs' class certification motion confirms that this action is based upon four principal alleged misrepresentations made by President Trump: (1) the level of risk associated with the ACN Opportunity; (2) the viability of ACN's videophone; (3) his compensation as a celebrity spokesperson; and (4) the extent of his due diligence about ACN. However, sales talk and puffery by a celebrity spokesperson simply cannot support a consumer fraud claim. *See, e.g., Lipton v. Nature Co.*, 71 F.3d 464, 474 (2d. Cir. 1995) (claim to have done thorough research about a product is puffery); *Kovalev v. Lidl US LLC*, 2022 U.S. Dist. LEXIS 230259, *53-56, 2022 WL 17858055 (E.D. Pa. Dec. 21, 2022) ("one who claims a violation of the UTPCPL, however, must overcome the hurdle of puffery"). *See also Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 159 (2d Cir. 2007); *Baney Corp. v. Agilysis NV, LLC*, 773 F. Supp. 593, 608-609 (D. Md. 2011); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 U.S. Dist. LEXIS 140212, *103-106 (N.D. Cal. Aug. 30, 2017); *Gillette Co. v. Wilkinson Sword, Inc.*, 1989 WL 8276 (S.D.N.Y. July 6, 1989).

Additionally, Plaintiffs cannot raise genuine and material issues of fact as to reliance, which is required under the foregoing statutes, as the evidence demonstrates that they joined ACN for reasons other than the alleged misrepresentations made by President Trump. *See Hunt v. United States Tobacco*, 538 F.3d 217, 222-225 (3d. Cir. 2008) (PA law); *Lloyd v. Gen. Motors Corp.,* 916 A.2d 257, 277 (Md. 2007). Mr. Frazier testified that he relied on an acquaintance who recruited him and multiple factors other than Defendants in deciding to join ACN. Indeed, nonparties, not Defendants, led Mr. Frazier to believe that simply by joining ACN he would obtain enough money to be able to retire, while he ignored ACN's written warnings that earnings were not guaranteed and its explanations about the need to work hard to make sales in order to generate income. Ms. Chadwick and Ms. McKoy similarly relied on representations made by friends, relatives and other ACN IBOs (including about their own financial success) in deciding to become IBOs.

    **B.**    **The Court Should Grant Summary Judgment in Defendants' Favor on Plaintiffs' Common Law Fraud or Negligent Misrepresentation Claims**

Plaintiffs cannot raise genuine and material issues of fact as to their common law claims of fraud and negligent misrepresentation because they cannot adduce the mandatory clear and convincing evidence of fraud required by Pennsylvania and Maryland law, *Rutherford v. BMW of N. Am., LLC*, 579 F. Supp. 3d 737, 747 (D. Md. 2022) (Md. Law); *V-Tech Servs. v. Street*, 72 A.3d 270, 276 (Pa. Super. 2013), or the preponderance of evidence required by California law. *Liodas v. Sahadi*, 19 Cal. 3d 278, 291 (1977).

Like their statutory claims, Plaintiffs' common law claims fail because they are based on non-actionable puffery and Plaintiffs did not justifiably rely President Trump's alleged misrepresentations, but rather on the myriad of information obtained from third-parties. Mr. Frazier cannot prove that any alleged "misrepresentation substantially induced [him] to act" (*McKenzie v. Comcast Cable Communications, Inc.*, 393 F. Supp. 2d 362, 376 (D.Md. 2005)) because he recalled only that President Trump vouched for the business, which is not an actionable misrepresentation of fact. *Bryan v. Fay Servicing*, LLC, 2019 U.S. Dist. LEXIS 27982, at *11-14, 2019 WL 764705 (D. Md. Feb. 21, 2019). Ms. McKoy similarly relied on friends and acquaintances, not Defendants, in deciding to join ACN. While she allegedly heard a statement made by President Trump to the effect of if you do the work you will earn money, that is not a misrepresentation of fact and critically she did not rely on it as she did not even know who he was. *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*, 55 Cal. 4th 1169, 1183 (2013). Ms. Chadwick too cannot prove justifiable reliance given her reliance on inducements by non-parties. *Scaife Co. v. Rockwell-Standard Corp.*, 285 A.2d 451 (Pa. 1971), *cert. denied*, 407 U.S. 920 (1972).

Additionally, the misrepresentation claims should be dismissed on the following grounds: (1) Ms. McKoy cannot raise a genuine issue of fact as to scienter as required by California law (*Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1103 (C.D. Cal. 2012)); (2) Mr. Frazier and Ms. Chadwick cannot raise genuine issues of fact as to knowing falsity or reckless indifference to the truth as required by Maryland and Pennsylvania law (*Nails v. S&R*, 639 A.2d 660, 668-669 (Md. 1994); *Milliken v. Jacono*, 60 A.3d 133, 140 (Pa. Super. 2012)); (3) Ms. Chadwick and Ms. McKoy's claims fail to the extent predicated on alleged omissions as opposed to affirmative misrepresentations given the absence of a duty to disclose. (*Weisblatt v. Minnesota Mut. Life Ins. Co.*, 4 F. Supp. 2d 371, 382 (E.D. Pa. 1998); *In re Vizio, Inc. Consumer Product Litig.*, 238 F. Supp. 3d 1204, 1230 (C.D. Cal. 2017)); (4) Ms. McKoy's and Mr. Frazier's negligent misrepresentation claims fail because they cannot prove intent to induce reliance (*Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986); *Lloyd v. General Motors Corp.*, 916 A.2d at 273); and (5) Ms. Chadwick cannot raise a genuine and material issue of fact as to her misrepresentation claim based on her deposition testimony that she did not recall the statements made by President Trump that the Second Amended Complaint alleges she relied upon (*Pittsburgh Live, Inc. v. Servov*, 615 A.2d 438, 441 (Pa. Super. 1992) (the plaintiff's inability to "distinctly remember the facts to which [she] testif[ied], and narrate the details exactly" is fatal to the claim)).

Finally, the Court must grant summary judgment in favor of Donald Trump Jr., Eric Trump, Ivanka Trump and the Trump Corporation because Plaintiffs have not even identified one misrepresentation made by any of them, let alone a misrepresentation that Plaintiffs relied upon. Simply appearing alongside President Trump on the Celebrity Apprentice or, in the instance of Eric Trump, praising ACN's founders for their charitable donations is insufficient to support a claim under state statutory or common law.

Respectfully submitted,

/s/ Peter T. Shapiro

/s/ Clifford S. Robert