# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0886
DIRECT EMAIL   jquinn@kaplanhecker.com

April 21, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *McKoy, et al. v. The Trump Corp., et al.*, No. 18 Civ. 9936 – Letter Motion to Seal

Dear Judge Schofield:

    We write on behalf of Plaintiffs and the putative classes in the above-referenced action, pursuant to Rule I.D.3 of Your Honor's Individual Rules, to respectfully request provisional approval to file under seal an unredacted version of Plaintiffs' letter to the Court seeking to exclude Defense Expert Dr. Robert A. Peterson's expert opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and to preclude Defense Expert Dr. Joseph F. Hair's Supplemental Declaration, ECF 552-20, under Federal Rule of Civil Procedure 37(c) because it was submitted after the close of expert discovery.[1]

    In the Letter, Plaintiffs refer to information found in and quote from documents and transcripts that have been designated as "Confidential" by Defendants under Paragraph 3 of the operative Protective Order entered by the Court on September 10, 2019. *See* ECF 112. Plaintiffs also refer to the Rebuttal Expert Report of Dr. Stacie Bosley, which Plaintiffs designated as "Confidential." This report references, quotes, and relies on various materials designated confidential by Defendants, ACN, and other non-parties, including revenue, marketing, and pricing information. *See Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (characterizing "marketing plans, revenue information, [and] pricing information" as "categories commonly sealed").

    In accordance with Paragraph 16 of the Protective Order, which incorporates by reference Rule I.D.3 of Your Honor's Individual Rules, Plaintiffs have provisionally filed the unredacted Letter under seal and have provisionally redacted references to the information designated as Confidential in the Letter filed on the public docket. Pursuant to the Protective Order, however, the entity or entities "with an interest in confidential treatment bears the burden of persuasion."

---

[1] In accordance with Rule I.D.3 of Your Honor's Individual Rules, an unredacted copy of the Letter, with redactions highlighted, will be filed under seal contemporaneously with this letter motion. *See* Standing Order, 19-mc-00583 (Dec. 19, 2019); Electronic Case Filing Rules & Instructions, Rule 6.8. Plaintiffs will timely serve the unredacted version on Defendants.

KAPLAN HECKER & FINK LLP

2

ECF 112 at 5. With the exception of the information related to Dr. Bosley's report, Defendants, as the parties that made the relevant confidentiality designations, have the "interest in confidential treatment." *Id.*

Finally, for the avoidance of doubt, Plaintiffs take no position at this time on whether the redacted information was properly designated as Confidential or whether it ought to remain sealed from the public. Plaintiffs further respectfully reserve the right to challenge the relevant confidentiality designations in the future pursuant to Paragraph 15 of the Protective Order.

Respectfully submitted,

John C. Quinn

cc:   *All Counsel of Record (via ECF)*