Case 1:18-cv-09936-LGS-SLC   Document 566   Filed 04/21/23   Page 1 of 3

**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63ʳᵈ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL        212.763.0886
DIRECT EMAIL      jquinn@kaplanhecker.com

April 21, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Catherine McKoy, et al. v. The Trump Corporation, et al.*, 18-cv-09936

Dear Judge Schofield:

      We write on behalf of Plaintiffs and the putative classes pursuant to Rule III.A.1 of Your Honor's Individual Rules to request a pre-motion conference on Plaintiffs' motions to: (1) exclude Defense Expert Dr. Robert A. Peterson's expert opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); and to (2) preclude Defense Expert Dr. Joseph F. Hair's Supplemental Declaration, ECF 552-20, under Federal Rule of Civil Procedure 37(c) because it was submitted after the close of expert discovery, *see* ECF 549.¹

**I.**    **Peterson's Opinions Should be Excluded under *Daubert***

      Defendants' opposition to Plaintiffs' class certification motion relies on opinions offered by Defendants' sole affirmative expert, Dr. Peterson, that (1) [REDACTED] and (2) [REDACTED]—*i.e.*, [REDACTED]. ECF 551 at 15; *see also* ECF 552-18 (Peterson report excerpts). But by his own admission, [REDACTED]. Instead, as Peterson testified, [REDACTED] Peterson Tr. 248:14-15. And Peterson offered no methodology or analysis to try to extrapolate or apply general conclusions about [REDACTED] to [REDACTED] specifically. Accordingly, any purported opinions [REDACTED] are not "based on sufficient facts or data" and are not "the product of reliable principles and methods." Fed. R. Evid. 702(b)-(c).

      ***The*** [REDACTED]. Peterson's opinion that [REDACTED].² Peterson conceded in his deposition [REDACTED] Peterson Tr. 145:13-17. Instead,

---

¹ The parties met and conferred by phone on April 20, 2023. Defendants oppose Plaintiffs' requested relief.

² Peterson [REDACTED]. *See* Peterson Tr. 34:13-17, 36:13-37:5, 43:17-44:8, 49:13-18, 50:3-11.

        *Id.* 207:11-22. Peterson put it bluntly: "███████████████████" *Id.* 248:15. Because Peterson "failed to survey the proper universe," his opinions should be excluded. *Medisim Ltd. v. BestMed LLC*, 861 F. Supp. 2d 158, 179 (S.D.N.Y. 2012); *see also Apple v. Atl. Yards Dev. Co.*, No. 11 Civ. 5550, 2015 WL 11182422, at *6-9 (E.D.N.Y. Mar. 31, 2015) (excluding statistician's testimony where, in making calculations about five New York unions, he relied on national census data representing the entire workforce).

        Nor did Peterson offer any analysis to try to impute ████████████ to ███ specifically. All Peterson offers is an unadorned assertion in his report that he personally ███████████████████████████████████████████████████████████████████. ECF 552-18 at 14 (ECF header page numbering). This is wholly inadequate: "[t]he law is clear that mere ipse dixit is not appropriate expert testimony because it is not based on reliable methodology, as *Daubert* requires." *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 678 (S.D.N.Y. 2013).[3]

        Another federal court has previously excluded survey evidence offered by Peterson precisely because it was not sufficiently "tied to" the case. *Fractus, S.A. v. Samsung*, No. 9 Civ. 203, 2011 WL 7563820, at *1 (E.D. Tex. Apr. 29, 2011). The same is true here.

        **The ███████████████████ Is Similarly Flawed.** Peterson ███████████████████████████████████████████████████████████████████████████████████████. ECF 552-18 at 8-12. But even though he ███████████████████████████████████████████████████████████████████████████████████████████████████ plainly "unrepresentative" of the putative classes, *Apple*, 2015 WL 11182422, at *7. Indeed, when asked why he ███████████████████████████████████████████████████. Peterson Tr. 332:15-334:25.

        Additional methodological problems only compound the unreliability of Peterson's ███████████████. For one, the ███████████████████████████████████████████████████████████████████████. *See Price v. L'Oréal USA, Inc.*, No. 17 Civ. 614, 2020 WL 4937464, at *8 (S.D.N.Y. Aug. 24, 2020) (Schofield, J.) (excluding expert testimony, in part, because testimony was based on a "small sample size" of "only" 105 respondents); *see also Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2022 WL 814074, at *8 (S.D.N.Y. Mar. 17, 2022) (excluding portion of expert opinion that relied upon seventeen data points because expert did "not show that his data [was] 'a fair proxy'"). What's more, even among ███████████████████████████████████████████████████████████████ *Cf. In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 950-51 (C.D. Cal. 2015)

---

[3] Indeed, Peterson's own mistakes confirm that such imputation is not appropriate. Peterson relied on ████████. ECF 552-18 at 5, 10. But ███████████████████████████████████████████████████ Bosley Rebuttal ¶¶ 32-33, 37 & n.38.

[4] For example, when asked ███████████████. Peterson Tr. 369:13-370:7. ███████████████████████. *Id.* at 375:5-16. ███████████████. *Id.* 368:24-369:10, 370:5-7, 370:22-372:4, 374:6-375:4.

KAPLAN HECKER & FINK LLP                                                                                              3

(excluding survey in part on the basis that expert conceded answers "indicate[] some misunderstanding among the survey respondents").

II.     Hair's Untimely "Supplemental" Declaration Should Be Precluded

Plaintiffs also seek a conference and/or opportunity to brief a motion to preclude the "supplement[al]" declaration from Defendants' rebuttal expert Joseph Hair that was filed with the opposition to class certification. ECF 552-20 ¶ 1. The untimely declaration, which Plaintiffs only learned of when it was filed along with Defendants' opposition brief on April 7, is the latest in an unrelenting series of disclosure failures and belated productions by Defendants, which already prompted Judge Cave to direct Defendants' experts to serve supplemental reports to address a series of private meetings orchestrated by defense counsel between their experts and ACN executives—meetings at which substantial information was exchanged but no records were kept. ECF 510, 514.

This latest belated disclosure was made via public filing more than eleven weeks after the original deadline for rebuttal expert reports, ECF 456 ¶ 3(d), more than five weeks after the deadline Judge Cave set for supplemental reports, ECF 514 ¶ 2, approximately three weeks after we took Dr. Hair's deposition in Mobile, Alabama, and two weeks after the parties jointly certified the close of expert discovery in a joint letter to Judge Cave, ECF 548. What is more, on its face the declaration is nothing more than a late attempt to rebut the report of Plaintiffs' expert Dr. Stacie Bosley, which Defendants have had since November 2022. All of this amounts to a clear violation of both the case management order and Federal Rule of Civil Procedure 26(a)(2)(D).

It is black-letter law that where a party fails to timely comply with its Rule 26(a) obligations, it "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendants have not provided any justification for their latest violation of the deadlines for expert discovery set by the Court. ECF 456 ¶ 3(d). And this post-deposition attempt to yet again rework Dr. Hair's opinions is plainly prejudicial. For example, despite not once using the word ███████████████████████████████████████ ECF 552-20 ¶¶ 2, 3. He also offers other new claims about ███████████████████████████████████████, id. ¶¶ 5, 7, and that ███████████████████████████, id. ¶ 10. This is precisely the type of sandbagging of adversaries that Rule 37(c)(1) was designed to prevent. See Mfon v. Cnty. of Dutchess, No. 14 Civ. 6922, 2017 WL 946303, at *5 (S.D.N.Y. Mar. 9, 2017) (precluding supplemental expert declaration submitted in opposition to motion for summary judgment); Morritt v. Stryker Corp., No. 7 Civ. 2319, 2011 WL 3876960, at *5-8 (E.D.N.Y. Sept. 1, 2011) (limiting expert's opinions to exclude new analysis provided in supplemental declaration at summary judgment).

Respectfully submitted,

John C. Quinn

cc:     All Counsel of Record (via ECF)