UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

CATHERINE McKOY, MARKUS FRAZIER, and LYNN CHADWICK, individually and on behalf of all others similarly situated,

*Plaintiffs*,

-against-

THE TRUMP CORPORATION, DONALD J. TRUMP, in his personal capacity, DONALD TRUMP JR., ERIC TRUMP, and IVANKA TRUMP,

*Defendants*.

--------------------------------------------------------------X

Case No. 18-cv-09936 (LGS) (SLC)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT EVIDENCE**

LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, Suite 2100
New York, New York 10005

- and -

ROBERT & ROBERT PLLC
526 RXR Plaza
Uniondale, New York 11556

# TABLE OF CONTENTS

INTRODUCTION ..... 1

ARGUMENT ..... 1

I. DR. PETERSON'S OPINION AND SURVEYS SHOULD NOT BE EXCLUDED ..... 1

A. Criticisms of Dr. Peterson's Surveys go To Weight, Not Admissibility ..... 1

B. Dr. Peterson's Targeted Populations Are Properly Defined ..... 6

C. The Exclusion of a Single Peterson Survey in Another Case is Irrelevant ..... 8

II. PROFESSOR HAIR'S DECLARATION IS PROPER ..... 9

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Cases**

*A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*,
364 F. Supp. 3d 291 (S.D.N.Y. 2019)....................8

*Allegra v. Luxottica Retail N. Am.*,
341 F.R.D. 373 (E.D.N.Y. Dec. 13, 2021)....................9

*In re Aluminum Warehousing Antitrust Litig.*,
336 F.R.D. 5 (S.D.N.Y. 2020) ....................9

*Apple v. Atl. Yards Dev. Co., LLC*,
2015 WL 11182422 (E.D.N.Y. Mar. 31, 2015)....................6

*Astra Aktiebolag v. Andrx Pharms, Inc.*,
222 F. Supp. 2d (S.D.N.Y. 2002)....................6

*Bryant v. Milhorat*,
2013 WL 123688616 (E.D.N.Y. Sept. 30, 2013) ....................8

*Caché, Inc. v. M.Z. Berger & Co.*,
2001 U.S. Dist. LEXIS 226, 2001 WL 38283 (S.D.N.Y. Jan. 16, 2001) ....................3

*Canino v. H.R.P., Inc.*,
105 F. Supp. 2d 21 (S.D.N.Y. 2000)....................3

*Chen-Oster v. Goldman*,
2022 WL 814074 (S.D.N.Y. Mar. 17, 2022) ....................8

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)....................2

*In re Elysium Health-ChromaDex Litig.*,
2022 WL 421135 (S.D.N.Y. Feb. 11, 2022)....................3, 4

*Firefly Digital Inc. v. Google Inc.*,
817 F. Supp. 2d 846 (W.D. La. 2011)....................9

*Fractus, S.A. v. Samsung*,
2011 WL 7563820 (E.D. Tex. 2011) ....................8

*Friesland Brands, B. V. v. Vietnam Nat'l Milk Co.*,
221 F. Supp. 2d 457 (S.D.N.Y. 2002)....................3

*Gidora v. Howmedica Osteonics Corp.*,
2019 WL 1129127 (S.D.N.Y. Mar. 12, 2019) ....................3

*Kassman v. KPMG LLP*,
416 F. Supp. 3d 252 (S.D.N.Y. 2018)........................................2, 4

*Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*,
2017 WL 3142072 (S.D.N.Y. July 24, 2017)........................................4

*Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*,
799 F.2d 867 (2d Cir. 1986)........................................2

*Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*,
97 F. Supp. 3d 485 (S.D.N.Y. 2015)........................................5, 8

*Manbro Energy Corp. v. Chatterjee Advisors, LLC*,
2022 WL 4225543 (S.D.N.Y. Sept. 13, 2022)........................................2, 7

*MasterCard Int'l, Inc. v. First Nat'l Bank of Omaha, Inc.*,
2004 WL 326708 (S.D.N.Y. Feb. 23, 2004)........................................8

*McCullock v. H.B. Fuller Co.*,
61 F.3d 1038 (2d Cir. 1995)........................................2

*Mead Data Cent., Inc. v. Toyota Motor Sales, U.SA., Inc.*,
702 F. Supp. 1031 (S.D.N.Y. 1988), vacated on other grounds, 1989 U.S. App. LEXIS 2672 (2d Cir. 1989)........................................9

*Medisim Ltd. v. BestMed LLC*,
861 F. Supp. 2d 158 (S.D.N.Y. 2012)........................................6

*Neighborfavor Inc. v. Hey Favor, Inc.*,
2023 WL 2550120 (W.D. Tex. Jan. 6, 2023)........................................9

*Off Lease Only, Inc. v. Lakeland* Motors, LLC,
2019 WL 6910162 (M.D. Fl. Dec. 19, 2019)........................................9

*Park W. Radiology v. CareCore Nat. LLC*,
675 F. Supp. 2d 314 (S.D.N.Y. 2009)........................................10

*Passman v. Peleton Interactive, Inc.*,
2023 WL 3195941 (S.D.N.Y. May 3, 2023)........................................7

*Playtex Prods. v. Procter & Gamble Co.*,
2003 U.S. Dist. LEXIS 8913, 2003 WL 21242769 (S.D.N.Y. May 28, 2003), aff'd, 126 F. App'x 32 (2d Cir. 2005)........................................2

*Price v. L'Oréal USA, Inc.*,
2020 WL 4937464 (S.D.N.Y. Aug. 24, 2020)........................................8

*Price v. L'Oreal USA, Inc.*,
2021 WL 4459115 (S.D.N.Y. Sept. 29, 2021)....................7

*Raskin v. Wyatt Co.*,
125 F.3d 55 (2d Cir. 1997)....................6

*RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*,
655 F. Supp. 2d 679 (S.D. Tex. Sept. 3, 2009)....................9

*Restivo v. Hessemann*,
846 F.3d 547 (2d Cir. 2017)....................2

*Rise-N-Shine, LLC v. Duner-Fenter*,
2015 WL 876470 (S.D.N.Y. Feb. 28, 2015)....................4

*Roniger v. McCall*,
2000 WL 1191078 (S.D.N.Y. Aug. 22, 2000)....................6

*S.W. v. City of New York*,
2011 WL 3038776 (E.D.N.Y. July 25, 2011)....................10

*Schering Corp. v. Pfizer Inc.*,
189 F.3d 218 (2d Cir. 1999)....................2, 3

*Sterling Drug, Inc. v. Bayer AG*,
14 F.3d 733 (2d Cir. 1994)....................2

*Tiffany & Co. v. Costco Wholesale Corp.*,
127 F. Supp. 3d 241 (S.D.N.Y. 2015)....................4

*U.S. Info. Sys. v. IBEW Local Union No. 3*,
313 F. Supp. 2d 213 (S.D.N.Y. 2004)....................8

*Universal City Studios, Inc. v. Nintendo Co., Ltd.*,
746 F.2d 112 (2d Cir. 1984)....................2

*Update Art, Inc. v. Modiin Publ'g, Ltd.*,
843 F.2d 67 (2d Cir. 1988)....................3

*Victoria's Secret Stores Brand Mgmt. v. Sexy Hair Concepts, LLC*,
91 U.S.P.Q.2d (BNA) 1671 (S.D.N.Y. 2009)....................4

*Volino v. Progressive Cas. Ins. Co.*,
2023 WL 2532836 (S.D.N.Y. March 16, 2023) (Schofield, J.)....................4

*WIZKIDS/NECA, LLC v. TIII* Ventures, LLC,
2019 U.S. Dist. LEXIS 56555, 2019 WL 1454666 (S.D.N.Y. Mar. 31, 2019)....................2

*Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*,
571 F.3d 206 (2d Cir. 2009)....................................................................................................3

## INTRODUCTION

Plaintiffs' motion to exclude the testimony of Defendants' expert Robert A. Peterson and strike Joseph Hair's declaration is a transparent and baseless attempt to submit additional, untimely supplemental briefing on Plaintiffs' class certification motion long after the motion was fully submitted to make up for their failure to submit their own survey evidence. As to Dr. Peterson, Plaintiffs seek to eliminate Defendants' only designated affirmative expert on the issue central to this litigation; viz, why Plaintiffs and possibly others chose to become ACN IBOs and whether President Donald J. Trump's celebrity spokesperson role played a significant part, or any part, in those decisions. Dr. Peterson should not be excluded as a witness as his reliable survey evidence is appropriately part of the case and Plaintiffs' quibbles should be dealt with via cross-examination at trial. As to Dr. Hair, Plaintiffs misrepresent his declaration, which essentially restates certain aspect of his report or references other information already presented which is properly part of the motion opposition, and Plaintiffs are not prejudiced by Defendants' submission.[1]

## ARGUMENT

### I. DR. PETERSON'S OPINION AND SURVEYS SHOULD NOT BE EXCLUDED

#### A. Criticisms of Dr. Peterson's Surveys go To Weight, Not Admissibility

This Court has explained the analysis to be applied to Plaintiffs' motion as follows:

> In deciding whether a step in an expert's analysis is unreliable, the district court should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand. A minor flaw in an expert's reasoning or a slight modification of an otherwise reliable method will not render an expert's opinion per se inadmissible. The judge should only exclude the evidence if the flaw is large enough that the expert lacks 'good grounds' for his or her conclusions.

---

[1] Dr. Peterson and Dr. Hair's complete reports will be submitted to Chambers as directed.

*Kassman v. KPMG LLP*, 416 F. Supp. 3d 252, 269 (S.D.N.Y. 2018) (Schofield, J.) (citation omitted).

"Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 596 (1993). "[Q]uibbles with [the expert's] . . . alleged shortcomings . . . were properly explored on cross-examination and went to his testimony's weight and credibility -- not its admissibility." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995). "Expert testimony should be excluded only 'if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison.'" *Manbro Energy Corp. v. Chatterjee Advisors, LLC*, 2022 WL 4225543, at *9 (S.D.N.Y. Sept. 13, 2022) (Schofield, J.) (quoting *Restivo v. Hessemann*, 846 F.3d 547, 577 (2d Cir. 2017) (cleaned up)). "Absent this degree of unreliability, any 'other contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony.'" *Id.*

The same analysis governs the survey evidence at issue here.

> A party seeking to exclude survey evidence from a jury trial shoulders a heavy burden. A survey is probative and may be admitted into evidence to establish actual confusion if it is 'fairly prepared and its results directed to relevant issues.' *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733, 741 (2d Cir. 1994) (quoting *Universal City Studios, Inc. v. Nintendo Co., Ltd*., 746 F.2d 112, 118 (2d Cir. 1984)). As a general matter, '[e]rrors in methodology . . . properly go only to the weight of the evidence' and not to its admissibility. *See Schering Corp. v. Pfizer Inc*., 189 F.3d 218, 227-28 (2d Cir. 1999); *see also Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co*., 799 F.2d 867, 875 (2d Cir. 1986); *WIZKIDS/NECA, LLC v. TIII* Ventures, LLC, 2019 U.S. Dist. LEXIS 56555, 2019 WL 1454666, at *13 (S.D.N.Y. Mar. 31, 2019) ('Although these arguments are not without merit, they again simply diminish the weight of the survey evidence rather than provide grounds for its exclusion.'); *Playtex Prods. v. Procter & Gamble Co*., 2003 U.S.

> Dist. LEXIS 8913, 2003 WL 21242769, at *2 (S.D.N.Y. May 28, 2003) ('[T]he Second Circuit clarified in *Schering* that any methodological deficiencies in a survey properly relate to the weight afforded to the survey's conclusions rather than its admissibility, subject of, of course, to a Rule 403 relevancy analysis.'), aff'd, 126 F. App'x 32 (2d Cir. 2005); *Friesland Brands, B. V. v. Vietnam Nat'l Milk Co*., 221 F. Supp. 2d 457, 459 (S.D.N.Y. 2002) ('The Second Circuit in *Schering* made clear that such a survey's 'errors in methodology . . . properly go only to the weight of the evidence'—not to its admissibility.' (omission in original) (quoting *Schering*, 189 F.3d at 228)); *Caché, Inc. v. M.Z. Berger & Co*., 2001 U.S. Dist. LEXIS 226, 2001 WL 38283, at *6 (S.D.N.Y. Jan. 16, 2001).

*In re Elysium Health-ChromaDex Litig*., 2022 WL 421135, at *2 (S.D.N.Y. Feb. 11, 2022).

The Court should be guided here by two Second Circuit's admonitions. First, the Second Circuit has cautioned that district courts should be reluctant to create prejudice by excluding relevant evidence, particularly evidence critical to a party's case. *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213 (2d Cir. 2009) (district court abused its discretion in excluding defense experts, leaving plaintiff's expert testimony uncontroverted); *see also Canino v. H.R.P., Inc*., 105 F. Supp. 2d 21, 28 (S.D.N.Y. 2000). Second, preclusion of evidence is a "harsh remedy" that should be imposed only in rare situations. *Update Art, Inc. v. Modiin Publ'g, Ltd*., 843 F.2d 67, 71 (2d Cir. 1988); *accord Gidora v. Howmedica Osteonics Corp*., 2019 WL 1129127, at *4 (S.D.N.Y. Mar. 12, 2019).

Dr. Peterson is Defendant's sole affirmative expert testifying to the reasons that individuals join direct selling organizations and the impact of a celebrity spokesperson on a potential participant's decision to do so. These are issues at the very heart of this litigation. Without Dr. Peterson's opinions, Defendants would be left without an affirmative expert to address the issues, and accordingly striking his opinion would be a drastic, highly prejudicial ruling. Plaintiffs deposed Dr. Peterson and will be able to cross-examine him at trial. The Court may instruct the jury if it deems any part of the testimony debatable and exclude evidence if appropriate. Since the

jury will be tasked to consider the reasons given by participants in direct selling companies for joining those companies – albeit not narrowed to the extent or in precisely the way that Plaintiffs would like – the survey information provides the jury with insight into and tools for evaluating the merits of Plaintiffs' claims, particularly given Plaintiffs' failure to present any competent expert or other evidence about the actual predilections and views of individuals who might have been amenable to joining ACN. Accordingly, Dr. Peterson's testimony should be admitted since it "ha[s the] tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Kassman v. KPMG LLP*, 416 F. Supp. 3d at 272 (bracketed material added). *Accord Volino v. Progressive Cas. Ins. Co*., 2023 WL 2532836 (S.D.N.Y. March 16, 2023) (Schofield, J.).

District courts regularly deny challenges based on the contention that a survey's target population was incorrectly defined unless that flaw is so great that the survey is not relevant. *See Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, 2017 WL 3142072, at *2 (S.D.N.Y. July 24, 2017) (Schofield, J.) (denying motion to exclude surveys on the basis that the expert had surveyed the wrong universe of individuals as the claimed deficiencies went only to weight.); *Tiffany & Co. v. Costco Wholesale Corp*., 127 F. Supp. 3d 241, 258-59 (S.D.N.Y. 2015) (rejecting challenge because the methodology to use a consumer survey was correct and holding insufficient quibbles about the population of respondents).[2] The Court should deny the present challenge because Plaintiffs have not "shoulder[ed their] heavy burden on this motion" because this "survey is probative and may be admitted into evidence. . . [because] it is fairly prepared and its results [are] directed to relevant issues." *In re Elysium Health-ChromaDex Litig*.. 2022 WL 421135, at *2

[2] *Accord Rise-N-Shine, LLC v. Duner-Fenter*, 2015 WL 876470, at *3-4 (S.D.N.Y. Feb. 28, 2015); *Victoria's Secret Stores Brand Mgmt. v. Sexy Hair Concepts, LLC*, 91 U.S.P.Q.2d (BNA) 1671, 1680 (S.D.N.Y. 2009).

(bracketed material added). A survey generally must, among other things, (i) properly define the target population; (ii) select a representative sample; (iii) use precise, non-leading questions; (iv) report data accurately; and (v) maintain objectivity. *Id.* Dr. Peterson's evidence satisfied those five requirements. Because Plaintiffs have not identified any fundamental flaw in Dr. Peterson's own survey or the surveys he relies upon, this evidence should not be excluded and any issues are dealt with through cross-examination.[3]

The Court should reject Plaintiffs' contention that the survey target population should have included only ACN IBOs. Dr. Peterson properly sought to find people who might be receptive to marketing from direct sellers and people previously involved with any direct seller would satisfy that criterion. Respondents answered questions central to this action, including why they joined direct selling and multi-level marketing organization and the impact of a celebrity spokesperson for the direct selling company. Dr. Peterson also discussed four surveys of individuals with a history of involvement with direct selling programs who would presumably have been receptive to marketing from ACN or other direct sellers. Plaintiffs present no basis for this Court to conclude that this survey evidence would not help the jury in evaluating this case or that the surveys are so flawed or off-point that they should be excluded. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 510 (S.D.N.Y. 2015) (rejecting challenge to survey of people interested in buying non-prescription sunglasses and rejecting defendant's contention that there was no guarantee that the population included anyone who would purchase either the plaintiff or defendant's sunglasses).

---

[3] Plaintiffs' only real challenge to admissibility is directed at Dr. Peterson's target population. Plaintiffs' suggestion that Dr. Peterson is merely a shill for the direct selling industry is unsupported. Working within an industry does not preclude objectivity. Dr. Peterson is a respected academic who has been recognized as an expert as to various issues, many with no relationship to this industry. Of course, Plaintiffs can attempt to impeach Dr. Peterson via cross-examination.

Plaintiffs' supporting authorities are distinguishable. The court in *Medisim Ltd. v. BestMed LLC*, 861 F. Supp. 2d 158, 180 (S.D.N.Y. 2012), granted a motion to exclude an expert report based on the "combined impact" of the survey being based on an improper universe of respondents and the use of improper controls, which together were too significant to overlook. In the instant action, Plaintiffs object only to the population surveyed and sample size, and do not – because they cannot – claim any lack of controls or similar clear insufficiency. This decision therefore actually supports denial of Plaintiffs' motion. Likewise, *Raskin v. Wyatt Co.*, 125 F.3d 55, 67-68 (2d Cir. 1997), upheld the district court's grant of summary judgment based in part on numerous flaws in the expert's statistical evidence that are not comparable to the issues raised by Plaintiffs here. In *Roniger v. McCall*, 2000 WL 1191078, at *3-4 (S.D.N.Y. Aug. 22, 2000), the court dismissed an expert's opinion based on numerous flaws in the expert's methodology with no counterpart here. In *Astra Aktiebolag v. Andrx Pharms, Inc.*, 222 F. Supp. 2d, 423 (S.D.N.Y. 2002), the court actually denied the motion to exclude the challenged expert opinions. Finally, in *Apple v. Atl. Yards Dev. Co., LLC*, 2015 WL 11182422, at *8 (E.D.N.Y. Mar. 31, 2015), the court found that expert's opinion was unreliable because the respondents were not representative and the survey size was too small. Here, by contrast, while 286 respondents completed Dr. Peterson's survey (report p. 11) and the results are statistically significant.

**B. Dr. Peterson's Targeted Populations Are Properly Defined**

Dr. Peterson's own survey and the surveys he discussed correctly identify the target population of individuals with a history of participation and interest in direct selling who might be likely to consider becoming an ACN IBO. When seeking to entice individuals to join ACN via the use of celebrity spokespeople or other marketing ACN directed to individuals with no existing relationship with ACN but who were sufficiently interested in direct selling and/or ACN to attend

a meeting and learn more. It goes without saying that surveys regarding individuals' participants' reasons for joining such programs are the coin of the realm as to liability issues in consumer fraud cases. *E.g., Price v. L'Oreal USA, Inc.*, 2021 WL 4459115 (S.D.N.Y. Sept. 29, 2021) (decertifying consumer class and denying motion to exclude survey evidence as moot); *Passman v. Peleton Interactive, Inc.*, 2023 WL 3195941 (S.D.N.Y. May 3, 2023) (denying motions for class certification to exclude expert witnesses including an expert who conducted a consumer survey).

The surveys here are not "speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison." *Manbro Energy Corp.*, 2022 WL 422543, at *9. The respondents, like Plaintiffs, engaged with direct marketing companies. The clear conclusion from the four separate surveys that individuals participating in direct selling companies do so for heterogenous reasons could not be more directly relevant to the issues central to this action. Even if every direct selling company is unique, there is no basis to conclude that ACN or its IBOs are so distinct from the individuals and companies addressed by the four surveys to render them irrelevant. The same analysis applies to Dr. Peterson's celebrity spokesperson survey, which uses a similar target population and methodology, but seeks to determine the impact of a celebrity endorser on the participants' interest in joining. Again, as the courts have oft held, surveys should be admitted where their weight can be dealt with through cross-examination and other processes, if needed. See pp. 1-5 *supra*.

The Court should make short work of Plaintiffs' misbegotten criticism of the size of the sample population in Dr. Peterson's celebrity spokesperson survey. This argument is undermined by its inaccuracy: Plaintiff's memorandum of law contends that the sample size is only 36 participants (p. 7), ignoring that the report states that there were 286 respondents (p. 12); the report only referenced the figure 36 when stating the number of the total participants whose prior

company used a celebrity spokesperson (p. 13). The argument fails in any event since "small sample size goes to the weight rather than to the reliability (and admissibility) of a study." *U.S. Info. Sys. v. IBEW Local Union No. 3,* 313 F. Supp. 2d 213, 232 (S.D.N.Y. 2004). Accordingly, the courts will admit surveys involving even smaller sample sizes. *Bryant v. Milhorat*, 2013 WL 123688616, at *10 (E.D.N.Y. Sept. 30, 2013) (sample size of 28 held not to bar admissibility); ); *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 364 F. Supp. 3d 291, 326-327 (S.D.N.Y. 2019); *Louis Vuitton Malletier S.A.,* 97 F. Supp. 3d at 510.

The Court should not follow the distinguishable cases cited by Plaintiffs. In *Price v. L'Oréal USA, Inc.*, 2020 WL 4937464, at *8 (S.D.N.Y. Aug. 24, 2020), the court excluded unreliable expert testimony based on faulty methodology, compounded by small sample size. In *MasterCard Int'l, Inc. v. First Nat'l Bank of Omaha, Inc.*, 2004 WL 326708, at *8 (S.D.N.Y. Feb. 23, 2004), the court precluded a flawed survey for a host of reasons including survey size (52 respondents). In *Chen-Oster v. Goldman*, 2022 WL 814074, at *8 (S.D.N.Y. Mar. 17, 2022), the court excluded evidence of a review process in an employment discrimination class action because the small sample size was unrepresentative as there was limited data available for the years in question and the divisions surveyed. The surveys at issue here are reliable, based on sound methodology, and not marred by any such multiple insufficiencies.

**C. The Exclusion of a Single Peterson Survey in Another Case is Irrelevant**

Plaintiffs have not challenged Dr. Peterson's professional qualifications directly, which they would be hard-pressed to do given his pedigree including as a recognized expert. That a single survey he performed years ago was rejected in *Fractus, S.A. v. Samsung,* 2011 WL 7563820 (E.D. Tex. 2011), an intellectual property matter, does not support exclusion here. The district court there excluded two experts' surveys because the evidence was "not tied to the alleged advantageous

technical characteristics of the patents-in-suit." That ruling does not indicate any shortcomings as to the expert presentation at issue in this case as Dr. Peterson's surveys are tied directly to the critical issues presented.

"In determining whether an expert is qualified, a court should look at the totality of the witness's qualifications in making this assessment." *Allegra v. Luxottica Retail N. Am*., 341 F.R.D. 373, 448 (E.D.N.Y. Dec. 13, 2021). Dr. Peterson is clearly well qualified as dozens of courts have recognized by admitting his expert opinions. *See, e.g., Mead Data Cent., Inc. v. Toyota Motor Sales, U.SA., Inc.,* 702 F. Supp. 1031, 1037 (S.D.N.Y. 1988), *vacated on other grounds,* 1989 U.S. App. LEXIS 2762 (2d Cir. 1989); *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, 655 F. Supp. 2d 679, 705 (S.D. Tex. Sept. 3, 2009); *Neighborfavor Inc. v. Hey Favor, Inc*., 2023 WL 2550120 (W.D. Tex. Jan. 6, 2023). Dr. Peterson has survived previous Daubert challenges. *See, e.g., Off Lease Only, Inc. v. Lakeland* Motors, LLC, 2019 WL 6910162, at *5 (M.D. Fl. Dec. 19, 2019); *Firefly Digital Inc. v. Google Inc*., 817 F. Supp. 2d 846, 859 (W.D. La. 2011). The latest Daubert challenge should likewise be rejected.

## II. PROFESSOR HAIR'S DECLARATION IS PROPER

The Court should reject Plaintiffs' meritless contention that Dr. Hair's declaration in opposition to Plaintiffs' class certification motion is an improper attempt to submit untimely new expert opinions. In fact, it is Plaintiffs who act improperly as this motion is belated new briefing addressed to a fully submitted motion. Dr. Hair's report is specifically tailored to issues germane to class certification and specifically to rebut Plaintiffs' contention that ACN IBOs could not have succeeded financially based on ACN's method of doing business, as claimed by Plaintiffs' expert Stacie Bosley. (Hair Report, pp. 16-37). Defendants properly determined that it would assist the Court to have Dr. Hair's most salient points germane to the class certification issues set forth in a

declaration rather than referring broadly to his lengthy expert report. Of course, litigants frequently choose to submit such declarations rather than resting on the expert's report. *See, e.g,, In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 24 (S.D.N.Y. 2020) (denying Daubert motion). There is no possible basis to strike the entire declaration.

The Court should reject Plaintiffs' contention that a couple of Dr. Hair's statements in the declaration go beyond his expert report. The declaration is consistent with the report. The allegedly new opinion regarding the heterogeneity of the ACN IBOs cannot prejudice Plaintiffs because the premise of Dr. Peterson's report is that ACN's IBOs' reasons for joining are heterogenous, as Plaintiffs know because their expert rebuttal reports seek to rebut that point. That Professor Hair shares Dr. Peterson's view is unremarkable. Further, Dr. Hair's observation that new IBOs may go six months without earning money is consistent with his report's statements that earning income is more difficult for inexperienced salespeople and the fact that income comes when marketing tools and support materials are learned and applied properly (Hair report pp. 15, 43). His statement that some IBOs may never have attended training events is merely an offhand observation, not an expert opinion.

If the Court determines that Dr. Hair's declaration improperly offers additional opinions, it should not strike any part of the declaration. Plaintiffs have had the full opportunity to contest Dr. Peterson's heterogeneity opinion in briefing the motion (in connection with which they referenced their experts' reports), and they could have submitted their own expert declarations in reply. They chose to ignore this issue at that time. Plaintiffs can rebut Dr. Hair via their own experts. Conceivably, the Court can allow Plaintiffs to re-depose Dr. Hair regarding any purportedly new opinions. *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009); *S.W. v. City of New York*, 2011 WL 3038776, at *4 (E.D.N.Y. July 25, 2011).

## CONCLUSION

In sum, all of the relief sought by Plaintiffs should be denied.

Dated: New York, New York
May 19, 2023

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ /Peter T. Shapiro

Peter T. Shapiro
Carrie Turner
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300
Peter.Shapiro@lewisbrisbois.com
Carrie.turner@lewisbrisbois.com

**ROBERT & ROBERT PLLC**
Clifford S. Robert
Michael Farina
526 RXR Plaza
Uniondale, New York 11556
(516) 832-7000
crobert@robertlaw.com
mfarina@robertlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on May 19, 2023, he caused Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Expert Evidence to be filed and served by ECF upon all attorneys of record.

/s/ Peter T. Shapiro
Peter T. Shapiro