# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL        212.763.0886
DIRECT EMAIL       jquinn@kaplanhecker.com

June 16, 2023

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

>    *Re:*    *McKoy, et al. v. The Trump Corp., et al.*, No. 18 Civ. 9936

Dear Judge Cave:

We write on behalf of Plaintiffs to request leave to depose, and to seek targeted document discovery related to, four improperly disclosed non-party witnesses whom Defendants rely on extensively in support of their motion for summary judgment. *See* ECF 591 Exs. K-N (four non-party affidavits); ECF 592 (Defendants' brief); ECF 593 (Defendants' Rule 56.1 Statement).

In its September 27 Order, ECF 474, this Court directed that, should either side "submit an affidavit" from a witness "not previously identified in the parties' initial Rule 26(a) disclosures or previously deposed in this action," the "opposing party will have an opportunity to seek to depose them in a timely fashion and on a proper showing." *Id*. at 1, 4. Defendants have now done exactly that, submitting affidavits from four former ACN IBOs, not identified in Defendants' initial disclosures, whose testimony Defendants plainly think is relevant, since they rely on it all over their summary judgment papers. *See* ECF 592, 593.

Accordingly, Plaintiffs respectfully seek leave to depose each declarant for a half-day, and to serve a targeted subpoena on ACN for their respective IBO files, just as Defendants did with respect to Plaintiffs. Plaintiffs will make every effort to accommodate all of these non-party witnesses, and do not seek any extension or modification of the case schedule. Indeed, we are submitting our summary judgment opposition contemporaneously herewith, per the Court's scheduling order. ECF 575 at 1.

We conferred with Defendants by email on June 15 and 16, offering a call as helpful, and Defendants informed us that they oppose these requests for leave.

**Background.** On December 10, 2018, Defendants served initial Rule 26 disclosures that listed just four potential witnesses: the ACN co-founders, not a single Trump employee, nor a single ACN IBO. Discovery in the case proceeded and, after a lengthy delay arising from Defendants' and ACN's efforts to force this case into arbitration, discovery was set to close on September 30, 2022. Before the close of discovery, in view of the fact that Defendants had disclosed so few potential witnesses, Plaintiffs filed a letter-motion seeking an order "clarifying that, in the event any party seeks to call at trial any fact witness not previously disclosed in the parties' Rule 26(a) disclosures or deposed, the party calling that witness will make reasonable accommodations for the witness to be made available for deposition prior to trial." ECF 466 at 3.

KAPLAN HECKER & FINK LLP                                                          2

On September 27, 2022, this Court agreed, granting our letter-motion, and ordering as follows: "Should any party designated an Undisclosed Witness to testify at trial, or submit an affidavit from an Undisclosed Witness in support of a dispositive motion, the opposing party will have an opportunity to seek to depose them in a timely fashion and on a proper showing." ECF 474 at 4.

Two days later, the night before the close of fact discovery, Defendants served supplemental disclosures, naming eleven new witnesses, including the four non-party IBOs now at issue. Of course, disclosing them with mere hours to go before the discovery cutoff provided Plaintiffs no actual opportunity to depose them, as we pointed out at the time. *See* ECF 489 at 3. And as we also pointed out, the eleventh-hour disclosure did not remove the new witnesses from the scope of the Court's September 27 Order, which covered all witnesses not included on "*initial* Rule 26(a) disclosures." ECF 474 at 1 (emphasis added).

A few weeks ago, on May 26, 2023, Defendants filed their motion for summary judgment. ECF 592, 593. In their brief and in their Rule 56.1 Statement, Defendants rely extensively on declarations from Al Plumb, Devonne Richardson, John Barringer, and Angelique Davis. *See* ECF 592 at 3, 4, 16, 22; ECF 593 ¶ 43, ¶ 75 (references to Declaration of Al Plumb); *id.* ¶ 3, ¶ 74 (references to Decl. of Devonne Richardson); *id.* at 2 ¶ 3, 5 ¶ 43 (references to Decl. of John Barringer); *Id.* at 2 ¶ 3, 5 ¶ 43, 9 ¶ 76 (references to Decl. of Angelique Davis). Accordingly, Plaintiffs respectfully request leave to depose these late-disclosed witnesses and to serve a targeted subpoena on ACN for their IBO files.

**Argument.** Al Plumb, Devonne Richardson, John Barringer, and Angelique Davis were not named in Defendants' "initial Rule 26(a) disclosures," and Defendants have now "submit[ted] an affidavit" from each of them "in support of a dispositive motion." *See* ECF 474 at 1, 4. On the plain terms of the Court's September 27 Order, Plaintiffs are entitled to "seek to depose them in a timely fashion and on a proper showing." *Id.* at 4. Both of those requirements are met.

*First*, surely Plaintiffs bring this request in a timely fashion, as Defendants' extremely belated disclosure left no opportunity to depose them during the discovery period, and Defendants' submission of their affidavits at summary judgment happened just a few weeks ago. (In the interim, of course, Plaintiffs have been working on our opposition brief and Rule 56.1 counterstatement, which are obviously complex filings, whose submission Plaintiffs have not sought to delay pending the requested depositions.)

*Second*, the Court's directive that a "proper showing" be made, *see* ECF 474 at 4, is likewise readily satisfied. As an initial matter, as former ACN participants, these witnesses plainly have discoverable information. And their testimony falls within the plain text of Rule 26(a) because Defendants "may use [it] to support" their "defenses"—indeed, they just did exactly that. Fed. R. Civ. P. 26(a). Plaintiffs need not share Defendants' view of the testimony's importance; as the case law cited by the Court in its Order confirms, depositions of late-breaking witnesses are appropriate where the testimony "goes to the heart of the defense raised *by defendant*," *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 2006 WL 988143, at *4 (S.D.N.Y. Apr. 13, 2006) (emphasis added). Defendants' own brief makes clear that standard is met here. *E.g.*, ECF 592 at 3, 4, 16, 22.

Finally, the most efficient and least burdensome way to facilitate meaningful depositions is to also grant Plaintiffs leave to serve a targeted subpoena on ACN for their IBO files. This information, too, is plainly relevant, and important in giving Plaintiffs some ability to test the

KAPLAN HECKER & FINK LLP                                                                    3

witnesses' favorable recitations of their experience with ACN. And as noted, Defendants previously sought the same materials with respect to Plaintiffs, and ACN produced them.[1]

For the reasons set forth above, Plaintiffs respectfully request leave to depose Al Plumb, Devonne Richardson, John Barringer, and Angelique Davis, and to subpoena ACN for their files.

Respectfully submitted,

John C. Quinn

cc:      Counsel of Record (*via* ECF)

---

[1] ACN also is still an active non-party participant in this litigation, *e.g.*, ECF 598, and continues to aggressively pursue retaliatory (and frivolous) arbitrations that it commenced against each of the Plaintiffs in North Carolina, *see generally*, *McKoy v. ACN Opportunity, LLC*, No. 3:22-cv-00320-RJC-DSC (W.D.N.C. Sept. 6, 2022), ECF 35 at 1-2 (memorandum of law in support of motion to confirm arbitral award in favor of McKoy, holding no arbitral jurisdiction and failure to state a claim); *see also id.* ECF 42 (ACN cross-motion to vacate arbitral award).