**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CATHERINE MCKOY, MARKUS FRAZIER, and LYNN CHADWICK, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE TRUMP CORPORATION and DONALD J. TRUMP, in his personal capacity,<br><br>*Defendants*. | No. 18-cv-09936-LGS-SLC |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

Pursuant to Local Rule 56.1 of the Civil Rules of this Court and Rule III.C.6 of Your Honor's Individual Rules and Procedures for Civil Cases, Plaintiffs Catherine McKoy, Markus Frazier, and Lynn Chadwick submit the following responses to Defendants' Local Rule 56.1 Statement of Undisputed Material Facts, ECF 593.[1]

**Fact No. 1**: ACN, Inc. ("ACN") has operated a multi-level marketing company since 1993 in the US and internationally. Merriman Tr. 15-16, 22, 37-38.

**Response**: Disputed to the extent that the relevant corporate entity is ACN Opportunity, LLC, not "ACN, Inc." *See, e.g.*, ECF 168 at 1 (memorandum of law filed by ACN Opportunity, LLC).

████████████████████████████████████████████████████
████████████████████████████████████████████

**Response**: Disputed. ██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[1] Citations to "Ex." refer to the exhibits annexed to the June 16, 2023 Declaration of Christopher R. Le Coney.

████████████████████████████████████████████████

███████████████████████

███████████████████████████████████████████████████████████████

**Response**: Disputed to the extent that this is not a complete summary of the contents of

the ACN IBO Agreement ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████████████

**Response**: Undisputed, subject to the above response to Fact No. 2.

███████████████████████████████████████████████████████████

**Response**: Disputed to the extent that, ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████

█████████████████████████████████████████████████████████

**Response**: Undisputed. ███████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████

**Response**: Disputed to the extent that ACN generally did not

**Response**: Undisputed.

**Response**: Undisputed  that  the  ACN  videophone

Disputed to the extent that,

███████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████

**Response**: Disputed to the extent that ACN did not ███████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████

████████████████████████████████████████████

**Response**: Disputed to the extent that neither Defendants nor ACN ████████████

████████████████████████████████████████████████████

███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████████

**Response**: Undisputed.

████████████████████████████████████████████

██████████

**Response**: Disputed to the extent that the above does not include a citation to admissible

evidence establishing that █████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

**Response**: Disputed to the extent that █████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████████
█████████████████████████████████████████

**Response**: Undisputed, except to the extent that the above-cited materials establish that

the contract concerning ███████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████████

█████████

████████████████████████████████████████████████████
█████████████████████████████████████████████████

**Response**: Undisputed that ACN █████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

**Fact No. 17**: Plaintiff Markus Frazier is a Maryland resident. SAC ¶ 23.

**Response**: Undisputed.

**Fact No. 18**: Frazier joined ACN to make money not to buy services for himself. Frazier Tr. 26-27.

**Response**: Undisputed that Frazier joined ACN to make money to benefit himself and his household. Disputed to the extent that Frazier also testified that he tried to purchase ACN services for his household, but his mother, with whom he lived, decided against purchasing ACN services. Frazier Tr. 65:5-13.

Further disputed to the extent that Frazier testified he did not recall whether he signed up for the ACN cellphone service data plan. Frazier Tr. 66:3-5.

**Fact No. 19**: Frazier heard about ACN in 2016 from a business acquaintance, who solicited him and gave him a magazine. Frazier then saw the Celebrity Apprentice and another TV program, and he recalls President Trump saying that ACN was a great company. Before joining he watched a webinar that did not include President Trump. Frazier Tr. 11-26.

**Response**: Disputed to the extent that Frazier first heard about ACN from Ray Harris, who was not a "business acquaintance" but a walk-in customer at the fast-food chain where Frazier worked at the time. ECF 552-2 at 3-4 (Frazier Tr. 11:24-12:22).

Further disputed because Trump, not ACN or Harris, was "the reason" why Frazier joined ACN. ECF 536 ¶ 3 (Frazier Decl.) ("I relied on Trump's endorsement of ACN and his statements about the ACN IBO Opportunity when I decided to spend $499 to enroll as an ACN IBO."). While Harris introduced Frazier to ACN, "[i]t was more Donald Trump that gave me [Frazier] that motivation [to join ACN]." Frazier Tr. 104:24-25. "If Donald Trump had a company on a national television show, then [Frazier was] sure he put his stamp of approval to say this is a

company that anyone can join and be successful in." Frazier Tr. 23:14-18. "[T]he YouTube videos of Donald Trump, those were – those were the words of motivation that made [Frazier] at least attempt to make an effort to make money" from ACN. Ex. 10 (Frazier Tr. 74:11-15). "If Donald Trump, a successful businessman as it is, vouches for a company like [ACN]," Frazier was "pretty sure" that he could use the ACN opportunity to be "successful." Ex. 10 (Frazier Tr. 75:3-7).

**Fact No. 20**: Frazier continued to receive motivational pitches from his acquaintance and attended two local ACN conventions that included motivational speeches, at one of which President Trump was not even mentioned. Frazier Tr. 31-40.

**Response**: Disputed to the extent this is not a complete summary of Frazier's testimony. The above occurred *after* Frazier joined ACN in reliance on Trump's endorsement, and Frazier did not subsequently renew his membership in ACN. Frazier Tr. 42:20-43:13. Further stated that prior to joining ACN, Frazier watched a series of clips of Donald Trump endorsing ACN on YouTube, which gave him the motivation to join ACN. ECF 552-2 at 19 (Frazier Tr. 39:17-19); Frazier Tr. 45:11-13, 104:24-25.

**Fact No. 21**: Frazier spoke to friends and family after signing up for ACN hoping they would join ACN or purchase ACN services, but they did not. Frazier Tr. 28-43.

**Response**: Undisputed. Further stated that Frazier, despite working full-time elsewhere, made a "maximum effort" to succeed as an ACN IBO. Frazier Tr. 77:14-16. Consistent with ACN's Policies and Procedures, which limit cold marketing, ECF 582-4 at 11, Frazier focused his efforts on attempting to sell to his friends and family but was unable to make even one successful sale. ECF 552-2 at 10-11 (Frazier Tr. 27:22-31:10); Frazier Tr. 41:10-42:13. Frazier testified that he "[c]ame close" to making one sale, but technical issues "with the [ACN provided] website" prevented him from completing the sale. Frazier Tr. 41:19-42:8.

**Fact No. 22**: Frazier attended two local ACN conferences. Frazier Tr. 28-43.

**Response**: Undisputed.

**Fact No. 23**: He did not sign up new IBOs or sell products. Frazier Tr. 28-43.

**Response**: Undisputed.

**Fact No. 24**: Frazier terminated his relationship with ACN about a year after joining. Frazier Tr. 28-43.

**Response**: Undisputed. Further stated that Frazier terminated his relationship with ACN after his first year because he developed "doubts" about the ACN business opportunity and couldn't afford the renewal fee, and now believes that "ACN is pretty much a scam." Frazier Tr. 42:20-43:25, 106:13-14.

**Fact No. 25**: Plaintiff Lynn Chadwick is a Pennsylvania resident. SAC ¶ 23.

**Response**: Undisputed.

**Fact No. 26**: Chadwick enrolled as an IBO to earn money, not to buy services for herself. Chadwick Tr. 147-149.

**Response**: Undisputed that Chadwick enrolled as an IBO to earn money to benefit herself and her family. Disputed to the extent that Chadwick also testified that she purchased phone and DISH TV services from ACN for herself, consistent with ACN's model plan which encouraged IBOs to themselves purchase ACN services as a first step in becoming an IBO. Chadwick Tr. 43:15-24.

**Fact No. 27**: Chadwick heard about ACN's videophone product when she was signing up as an IBO, but that product did not interest her. Chadwick Tr. 140.

**Response**: Undisputed. Further stated that to the extent that Defendants rely on this fact to suggest that ██████████████████████████████████████, that claim is not supported by the record.

**Fact No. 28**: In 2013 a relative who was an IBO convinced Lynn Chadwick to attend a meeting and join ACN. Chadwick Tr. 21-22.

**Response**: Undisputed that Chadwick's relative Casey Johnston invited Chadwick to a meeting. Disputed to the disputed to the extent that the testimony does not establish that the meeting took place in 2013. ECF 552-1 at 3 (Chadwick Tr. 21:13-17). Further stated that Johnston did not tell Chadwick what the meeting was for, which Chadwick thought was "kind of mysterious." *Id.* (Chadwick Tr. 21:20-21). At the meeting, Chadwick was shown a video of Trump that "expressed Donald Trump's interest in the ACN business model" and that presented a "snippet from The Apprentice show, which showed a very successful business model and low-risk opportunities for us to get involved on the ground level." *Id.* at 5-6 (Chadwick Tr. 23:23-24:6). At the meeting, Casey Snyder boasted "about his interactions with Donald Trump" and "the promotion of ACN on The Apprentice," which Chadwick found to be "influential." Chadwick Tr. 27:20-24. Further stated that Chadwick testified that Trump's endorsement was the "original jump off point" for her interest in ACN. ECF 552-1 at 13 (Chadwick Tr. 148:19-23). Chadwick explained:

> My original jump off point for my interest in ACN was Don -- the video that Donald Trump had implied that this whole process was a low-risk and easy and a no-brainer, and he's riding the curtail -- you know, he's riding off the coattails of The Apprentice, so I was really thinking, "this could be my lucky chance to get in here and learn something." The ACN material came secondary, because I had to learn what they were offering. When you sign the IBO, the only information and exposure I had was that meeting and Donald Trump and [Trump's] little cardboard character standing in that room[.]

*Id.* at 13-14 (Chadwick Tr. 148:19-149:11).

Further stated that Chadwick was convinced to join ACN by Trump's endorsement and not by her relative. ECF 537 ¶ 3 (Chadwick Decl.) ("Donald Trump's endorsement convinced me to join ACN. I relied on Trump's endorsement of ACN and his statements about the ACN IBO Opportunity when I decided to spend $499 to enroll as an ACN IBO.").

**Fact No. 29**: Hearing success stories from other IBOs influenced Chadwick's decision to become an IBO. *Id.* 84-85.

**Response**: Disputed to the extent that, as set out in the response to Fact No. 28, Trump's endorsement of ACN was the reason Chadwick decided to become an IBO.

**Fact No. 30**: Chadwick initially signed up a few IBOs but did not earn income from them. Id. 38-50.

**Response**: Disputed to the extent that Chadwick recruited her son to join ACN but did not earn income from the recruitment because her son shared the same legal address as Chadwick on his ID, and so he was excluded as a new recruit under ACN's criteria, which Chadwick felt to be unfair because her son in fact resided elsewhere at the time. Ex. 10 (Chadwick Tr. 47:6-48:17). Chadwick brought a woman named Courtney Matola to a recruitment meeting, but Chadwick could not recall whether the woman joined or not. Ex. 10 (Chadwick Tr. 47:2-5). Chadwick made a recruitment list and contacted people on her list, but she was not able to recruit anyone else. Chadwick Tr. 53:9-54:22.

**Fact No. 31**: She attended over a dozen IBO meetings during the following year. Id. 38-50.

**Response:** Undisputed.

**Fact No. 32**: Chadwick attended four ACN promotional events. Id.

**Response**: Undisputed that Chadwick attended at least four ACN promotional events. Further stated that Chadwick attended four "Revolution Weekend[s]," which were a specific type of ACN event costing $35 to $50 in attendance fees. Chadwick Tr. 60:6-22.

Disputed to the extent that Chadwick was not asked at her deposition, and did not testify to, the total number of "ACN promotional events" she attended, including ACN conventions, or the meetings mentioned above in Fact No. 30.

**Fact No. 33**: Chadwick renewed her ACN membership in April 2014, but subsequently ended her relationship with ACN around December 2014. Id. 77.

**Response**: Disputed to the extent that, although Chadwick informed another IBO of her decision to end her relationship with ACN in December 2014 and ceased actively participating in ACN from that point, she made no attempt to formally sever her relationship with ACN which pursuant to ACN's form agreement continued through April 2015. Chadwick Tr. 77:8-80:7.

**Fact No. 34**: Prior to the official end of her tenure with ACN in December 2014, Chadwick had not participated in ACN for a period of months. Chadwick Tr. 36-42; 54-59; 60-61; 77-80.

**Response**: Disputed to the extent that there was no "official end" to Chadwick's tenure with ACN in December 2014 because her membership continued until April 2015. Chadwick Tr. 78:22-25, 79:18-80:7.

Further disputed to the extent that Chadwick remained active in ACN in the months prior to December 2014, including by attending a "Revolution Weekend" in November 2014 with her son and signing up for a trip to California for an ACN meeting in December 2014 that she ultimately decided not to attend due to its cost. *Id.* 74:3-76:25.

**Fact No. 35**: Plaintiff Catherine McKoy is a California resident. SAC ¶ 21.

**Response**: Undisputed.

**Fact No. 36**: Ms. McKoy was recruited by former plaintiff Williams and attended a meeting with members of a club she belonged to and then joined ACN. McKoy Tr. 228-229.

**Response**: Undisputed that McKoy's friend Millard Williams invited her to an ACN meeting.

Disputed to the extent that the above does not include a citation to admissible evidence establishing that "Ms. McKoy was recruited by former plaintiff Williams" or that she "attended a meeting with members of a club she belonged," in violation of Local Civil Rule 56.1(d).

Further stated that Williams did not tell McKoy it was a meeting about ACN or otherwise explain ACN's business model. ECF 591-2 at 42-43 (McKoy Tr. 186:22-187:1).

Further stated that it was not Williams, but Trump's endorsement that convinced McKoy to join ACN. ECF 535 at 1 (Mckoy Decl. ¶ 3) ("Donald Trump's statements about ACN were the reason why I became an ACN IBO. I relied on Trump's endorsement of ACN and his statements about the ACN IBO Opportunity when I decided to spend $499 to enroll as an ACN IBO."). Specifically, after Williams's vague statements about the meeting, McKoy inquired for more details, but was told that Williams "can't talk about it," and that McKoy had "to talk with his [Williams's] upline" instead. ECF 591-2 at 43 (McKoy Tr. 187:19-20). At that initial meeting, McKoy watched a video in which Trump promoted ACN. *Id.* at 47 (McKoy Tr. 191:1-3). McKoy recalled that Trump described ACN on the video she was shown as "a good program to get into" and a "good business." *Id.* at 48-49 (McKoy Tr. 192:6, 193:22). McKoy felt there was no way joining ACN was "the wrong thing because Trump is in ACN, and he's giving us good advice." *Id.* at 50 (McKoy Tr. 194:21-22). McKoy explained her initial meeting and her decision to join as follows:

> I wasn't going to join period. I was ready to leave. And then they put up Trump [on video]. And when he talks about the program and ACN, and I wanted to get into it…He's a rich guy. And if he's into this ACN, there must be something about it. I will join because this guy Donald Trump is the one that encouraged that. He did the research on this business. He knows that this is a good business. I don't know anything about business. So he knows. I'm going with what he says.

*Id.* at 73 (McKoy Tr. 245:4-20).

**Fact No. 37**: She saw a video that included President Trump saying words to the effect that if you do the work you will make money. McKoy Tr. 228-229.

**Response**: Disputed to the extent that McKoy recalled that Trump said words along the lines of "[T]his business is a good business. If you join this business and you do the work, you will see the money. You will make the money." ECF 591-2 at 73 (McKoy Tr. 245:10-12).

Further disputed to the extent that McKoy recognized that she had to "do some kind of work" and was not surprised about that fact. McKoy Tr. 247:16-17.

**Fact No. 38**: She did not know who President Trump was, but she learned he was on the Celebrity Apprentice, which her mother watched but she did not. McKoy Tr. 234; 245; 257-8.

**Response**: Disputed in that Defendants mischaracterize McKoy's testimony. McKoy testified that, at the initial recruitment meeting, she recognized Trump as a "businessman" and "rich guy" that her mother "used to watch . . . all the time." ECF 591-2 at 73 (McKoy Tr. 245:6-20); McKoy Tr. 233:22-234:8. McKoy testified that as soon as she saw the Trump video at that meeting, she "remember[ed] my mom and them talking about this guy. He's a rich guy. And if he's into this ACN, there must be something about it. I will join because this guy Donald Trump is the one that encouraged that." ECF 591-2 at 73 (McKoy Tr. 245:6-20).

**Fact No. 39**: Ms. McCoy attended ACN meetings, signed up five or six IBOs after joining ACN and sold three products. McKoy Tr. 198-201, 221-225, 248.

**Response**: Undisputed that McKoy (incorrectly spelled "McCoy" by Defendants) recruited at least five IBOs. Disputed to the extent that McKoy sold at least five ACN products or services, and purchased an additional two ACN services (internet and phone) for herself. McKoy Tr. 237:21-239:8. For all of this, McKoy received a total compensation of $38. After she received $38, McKoy started "working more by introducing people. I keep telling everybody that I know because that's what they tell me to do, the work. I tell everybody that I know about ACN. . . . I spread the word. . . . I go to every meeting that they tell me to show up to. And I go to any convention that they tell me to come to." McKoy Tr. 241:13-24. But despite these efforts and accompanying expenses, McKoy testified that she only ever made $38 through ACN. ECF 591-2 at 71 (McKoy Tr. 236:1-2).

**Fact No. 40**: Ms. McKoy made $38 from ACN before quitting. Id. 236.

**Response**: Undisputed.

**Fact No. 41**: McKoy recalled having heard President Trump's statements about ACN that if you do the work you will make money and that he liked the company. McKoy Tr. 202; 229.

**Response**: Undisputed. Further stated that McKoy recalled hearing Trump state "[d]o the work, and you will make the money" in videos that were shown at her initial recruiting meeting as well as at the Palm Springs convention she attended shortly after joining ACN. ECF 591-2 at 62-63, 67, 73 (McKoy Tr. 206:23-207:5, 229:9-16, 245:9-12).

**Fact No. 42**: The three Plaintiffs do not have any detailed recollection of any allegedly false statements by President Trump including the quoted statements the Second Amended Complaint claims they relied when they decided to join ACN. Compare SAC ¶¶ 21, 22, 24, 26, 107, 113, 115, 116, 118, 138, 150, 154, 170, 192, 212, 213, 226, 254, 271 to Chadwick Tr. 24-25; Frazier Tr. 15-18; and McKoy Tr. 191-194.

**Response**: Disputed. Plaintiffs recalled numerous false statements by Trump. For example, McKoy testified that Trump described "how good the business is," ECF 591-2 at 47 (McKoy Tr. 191:1-3); that he stated "this is a good product" and "business to get into" and that he "would buy it [himself] if they allowed him," *id.* at 48 (McKoy Tr. 192:3-10); described ACN as "a good company," *id.* at 67 (McKoy Tr. 229:9-16); and, told IBOs "[i]f you join this business and you do the work, you will see the money," *id.* at 73 (McKoy 245:10-12). Chadwick recalled that Trump presented "a very successful business model and low-risk opportunities for us to get involved on the ground level," Chadwick Tr. 24:2-6, and Frazier remembered that Trump "vouched for the business," Ex. 10 (Frazier Tr. 74:20-21).

Further disputed to the extent that, as set out in response to Fact Nos. 19, 28, and 36, Plaintiffs testified that they were exposed to ACN marketing materials, including ACN promotional videos featuring Trump. Multiple versions of the ACN Opportunity Discs featuring Donald Trump's promotional footage touting ACN have been produced in discovery that contain many of the statements identified in the Second Amended Complaint. *See, e.g.*, SAC ¶¶ 21, 107,

116, 138, 150, 154, 212, 254, 271. The same is true of other ACN marketing and recruitment materials in the discovery record.

**Fact No. 43**: Some IBOs knew or assumed President Trump was a paid spokesperson. Barringer Decl. ¶ 5; Davis Decl. ¶ 9; Plumb Decl.¶ 9. Howard Tr. 16-22.

**Response**: Disputed to the extent that, due to Defendants' untimely disclosure, *see* ECF 600, Plaintiffs have not had opportunity to depose these IBOs who submitted declarations in connection with Defendants' motion for class certification, and thus have not been able to determine the basis for this purported understanding.[2]

Further stated that Defendants have identified no such disclosure anywhere in the voluminous discovery record.

**Fact No. 44**: Plaintiff Frazier gave no thought to whether President Trump was being paid for his ACN-related activity. Frazier Tr. 51; 90.

**Response**: Disputed to the extent that this mischaracterizes Frazier's testimony. When asked whether he made "any assumptions" regarding "whether Donald Trump was receiving anything in exchange for promoting ACN," Plaintiff Frazier responded: "I had no idea." ECF 552-2 at 21 (Frazier Tr. 51:9-14).

**Fact No. 45**: Plaintiff McKoy thought President Trump was an IBO. McKoy Tr. 192, 328.

**Response**: Disputed to the extent that the above-cited deposition testimony establishes that Plaintiff McKoy believed that Defendant Trump "was a member" of ACN, not that he "was an IBO." ECF 591-2 at 48 (McKoy Tr. 192:23).

**Fact No. 46**: Defendant Donald J. Trump is the former President of the United States and previously was an extremely successful businessman who from 2006 to 2015 was a celebrity spokesperson for ACN. Merriman Tr. 185; 192; Brinckerhoff Decl. Exhs. 2, 7, 8, 9, 10, 11, 12; Trump Tr. 21-22; 61-62; 93.

---

[2] Plaintiffs have, therefore, requested leave to depose these declarants in a letter filed concurrently with this brief, ECF 600, pursuant to an earlier Order issued by Judge Cave, ECF 474.

**Response**: Undisputed that Trump served one term as President of the United States. Undisputed that from 2006 to 2015 Trump was a celebrity spokesperson for ACN.

Disputed to the extent that above-cited deposition testimony and documents establish that Donald Trump portrays himself as a successful businessman and that some subscribe to that view, but do not establish that he actually had a successful track record in business.

███████████████████████████████████████████████████████

**Response**: ███████████████████████████████████████████

████████████████████ Further stated that endorsement footage featuring Trump was played at ACN conventions that he did not personally attend. *See* ECF 591-2 at 62 (McKoy Tr. 206:13-17).

███████████████████████████████████████████████████████

**Response**: Undisputed.

███████████████████████████████████████████████████████

**Response**: Disputed to the extent that the above does not include a citation to admissible evidence establishing that Trump ██████████████████████████████

████████████████████ The above-cited four magazine articles are insufficient to establish these disputed facts.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████ *See* Plaintiffs' Statement of Additional Facts at Fact Nos. 17-20.

██████████████████████████████████████████████████████
███████████████████████████████████████████████

**Response**: Disputed to the extent that the above suggests that the █████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

**Fact No. 51**: President Trump is quoted in one Success From Home magazine article in which he does not mention ACN other than praising the founders, and instead merely discusses direct marketing as a business model. Brinckerhoff Decl. Ex. 16.

**Response**: Disputed in that the above incorrectly implies that Trump was only quoted and/or featured in a single article. In fact, Trump was featured in more than a dozen ACN-sponsored magazine articles.

Further disputed to the extent that the above mischaracterizes the cited article, ██████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

**Fact No. 52**: In another article in the same periodical President Trump again praised the founders and did not make any of the statements alleged to be fraudulent in the SAC. *Id.* Exh. 30.

**Response**: Disputed in that the above once again mischaracterizes the cited article, ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

**Fact No. 53**: Still another magazine article presented only President Trump's personal story. *Id.* Exh. 31.

**Response**: Disputed to the extent that this article ████████████████████████

████████████████████████████

**Fact No. 54**: A 2010 article included similar content and also addressed the videophone product. *Id.* Ex. 32.

**Response**: Disputed to the extent that the above mischaracterizes the cited article, which

discusses ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████

**Fact No. 55**: ACN was featured on the television program the Celebrity Apprentice in 2009 and 2011. Brinckerhoff Decl. Exhs. 36 and 37.

**Response**:  Undisputed. ████████████████████████████

███████████████████████████████████████████████

████████████████████████

**Fact No. 56**: President Trump discussed ACN on the two Celebrity Apprentice episodes. *Id.* Exhs. 36 and 37.

**Response:** Undisputed.

**Fact No. 57**: On the first episode, President Trump touted the videophone and ACN. *Id.* Exhs. 36 and 37.

**Response**: Undisputed that President Trump touted the videophone and ACN on the first episode of *The Celebrity Apprentice*. Trump stated during the episode, among other things, that

███████████████████████████████████████████████

██████████████████████████████████████

**Fact No. 58**: On the second episode he praised ACN and its executives. *Id.* Exhs. 36 and 37.

**Response**: Undisputed that Trump praised ACN and its executives on the second episode of *The Celebrity Apprentice* in which ACN was featured. ██████████████████

███████████████████████████████████████████████

██████████████████████

**Response**:

**Response**: Undisputed. Further stated that this statement (and Fact Nos. 61 and 62 below) do not identify all of the ACN conferences at which Trump spoke.

**Response**: Undisputed. Further stated that this statement (and Fact Nos. 60 and 62) do not identify all of the ACN conferences at which Trump spoke.

**Response**: Undisputed. Further stated this statement (and Fact Nos. 60 and 61) do not identify all of the ACN conferences at which Trump spoke. ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████

██████████████████████████████████████████████████
████████████████████

**Response**: Disputed to the extent that the above-cited exhibit is not the June 2010 ACN Opportunity Disc and is instead a copy of excerpts of the August 2011 issue of *Success from Home* magazine.

Further disputed to the extent that, assuming Defendants intended to cite Exhibit 15 to the Brinkerhoff Declaration, and not Exhibit 16, the June 2010 Opportunity Disc in fact includes

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

**Response**: Undisputed.

**Response**:



**<u>Response</u>**: Undisputed.

██████████ ██████████████████████████████████████████ ████████
████████████████████████████████████████████

**Response**: Disputed to the extent that, as set out in the response to Fact No. 7, ████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████████████████
████████████████████████████████

**Response**: Disputed to the extent that, as set out in response to Fact No. 2, Trump

████████████████████████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████

██████████████████████████████████████████████████████
████████████████████████████████

**Response:** Disputed to the extent that, as set out in the response to Fact No. 2,

████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████

███████████████████████████████████████████
████████████████████████████████████

**Response:** Disputed to the extent that The Trump Corporation employees ███████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

**Response**: Disputed to the extent that the above-cited deposition testimony was ██

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██

████████████████████████████████████████████████████████████

**Response**: Disputed to the extent that Defendants mischaracterize the above-cited

deposition testimony, which merely was that Trump claimed he understood ████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████

**Response:**

Disputed to the extent that, due to Defendants' untimely disclosure, *see* ECF 600, Plaintiffs have not had opportunity to depose Howard and thus have not been able to cross-examine her on the the assertions made in the declaration.

**Response:**

Further disputed to the extent that, due to Defendants' untimely disclosure, *see* ECF 600, Plaintiffs have not had opportunity to depose Richardson and thus have not been able to cross-examine her on the assertions made in the declaration.

**Response:**

Further to the extent that, due to Defendants' untimely disclosure, *see* ECF 600, Plaintiffs have not had opportunity to depose Plumb and thus have not been able to cross-examine him on the assertions made in the declaration.

**Response:**

Further disputed to the extent that, due to

Defendants' untimely disclosure, *see* ECF 600, Plaintiffs have not had opportunity to depose Davis and thus have not been able to cross-examine her on the assertions made in the declaration.

███████████████████████████████████████████████████████████████

**Response:** ██████████████████████████████████████████. Disputed to the extent that, due to Defendants' untimely disclosure, *see* ECF 600, Plaintiffs have not had opportunity to depose Barringer and thus have not been able to cross-examine him on the assertions made in the declaration.

Dated: June 16, 2023
      New York, New York

*/s/ John C. Quinn*
Roberta A. Kaplan
John C. Quinn
Christopher R. Le Coney
Maximillian L. Feldman
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
rkaplan@kaplanhecker.com
jquinn@kaplanhecker.com
cleconey@kaplanhecker.com
mfeldman@kaplanhecker.com

Andrew G. Celli, Jr.
Matthew D. Brinckerhoff
O. Andrew F. Wilson
Vasudha Talla
Nick Bourland
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
600 Fifth Avenue at Rockefeller Center
New York, New York 10020
Tel: (212) 763-5000
acelli@ecbawm.com
mbrinckerhoff@ecbawm.com
awilson@ecbawm.com
vtalla@ecbawm.com

nbourland@ecbawm.com

*Attorneys for Plaintiffs*