

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

June 20, 2023

**VIA ECF**
Honorable Sarah L. Cave
United States Magistrate Judge
United States District Court, Southern District of New York
United States Courthouse
40 Foley Square
New York, New York  10007

      Re:   *Catherine McKoy, et al. v. Trump Corp., et al.*
              Case No. 1:18-cv-9936 (LGS)(SLC)

Dear Judge Cave:

      As the Court is aware, this firm along with Robert & Robert PLLC represents the Defendants in the above-referenced action.[1]  We write to address Plaintiffs' June 16, 2023 letter seeking leave (1) to depose four non-party witnesses, and (2) to serve a new subpoena on non-party ACN, Inc. (ECF No. 600) (the "Letter").

      The Court should deny this untimely and meritless request.  Plaintiffs' application is predicated on the Court's September 27, 2022 order (ECF No. 474) (the "Order"), which held that the parties would "have an opportunity to seek to depose" individuals not identified in the initial disclosures or previously deposed, "in a timely fashion and on a proper showing." (Order at 4.)  As demonstrated below, the application is neither timely nor properly supported.  In particular, Plaintiffs' contention that "Defendants have now … submitt[ed] affidavits from four former ACN IBOs, not identified in Defendants' initial disclosures" in support of their summary judgment motion (Letter at 1),[2] is not accurate. In fact, Defendants properly disclosed the Witnesses in September 2022, and shared their declarations; these are hardly "late-breaking witnesses" (Letter at 2) as Plaintiffs contend.  Plaintiffs cannot justify having waited until June 2023 to "seek to depose" these Witnesses; the application was not made "in a timely fashion," and in any event the "showing" in support is not "proper."

---

[1] Donald J. Trump, in his personal capacity, is also represented by Alina Habba, Esq. of Habba Madaio & Associates, LLP.

[2] The Letter identifies the four witnesses as Al Plumb, Devonne Richardson, John Barringer, and Angelique Davis (Letter at 2) (the "Witnesses").

Hon. Sarah L. Cave
June  20, 2023
Page 2

On September 29, 2022 Defendants served a Supplemental Rule 26 Disclosure which, *inter alia*, identified each of the four Witnesses.  Fact discovery ended on September 30, 2023, and expert discovery ensued.  On November 18, 2022, Defendants produced the declarations of three of the Witnesses, which were referenced in the report of Defendants' expert Robert Peterson. As such, Plaintiffs have known the names of these Witnesses for nearly nine months, and have known what at least three of them would be testifying about for seven months.  They could have sought leave to depose the Witnesses at any time in October, November or December of 2022, or in January 2023, before the completion of expert discovery, and before the initial briefing on the class certification and summary judgment motions. They could also have sought leave to depose the Witnesses and obtain their files from ACN in the ensuing months, during which Defendants submitted the declarations of all four Witnesses in opposition to the class-certification motion on April 7 (ECF No. 552 Exs. 12-15), which the Letter also neglects to mention.

Plaintiffs offer no explanation for their failure, neglect, or conscious choice not to seek leave to depose the Witnesses and/or obtain records pertaining thereto from ACN during the last three months of 2022 or thereafter.  The Letter states that Defendants' "disclosing" the names of the Witnesses "with mere hours to go before the [fact] discovery cutoff provided Plaintiffs no actual opportunity to depose them" (Letter at 2), which fails to explain why Plaintiffs did not, let alone could not, "*seek* [*leave*] to depose them" under the terms of the Court's Order at any time since September 30. (Order at 4 (emphasis added))  The only other explanation proffered is that they have recently been busy briefing summary judgment (*see* Letter at 2), which fails to account for the time between October 1, 2022 and May 25, 2023, during which Plaintiffs made other discovery applications as referenced in the Letter.

Plaintiffs hang their hat on the definition in the Order of "Undisclosed Witnesses" (*see* Order at 1), which is adopted from Plaintiffs' letter-motion and defines same as including any potential trial witness "who was not previously identified in the parties' *initial* Rule 26(a) disclosures" (*id.* (emphasis added); *see* Letter at 2) on December 10, 2018, more than four-and-a-half years ago.  As illustrated above, this is beside the point; the issue is not whether the four Witnesses qualify as "Undisclosed Witnesses" but rather whether the Plaintiffs have taken the "opportunity" provided to them by the Court "to *seek* [leave] to depose them in a timely fashion and on a proper showing." (Order at 4 (emphasis added).)  The Order acknowledged that both Plaintiffs and Defendants "appear[ed] to concede the possibility that they may seek to call at trial witnesses whom they have not previously disclosed as required by" Rule 26(a)(1) (Order at 2), and thus contemplates the Supplemental Rule 26 Disclosure.  What the Order does not contemplate is that discovery herein will continue through the eve of trial scheduled for January 2024, which would be inconsistent with the manner in which this Court has sought to control discovery and the calendar in this case, as well as the intent of the Federal Rules of Civil Procedure regarding discovery.

Plaintiffs purport to find support for their position in *L-3 Communications Corp. v. OSI Sys., Inc.,* 2006 WL 988143 (S.D.N.Y. Apr. 13, 2006) ("*L-3*"). (*See* Letter at 3.)  Therein, *inter alia*, the defendant moved *in limine* under Rule 37(c) to preclude the testimony of two belatedly-identified fact witnesses. *See id.* at *4-5.[3]  The court (Crotty, J.) denied the motion, but granted leave to depose the witnesses before trial in the event the plaintiff chose to have them testify at trial. *See id.* at *5.  Although the plaintiff "ha[d] not

---

[3] The two witnesses were successors to the corporate-officer positions held by two other persons, who "were deposed." *Id.* at *4.

Hon. Sarah L. Cave
June 20, 2023
Page 3

complied with Rule 26 as to these witnesses," first disclosing them "in its trial witness list," the court held that the failure to identify the witnesses earlier was "'harmless' so long as [defendant] was provided an opportunity to depose these witnesses." *Id.* at *4. By contrast, unlike the defendant in *L-3*, Plaintiffs herein were provided with the names of the Witnesses in a supplemental Rule 26 disclosure, well before the time to submit a trial witness list, and had several months in which to "seek [leave] to depose them" under the terms of a Court Order but neglected to seek such leave.[4]

Clearly, Plaintiffs' application for leave to depose the Witnesses was not made "in a timely fashion [or upon] a proper showing." The Court should therefore deny the application.

Thank you for your attention to this matter.

Respectfully,

/s/ Peter T. Shapiro

Peter T. Shapiro

cc:     all counsel of record (via ECF)

---

[4] Whether the Witnesses' testimony "goes to the heart of the defense raised *by defendant*" (Letter at 3 (quoting *L-3*, 2006 WL 988143, at *4) (emphasis added in Letter)) is immaterial, and not part of the holding in *L-3*; rather, it was stated in *dicta*, quoting *Shred-IT USA, Inc. v. Confidential Shredding, LLC*, No. CV 03-1816ERKMDG, 2005 WL 2290448, at *2 (E.D.N.Y. Sept. 20, 2005) as the reason the plaintiff therein intended to call the witnesses and why their testimony was "clearly important" thereto. *L-3*, 2006 WL 988143, at *4. It has no bearing whatsoever on whether the Plaintiffs in this case should be allowed to depose the Witnesses, let alone whether their application for leave to do so is timely or their showing is proper within the terms of the Court's Order.

Hon. Sarah L. Cave
June 20, 2023
Page 4