


**745 Fifth Avenue**
**Suite 500**
**New York, NY 10151**
**nelson.legal**

**Stephanie E. Niehaus**
C: 440 897 1287 • O: 212 457 1668
stephanie.niehaus@nelson.legal

June 21, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *McKoy, et al. v. The Trump Corp., et al.*, Case No. 18-cv-09936 (LGS)**

Dear Judge Schofield:

This firm represents non-party ACN Opportunity, LLC ("ACN") in these proceedings. On June 16, 2023, Plaintiffs filed redacted and unredacted versions of a memorandum of law in opposition to Defendants' motion for summary judgment [ECF Nos. 603 (under seal), 602]; a declaration in support with multiple exhibits filed under seal [ECF Nos. 608, 609 (under seal)]; redacted and unredacted versions of a Rule 56.1 Statement [ECF Nos. 606, 607 (under seal)]; and redacted versions of a Rule 56.1 Counter Statement [ECF Nos. 604, 605 (under seal)].

In their contemporaneously filed letter motion for leave to file under seal [ECF No. 601], Plaintiffs indicate that some of the information they submitted in redacted form and/or under seal is or was drawn from material that ACN designated "Confidential" in discovery. For example, Plaintiffs extensively cite and characterize testimony provided by ACN's corporate representative about sensitive business information. In addition, Plaintiffs reference Confidential discovery materials provided by non-parties Anne Archer Butcher and Dolphin Entertainment (the "Marketing Consultants"). As the Court may recall from prior briefing, the Marketing Consultants acted on behalf of ACN *vis-à-vis* Mr. Trump's engagement with ACN. According, ACN also has a confidentiality interest in certain of the Marketing Consultants' discovery materials in this case.

ACN has reviewed partially redacted versions of Plaintiffs' submissions and certain of the exhibits, which Plaintiffs provided to ACN late on Monday, and has confirmed that the information contained therein is confidential to ACN, including the information attributed to the Marketing Consultants. For the reasons set forth in its prior confidentiality letters (*see*, *e.g.*, ECF Nos. 539, 555, and 569), and pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases, ACN respectfully requests that this Confidential discovery information remain sealed in the public record.

Respectfully,

Stephanie E. Niehaus

cc: All Counsel of Record (via ECF)