UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE MCKOY, MARKUS FRAZIER, and LYNN
CHADWICK, individually and on behalf of all other
similarly situated,

                                        Plaintiffs,

            -v-

THE TRUMP CORPORATION and DONALD J. TRUMP,
in his personal capacity,

                                        Defendants.

CIVIL ACTION NO.: 18 Civ. 9936 (LGS) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiffs' motion for leave to depose non-party witnesses Al Plumb,

Devonne Richardson, John Barringer, and Angelique Davis (the "Witnesses"), and to subpoena

non-party ACN Opportunity, LLC ("ACN") for the Witnesses' Independent Business Owner ("IBO")

files.  (ECF No. 600 (the "Motion")).  Defendants oppose the Motion.  (ECF No. 610).

By way of background, on September 27, 2022, the Court granted Plaintiffs' unopposed

request for leave to seek to depose "any [] witness that a party seeks to call at trial but who was

not previously identified in the parties' initial [Federal] Rule [of Civil Procedure] 26(a) disclosures

or previously deposed in this action" ("Undisclosed Witnesses").  (ECF No. 474 at 1; see ECF No.

470 at 2 (Defendants noting their non-opposition to the request "provided that [they[ are

afforded the same relief")).  Specifically, the Court ruled that, "[s]hould any party designate an

Undisclosed Witness to testify at trial, or submit an affidavit from an Undisclosed Witness in

support of a dispositive motion, the opposing party will have an opportunity to seek to depose

them in a timely fashion and on a proper showing."  (ECF No. 474 at 4).

In the Motion, Plaintiffs claim that the Witnesses were not named in Defendants' "initial Rule 26(a) disclosures," and that Defendants have now "submit[ted] an affidavit" from each of them in support of Defendants' May 26, 2023 motion for summary judgment.  (ECF No. 600 at 2; see ECF No. 594 ¶¶ 11(F)–(I).  Defendants concede they did not identify the Witnesses in their initial Rule 26(a) disclosures, but note that, on September 29, 2022—one day before the close of fact discovery—they "served a Supplemental Rule 26 Disclosure which, inter alia, identified each of the four Witnesses."  (ECF No. 610 at 2; see ECF No. 456 ¶ 1 (setting September 30, 2023 fact discovery deadline)).  Defendants add that, on November 18, 2022, they "produced the declarations of three of the Witnesses, which were referenced in the report of Defendants' expert Robert Peterson[,]" and that they "submitted the declarations of all four Witnesses" on April 7, 2023, in opposition to Plaintiffs' motion for class certification.  (ECF No. 610 at 2; see ECF No. 554 ¶¶ 12–15).  Defendants argue that Plaintiffs "could have sought leave to depose the Witnesses at any time in October, November or December of 2022, or in January 2023, before the completion of expert discovery, and before the initial briefing on the class certification and summary judgment motions."  (ECF No. 610 at 2).

Having reviewed the parties' submissions, and having heard the parties' arguments during the discovery conference held today, June 22, 2023 (the "Conference"), the Motion is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiffs' request to depose the Witnesses is GRANTED, to the extent set forth below. Defendants concede that they did not identify the Witnesses in their initial Rule 26(a) disclosures, and the Court agrees that Defendants' belated disclosure of the Witnesses did not provide Plaintiffs with sufficient opportunity to depose them during

the fact discovery period. While Defendants are correct that Plaintiffs could have made the Motion sooner, the Court finds that it was reasonable for Plaintiffs to do so only after Defendants submitted the Witnesses' declarations in connection with the class certification and summary judgment motions. (See ECF No. 474 at 3 (the Court observing that "the issue of the Undisclosed Witnesses' testimony . . . becomes ripe only in the event that either party seeks to call them as a witness at trial."). Accordingly, Plaintiffs may depose the Witnesses as follows:

    a. The Court grants Plaintiffs **a total of eight (8) hours on the record** to depose the Witnesses.

    b. The depositions shall be completed by **July 24, 2023**.

    c. By **July 25, 2023**, Plaintiffs shall file a letter certifying the completion of the depositions.

2. Plaintiffs' request to subpoena ACN for the Witnesses' IBO files is DENIED WITHOUT PREJUDICE to renewal on a showing of good cause following the Witnesses' depositions.

The parties shall promptly order a transcript of the Conference.

The Clerk of Court is respectfully directed to close ECF No. 600.

Dated:    New York, New York
             June 22, 2023

                                 SO ORDERED.

                                 **SARAH L. CAVE**
                                 **United States Magistrate Judge**