```
                 UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF NEW YORK
------------------------------:

CATHERINE McKOY, MARCUS       : Case No.: 18-CV-9936
FRAZIER AND LYNN CHADWICK,    :
                Plaintiffs,   :
     v.                       :
THE TRUMP CORPORATION and     : New York, New York
DONALD J. TRUMP,              : June 22, 2023
                Defendants.   :
------------------------------:
```

TRANSCRIPT OF STATUS CONFERENCE HEARING

BEFORE THE HONORABLE SARAH L. CAVE

UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For Plaintiff: | KAPLAN HECKER & FINK LLP<br>BY: John C. Quinn, Esq.<br>350 Fifth Avenue<br>New York, New York 10118 |
| For Defendant: | LEWIS BRISBOIS BISGAARD & SMITH<br>BY: Peter T. Shapiro, Esq.<br>77 Water Street<br>New York, New York 10005 |

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1                    THE COURT:  Good morning.  This is
 2      Magistrate Judge Cave.  We're here for a conference
 3      in McKoy versus Trump Corporation; Case Number
 4      18-cv-9936.
 5                    May I have appearances starting with the
 6      plaintiff, please.
 7                    MR. QUINN:  Good morning, Your Honor.
 8      John Quinn from Kaplan Hecker & Fink on behalf of
 9      the plaintiff.
10                    THE COURT:  Good morning.
11                    MR. SHAPIRO:  Good morning.  This is
12      Peter Shapiro from Lewis Brisbois for defendants.
13                    THE COURT:  Okay.  Very good.  Good
14      morning.
15                    Anyone else who wishes to state their
16      appearance?
17                    (No verbal response)
18                    Okay.  Very good.  So we're here on the
19      plaintiffs' letter regarding affidavits from four
20      individuals that were submitted in connection with
21      defendants' summary judgment motion.  And it sounds
22      like, Mr. Quinn, you're seeking permission to depose
23      each of those people.  So sounds like, despite my
24      warnings and best efforts, we're right where I
25      warned everybody that we might be.
```

1           So let me first ask, Mr. Quinn, in the
2  defendants' letter, they say that these declarations
3  or affidavits from the four individuals were
4  provided to you in November 2022 along with
5  Mr. Peterson's report.  Is that, in fact, the case?
6           MR. QUINN:  That is correct, Your Honor.
7  Yes, they were disclosed as exhibits in connection
8  with expert discovery.
9           THE COURT:  Okay.  So that, combined with
10 the fact that Mr. Shapiro, two days after my
11 September 27th order, miraculously updated his
12 initial disclosures to list these four people, that
13 didn't tip you off of exactly what was going to
14 happen here?
15          MR. QUINN:  You know, I think we
16 certainly knew that there was a chance -- probably a
17 good chance -- that they would seek leave to -- or
18 that they would put these in on a dispositive
19 motion.  It was certainly possible they would use
20 them to support, you know, solely as reference
21 materials for their experts, and we deposed the
22 experts about that.  But, you know, as the Court
23 noted in the September 27th order, the question of
24 whether they should be deposed -- and I'm quoting
25 now, I think, from the third page of that -- becomes

1  ripe only in the event that either party seeks to
2  call them as a witness at trial, and then the Court
3  went on to say, you know, or use them as a
4  dispositive motion.
5       So when these were disclosed during
6  expert discovery, we thought the appropriate course
7  was to question the experts about them, which we
8  did.  And, you know, that order had made, in our
9  view, pretty clear that should they subsequently be
10 used on a dispositive motion or at trial, we then
11 have an opportunity to seek leave to depose them.
12 And with that in place, we, you know, waited until
13 it ripened in the way that the Court described in
14 that order.
15      THE COURT:  All right.  So I've looked at
16 the declarations, and they're thin, to put it
17 charitably.  Do you really need to depose all four
18 of them?
19      MR. QUINN:  You know, frankly, it's hard
20 to know what any one of them may say or what we may
21 see in an IBO file about any of them, so certainly
22 that would be our preference.  But, again, you know,
23 we proposed half-day depositions.  We can seek to do
24 those in an even shorter period of time, seek to do
25 these virtually.  But, you know, each of these

1   people does talk about their experience, what they
2   heard, their impressions of ACN, et cetera.  And if
3   they're going to be witnesses that the defendants
4   are relying on pretty centrally in their defense,
5   which now seems clear, we would want an opportunity
6   to depose each of them ahead of trial.
7              THE COURT:  Okay.  And then is this
8   purely for purposes of -- I mean, your replies --
9   the replies on summary judgment are due tomorrow, so
10  there's no chance of this being material to the
11  summary judgment motions.  This is just for use if
12  these people are, in fact, called at trial so you
13  have a deposition transcript with which to impeach
14  them or something else.
15             MR. QUINN:  Exactly.  And also just the
16  opportunity to discover a little more fully what it
17  is they might say and what their experience was.
18             But, yeah, trying to balance a number of
19  factors, including, you know, really wanting to
20  adhere to the schedule and not, you know, slide off
21  of it, we came to the view that, you know, we had a
22  pretty tight opposition period for summary judgment.
23  We didn't want to adjourn that.  There was no
24  realistic way for us to get these people deposed
25  and, you know, marshal briefs and 56.1s and all of

1    that in three weeks, and really didn't want any
2    adjournment.
3             So our approach to summary judgment --
4    you know, frankly, I think our argument is the
5    existence of a few exceptions really shouldn't
6    change the analysis on a summary judgment standard,
7    but, you know, approaching trial, if these folks are
8    going to be witnesses, we would want an opportunity
9    in that context.  So that's correct, Your Honor.  We
10   don't -- we are not getting another brief on summary
11   judgment that we're aware of.  We don't think you --
12           THE COURT:  No.  No, you're not.
13           MR. QUINN:  -- in connection with --
14   exactly.  Understood and --
15           THE COURT:  I'm sure you're not.
16           MR. QUINN:  -- wouldn't want one.
17           THE COURT:  I'm sure you're not.
18           MR. QUINN:  Yeah, understood.
19           THE COURT:  Okay.  Okay.  At any rate,
20   Judge Schofield set that schedule and the trial
21   schedule, and that's not -- certainly not in my
22   province to tamper with that.  And if you want to
23   keep your January trial date, I'm sure you want to
24   keep the summary judgment schedule that you have as
25   well.  Okay.

1                So, Mr. Shapiro, how is what the
2     defendants did here not, sort of, sandbagging and,
3     kind of, undermining the spirit of my order
4     intending to prevent where we are right now?
5                MR. SHAPIRO:  Thank you, Your Honor.
6                I think, as you pointed out, these
7     individuals were disclosed quite some time ago, as
8     was their testimony.  There shouldn't have been any
9     mystery that they were going to be witnesses.  And
10    we found it surprising that there was no effort to
11    depose them, even though fact discovery was ending
12    right about when they were disclosed.  We certainly
13    would have agreed to, you know, a reasonable
14    extension just for the purpose of deposing them at
15    that time.  But here we are, many months down the
16    road with briefing having been done.
17               If there was any doubt that we were going
18    to use them on summary judgment, that doubt should
19    have been removed when we used them on class
20    certification.  So we think that this is just an
21    improper attempt to keep discovery going ad
22    infinitum.  And, you know, enough is enough, as far
23    as we're concerned, in a case that started in 2018.
24               I will say that if there's any
25    inclination to allow these depositions to go

1  forward, at a minimum, they should only go forward
2  after the pending motions are decided because,
3  potentially, the whole case may go away and nobody
4  will be a trial witness.  So why have everyone
5  undergo the expense and inconvenience of having
6  these people deposed when the whole thing might be
7  mooted?
8              THE COURT:  Well, I'm not sure that that
9  makes a lot of sense from an efficiency standpoint.
10 The summary judgment motions are not before me, but
11 it doesn't seem efficient to, sort of, wait and see
12 because then you're going to be on a rush --
13 whatever's left of the case will be on a rush to get
14 ready for trial.  And then you'll have the same
15 objection that, you know, the parties don't have
16 time and it's inconvenient for the witnesses and all
17 that.  It seems like we have a lot more time now,
18 between now and January to get these done.
19             Like I said, they're not, obviously,
20 going to be material to the summary judgment
21 submissions because those are basically done.  And
22 so I'm not sure that I agree with that being an
23 appropriate rationale to deny the plaintiffs'
24 request.
25             Have you made a determination yet,

```
 1    Mr. Shapiro, whether you do, in fact, intend to rely
 2    on any of these four witnesses at trial?
 3            MR. SHAPIRO:  That would certainly be our
 4    intent, yes.
 5            THE COURT:  Okay.  Okay.  All right.
 6    Well, then I think what is fair is consistent with
 7    what I said back in September, which is if the
 8    defendants are going to rely on them, that the
 9    plaintiffs have an opportunity to depose them.  You
10    know, I do think that the plaintiffs could have
11    asked about this earlier, as I said, given the
12    history here, the -- and the plaintiffs have
13    certainly been particularly skeptical of a lot of
14    the things that the defendants have done in this
15    case.  And why they weren't as skeptical of what was
16    going on here between the supplemental initial
17    disclosures and then attaching the declarations to
18    Mr. Peterson's report would have seemed to have
19    given an indication that this is where we were
20    headed, but I agree with what Mr. Quinn said, that
21    what my order provided was that if the witnesses
22    were going to be used in support of a dispositive
23    motion and/or a trial, that's when the trigger for
24    renewing the question of deposing them would arise.
25    And, obviously, that didn't occur until more
```

```
 1    recently.
 2              So I am willing to allow -- I am going to
 3    allow the plaintiffs to take the depositions of
 4    these four people, but consistent with what
 5    Judge Schofield typically does, that we're going to
 6    put a very circumscribed limit around the number of
 7    hours.
 8              So what I will do, since, Mr. Quinn, it
 9    sounds like you're not prepared in the moment to
10    decide whether you need all four of these people,
11    I'm just going to give you a number of hours in
12    which to depose the four individuals.  And you
13    choose whether it's all four or less than four and
14    how you allocate that.  I will leave it up to you.
15    But I will grant the plaintiffs eight hours total to
16    depose the four additional witnesses -- I'm just
17    checking their names -- Mr. Plum, Ms. Richardson,
18    Mr. Berringer and Ms. Davis.
19              And, you know, given that it doesn't
20    affect -- doesn't seem to affect the summary
21    judgment schedule, I think giving the parties 30
22    days to get that done is reasonable.  But obviously
23    this -- these are non-party witnesses that we're
24    talking about, and so, you know, if because of those
25    witnesses' availability we can't get it done in 30
```

1   days, I'll be reasonable about giving a little bit
2   more time to do that.  But, otherwise, I think we
3   should try to get this done in short order so that
4   we have everything ready as soon as Judge Schofield
5   issues her decision as to summary judgment, and we
6   have everything in front of us when we're
7   preparing -- when all of you are preparing for
8   trial.
9            Is all that clear, Mr. Quinn?
10           MR. QUINN:  Very clear, Your Honor, and
11  very much appreciated.
12           THE COURT:  Okay.  Okay.  All right.
13           Mr. Shapiro, any clarifications?
14           MR. SHAPIRO:  Yeah, I do have one request
15  in regard to that.
16           THE COURT:  Okay.
17           MR. SHAPIRO:  And that is, you know,
18  obviously, Mr. Quinn is correct, as you confirmed,
19  that there's no right to put in any further briefing
20  on the plaintiffs' part on summary judgment.  My
21  concern is that notwithstanding that, once these
22  depositions are taken, we'll see a letter saying,
23  please grant us leave to put in something
24  supplemental because we got this great testimony
25  from these non-party witnesses.

```
 1                  And, again, I think that would be even
 2     more prejudiced from allowing this.  So I would ask
 3     for, you know, a preemptive ruling that no such
 4     application should be made and it won't be
 5     entertained if it is made.
 6                  THE COURT:  Okay.  Well, you know I can't
 7     do that.  The summary judgment motion is not before
 8     me.  That's in front of Judge Schofield.  So if
 9     she's -- if she's decided what the briefing schedule
10     is for that and what's submitted and what's not
11     submitted, so if you want to make an application to
12     her, that's fine, but it is not a question for me to
13     be making that preclusive ruling as to what
14     Judge Schofield will or will not accept on summary
15     judgment.  So...
16                  MR. SHAPIRO:  Understood.
17                  THE COURT:  So I understand, but I can't
18     make that ruling.  So -- okay.
19                  Mr. Quinn, anything further that we
20     should talk about today?
21                  MR. QUINN:  Just one additional thing,
22     Your Honor.  The --
23                  THE COURT:  Sure.
24                  MR. QUINN:  One aspect of our request
25     related to a further request to serve a document
```

```
 1    subpoena on ACN for these folks' IBO files.
 2              THE COURT:  Yes.  Yes.
 3              MR. QUINN:  It appeared from defendants'
 4    discovery efforts that there's some way to do that,
 5    and so we would target it at just that, but we would
 6    request that as well.
 7              THE COURT:  Yeah, I'm going to deny that
 8    now.  If the witnesses say something in their
 9    deposition that gives you good cause to renew that
10    request, you could do that.  But I'm going to deny
11    that without prejudice.  I want to just focus on
12    these witnesses, get their depositions done, and
13    hopefully we can all move on; okay?
14              MR. QUINN:  Understood.  Thank you,
15    Your Honor.
16              THE COURT:  All right.  Thank you.
17              Mr. Shapiro, anything further on your
18    side today, then?
19              MR. SHAPIRO:  Nothing further.  Thank
20    you.
21              THE COURT:  Okay.  Thank you very much.
22    Have a good day, everyone.  We'll be adjourned.
23              MR. SHAPIRO:  Bye-bye.
24
25                         0o0
```

```
 1                    C E R T I F I C A T E
 2
 3        I, Adrienne M. Mignano, certify that the
 4    foregoing transcript of proceedings in the case of
 5    Catherine McKoy v. The Trump Corporation,
 6    Docket #18-cv-9936 was prepared using digital
 7    transcription software and is a true and accurate
 8    record of the proceedings.
 9
10
11    Signature  _Adrienne M. Mignano_____
12               ADRIENNE M. MIGNANO, RPR
13
14    Date:      June 23, 2023
15
16
17
18
19
20
21
22
23
24
25
```