# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

Plaintiffs' request at ECF No. 630 is GRANTED. By **September 15, 2023**, Plaintiffs shall file a letter reporting on the status of their follow-up requests regarding non-party witnesses Al Plumb, Devonne Richardson, John Barringer, and Angelique Davis.

SO ORDERED        9/11/2023

SARAH L. CAVE
United States Magistrate Judge

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *McKoy, et al. v. The Trump Corporation, et al.*, No. 18 Civ. 09936 (LGS) (SLC)

Dear Judge Cave:

      We write on behalf of Plaintiffs with reference to the Court's June 22, 2023 Order granting Plaintiffs' motion for leave to depose four non-party witnesses disclosed by Defendants ("Defense Witnesses") and permitting Plaintiffs to renew their request for further discovery "on a showing of good cause following the Witnesses' depositions," ECF 614, and pursuant to the Court's August 25, 2023 Order directing Plaintiffs to submit an update today on the status of their follow-up discovery requests, ECF 629.

      As the Court is aware, we have been conferring with counsel for the four Defense Witnesses, who is also counsel for ACN Opportunity, LLC ("ACN"), about follow-up requests for the production of documents bearing on the Defense Witnesses' claims of "success" with ACN. *See* ECF 628. Defendants argued that those claims indicated that the Defense Witnesses had made a profit with ACN, *see generally* ECF 592 at 10, 22, 28, and so we sought basic information sufficient to show the Defense Witnesses' earnings, expenses, and net profits during the relevant period. During their depositions, each of the Defense Witnesses testified that they could not testify to such information, and their counsel has now confirmed that they do not have readily accessible documents that would include such information either. As for ACN, the company has confirmed via declaration that it has what are called VIP Portal records for each of the Defense Witnesses but it has thus far refused to produce those records, preferring instead to review them itself and to provide what appears to be a made-for-litigation document including only the Defense Witnesses' earnings, but no information about expenses or net profits, nor any other context included in the records themselves. We have requested that ACN simply produce the records, as they did when Defendants asked for such records concerning the Plaintiffs. We also have raised some questions concerning ACN's document retention, in light of the apparent unavailability of certain other records notwithstanding the service of a preservation subpoena.

      At this point, we believe a dispute on these issues may be inevitable, but given that ACN produced its declaration on Tuesday, and that we sent our response just earlier today, we respectfully request a few additional days to meet and confer, and propose to file any request for relief with the Court by next Friday, September 15, 2023.