

200 Park Avenue
Suite 1700
New York, NY 10166
nelson.legal

Stephanie E. Niehaus
C: 440 897 1287 • O: 212 457 1668
stephanie.niehaus@nelson.legal

September 12, 2023

**VIA ECF**

The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** *McKoy, et al. v. The Trump Corp., et al.*, Case No. 18-cv-09936 (LGS)

Dear Judge Cave:

I write on behalf of non-parties ACN Opportunity, LLC ("ACN") and Al Plumb, Angelique Davis, John Barringer, and Devonne Richardson (the "Non-Party IBO Witnesses"). On September 8, Plaintiffs made various representations to the Court regarding the status of their efforts to obtain written discovery from ACN and the Non-Party IBO Witnesses regarding the Non-Party IBO Witnesses' "earnings, expenses, and net profits" from ACN. *See* ECF No. 630. Following a one-sided recitation of events, Plaintiffs requested additional time to "meet and confer," while noting that a dispute "may be inevitable." But ACN and the Non-Party IBO Witnesses should not have to spend additional time and resources on the ever-expanding, invasive discovery that Plaintiffs are attempting to obtain from them—well outside of the discovery period and without leave or justification. ACN and the Non-Party IBO Witnesses respectfully request that the Court deny Plaintiffs' anticipated request to conduct additional discovery at this time.

This Court is familiar with ACN's position in this case as a non-party that has nonetheless been the target of extensive discovery by Plaintiffs. As of today's date, ACN has produced over 50,000 pages of material, provided 30(b)(6) testimony, and produced one of its key executives for deposition. ACN has devoted countless hours of internal time and has been forced to engage counsel for years to address and negotiate responses to Plaintiffs' relentless discovery requests. Having fully responded to the negotiated scope of Plaintiffs' discovery over a year ago, ACN reasonably believed that its involvement in discovery was over—as it should have been.

For their part, the Non-Party IBO Witnesses are individuals with no connection to this case other than having been asked in mid-2022 to provide statements about their experiences as ACN Independent Business Owners. Nearly a year later, Plaintiffs sought and were granted leave to take the Non-Party IBO Witnesses' depositions, limited to eight total hours on the record. *See* ECF No. 614. Plaintiffs' contemporaneous request to "subpoena ACN for the Witnesses' IBO files" was "denied without prejudice to renewal on a showing of good cause." *Id.*

In an attempt to circumvent this ruling, Plaintiffs then sought to require the Non-Party IBO Witnesses to produce at their depositions "[a]ll documents reviewed, considered, or relied upon in preparing" their declarations and "[a]ll documents relating to the statements made in" the declarations. The Non-Party IBO Witnesses objected to these requests as unauthorized and overbroad and unduly burdensome to the extent they sought "all documents relating to the statements made in" each Non-Party IBO's declaration, which potentially could be read to require the Non-Party IBOs to produce every document in their possession related to their work with ACN. Subject to their objections, however, the Non-Party IBO Witnesses all confirmed through counsel that they did not review any documents in preparing their declarations.

In early August, each of the Non-Party IBO Witnesses voluntarily appeared for their required depositions,[1] where Plaintiffs' counsel spent far more time trying to confuse and embarrass them than exploring the substance of their declarations. This behavior necessitated a call to the Court during which the Court limited Plaintiffs' questioning on certain topics including the Non-Party IBO Witnesses' personal finances, allowing Plaintiffs to question the Non-Party IBO Witnesses only regarding "(i) their definition of the term 'successful' as used in the Declarations, and (ii) the amount(s) of any monthly or annual payments they receive from ACN." ECF No. 623. Each of the Non-Party IBO Witnesses responded to such questions to the best of their abilities and recollection.

Hours after the last Non-Party IBO Witness deposition concluded, Plaintiffs "renewed" their request for additional discovery both from ACN *and* the Non-Party IBO Witnesses, as follows:

> From ACN: documents sufficient to establish the monthly or annual payments from ACN to each of the Defense Witnesses throughout their time in ACN, as well as, on a monthly or annual basis, the total payments from the Defense Witnesses to ACN.
>
> From the Defense Witnesses: documents sufficient to establish their monthly or annual earnings from ACN as well as, on a monthly or annual basis, all ACN-related expenses, whether or not paid to ACN.

(E-mail dated August 10, 2023 (4:22 pm) from K. Epstein to S. Niehaus.)

Although under no obligation to do so, ACN and the Non-Party IBO Witnesses agreed to conduct a reasonable review of available records related to "the amount(s) of any monthly or annual payments" the Non-Party IBO Witnesses received from ACN during their periods of enrollment, consistent with the Court's Order. ACN was able to locate 1099 forms for the period 2019-2022; for periods prior, ACN was able to provide annual payment information for each of the Non-Party IBO Witnesses based on their VIP Portal records. ACN provided this information to Plaintiffs on September 5, 2023 via a declaration attaching the 1099 forms as well as a summary chart showing the payment information for years prior to 2019 as drawn from VIP Portal. Each of the Non-Party

---

[1] Al Plumb, Devonne Richardson, and Angelique Davis all travelled from out of state to Newark, NJ to accommodate schedules and minimize overall expense. John Barringer was unable to travel due to other demands on his schedule, requiring all counsel to travel to and stay overnight in Sarasota, Florida where he lives.

IBO Witnesses separately confirmed through counsel that their individual files do not include any information beyond what ACN provided.

At this point, ACN and the Non-Party IBO Witnesses have more than complied with their discovery obligations to Plaintiffs, but Plaintiffs still demand more, now requesting complete VIP Portal files for each Non-Party IBO Witness on the purported basis that those files would show the Non-Party IBO Witnesses' "expenses." Even if Plaintiffs had been authorized to seek such discovery (they were not), Plaintiffs know and have acknowledged that VIP Portal does not include a complete record of IBO expenses (if anything, it only reflects payments made directly to ACN). Plaintiffs also have "upped the ante" in recent communications suggesting (nonsensically) that ACN's production of materials somehow implicates document retention issues and insisting that ACN explain its "steps ... to preserve documents relating to the four declarants" years before they were ever identified as potential witnesses in this case.

It is clear that Plaintiffs will persist with their unauthorized, untimely, and unduly burdensome discovery and borderline harassment of each of these non-parties absent this Court's intervention. Accordingly, ACN and the Non-Party IBO Witnesses respectfully request that this Court enter an Order directing Plaintiffs to discontinue their efforts to seek additional discovery from ACN and the Non-Party IBO Witnesses.

Respectfully,

*Stephanie Niehaus*

Stephanie E. Niehaus

cc:   All Counsel of Record (via ECF)