**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63ʳᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL         212.763.0886
DIRECT EMAIL        jquinn@kaplanhecker.com

September 15, 2023

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *McKoy, et al. v. The Trump Corporation, et al.*, No. 18 Civ. 09936 (LGS) (SLC)

Dear Judge Cave:

  We write on behalf of Plaintiffs pursuant to the Court's September 11, 2023 Order directing Plaintiffs to update the Court today on the status of our follow-up requests regarding Al Plumb, Angelique Davis, John Barringer, and Devonne Richardson ("Defense Witnesses"), ECF 631, and in response to ACN Opportunity, LLC's ("ACN") September 12, 2023 letter, ECF 632. In light of ACN's filing, which cut short a meet-and-confer process and instead sought an order "directing Plaintiffs to discontinue their efforts to seek additional discovery from ACN and the Non-Party IBO Witnesses," *id*. at 3, Plaintiffs respectfully request a discovery conference on ACN's refusal to produce the VIP Portal records for the Defense Witnesses. *See* M.J. Cave Individual Practices, ¶ II.C.2. ACN has said under oath that it has these relevant, non-privileged documents already collected, and ACN cannot deny that it already produced the very same records with respect to the Plaintiffs when Defendants asked for them. ACN has no basis now to refuse to produce them for the Defense Witnesses that ACN itself brought into this case.

  As an initial matter, ACN argues that the Defense Witnesses' involvement in this case began when they were "asked in mid-2022 to provide statements," ECF 632 at 1—but ACN fails to acknowledge that it was an ACN executive who made that ask. Indeed, each of the Defense Witnesses testified that an ACN executive was the first person to contact them and ask them to participate in this case, and that when they agreed to participate they were then introduced to defense counsel. Beyond that, ACN arranged for their representation by counsel—the same counsel representing ACN—and covered their legal fees and travel expenses. In short, ACN brought these witnesses into the case and has facilitated their active and voluntary participation.[1]

  Thanks to ACN's efforts, the Defense Witnesses have become central to Defendants' case. Indeed, the claim of "success," repeated (formulaically) by each of the Defense Witnesses, was cited across Defendants' summary judgment and class certification papers. ECF 551 at 19 n.9; ECF 592 at 10, 22, 28; ECF 615 at 8. Defendants used those claims to argue that each of the Defense Witnesses made a profit with ACN. *See, e.g.*, ECF 592 at 22, 28. And Defendants have been clear that they intend to call these witnesses at trial. *See* ECF 617 at 8:25-9:4.

---

[1] This is not the first time that ACN has worked behind the scenes to provide Defendants with unilateral access to witnesses or discovery outside of formal channels. *See generally* ECF 511.

Given how central the Defense Witnesses' claims of purported profitability became to Defendants' arguments, Plaintiffs obviously questioned all four witnesses about that issue extensively. Every one of them confirmed that they could not state their earnings, expenses, or net profitability for any year that they were involved with ACN. *See* ECF 630 at 1 (noting witnesses' inability to answer these questions); ECF 632 at 2 (claiming that witnesses answered such questions "to the best of their abilities and recollection"). After follow-up, their counsel also confirmed that they do not have readily available documents that would answer those questions either. *See id*. at 2-3 (acknowledging lack of such evidence). For its part, ACN did not preserve the Defense Witnesses' Form 1099-MISC tax records from the relevant period.[2] *See id*. at 2 (noting ACN's possession of 1099s only dating back to tax year 2019).

All of that leaves only a single source of contemporaneous documentary evidence bearing on earnings, expenses, and net profits: the ACN VIP Portal records for the four Defense Witnesses. The VIP Portals are automatically generated records of an IBO's interactions with ACN, including their earnings and certain of their expenses, such as renewal costs and other ACN-associated charges, that can be produced easily and with minimal burden. We know this because ACN previously produced Plaintiffs' own VIP Portals to Defendants just last year. *See* ACN2-000055 (McKoy VIP Portal); ACN2-000088 (Chadwick VIP Portal); ACN2-000114 (Frazier VIP Portal).[3]

ACN has confirmed that it has the VIP Portal records for the Defense Witnesses; indeed, ACN's corporate representative signed a declaration attesting that he reviewed them in just the past few weeks. Yet ACN refuses to produce them. Why not? ACN's September 12 letter does not really say. At most, ACN leans on a cribbed interpretation of this Court's oral ruling during the first of the Defense Witness depositions on August 2, and complains about (and mischaracterizes) Plaintiffs' discovery efforts more generally. Neither works.

*First*, ACN argues that this Court's oral ruling on August 2 drew a line between ACN-related earnings on the one hand, and ACN-related expenses on the other, and that this distinction now permits ACN to review the VIP Portal records itself, pull out specific pieces of earnings information, and report just that side of the coin in a made-for-litigation chart. This suggestion is easily disposed of. For one thing, ACN's argument appears to rest on just a few words pulled from a docket notice, but the transcript itself provides no support for the artificial distinction between earnings and expenses that ACN now seeks. To the contrary, as a general principle, the Court made clear that "the declaration is the subject matter," Plumb Tr. at 101:17-18, and the declarations, as noted above, all spoke about "success," in a way that Defendants argued meant profitability. To the extent that the colloquy included references to earnings, that is simply because it was an earnings question that the witnesses' counsel had objected to—questions about expenses had not yet been asked. And when those expense-related questions were asked, counsel for the witnesses did not object to them (even though the witnesses were unable to answer them). The distinction the Court actually drew was between financial information that related to the witnesses' participation in ACN versus financial information that did not. *See, e.g.*, Plumb Tr., 105:22-106:8 (". . . it would just be limited to ACN-related finances"). The VIP Portal records fall on the right side of that line.

---

[2] Plaintiffs reserve all rights with respect to ACN's failure to preserve these records, given that ACN hand-picked these witnesses and was served with a preservation subpoena back on January 9, 2019.

[3] For the avoidance of doubt, the VIP Portal records are a complete record of earnings but an incomplete record of expenses, many of which are incurred outside direct transactions with ACN, as the Defense Witnesses conceded and as Plaintiffs and others have explained. Nevertheless, the VIP Portal records include some expense information, along with other relevant context, and so they are, while incomplete, better than nothing for discovery purposes.

KAPLAN HECKER & FINK LLP

3

*Second*, ACN mischaracterizes many of Plaintiffs' discovery efforts more generally, and specifically mischaracterizes this targeted production request as "ever-expanding, invasive discovery." ECF 632 at 1. Nothing could be further from the truth. This is a discrete set of four records that are indisputably relevant and non-privileged, ACN has produced similar records before, and ACN has already collected and even reviewed these records here. ACN has not identified—and could not plausibly claim—any burden in producing them. ACN should be ordered to do so.

Respectfully submitted,

John C. Quinn

cc: Counsel of Record (*via* ECF)