**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

September 27, 2023

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:   *Catherine McKoy, et al. v. The Trump Corporation, et al.*, 18-cv-09936 (LGS) (SLC)

Dear Judge Schofield,

We write on behalf of Plaintiffs and the putative classes in the above-referenced matter to bring to the Court's attention yesterday's decision in *People of the State of New York v. Donald J. Trump, et al.*, Index No. 452564/2022 (Sup. Ct. N.Y. Cnty.) (the "NYAG Case").

In that decision, Justice Engoron granted the New York Attorney General's motion for partial summary judgment, finding that Donald J. Trump and certain other individual and corporate defendants affiliated with Mr. Trump engaged in repeated and persistent fraud in violation of Executive Law § 63(12). NYSCEF Doc. No. 1531 at 2, 5.[1] Trial in that case on the monetary amount Donald Trump must pay in disgorgement and on the remaining causes of action against Mr. Trump is expected to begin on October 2, 2023, as Your Honor may recall from the prior correspondence in this case about scheduling. ECF 527; ECF 547.[2]

The Trump Corporation, which is one of the Defendants in this case (though not a party in the NYAG Case) may be impacted by Justice Engoron's order cancelling any certificate filed under New York General Business Law § 130 for any "entity controlled or beneficially owned by Donald J. Trump." NYSCEF Doc. No. 1531 at 35. But because the Defendants in this case are jointly and severally liable, *see, e.g.*, 2d Am. Compl. ¶¶ 496, 504; Restatement (Third) of Torts § 15, and because Justice Engoron's decision provides for the appointment of a receiver to manage the orderly dissolution of the relevant corporate entities and continues the appointment of the Hon. Barbara S. Jones as the independent monitor of The Trump Organization and its subsidiaries and affiliates, the future legal status of The Trump Corporation should provide no reason to delay the trial date in this case. Indeed, as Plaintiffs have previously reported to the Court, ECF 574 at 3 & n.5, the record here makes it clear that Donald J. Trump himself was the architect, principal actor, and largest beneficiary of the ACN endorsement. Donald Trump, of course, is a person, not a corporation and cannot be dissolved under New York law.

---

[1] Pursuant to Rule I.B.1 of Your Honor's Individual Rules, we have not attached the decision itself to this letter, but are prepared to submit it by e-filing or by e-mail, as the Court may direct.

[2] Mr. Trump has also petitioned the First Department for an order staying trial in the NYAG Case. *See Donald J. Trump et al. v. The Honorable Arthur F. Engoron, J.S.C. et al.*, Index No. 04580/2023 (1st Dep't).

**KAPLAN HECKER & FINK LLP**                                                                 2

       Given the above, we respectfully submit that Justice Engoron's decision provides no basis for changing the firm trial date in this case set for January 29, 2024.  ECF 507; ECF 543.  If anything, Justice Engoron's partial summary judgment decision only underscores the practical need to bring this case to verdict with all dispatch in accordance with the Court's so-ordered schedule.

                                                                         Respectfully submitted,

                                                                         Roberta A. Kaplan

cc:     Counsel of Record (*via ECF*)