

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

October 16, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Catherine McKoy, et al. v. Trump Corp., et al.,* No. 1:18-cv-9936 (LGS-SLC)

Dear Judge Schofield:

As Your Honor is aware, this firm along with Robert & Robert PLLC represents the Defendants in the above-referenced action.[1]  We write to (a) respectfully request that the Court adjourn the trial in this action, which is currently scheduled to begin on January 29, 2024, including the upcoming dates for pre-trial submissions, and (b) advise the Court of an recent legal development that impacts Defendants' motion for summary judgment, which is currently *sub judice*.

Pursuant to Your Honor's rules, we sought consent to this application from opposing counsel. Counsel declined to consent for the reasons stated in Roberta Kaplan's letter to the Court dated September 27, 2023 (docket no. 638).

    **A.**    **The Court Should Adjourn the January 29, 2023 Trial Date**

On December 13, 2022 the Court issued an Order (the "December 13 Order") (ECF No. 507) stating that "a jury trial in this case will begin on **January 29, 2024**, at **9:45 AM**."  The December 13 Order stated that "[t]he trial date is firm, as the trial is scheduled far [in] advance to accommodate the parties' stated availability in their letters[,]" and provided certain deadlines for pre-trial submissions including (a) "[a]ny motions *in limine* shall be filed by **November 10, 2023**[,]" (b) "[j]oint requests to charge, *voir dire*, verdict forms, and any memorandum of law …

---

[1] Donald J. Trump, in his personal capacity, is also represented by Alina Habba, Esq. of Habba Madaio & Associates, LLP.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

Hon. Lorna G. Schofield
October 16, 2023
Page 2

shall be filed by **November 22, 2023**[,]" and (c) "[t]he final pretrial order shall be filed **December 1, 2023**."

Prior to the Court having issued the December 13 Order my co-counsel Clifford S. Robert, Esq. of Robert & Robert, PLLC informed the Court that his firm was counsel for Donald Trump, Jr. and Eric Trump in the case captioned *People of the State of New York v. Donald J. Trump, et al.*, Index No. 452564/2022 (Sup. Ct. N.Y. County) (the "State Action"), and that a trial date in the State Action had been scheduled for October 2, 2023. Mr. Robert further informed the Court that his firm would be actively engaged in the trial of the State Action, which by the New York State Attorney General's own estimation was expected to span approximately six to eight weeks, and that he believed it would go longer.

Since that time, the landscape of the trial in the State Action has changed. Although the trial in the State Action began on October 2, 2023, it is now scheduled to proceed until December 22, 2023, with full trial days each week on Monday through Thursday, and a half trial day on Friday. In other words, the trial in the State Action is now scheduled to last approximately twice as long as the New York Attorney General initially estimated it would last. Since President Trump (along with other current and former employees of the Trump Organization) is involved in the trial in the State Action, and Mr. Robert and his firm are committed to working full-time on the trial, they are understandably not in a position to prepare for an intensive trial of this action, which is currently scheduled to begin almost immediately after the trial in the State Action concludes. Mr. Robert and his firm are likewise not in a position to work on the motions *in limine*, due on November 10, and the responses thereto, the joint requests to charge, *voir dire*, verdict forms and memoranda of law, all due on November 22, and the final pre-trial order due on December 15, or to otherwise prepare for trial of this action.

In addition to the foregoing scheduling issues, it is not feasible for counsel to actually conduct the necessary pre-trial activities given that Plaintiffs' motion for class certification remains *sub judice*. Although Defendants strongly believe that there is no basis for class certification, in the event that one or more of the putative classes is certified the issues to be addressed in the pre-trial filings will be dramatically impacted. For example, if a nationwide class is certified then differences in the laws of 50 states and the District of Columbia as to the elements of fraud, damages and the like will have to be briefed and prepared for trial, in addition to the statutory consumer deception claims under Maryland, Pennsylvania and California laws. Moreover, to comply with Rule 23 of the Federal Rules of Civil Procedure it will be necessary to identify the class members and give them notice and an opportunity to opt out before the trial can proceed. Identifying the class members will require the cooperation of ACN, a non-party, since the classes consist exclusively of present and former ACN IBOs whose identities and contact information are known only to ACN. Since the class period dates back several years, the addresses on file for the IBOs may in some cases no longer be valid and, potentially, a second round of notices or alternative means of providing notice may become necessary. Additionally, even after identification of the class members, providing the class members with notice and an opportunity

Hon. Lorna G. Schofield
October 16, 2023
Page 3

to opt out will be a large project given the large number of ACN IBOs over the class period. Further, if Defendants' motion for summary judgment, which is also *sub judice*, is granted, then some or all of the claims to be tried may be eliminated. It would be preferable not to have to engage in the extensive work required to prepare to try any claims for relief that may ultimately be dismissed.

Accordingly, Defendants respectfully request that the Court adjourn the January 29, 2024 trial date, including the upcoming dates for pre-trial submissions.

### B. A Recent Legal Development that Impacts Defendants' Fully-Briefed Summary Judgment Motion

As set forth above, Defendants' motion for summary judgment is currently *sub judice*. Plaintiffs' opposition to the motion is premised in part on the damages analysis of their expert Stacie Bosley, which is also essential to the damages case that Plaintiffs intend to present at trial. The Court should be aware that the Northern District of Texas (Barbara M.G. Lynn, U.S.D.J.), in *Federal Trade Commission v. Neora LLC*, No. 3:20-cv-01979-M, recently granted judgment after a bench trial in favor of the defendants in a case brought by the Federal Trade Commission against another direct marketing company. The FTC tried but failed to prove that the defendant operated an illegal pyramid scheme based on Dr. Bosley's testimony that it was virtually impossible for the individuals participating in defendants' business to earn income. That testimony is based on the same manner of flawed analysis of statistical evidence that renders Dr. Bosley's opinions in this case – viz., that ACN's IBOs could not earn income – useless, as Defendants' motion papers demonstrate. The Court should take note of this recent development in ruling on the motion. The findings of fact and conclusions of law in the *Neora* case were entered on September 28, 2023 (ECF No. 347). A copy is attached for the Court's convenience.

We are available for a telephone conference at the Court's convenience.

Respectfully,

/s/ Peter T. Shapiro

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

PTS:mf

cc:   All Counsel of Record (via ECF)