UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CATHERINE MCKOY, et al.,
                                  Plaintiffs,         18 Civ. 9936 (LGS)

            -against-                               ORDER

THE TRUMP CORPORATION, et al.,
                                Defendants.
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**Procedural History**

      WHEREAS, on March 10, 2023, Plaintiffs filed a letter motion to seal in conjunction with their memorandum of law in support of the motion for class certification and supporting exhibits. Dkt. No. 529. Plaintiffs stated that the materials were designated as confidential under the operative protective order or by Defendants, non-party ACN Opportunity, LLC ("ACN") or other non-parties and took no position concerning confidentiality designations by those parties. *Id*.

      WHEREAS, on March 14, 2023, ACN filed a letter in response stating that "[m]uch of the redacted material" identified in Plaintiffs' March 10, 2023, letter "implicate ACN's non-public, sensitive business and financial information, which ACN designated confidential in discovery" and requesting that "these non-public materials remain sealed," with the exception of ACN Opportunity Discs and *Success* and *Success from Home* Magazine. Dkt. No. 539 at 1-2.

      WHEREAS, on March 15, 2023, Plaintiffs filed a letter in response to ACN's March 14, 2023, letter to clarify that none of the material cited in or submitted with the class certification motion was obtained by Plaintiffs during the course of their business relationships with ACN. Dkt. No. 541.

      WHEREAS, on March 17, 2023, Defendants filed a sealed letter in response to Plaintiffs' March 10, 2023, letter identifying the materials that Defendants alleged contain Defendants' or ACN's proprietary information. Dkt. No. 544.

WHEREAS, on April 7, 2023, Defendants filed a letter motion to seal in conjunction with their memorandum of law in opposition to the motion for class certification and supporting exhibits.  Dkt. No. 550.  The letter stated that the sealed and redacted material was designated as confidential under the operative protective order and was consistent with Plaintiffs' sealing and redactions that Defendants advised were "largely appropriate" in their March 17, 2023, letter.  *Id*. at 1.

WHEREAS, on April 11, 2023, ACN filed a letter in response stating that "[m]uch of the redacted material" identified in Defendants' April 7, 2023, letter "implicate ACN's non-public, sensitive business and financial information, which ACN designated confidential in discovery" and requesting that the relevant materials remain under seal for the same reasons provided in ACN's prior letter.  Dkt. No. 555 at 1.

WHEREAS, on April 11, 2023, Plaintiffs filed a letter in response stating that they take no position as to confidentiality designations made by Defendants or non-parties.  Plaintiffs also clarified that (1) the portions of Plaintiffs' deposition transcripts cited in, and filed with, Defendants' papers need not be sealed and (2) Plaintiffs do not take issue with Defendants' or ACN's position that Plaintiffs' responses to Defendants' Requests for Admission remain under seal.  Dkt. No. 556.

WHEREAS, on April 21, 2023, Plaintiffs filed a letter motion to seal in conjunction with their reply memorandum of law in support of the motion for class certification and supporting exhibits.  Dkt. No. 560.  On the same day, Plaintiffs filed a letter motion to seal in conjunction with their letter to the Court seeking to exclude Defense Expert Dr. Robert A. Peterson's expert opinions and to preclude Defense Expert Dr. Joseph F. Hair's supplemental declaration.  Dkt. No. 565.  In the letters, Plaintiffs provided substantially similar reasoning as in their March 10, 2023,

letter.  Dkt. Nos. 560, 565.

WHEREAS, on April 25, 2023, ACN filed a letter stating that "much of the redacted material" identified in Plaintiffs' April 21, 2023, letter regarding Plaintiffs' reply memorandum "implicate ACN's non-public, sensitive business and financial information, which ACN designated confidential in discovery" and requesting that the relevant materials remain under seal for the same reasons provided in ACN's prior letters.  Dkt. No. 569 at 1.

WHEREAS, on April 27, 2023, Defendants filed a sealed response to Plaintiffs' April 21, 2023, letters stating, first, that nothing in the April 21 letter is confidential and requires sealing and, second, that information in Plaintiffs' reply papers that reference materials designated as confidential by ACN should remain confidential.  Dkt. No. 571.

WHEREAS, on May 5, 2023, Plaintiffs filed a letter motion to seal in conjunction with their memorandum of law in support of the motion to exclude Dr. Peterson's expert opinions and to preclude Dr. Hair's supplemental declaration and supporting exhibits.  Dkt. No. 577.  Plaintiffs stated that the materials were designated as confidential by Defendants or by ACN and took no position concerning confidentiality designations by those parties.  *Id*.

WHEREAS, on May 9, 2023, ACN filed a letter in response stating that some of the material identified in Plaintiffs' May 5, 2023, letter "are or contain non-public, sensitive business information of ACN" and requesting that the relevant materials remain under seal for the same reasons provided in ACN's prior letters.  Dkt. No. 583 at 1.

WHEREAS, an October 17, 2023, Order denied Plaintiffs' motion to certify a class and denied as moot Plaintiffs' motion to bar the testimony of Dr. Peterson and Dr. Hair because their testimony was unnecessary to adjudicate Plaintiffs' motion.  Dkt. No. 640.

WHEREAS, on November 2, 2023, Plaintiffs filed a letter stating that the parties agreed

to unseal or revise the redactions to certain materials that had been provisionally filed under seal. Dkt. No. 648. A November 3, 2023, Order directed revisions and unsealing in accordance with Plaintiffs' letter by November 10, 2023. Dkt. No. 649.

**Applicable Law**

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).[1] The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, motions for class certification and related exhibits are judicial documents. *See, e.g.*, *Tropical Sails Corp. v. Yext, Inc.*, 14 Civ. 7582, 2016 WL 1451548, at *3 (S.D.N.Y. Apr. 12, 2016) ("[E]xhibits supporting a motion for, or opposition to, class certification would

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

certainly be relevant to the judicial function and useful to the judicial process in probing behind the pleadings to determine whether the plaintiff's suit meets the special criteria set forth in Rule 23 for class certification."); *Mark v. Gawker Media LLC*, 13 Civ. 4347, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (deeming "documents submitted in connection with Plaintiffs' Motion for Class Certification" to be judicial documents). Motions to exclude expert testimony and related exhibits are judicial documents. *See, e.g.*, *SET Cap. LLC v. Credit Suisse Grp. AG*, No. 18 Civ. 2268, 2023 WL 1961280, at *2 (S.D.N.Y. Feb. 13, 2023) ("[T]he documents that Defendants seek to seal and redact are judicial documents because they are relevant to the Court's decisions on the motions for class certification and to exclude expert testimony.").

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). However, "[v]ague and conclusory allegations of potential harm are insufficient to establish good cause." *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015). The fact that parties to a contract deem that contract confidential does not, in and of itself, rebut a presumption of public access. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases). It is hereby

**ORDERED** that the motions for sealing at Dkt. Nos. 565 and 577 -- which relate to Plaintiffs' motion to exclude Dr. Peterson's expert opinions and to preclude Dr. Hair's supplemental declaration -- are **GRANTED**. The presumption of public access is weaker and can be overcome here because the motion at issue was denied as moot. *See In re IBM Arb.*

*Agreement Litig.*, 76 F.4th 74, 85 (2d Cir. 2023) ("Even assuming the motion and attached materials in this case were judicial documents, the presumption of public access is weaker because the motion was denied as moot."). It is further

**ORDERED** that the motions for sealing at Dkt. Nos. 529, 550 and 560 -- which relate to Plaintiffs' motion for class certification -- are **DENIED** without prejudice to renewal. The letters filed in support of sealing provide only conclusory statements of potential harm, which is insufficient to rebut the strong presumption of public access that applies to the filings at issue. It is further

**ORDERED** that all documents currently filed under seal shall remain under seal at this time. By **November 28, 2023,** ACN and/or any party to this action may file requests to maintain under seal the documents identified in the motions for sealing at Dkt. Nos. 529, 550 and 560 -- to the extent such documents were not made public in their entirety by the November 3, 2023, Order -- with an explanation of the basis for the request that is sufficient under Second Circuit case law. If no letters are timely filed, the parties shall file the relevant previously submitted documents on the public docket.

For clarity, this Order does not apply to or concern the letter motions to seal filed in conjunction with Defendants' motion for summary judgment at Dkt. Nos. 572, 601 and 613, which remain pending.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 529, 550, 560, 565 and 577.

Dated: November 16, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE