

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

December 29, 2023

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, New York  10007

> Re:   *Catherine McKoy, et al. v. Trump Corp., et al.*
>        No. 18-cv-9936 (LGS) (SLC)

Dear Judge Schofield:

We write in accordance with the Court's November 9, 2023 Order (ECF 661) directing the parties to address "the issue of appeal upon transfer and its effect on the analysis of whether to keep, dismiss or transfer this action."  On October 17, 2023 the Court issued an Order denying Plaintiff's motion to certify a class. (ECF 640 (the "October 17 Order").)  Remaining to be adjudicated are only the individual Plaintiffs' respective state-law claims under the laws of California, Maryland and Pennsylvania.  Given the foregoing, the October 17 Order directed the parties to address the question of "why each Plaintiff's respective claims should or should not be severed from those of the other Plaintiffs under Rule 21, and then transferred to the appropriate district courts in California, Maryland and Pennsylvania pursuant to 28 U.S.C. § 1404(a)." *Id.* On October 24, 2023, the parties submitted letters addressing the Court's question. (ECF 641, 642-1.)  Based on the Second Circuit's "very strong position that state issues should be decided by state courts," *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017), Defendants submitted by letter and Notice of Motion that the Court should decline to exercise supplemental jurisdiction over the state-law claims and dismiss this action or, alternatively, sever the remaining state-law claims and transfer them to the appropriate district courts.  (ECF 642.)

On November 8, 2023, the Court held a conference to address Defendants' Motion. During the conference the Court indicated its desire to sever the remaining state-law claims and transfer them to the appropriate district courts.  In response Plaintiffs expressed concern *inter alia* that this outcome would complicate any appeal of the dismissal of Plaintiffs' RICO claims and the denial of Plaintiffs' class certification motion, potentially requiring Plaintiffs to seek review thereof in three different circuit courts.  The Court therefore directed the parties to research "the issue of appeal upon transfer[,]" including whether the parties could stipulate that any appeal of the dismissal of Plaintiffs' RICO claims and the denial of Plaintiffs' class certification motion would be heard by one particular circuit court.

Defendants have now had the opportunity to research the matter, and have been unable to find any authority addressing the "issue of appeal upon transfer" in this specific context. Defendants have also been unable to find any authority addressing whether the parties could

Hon. Lorna G. Schofield
December 29, 2023
Page 2

stipulate to have any appeal of the Court's prior rulings heard by one particular circuit court, although they remain willing to do so. Although Defendants firmly believe any "issue" is one of Plaintiffs' own making – inasmuch as they could have sought immediate review of the class-certification denial under Rule 23(f) and chose not to – Defendants respectfully submit that if the Court has any concern about the "issue of appeal on transfer" it could avoid that "issue" entirely by declining to exercise supplemental jurisdiction over the remaining state-law claims and dismissing the action. As the Second Circuit held in *Horton v. Dow Jones & Co., Inc.*, 804 F. App'x 81 (2d Cir. 2020), a district court properly exercises its discretion to dismiss individual state law claims without prejudice after determining that a case cannot proceed as a class action. That is also the appropriate course of action where all federal claims have been dismissed (as state issues should be left for resolution by state courts), and will provide Plaintiffs with an immediate right of appeal. *See Horton v. Dow Jones & Co., Inc.*, No. 18 Civ. 4027 (LGS), 2019 WL 952314, at *4 (S.D.N.Y. Feb. 27, 2019) (Schofield, J.), *aff'd*, 804 F. App'x 81 (2d Cir. 2020) (quoting *Kolari v. N.Y.-Presbyterian Hosp.,* 455 F.3d 118, 122 (2d Cir. 2006)) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (citations omitted).[1] Here, the Court previously dismissed the sole federal claim, under RICO, by order dated July 24, 2019 (ECF 97). In the circumstances present here, "the values of judicial economy, convenience, fairness, and comity" all militate in favor of this Court declining to exercise supplemental jurisdiction and dismissing this action. *Horton*, 2019 WL 952314, at *4 (quoting *Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006)).

*First*, judicial economy favors declining to exercise supplemental jurisdiction. The Court has a greater interest in litigating claims brought by persons who reside and/or allegedly sustained harm in this district, and claims in which significant sums are at stake, rather than claims brought by three non-resident plaintiffs under the laws of three foreign states in which Defendants estimate Plaintiffs' alleged total out-of-pocket losses to be roughly $7,000, a figure that Plaintiffs have not disputed.[2] In addition, the case is not as "trial ready" as Plaintiffs may claim. The Court has yet to consider or rule on Defendants' summary judgment motion, and the parties have not made any pre-trial submissions, which would require at least several months to complete.[3]

*Second*, convenience would be served by litigating each of the Plaintiffs' claims in their home states. Trial will certainly require calling different witnesses for each Plaintiff's claims,

---

[1] *See Carnegie-Mellon Univ.v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Accordingly, Plaintiffs' "claims may be vindicated, if at all, in state court under traditional state law principles." *Gianmatteo v. Newton,* 452 F. Appx. 24, 30 (2d Cir. 2011) (citing *Baker v. McCollan,* 443 U.S. 137, 146 (1979)).

[2] Plaintiffs estimated during the November 8 conference that they could present their entire case in two weeks. Although that estimate seems optimistic given the amount of fact and expert testimony to be adduced, it does not include the time required for Defendants to present their defense, which would certainly span more than one week.

[3] In *Kroshnyi v. U.S. Pack Couriers Servs.,* 771 F.3d 93 (2d Cir. 2014) the Second Circuit held that declining to dismiss after dismissal of federal claims was a proper exercise of discretion in a trial-ready case. That case did not involve a failed class action and claims under three different state laws, as does the case at bar. Dismissal would be a proper exercise of discretion here.

Hon. Lorna G. Schofield
December 29, 2023
Page 3

including each Plaintiff's friends, relatives, and ACN contacts in their home states who might be called to address the critical issue of why each Plaintiff enrolled in ACN. Litigating all of the Plaintiffs' claims together and in one forum is simply not practicable where these witnesses are located in three different states.

*Third*, fairness dictates that Plaintiffs' claims be litigated in their home states. If and when Plaintiffs re-file their claims in their respective home-state courts, those claims would for all practical purposes be ready to be placed on the trial calendars, as all discovery has been completed. The impact of any delay is outweighed by the burden of having this Court devote substantial time and resources to trying a *de minimis* damages claim. In addition, the Court denied class certification in part because the proofs of each Plaintiff concerning their involvement with ACN and their exposure to alleged misrepresentations by President Trump were so different. (*See* October 17 Order at 6, 8.)[4] Defendants would suffer immeasurable prejudice if one jury were to decide the claims of three unconnected Plaintiffs based on the substantial risk that Defendants could be held liable to one Plaintiff based on evidence of representations made to, and testified to by, a different Plaintiff.

*Fourth*, comity favors dismissal. The merits of Plaintiffs' claims, which arise exclusively under each respective state's statutory and common law, should be judged by a jury of their peers in their home states. That is particularly the case insofar as the claims are asserted under consumer-protection statutes. State courts are the proper forum for adjudicating the contours of such statutes, which are adopted by those states' legislatures for the benefit of their citizens. *See generally Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 565 (2d Cir. 1978) (reversing decision to maintain jurisdiction of Connecticut Unfair Trade Practices Act claims, stating: "It is well for federal courts to remember that in such a case as the present one a federal court can only try to ascertain state law, whereas the state has provided a unified method for the formation of policy and the determination of issues by the Commissioner of Consumer Protection and in the state courts.") *Accord Ramsay v. Sawyer Prop. Mgmt. of Md.,* 948 F. Supp. 2d 525, 537 (D. Md. 2013) (declining supplemental jurisdiction after dismissal of federal claims because claims under the Maryland Consumer Protection Act "are better resolved by a Maryland court"); *Mack v. Avertest, LLC,* 2020 WL 2039714 (E.D. Pa. Apr. 28, 2020) (declining to exercise supplemental jurisdiction over claims under the Pennsylvania Unfair Trade Practices & Consumer Protection Law which were best addressed in Pennsylvania state court); *Gonzalez v. AFSCME, AFL-CIO,* 2020 WL 6263549, at *14 (D. Ct. Oct. 23, 2020) (comity supports having claim of infliction of emotional distress under Connecticut law tried in Connecticut state court which is more suited to determine the validity of the claims).

Plaintiffs' rank speculation that justice will be delayed if this action is not brought to trial in 2024 is undeserving of a response. Upon dismissal of this action Plaintiffs can immediately re-file their claims in state court.

---

[4] As the class-certification records shows, what each Plaintiff heard and read about ACN differed (ECF 331 at 181-219, 235-257, 258-280), as did each Plaintiff's interactions with ACN representatives and other individuals who might have influenced their decision to join (and stay involved with) ACN. (*Id.* at 181-219, 235-257, 258-280).

133624009.1

Hon. Lorna G. Schofield
December 29, 2023
Page 4

      Accordingly, any concern the Court may have about the "issue of appeal on transfer" should be resolved by issuance of an order declining to exercise supplemental jurisdiction over the state-law claims and dismissing this action. Continuing to litigate the remaining state-law claims in this Court is not an appropriate course of action under these circumstances.

      We thank the Court for its attention to this matter.

Respectfully,

/s/ Peter T. Shapiro

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:     All Counsel of Record (via ECF)

133624009.1