**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

December 29, 2023

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Catherine McKoy, et al. v. The Trump Corporation, et al.*, 18-cv-9936 (LGS) (SLC)

Dear Judge Schofield,

We write on behalf of Plaintiffs in response to Your Honor's order dated November 9, 2023, directing the parties to address "the issue of appeal upon transfer and its effect on the analysis of whether to keep, dismiss or transfer this action." ECF 661.

As explained more fully below, the first two options previously proposed by the parties and the Court—keeping the case and proceeding to trial, or dismissing for lack of subject matter jurisdiction—would enable a single, orderly appeal, in the U.S. Court of Appeals for the Second Circuit, which has already heard a prior appeal in this action. Only the third option—severing the three named Plaintiffs from one another, after five years of joint litigation, on the eve of trial—would disrupt an orderly path to appeal, and indeed create an unprecedented legal quagmire. Not only would severance and transfer present three different district court judges with the same pending summary judgment motion, and with difficult new questions around personal jurisdiction and the discretionary exercise of subject matter jurisdiction, but those actions would also ultimately proceed to appeal before three different appellate courts, each of which would independently review, in a parallel, uncoordinated manner, this Court's prior rulings on the motions to dismiss and for class certification, among others. All of this would create tremendous inefficiency, likely inconsistency, and for no apparent reason.

For these reasons, and those set forth in our prior submission dated October 24, 2023, ECF 641, Plaintiffs maintain that severance and transfer is unwarranted and indeed impermissible. Plaintiffs thus respectfully reiterate their request that this Court, which is located in the District where Defendants are at home, and where the witnesses, evidence, and counsel are principally located, and which has presided over this case for five years and decided more than 100 motions

and associated requests for relief, resolve the pending summary judgment motion and proceed to trial.

\*     \*     \*

As the Court is aware, following the Court's denial of Plaintiffs' motion for class certification, the Court posed the question of whether it should sever and transfer Plaintiffs' claims to three different federal district courts, ECF 640 at 15, and Defendants then filed a motion asking the Court to do just that. ECF 642. But, as explained in our October 24 submission, severance and transfer would be impermissible under 28 U.S.C. § 1404(a), for a number of reasons, including that the case could not have been brought in the proposed transferee districts in the first place. ECF 641 at 2. Indeed, Mr. Trump has moved to dismiss at least nine prior lawsuits for lack of personal jurisdiction, including in two of the proposed transferee districts, and Defendants cannot now make an impermissible transfer permissible by consenting to it. *Id.* (citing *Bayer Schera Pharma AG v. Sandoz*, 2009 WL 440381, at \*4 (S.D.N.Y. Feb. 18, 2009 (Gardephe, J.)). In addition, the continued exercise of subject matter would be entirely discretionary, and the transferee courts would likely ask why they should exercise discretionary jurisdiction over a case they have no familiarity with, particularly when this Court declined to do so despite its deep familiarity with the case. *See id.* Further, all of the traditional factors relating to the convenience of the parties and witnesses, the locus of operative facts, and the interest in trial efficiency, weigh heavily against severance and transfer as well. *See id.* at 2-3.

At the November 8 hearing, the Court noted Plaintiffs' concern that severance and transfer would lead to "three different appellate courts" reviewing this Court's prior interlocutory orders, and questioned whether such an outcome would be "appropriate or fair," Nov. 8, 2023 Conf. Tr. at 17:14-18. Respectfully, it would not be. Severance and transfer would create three separate cases in three separate Circuits, each of which would ultimately review this Court's prior orders, while applying its own body of precedent, and with no obligation to defer to one another. Given that this Court made a single set of prior rulings, applying Second Circuit precedent, a single appellate review in this Circuit is obviously preferable to three disjointed reviews elsewhere.

The applicable principles are well-established. Once a claim has been severed under Rule 21, "it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken." 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1689 (3d ed. 2023). Such an appeal encompasses not only the final judgment itself, but also any prior interlocutory orders, including those that pre-date severance. *See Taylor v. Brown*, 787 F.3d 851, 856 (7th Cir. 2015); *Kitchen v. Heyns*, 802 F.3d 873, 875 (6th Cir. 2015).[1] And each such appeal, as a jurisdictional matter, proceeds to the appeals court with territorial jurisdiction over the transferee district. *Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co.*, 178 F.2d 866, 870 (2d Cir. 1950) (Hand, C.J.) ("[R]eview of any order of the district court in a transferred cause, made before transfer, is within the jurisdiction

---

[1] At the November 8 hearing, the Court asked whether the deadline to appeal its class certification ruling may have passed. For the avoidance of doubt, although the deadline to seek interlocutory review of the class certification order has passed, the issue is nonetheless preserved for review following final judgment. *See, e.g., Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 116, 119-21 (2d Cir.), *as amended* (Nov. 12, 2014) (reviewing denial of interlocutory class certification decision on appeal from final judgment); *see also* 2 McLaughlin on Class Actions § 7:1 (20th ed.) ("The failure to pursue interlocutory review under [Rule 23(f)] does not waive the right to review after final judgment is entered.").

of the court of appeals of the circuit to which the cause has been transferred."); *accord Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1231 (11th Cir. 2020) (collecting cases). Indeed, while Defendants have suggested that the parties might be able to avoid this outcome by stipulating to the Second Circuit's appellate jurisdiction, *see* Nov. 8, 2023 Conf. Tr. at 17:19-24, the Second Circuit's territorial jurisdiction is limited by statute, 28 U.S.C. § 1294, *see also Magnetic Eng'g*, 178 F.2d at 870, and the parties are powerless to change that by consent, *see Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

As a result, severance and transfer would place this case on a road toward three, uncoordinated appeals, each of which would consider a single set of orders from a foreign district court. As the Tenth Circuit once recognized, even "[p]ermitting two parallel courts to exercise appellate jurisdiction would create inconsistency and chaos in the federal judiciary." *See Mobil Oil Corp. v. U.S. Dep't of Energy*, 983 F.2d 172, 177 (10th Cir. 1992). Here, the Court would be creating three parallel appeals. And those appellate courts not only would be free to reach different conclusions, they would likely apply their own respective bodies of precedent in getting there. *See* 15 Charles Alan Wright et al., *Federal Practice and Procedure* § 3846 n.39 (4th ed. 2023) ("When a federal question case is transferred under 28 U.S.C.A. § 1404(a), the transferee court generally applies its own circuit's interpretation of federal law.").

There is simply no reason under the circumstances to create such a procedural appellate morass here. Indeed, as noted in our October 24, 2023 submission, we have been unable to locate a single prior example of a district court severing and transferring in these circumstances. *See* ECF 641 at 3. To the contrary, courts routinely hold that transfer is appropriate where transfer would "*prevent*[] duplicative proceedings," *Est. of Stanley Kauffmann v. Rochester Inst. of Tech.*, No. 16 Civ. 2509, 2017 WL 449911, at *2 (S.D.N.Y. Jan. 19, 2017) (emphasis added), or minimize the risk of inconsistent outcomes, *e.g.*, *F.T.C. v. Cephalon, Inc.*, 551 F. Supp. 2d 21, 29 (D.D.C. 2008). Where, as here, "[s]everance and transfer creates an even greater risk to judicial economy and the possibility of inconsistent adjudication by the two courts," it should be rejected. *Romero v. Allstate Ins. Co.*, No. 01 Civ. 3894, 2018 WL 11416666, at *2 (E.D. Pa. Sept. 24, 2018).

For all of these reasons, the "issue of appeal," ECF 661—like the jurisdictional analysis and traditional convenience and efficiency factors addressed in our October 23 submission, ECF 641—weighs heavily against a tripartite severance and transfer. A single, orderly appeal in the Second Circuit would be far more convenient, efficient, and consistent with the interests of justice. Indeed, should the Court order severance and transfer, Plaintiffs respectfully reserve the right to seek mandamus relief, lest the Second Circuit lose its appellate jurisdiction over this case for good. In the meantime, Plaintiffs maintain that resolution of the pending summary judgment followed by a trial in this Court is the appropriate path forward.[2]

---

[2] For the avoidance of doubt, in noting the enhanced efficiency inherent in a single appeal, Plaintiffs are neither stipulating to nor requesting dismissal without prejudice for lack of jurisdiction. *Cf. Microsoft Corp. v. Baker*, 582 U.S. 23, 27 (2017) (outlining jurisdictional consequences of voluntary dismissal with prejudice following class certification denial). To the contrary, of the three options identified by the Court and the parties, Plaintiffs' strong preference is a prompt jury trial on the merits in this Court.

KAPLAN HECKER & FINK LLP

4

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record (via ECF)