UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CATHERINE MCKOY, et al.,

                                Plaintiffs,

            -against-

THE TRUMP CORPORATION, et al.,

                               Defendants.
------------------------------------------------------------X

18 Civ. 9936 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Plaintiffs brought this putative class action asserting subject matter jurisdiction based on the Class Action Fairness Act, 28 U.S.C. § 1332(d); federal question jurisdiction, 28 U.S.C. § 1331; diversity jurisdiction, 28 U.S.C. § 1332; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c); and supplemental jurisdiction, 28 U.S.C. § 1367(a).

    WHEREAS, on July 24, 2019, Defendants' motion to dismiss was granted in part, dismissing the RICO causes of action, the only claims arising under federal law. On October 17, 2023, Plaintiffs' motion for class certification was denied. The only remaining claims are the common law and statutory claims of three Plaintiffs arising respectively under the laws of California, Maryland and Pennsylvania where they respectively reside, with total out-of-pocket losses said to be roughly $7,000.

    WHEREAS, at the Court's invitation, Defendants moved in substance to have this case litigated in another forum -- either in state court by means of the Court's dismissing and declining to exercise supplemental jurisdiction over the state law claims, or by severing the case into three cases and transferring each case to federal court in each Plaintiff's home state.

WHEREAS, a hearing was held on Defendants' motion on November 8, 2023.  At the hearing, Plaintiffs argued against severance and transfer, in part claiming that three separate appellate courts would then have to review the two decisions issued before transfer -- the dismissal of the RICO claims and the denial of class certification.  An Order dated November 9, 2023, directed the parties to file further briefing on the issue of appeal after transfer and the impact of that issue on whether to keep, dismiss or transfer the action.

WHEREAS, on December 29, 2023, Plaintiffs and Defendants both filed letter briefs as directed by the November 9, 2023, Order.  In their letter, Defendants stated that they were unable to find any authority resolving the issue of appeal after transfer.  Plaintiffs again argued that transfer would create complications and inconsistencies on appeal.

WHEREAS, under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may . . . sever any claim against a party."  Fed. R. Civ. P. 21.  The Second Circuit specifically has approved severance followed by transfer.  *See Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (approving severance for the purpose of transfer); *accord Mitchell v. Annucci*, No. 21 Civ. 2978, 2023 WL 8073106, at *2 (2d Cir. Nov. 21, 2023) (summary order) ("[T]he District Court did not abuse its discretion by severing and transferring the claims against defendants").  Under 28 U.S.C. § 1404(a), a district court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  Severing and transferring Plaintiffs' claims to three district courts raises concerns due to the lack of clarity over appellate review.

WHEREAS, both parties have indicated a preference for the Court's declining to exercise supplemental jurisdiction as compared with severance and transfer.  Plaintiffs also have

"recognize[d] that this Court has discretion whether to exercise supplemental jurisdiction over the remaining state-law claims."

WHEREAS, "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values [of] economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018).[1] Although a district court "must still meaningfully balance the supplemental jurisdiction factors," *id.* at 86, in "the usual case in which all federal-law claims are eliminated before trial, . . . the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006); *accord Annam v. City of New York*, No. 22 Civ. 2945, 2023 WL 35053, at *2 (S.D.N.Y. Jan. 4, 2023). This circuit "takes a very strong position that state issues should be decided by state courts." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) (Calabresi, J., concurring).

WHEREAS, declining to exercise supplemental jurisdiction here promotes the values of economy, convenience, fairness and comity. Even though discovery has been completed and certain motions decided, retaining jurisdiction would not serve economy or convenience. *See FIH, LLC v. Barr*, No. 20 Civ. 489, 2021 WL 5286659, at *2 (2d Cir. Nov. 15, 2021) (summary order) (upholding district court's decision to decline to exercise supplemental jurisdiction even after discovery had been completed and summary judgment motion decided, appealed and remanded). The parties and Court are not yet ready for trial; Defendants' summary judgment motion on the three states' statutory and common law claims still must be adjudicated, the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

3

parties' pre-trial submissions must be filed and decided, a final pre-trial conference must be held and a trial date rescheduled. This case thus differs from *Catzin*, where the court declined to exercise supplemental jurisdiction one day before the final pre-trial conference and a week before the scheduled start date of a three-day trial. *See* 899 F.3d at 86. Because this case now involves only three individual plaintiffs asserting claims under their respective states' laws, it is not better suited for adjudication in this court than in state court, particularly those of California, Maryland and Pennsylvania. *See, e.g.*, *Lyons v. New York Life Ins. Co.*, No. 20 Civ. 3120, 2022 WL 837202, at *25 (S.D.N.Y. Mar. 21, 2022) (declining to exercise supplemental jurisdiction over plaintiff's claims under Washington state anti-discrimination statute after granting summary judgment on federal ADEA claim because "considerations of judicial economy and convenience favor letting Washington state courts" address state claims). For the above reasons, and in light of the parties' stated preferences and the ambiguities concerning appeal after severance and transfer, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. It is hereby

**ORDERED** that Plaintiffs' claims are **DISMISSED** without prejudice to refiling in state court. All pending motions, except the motions to seal at Dkt. Nos. 572, 601, 613, 660 and 676, are denied without prejudice. The motions to seal will be addressed by separate order. All court appearances, including trial, are cancelled. The Clerk of Court is respectfully directed to close the case and to close the motions at Dkt. Nos. 590, 642 and 659.

Dated: January 11, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE