**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MCKOY et al.,<br><br>*Plaintiff*<br><br>v.<br><br>THE TRUMP CORP. et al.,<br><br>*Defendants* | No. 1:18-cv-09936-LGS<br><br>Dated: January 15, 2024 |

**MOVANT-INTERVENOR MOTION FOR PATEL'S RECONSIDERATION OF DOCKET 682**

T.E.,E. Mr. Patel moves this court to allow his intervention at Dkt. 659 to become the main action of this case. Citizens for an Orderly Energy Policy, Inc. v. Suffolk Cnty., 101 F.R.D. 497, 502 n. 1 (D.C.N.Y. 1984).

Here, Patel has met the jurisdictional requirements of complaint pleading standard by the document of Dkt. 659.

Here, Patel's motion was timely.

Here, Patel will be prejudiced by severing and transferring the case because Patel is not aware of the laws in state court and because the current plaintiffs cannot adequately represent Patel's interests. Citizens for an Orderly Energy Policy, Inc., 101 F.R.D. at 502. Cf. Sledge v. Kooi, 564 F.3d 105, 109-110 (2d Cir. 2009).

Here, the policy purpose of the intervention, and it would be an abuse of discretion to not allow Patel to have his day in court. United States v. New York City Housing Authority, 326 F.R.D. 411, 415 (S.D.N.Y. 2018).

Therefore, this court should allow the intervention as the main civil action now.

Respectfully submitted, from the Basis of the United States,

/s/ Raj K. Patel
Rama CCCX
T.E., T.E. Raj K. Patel, AA, BA*, JD Candidate** (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

T.E. Mr. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
T.E. Mr. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010
Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. 2014

**J.D. Candidate, Notre Dame L. Sch. (2015-17)

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)

*Political Science and Religion (cum laude), Emory University Class of 2014

Application **DENIED**. Mr. Patel has not satisfied the standard for reconsideration. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). Mr. Patel was apprised at Dkt. No. 376 that he shall file no further substantive filings in this action. He then filed a second motion to intervene, which was denied. Mr. Patel once again is apprised that he shall file no further substantive filings in this action. Continued filings in violation of this Order may result in sanctions. The Court hereby **STRIKES** Dkt. Nos. 669, 675, 677 and 680, which were filed subsequent to Mr. Patel's second motion to intervene, because they are not properly before this Court. The Clerk of Court is respectfully requested to close the motion at Dkt. No. 684, to strike Dkt. Nos. 669, 675, 677 and 680, and to mail Mr. Patel a copy of this order.

Dated: January 17, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing *Pro Se* Response on 1/13/2024 to below individuals via e-mail and the Clerk of Court:

Peter T. Shapiro Peter.Shapiro@lewisbrisbois.com, Michelle.Falconer@lewisbrisbois.com

Roberta Ann Kaplan rkaplan@kaplanhecker.com, docketing@kaplanhecker.com

Clifford S. Robert crobert@robertlaw.com

Ogilvie Andrew Fraser Wilson awilson@ecbawm.com, aberdon@ecbawm.com, docketing@ecbawm.com, dwells@ecbawm.com, kmcdevitt@ecbawm.com

Katherine R. Rosenfeld krosenfeld@ecbawm.com, aberdon@ecbawm.com, docketing@ecbawm.com, gmejia@ecbawm.com

Jonathan S. Abady jabady@ecbawm.com, docketing@ecbawm.com, echicas@ecbawm.com, gmejia@ecbawm.com

Matthew D. Brinckerhoff mbrinckerhoff@ecbawm.com, docketing@ecbawm.com, ijohnson@ecbawm.com

Andrew G. Celli acelli@ecbawm.com, docketing@ecbawm.com, eamare@ecbawm.com

Deana Davidian ddavidian@arkin-law.com

Samuel Shapiro sshapiro@ecbawm.com, asharda@ecbawm.com, docketing@ecbawm.com, mvelez@ecbawm.com

Michael Farina mfarina@robertlaw.com

Vasudha Talla vtalla@ecbawm.com, docketing@ecbawm.com, jxu@ecbawm.com

Alina Habba ahabba@habbalaw.com, mmadaio@habbalaw.com, ringram@habbalaw.com

Carrie Cheryl Turner carrie.turner@lewisbrisbois.com

John Charles Quinn jquinn@kaplanhecker.com, docketing@kaplanhecker.com

Matthew J. Craig mcraig@kaplanhecker.com

Jessica Stebbins Bina jessica.stebbinsbina@lw.com, NY-CourtMail@lw.com, jessica-stebbins-bina-9091@ecf.pacerpro.com, robert-ellison-6864@ecf.pacerpro.com

Nicholas Bourland nbourland@ecbawm.com, aberdon@ECBAWM.com, docketing@ec-bawm.com

David G. Redding everes@tlg-law.com

Maximillian Feldman mfeldman@kaplanhecker.com

Christopher Ratcliffe Le Coney cleconey@kaplanhecker.com

Maximilian Crema mcrema@kaplanhecker.com

Katherine Epstein kepstein@kaplanhecker.com

Raj K. Patel rajp2010@gmail.com

Respectfully submitted,

/s/ Raj Patel

T.E., T.E. Mr. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

Dated: January 13, 2024

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE EXCELLENT RAJ K. PATEL,

Plaintiff,

-against-

NEAL K. PATEL; SANJANA KUMAR,

Defendants.

23-CV-8765 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*, asserting state law claims under the Court's diversity of citizenship jurisdiction, against his brother and sister-in-law. Plaintiff alleged that his brother used a sexually charged slur against him in text messages and during a conversation that they had a restaurant. (ECF 1.) On January 3, 2024, the Court dismissed the action, holding that even if diversity of citizenship jurisdiction existed, the facts alleged did not give rise to a defamation claim, or any other state law claims. (ECF 15.) In that order, the Court further noted that Plaintiff: (1) has had some legal training;[1] (2) had filed numerous other cases in federal courts that were dismissed as frivolous or for failure to state a claim; and (3) had previously been warned that if he persisted in pursuing litigation in this court that lacked merit, he could be ordered to show cause why a filing injunction should not be imposed. (*Id.*) For these reasons, the Court ordered Plaintiff, within thirty days, to show cause by declaration why he should not be barred from filing further actions *in forma pauperis* ("IFP") in this Court without prior permission.

---

[1] Plaintiff alleged that for an unspecified period of time, he attended law school at the University of Notre Dame. (ECF 1 ¶ 1.)

Plaintiff filed a declaration on January 8, 2024, claiming that a bar order should not issue because he "complied with all orders and rules as a faithful pro se litigant would," and because "a filing bar could have unintended prejudicial consequences towards all parties" in connection with a matter he has pending in this Court. (ECF 16 ¶¶ III, IV.) In light of Plaintiff's legal training, and the prior warnings issued by this and other courts, his arguments against imposing the bar order are insufficient. Even if Plaintiff complied with court orders in this case, he should have known, based on his background and litigation history, that this complaint lacked merit when he filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigants may be charged with knowledge of particular legal requirements).

## CONCLUSION

The Court bars Plaintiff from filing future civil actions IFP in this court without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: January 9, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge