UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CATHERINE MCKOY, et al., :
                               Plaintiffs, :      18 Civ. 9936 (LGS)
                                         :
           -against- :      <u>ORDER</u>
                                         :
THE TRUMP CORPORATION, et al., :
                               Defendants. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

This Order addresses various sealing motions filed in connection with Plaintiffs' motion for class certification, Defendants' motion for summary judgment and a non-party's motion to intervene.

**Applicable Law**

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access." *Lugosch*, 435 F.3d at 119.[1] "[T]he proper inquiry" to assess whether documents qualify as judicial documents "is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon" by the district court in issuing its decision. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement," "judicial efficiency" and "the privacy

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

**Class Certification**

WHEREAS, on November 2, 2023, Plaintiffs filed a letter stating that the parties and non-parties had agreed to remove some confidentiality designations on filings related to class certification.  Accordingly, certain materials were unsealed or refiled with updated redactions.

WHEREAS, an Order dated November 16, 2023, denied without prejudice motions for sealing at Dkt. Nos. 529, 550 and 560 related to Plaintiffs' motion for class certification.  The November 16, 2023, Order permitted non-party ACN Opportunity, LLC ("ACN") and/or any party to this action to renew the requests to seal by November 28, 2023, with an explanation of the basis for the request that is sufficient under Second Circuit case law.

WHEREAS, on November 29, 2023, ACN filed a letter seeking to maintain under seal certain exhibits to the declaration of Matthew Brinckerhoff and to the deposition of David Merriman.  ACN requests that its letter be considered timely filed.

WHEREAS, neither Plaintiffs nor Defendants filed letters in response to the November 16, 2023, Order.

WHEREAS, exhibits related to motions for class certification are judicial documents because they are relevant to the judicial function. *See, e.g., Tropical Sails Corp. v. Yext, Inc.*, 14 Civ. 7582, 2016 WL 1451548 , at *3 (S.D.N.Y. Apr. 12, 2016) ("[E]xhibits supporting a motion for, or opposition to, class certification would certainly be relevant to the judicial function and useful to the judicial process in probing behind the pleadings to determine whether the plaintiff's

suit meets the special criteria set forth in Rule 23 for class certification.").

WHEREAS, "a strong presumption of access attaches" because these are documents "used to determine litigants' substantive legal rights." *Lugosch*, 435 F.3d at 121.

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). ACN seeks the redaction of internal financial data, marketing strategies and information regarding market insight, quarterly and annual financial reporting data, and sensitive financial data and marketing strategies contained in internal meeting minutes.

WHEREAS, another consideration that may override the presumption of public access is preserving the privacy of sensitive personal information, including compensation information. *See, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing the redaction of compensation as "sensitive personal information"); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 Civ. 2392, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (approving request to redact employee salary information); *cf. United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation."). ACN seeks the redaction of personal and compensation information for Independent Business Owners ("IBOs") and internal employment information and compensation for employees and IBOs.

WHEREAS, in its November 29, 2023, letter, ACN asks for the entirety of seventeen documents to be maintained under seal. ACN has not satisfied the requirement that sealing be "narrowly tailored" under *Lugosch*, 435 F.3d at 124. It is hereby

3

**ORDERED** that the sealing requests in ACN's November 29, 2023, letter are considered timely filed.  It is further

**ORDERED** that the sealing requests in ACN's November 29, 2023, letter are **DENIED** without prejudice to renewal.  The documents currently filed under seal shall remain under seal at this time.  By **February 20, 2024**, ACN and/or any party to this action may file a renewed sealing motion proposing specific, narrow redactions.  In its renewed motion, ACN shall group the information sought to be redacted into categories based on the justification for the redaction.  Each category shall also be assigned a color and number.  As exhibits to its renewed motion, ACN shall file under seal copies of the unredacted documents at issue, identified by their original docket number, with the proposed redactions highlighted.  *See* Individual Rule I.D.3.  ACN shall highlight the proposed redactions in the applicable category's color and annotate each highlight with the applicable category's number.  If no motion is timely filed, the parties shall file the relevant previously submitted documents on the public docket by **February 21, 2024.**

**Motion for Summary Judgment**

WHEREAS, motions to seal were filed at Dkt. Nos. 572, 601 and 613 in conjunction with Defendants' motion for summary judgment.

WHEREAS, Plaintiffs' letters dated April 28, 2023, and June 16, 2023, take no position on sealing but state that the redacted information was designated as confidential under the protective order.  Defendants filed several letters, dated May 26, 2023, June 21, 2023, and June 27, 2023, stating that Defendants are not in a position to relinquish protection on behalf of ACN of information designated as confidential under the protective order.  In their June 21, 2023, letter, Defendants state that certain information was marked or treated as confidential by ACN and/or Defendants or contained confidential and/or proprietary information of Defendants or

4

ACN.

WHEREAS, ACN filed several letters, dated May 2, 2023, May 31, 2023, and June 21, 2023, relying on the reasoning of their prior letters to maintain the materials under seal. Those prior letters previously were determined to be insufficient to justify sealing. *See McKoy v. Trump Corp.*, No. 18 Civ. 9936, 2023 WL 7924685 (S.D.N.Y. Nov. 16, 2023).

WHEREAS, on November 2, 2023, Plaintiffs filed a letter stating that the parties and non-parties had agreed to remove some confidentiality designations on Plaintiffs' summary judgment memoranda of law and related exhibits. Accordingly, certain materials were unsealed or refiled with updated redactions.

WHEREAS, to the extent a party and/or ACN still seeks to redact or seal filings related to Defendants' motion for summary judgment, those filings are judicial documents for purposes of sealing because "documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents." *Lugosch*, 435 F.3d at 121.

WHEREAS, typically, the weight of the presumption of access for filings related to summary judgment "is of the highest" and "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 123. Defendants' motion for summary judgment was denied without prejudice as part of an order dismissing the case. The presumption of public access therefore is weaker because the motion was not decided on the merits. *See, e.g.*, *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 85 (2d Cir. 2023) ("Even assuming the motion and attached materials in this case were judicial documents, the presumption of public access is weaker because the motion was denied as moot.").

WHEREAS, "[v]ague and conclusory allegations of potential harm are insufficient to

5

establish good cause." *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015). In addition, the parties' and ACN's reliance on the protective order is unavailing. "Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) (collecting cases). It is hereby

**ORDERED** that the motions to seal at Dkt. Nos. 572, 601 and 613 are **DENIED** without prejudice to renewal. The documents currently filed under seal shall remain under seal at this time. As part of the renewed motion described above, ACN and/or any party to this action may renew its request to seal documents related to the motion for summary judgment by **February 20, 2024**. If no motion is timely filed, the parties shall file the relevant previously submitted documents on the public docket by **February 21, 2024.** For clarity, any renewed sealing motion shall address both the documents under seal related to class certification and the documents under seal related to the motion for summary judgment together to the extent relevant to the moving party, as part of one motion that complies with the directions set out above.

**Motion to Intervene**

WHEREAS, non-party Raj K. Patel (the "Non-Party") filed a motion to redact at Dkt. No. 660 in conjunction with his renewed motion to intervene. The Non-Party's original intervention motion was denied on May 26, 2020. After several further filings that were improperly before the Court, an Order dated March 28, 2022, directed the Non-Party not to make any further substantive filings in this action. The Non-Party renewed his intervention motion on November 8, 2023, without leave to do so. An Order dated January 11, 2024, dismissed Plaintiffs' claims without prejudice to refiling in state court and denied pending motions, including the Non-Party's renewed intervention motion.

WHEREAS, a motion to intervene is a judicial document, even if it is denied. *See United States v. Maxwell*, No. 20 Crim. 330, 2022 WL 421123, at *1 (S.D.N.Y. Feb. 11, 2022). The presumption of public access "exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights and is weaker where the documents play only a negligible role in the performance of Article III duties." *Olson*, 29 F.4th at 89. The Non-Party's untimely renewed motion to intervene played only a negligible role in the performance of Article III duties because it was not properly before the Court and was denied as part of the dismissal of the action.

WHEREAS, despite the relatively weak presumption of public access, the Non-Party has provided insufficient competing considerations to weigh against disclosure. The Non-Party sets out seven bases for redaction and identifies corresponding paragraphs for redaction, ultimately requesting that his entire motion to intervene be maintained under seal. However, the purported bases are vague and conclusory and do not apply to the identified paragraphs, nor do they justify sealing the entire motion to intervene. As explained above, "[v]ague and conclusory allegations of potential harm are insufficient to establish good cause." *Attachmate Corp.*, 2015 WL 1841136, at *17. It is hereby

**ORDERED** that the Non-Party's motion to file a redacted version of his renewed motion to intervene is **DENIED.**

The Clerk of Court is respectfully directed to record on the docket the following disposition, which summarizes the foregoing:

It is hereby **ORDERED** that:

- regarding Plaintiff's motion for class certification, the sealing requests in ACN's November 29, 2023, letter are considered timely filed. The sealing requests in that letter

- are **DENIED** without prejudice to renewal. The documents currently filed under seal shall remain under seal at this time.

- regarding Defendants' motion for summary judgment, the motions to seal at Dkt. Nos. 572, 601 and 613 are **DENIED** without prejudice to renewal. The documents currently filed under seal shall remain under seal at this time.

- by **February 20, 2024**, ACN and/or any party to this action may file a renewed sealing motion as set for above related to submissions for the motion for class certification and the motion for summary judgment. If no such sealing motion is timely filed, the parties shall file the relevant previously submitted documents on the public docket by **February 21, 2024.**

The Clerk of Court is respectfully directed to (i) close the motions at Dkt. Nos. 572, 601, 613 and 660, (ii) make public the filings at Dkt. Nos. 659 and 660 and (iii) mail a copy of this order to Raj K. Patel.

Dated: February 6, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE