

David Redding
T: (704) 900-2215
E: dredding@tlg-law.com

March 1, 2024

**By ECF**
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

**Re:  McKoy, et al. v. The Trump Corp., et al., No. 18 Civ. 9936–ACN's Renewed Request to Seal**

Dear Judge Schofield:

    For the reasons set forth below, ACN respectfully submits this renewed request to maintain under seal the documents referenced in the ACN Letter Designations, the accompanying appendix and as enumerated below. As discussed *infra.*, ACN seeks to maintain the following documents and redacted portions of the respective motions, memorandums, and declarations under seal:

1. Exhibit 1 to Declaration of Matthew D. Brinckerhoff in Support of Motion to Certify Class, dated March 10, 2023 (the "Brinckerhoff Declaration") [ECF No. 533];
2. Exhibit 2 to the Brinckerhoff Declaration;
3. Exhibit 13 to the Brinckerhoff Declaration;
4. Exhibit 33 to the Brinckerhoff Declaration;
5. Exhibit 34 to the Brinckerhoff Declaration;

6. Exhibit 2 to David Merriman Deposition (the "Merriman Deposition")[1];
7. Exhibit 13 to the Merriman Deposition;
8. Exhibit 15 to the Merriman Deposition;
9. Exhibit 15A to the Merriman Deposition;
10. Exhibit 16 to the Merriman Deposition;
11. Exhibit 17 to the Merriman Deposition[2];
12. Exhibit 19 to the Merriman Deposition;

---

[1] ACN reserves its rights to full redaction of any documents previously produced in Native Format.
[2] This Exhibit 17 is an email attachment to Exhibit 60 of the Merriman Deposition. To the extent any confidential information exists in the Exhibit 60 and its attachments, ACN reserves its right to maintain Exhibit 60 and its attachments under seal and full redaction.

TLG LAW    2907 PROVIDENCE ROAD, SUITE 303, CHARLOTTE, NC 28211 | 704.900.2215 | WWW.TLG-LAW.COM

      13. Exhibit 20 to the Merriman Deposition; and
      14. Exhibit 22 to the Merriman Deposition.

      As this Court noted in the February 2, 2024 Order, a three part inquiry determines whether to seal a document [ECF No. 691].[3] The first question is whether the document is a judicial document subject to the presumed right of public access. The proper inquiry to assess whether documents qualify as judicial documents "is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon" by the district court in issuing its decision. [ECF No. 691]. The second step, if the presumption attaches, is to determine the weight of the presumption by assessing the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts [ECF No. 691]. The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement, judicial efficiency" and "the privacy interests of those resisting disclosure" [ECF No. 691]. In weighing the presumption against competing considerations, a court can seal documents only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest [ECF No. 691].

      To determine whether the qualified First Amendment right of access applies to written documents submitted to a court, the Second Circuit uses two methods. *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582, 2016 WL 1451548 at *2 (S.D.N.Y. Apr. 12, 2016). This Court utilized the method whereby the court to determines the degree that the judicial documents derived from or are a necessary corollary of the capacity to attend relevant proceedings." *Id*. (internal citations omitted). When the parties submit judicial documents in connection with public judicial proceedings that themselves implicate the right of access, a qualified First Amendment right of access extends to such documents. *Id*. (internal citations omitted). However, as recognized by the Second Circuit's numerous rulings, a company such as ACN having its confidential information contained within court documents justifies a finding that the privacy interests of ACN, its IBOs, its employees, and its vendors outweigh public access to the confidential information and should not be designated as judicial documents.

      Even if this Court were to determine that these documents are judicial documents, "a presumption of access applies to all judicial documents, but the 'weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *United States v. Amodeo*, 71 F.3d at 1048; *see also Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022) (stating that the presumption of public access exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights… and is weaker where the documents play only a negligible role in the performance of Article III duties) (internal citations omitted).

    **A. Exhibits from the Brinckerhoff Declaration and the Merriman Deposition used in the Motion to Certify Class should remain sealed.**

---

[3] Internal citations and certain quotation marks omitted for clarity.

Exhibits 2, 13, 15, 15A, 16, 17, 20, and 60 to the Merriman Deposition[4] should remain sealed because these documents contain confidential ACN materials that were not included in any judicial document, and the information contained in these documents did not bear on the Court's ruling on the Plaintiffs' Motion to Certify Class. The aforementioned documents consist of the following confidential ACN information that should remain under seal:

- Internal financial data, marketing strategies, and agreements with specific vendors that provide ACN with market insights that have been derived by ACN over time and at great expense;
    - Exhibits 2, 13, and 20 to the Merriman Deposition
- Personal information and compensation information for individual independent business owners ("IBOs");
    - Exhibits 2, 15, 15A, 16, and 17 to the Merriman Deposition
- Internal employment information and compensation for employees and IBOs;
    - Exhibits 2, and 15 to the Merriman Deposition
- Quarterly and annual financial reporting data for ACN; and
    - Exhibit 2 and 20 to the Merriman Deposition
- Internal meeting minutes and agenda for board of directors' meetings that contain sensitive financial data and marketing strategies.
    - Exhibits 2 to the Merriman Deposition

Applying the *Lugosch* approach, the information ACN seeks to redact falls within the established exceptions to the qualified right of public access to judicial documents that attaches under the common law and the First Amendment. The role of the material at issue and the resultant value of such information was not used in this Court's October 17, 2023, Order denying the Motion to Certify Class (the "Class Cert Order"). The Class Cert Order concerned whether common issues predominate over individual issues as required for Plaintiffs' motion for class certification [ECF No. 640 at 5]. In particular, the Court analyzed whether Donald J. Trump's alleged misrepresentations about ACN were sufficient to maintain the Plaintiffs' claims [ECF No. 640 at 6], whether the Plaintiffs and putative class members could have relied solely on Donald J. Trump's alleged misrepresentations [ECF No. 640 at 6-7], and whether the Plaintiffs and putative class members believed Donald J. Trump's alleged misrepresentations [ECF No. 640 at 9]. Most importantly, this Court did not refer to any of the information ACN seeks to remain under seal in the Class Cert Order denying the Plaintiffs motion to certify a putative class. *Lugosch*, 435 F.3d at 121 (considering briefly what might fall into the middle of the continuum, the Second Circuit noted that a D.C. District Court judge has pointed out, for example, that where a district court denied the summary judgment motion, essentially postponing a final determination of substantive legal rights, the public interest in access is not as pressing) (internal citations omitted).

The limited information that ACN seeks to redact concerns confidential financial data, financial strategies, marketing strategies, compilations of IBO personal information and compensation, and agreements with specific vendors. The information under seal constitutes "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" and is exactly the type of information that is commonly sealed

---

[4] Enumerated on page 1 of this Motion as Nos. 7, 8, 9, 10, 11, 12, 14, and 17.

by courts. *See Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (holding that defendant's customer list would remain under seal and customer names would remain redacted). For example, in *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 117CV00598BKSCFH, 2021 WL 776701 (N.D.N.Y. Mar. 1, 2021), the court approved redaction of pricing, sales and revenue figures, the proposed purchase price and pricing structure of an attempted past acquisition, and sales and marketing strategies. *Id*. at *6-7. The court also allowed redaction of portions of expert reports that referred to such information. *Id*. at *8.

Moreover, ACN will be substantially harmed if the information it seeks to redact becomes public. Confidential research and development information, internal financial data, financial strategies, marketing strategies, vendor rates, and the terms of industry specific vendor agreements are closely guarded and disclosure of the same would place ACN at a significant competitive disadvantage in future negotiations. ACN is also bound by confidentiality obligations to its partner vendors in the industry, and ACN does not have authority to waive those obligations. If ACN's competitors have access to the confidential research and development information, financial strategies, marketing strategies, and pricing rates and terms, the competitors will gain an unfair advantage in developing their own strategies and negotiating pricing rates and terms in future agreements with vendors and potential business partners.

Furthermore, this Court should adopt the positions of *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 CIV. 2392 (RMB), 2020 WL 3170566 (S.D.N.Y. June 15, 2020). The Court in the *Nigeria* case allowed the sealings and redactions of specific information that concern performance objectives and pricing information under contracts between Respondent and third-parties not relevant to the case. *Nigeria* at *1. The Court in *Nigeria* reasoned that the privacy interests protected by [the proposed] redactions overcame the presumption of public access" because "information concerning [third-party] trading, objectives, transactions ... [and] pricing information" is the "type of information ... [that] overcomes the presumption of public disclosure. *Id.* Additionally, phone numbers and email addresses were similarly allowed redaction as individual contact information ... was not at issue in the dispute and the individuals had a countervailing privacy interest in their non-disclosure." *Id.* quoting *Cohen v. Gerson Lehman Grp. Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011). The Court in *Nigeria* further allowed redaction of sensitive salary information of non-party employees "vindicates the privacy interest these non-parties have in sensitive personal information that outweighs the public's interest in disclosure." *Id.* at *2. Other than simply withholding the entirety of the documents themselves, there is no other alternative to redaction that can protect the privacy interests of the non-parties', sensitive contract information of ACN, the personal information of private citizens, and ACN's business strategies presented in these documents.

In accordance with Judge Schofield's February 6, 2024, Order, ACN has redacted only the confidential information that would be harmful if released to the public. These proposed redactions seek to seal information related to ACN's pricing lists, engagement and purchase quantity objectives, payments between parties, personal and sensitive identifying information of vendors, employees and IBOs, and marketing strategies for ACN's products; confidential financial data of ACN or IBOs; sensitive and confidential corporate information; sensitive marketing and pricing plans, and revenue information. Coupled with David Merriman's March 1, 2024, Declaration

asserting that ACN would suffer irreparable harm be placed in at a competitive disadvantage[5], ACN has therefore met its burden to seal the information.

As such, ACN's request to seal these entire documents is narrowly tailored in that ACN has specifically selected documents that only contain confidential research and development information, internal financial data, financial strategies, marketing strategies, compilations of IBO personal information and compensation, and agreements with specific vendors.

Thus, ACN has made "a particular and specific demonstration of fact showing that disclosure of the sealed information would result in an injury sufficiently serious to warrant protection." *Tropical Sails Corp.*, 2016 WL 1451548 at *3. The secrecy of ACN's confidential financial data, financial strategies, marketing strategies, compilations of IBO personal information and compensation, and agreements with specific vendors contained within Exhibits 2, 13, 15, 15A, 16, 17, 20, and 60 to the Merriman Deposition should remain under seal because ACN's privacy interests are substantial and weigh against the presumption of access.

Therefore, ACN kindly requests this Court enter an Order allowing the proposed redactions and deem them as narrowly tailored and that the competing interests outweigh the right to public access.

**B. Exhibits from the Brinckerhoff Declaration and the Merriman Deposition used in the Motion for Summary Judgment should remain sealed.**

The above enumerated Exhibits to the Brinckerhoff Declaration (as currently redacted) and Exhibits 19, and 22 to the Merriman Deposition[6] should remain sealed because these documents did not bear on the Court's ruling on the Plaintiffs' Motion to Certify Class and Defendant's Motion for Summary Judgment, and the sealing these narrowly tailored documents is necessary to preserve the higher values of ACN, its IBOs, its employees, and its vendors. For purposes of this request, ACN will assume that the Exhibits in the Brinckerhoff Declaration and Exhibits 19, and 22 to the Merriman Deposition are judicial documents. These documents consist of the following confidential ACN information:

- Internal financial data with specific vendors and customers that provide ACN with marketing strategies that have been derived by ACN over time and at great expense;
    - Exhibits 1, 13, 29, 33, and 34 to the Brinckerhoff Declaration and Exhibits 19, and 22 to the Merriman Deposition
- Compensation information for individual independent business owners;
    - Exhibits 1, 2, and 33 to the Brinckerhoff Declaration
- Internal employment information and compensation for employees and IBOs;
    - Exhibits 13, 33, and 34 to the Brinckerhoff Declaration
- Quarterly and annual financial reporting data for ACN, a private company;
    - Exhibits 33 to the Brinckerhoff Declaration and Exhibit 19 to the Merriman Deposition

---

[5] *See* Declaration of David Merriman, March 1, 2024, ¶ 8.
[6] Enumerated above as Nos. 1 – 6, 13, 15, and 16.

- Internal meeting minutes and agenda for board of directors' meetings that contain sensitive financial and marketing strategies;
    - Exhibits 33 and 34 to the Brinckerhoff Declaration
- Sensitive competitive pricing information based on insights that have been derived by ACN over time and at great expense; and
    - Exhibits 1, 33, and 34 to the Brinckerhoff Declaration and Exhibit 22 to the Merriman Deposition
- IBO's sensitive personal information pertaining to individual IBO's status, company involvement, productivity, and compensation that would be beneficial to competitor companies.
    - Exhibits 2, and 33 to the Brinckerhoff Declaration

As indicated above[7], these documents too are subject to the *Lugosch* analysis for whether a document is a judicial document with a presumed right of access and if that right can be overcome by sealing and redactions that are narrowly tailored to serve the competing interest.

The limited information that ACN seeks to redact concerns confidential research and development information, internal financial data, financial strategies, marketing strategies, compilations of IBO personal information and compensation, and agreements with specific vendors. The information under seal constitutes "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" and is exactly the type of information that is commonly sealed by courts. *See Hypnotic Hats, Ltd.*, 335 F. Supp. 3d at 600. In addition, this Court has held that a "legitimate privacy interest certainly exists in the financial documents of a privately held company." *Tropical Sails Corp.*, 2016 WL 1451548 at *4; *see United States v. Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business ... will weigh more heavily against access than conduct affecting a substantial portion of the public."); *accord Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485 (S.D.N.Y. 2015) (permitting redactions of confidential business information for a closed business).

In addition to the analysis *supra*, the publication of individual IBO's personal information and compensation would greatly exceed the legitimate privacy interest held by those non-party IBOs, especially when ACN is also a non-party. *See United States v. Amodeo*, 71 F.3d at 1050–51 (stating that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation and are a venerable common law exception to the presumption of access) (internal citations omitted); *see also Lown v. Salvation Army, Inc.*, No. 04-cv-01562 (SHS), 2012 WL 4888534, at *2 (S.D.N.Y. Oct. 12, 2012) (ordering redaction of third parties' salary information); *accord* Dodona I, 119 F.Supp.3d at 156–57; *Saks Inc. v. Attachmate Corp.*, No. 14-cv-4902 (CM), 2015 WL 1841136, at *19 (S.D.N.Y. Apr. 17, 2015). As such, this Court should exercise its authority to seal sensitive business documents, the disclosure of which would be significantly harmful to ACN.

The Southern District of New York has commonly granted a company's request for sealing of "proprietary business information, such as internal analyses, business strategies, or customer negotiations" when disclosure of that information could "provide competitors with an

---

[7] *See supra* pages 3 – 4 of this renewed motion.

unearned advantage." *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) quoting *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020), *see also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") The Court in *Deutsch* determined that the plaintiff met its burden to seal the documents after considering the affidavit of plaintiff's company official who had a strong personal knowledge of the industry generally, as well as the specific business relationships of his company. *Deutsch*, at *3.

The harm that ACN would be exposed to if these documents are not sealed is not vague and are readily identifiable. *See Saks Inc. v. Attachmate Corp.*, No. 14 CIV. 4902 CM, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015) (citations omitted). In David Merriman's March 1, 2023 Declaration, he attested that these business documents contain information that include pricing lists, engagement and purchase quantity objectives, payments between parties, personal and sensitive identifying information of vendors, employees and IBOs, and marketing strategies for ACN's products.[8] The exhibits sought for sealing with blue highlight contain information of confidential financial data of ACN or IBOs (including financial reporting data for ACN) and are of a sensitive nature that would cause ACN to suffer significant harm if exposed to the public and/or it competitors. Exhibits containing pink highlights contain information of sensitive and confidential corporate information (including meeting minutes and agendas). Additionally, information sought for redaction in the Exhibits with green highlights contain sensitive marketing and pricing plans, and revenue information. If such information were to be disclosed to the public, ACN would be placed at a significant competitive disadvantage. Last, the exhibits with pink highlighting contain private and personal information which are to be treated as highly confidential overcoming the presumption of public access.

If these unredacted documents were to be released to the public, ACN will be substantially and irreparably harmed. [Merriman Decl. at ¶ 7 - 8]. Confidential research and development information, internal financial data, financial strategies, marketing strategies, vendor rates, and the terms of industry specific vendor agreements are closely guarded and disclosure of the same would place ACN at a significant competitive disadvantage in future negotiations. ACN is also bound by confidentiality obligations to its partner vendors in the industry, and ACN does not have authority to waive those obligations. The very strategies that set ACN apart from its competitors, if released to the public, grants its competitors access to the confidential research and development information, financial strategies, marketing strategies, and pricing rates and terms, and such competitors will gain an unfair advantage in developing their own strategies and negotiating pricing rates and terms in future agreements.

Thus, to the extent these documents were utilized in the Court's conclusion for Defendant's motion for summary judgment, the secrecy of ACN's confidential research and development information, internal financial data, financial strategies, marketing strategies, compilations of IBO personal information and compensation, and agreements with specific vendors contained within the Exhibits to the Brinckerhoff Declaration (proposed redactions) and

---

[8] Declaration of David Merriman, March 1, 2024, ¶ 5 – 6.

Exhibits 19, 22, and 23 to the Merriman Deposition (proposed redactions), should remain under seal because ACN's privacy interests are more substantial and outweigh the presumption of public access.

Furthermore, the presumption of public access is weaker as the Defendant's motion for summary judgment was not decided on its merits and was a part of an order dismissing the case. *See In re IBM Arb. Agreement Litig., 76 F.4th 74, 86 (2d Cir. 2023), cert. denied sub nom. ABELAR, GREGORY, ET AL. v. INT'L BUSINESS MACHINES CORP.*, No. 23-795, 2024 WL 674879 (U.S. Feb. 20, 2024) (discussing that "the presumption of access is weaker because the district court dismissed the complaint on IBM's Rule 12(b)(6) motion and did not even reach the merits of Plaintiffs' summary judgment motion, instead denying it as moot."). As such, under the *Lugosch* analysis, ACN's proprietary and competitive interests should be deemed as prevailing interests over the right of public access. The redactions are narrowly tailored to prevent the disclosure of such information.

Lastly, ACN's request to seal these documents is narrowly tailored in that ACN has specifically selected documents that only contain confidential research and development information, internal financial data, financial strategies, marketing strategies, compilations of IBO personal information and compensation, and agreements with specific vendors. Moreover, ACN has negotiated with counsel for the parties to unseal portions of sealed documents to the extent that the non-confidential information is available to the public with narrowly tailored redactions of ACN's confidential information. Thus, the secrecy of ACN's confidential research and development information, internal financial data, financial strategies, marketing strategies, compilations of IBO personal information and compensation, and agreements with specific vendors contained within the Exhibits to the Brinckerhoff Declaration (as currently redacted) and Exhibits 19, 22, and 23 to the Merriman Deposition should remain under seal because ACN's privacy interests are substantial and weigh against the presumption of access.

### C. Conclusion

For the foregoing reasons, ACN respectfully requests this Court enter an Order finding that ACN's confidential information contained in these documents have overcome the presumption of public access and allowing full document redactions of the listed documents, or in the alternative, that the proposed redactions be considered narrowly tailored to serve the interests.

Sincerely,

/s/ David G. Redding
David Redding

Cc: All Counsel via ECF