UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CATHERINE MCKOY, et al., :
                                  Plaintiffs, :      18 Civ. 9936 (LGS)
                                         :
                -against- :      ORDER
                                         :
THE TRUMP CORPORATION, et al., :
                                Defendants. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, non-party ACN Opportunity, LLC ("ACN") moves to seal various documents filed in connection with Plaintiffs' motion for class certification and Defendants' motion for summary judgment.

        WHEREAS, an Order dated February 6, 2024, denied ACN's original motion to seal the documents at issue but permitted ACN to renew its sealing motion by proposing specific, narrow redactions consistent with Second Circuit caselaw. This motion followed. No party filed briefing in response to ACN's renewed motion.

        WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, the privacy of "innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, for the reasons stated in the February 6, 2024, Order, all of the documents at issue here are judicial documents pertaining to Plaintiffs' class certification motion and Defendants' motion for summary judgment. *See McKoy v. Trump Corp.*, No. 18 Civ. 9936, 2024 WL 449979, at *1, *3 (S.D.N.Y. Feb. 6, 2024). "[A] strong presumption of access attaches" to the documents pertaining to Plaintiffs' class certification motion because they were "used to determine litigants' substantive legal rights." *Id*. at *2. A "weaker" presumption attaches to the documents pertaining to Defendants' motion for summary judgment because the motion was not decided on the merits. *Id*. at *3.

WHEREAS, one consideration that may override the presumption of public access is

preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  ACN seeks the redaction of its confidential financial data; sensitive or confidential corporate information, including meeting minutes and agendas; and competitive or marking information, including marketing strategies.

      WHEREAS, another consideration that may override the presumption of public access is preserving the privacy of sensitive personal information, including compensation information. *See, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing the redaction of compensation as "sensitive personal information"); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 Civ. 2392, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (approving request to redact employee salary information); *cf. Amodeo*, 71 F.3d at 1050-51 ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").  ACN seeks the redaction of confidential financial data of the Independent Business Owners ("IBOs") and confidential personal information of the IBOs.

      WHEREAS, in furtherance of these purposes, ACN proposes specific, narrowed redactions throughout the documents.  For example, ACN narrows its original request to seal the entirety of exhibit 2 to the deposition of David Merriman (the "Merriman Deposition"), which is a ten-page document consisting of a cover email, a meeting agenda and meeting minutes.  ACN now requests only the redaction of a dollar amount associated with a purchase from a manufacturer and several sentences regarding internal business strategies, all of which appear in the company meeting minutes.  These proposed redactions of non-public financial information and internal business strategies are narrowly tailored to protect against competitive harm, and outweigh the presumption of access accorded to these filings.  As a further example, ACN also

revises its request to seal the entirety of exhibits 15A, 16 and 17 to the Merriman Deposition, each of which consist of lengthy spreadsheets. ACN now requests only the redaction of (1) the columns of the spreadsheets containing the names of the IBOs, their ID number or primary contact, and (2) several statements and data regarding IBOs in certain earning levels. The former is narrowly tailored to preserve the privacy of innocent third parties and the latter is narrowly tailored to protect against competitive harm from the disclosure of non-public internal business information. These purposes outweigh the presumption of access accorded to these filings. It is hereby

**ORDERED** that ACN's motion to seal is **GRANTED**. All documents currently filed under seal shall remain under seal. By **July 16, 2024**, ACN shall file on the docket public versions of the documents containing the proposed redactions reflected in Dkt. No. 696.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 694 and 696. The Clerk of Court is also respectfully directed to place the filings at Dkt. Nos. 694 and 696 under seal, limiting viewing access to all parties and ACN Opportunity, LLC.

Dated: July 2, 2024
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**